

**Mark S. Melodia**
Direct Phone: +1 212 205 6078
Email: mmelodia@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel +1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

August 16, 2017

**VIA FACSIMILE – (973) 297-4906**

The Honorable Madeline Cox Arleo
United States Magistrate Judge for the District
of New Jersey
U.S.D.C., District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th Cooper Streets
Room 1050
Camden, NJ  08101

Re:   *White et al. v. LG Electronics, Inc. et al.*,
      **U.S.D.C. for the District of New Jersey, Case No. 17-CV-01775**

Dear Judge Arleo:

We write on behalf of Sony Electronics Inc. and Sony Corporation of America ("SCA") to respectfully request the Court to provide guidance in the above-captioned *White et al. v. LG Electronics, Inc. et al.* litigation.

Plaintiffs filed a Class Action Complaint (the "Complaint") in the *White* litigation on March 16, 2017. (Dkt. No. 1.) The caption of the Complaint identifies "Sony Corporation" and "Sony Electronics Corporation" as defendant parties, as does the opening paragraph to the Complaint. "Sony Electronics Corporation" is not an existing Sony entity.

On June 9, 2017, Plaintiffs attempted to serve the Complaint on two existing Sony entities, Sony Corporation of America and Sony Electronics Inc. However, neither of these entities is named in the Complaint. Plaintiffs did not serve Sony Corporation, which is a Japanese entity headquartered in Tokyo. Rather, Plaintiffs served SCA, a New York corporation, which is headquartered in New York. (*See* Dkt. Text for Dkt. No. 3.) Sony Corporation of America is not a defendant in this action (nor should it be, as it never designed, manufactured, or distributed the televisions at issue). Service on SCA is not service on Sony Corporation. That same day, Plaintiffs also attempted to serve Sony Electronics Inc. (*See* Dkt. Text for Dkt. No. 3.) Like SCA, Sony Electronics Inc. is not properly named as a defendant in this litigation.

Since June 9, 2017, we have had multiple conversations with Plaintiffs' counsel regarding this issue. We have attached hereto a Declaration of Mark S. Melodia ("Melodia Decl.") describing these interactions. For example, on June 28, 2017, the undersigned spoke with Michael Berman – Plaintiffs' counsel – and identified these errors. (Melodia Decl. at ¶ 1.) Plaintiffs' counsel acknowledged that service on SCA did not constitute service on Sony Corporation and that he would need to serve Sony Corporation through the Hague Convention for proper service. (*Id.*) We also informed Plaintiffs'

The Honorable Madeline Cox Arleo
August 16, 2017
Page 2

ReedSmith

counsel that Reed Smith was not authorized to accept service on behalf of Sony Corporation. (*Id.* at ¶ 2.) Two months later, we are not aware of any efforts that Mr. Berman has taken to serve Sony Corporation through the Hague Convention. (*Id.* at ¶ 3.)

Also, as early as June 28, 2017, Plaintiffs' counsel suggested he would amend the caption to properly name Sony Electronics Inc. (*Id.* at ¶ 1.) Reed Smith informed Plaintiffs' counsel that it was authorized to accept service when he did so, solely on behalf of Sony Electronics Inc. (*Id.* at ¶ 2.) On July 14, 18, and 21, Mr. Berman continued to express his intention to amend the caption to name Sony Electronics Inc. (*See id.* at ¶¶ 4-6.) No such motion to amend has been filed. Until Plaintiffs file such amendment, the Sony entities in the United States do not have sufficient notice to determine which entities Plaintiffs intend to sue.

Under Federal Rule of Civil Procedure 4(m), a plaintiff has 90 days after filing the complaint to make service. If a defendant is not served within 90 days of filing, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." This Complaint was filed March 16, 2017, 153 days ago. Despite numerous conversations and Mr. Berman's continued assurances that he intends to amend the caption, the Sony entities still exist in a state of limbo.

Further, at present, defendants Samsung Electronics America, Inc. ("Samsung") and LG Electronics, U.S.A., Inc. ("LG") have until September 8, 2017 to answer, move, or otherwise respond to the Complaint. According to the Motion Days established by the Clerk pursuant to Local Civil Rule 78.1(a), had Plaintiffs' counsel been planning to move to amend the Complaint, he needed to have filed his motion on August 11, 2017 for a Motion Day on September 5, 2017. The next Motion Day is September 18, 2017, which is well beyond the September 8, 2017 response date for Samsung and LG. The longer Plaintiffs' counsel waits to amend and properly serve the Complaint, the more there is undue delay and prejudice against the Sony entities, as they would either be on a different schedule from Samsung and LG or not receive the full benefit of the time they need to respond to the Complaint to comply with the same September 8 deadline. As such, in the interests of justice, fairness, and certainty, we respectfully request the Court to exercise its discretion under Federal Rule of Civil Procedure 4(m) to dismiss without prejudice the current Complaint against the Sony parties that have yet to been properly served and, in one case, a non-existent entity.

In the alternative, we respectfully ask the Court for guidance to resolve these issues, reserving all defenses for some time after the parties have been served (if ever). Once Plaintiffs' counsel clearly commits to a course of action regarding the amendment of the Complaint (and subsequent proper service), we then respectfully request a case management conference to discuss a response date beyond September 8, 2017 for all defendant parties appearing in the litigation, so that no party is prejudiced by a condensed timeline to respond and all parties have clarity.

ReedSmith

The Honorable Madeline Cox Arleo
August 16, 2017
Page 3

Respectfully submitted,

_____/s/_____
Mark S. Melodia

Enclosure

cc: Michael E. Berman
*Counsel for Plaintiffs*
BERMAN CLASS LAW
michael@bermanclasslaw.com

Jeffrey J. Greenbaum
*Counsel for Defendant LG Electronics U.S.A., Inc.*
SILLS CUMMIS & GROSS P.C.
jgreenbaum@sillscummis.com

Michael R. McDonald
*Counsel for Defendant Samsung Electronics America, Inc.*
GIBBONS, PC
mmcdonald@gibbonslaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS ROGER WHITE, JR., DAVID ESPINOZA, AND CHRISTOPHER MILLS, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC., SAMSUNG ELECTRONICS CO. LTD., SAMSUNG ELECTRONICS AMERICA, INC., SONY CORPORATION, AND SONY ELECTRONICS CORPORATION,<br><br>And<br><br>JOHN AND JANE DOES (1-UNLIMITED)<br><br>And<br><br>ABC CORPORATIONS (1-UNLIMITED),<br><br>Defendants. | Case No.: 17-CV-01775 |

**DECLARATION OF MARK S. MELODIA**

I, Mark S. Melodia, declare as follows:

I am a partner in the law firm of Reed Smith LLP, counsel to Sony Electronics Inc. and Sony Corporation of America ("SCA"). I submit this declaration in support of the Letter to District Court Judge Madeline Cox Arleo, dated August 16, 2017. I make this declaration based on my own personal knowledge. If called as a witness, I could and would testify competently to the matters set forth herein.

1. On June 28, 2017, I spoke with Michael Berman, counsel for Plaintiffs in the above-captioned *White et al. v. LG Electronics, Inc. et al.* litigation ("*White*"). During this

conversation, we discussed the improper attempted service on SCA and Sony Electronics Inc. on June 9, 2017. Mr. Berman indicated he understood the caption against Sony Electronics Corporation had to be amended in the Complaint, and he expressed that he would do so that week. He also conveyed he understood that service on SCA did not constitute service on Sony Corporation and that he would need to serve Sony Corporation through the Hague Convention.

2. During the June 28, 2017 conversation, I stated that I was authorized to accept service on behalf of Sony Electronics Inc., once Plaintiffs' counsel amended the caption to properly name Sony Electronics Inc. as a defendant. I advised him that I was not authorized to accept service on behalf of Sony Corporation.

3. As of August 14, 2017, I am not aware of any efforts that Plaintiffs' counsel has taken to serve Sony Corporation through the Hague Convention.

4. On July 14, 2017, I had another conversation with Plaintiffs' counsel regarding the Complaint and service issues. Mr. Berman expressed his intention to amend the caption.

5. On July 18, 2017, I inquired in writing about Plaintiffs' counsel's intention to amend the Complaint. Mr. Berman responded that he will definitely be amending the caption as soon as possible that week.

6. On July 21, 2017, I exchanged e-mails with Plaintiffs' counsel on the same issue about the Complaint. Mr. Berman advised he will be in touch. As of August 14, 2017, I am not aware of any updates on this issue.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing facts are true and correct.

Executed on August 16, 2017 in New York, New York.

By: *s/ Mark S. Melodia*
Mark S. Melodia