UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WHITE, et al.,

Plaintiffs,

vs.

LG ELECTRONICS, INC., et al.,

Defendants.

Case No. 17-cv-01775

Newark, New Jersey
September 26, 2017

TRANSCRIPT OF HEARING
BEFORE THE HONORABLE STEVEN C. MANNION
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiffs: MICHAEL E. BERMAN, ESQ.
Berman Class Law
270 Shore Road
Suite 14
Long Beach, NY 11561
(516) 320-9076
michael@meberman.com

For the Defendant LG Electronics U.S.A., Inc.: JEFFREY J. GREENBAUM, ESQ.
Sills Cummis & Gross P.C.
The Legal Center
One Riverfront Plaza
Newark, NJ 07102-5400
(973) 643-7000
jgreenbaum@sillscummis.com

Audio Operator:

Transcription Service: KING TRANSCRIPTION SERVICES
3 South Corporate Drive, Suite 203
Riverdale, NJ 07457
(973) 237-6080

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

(APPEARANCES continued)

For the Defendant LG Electronics U.S.A., Inc.:

MICHAEL H. RUBIN, ESQ.
Latham & Watkins
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
(415) 395-8154
Michael.rubin@lw.com

For the Defendant Samsung Electronics Co. Ltd.:

MICHAEL R. MCDONALD, ESQ.
Gibbons, PC
One Gateway Center
Newark, NJ 07102-5310
(973) 596-4500
mmcdonald@gibbonslaw.com

ERIC C. BOSSET, ESQ.
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-5606
Ebosset@cov.com

For the Defendants Sony Corporation and Sony Electronics Corporation:

MARK S. MELODIA, ESQ.
Reed Smith, LLP
Princeton Forrestal Village
136 Main Street
Suite 250
Princeton, NJ 08540
(609) 987-0050
mmelodia@reedsmith.com

SIOBHAN ANNE NOLAN, ESQ.
Reed Smith LLP
Princeton Forrestal Village
136 Main Street
Suite 250
Princeton, NJ 08540
(609) 524-2058
snolan@reedsmith.com

(Commencement of proceedings at 10:43 A.M.)

THE COURT OFFICER: We are on the record in the case White versus LG Electronics, 17-cv-1775.

THE COURT: All right. May I have appearance beginning with plaintiff's counsel.

MR. BERMAN: Michael Eric Berman, counsel for plaintiffs.

THE COURT: Welcome. And for each defense?

MR. GREENBAUM: Jeffrey J. Greenbaum, Sills Cummis & Gross for defendant LG Electronics U.S. Inc.

MR. RUBIN: Michael Rubin, Latham & Watkins for defendant LG Electronics U.S.A.

MR. MCDONALD: Michael McDonald from Gibbons P.C. on behalf of Samsung Electronics, for the record.

MR. BOSSET: Eric Bosset, Covington & Burling on behalf of Samsung Electronics American.

MR. MELODIA: Mark Melodia here with Siobhan Nolan from Reed Smith making a limited appearance for Sony Corporation of America and Sony Electronics Inc.

THE COURT: Okay. We had a conversation off the record about status of this matter and a way forward.

It's the Court's understanding that all counsel have agreed for their respective clients to an administrative termination of this case, a stay and an administrative

termination of the case without prejudice; that a administrative termination is a docket control device that simply turns off the docket and stays the case for a specific period of time. Here, the time would be 90 days, during which the statute of limitations would not begin to run. This is not a dismissal of the case for any other purposes other than to turn off the case pending the additional investigation by plaintiffs.

In order to reactivate the case, plaintiffs' counsel would need to file a letter with the Court -- I'm going to say by December 22nd, so anytime up until December 22nd, a letter requesting that the case be restored to the active lists and attaching a proposed amended complaint to be filed.

If that happens, then defense counsel would have opportunity to respond to the proposed amended pleading, but the case would be restored to the active list.

And defendants would also have the opportunity to request, if there is no proposed pleading, request that their motion to dismiss be decided. Okay?

If there is a proposed pleading and the Court grants it, that would moot the motion to dismiss, and we would have to decide what happens at that point. Okay?

Are these terms acceptable to plaintiffs?

MR. BERMAN: Yes, Your Honor.

THE COURT: All right. To defense?

MALE SPEAKER: Yes.

MR. MELODIA: Your Honor, the way Your Honor just phrased the options, at the 90-day point don't really account for the fact that the Sony entities have not yet joined -- the motion to dismiss.

THE COURT: Okay.

MR. MELODIA: So --

THE COURT: So at this point, you would have no obligation to respond to the current pleading or anything during that 90 days.

MR. MELODIA: And if after that 90 days, there was no response from plaintiffs.

THE COURT: The case would be dismissed with prejudice.

MR. MELODIA: As to all of the defendants?

THE COURT: Everybody named in the current complaint.

MR. MELODIA: Okay.

THE COURT: Okay? All right. With that, I will contact Judge Arleo, and most likely she'll instruct me to file the appropriate order. And I will hear from you if you want me to. Okay?

Thank you all very much. We are adjourned.

(Conclusion of proceedings at 11:05 A.M.)

Certification

I, SARA L. KERN, Transcriptionist, do hereby certify that the 6 pages contained herein constitute a full, true, and accurate transcript from the official electronic recording of the proceedings had in the above-entitled matter; that research was performed on the spelling of proper names and utilizing the information provided, but that in many cases the spellings were educated guesses; that the transcript was prepared by me or under my direction and was done to the best of my skill and ability.

I further certify that I am in no way related to any of the parties hereto nor am I in any way interested in the outcome hereof.

S/ *Sara L. Kern* 26th of October, 2017

Signature of Approved Transcriber Date

Sara L. Kern, CET**D-338
King Transcription Services
3 South Corporate Drive, Suite 203
Riverdale, NJ 07457
(973) 237-6080