UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS ROGER WHITE, JR., et al<br><br>Plaintiff,<br>v.<br><br>LG ELECTRONICS U.S.A., INC., et al<br><br>Defendants. | Civil Action No.<br><br>2:17-cv-01775-MCA-SCM<br><br>**ORDER SCHEDULING R16 CONFERENCE** |

**To: All Counsel**

**IT IS** on this Tuesday, January 30, 2018, ORDERED as follows:

1) Pursuant to Fed. R. Civ. P. 16, that a scheduling conference be held before the Honorable Steve Mannion, U.S.M.J., on 3/21/2018 at 11:30 a.m. in Courtroom 2B at the United States Courthouse, Newark, New Jersey, and it is further ordered that (a) Prior to the above scheduling conference, all counsel, including any individual(s) who are appearing on his/her own behalf (or "Pro Se"), confer to agree on a joint discovery plan based upon the attached Rider. See Local Civil Rule 26.1(b); (b) not later than eight (8) days prior to the above conference, the joint discovery plan shall be filed on ECF. See Local Civil Rule 26.1(b); (c) at the conference all parties who are not appearing *pro se must* be represented by counsel who shall have full authority to bind their clients in all pretrial matters. See Local Civil Rule 16.1(a); (d) plaintiff(s) notify any party who hereafter enters an appearance of the above conference and forward to that party a copy hereof; (e) the parties are to advise the Honorable Steve Mannion immediately if this action has been settled or terminated so that the above conference may be cancelled. Finally, counsel and litigants are advised that, pursuant to Fed. R. Civ. P. 26, 30 and 33 early disclosure requirements and limitations on depositions/interrogatories will be enforced. Therefore, pursuant to the early disclosure requirements, counsel shall

exchange the following information without formal discovery requests: (i) identities of individuals with knowledge of disputed facts; (ii) documents and things in the possession of counsel or the parties regarding the disputed issues; (iii) insurance agreements in force; and (iv) statement of the basis for any damages claimed; and it is further

      2) ORDERED that the meeting of parties required by Fed. R. Civ. P. 26(f) shall take place fourteen (14) days prior to the date of the initial conference; and it is further ORDERED that upon the entry of appearance of any new and/or additional counsel subsequent to the date of this Order, plaintiff's counsel shall send a copy of this Scheduling Order to the newly appearing attorneys(s), but on any third party claim, the counsel for the third party plaintiff shall send a copy of this Order to the newly entering counsel for third party defendant(s); and it is further

      3) ORDERED that all parties shall confer to agree and file a JOINT DISCOVERY PLAN no less than eight (8) days prior to the above-stated conference date, as required by Local Civil Rule 26.1(b) of this Court. The conference date should appear on the caption of the Joint Discovery Plan, which shall include at a minimum, the following items: (1) a brief factual statement of the claims or defenses in the action, as well as a brief statement of the legal issues in the case; (2) a description of all discovery conducted by the parties to date; (3) a description of all discovery problems encountered to date, the efforts undertaken by the parties to remedy these problems, and the parties suggested resolution of the problems; (4) a description of the parties further discovery needs; (5) the parties estimate of the time needed to complete discovery; (6) a statement regarding whether expert testimony will be necessary, and the parties anticipated schedule for retention of experts and submission of their reports; (7) a statement regarding whether there should be any limitation placed upon use of any discovery device and, if so, the reasons the limitation is sought; (8) a description of any special discovery

needs of the parties (e.g., videotape, telephone depositions, or problems with out-of-state witnesses or documents, or discovery of) digital information. (See, L. Civ. R. 26(d)).

Sanctions may be imposed pursuant to Fed. R. Civ. P. 16(f) if counsel or an individual unrepresented by counsel either fails to appear at the conference or appears unprepared. Each litigant attending the conference shall be fully familiar with the file, and have full authority to bind their clients in all pretrial matters.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

1/30/2018 12:14:35 PM

Original: Clerk of the Court
cc: All parties
    File

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
|  | : | Civil Action No. |
| Plaintiff(s), | : | Hon. |
| v. | : | JOINT DISCOVERY PLAN |
|  | : |  |
| Defendant(s). | : |  |

1. Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

2. Have settlement discussions taken place?  Yes _____  No _____
   If so, when?         _____

   (a) What was plaintiff's last demand?

   (1) Monetary demand: $ _____

   (2) Non-monetary demand: _____

   (b) What was defendant's last offer?

   (1) Monetary offer:  $ _____
   (2) Non-monetary offer: _____

3. The parties [have _____ -have not _____] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

4. Describe any discovery conducted other than the above disclosures.

5. Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery.  Include any jurisdictional Motions and Motions to Amend.

6. The parties proposed the following:

   (a) Discovery is needed on the following subjects:

   (b) Should discovery be conducted in phases?  If so, explain.

    (c)    Number of Interrogatories by each party to each other party: _____

    (d)    Number of Depositions to be taken by each party: _____

    (e)    Plaintiff's expert report due on _____.

    (f)    Defendant's expert report due on _____.

    (g)    Motions to Amend or to Add Parties to be filed by _____.

    (h)    Dispositive motions to be served within _____days of completion of discovery.

    (i)    Factual discovery to be completed by _____.

    (j)    Expert discovery to be completed by _____.

    (k)    Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

    (l)    A pretrial conference may take place on _____.

    (m)    Trial by jury or non-jury Trial?

    (n)    Trial date: _____.

7.    Do you anticipate any discovery problem(s)?  Yes _____ No _____
If so, explain.

8.    Do you anticipate any special discovery needs (i.e., videotape/telephone depositions,     problems with out-of state witnesses or documents, etc.)?  Yes _____ No _____
If so, explain.

9.    State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure.  If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).

10.    Is this case appropriate for bifurcation? Yes _____ No _____

11.      We [do _____ -do not _____] consent to the trial and/or dispositive motions being conducted by a Magistrate Judge.

 

_____
Attorney(s) for Plaintiff(s)

_____
Attorney(s) for Defendant(s)

# Steve Mannion
UNITED STATES MAGISTRATE JUDGE
United States District Court of New Jersey

Rider to Rule 16 Scheduling Order

I. **Discovery**

   a. Discovery Plan:  The discovery plan supplied by the parties in advance of the Rule 16 conference will be based upon a specific period to complete discovery.  Cases will have a 4, 6, 10, or 12 month fact discovery track depending upon the type and complexity of the case:

   i. Four Months – Cases that typically require very little discovery, such as Fair Debt Collection Act cases, will only have a 4 month period for fact discovery.

   ii. Six Months – Most cases will have a 6 month period for fact discovery, such as personal injury, employment, and civil rights cases.

   iii. Ten Months – Only complex commercials cases, patent cases, and class actions will receive a 10 month period for fact discovery.

   iv. Twelve Months – Very complex cases with extensive E-discovery or involving parties and witnesses outside the continental U.S. will receive a 12 month period for fact discovery.

   a. Discovery:  The parties are expected to promptly begin initial disclosures, which shall include the production of all documents relevant to any claim or defense, after the Rule 16 conference.

   b. Avoiding Discovery Disputes: Many discovery disputes can be avoided with a discovery confidentiality order or a Fed.R.Evid. 502(d) order.

      a. Discovery Confidentiality Orders: The parties will have 30 days from the Rule 16 conference to provide the Court with a joint proposed confidentiality order.  *See* Local Civil Rule 5.3 and in patent cases Local Civil Rule 9.3.  Any proposed confidentiality order agreed to by the parties must strictly comply with Fed.R.Civ.P. 26(c) and Local Civil Rule 5.3.  *See also Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994); *Glenmede Trust Company v. Thompson*, 56 F.3d 476 (3d Cir. 1995).  Any such form of order must be accompanied by an affidavit or attorney certification filed electronically under the designation "affidavit/certification in support of discovery confidentiality order."  The affidavit or attorney certification shall describe (a) the nature of the materials to be kept confidential, (b) the legitimate private or public interests which warrant confidentiality and (c) the clearly defined and serious injury that would result should the

      order not be entered.  Any such order must be clearly designated **"Discovery Confidentiality Order."**  *See* L.Civ.R. 5.3 and the Court's Form Discovery Confidentiality Order at Appendix S.

      b.  Fed.R.Evid. 502(d) Order.  If the parties expect to produce large volumes of paper or electronic discovery that may include privileged material, counsel may consider submitting a joint proposed Fed.R.Evid. 502(d) order.

1. <u>Discovery Disputes</u>:  No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court.  Counsel "shall confer" in good faith and attempt to informally resolve any discovery disputes <u>before</u> seeking the Court's intervention.  L. Civ. R. 37.1(a).  Poison pen letters are not permitted.  See D.N.J. App. R.  Should informal efforts fail within 14 days of the occurrence of the dispute, the dispute shall immediately be brought to the Magistrate Judge's attention via a joint dispute letter, not to exceed 6 pages that sets forth: (a) the request; (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believe the response is sufficient.  If the discovery dispute is complex and requires the filing of briefs and affidavits, counsel may separately file same on the date of their joint dispute letter.  No further submissions regarding the dispute may be submitted without leave of Court.  Thereafter, the Court will schedule a telephonic discovery conference pursuant to Fed. R. Civ. P. 26(f) if necessary to resolve the dispute.  *See* L. Civ. R. 16.1(f).

   a. Trial counsel must meet and confer to resolve any disputes concerning privilege before raising such disputes to the Court.  If the dispute cannot be resolved by a joint proposed Fed.R.Evid. 502(d) order, the Court may refer the parties to a special master.

   c. Discovery disputes concerning paper discovery (other than those arising during depositions) are waived if not brought to the Court's attention within 90 days of the Rule 16 conference.  The Court will not entertain applications concerning discovery matters, informally or otherwise, after this date and any objection will be deemed to have been waived.

II. **Settlement**:

   a. <u>Discovery Necessary for Settlement</u>:  All counsel should be able to discuss at the Rule 16 the discovery they will need to engage in meaningful settlement discussions.

   b. <u>Good Faith Statement</u>**:**  To facilitate settlement discussions at the Rule 16 conference, plaintiffs in personal injury cases; Fair Debt Collection Act, 15 U.S.C. § 1692k(a) cases, Fair Credit Reporting Act, 15 U.S.C. § 1681 cases; and civil rights cases with statutory fee shifting  may serve defendant(s) and the Magistrate Judge with a good faith statement prior to the Rule 16 conference.  If so, the good faith statement should include the dollar amount

    in controversy along with a basis for calculating damages and all supporting documentation including but not limited to medical records.  In fee shifting cases, the statement should also include an itemization of reasonable attorneys' fees incurred to date with each attorney's name, hourly rate, and date and time entries for this matter.

c. <u>Compulsory Arbitration</u>:  Certain cases, like personal injury cases with presumed damages less than $150,000 are subject to compulsory arbitration. Counsel are directed to familiarize themselves with Local Civil Rule 201.1.

*/s/ Steven C. Mannion*

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

1/30/2018 12:14:35 PM