# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS ROGER WHITE, JR., and CHRISTOPHER MILLS, on behalf of themselves and all others similarly situated,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC., SAMSUNG ELECTRONICS CO. LTD., SAMSUNG ELECTRONICS AMERICA, INC., SONY CORPORATION and SONY ELECTRONICS INC., and JOHN and JANE DOES (1-Unlimited) and ABC Corporations (1-Unlimited),<br><br>　　　Defendants, | Civil Action No. 17- 1775 (MCA)(SCM)<br><br>Hon. Madeline Cox Arleo, U.S.D.J.<br>Hon. Steven C. Mannion, U.S.M.J.<br><br>**PROPOSED DISCOVERY PLAN**<br><br><br>Conference Date:<br>March 28, 2018, at 11:30 a.m. |

　　　This Proposed Discovery Plan is submitted solely on behalf of Defendants LG Electronics USA, Inc. ("LG"), Samsung Electronics America, Inc. ("Samsung"), and Sony Electronics Inc. ("Sony") (collectively the "Defendants").[1] Plaintiffs' counsel repeatedly frustrated Defendants' efforts to meet and confer in order to submit a Joint Proposed Discovery Plan, notwithstanding the express requirements of Rule 26(f), L. Civ. R. 26.1, and the Court's Order Scheduling R. 16 Conference [D.E. 51].

　　　Pursuant to those requirements, the parties were obligated to meet and confer by March 14, and submit a Proposed Joint Discovery Plan on March 20. On behalf of Defendants, counsel for Sony reached out to Plaintiffs' counsel on March 12, and proposed scheduling a joint meet and confer call on March 13 or March 14. Plaintiffs' counsel declined to participate, noting that the first date he was available for a call was March 17—*after* the meet and confer deadline had already passed. When that day came, however, Plaintiffs' counsel again refused to meet and confer. Plaintiffs' counsel also failed to provide a "Plaintiffs' Statement" setting forth Plaintiffs' counter-proposal or position for inclusion in a draft Joint Discovery Plan that Defendants had previously served. Rather, on *the very day the parties' Proposed Joint Discovery Plan was due*, Plaintiffs' counsel sent an entirely unproductive email containing a litany of ad hominem attacks,

---

[1] Defendants are based in the United States and are the only named defendants that have been served with the Amended Complaint in this action. Therefore, this Joint Discovery Plan is submitted solely on behalf of the U.S.-based defendants.

with no proposed plan for moving the parties' discussion forward. Plaintiffs' counsel's refusal to engage in the Court-ordered meet and confer process has left Defendants with no choice but to submit this unilateral filing.

1. **Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.**

    *Plaintiffs' Statement*

    *Defendants' Statement*

    Plaintiffs assert multiple causes of action against Defendants claiming that some unidentified models of Defendants' Smart TVs improperly collected viewing and voice information. Plaintiffs do not differentiate in any way between the three different competitors named as Defendants, and do not allege with any particularity how they allege Defendants acted improperly.

    Plaintiffs filed their initial complaint in March 2017. LG and Samsung moved to dismiss the initial complaint as deficient both as a matter of fact and law—Sony was not a party to that motion because it had not yet been served. Plaintiffs failed to respond to that motion. Instead of dismissing the complaint, upon the September 2017 representation of Plaintiffs' counsel that Plaintiffs needed more time and planned to use it to conduct research and bolster the factual bases of their allegations, the Court stayed the case. Four months later, Plaintiffs filed their Amended Complaint. That pleading failed to cure the issues identified by Defendants' original motion to dismiss, and instead repeated the allegations that failed to state any claim the first time around.

    In the Amended Complaint, Plaintiffs assert nine causes of action: (1) "unfair and deceptive tracking" under the New Jersey Consumer Fraud Act; (2) deceptive omissions under the New Jersey Consumer Fraud Act; (3) violation of the Video Privacy Protection Act; (4) violation of the Electronic Communications Privacy Act; (5) common law fraud; (6) breach of express warranty; (7) breach of the duty of good faith and fair dealing; (8) unjust enrichment; and (9) breach of contract. Plaintiffs have since agreed to voluntarily dismiss their fifth cause of action for common law fraud.

    Notwithstanding the fact that Defendants are separate companies and fierce competitors in the market for Smart TV products, Plaintiffs' Amended Complaint treats Defendants and their Smart TVs—hundreds of different models produced over many years and with diverse functions—as completely indistinguishable. Plaintiffs, neither of whom resides in New Jersey, assert eight vague causes of action against all named defendants,[2] without making any distinction whatsoever as to which claim is being asserted against which defendant, and without identifying which specific

---

[2] The remaining three named defendants, LG Electronics, Inc., Samsung Electronics Co., Ltd., and Sony Corporation (collectively the "Foreign Parent Companies") have not been served with the Amended Complaint. Plaintiffs recently indicated that they do not intend to serve or pursue claims against the Foreign Parent Companies, but sought various assurances in connection with that representation, which have been unaddressed because Plaintiffs' counsel declined to participate in the meet and confer process.

Smart TV model purportedly collected or disclosed information, or when and where they allegedly purchased the TVs.

On February 23, 2018, Defendants filed a Joint Motion to Dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  The Motion is scheduled to be fully briefed before the Rule 16 Conference, which is currently scheduled for March 28, 2018. The Motion provides arguments that warrant the complete dismissal of this action.

**2.** **Have settlement discussions taken place?** *No.*

**3.** **The parties [*have not*] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.**

*Plaintiffs' Statement*

*Defendants' Statement*

It would be premature to exchange initial disclosures before the Court decides Defendants' Joint Motion to Dismiss.  That Motion, if granted, would wholly moot discovery by disposing of all claims against all parties.

Further, at this time, it is impossible for Defendants to provide the information required by Fed. R. Civ. P. 26(a)(1) because of the generalized nature of Plaintiffs' Amended Complaint.  Defendants cannot identify which individuals, if any, are likely to have discoverable information or the subject of that information because Plaintiffs' Amended Complaint does not identify: (1) which claims are attributable to which of the Defendants; (2) which specific Smart TV models—out of the hundreds produced and/or distributed by these three Defendants during the proposed class period—are at issue; (3) when or where the relevant products were purchased or for how much; (4) the advertisements, policies, or other representations that Plaintiffs allegedly relied upon in making their alleged purchases; or (5) the existence of any contract or warranty that allegedly has been breached by any of the Defendants.  The lack of any concrete facts in Plaintiffs' Amended Complaint makes it practically impossible for Defendants to comply with their obligations under Rule 26(a)(1).

**4.** **Describe any discovery conducted other than the above disclosures.** *None.*

*Plaintiffs' Statement*

*Defendants' Statement*

Defendants respectfully submit that discovery should be stayed until Defendants' Joint Motion to Dismiss is decided.  Given the absence of even the most basic facts from Plaintiffs' Amended Complaint, the burden and expense of discovery would be disproportionate to any arguable benefit of commencing discovery while Defendants' Joint Motion to Dismiss remains

pending.  Discovery at this time would be a waste of both judicial and party resources, and contrary to the protections of Federal Rule of Civil Procedure 26.  Indeed, Defendants cannot even practically conceive of how they would begin to undertake discovery without knowing which of their products Plaintiffs' claims concern, or what specific conduct Plaintiffs allege any particular Defendant—as opposed to one of their competitors—are responsible for.

Moreover, if discovery is not stayed pending the outcome of the Joint Motion to Dismiss, Defendants would be required to disclose highly-confidential information about their products and internal business operations to their competitor co-defendants.  Because, again, Plaintiffs have not specified which Smart TVs are the subject of their claims, or what specific acts or omissions Plaintiffs ascribe to each Defendant, Plaintiffs' vague allegations potentially implicate a wide range of competitively-sensitive information.  At the very least, the parties would be required to negotiate a complex set of protective orders in order to address any risk of competitive injury.  That potential harm would be greatly reduced by staying discovery until the parties and this Court have greater clarity into the scope of and basis for Plaintiffs' allegations, if any survive at all.

**5.    Generally, dispositive Motions cannot be filed until the completion of discovery.  Describe any Motions any party may seek to make prior to the completion of discovery.  Include any jurisdictional Motions and Motions to Amend.**

*Plaintiffs' Statement*



*Defendants' Statement*

Defendants filed a Joint Motion to Dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  The Motion is scheduled to be fully briefed prior to the Rule 16 Conference, scheduled for March 28, 2018.

Defendants may also seek severance because each of the Defendants has materially different practices related to Smart TVs and, therefore, the issues to be litigated against each Defendant individually may not be fairly or efficiently handled in a single case.  Additionally, the issues to be litigated against the individual Defendants will require testimony of different witnesses and different documentary proof.  Severance may also be necessary to reduce confusion of the issues or prevent prejudice to Defendants.  Defendants may also require severance in order to address the same confidentiality concerns described above.

While Defendants believe that Plaintiffs' suit will ultimately be dismissed in its entirety, should certain claims survive the pleadings stage, it is anticipated that such claims will be the subject of dispositive briefing.

As previously stated, Plaintiffs recently indicated that they do not intend to serve or pursue claims against the Foreign Parent Companies.  Defendants submit that Plaintiffs' failure to serve the Foreign Parent Companies has been discussed with Plaintiffs' counsel since June 2017, and the parties directly discussed this issue during the September and January conferences.  To the extent that Plaintiffs retract their prior position, and will not dismiss the Foreign Parent Companies, Defendants request that, at the Rule 16 Conference, this Court set a deadline by which Plaintiffs

must serve the Foreign Parent Companies with the Amended Complaint, and if Plaintiffs fail to comply with the Court's directive, to dismiss the Amended Complaint as to the Foreign Parent Companies. Defendants otherwise anticipate the filing of a motion to dismiss the claims against the Foreign Parent Companies for insufficiency of service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).

**6.    The parties proposed the following:**

**(a)    Discovery is needed on the following subjects:**

*Plaintiffs' Statement*

*Defendants' Statement*

Defendants believe discovery should be stayed pending the resolution of Defendants' Joint Motion to Dismiss. If and to the extent that any of Plaintiffs' claims survive the Joint Motion to Dismiss, discovery would be needed to shed light on Plaintiffs' vague and conclusory allegations, particularly as Plaintiffs' Amended Complaint fails to provide Defendants with fair notice of the grounds on which Plaintiffs' claims rest. Therefore, if and when discovery commences, it will be needed on at least the following issues:

(i)    What Smart TV(s) were allegedly purchased by Plaintiffs, by not only Defendant but model and year;

(ii)   When and where the alleged purchase(s) were made;

(iii)  The terms of the alleged purchase(s), including price;

(iv)   The agreements allegedly entered into and warranties allegedly provided;

(v)    The advertisements, policies, or other representations or omissions allegedly made;

(vi)   Each Plaintiff's subsequent choices with respect to how they used the Smart TV.

**(b)    Should discovery be conducted in phases? If so, explain.**

*Plaintiffs' Statement*

*Defendants' Statement*

Yes. Defendants request that discovery be stayed pending the outcome of Defendants' Joint Motion to Dismiss. In the event that any of Plaintiffs' claims survive Defendants' Motion, Defendants will need to reevaluate in light of the surviving claims.

7. **Do you anticipate any discovery problem(s)?  Yes   X   No _____.  If so, explain.**

   *Plaintiffs' Statement*

   *Defendants' Statement*

   Defendants reiterate that, although they have filed a Joint Motion to Dismiss, they are still direct competitors within their industry.  As described above, if this matter proceeds as a single case, Defendants anticipate that the parties will need to negotiate and enter complex protective orders before any discovery commences.

8. **Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? Yes  X   No_____  If so, explain.**

   *Plaintiffs' Statement*

   *Defendants' Statement*

   Some case witnesses may be located in Japan and/or Korea and, if implicated, will likely require a translator to provide sworn testimony in response to English questions.  Moreover, many emails, documents, and other business records of the Defendants will only be available in Korean or Japanese.

9. **State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).**

   *Plaintiffs' Statement*

   *Defendants' Statement*

   This case is not appropriate for voluntary arbitration because the relief sought by Plaintiffs is not limited to only money damages as set forth in L. Civ. R. 201.1.  It is too early to tell whether or when the case, if it survives the Joint Motion to Dismiss, might be suitable for mediation.

10. **Is this case appropriate for bifurcation? Yes_____ No    X        **

11. **We [*do not*] consent to the trial and/or dispositive motions being conducted by a Magistrate Judge.**

Dated: March 20, 2018

By: *s/ Michael R. McDonald*
MICHAEL R. MCDONALD
mmcdonald@gibbonslaw.com
KATE ELIZABETH JANUKOWICZ
kjanukowicz@gibbonslaw.com
GIBBONS P.C.
One Gateway Center
Newark, NJ 07102
Telephone: (973) 596-4500

ERIC C. BOSSET (*pro hac vice*)
ebosset@cov.com
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, D.C. 20001
Telephone: (202) 662-6000

SIMON J. FRANKEL (*pro hac vice*)
sfrankel@cov.com
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA 94102
Telephone: (415) 591-6000

***Attorneys for Defendant***
**SAMSUNG ELECTRONICS AMERICA, INC.**

Respectfully submitted,

By: *s/ Jeffrey J Greenbaum*
JEFFREY J. GREENBAUM
jgreenbaum@sillscummis.com
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: (973) 643-7000
Fax: (973) 643-6500

MICHAEL H. RUBIN (*pro hac vice*)
michael.rubin@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 395-8154

***Attorneys for Defendant***
**LG ELECTRONICS U.S.A. INC.**

By: *s/ Mark S. Melodia*
MARK S. MELODIA
mmelodia@reedsmith.com
REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 205-6078
Fax: (212) 521-5450

PAUL J. BOND
pbond@reedsmith.com
136 Main St., Suite 250
Princeton, NJ 08540
Telephone: (609) 520-6393
Fax: (609) 951-0824

***Attorneys for Defendant***
**SONY ELECTRONICS INC.**