# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS ROGER WHITE, JR., and CHRISTOPHER MILLS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC., SAMSUNG ELECTRONICS CO. LTD., SAMSUNG ELCTRONICS AMERICA, INC., SONY CORPORATION, and SONY ELECTRONICS INC,<br>And<br>John and Jane Does (1-Unlimited)<br>And<br>ABC Corporations (1-Unlimited),<br>Defendants. | Case No. 17-1775 (MCA) (SCM)<br><br>**Proposed Joint Discovery Plan** |

This is Plaintiffs' *Proposed Joint Proposed Discovery Plan*.

**1. Set forth a factual description of the case.** Include the causes of action and affirmative defenses asserted.

1

**Plaintiffs' Statement**

Plaintiffs filed the instant Class Action lawsuit against the Defendants after Wikileaks' startling revelation on March 7, 2017, when Wikileaks reported that it had obtained proof in the form of "hard evidence" and government documentation that Smart TVs were in fact being used by outside parties to spy on consumers' private conversations, even when those Smart TVs were supposedly turned off.  Compl. § 13.  It was that announcement that made Plaintiffs and virtually all consumers throughout the world aware of Defendants' misconduct and specifically, the seriousness of the situation and the need to take legal action against Defendants in this case. Thereafter, Plaintiffs' amended their class action complaint to add the allegations contained in a separate class action lawsuit which was also previously filed before the United States District for the District of New Jersey.[1]

As alleged thoroughly in Plaintiffs' Complaint, using state-of-the-art technology, encryption techniques and data aggregation experts, Defendants secretly track and store everything consumers watch, everything consumers say, as well as the specific identifiers (and thus the real world location) of other electronic devices that consumers connect to their Smart TVs and/or Wifi. Compl. ¶¶ 41-69.  Defendants are then able to sell this confidential, personally-identifying information and the private viewing habits of consumers to data brokers and advertisers.  Compl. ¶¶ 4, 20-21, 120.  Defendants do this without obtaining consumers informed consent, and they are able to track and record consumers indefinitely. Compl. ¶¶ 9-10, 45, 60-61, 67, 92, 101, 105.

The data and voice collection by Defendants also allows that information to be used in order to identify specific people in the home (including children), compl. ¶¶ 87-89, and connect them with what they have been watching and where they live. For example, Plaintiffs allege that Defendants scan consumers' Wifi system.  Compl. ¶¶ 38, 49, 57, 154.  Plaintiffs also allege that Defendants video-streaming platforms disclose substantial, extensive information about Plaintiffs' and consumers' "digital identities"; namely, consumers' video-viewing history, consumers'

---

[1] Siegel v. Samsung, Case 2:17-cv-01687-SDW-LDW (D.N.J. 2017), which was voluntarily dismissed.

computer addresses, and other information about other devices connected to the same Wifi network.  Id. See also Compl. ¶¶ 49, 52, 56.[2]

Plaintiffs allege that Defendants misconduct as set forth in the Complaint violates the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1 et seq., the Video Privacy Protection Act, 28 U.S.C. § 1331, and the Electronic Communications Privacy Act, 18 U.S.C. § 2511, the Cable Privacy Act, 47 U.S.C. § 55; the FTC Act, 15 U.S.C. § 45(a); the Subscriber Privacy Provision in the Cable Communications Policy Act, 47 U.S. Code § 551; and the Children's Online Privacy Protection Act of 1998, 15 U.S.C. 6501–6505 and seek to obtain injunctive relief and compensation against Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung"); LG Electronics Inc. and LG Electronics America, Inc. ("LG"), and Sony Corporation and Sony Electronics Inc. ("Sony") (collectively, "Defendants"), and to prevent them from continuing to engage in unconscionable privacy violations, unlawful commercial practices, misrepresentations, and/or omissions of material fact in violation of the CFA, and the other statutes and laws referenced herein.

**Defendants' Statement**

Plaintiffs assert multiple causes of action against Defendants claiming that some unidentified models of Defendants' Smart TVs improperly collected viewing and voice information.  Plaintiffs do not differentiate in any way between the three different competitors named as Defendants, and do not allege with any particularity how they allege Defendants acted improperly.

Plaintiffs filed their initial complaint in March 2017.  LG and Samsung moved to dismiss the initial complaint as deficient both as a matter of fact and law—Sony was not a party to that motion because it had not yet been served.  Plaintiffs failed to respond to that motion.  Instead of dismissing the complaint, upon the September 2017 representation of Plaintiffs' counsel that Plaintiffs needed more time and planned to use it to conduct research and bolster the factual bases of their allegations, the Court stayed the case.  Four months later, Plaintiffs filed their Amended

---

[2] Defendants do not even attempt to deny that they engage in the brokering of consumers' confidential and personal information.

Complaint. That pleading failed to cure the issues identified by Defendants' original motion to dismiss, and instead repeated the allegations that failed to state any claim the first time around.

In the Amended Complaint, Plaintiffs assert nine causes of action: (1) "unfair and deceptive tracking" under the New Jersey Consumer Fraud Act; (2) deceptive omissions under the New Jersey Consumer Fraud Act; (3) violation of the Video Privacy Protection Act; (4) violation of the Electronic Communications Privacy Act; (5) common law fraud; (6) breach of express warranty; (7) breach of the duty of good faith and fair dealing; (8) unjust enrichment; and (9) breach of contract. Plaintiffs have since agreed to voluntarily dismiss their fifth cause of action for common law fraud.

Notwithstanding the fact that Defendants are separate companies and fierce competitors in the market for Smart TV products, Plaintiffs' Amended Complaint treats Defendants and their Smart TVs—hundreds of different models produced over many years and with diverse functions—as completely indistinguishable. Plaintiffs, neither of whom resides in New Jersey, assert eight vague causes of action against all named defendants,2 without making any distinction whatsoever as to which claim is being asserted against which defendant, and without identifying which specific Smart TV model purportedly collected or disclosed information, or when and where they allegedly purchased the TVs.

On February 23, 2018, Defendants filed a Joint Motion to Dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The Motion is scheduled to be fully briefed before the Rule 16 Conference, which is currently scheduled for March 28, 2018. The Motion provides arguments that warrant the complete dismissal of this action.

**2. Have settlement discussions taken place?** No.

**3. The parties [have not] exchanged the information required by Fed. R. Civ. P. 26(a)(1).** If not, state the reason therefor.

**Plaintiffs' Statement**

Plaintiffs' counsel was under the impression that Magistrate Judge Mannion specifically told us in our conference call with him that Judge Arleo wants discovery "*to move along*" in this case, notwithstanding whether Defendants chose to answer Plaintiffs' allegations or otherwise.

Plaintiffs' counsel believes that Judge Mannion made this statement even on "objection" by Defendants' counsel, *who had suggested in the call that the Rule 16 conference be pushed off*.

<u>Plaintiffs' are respectfully willing to accept any discovery parameters that the Court believes best serve the interests of this case and the Court</u>.

**Defendants' Statement**

It would be premature to exchange initial disclosures before the Court decides Defendants' Joint Motion to Dismiss. That Motion, if granted, would wholly moot discovery by disposing of all claims against all parties.

Further, at this time, it is impossible for Defendants to provide the information required by Fed. R. Civ. P. 26(a)(1) because of the generalized nature of Plaintiffs' Amended Complaint. Defendants cannot identify which individuals, if any, are likely to have discoverable information or the subject of that information because Plaintiffs' Amended Complaint does not identify: (1) which claims are attributable to which of the Defendants; (2) which specific Smart TV models—out of the hundreds produced and/or distributed by these three Defendants during the proposed class period—are at issue; (3) when or where the relevant products were purchased or for how much; (4) the advertisements, policies, or other representations that Plaintiffs allegedly relied upon in making their alleged purchases; or (5) the existence of any contract or warranty that allegedly has been breached by any of the Defendants. The lack of any concrete facts in Plaintiffs' Amended Complaint makes it practically impossible for Defendants to comply with their obligations under Rule 26(a)(1).

**4. Describe any discovery conducted other than the above disclosures**. None.

**Plaintiffs' Statement**

Plaintiffs have filed a complaint that alleges in detail exactly how Defendants use state-of-the-art technology, encryption techniques and data aggregation experts to secretly track and store everything consumers watch, everything consumers say, as well as the specific identifiers (and thus the real world location) of other electronic devices that consumers connect to their Smart TVs and/or Wifi. Compl. ¶¶ 41-69.

To help further prove these substantial and well-pled allegations, Plaintiffs desire the help of discovery. Defendants seek to stay discovery here. In this regard, as stated above, Plaintiffs' are respectfully willing to accept any discovery parameters that the Court believes best serve the interests of this case and the Court.

**Defendants' Statement**

Defendants respectfully submit that discovery should be stayed until Defendants' Joint Motion to Dismiss is decided. Given the absence of even the most basic facts from Plaintiffs' Amended Complaint, the burden and expense of discovery would be disproportionate to any arguable benefit of commencing discovery while Defendants' Joint Motion to Dismiss remains pending. Discovery at this time would be a waste of both judicial and party resources, and contrary to the protections of Federal Rule of Civil Procedure 26. Indeed, Defendants cannot even practically conceive of how they would begin to undertake discovery without knowing which of their products Plaintiffs' claims concern, or what specific conduct Plaintiffs allege any particular Defendant—as opposed to one of their competitors—are responsible for.

Moreover, if discovery is not stayed pending the outcome of the Joint Motion to Dismiss, Defendants would be required to disclose highly-confidential information about their products and internal business operations to their competitor co-defendants. Because, again, Plaintiffs have not specified which Smart TVs are the subject of their claims, or what specific acts or omissions Plaintiffs ascribe to each Defendant, Plaintiffs' vague allegations potentially implicate a wide range of competitively-sensitive information. At the very least, the parties would be required to negotiate a complex set of protective orders in order to address any risk of competitive injury. That potential harm would be greatly reduced by staying discovery until the parties and this Court have greater clarity into the scope of and basis for Plaintiffs' allegations, if any survive at all.

**5. Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.**

**Plaintiffs' Statement**

Plaintiffs are considering the filing of a Temporary Restraining Order against Defendants seeking to prohibit them for engaging in their *continuing, ongoing* violations of the VPPA, ECPA, and other federal and state statutes and laws. Plaintiffs' counsel is currently researching this issue and speaking with Plaintiffs.

As to the "foreign defendants" in this case who have not yet been served, since counsel for Plaintiffs' very first conversation with defendants' counsel about this case almost <u>one year</u> ago, Plaintiffs' counsel instructed defendants' counsel that Plaintiffs would be willing to dismiss the "foreign defendants" from the case, but that their main concern regarding not dismissing the foreign defendants was that Plaintiffs believe their confidential information (which Defendants siphoned via Smart TVs) was transmitted by Defendants outside the United States. Plaintiffs' counsel re-visited this conversation with defendants' counsel at least five (5) more times during subsequent discussions and it was even brought up in a Conference Call with the Court in January 2018. Defendants' counsel, however, still refuses to answer that question <u>one year later</u> and, as defendants' know, this question must be addressed because it directly affects discovery in this case.[3]

**Defendants' Statement**

Defendants filed a Joint Motion to Dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The Motion is scheduled to be fully briefed prior to the Rule 16 Conference, scheduled for March 28, 2018. Defendants may also seek severance because each of the Defendants has materially different practices related to Smart TVs and, therefore, the issues to be litigated against each Defendant individually may not be fairly or efficiently handled in a single case. Additionally, the issues to be litigated against the individual Defendants will require testimony of different witnesses and different documentary proof. Severance may also be necessary to reduce confusion of the issues or prevent prejudice to Defendants. Defendants may also require severance in order to address the same confidentiality

---

[3] Plaintiffs have alleged that, because there was so much money on the line here, each of these Smart TV manufacturers engaged in an *illegal, industry standard* and used their Smart TV-technology to commit virtually the exact same misconduct using the help of the same outside third parties. Severance in such a situation seems absurd.

concerns described above. While Defendants believe that Plaintiffs' suit will ultimately be dismissed in its entirety, should certain claims survive the pleadings stage, it is anticipated that such claims will be the subject of dispositive briefing. As previously stated, Plaintiffs recently indicated that they do not intend to serve or pursue claims against the Foreign Parent Companies. Defendants submit that Plaintiffs' failure to serve the Foreign Parent Companies has been discussed with Plaintiffs' counsel since June 2017, and the parties directly discussed this issue during the September and January conferences.  To the extent that Plaintiffs retract their prior position, and will not dismiss the Foreign Parent Companies, Defendants request that, at the Rule 16 Conference, this Court set a deadline by which Plaintiffs must serve the Foreign Parent Companies with the Amended Complaint, and if Plaintiffs fail to comply with the Court's directive, to dismiss the Amended Complaint as to the Foreign Parent Companies.  Defendants otherwise anticipate the filing of a motion to dismiss the claims against the Foreign Parent Companies for insufficiency of service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).

**6. The parties proposed the following:**

    (a) Discovery is needed on the following subjects:

**Plaintiffs' Statement**

As noted, in terms of whether discovery should be stayed, Plaintiffs respectfully accept whatever the Court believes is in the best interest of the case and the Court.

When discovery commences, it will be needed on at least the following issues:

(i)      Did Defendants load and/or enable Automatic Content Software ("ACS") on their Smart TVs;

(ii)     What steps were and/or are taken by Defendants (if any) to obtain informed consent from consumers to intercept the content of the programs viewed

(iii)    What steps were and/or are taken by Defendants (if any) to obtain informed consent from consumers to transmit the contents of the programs they viewed and/or personally identifiable information;

(iv)    Did Defendants create a data "fingerprint" of Smart TV users in the home?

    (v)        What were Defendants' licensing agreements with the outside third parties they transmitted Plaintiffs' and the class members' data to?

    (vi)       Did Defendants transmit to third parties consumer's personal, confidential identifying for profit?

    (vii)      After Defendants' unlawfully siphon and sell consumers' private, confidential information, do Defendants' transfer this information to servers outside the United States?

**Defendants' Statement**

Defendants believe discovery should be stayed pending the resolution of Defendants' Joint Motion to Dismiss. If and to the extent that any of Plaintiffs' claims survive the Joint Motion to Dismiss, discovery would be needed to shed light on Plaintiffs' vague and conclusory allegations, particularly as Plaintiffs' Amended Complaint fails to provide Defendants with fair notice of the grounds on which Plaintiffs' claims rest. Therefore, if and when discovery commences, it will be needed on at least the following issues: (i) What Smart TV(s) were allegedly purchased by Plaintiffs, by not only Defendant but model and year; (ii) When and where the alleged purchase(s) were made; (iii) The terms of the alleged purchase(s), including price; (iv) The agreements allegedly entered into and warranties allegedly provided; (v) The advertisements, policies, or other representations or omissions allegedly made; (vi) Each Plaintiff's subsequent choices with respect to how they used the Smart TV.

(b) Should discovery be conducted in phases? If so, explain.

**Plaintiffs' Statement**

To help further prove Plaintiffs' substantial and well-pled allegations, Plaintiffs desire the help of discovery. Defendants seek to stay discovery here. In this regard, as stated above, Plaintiffs' are respectfully willing to accept any discovery parameters that the Court believes best serve the interests of this case and the Court.

**Defendants' Statement** Yes.

Defendants request that discovery be stayed pending the outcome of Defendants' Joint Motion to Dismiss. In the event that any of Plaintiffs' claims survive Defendants' Motion, Defendants will need to reevaluate in light of the surviving claims.

7**. Do you anticipate any discovery problem(s)?** Yes **X**   No . If so, explain.

**Plaintiffs' Statement**

Plaintiffs are concerned that their confidential, personal information may have been transferred by Defendants outside the United States. Plaintiffs have asked Defendants counsel to agree to preserve relevant, discoverable materials located outside the United States. To date, Defendants' counsel will not agree to that request by Plaintiffs.

**Defendants' Statement**

Defendants reiterate that, although they have filed a Joint Motion to Dismiss, they are still direct competitors within their industry. As described above, if this matter proceeds as a single case, Defendants anticipate that the parties will need to negotiate and enter complex protective orders before any discovery commences.

**8. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)?** Yes  X__  No  If so, explain.

**Plaintiffs' Statement**

Potential witnesses and documents may be located outside the United States. Plaintiffs have asked Defendants counsel to agree to preserve relevant, discoverable materials located outside the United States. To date, Defendants' counsel will not agree to that request by Plaintiffs.

**Defendants' Statement**

Some case witnesses may be located in Japan and/or Korea and, if implicated, will likely require a translator to provide sworn testimony in response to English questions. Moreover, many emails, documents, and other business records of the Defendants will only be available in Korean or Japanese.

9. **State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).**

**Plaintiffs' Statement**

Plaintiffs' are not able to determine if this case is appropriate for arbitration until discovery is complete.

**Defendants' Statement**

This case is not appropriate for voluntary arbitration because the relief sought by Plaintiffs is not limited to only money damages as set forth in L. Civ. R. 201.1.  It is too early to tell whether or when the case, if it survives the Joint Motion to Dismiss, might be suitable for mediation.

**10. Is this case appropriate for bifurcation?** Yes  No   X

**11. We [do not] consent to the trial and/or dispositive motions being conducted by a Magistrate Judge.**

        Respectfully submitted,

        Attorneys for Plaintiffs

        Attorneys for Defendants