*Berman Class Law*
*Mack Press, Esq.*
*1069 Main Street, Suite 136*
*Holtsville, NY 11741*
**mack@mackpress.com**

==================================================================

March 22, 2018

<u>**Via ECF**</u>

The Honorable Steven C. Mannion, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King, Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

      Re:    *Proposed Joint Discovery Plan*:  **White et al. v. LG**
                    **<u>Electronics, Inc., et al., Civil Action No. 17-1775 (MCA) (SCM)</u>**

Dear Magistrate Judge Mannion:

        I write to <u>attach the proposed *Joint Discovery Plan*</u> (which now includes Plaintiffs' responses) and to clarify some of the mis-statements contained in the Letter from Jeffrey J. Greenbaum (on behalf of all defendants) to You dated March 20, 2018 (mis-statements that were also contained in the "preamble" to the unilateral, proposed Discovery Plan filed by defendants' counsel on that same day).

        First, defendants' counsel incorrectly states that I have somehow frustrated our "meet and confer" efforts.  This is false; rather, it is defendants that refuse to "confer" here.  Since my very first conversation with defendants' counsel discussing this case almost *one year ago*, I told defendants' counsel that Plaintiffs would be willing to dismiss the "foreign defendants" from the case, but that their main concern regarding not dismissing the foreign defendants was that Plaintiffs believe their confidential information (which Defendants siphoned via Smart TVs) was transmitted by Defendants outside the United States.  I re-visited this conversation with defendants' counsel at least five (5) more times during our subsequent discussions since the case was filed.  This issue was also brought up in counsels' conference call with the Court in January, in which the Court instructed counsel to "work that out."  Defendants' counsel, however, still refuse to answer that question, *one year* later and, as defendants' know, this question must be addressed because it directly affects discovery in this case.

Second, defendants' counsel have taken the position that there should be NO DISCOVERY in this case until the Motion To Dismiss presently before the Court (returnable 4/2/18) is decided. Counsel for Plaintiffs, however, was under the impression that the Court wanted discovery to move along in this case, notwithstanding whether Defendants were deciding to answer Plaintiffs' allegations contained in the Complaint, or otherwise.  Defendants counsel is set on "staying" (i.e., postponing) discovery here, so it is illogical to conclude that Plaintiffs' counsel is somehow stalling their stay.

Third, for weeks defendants' counsel told me they would send me over a proposed Joint Discovery Plan for me to review.  After not receiving the document to review, I thereafter several times asked defendants' counsel about its whereabouts.  **Having never previously mentioned a stay of discovery of any kind**, defendants counsel finally sent me a copy of that proposed Joint Discovery Order on Monday March 19, 2018 approximately 100 minutes before a call to discuss discovery was to take place.  As such, I told defendants' counsel that – because I was out of the office and I would not have time to properly review the document (and think about discovery issues as it relates to all defendants and properly protect my clients' interests in that call), I told Defendants that I could take that call then.

Notably, defendants' counsel could have set up a call with me to discuss discovery at any time after the January phone call with the Court, or at any time after they filed their Motion To Dismiss on February 23.  Instead, par for course, they chose to first have a call with me several days before Plaintiffs' Opposition Brief (concerning the instant motion to dismiss) was due, while I was working very hard to get that document in final form.  *That* is the only reason I could not address the discovery issues with defendants' counsel during those several, final "drafting days" when *they* suddenly wanted to discuss them.  As stated above, although defendants' counsel could have sent me a proposed Joint Discover Plan at any time after our January phone call to the Court, they never did so until the afternoon of Monday March 20, 2018.

As such, the only parties that are possibly frustrating discovery here are defendants' counsel.  They are not interested in "conferring" on discovery; they simply want discovery stayed without even putting forth a proposed timetable.  Moreover, Plaintiffs' counsel is willing to accept any discovery decision desired by the Court; Plaintiffs' counsel was simply under the impression that the Court wanted discovery to move along here and not be stalled, which is why Plaintiffs' counsel had written the Court and asked for clarification on this point.

I look forward to discussing these issues at the Rule 16 Conference set for March 28, 2018.

2

Plaintiffs' proposed *Joint Discovery Plan* is attached hereto.

Respectfully submitted,

BERMAN CLASS LAW

By:  /s/  Mack Press

MACK PRESS

Cc:  Hon. Madeline Cox Arleo, U.S.D.J. (via ECF)
     All Counsel of Record (via ECF)