**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THOMAS ROGER WHITE, JR.,<br><br>            Plaintiff,<br><br>v.<br><br>LG ELECTRONICS, INC. et al,<br><br>            Defendants. | Civil Action<br><br>2:17-CV-1775-MCA-SCM<br><br>**PRETRIAL SCHEDULING ORDER** |

   **THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on March 28, 2018; and for good cause shown:

   **IT IS** on this Wednesday, March 28, 2018,

   **ORDERED THAT**:

**1.** Plaintiff

### I.      DISCLOSURES

**2.**Fed.R.Civ.P. 26 initial disclosures from plaintiffs shall be exchanged on or before 4/11/2018, and also provide the make, model, and serial number for each television. Within 30 days of today, plaintiff shall also identify when, where, and how each television was acquired along with copies of all documents relevant to their claims in this action.

**3.**Fed.R.Civ.P. 26 initial disclosures from defendants shall be provided to plaintiffs on or before 5/18/2018. Given defendants concerns over sharing proprietary information with each other, they shall confer regarding what discovery shall be exchanged between them, if any while providing all discovery to counsel for plaintiff.

### II.      DISCOVERY

**4. <u>Pre-certification Discovery Deadline</u>**:  Fact discovery as to the putative class representative(s) and Fed.R.Civ.P. 23 class certification is to remain open through 10/31/2018.   Class merits discovery is deferred until a decision on certification. Discovery should be produced on a rolling basis.  All fact and rebuttal expert witness depositions must be completed by the close of fact discovery. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

a.   Counsel shall meet and confer to stipulate as to relevant facts that are not genuinely disputed to reduce the extent of precertification discovery and to refine the pertinent issues for deciding class certification.

b.   Counsel shall meet and confer to propose a precertification discovery plan that identifies the depositions and discovery contemplated, as well as the subject matter to

be covered and the reason it is material to determining the certification inquiry under Rule 23.

Note that the necessity and scope of class merits discovery will be determined after a decision is made on class certification.

**5.**  The parties may serve interrogatories (limited to twenty-five (25) single questions), and requests for production of documents between 5/15/2018 and 7/31/2018, to be responded to within thirty (30) days of receipt.

**6.**  (Stayed for 90 days).  Depositions of fact witnesses and individuals who will give lay opinion testimony based on particular competence in an area (including but not limited to treating physicians) are to be completed before the close of fact discovery. No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege. *See* Fed.R.Civ.P. 32(d)(3)(A).  No instruction not to answer shall be given unless privilege is implicated.

**7.**  **Affirmative Expert Reports for Class Certification**:  All affirmative expert reports needed for class certification shall be delivered by 12/14/2018**. Depositions to be completed within 30 days of receipt of report.**

**8.**  **Responding Expert Reports:** All responding expert reports to oppose class certification shall be delivered by 1/18/2019   **Depositions to be completed within 30 days of receipt of report.**

**9.**  **Form and Content of Expert Reports: All expert reports most comport with the form and content requirements set forth in Fed. R. Civ. P. 26(a)(2)(B). No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the expert's report.**

**10.**  **Deposition of Experts:** No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege.

**11.**  **Motions for Class Certification and Summary Judgment:**  Motion for class certification to be filed on TBD.  Dispositive motions may be filed on the same schedule.

**12.**  Counsel shall confer in a good faith attempt to informally resolve any and all discovery disputes **before** seeking the Court's intervention.   Should informal efforts fail to resolve the dispute, the matter shall be brought to the Court's attention via a **joint letter** that sets forth: (a) the specific discovery requested; (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; including citations to appropriate caselaw; and (e) why the responding party believe the response is sufficient. If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

MCA                                                                                                                    2

Failure by any party to meet and confer in good faith, or to participate in the joint-letter protocol described above, absent good cause, will result in the Court deeming that party to have waived its right to take any position on the discovery issue(s) in dispute.

No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court.

Discovery disputes (other than those arising during depositions) shall be brought to the Court's attention no later than 30 days before the fact end date. **The Court will not consider any discovery dispute (other than those arising during depositions) brought to its attention after this date**. If an unresolved dispute arises at a deposition, then the parties shall contact the Chambers of the Undersigned for assistance during the deposition.

### III.    FUTURE CONFERENCES

**13.**    There shall be a telephone status conference on 5/21/2018 **at 10:30 a.m.**   Counsel for defendant LG shall initiate the call.  The parties shall electronically file concise agenda letter(s) no later than three business days in advance of the conference**.**   Counsel shall initiate the call to chambers once representatives for all parties are on the line.

**14.**    The Court may from time to time schedule conferences as may be required, either *sua sponte* or at the request of a party.

**15.**   Counsel should be prepared to discuss settlement at every conference with the Court. The senior attorney in charge of the case must attend all settlement conferences and client(s) with full settlement authority must either attend or be immediately available by telephone.  In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision on the settlement will be the person available for the conference.

**16.**   Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

**17.**   A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

### IV.    MOTIONS

**18.**    Any motion to add new parties or amend pleadings, whether by amended or third-party complaint, must be filed not later than 8/31/2018.

19.  **No motions are to be filed without prior written permission from this Court, excepting motions in lieu of Answer under Fed.R.Civ.P. 12(b); motions to seal, or motions to admit *pro hac vice*.**   All dispositive motions must first be subject to a

dispositive motion pre-hearing.  Discovery must be completed prior to the filing of a dispositive motion. If a party wishes to file a summary judgment motion before the conclusion of discovery, they shall submit a letter to Judge Arleo, copy to Judge Mannion, not to exceed 5 pages, setting forth the basis for the motion.  The Court will thereafter advise whether the motion can be filed. These prerequisites must be met before any motions are filed and the motions will be returned if not met.   All calendar or dispositive motions, if permitted, shall comply with Local Civil Rules 7.1(b) and 56.1.

20. Informal motion to stay. Defendants consolidated request to stay shall be filed with courtesy copies by 4/6/18 and opposition by 4/18/18.

21. Plaintiff's proposal to dismiss foreign defendants should be served on defendants within 7 days of today.

## V.      FINAL PRETRIAL CONFERENCE

22.   A final pretrial conference shall be conducted pursuant to Fed.R.Civ.P. 16(e) on TBD.

23.    All counsel are directed to assemble at the office of plaintiff's counsel not later than **ten (10) days** before the final pretrial conference to prepare the Final Pretrial Order in the compliance with the form and content requirements of the Court.  Plaintiff's counsel shall prepare the Final Pretrial Order and shall submit it to all other counsel for approval before submitting it to the Court.

24.   The original of the Final Pretrial Order shall be delivered to Chambers in hard copy not later than **three full business days** before the final pretrial conference. All counsel are responsible for the timely submission of the Final Pretrial Order.

25.  **FAILURE TO FOLLOW THIS ORDER OR ANY SUBSEQUENT SCHEDULING ORDERS MAY RESULT IN SANCTIONS PURSUANT TO Fed.R.Civ.P. 16(f) and 37.**

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

3/28/2018 1:58:34 PM

Original: Clerk of the Court
Hon. Madeline Cox Arleo, U.S.D.J.

MCA                                                                                                          4

cc: All parties
    File