# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS ROGER WHITE, JR. and CHRISTOPHER MILLS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC., SAMSUNG ELECTRONICS CO. LTD., SAMSUNG ELECTRONICS AMERICA, INC., SONY CORPORATION, and SONY ELECTRONICS INC.,<br><br>And<br><br>John and Jane Does (1-Unlimited)<br><br>And<br><br>ABC Corporations (1-Unlimited),<br><br>Defendants. | Civil Action No. 17-1775 (MCA)(SCM)<br><br>Hon. Madeline Cox Arleo, U.S.D.J.<br>Hon. Steven C. Mannion, U.S.M.J.<br><br>**Return Date:** _____<br><br>(Oral Argument Requested)<br><br>*Document Electronically Filed* |

**DEFENDANTS LG ELECTRONICS USA, INC., SAMSUNG ELECTRONICS AMERICA, INC., AND SONY ELECTRONICS INC.'S JOINT MOTION TO STAY DISCOVERY**

| | | |
|---|---|---|
| GIBBONS PC<br>One Gateway Center<br>Newark, NJ 07102<br>Tel.: (973) 596-4500<br>*Attorneys for Samsung Electronics America, Inc.* | SILLS CUMMIS & GROSS P.C.<br>One Riverfront Plaza<br>Newark, NJ 07102<br>Tel.: (973) 643-7000<br>*Attorneys for LG Electronics U.S.A., Inc.* | REED SMITH LLP<br>136 Main St., Suite 250<br>Princeton, NJ 08540<br>Tel.: (609) 987-0050<br>*Attorneys for Sony Electronics Inc.* |

*Additional counsel on signature page*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..............................................................................1

ARGUMENT .........................................................................................................4

    A.    A Stay of Discovery Would Not Prejudice Plaintiffs or Give Defendants a Clear Tactical Advantage. ...............................................4

    B.    Denial of a Stay Would Create a Clear Case Of Hardship or Inequity. ..................................................................................................5

    C.    The Pending Motion would be Wholly Dispositive and has a Strong Likelihood of Success under Third Circuit law. ........................9

    D.    A Stay Will Further the Fair and Efficient Resolution of the Case. ....................................................................................................11

CONCLUSION ....................................................................................................13

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)............................................................8

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..............................................................................................7

*In re Blood Reagents Antitrust Litig.*,
    783 F.3d 183 (3d Cir. 2015) .................................................................................8

*Chesney v. Valley Stream Union Free School Dist. No. 24*,
    236 F.R.D. 113 (E.D.N.Y. 2006)..........................................................................6

*Comcast Corp. v. Behrend*,
    569 U.S. 27 (2013)................................................................................................8

*Galarza v. Whittle-Kinard*,
    2017 WL 2198182 (D.N.J. 2017) ..............................................................*passim*

*In re Google Inc. Cookie Placement Consumer Privacy Litig.*,
    806 F.3d 125 (3d Cir. 2015) ...............................................................................10

*Hertz Corp. v. The Gator Corp.*, 250 F. Supp. 2d 421, 424 (D.N.J. 2003)................1

*Malibu Media LLC v. John Does 1-18*,
    2014 WL 229295 (D.N.J. Jan. 21, 2014)....................................................3, 5, 12

*Maniscalco v. Brothers Int'l*,
    709 F.3d 202 (3d Cir. 2013) ...............................................................................10

*Mann v. Brenner*,
    375 F. App'x 232 (3d Cir. 2010) .........................................................2, 6, 9, 11

*Neitzke v. Williams*,
    490 U.S. 319 (1989).............................................................................................11

*Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    259 F.3d 154 (3d Cir. 2001) .................................................................................8

*In re Nickelodeon Consumer Privacy Litig.*,
   827 F.3d 262 (3d Cir. 2016) ...............................................................................9

*Rappoport v. Steven Spielberg, Inc.*,
   16 F. Supp. 2d 481 (D.N.J. 1998) .....................................................................13

*Smith v. Trusted Universal Standards in Elec. Transactions, Inc.*,
   2010 WL 1799456 (D.N.J. May 4, 2010) ..........................................................7

*United States ex rel. Brown v. Pfizer, Inc.*, No. CV 05-6795, 2017 WL
   2691927, at *5 (E.D. Pa. June 22, 2017) .....................................................6, 11

*VT Investors v. R&D Funding Corp.*,
   733 F. Supp. 823 (D.N.J. 1990) ........................................................................10

**Other Authorities**

Fed. R. Civ. P. 20(a)(2)(A) ......................................................................................12

Fed. R. Civ. P. 12(b)(6) ...........................................................................................11

Fed. R. Civ. P. Rule 23 .............................................................................................8

Fed. R. Civ. P. 26(c) .................................................................................................1

## **PRELIMINARY STATEMENT**

Defendants LG Electronics USA, Inc. ("LG"), Samsung Electronics America, Inc. ("Samsung"), and Sony Electronics Inc. ("Sony") (collectively, "Defendants") ask this Court to stay discovery until their pending Motion to Dismiss ("Motion") is decided. Plaintiffs' Amended Complaint ("AC"), filed four months after Plaintiffs failed to oppose Defendants' first motion to dismiss, amounts to nothing more than conclusory and factually devoid allegations concerning supposed data collection by unidentified Smart TVs allegedly produced and distributed by one or another of the three served Defendants. To allow Plaintiffs to proceed with discovery now, based on the mere act of filing a complaint full of speculative accusations, would be inefficient and would impose substantial prejudice on Defendants. Staying discovery would not prejudice Plaintiffs. A dispositive motion to dismiss is pending challenging every cause of action as a matter of law. The AC's glaring failure to allege even basic facts further supports a stay. Discovery cannot begin when the purported notice pleading lacks such fundamental allegations. Opening discovery in these circumstances is impractical and manifestly unfair to Defendants.

Under Rule 26(c), discovery may be stayed for good cause. *Galarza v. Whittle-Kinard*, 2017 WL 2198182 (D.N.J. 2017). A finding of good cause "requires a balancing of competing interests and the court's inherent interest in promoting 'fair and efficient adjudication' of the claims." *Id*. (citing *Hertz Corp. v.*

*The Gator Corp.*, 250 F. Supp. 2d 421, 424 (D.N.J. 2003)).  Most germane to this matter: "it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile."  *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010).

Good cause exists to stay discovery in this action under the standard applied by this Court in *Galarza*:

**A stay would not prejudice Plaintiffs and would not give Defendants an advantage.**  Plaintiffs have not indicated any interest in litigating this case with haste.  Plaintiffs failed entirely to respond to Defendants' first motion to dismiss, and then waited nearly four months before filing a marginally different Amended Complaint that failed to cure any of the defects identified in Defendants' first motion.  And Plaintiffs now confirm in filings to the Court that they do not seek immediate discovery.  [D.E. 61 at 5] ("Plaintiffs[] are respectfully willing to accept any discovery parameters that the Court believes best serve the interests of this case and the Court"); *accord id.* at 6 (same); *id.* at 9 (same).  Defendants are not seeking any tactical delay, but only seeking to avoid burdensome discovery that will be rendered moot by a ruling on the Motion.

**Defendants would be prejudiced if discovery is allowed to proceed.**  While Defendants have been joined together in this case, they are otherwise fierce competitors understandably concerned with maintaining the confidentiality of their

2

competitive information during the discovery period. And even "class certification discovery" will necessarily involve enormously burdensome document discovery concerning the development, technology, operation, and marketing of Defendants' respective products. All this prejudice could be avoided by a stay until a ruling on the Motion.

**Defendants' Motion has a strong likelihood of success under Third Circuit law.** A stay is more appropriate when the pending motion has a likelihood of successfully dismissing the claims as a matter of law, rather than just challenging "the sufficiency of the allegations." *Galarza*, 2017 WL 2198182, at *3. Here, as explained in the Motion and summarized below, the pending Motion does not challenge technicalities in the AC, but, rather, identifies multiple fundamental defects in every cause of action of a rambling pleading that require dismissal with prejudice.

**A stay of discovery simplifies the case.** Defendants' Motion will likely dispose of Plaintiffs' claims. But even in the unlikely event that some curtailed portion of Plaintiffs' vague and sprawling AC survives, the stay will have served its purpose by preventing needlessly broad discovery while the Motion was pending and instead leaving the parties with much more narrowed discovery to conduct. At that point, Defendants will be forced to consider severing each of their respective cases if the case proceeds, as they have been improperly joined. *Malibu Media LLC*

*v. John Does 1-18*, 2014 WL 229295, at *5 (D.N.J. Jan. 21, 2014).  The burden of putting the parties to that effort while the dispositive Motion is pending, like the burden of requiring the parties to embark on unnecessarily broad discovery, further counsels granting a discovery stay.

## ARGUMENT

### A.  A Stay of Discovery Would Not Prejudice Plaintiffs or Give Defendants a Clear Tactical Advantage.

This is not a case in which a stay would prejudice one party while giving the other party a clear tactical advantage. *Galarza*, 2017 WL 2198182, at *2. Defendants are not seeking to put the brakes on a case that Plaintiffs have been actively litigating.

Mindful of the Court's admonition not to rehash old disputes, Defendants summarize prior events only to show that a stay of discovery would not prejudice Plaintiffs.  Plaintiffs filed the initial Complaint on March 16, 2017.  [D.E. 1]. Plaintiffs did not attempt to make service on any defendant until June 12, 2017, almost three months later, when Plaintiffs served LG and Samsung.  Plaintiffs never served Sony or any of the named foreign defendants with the initial Complaint.

On September 8, 2017, LG and Samsung filed a motion to dismiss the Complaint.  [D.E. 24].  That motion made virtually all of the arguments now before the District Court in the pending Motion to dismiss the equally deficient AC. [*Compare* D.E. 24-1 *with* D.E. 54-1].  Plaintiffs never opposed the earlier motion.

4

However, at a conference with this Court on September 26, 2017, Plaintiffs asked for and were granted leave to file an AC. Plaintiffs filed that AC nearly four months later, on January 17, 2018. [D.E. 45-48].

The nearly ten-month delay between the initial Complaint and AC was therefore the result of Plaintiffs' own actions and inaction. Plaintiffs will not be prejudiced by staying discovery while the Court evaluates their second attempt at pleading. In contrast to *Galarza*, where a stay was granted despite the fact that the plaintiff had initiated some discovery and so claimed prejudice, Plaintiffs here have done nothing. *See Galarza*, 2017 WL 2198182, at *2.

In fact, in response to Defendants' prior request for a stay, Plaintiffs stated they are "willing to accept any discovery parameters that the Court believes best serve the interests of this case and the Court," thus effectively conceding that a stay would not prejudice Plaintiffs. [D.E. 61 at 5; *accord id.* at 6, 9]. And as this Court recently explained, "'delay in resolving [a] dispositive motion does not, without more, establish that undue prejudice will result from issuance of a stay.'" *Galarza*, 2017 WL 2198182, at *2.

### B. Denial of a Stay Would Create a Clear Case Of Hardship and Inequity.

Facing discovery at this stage will result in "a clear case of hardship and inequity" for Defendants. *Galarza*, 2017 WL 2198182, at *1. A court considering an application for a stay "may take into consideration the nature and complexity of

5

the action." *Chesney v. Valley Stream Union Free School Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006); *see also United States ex rel. Brown v. Pfizer, Inc.*, No. CV 05-6795, 2017 WL 2691927, at *5 (E.D. Pa. June 22, 2017) (staying discovery during pendency of interlocutory appeal that may "eliminate complex issues and make discovery easier and less costly for the parties"). Where an action involves multiple plaintiffs and defendants, litigating multiple causes of action, it may be "unreasonable and inappropriate" to proceed with discovery in the face of a potentially fully-dispositive motion to dismiss. *Chesney*, 236 F.R.D. at 116; *see also Mann*, 375 F. App'x at 239 (affirming stay of discovery pending the outcome of motion to dismiss, because "none of [the plaintiff's] claims entitle him to relief"). This is such a case.

In the AC, Plaintiffs seek to allege nine causes of action under federal law, state law, and common law. Discovery on those claims would be extensive and, according to Plaintiffs' own discovery proposal, would include *seven* broad categories of discovery. [*See* D.E. 61 at 8]. Defendants do not concede that any particular category of discovery would be proper, or that any specific request would be proper. However, it is reasonably foreseeable that Plaintiffs will demand discovery as to the wide-ranging matters mentioned in their (fatally flawed) AC, including detailed technical information on the design, development, and operation of aspects of the televisions at issue; marketing materials and disclosures of the three

6

Defendants; as well as Defendants' third-party and fourth-party business relationships with advertisers, data brokers, and others. *See, e.g.*, AC ¶¶ 9, 62. Even if Plaintiffs were to limit their allegations to the models of Smart TVs they purchased, the breadth of Plaintiffs' vague complaint would require Defendants to engage in inevitable discovery motion practice arising from Defendants responding in good faith to discovery requests tethered to an amorphous pleading. And, in the event they could understand the scope of Plaintiffs' claims, each Defendant would likely have to collect and review a significant volume of documents.

Responding to discovery on all nine causes of action, when each one is the subject of the pending challenge as a matter of law, would impose an undue and disproportionate burden on Defendants that is unjustified at this stage, and cannot be overlooked simply because Defendants are corporations. Moreover, Plaintiffs demand to litigate these issues on behalf of a nationwide class of purchasers. AC ¶ 106. The putative class period reaches back to January 1, 2012. As the Supreme Court has noted, "discovery accounts for as much as 90 percent of litigation costs when discovery is actively employed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). For this reason, courts do not allow plaintiffs to avail themselves of discovery on claims unless and until they are properly stated in a complaint. *See Smith v. Trusted Universal Standards in Elec. Transactions, Inc.*, 2010 WL 1799456, at *11 (D.N.J. May 4, 2010) ("Rule 8 … does not unlock the doors of

7

discovery for a plaintiff armed with nothing more than conclusions." (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Limiting discovery to just what is needed for class certification does not ease Defendants' hardship as the burden on Defendants remains the same. The Supreme Court has made clear that a Rule 23 class certification motion is a battle of "evidentiary proof," with the burden on the movant to show that all of the applicable elements of Rule 23 are satisfied. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). Competent evidence with respect to each element of class certification must be produced at the time the motion for class certification is decided. *See, e.g.*, *In re Blood Reagents Antitrust Litig.*, 783 F.3d 183, 188 (3d Cir. 2015) (vacating class certification order, remanding for further action). For example, a class cannot be certified under Rule 23(b)(3) without a showing of predominance. *See, e.g.*, *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 187 (3d Cir. 2001) (affirming denial of class certification). To attempt to demonstrate that common issues not only exist, but are predominant, Plaintiffs presumably would be seeking discovery on all the issues listed above—technology, data processing, business relationships, marketing materials, disclosures—with respect to the entire nationwide, putative class back to 2012. "Class certification discovery" will rapidly become "class merits discovery," draining the bifurcation of any expected value.

### C. The Pending Motion Would Be Wholly Dispositive and Has a Strong Likelihood of Success under Third Circuit Law.

Forcing Defendants to embark on burdensome discovery cannot be justified in light of the dispositive pending Motion. As this Court noted in *Galarza*:

> Where there is a motion to dismiss for failure to state a claim upon which relief can be granted, the court should take a preliminary look at the allegedly dispositive motion to see whether it is a challenge as a matter of law or to the sufficiency of the allegations. If the motion merely addresses the sufficiency of the complaint, resolution of the pending motion is not necessarily dispositive because the pleadings may be amended to correct the deficiencies.

*Galarza*, 2017 WL 2198182, at *3 (citations and quotation marks omitted); *see Mann*, 375 F. App'x at 239 ("In certain circumstances, it may be appropriate to stay discovery while evaluating a motion to dismiss where if the motion is granted, discovery would be futile."). In *Galarza*, the case would have proceeded as to some defendants and claims regardless of the resolution of the motion to dismiss—and the Court still granted the motion to stay as to the moving defendants. *Galarza*, 2017 WL 2198182, at *3. This case is even more suitable for a stay of discovery, because the Motion is a challenge as a matter of law that would be wholly dispositive of all claims against all Defendants. Indeed, it has a strong likelihood of success because the legal claims are contrary to Third Circuit law:

- Plaintiffs' claim under the Video Tape Privacy Protection Act (VPPA) is barred by directly applicable and controlling Third Circuit law. *In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 280-90 (3d Cir. 2016). The Third Circuit has held that the type of information the Amended Complaint alleges was disclosed is not regulated by the statute. Further,

9

> Plaintiffs fail to allege a disclosure within the scope of the VPPA. *See* D.E. 54 (Motion) at 9-12; D.E. 63 (Reply) at 4-8.

- Plaintiffs' Wiretap Act claim is similarly barred by Third Circuit precedent, because each respective Defendant would be a direct party to the communications alleged in the AC, and a party to a communication cannot "intercept" it within the meaning of the Wiretap Act. *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 806 F.3d 125, 135-45 (3d Cir. 2015). Further, the information Plaintiffs identify fails to qualify as "contents" of a "communication" under the Act. *See* D.E. 54 (Motion) at 12-18; D.E. 63 (Reply) at 8-12.

- Third Circuit law also forecloses these non-resident Plaintiffs from asserting any claim under the New Jersey Consumer Fraud Act, because they plead no connection to New Jersey other than the location of Defendants, which is insufficient as a matter of law. *See, e.g.*, *Maniscalco v. Brothers Int'l*, 709 F.3d 202, 209 (3d Cir. 2013); D.E. 54 (Motion) at 20-24; D.E. 63 (Reply) at 12-13.

- Plaintiffs' unjust enrichment claim requires that the plaintiff knowingly conferred a benefit on the defendant with a reasonable expectation that it will be returned. However, Plaintiffs say that they never knew their PII (the alleged benefit) was being collected in the first place. *See* D.E. 54 (Motion) at 38-40; D.E. 63 (Reply) at 15. Plaintiffs have also failed to allege any contract underpinning their remaining contract claims. *See* D.E. 54 (Motion) at 33-34; D.E. 63 (Reply) at 15.

Although the Motion also objects to the AC's lack of specificity, the foregoing legal defects could not be cured by further amendment.

Further warranting a stay of discovery while the motion to dismiss is pending, Plaintiffs have been on notice of these fatal flaws since LG and Samsung first moved to dismiss in September 2017, but Plaintiffs failed to plead further facts in their AC. *See, e.g.*, *VT Investors v. R&D Funding Corp.*, 733 F. Supp. 823, 825, 843 (D.N.J.

10

1990) (dismissing certain claims with prejudice after amendment "fail[ed] to remedy the original deficiencies").

### D. A Stay will Further the Fair and Efficient Resolution of the Case.

Courts analyzing the propriety of a stay have an interest in promoting the "fair and efficient adjudication" of a case. *Galarza*, 2017 WL 2198182, at *1. The purpose of a Rule 12(b)(6) motion is to "streamline[] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989) (quoted in *Mann*, 375 F. App'x at 239).

While Defendants are confident that their pending Motion will dispose of Plaintiffs' claims and terminate this case, if any causes of action somehow survive, there is no doubt that the resulting scope of the AC—and of discovery—would be severely narrowed. At that point, if necessary, the Court and the parties can structure discovery as appropriate. It would be inefficient to embark on any discovery now based on a sprawling, speculative, and wholly defective pleading. *See United States ex rel. Brown*, 2017 WL 2691927, at *5 (discovery stay during pendency of interlocutory appeal that may "eliminate complex issues and make discovery easier and less costly for the parties").

In addition, proceeding with the litigation and discovery while the Motion is pending will require the Court and parties to address difficult and time-consuming procedural issues that might have been avoided. For example, if a stay is denied, it

11

is likely that each defendant will be forced to consider moving for severance. LG, Samsung, and Sony are misjoined in this action because plaintiffs do not assert "any right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). For example, there is no allegation in the AC—*nor could there be*—that any defendant took any action jointly with any other defendant to manufacture any Smart TV purchased by any plaintiff. And, there is no allegation in the AC that any defendant conspired with any other defendant, resulting in any injury to any plaintiff. Nor could Plaintiffs solve this fundamental disconnect by any further amendment, consistent with Rule 11. Far from commercial partners, LG, Samsung, and Sony are competitors and frequently on opposite sides of legal actions.

Although some prejudice from joinder could be addressed in part through the time-consuming negotiation of a complex discovery confidentiality order, beyond that already entered by the Court [D.E. 65], significant potential prejudice would remain. If it were even possible, any commercially sensitive documents produced by a Defendant would have to be subject to rigorous coding and tracking—approved by all Defendants—to avoid disclosure to another Defendant. So if this litigation proceeds, Defendants will be forced to consider moving for severance. *See, e.g.*, *Malibu*, 2014 WL 229295, at *5 (severing defendants because each defendant would

12

likely assert different factual defenses to the allegations, creating factual and legal issues not common to all defendants and requiring separate adjudication of the issues); *Rappoport v. Steven Spielberg, Inc.*, 16 F. Supp. 2d 481, 497 (D.N.J. 1998) (severing defendants because the claims arose from separate and distinct acts by the defendants and involved separate and distinct property).

Because any motions for severance would consume additional judicial resources on a case that has not been actively litigated by Plaintiffs and is likely to be rendered wholly moot or completely transformed by the pending Motion, the motion to stay should be granted.

## **CONCLUSION**

For all of these reasons, Defendants respectfully request a stay of all discovery pending decision on the Motion.

| | |
|---|---|
| Dated: April 6, 2018 | Respectfully submitted, |
| GIBBONS P.C. | SILLS CUMMIS & GROSS P.C. |
| By: *s/ Michael R. McDonald*<br>MICHAEL R. MCDONALD<br>mmcdonald@gibbonslaw.com<br>KATE ELIZABETH JANUKOWICZ<br>kjanukowicz@gibbonslaw.com<br>One Gateway Center<br>Newark, NJ 07102<br>Telephone: (973) 596-4500 | By: *s/ Jeffrey J. Greenbaum*<br>JEFFREY J. GREENBAUM<br>jgreenbaum@sillscummis.com<br>One Riverfront Plaza<br>Newark, New Jersey 07102<br>Telephone: (973) 643-7000<br>Fax: (973) 643-6500 |
| ERIC C. BOSSET (*pro hac vice*)<br>ebosset@cov.com<br>COVINGTON & BURLING LLP<br>One City Center<br>850 Tenth Street, NW<br>Washington, D.C. 20001<br>Telephone: (202) 662-6000 | MICHAEL H. RUBIN (*pro hac vice*)<br>michael.rubin@lw.com<br>LATHAM & WATKINS LLP<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111-6538<br>Telephone: (415) 395-8154 |
| | ***Attorneys for Defendant*****<br>LG ELECTRONICS U.S.A. INC.** |
| SIMON J. FRANKEL (*pro hac vice*)<br>sfrankel@cov.com<br>COVINGTON & BURLING LLP<br>One Front Street, 35th Floor<br>San Francisco, CA 94102<br>Telephone: (415) 591-6000 | REED SMITH LLP<br><br>By: *s/ Mark S. Melodia*<br>MARK S. MELODIA<br>mmelodia@reedsmith.com<br>599 Lexington Avenue<br>New York, NY 10022<br>Telephone: (212) 205-6078<br>Fax: (212) 521-5450 |
| ***Attorneys for Defendant*****<br>SAMSUNG ELECTRONICS AMERICA, INC.** | |
| | PAUL J. BOND<br>pbond@reedsmith.com<br>136 Main St., Suite 250<br>Princeton, NJ 08540<br>Telephone: (609) 520-6393<br>Fax: (609) 951-0824 |
| | ***Attorneys for Defendant*****<br>SONY ELECTRONICS INC.** |

14