# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS ROGER WHITE, JR. and CHRISTOPHER MILLS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>V.<br><br>SAMSUNG ELECTRONICS AMERICA, INC. and SONY ELECTRONICS INC.,<br>And<br>John and Jane Does (1-Unlimited)<br>And<br>ABC Corporations (1-Unlimited),<br><br>Defendants. | Civil Action No. 17-1775 (MCA)(SCM)<br><br>Hon. Madeline Cox Arleo, U.S.D.J.<br>Hon. Steven C. Mannion, U.S.M.J.<br><br>*Document Electronically Filed* |

## DEFENDANT SONY ELECTRONICS INC.'S OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE UNDER FED. R. EVID. 201

REED SMITH LLP
136 Main St., Suite 250
Princeton, NJ 08540
Tel.: (609) 987-0050
*Attorneys for Sony Electronics Inc.*

By letter of July 16, 2018, Plaintiffs filed a Request for Judicial Notice. **[DE #76]**. Specifically, Plaintiffs request judicial notice of a letter ("Letter") dated July 12, 2018, reportedly from U.S. Senators Edward J. Markey and Richard Blumenthal (collectively, the "Senators"). In this letter, the Senators wrote to the Federal Trade Commission ("FTC") to express their "concerns" about consumer privacy in connection with Smart TVs and "request that the FTC continue its efforts," including with further investigation on this score. Letter, **[DE #76-1]**, p. 2. Plaintiffs allege that this Court should take judicial notice of the Letter because the Senators share the "exact concerns which are alleged in the Amended Complaint." **[DE #76]**.

Defendant Sony Electronics Inc. writes to oppose this Request. Under Federal Rule of Evidence 201, a Court may only take judicial notice of adjudicative facts that are not subject to reasonable dispute, either because they are: "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The statements presented in the Letter do not meet these standards.

Little in the Letter is presented as a statement of fact, as opposed to opinion or concern. Certainly, the statements in the Letter are not facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" as required under Rule 201(b). Fed. R. Evid. 201(b). The Senators do not present the findings of any government body. *Contrast, In re Wellbutrin SR/Zyban Antitrust Litigation*, 281 F. Supp. 2d 751, 754 n. 2 (E.D. Pa 2003) (taking judicial notice of a published report that was posted on the official FDA website). The Senators do not suggest that they have conducted any factual investigation of their own, much less that they have drawn any conclusion. Thus, the Letter lacks reliability because the opinion of the authors cannot be verified and is not founded upon unquestioned facts. *See,*

*e.g., In re Synchronoss Sec. Litig.,* 705 F. Supp. 2d 367, 390 (D.N.J. 2010) (declining to take judicial notice of statements and unverified reports of defendant's analysts); *Otsuka Pharm. Co. v. Apotex Corp.*, 2016 U.S. Dist. LEXIS 114640, at *11 (D.N.J. Aug. 25, 2016, Civil Action No. 14-8074 (JBS/KMW) (noting that the information that plaintiff urged the Court to notice was not of the kind contemplated by the judicial notice doctrine because such evidence was a matter of continuing litigation and not yet established).

Even if the Letter were otherwise judicially noticeable—which it is not—it may be considered only for the limited purpose of establishing its existence and not for the truth of the underlying factual statements contained therein. *In re Synchronoss Sec. Litig.*, *supra*, 705 F. Supp. 2d at 367; *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*,181 F.3d 410 (3d Cir. 1999); *Lum v. Bank of America, 361 F.3d 217, 222* (3d Cir. 2004) (while published reports of administrative agencies are considered matters of public record of which a court may take judicial notice, it may do so only to establish the existence of the report, not for the truth of the facts asserted in the report.)

Moreover, Plaintiffs do not, and cannot, allege that the Letter, reportedly sent long after they brought this action, formed the basis for the operative Complaint. *Contrast, e.g., In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3d Cir. 2002) (finding that judicial notice could be properly taken with documents relied upon in the Complaint)*; In re Synchronoss Sec. Litig.,* 705 F Supp. 2d 367, 390 (D.N.J. 2010); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (court may consider a document "integral to or explicitly relied upon in the complaint").

## CONCLUSION

Defendant Sony Electronics Inc. respectfully asks the Court to disregard the Letter and deny Plaintiffs' request to take judicial notice of the Letter.

Dated: July 24, 2018

                              Respectfully submitted,

                              **REED SMITH LLP**

By:   *s/ Mark S. Melodia*
        MARK S. MELODIA
        mmelodia@reedsmith.com
        599 Lexington Avenue
        New York, NY 10022
        Telephone: (212) 205-6078
        Fax: (212) 521-5450

        PAUL J. BOND
        pbond@reedsmith.com
        136 Main St., Suite 250
        Princeton, NJ 08540
        Telephone: (609) 520-6393
        Fax: (609) 951-0824

        *Attorneys for Defendant*
        **SONY ELECTRONICS INC.**