

MICHAEL R. MCDONALD
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4827 Fax: (973) 639-6295
mmcdonald@gibbonslaw.com

July 25, 2018

**BY CM/ECF**

The Honorable Madeline Cox Arleo, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, New Jersey 07101

    Re:    *White, et al. v. Samsung Electronics America, Inc., et al.*
             **Civil Action No. 17-1775 (MCA)(SCM)**
             <u>**Response in Opposition to Plaintiffs' Request for Judicial Notice**</u>

Dear Judge Arleo:

       We write on behalf of Defendant Samsung Electronics America, Inc. ("Samsung") in response to Plaintiffs' July 16, 2018 filing seeking judicial notice ("RJN") of a July 12, 2018 letter that appears to be from U.S. Senators Edward J. Markey and Richard Blumenthal ("Senators' letter"), asking the Federal Trade Commission to investigate their "concerns" about consumer privacy in connection with unspecified "'smart TV technology.'" [DE #76-1 at 2]. Plaintiffs ask this Court to take judicial notice of the Senators' letter because Plaintiffs surmise the Senators share the "exact concerns which are alleged in the Amended Complaint," even though the letter does not even mention Samsung or the Samsung televisions allegedly at issue in this case. [DE #76]. The RJN should be denied for several reasons.

       First, Plaintiffs ask this Court to take notice of facts that do not qualify under Federal Rule of Evidence 201. Under Rule 201, a Court may only take judicial notice of adjudicative facts that are not subject to reasonable dispute, either because they are: "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." There is nothing in the Senators' letter that qualifies under this standard. *See In re Synchronoss Sec. Litig.,* 705 F. Supp. 2d 367, 391 (D.N.J. 2010) ("the opinions of analysts or reporters cannot be noticed for the truth of the matter stated therein"); *Otsuka Pharm. Co. v. Apotex Corp.,* Civil Action No. 14-8074 (JBS/KMW), 2016 WL 6246801, at *4 (D.N.J. Aug. 26, 2016) (rejecting the plaintiff's request to take judicial notice of a letter from the FDA to the defendant "in which [the FDA] makes certain statements regarding this litigation," and holding that the letter "is not of the kind [of evidence] contemplated by the judicial notice doctrine because such evidence is itself a matter of continuing litigation and not yet established").

       Even if the Senators' letter could be subject to judicial notice, it could only be considered for the limited purpose of establishing its existence and not for the truth of any of the factual statements in the letter. *See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.,*

GIBBONS P.C.

The Honorable Madeline Cox Arleo, U.S.D.J.
July 25, 2018
Page 2

181 F.3d 410, 426 (3d Cir. 1999) (while a court's opinion is considered a matter of public record of which a court may take judicial notice, it may do so only to establish the existence of the opinion, not for the truth of the facts asserted in the opinion).

Moreover, even if the letter were the appropriate subject for judicial notice, it should still be ignored as irrelevant. The allegations in the Senators' letter concern only the company Samba and assert generalized privacy concerns concerning unspecified smart TVs. The letter makes no reference to Samsung or the Samsung TVs allegedly at issue in this case. The letter's contents are simply irrelevant to this lawsuit. *United States ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 668 F. Supp. 2d 780, 789 (E.D. La. 2009) ("Courts may not take judicial notice of irrelevant facts."). Certainly, the Senators' letter is not relevant to Defendants' dispositive motion to dismiss currently under review by this Court. [DE# 54-1]. That motion raises only legal issues based on the Amended Complaint's allegations. So there is no reason for this Court to even consider taking judicial notice of the Senators' letter at this time, as the letter does not change the law or establish anything about Plaintiffs' specific Smart TVs. *Cf. Liberty Int'l Underwriters Canada v. Scottsdale Ins. Co.*, 955 F. Supp. 2d 317, 325 (D.N.J. 2013) (noting that courts may take judicial notice of proceedings in other courts that "relate to matters at issue").

Indeed, the only purpose of Plaintiffs' submission appears to be to tar Samsung by association with the generalized category of "smart TVs" referenced in the Senators' letter. Plaintiffs may be raising the Senators' letter to distract attention from the fact that the named Plaintiffs have no business bringing this action at all. As Samsung learned recently, after Magistrate Judge Mannion ordered Plaintiffs to disclose the actual TV models purchased by the named Plaintiffs, the specific Samsung TVs at issue do not have the functionality alleged in the original Complaint or the Amended Complaint. Specifically, both named Plaintiffs allege that their Samsung TVs were equipped with cameras, microphones that enabled voice recognition capabilities, automatic content recognition ("ACR") software, and built-in WiFi. [DE #28 (Am. Compl. ¶¶ 37, 38, 41, 42, 47, 48, 70-72, 74, 106)]. Plaintiffs White and Mills further allege that through these features their Samsung TVs monitored, tracked, and recorded their viewing habits and everything that was said in their presence. [*Id.* ¶¶ 9, 41, 62, 67, 104, 105].

In fact, however, the model of Samsung TV purchased by Plaintiff Mills does not have a camera, a microphone with which to record anything, ACR, or built-in WiFi, and was made and purchased well before the alleged class period. So that TV model cannot support *any* of the allegations asserted by Mr. Mills. Similarly, the two Samsung TVs purchased by Plaintiff White do not have a camera or a microphone with which to record *anything*. The narrow ACR functionality those two TVs had was limited to providing targeted advertisements based on anonymous viewing history information. So, contrary to the Amended Complaint's allegations, the information that could be collected by Plaintiff White's TV was neither confidential nor personally identifiable. And, the ACR feature on White's TVs only functions if the customer voluntarily opts in to receive targeted advertisements during the set-up process after turning the television on for the first time. Even putting aside issues of whether personally identifiable

GIBBONS P.C.

The Honorable Madeline Cox Arleo, U.S.D.J.
July 25, 2018
Page 3

information was *ever* collected by a Samsung Smart TV user, let alone without a user's consent, *these* Plaintiffs' TVs could never support any of the allegations in the pleadings.

      These are facts that Plaintiffs and their counsel could have ascertained in a few minutes before filing the Complaint, or before filing the Amended Complaint many months later, had they simply looked at the TVs they actually purchased and at the owner's manuals provided with them. Samsung also informed Plaintiffs' counsel of these facts before Plaintiffs filed this RJN. It is odd - indeed, it is outrageous - that Plaintiffs are now asking this Court to somehow consider, for some unspecified purpose, irrelevant assertions of two Senators concerning unidentified "smart TV technology," when the actual TVs owned by *these* Plaintiffs could not support the basic allegations of the Amended Complaint. While the Court need not consider any of this for the pending motion to dismiss, Samsung provides this information to put in context Plaintiffs' RJN. That RJN must be denied.

                              Respectfully submitted,

                              Michael R. McDonald

MRM:fa

cc:    Counsel of record (via ECF)