**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THOMAS ROGER WHITE, JR. and PATRICIA CAULEY on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SAMSUNG ELECTRONICS AMERICA, INC. and SONY ELECTRONICS INC., <br><br> Defendants. | Civil Action No. 17-1775 (MCA)(SCM) <br><br> Hon. Madeline Cox Arleo, U.S.D.J. <br> Hon. Steven C. Mannion, U.S.M.J. <br><br> **Return Date:  February 19, 2019** <br><br> (Oral Argument Requested) <br><br> *Document Electronically Filed* |

---

**JOINT BRIEF OF DEFENDANTS SAMSUNG ELECTRONICS AMERICA, INC. AND SONY ELECTRONICS INC. IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)**

---

GIBBONS PC
One Gateway Center
Newark, NJ 07102
Tel: (973) 596-4500

*Attorneys for Samsung
Electronics America, Inc.*

HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019
Telephone: (212)-513-3200

*Attorneys for Sony
Electronics Inc.*

*Additional counsel on signature page*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ......................................................................... 1

THE SECOND AMENDED COMPLAINT'S ALLEGATIONS ............................... 5

LEGAL STANDARD .................................................................................... 7

ARGUMENT ............................................................................................. 8

I.   Plaintiffs' Federal Claims Fail as a Matter of Law. ............................... 8

    A.   Plaintiffs State No Claim Under the VPPA. ................................. 8

    B.   Plaintiffs State No Claim Under the Wiretap Act. ...................... 12

    C.   Plaintiffs' VPPA and Wiretap Claims Are Time-Barred. ........... 15

II.  Plaintiffs' Statutory Fraud Claims Fail ............................................. 18

    A.   Plaintiffs Fail to State a Claim Under the NJCFA. ..................... 18

        1.   Plaintiff White, a Florida Resident, Cannot Assert Any
Claim Under the NJCFA. .................................................. 18

        2.   Plaintiff Cauley Did Not Purchase A Sony TV and Can
Bring No Claim Under the NJCFA Against Sony. ............... 18

        3.   Plaintiffs' NJCFA Claims Lack the Particularity Required
by Rule 9(b). .................................................................. 18

        4.   Plaintiffs Have Not Alleged Ascertainable Loss. ............... 21

    B.   Plaintiff White Fails to State a Claim Under Florida Law ........... 23

III. Plaintiffs' Negligent Misrepresentation Claim Fails as a Matter of Law. ......... 27

IV.  The SAC Should Be Dismissed With Prejudice. ................................. 30

CONCLUSION ......................................................................................... 31

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Quicken Loans, Inc.*,
    2018 WL 5874088 (D.N.J. Nov. 9, 2018) ..............................................14

*Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*,
    435 F.3d 396 (3d Cir. 2006) .........................................................17

*Argabright v. Rheem Mfg. Co.*,
    201 F. Supp. 3d 578 (D.N.J. 2016) ..........................................27, 29, 30

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...............................................................7, 10

*Austin-Spearman v. AMC Network Entm't LLC*,
    98 F. Supp. 3d 662 (S.D.N.Y. 2015) ...............................................12

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...............................................................12

*Broward Motorsports of Palm Beach, LLC v. Polaris Sales, Inc.*,
    2018 WL 1072211 (S.D. Fla. Feb. 27, 2018) .......................................25

*Burns v. Heyns*,
    2015 WL 4391983 (W.D. Mich. July 15, 2015).....................................15

*Cannon v. Metro Ford, Inc.*,
    242 F. Supp. 2d 1322 (S.D. Fla. 2002) .............................................23

*Cetel v. Kirwan Fin. Grp., Inc.*,
    460 F.3d 494 (3d Cir. 2006) .......................................................17

*City First Mortg. Corp. v. Barton*,
    988 So.2d 82 (Fla. 4th DCA 2008).................................................23

*Cty. of Hudson v. Janiszewski*,
    520 F. Supp. 2d 631 (D.N.J. 2007), *as amended* (Nov. 5, 2007), *aff'd*,
    351 F. App'x 662 (3d Cir. 2009) ..................................................17

ii

*Davis v. Zirkelbach*,
    149 F.3d 614 (7th Cir. 1998) ................................................................16

*Democratic Republic of the Congo v. Air Capital Grp., LLC*,
    614 F. App'x 460 (11th Cir. 2015) ......................................................26

*Dimartino v. BMW of N. Am., LLC*,
    2016 WL 4260788 (D.N.J. Aug. 11, 2016) ..........................................24

*Dock v. Rush*,
    432 F. App'x 130 (3d Cir. 2011) ..........................................................30

*Dolphin LLC v. WCI Communities, Inc.*,
    715 F.3d 1243 (11th Cir. 2013) ............................................................26

*Donachy* v. *Intrawest U.S. Holdings, Inc.*,
    2012 WL 869007 (D.N.J. Mar. 14, 2012) ......................................19, 20

*Eberhart* v. *LG Elecs. USA, Inc.*,
    2015 WL 9581752 (D.N.J. Dec. 30, 2015)............................................22

*Eichenberger v. ESPN, Inc.*,
    876 F.3d 979 (9th Cir. 2017) ................................................................10

*In re Facebook Internet Tracking Litig.*,
    140 F. Supp. 3d 922 (N.D. Cal. 2015)..................................................15

*In re Facebook Internet Tracking Litig.*,
    263 F. Supp. 3d 836 (N.D. Cal. 2017)..................................................14

*Fowler v. UPMC Shadyside*,
    578 F.3d 203 (3d Cir. 2009) ..................................................................7

*Frederico v. Home Depot*,
    507 F.3d 188 (3d Cir. 2007) ............................................................8, 19

*Giercyk v. Nat'l Union Fire Ins. Co. of Pittsburgh*,
    2015 WL 7871165 (D.N.J. Dec. 4, 2015)........................................19, 20

*Gonzalez v. U.S. Bank Nat'l Ass'n*,
    2015 WL 3648984 (D.N.J. Jun. 11, 2015)..............................................8

iii

*In re Google Cookie Placement Consumer Privacy Litig.*,
  806 F.3d 125 (3d Cir. 2015) ................................................................................13, 14

*Hall v. SeaWorld Entm't, Inc.*,
  2015 WL 9659911 (S.D. Cal. Dec. 23, 2015) ..................................................24, 25

*In re Hartman*,
  2017 WL 2230336 (D.N.J. May 22, 2017)...............................................................28

*Hasan v. U.S. Dep't of Labor*,
  568 F. App'x 120 (3d Cir. 2014) ............................................................................16

*Hoffman v. Nordic Naturals, Inc.*,
  2015 WL 179539 (D.N.J. Jan. 14, 2015), *aff'd*, 837 F.3d 272 (3d Cir.
  2016) ................................................................................................................22, 23

*Hughes v. Panasonic Cons. Elecs. Co.*,
  2011 WL 2976839 (D.N.J. July 21, 2011) ..............................................................20

*Karu v. Feldman*,
  119 N.J. 135 (1990) ................................................................................................28

*Kowalsky v. Deutsche Bank Nat'l Tr. Co.*,
  2015 WL 5770523 (D.N.J. Sept. 30, 2015)............................................................21

*Lieberson v. Johnson & Johnson Cons. Cos., Inc.*,
  865 F. Supp. 2d 529 (D.N.J. 2011)........................................................................23

*Maale v. Kirchgessner*,
  2010 WL 11506030 (S.D. Fla. Apr. 12, 2010).......................................................24

*Maniscalco* v. *Brothers Int'l Corp.*,
  709 F.3d 202 (3d Cir. 2013) ..................................................................................18

*Mason* v. *Coca-Cola Co.*,
  774 F. Supp. 2d 699 (D.N.J. 2011)........................................................................22

*MDNet, Inc. v. Pharmacia Corp.*,
  147 F. App'x 239 (3d Cir. 2005) ..............................................................................8

*Montclair State Univ. v. Oracle USA, Inc.*,
  2012 WL 3647427 (D.N.J. Aug. 23, 2012) .............................................................28

*In re Nickelodeon Cons. Privacy Litigation*,
   827 F.3d 262 (3d Cir. 2016) ............................................................*passim*

*In re NJOY Cons. Class Action Litig.*,
   120 F. Supp. 3d 1050 (C.D. Cal. 2015) .................................................25

*Peruto v. TimberTech Ltd*,
   126 F. Supp. 3d 447 (D.N.J. 2015) ........................................................29

*Rapid Models & Prototypes, Inc. v. Innovated Sols.*,
   71 F. Supp. 3d 492 (D.N.J. 2014) ..........................................................19

*Ret. Sys. v. Chubb Corp.*,
   394 F.3d 126 (3d Cir. 2004) ....................................................................2

*Rodriguez v. Sony Comput. Entm't Am., LLC*,
   801 F.3d 1045 (9th Cir. 2015) ...............................................................12

*Rollins, Inc. v. Butland*,
   951 So.2d 860 (Fla. Dist. Ct. App. 2006) ............................................26

*Rollins, Inc. v. Heller*,
   454 So.2d 580 (Fla. Dist. Ct. App. 1984) ............................................27

*In re Savient Pharm., Inc. Sec. Litig.*,
   283 F. App'x 887 (3d Cir. 2008) ..........................................................30

*Scopia Mortg. Corp. v. Greentree Mortg. Co., L.P.*,
   233 F. Supp. 2d 625 (D.N.J. 2000) ......................................................30

*Semeran* v. *Blackberry Corp.*,
   2016 WL 406339 (D.N.J. Feb. 2, 2016) ..............................................20

*Silver v. Countrywide Home Loans, Inc.*,
   760 F. Supp. 2d 1330 (S.D. Fla. 2018), *aff'd*, 483 F. App'x 568 (11th
   Cir. 2012) ................................................................................................26

*Smith v. Wm. Wrigley Jr. Co.*,
   663 F. Supp. 2d 1336 (S.D. Fla. 2009) ................................................27

*Sparshott v. Feld Entm't, Inc.*,
   311 F.3d 425 (D.C. Cir. 2002) ..............................................................16

v

*Spera v. Samsung Elecs. Am., Inc.*,
   2014 WL 1334256 (D.N.J. Apr. 2, 2014) ................................................22

*Stevenson v. Mazda Motor of Am., Inc.*,
   2015 WL 3487756 (D.N.J. Jun. 2, 2015) ................................................29

*Thiedemann v. Mercedes-Benz USA, LLC*,
   183 N.J. 234 (2005) ................................................................................21

*U.S. v. Gottesfeld*,
   319 F. Supp. 3d 548 (D. Mass. 2018) .....................................................15

*Virgilio v. Ryland Grp., Inc.*,
   680 F.3d 1329 (11th Cir. 2012) ..............................................................25

*Walsh v. Quinn*,
   2009 WL 2207816 (W.D. Pa. Jul. 23, 2009) ..........................................17

*Warth v. Seldin*,
   422 U.S. 490 (1975) ................................................................................18

*White v. Grant Mason Holdings, Inc.*,
   741 F. App'x 631 (11th Cir. 2018) ..........................................................23

*In re Zynga Privacy Litig.*,
   750 F. 3d 1098 (9th Cir. 2014) ...............................................................14

## Statutes

18 U.S.C. § 2510 ...........................................................................................12

18 U.S.C. § 2510(8) .......................................................................................14

18 U.S.C. § 2511(1) .......................................................................................12

18 U.S.C. § 2511(2)(d).............................................................................13, 14

18 U.S.C. § 2520 ...........................................................................................12

18 U.S.C. § 2520(e) .......................................................................................15

18 U.S.C. § 2710(a)(1)...................................................................................11

18 U.S.C. § 2710(a)(4) ................................................................. 11

18 U.S.C. § 2710(b)(1) ................................................................. 8

18 U.S.C. § 2710(c)(3) ................................................................. 15

Fla. Stat. Ann. § 501.201, *et seq.* ........................................... *passim*

N.J. Stat. Ann. § 56:8-1, *et seq.* ............................................ *passim*

**Other Authorities**

Rule 9(b) ................................................................................. *passim*

Rule 12(b)(6) .......................................................................... 7

## **PRELIMINARY STATEMENT**

The Second Amended Complaint ("SAC") is Plaintiffs' third attempt to plead claims relating to Smart TVs sold by Samsung Electronics America, Inc. and Sony Electronics Inc. ("Defendants").  This attempt fares no better than the others, merely recycling the same allegations this Court has already held state no claims as a matter of law, and otherwise failing to allege new facts that, even if true, could support any liability against Defendants.  It would be wasteful and unwarranted to give Plaintiffs a fourth chance to assert the same unsubstantiated claims, and this Court should not do so.

The original complaint was filed in March 2017.  After Defendants moved to dismiss, the Court permitted Plaintiffs to file the First Amended Complaint ("FAC") in January 2018.  On September 26, 2018, this Court dismissed all nine claims of the FAC.  Dkt. No. 82 (the "Order").  The Order detailed multiple failures with Plaintiffs' pleading:

> (i)     Plaintiffs' Video Privacy Protection Act ("VPPA") claim failed as a matter of law because an ordinary person could not use the information allegedly disclosed by Defendants to identify any specific individual's video-watching behavior;

> (ii)    Plaintiffs' federal Wiretap Act claim failed as a matter of law because Defendants were parties to the challenged communications;

> (iii)   Non-resident Plaintiff White could not bring claims under the New Jersey Consumer Fraud Act ("NJCFA"), and his allegations failed to meet the standards of Rule 9(b); and

1

(iv)     The FAC's contract-related claims failed to identify any underlying
         agreement breached or compensable loss sustained by Plaintiffs.

The Court further explained that the FAC's "deficiencies" were "particularly
noteworthy given that Plaintiffs had over 100 days after the filing of the original
motion to dismiss to investigate their allegations and file an amended complaint."
Order at 2 n.1.

More than 400 days have now passed since Defendants filed their original
motion to dismiss.  And despite a third opportunity to plead their case, Plaintiffs
have not cured *any* of the fatal defects that plagued their previous attempts and
prompted this Court's dismissal of the FAC.  Instead, the SAC rehashes the FAC's
conclusory and legally insufficient allegations.  It adds a new plaintiff (Cauley), who
simply parrots Plaintiff White's discredited allegations.  After three failed attempts,
Plaintiffs' lawsuit should be dismissed *with prejudice*.[1]

   *Video Privacy Protection Act and Wiretap Act.*   The SAC makes only
cosmetic changes to the allegations this Court has already held state no claims under
the VPPA and Wiretap Act.  The VPPA claim fails, once again, to allege disclosure

---

[1] *See*, *e.g.*, *Cal. Pub. Empls.' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 164 (3d Cir.
2004) (affirming dismissal of second amended complaint with prejudice when order
dismissing prior complaint "provided Plaintiffs with a detailed blueprint of how to
remedy the defects in their claims . . . [but] Plaintiffs' Second Amended Complaint
utterly failed to comply with the District Court's directives").

2

of any information from which an *ordinary person* could identify the video-watching behavior of a *specific individual*—as the Third Circuit requires. Plaintiffs' Wiretap Act claim again fails because, as this Court also held, Defendants cannot "intercept" communications to which they were already parties. In short, Plaintiffs' allegations fail as a matter of law to state a claim under either federal statute.

***Fraud Claims***. Plaintiffs also sue again under the NJCFA. Those claims, previously asserted by Plaintiff White, had been dismissed by the Court, for both choice of law reasons and pursuant to Rule 9(b), with direction that "[t]o the extent Plaintiffs seek to amend, any asserted consumer fraud claims must be pled with particularity as to the who, what, where and when of the alleged fraud." Order at 4 n.4.

Plaintiffs ignored the Court's direction. The SAC adds a total of just 16 words to the two NJCFA claims that this Court previously dismissed. The SAC's NJCFA claim scarcely differs from the earlier iteration, only referring (pointlessly) to "voice content" rather than "voices" and adding a throwaway citation to the Wiretap Act. *Compare* FAC ¶¶ 118-150 *with* SAC ¶¶ 114-146; *see* SAC ¶¶ 123, 126, 128, 133, 134, 146 (referring to "voice content"); *id*. at 128 (mentioning the Wiretap Act). There is no relevance to such minor wordsmithing, which plainly fails to satisfy the requirements laid out by this Court for stating a claim under Rule 9(b). For this reason alone, the NJCFA claims should be dismissed.

Moreover, Plaintiff White still faces the same inescapable choice of law roadblock he did before. *See* Order at 3-4. Although new Plaintiff Cauley alleges residence in New Jersey, she otherwise piggybacks on the same cursory allegations this Court found wanting under Rule 9(b). Further, Cauley does not allege that she bought any Sony TV; thus no Plaintiff can assert any NJCFA claim against Sony.

Plaintiff White separately asserts a new claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). But, under Florida law, the allegations must still be measured against the Rule 9(b) standard, and, as the Court previously found, they fail to withstand such scrutiny.

Notably, Plaintiffs fail to allege having read, much less relied upon, *any* representation by either Defendant. Nor has either Plaintiff claimed any actual damages, as is also required to maintain such claims. For these additional reasons, the NJCFA and FDUTPA claims fail.

***Negligent Misrepresentation.*** The tort of negligent misrepresentation is only available to consumers who expressly repose their trust in a seller (Plaintiffs did not); to consumers who are invited or urged to rely on the seller (Plaintiffs were not); or where some special fiduciary relationship exists between the parties (Defendants simply sold TVs that Plaintiffs voluntarily bought). Plaintiffs meet none of these factual scenarios.

## THE SECOND AMENDED COMPLAINT'S ALLEGATIONS

Although the SAC contains new argumentative and conclusory verbiage at the beginning, the underlying allegations are in fact substantively indistinguishable from the FAC.  Like the FAC, the SAC spins conspiracy theories that the TVs engage in unlawful "spying" on Plaintiffs.  SAC ¶ 40.  Although Plaintiffs identify the Smart TV models they allegedly purchased, they otherwise plead only speculative, conclusory allegations that do not indicate that Defendants' TVs operate in any manner other than precisely as advertised—an interactive platform providing customers with more viewing options and conveniences.

The main addition to the SAC is new Plaintiff Cauley, a New Jersey resident who alleges purchasing a Samsung Smart TV at a Best Buy store in January 2017.  *Id*. ¶ 15.  Plaintiff White, a Florida resident, repeats that he purchased three Smart TVs, and for a third time fails (despite this Court's Order) to identify the dates or locations of those purchases.  *Id*. ¶ 16; *see also* Order at 4.

The SAC's allegations about Smart TVs are substantively indistinguishable from those the Court dismissed last time.  Plaintiffs again improperly lump together Samsung and Sony "as a single entity, without pleading any facts whatsoever to

5

support this treatment." Order at 2 n.1.[2] Plaintiffs again allege that Defendants collect viewing history, IP addresses, media access control ("MAC") addresses, and zip codes—all of which this Court already rejected as incapable of permitting an ordinary person to identify a specific individual's video-watching behavior. *See*, *e.g.*, *id*. ¶¶ 3, 45, 53, 168. Plaintiffs again allege that Defendants have disclosed such information to third parties. *See*, *e.g.*, *id*. ¶¶ 3, 51-53. Plaintiffs again allege they were misled about or unaware of such practices when they purchased the Smart TVs. *See*, *e.g.*, *id*. ¶¶ 15-16, 204.

But the SAC fails to identify any advertisements, policies, or other representations that Plaintiffs allegedly saw or relied upon in making their purchases (or agreed to after purchasing), or any other facts addressing the circumstances in which Plaintiffs supposedly were deceived. To the contrary, Plaintiffs acknowledge that Defendants made disclosures about data collection and use practices in their privacy policies and other disclosures. *See id*. ¶ 59 (referencing Defendants' disclosures); *id.* ¶¶ 61-63 (stating Defendants' privacy policies disclose how to turn off data collection).

---

[2] Although Plaintiffs removed some (but not all) of the "information and belief" labels that appeared in the FAC, *id.*, they have not substituted any facts enabling this Court to reasonably conclude the allegations in the SAC are supported by anything more concrete than Plaintiffs' speculation.

The SAC asserts six causes of action, brought on behalf of purported nationwide and New Jersey and Florida classes.[3]  However, Plaintiffs plead no new allegations to correct the deficiencies this Court previously identified in the VPPA claim (Count III), Wiretap Act claim (Count IV), and NJCFA claims (Counts I and II).  Similarly, Plaintiffs fail to plead factual allegations to support the claims brought under the FDUTPA (Count V), and for negligent misrepresentation under New Jersey common law (Count VI).

## LEGAL STANDARD

To withstand a Rule 12(b)(6) motion, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint must have "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*.; *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (same). Speculative allegations, or allegations that are "merely consistent with a defendant's liability" are not enough. *Iqbal*, 556 U.S. at 678 (citations and quotations omitted).

---

[3] Plaintiffs no longer assert the common-law fraud claim and contract-based claims found in the FAC.

Federal Rule 9(b) imposes a heightened pleading requirement for allegations of fraud. "[A] plaintiff alleging fraud must state the circumstances of the fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which [it is] charged." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (citation and quotations omitted). To satisfy this standard, a plaintiff must plead the "who, what, when, where, and how" of the alleged deception. *Gonzalez v. U.S. Bank Nat'l Ass'n*, 2015 WL 3648984, at *10 (D.N.J. Jun. 11, 2015) (citation and quotations omitted). "When multiple defendants are involved, the complaint must plead with particularity by specifying the allegations of fraud applying to each defendant." *MDNet, Inc. v. Pharmacia Corp.*, 147 F. App'x 239, 245 (3d Cir. 2005).

## ARGUMENT

## I.   PLAINTIFFS' FEDERAL CLAIMS FAIL AS A MATTER OF LAW.

In the Order, this Court held that Plaintiffs' VPPA and Wiretap Act claims were foreclosed by Third Circuit precedent. Those claims fare no better from simple repetition in the SAC, and they should now be dismissed with prejudice.

### A.   Plaintiffs State No Claim Under the VPPA.

To state a claim under the VPPA, Plaintiffs must allege that a "video tape service provider" "knowingly disclose[d]" "personally identifiable information" ("PII") concerning a "consumer of such provider." 18 U.S.C. § 2710(b)(1). The SAC fails to satisfy these requirements.

8

In fact, the VPPA claim asserted in the SAC contains the *same* defect that resulted in this Court's dismissal of the FAC:  Plaintiffs' failure to identify "personally identifiable information" ("PII") within the meaning of the Third Circuit's decision in *In re Nickelodeon Consumer Privacy Litigation*, 827 F.3d 262, 280-90 (3d Cir. 2016).  As this Court held, "[t]he Third Circuit has narrowly construed the [VPPA] as preventing 'disclosures of information that would, with little or no extra effort, permit an ordinary recipient to identify a particular person's video-watching habits.'"  Order at 4 (quoting *Nickelodeon*, 827 F.3d at 284).  The narrow category of PII protected under the VPPA does not include "'static digital identifiers' . . . such as a user's IP address, a user's browser and operating system settings, and a computing device's unique identifier."  *Id*. at 5 (quoting *Nickelodeon*, 827 F.3d at 290).

The SAC nonetheless recites the same "static digital identifiers" this Court already held will not support a VPPA claim.  *Id.*  Specifically, the SAC refers again to "IP addresses, media access control (MAC) addresses, zip codes, computer names, and product serial numbers" as the information allegedly collected by Defendants' Smart TVs.  SAC ¶ 153.  And despite the addition of the phrase "movies, shows, and programs viewed" (*id*.), the SAC fails to explain how the "second-by-second information about television viewing" allegedly processed by a Smart TV (*id*., ¶ 53) would "readily permit an ordinary person to identify a specific

individual's video-watching behavior."  *Nickelodeon*, 827 F.3d at 290 (affirming dismissal of VPPA claim based on alleged disclosure of static identifiers and "video materials requested and obtained from Viacom's children's website").

As this Court made clear, the VPPA imposes potential liability only when an "ordinary person" could readily link the disclosed information to a specific individual.  Order at 5.  The SAC parrots the Court's language in a purely conclusory fashion, asserting summarily that the information purportedly disclosed by Defendants would allow a third party "to determine the consumers' *electronic* identity and location."  SAC ¶ 53 (emphasis added); *see id.* ¶¶ 3, 78.  However, the SAC offers no facts that pass muster under *Iqbal*, and still "fail[s] to allege that an *ordinary* person could use the information allegedly disclosed by Defendants to identify a *specific individual's* video-watching behavior."  Order at 5 (emphases added).

The only new item in the SAC that this Court did not previously consider is zip code information.  However, just knowing the zip code where a TV is located, even in conjunction with the other "static digital identifiers" listed in the SAC, will not permit an "ordinary" person to identify a "specific individual," let alone any specific individual's viewing behavior.  *See*, *e.g.*, *Nickelodeon*, 827 F.3d at 290; *see also Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 985-86 (9th Cir. 2017) (holding a device serial number that creates a "sizable 'pool' of possible viewers" is not PII

because such information "cannot identify an individual [viewer] unless it is combined with other data . . . that [the defendant] never disclosed and apparently never even possessed."). Thus, the VPPA claim should be dismissed with prejudice—for the same reasons discussed in the Order.

As an independent basis for dismissal, the SAC fails to plausibly allege that Defendants are "video tape service providers" or that Plaintiffs are "consumers" within the VPPA. A "video tape service provider" means any business engaged in the "rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual materials." 18 U.S.C. § 2710(a)(4); *see Nickelodeon*, 827 F.3d at 281 ("[O]nly video tape service providers that disclose personally identifiable information can be liable"). A "consumer" means "any renter, purchaser, or subscriber of goods and services from a video tape service provider." 18 U.S.C. § 2710(a)(1). Plaintiffs fail to plead facts satisfying either definition. Instead, the SAC contains conclusory allegations without any facts demonstrating that Defendants are "video tape service providers" engaged in the "rental, sale or delivery of" videos or "similar audio visual materials." 18 U.S.C. § 2710(a)(4); *see* SAC ¶¶ 148, 157 (summarily asserting that Defendants are video tape service providers); *id*. ¶¶ 149, 158 (summarily asserting that Plaintiffs are consumers). However, the facts alleged in a complaint "must be 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" Order at 3 (quoting *Bell*

11

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  For these additional reasons, Plaintiffs' VPPA claim fails.  *See*, *e.g.*, *Austin-Spearman v. AMC Network Entm't LLC*, 98 F. Supp. 3d 662, 668-69 (S.D.N.Y. 2015) (dismissing VPPA claim when complaint did "not allege[] a relationship with [the defendant] sufficient to render her a 'consumer,'" since it failed to allege "more than simply tak[ing] advantage of a provided service").

Finally, Plaintiffs' passing reference to Defendants' alleged "collect[ion] [of] other information about the television" or to Defendants' alleged "stor[age of] this data" (*e.g.*, SAC ¶¶ 44-45), also cannot support a VPPA claim.  The VPPA only restricts disclosure—not the collection or storage—of covered PII.  *See Nickelodeon*, 827 F.3d at 280-81; *Rodriguez v. Sony Comput. Entm't Am., LLC*, 801 F.3d 1045, 1054-55 (9th Cir. 2015) (retention of PII not actionable under VPPA).

### B.    Plaintiffs State No Claim Under the Wiretap Act.

The SAC similarly rehashes the same allegations this Court held failed to state a claim under the Wiretap Act.[4]  The Court dismissed Plaintiffs' Wiretap Act claim because the Defendants, as parties to the alleged communications, could not have "intercepted" such communications in violation of the Wiretap Act.  Order at 6.  This

---

[4] The Wiretap Act provides a narrow cause of action against a person who "intentionally intercepts" the "contents" of a "wire, oral, or electronic communication" using a "device."  18 U.S.C. §§ 2510, 2511(1), 2520; *Nickelodeon*, 827 F.3d at 274.

12

Court's ruling is supported by the statute and Third Circuit precedent. *See* § 18 U.S.C. 2511(2)(d) ("[i]t shall not be unlawful . . . for a person . . . to intercept a wire, oral, or electronic communication where such person is a party to the communication."); *In re Google Cookie Placement Consumer Privacy Litig.*, 806 F.3d 125, 141 (3d Cir. 2015) (no Wiretap Act claim where defendants received "direct transmissions between the plaintiffs and the defendants"); *Nickelodeon*, 827 F.3d at 274-75 (affirming dismissal of Wiretap Act claims where defendants were parties to the communication).

The SAC should be dismissed for the same reasons. It includes no allegations that Defendants intercepted any communication between Plaintiffs *and a third party*. Instead, the SAC merely restates the FAC's deficient allegations that Smart TVs "capture" information about Plaintiffs—a "communication," if at all, between only the parties to this litigation. *See*, *e.g.*, SAC ¶ 44 (alleging "*Defendants'* tracking software captures information about a selection of pixels on the screen and sends that data to *Defendants'* servers"); *id.*, ¶ 39 (alleging "*Defendants* . . . monitor and track . . . the viewing habits of those consumers" and "transmit this private, confidential information to *Defendants'* own servers"); *id.*, ¶ 41 ("*Defendants'* ACS . . . enables *Defendants* to monitor and identify Plaintiffs' and the Class Members' video viewing habits") (emphases added). The SAC does not allege that Plaintiffs intended to send their IP addresses, MAC addresses, zip codes, product model

13

numbers or any other information (*id*. ¶ 168) to a third party instead of Defendants. As this Court previously held, when information is transmitted to Defendants, they are necessarily a party to such communications.  Order at 6; *see also Allen v. Quicken Loans, Inc.*, 2018 WL 5874088, at *4 (D.N.J. Nov. 9, 2018) (dismissing Wiretap Act claim under 18 U.S.C. 2511(2)(d) because communication at issue was received by defendant); *In re Facebook Internet Tracking Litig*., 263 F. Supp. 3d 836, 844 (N.D. Cal. 2017) (dismissing Wiretap Act claim because social media site is party to communications transmitting URL data between a webpage visited by user and the social media site's servers).

Although Plaintiffs' failure to allege an "interception" is, standing alone, fatal to their Wiretap Act claim, the SAC also fails to allege that the *content* of any communication has been intercepted.  *See* 18 U.S.C. § 2510(8) (defining "content" as "information concerning [the] substance, purport, or meaning" of the communication); *see also Google*, 806 F.3d at 137-39 (information is only content if it is "part of the substantive information conveyed to the recipient"); *In re Zynga Privacy Litig.*, 750 F. 3d 1098, 1106 (9th Cir. 2014) (affirming dismissal of Wiretap Act claim because plaintiffs failed to allege the disclosure of "content," *i.e.*, "the intended message conveyed by the communication" rather than "record information regarding the characteristics of the message that is generated in the course of the communication"); *Allen*, 2018 WL 5874088, at *3 ("[O]ne cannot intercept

14

electronic communications if the electronic communication does not contain content.").

The SAC summarily states that "contents intercepted include . . . viewing histories and preferences, IP addresses, MAC addresses, zip codes, product model numbers, hardware and software versions, chipset IDs, and region and language settings." SAC ¶ 168. But these are the precise types of information that courts have held do not qualify as "content" under the Wiretap Act, because they do not, on their own, identify *what* was communicated. *See*, *e.g.*, *U.S. v. Gottesfeld*, 319 F. Supp. 3d 548, 564 (D. Mass. 2018) (IP addresses not content); *In re Facebook Internet Tracking Litig.*, 140 F. Supp. 3d 922, 935 (N.D. Cal. 2015) (record of browsing history not content); *Burns v. Heyns*, 2015 WL 4391983, at *18 (W.D. Mich. July 15, 2015) (clickstream data containing the "time, order and duration the computer spent on each web page as well as which files were accessed and/or downloaded" not content) (citation and quotations omitted).

In sum, the Wiretap Act claim should be dismissed with prejudice.

## C. Plaintiffs' VPPA and Wiretap Claims Are Time-Barred.

Plaintiffs' federal claims are also untimely. Both the VPPA and Wiretap Act claims are subject to two-year statutes of limitations that run from the date the claim was or reasonably could have been discovered. 18 U.S.C. § 2710(c)(3); *id.* § 2520(e). Based on the facts alleged in the SAC, that date is no later than February

15

27, 2015—more than two years before the initial complaint was filed on March 16, 2017. *See* ECF No. 1.

Although Plaintiffs contend they were personally unaware of the alleged practices at issue (*e.g.*, SAC ¶¶ 15, 204), actual knowledge is not required before the limitations period begins to run. Rather, the statute of limitations commences on the date Plaintiffs were or *should have been* aware that the alleged violation had occurred. *See*, *e.g.*, *Davis v. Zirkelbach*, 149 F.3d 614, 618 (7th Cir. 1998) (affirming dismissal of Wiretap Act claim as barred by statute of limitations when plaintiff learned of facts "at least enough to put him on inquiry notice that his rights might have been invaded" more than two years prior); *Sparshott v. Feld Entm't, Inc.*, 311 F.3d 425, 429 (D.C. Cir. 2002) (finding Wiretap Act claim barred because "the statute bars a suit if the plaintiff had such notice as would lead a reasonable person either to sue or to launch an investigation that would likely uncover the requisite facts"); *see also*, *e.g.*, *Hasan v. U.S. Dep't of Labor*, 568 F. App'x 120, 121 (3d Cir. 2014) ("For a federal cause of action, a claim accrues when the claimant is aware or *should be aware* of an injury and its source.") (emphasis added).

Here, Plaintiffs acknowledge that the activity they challenge was discussed in the public domain many years ago. In particular, Plaintiffs cite media coverage in major news outlets from as early as November 2013 (SAC ¶ 67) and rely on other publications (including *Consumer Reports*) and publicly-available documents from

2015—more than two years before the initial complaint was filed—to describe the interactive Smart TV features underlying their claims (*id.* ¶¶ 39, 55-58, 64, 82-100).[5] *See*, *e.g.*, *Cetel v. Kirwan Fin. Grp., Inc.*, 460 F.3d 494, 507 (3d Cir. 2006) (federal claim accrued based on publication of "publicly available news articles" that put plaintiffs on inquiry notice of alleged injuries caused by defendants) (citation omitted); *Cty. of Hudson v. Janiszewski*, 520 F. Supp. 2d 631, 642-43 (D.N.J.), *as amended* (Nov. 5, 2007) (federal claim accrued on publication date of newspaper articles that "provided sufficient notice to Plaintiffs" of the alleged injury caused by defendants), *aff'd*, 351 F. App'x 662 (3d Cir. 2009); *see also*, *e.g.*, *Walsh v. Quinn*, 2009 WL 2207816, at *2-3 (W.D. Pa. Jul. 23, 2009) (limitations period commenced with publication of newspaper article cited in complaint that suggested conspiracy).

Expiration of the limitations periods for bringing these federal claims constitutes an independent basis for dismissal with prejudice. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006) (dismissal appropriate when statute of limitations defense "appear[s] on the face of the complaint").

---

[5] Plaintiffs mischaracterize Exhibit 4 of the SAC, falsely referring to that document as the "FTC Samsung Brief." *E.g.*, SAC ¶ 82 n.36. In truth, Exhibit 4 is another baseless complaint filed by another organization. Significantly, after receiving Exhibit 4, the FTC took *no* action against Samsung.

## II.   PLAINTIFFS' STATUTORY FRAUD CLAIMS FAIL.

### A.   Plaintiffs Fail to State a Claim Under the NJCFA.

#### 1.   Plaintiff White, a Florida Resident, Cannot Assert Any Claim Under the NJCFA.

Plaintiff White is a Florida resident.  SAC ¶ 16.  Non-residents who purchase products outside the state do not have a claim under the NJCFA, N.J. Stat. Ann. § 56:8-1, *et seq.  E.g.*, *Maniscalco* v. *Brothers Int'l Corp.*, 709 F.3d 202, 209 (3d Cir. 2013) (dismissing NJCFA claim on choice of law grounds).  This Court has already applied the *Maniscalco* analysis and ruled that White cannot assert claims under the NJCFA.  Order at 3-4.  Because nothing has changed in the SAC, White's claims must be dismissed again for the same reason.

#### 2.   Plaintiff Cauley Did Not Purchase A Sony TV and Can Bring No Claim Under the NJCFA Against Sony.

Because Plaintiff Cauley did not purchase a Sony TV, she cannot bring a NJCFA claim—or any other claim, for that matter—against Sony.  *See*, *e.g.*, *Warth v. Seldin*, 422 U.S. 490, 502 (1975).

#### 3.   Plaintiffs' NJCFA Claims Lack the Particularity Required by Rule 9(b).

In addition to the foregoing flaws, Plaintiffs again ignore this Court's Order by setting forth a third iteration of the NJCFA claim that still fails to plead specific facts in accordance with Rule 9(b)'s heightened pleading requirements.  To state an NJCFA claim, a plaintiff must plead with specificity (1) an unlawful practice; (2) an

ascertainable loss; and (3) a causal relationship between the two. *Giercyk v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 2015 WL 7871165, at \*3, \*5-6 (D.N.J. Dec. 4, 2015) (dismissing NJCFA claims pursuant to Rule 9(b)).  As this Court noted in dismissing Plaintiffs' NJCFA claims last time under Federal Rule 9(b), "any asserted consumer fraud claims must be pled with particularity as to the who, what, where and when of the alleged fraud," Order at 4, and "Plaintiffs fail[ed] to plead their fraud claims with particularity." *Id*. at 4 n.4.  The NJCFA allegations in the SAC are virtually identical to the FAC—and thus again fail to satisfy Rule 9(b).  *See also Frederico*, 507 F.3d at 200 (Rule 9(b) requires that a complaint "allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation").

The SAC fares no better than the FAC.  To start, the SAC fails to "detail the allegations of fraud against each defendant individually." *Donachy* v. *Intrawest U.S. Holdings*, *Inc.*, 2012 WL 869007, at \*3 (D.N.J. Mar. 14, 2012) (dismissing NJCFA claim where the plaintiffs' "lump[ing]" of "the two [d]efendants together" by "referring to them collectively as 'Intrawest'" constituted a "pervasive defect" under the Rule 9(b) standard); *see also Rapid Models & Prototypes*, *Inc. v. Innovated Sols.*, 71 F. Supp. 3d 492, 504 n.7, 508–09 (D.N.J. 2014) (finding "[p]laintiffs' collectivized allegations that 'Defendants' engaged in wrongful conduct, without specifying the nature of each defendant's alleged participation in the fraud, fails to

19

satisfy the heightened pleading requirements of Rule 9(b)" for "both their fraud claim and their NJCFA claim"); *Giercyk*, 2015 WL 7871165, at *9 n.4 (dismissing conspiracy claim under Rule 9(b) where plaintiffs "lump[ed] all of the Defendants together"). Here, Plaintiffs again "treat Defendants—[two] distinct companies—as a single entity, without pleading any facts whatsoever to support this treatment," Order at 2 n.1, much less any facts that "detail the allegations of fraud against each defendant individually." *Donachy*, 2012 WL 869007, at *3.

To the contrary, Plaintiffs' First Claim for relief, for "Unfair and Deceptive Tracking and Transmission – violations of the NJCFA," found in paragraphs 114 to 129 of the SAC, is essentially identical to paragraphs 118 to 133 of the FAC. As noted above at p. 3, the only changes between the two pleadings are inconsequential wordsmithing efforts that do not change the substance of the allegations. The SAC does not specify a single affirmative misrepresentation made by any Defendant. *Semeran* v. *Blackberry Corp.*, 2016 WL 406339, at *3 (D.N.J. Feb. 2, 2016) (dismissing NJCFA claim where plaintiff failed to: "point to any specific statements"; allege the date, place, and time of any claimed misrepresentations; and allege he read any supposedly fraudulent representations prior to purchase). And Plaintiffs nowhere allege when or even whether they read the materials contained in any packaging or in their TV's set-up screens. *E.g., Hughes v. Panasonic Cons. Elecs. Co.*, 2011 WL 2976839, at *14 (D.N.J. July 21, 2011) (dismissing NJCFA

claims because plaintiff did not allege "when such omissions occurred, let alone whether they occurred before or after plaintiff[] purchased [his] Television[]"). Plaintiffs' conclusory references to alleged (but unidentified) omissions in "its Smart TV box" and "packaging"" (SAC ¶ 9), and in "communications with . . . consumers" (*id.* ¶ 60), fall far short of Rule 9(b). *See Kowalsky v. Deutsche Bank Nat'l Tr. Co.*, 2015 WL 5770523, at *9 (D.N.J. Sept. 30, 2015). In the end, the Court and Defendants are still left without the detailed allegations needed for an NJCFA claim to survive. *See* Order at 4 n.4 (explaining "Plaintiffs fail to plead their fraud claims with particularity," and "[t]o the extent Plaintiffs seek to amend, any asserted consumer fraud claims must be pled with particularity as to the who, what, where and when of the alleged fraud.") Having had more than one year and multiple opportunities to provide such information, Plaintiffs' NJCFA claims must be dismissed with prejudice.

### 4. Plaintiffs Have Not Alleged Ascertainable Loss.

Plaintiffs' NJCFA claims fail for yet another, independent reason: the SAC does not plead an "ascertainable loss" that is "quantifiable or measurable," as opposed to "hypothetical or illusory." *Thiedemann v. Mercedes-Benz USA, LLC*, 183 N.J. 234, 248 (2005). Plaintiffs cannot plead an ascertainable loss simply by claiming dissatisfaction with their Smart TVs, without showing how they received a product worth less than the Smart TVs they were promised. *See, e.g., Mason* v.

*Coca-Cola Co.*, 774 F. Supp. 2d 699, 704 (D.N.J. 2011) (dismissing NJCFA claim where "Plaintiffs have not explained how they experienced any out-of-pocket loss because of their purchases, or that the soda they bought was worth an amount of money less than the soda they consumed.  At most, plaintiffs simply claim that their expectations of the soda were disappointed.").  New Jersey courts require "the consumer to quantify the difference in value between the promised product and the actual product received," *Spera v. Samsung Elecs. Am., Inc.*, 2014 WL 1334256, at *5 (D.N.J. Apr. 2, 2014) (dismissing NJCFA claim), or "allege a means of quantifying his loss in order to show ascertainable loss," *Eberhart v. LG Elecs. USA, Inc.*, 2015 WL 9581752, at *5 (D.N.J. Dec. 30, 2015) (same).

The SAC does neither.  Instead, Plaintiffs summarily claim they "have suffered harm in the form of paying monies to purchase the Smart TV when they would not have otherwise."  SAC ¶ 145.  As a matter of law, this is not enough.  *See Eberhart*, 2015 WL 9581752, at *5 (dismissing NJCFA claim where allegations "[did] not provide a method to determine the premium paid for a higher refresh rate on his television . . . [or] prices for comparable televisions without the deceptive advertising").[6]  For this additional reason, Plaintiffs fail to state an NJCFA claim.

---

[6] *See also Hoffman v. Nordic Naturals, Inc.*, 2015 WL 179539, at *6 (D.N.J. Jan. 14, 2015) (dismissing NJCFA claim because allegations were "the same canned buzzwords that this Court [has] deemed broad and conclusory, and insufficient to

### B.     Plaintiff White Fails to State a Claim Under Florida Law.

Plaintiff White separately brings a claim under FDUTPA.  *See* Fla. Stat. §

501.201, *et seq.*[7]  Stating a FDUTPA claim requires pleading facts showing "(1) a

deceptive act or unfair practice; (2) causation; and (3) actual damages."  *White v.*

*Grant Mason Holdings, Inc.*, 741 F. App'x 631, 636 (11th Cir. 2018) (quoting *City*

*First Mortg. Corp. v. Barton*, 988 So.2d 82, 86 (Fla. 4th DCA 2008)).  Claims

brought under FDUTPA also must comply with Rule 9(b) and its heightened

pleading standard.  *See*, *e.g.*, *Cannon v. Metro Ford, Inc.*, 242 F. Supp. 2d 1322,

1332 (S.D. Fla. 2002) (dismissing FDUTPA claim for failure to meet Rule 9(b)

standards).

Plaintiff White alleges no additional facts in support of his FDUTPA claim;

they are the same allegations that this Court concluded were insufficient to support

the NJCFA claim.  Order at 4 n.4.  Subject to the same scrutiny under Rule 9(b),

---

provide the specificity that is required in pleading ascertainable loss" (citation and
internal quotation marks omitted)), *aff'd*, 837 F.3d 272 (3d Cir. 2016); *Lieberson v.*
*Johnson & Johnson Cons. Cos.*, *Inc.*, 865 F. Supp. 2d 529, 541-42 (D.N.J. 2011)
("[A]bsent any specific information concerning the price of the Products or the price
of any comparable products, Plaintiff's allegations concerning the ascertainable loss
are nothing more than unsupported conclusory statements that are insufficient to
withstand a motion to dismiss.").

[7] Plaintiff Cauley asserts no claim under this Florida statute.

they fail for the same reasons—the failure to plead "with particularity as to the who, what, where and when of the alleged fraud." *Id.*

FDUTPA claims, like NJCFA claims, require specific allegations concerning the purported misconduct and causation of damages. *See*, *e.g.*, *Dimartino v. BMW of N. Am., LLC*, 2016 WL 4260788, at *6-7 (D.N.J. Aug. 11, 2016) (dismissing FDUTPA claim against carmaker for alleged concealment of "faulty fuel injector" where plaintiff's allegations relied on "broad statements," lacked specifics about "who made the alleged misrepresentations," and did not include relevant dates); *Maale v. Kirchgessner*, 2010 WL 11506030, at *3 (S.D. Fla. Apr. 12, 2010) (dismissing FDUTPA claim based on alleged misrepresentations where the plaintiff "improperly refer[ed] to and lump[ed] the Defendants together collectively," making it "impossible to know what conduct [was] alleged to have been committed by each individual Defendant or how the Defendants worked together to commit the fraud").

White does not allege that any Defendant made an affirmative misrepresentation. White's conclusory assertion that he would not have entered into the transaction had he known about the alleged practices, *see*, *e.g.*, SAC ¶¶ 184, 191, fails to meet Rule 9(b)'s requirements. *See*, *e.g.*, *Hall v. SeaWorld Entm't*, *Inc*., 2015 WL 9659911, at *16 (S.D. Cal. Dec. 23, 2015).  In *Seaworld*, the plaintiffs alleged "they would not have purchased tickets to SeaWorld's parks had they known at the time what they claim to know now about the treatment and condition of the killer

whales held in captivity at the parks." *Id*. at *3-4.  The court dismissed the FDUTPA claim under Rule 9(b) precisely because the plaintiffs "fail[ed] to specifically allege that they viewed any SeaWorld statements or advertisements prior to purchasing their tickets." *Id.* at *16.  Where a plaintiff has not alleged that he has seen or heard an allegedly deceptive advertisement, he cannot challenge it under FDUTPA.  *Id.* (citing *In re NJOY Cons. Class Action Litig.*, 120 F. Supp. 3d 1050 (C.D. Cal. 2015)).  Similarly, here, Plaintiff White fails to allege that he read *anything* from either Defendant before making any purchase, or that he read the disclosures in the box or the screens during set up.

Nor may White base his FDUTPA claim upon any alleged omission, because the SAC fails to plead any facts from which this Court could conclude that Defendants had any duty to disclose information to White.  *See*, *e.g.*, *Virgilio v. Ryland Grp.*, *Inc.*, 680 F.3d 1329, 1338 (11th Cir. 2012) (rejecting FDUTPA claim where "the alleged duty of disclosure did not exist under Florida law").  Under Florida law, a duty to disclose arises only "when one party has information that the other party has the right to know because of the fiduciary or other relationship of trust or confidence between them." *Broward Motorsports of Palm Beach*, *LLC v. Polaris Sales*, *Inc.*, 2018 WL 1072211, at *5 (S.D. Fla. Feb. 27, 2018) (citation and quotations marks omitted) (finding franchisor owed no duty to disclose to a franchisee).  Importantly, "one may not unilaterally impose a fiduciary responsibility

on another simply by reposing trust; absent some conscious acceptance of such duties no fiduciary relationship is created." *Silver v. Countrywide Home Loans*, *Inc*., 760 F. Supp. 2d 1330, 1139 (S.D. Fla. 2018) (finding financial institution had no fiduciary duty even to a longstanding customer), *aff'd*, 483 F. App'x 568 (11th Cir. 2012).  Plaintiffs do not allege that Defendants (who distribute TVs) expressly offered to act as fiduciaries.  Plaintiffs do not allege that they demanded that Defendants act as fiduciaries and that Defendants then consciously and expressly accepted such a role.  Plaintiffs, in short, do not allege any facts that would give rise to a duty to disclose.

Finally, White pleads no actual damages to support a FDUTPA claim, as Florida law requires.  *See Dolphin LLC v. WCI Communities*, *Inc.*, 715 F.3d 1243, 1250 (11th Cir. 2013) ("To state an FDUTPA claim, [plaintiff] must allege . . . actual damages." (quoting *Rollins*, *Inc. v. Butland*, 951 So.2d 860, 869 (Fla. Dist. Ct. App. 2006))).  "[T]he measure of actual damages is the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties." *Democratic Republic of the Congo v. Air Capital Grp.*, *LLC*, 614 F. App'x 460, 472 (11th Cir. 2015) (quoting *Rollins, Inc. v. Heller*, 454 So.2d 580, 585 (Fla. Dist. Ct. App. 1984)).  White's idiosyncratic preferences or disappointment does not support a claim under FDUTPA.  *See*, *e.g.*, *Smith v. Wm. Wrigley Jr. Co.*,

663 F. Supp. 2d 1336, 1339 (S.D. Fla. 2009) ("FDUTPA does not provide for . . .

compensation for subjective feelings of disappointment" (quoting *Butland*, 951 So.

2d at 873)).  Plaintiffs may have preferred that Smart TVs worked some other way,

just as Plaintiffs could hypothetically prefer that the remote blink with a blue light

instead of a red light.  But whether White would not have paid as much or bought

TVs at all is irrelevant, because he fails to allege any facts to support any difference

in value between the TVs he actually purchased and the TVs he now claims he

believed he was purchasing.

For all these reasons, the FDUTPA claim should be dismissed.

## III.   PLAINTIFFS' NEGLIGENT MISREPRESENTATION CLAIM FAILS AS A MATTER OF LAW.

In Count Six, Plaintiffs attempt to bring a claim for negligent

misrepresentation/omission under New Jersey law.  To prevail on a negligent

misrepresentation claim, a plaintiff must allege and prove that "the defendant

negligently made an incorrect statement upon which the plaintiff justifiably relied."

*Argabright v. Rheem Mfg. Co.*, 201 F. Supp. 3d 578, 603 (D.N.J. 2016).  "While an

act of omission may constitute a viable negligent misrepresentation, a plaintiff may

not bring such a claim unless the breaching party owes an independent duty imposed

by law."  *Id.* at 603-04 (citations and quotations omitted).

Plaintiffs do not assert, in this Count or the SAC generally, that either

Defendant has made any untrue statement.  Thus, because Plaintiffs' claim relies

27

solely on alleged omissions, they must plausibly allege facts supporting the existence of a relevant "independent duty imposed by law" on Defendants.  In examining whether to impose such a duty, courts in New Jersey have "focused on the course of dealings between the parties and the express contractual undertaking."  *Karu v. Feldman*, 119 N.J. 135, 150-51 (1990) (bank had no special duty to advise purchaser of CD about potential adverse consequences of later account changes); *accord*, *e.g.*, *In re Hartman*, 2017 WL 2230336, at *4 (D.N.J. May 22, 2017) (dismissing negligent misrepresentation claim against bank for failure to plead "a duty of care independent from [its] contractual relationship" with a consumer); *Montclair State Univ. v. Oracle USA, Inc.*, 2012 WL 3647427, at *11 (D.N.J. Aug. 23, 2012) (dismissing negligent misrepresentation claim for failure to plead an independent duty based "on the course of dealings between the parties").

Plaintiffs allege nothing about express contractual undertakings, and so must delineate a special duty based on the course of dealings between the parties.  They do not, and cannot, plead facts plausibly alleging that Defendants had any such duty to them.

"Courts in this district have not hesitated to dismiss negligent misrepresentation claims by a purchaser against a manufacturer, absent allegations showing a special relationship." *Argabright*, 201 F. Supp. 3d at 604.  Indeed, for a duty to disclose to exist under New Jersey law, one party must "*expressly* repose[] a

28

trust and confidence in the other; or else from the circumstances of the case, the nature of their dealings, or their position towards each other, such a trust and confidence in the particular case [must be] *necessarily* implied." *Stevenson v. Mazda Motor of Am., Inc.*, 2015 WL 3487756, at *9 (D.N.J. Jun. 2, 2015). Although Plaintiffs allege that Defendants had superior knowledge regarding conditions allegedly not visible to the consumer, in New Jersey such knowledge does not create a duty to disclose. *Argabright*, 201 F. Supp. 3d at 603. Plaintiffs allege no bespoke dealings or communications with Defendants. They simply bought Smart TVs through retailers with which Defendants did business. *See, e.g., Peruto v. TimberTech Ltd*, 126 F. Supp. 3d 447, 458 (D.N.J. 2015) (dismissing "negligent misrepresentation" claim against manufacturer of decking material for alleged failure to disclose defect because allegations that consumers relied on "marketing statements" and that manufacturer had "knowledge of a latent defect" failed to establish a duty to disclose). In short, Defendants cannot be held liable to Plaintiffs for negligent misrepresentation by omission when Defendants had no duty to speak.

In any event, Plaintiffs also do not allege they read or reviewed Defendants' disclosures before they bought the TVs or entered their information. Therefore, as a matter of law, Plaintiffs cannot have relied on the absence of warnings in a document that they did not read. *Argabright*, 201 F. Supp. 3d at 603 ("[t]o prevail

on a negligent misrepresentation claim, a plaintiff must prove that the defendant negligently made an incorrect statement upon which the plaintiff justifiably relied").

Finally, the negligent misrepresentation claim should also be dismissed because Plaintiffs have not alleged any "damages" other than their own subjective disappointment, which falls far short of being compensable in law. *See*, *e.g.*, *Scopia Mortg. Corp. v. Greentree Mortg. Co.*, *L.P.*, 233 F. Supp. 2d 625, 630-31 (D.N.J. 2000) (dismissing negligent misrepresentation claim when party "suffered no cognizable detriment" because claim "requires proof of damages").

## IV.   THE SAC SHOULD BE DISMISSED WITH PREJUDICE.

Plaintiffs' failure to cure the claims' deficiencies in response to Defendants' first motion to dismiss only confirms that they have "presented their best allegations, and that any further amendment would not cure the deficiencies." *Dock v. Rush*, 432 F. App'x 130, 134 (3d Cir. 2011). Because Plaintiffs have "already had 'two large bites at the apple' and because further amendment would be futile, the dismissal [should be] with prejudice." *In re Savient Pharm.*, *Inc. Sec. Litig.*, 283 F. App'x 887, 888 (3d Cir. 2008).

30

## CONCLUSION

Plaintiffs have had three opportunities to state a claim against Defendants and have failed to do so.  For all the foregoing reasons, the Court should dismiss the Second Amended Complaint in its entirety with prejudice.

Dated:  December 17, 2018

By: s/ Michael R. McDonald
MICHAEL R. MCDONALD
mmcdonald@gibbonslaw.com
KATE E. JANUKOWICZ
kjanukowicz@gibbonslaw.com
GIBBONS P.C.
One Gateway Center
Newark, NJ 07102
Telephone: (973) 596-4500

ERIC C. BOSSET*
ebosset@cov.com
KATHARINE R. GOODLOE**
kgoodloe@cov.com
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, D.C. 20001
Telephone: (202) 662-6000

SIMON J. FRANKEL*
sfrankel@cov.com
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA 94102
Telephone: (415) 591-6000
* admitted *pro hac vice*
** *pro hac vice* pending

***Attorneys for Defendant***
**SAMSUNG ELECTRONICS
AMERICA, INC.**

Respectfully submitted,

By: s/ Mark S. Melodia
MARK S. MELODIA
mark.melodia@hklaw.com
ZALIKA T. PIERRE
zalika.pierre@hklaw.com
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019
Telephone: (212) 513-3200

PAUL J. BOND
paul.bond@hklaw.com
HOLLAND & KNIGHT LLP
2929 Arch Street
Suite 800
Philadelphia, PA 19104
Tel: (212) 513-3200

***Attorneys for Defendant***
**SONY ELECTRONICS
CORPORATION INC.**

31