**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THOMAS ROGER WHITE, JR. and PATRICIA CAULEY on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC. and SONY ELECTRONICS INC.,<br><br><br><br>Defendants. | Civil Action No. 17-1775 (MCA)(SCM)<br><br>Hon. Madeline Cox Arleo, U.S.D.J.<br>Hon. Steven C. Mannion, U.S.M.J.<br><br>**Return Date:  February 19, 2019**<br><br>(Oral Argument Requested)<br><br>*Document Electronically Filed* |

**DEFENDANTS SAMSUNG ELECTRONICS AMERICA, INC. AND SONY ELECTRONICS INC.'S JOINT REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS THE SECOND AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)**

GIBBONS PC
One Gateway Center
Newark, NJ 07102
Tel: (973) 596-4500

*Attorneys for Samsung*
*Electronics America, Inc.*

HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019
Telephone: (212)-513-3200

*Attorneys for Sony*
*Electronics Inc.*

*Additional counsel on signature page*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................1

ARGUMENT .........................................................................................3

I.     The VPPA Claim Must Be Dismissed For The Same Reasons Set Forth In The Court's Prior Order..................................................................3

II.    The Wiretap Act Claim Must Be Dismissed For The Same Reason Set Forth In The Court's Prior Order..........................................................5

III.   Plaintiffs Fail to Refute That Their Federal Claims Are Also Time-Barred. ...............................................................................................6

IV.   Plaintiffs' NJCFA Claim Must Be Dismissed For The Same Reasons Set Forth In The Court's Prior Order........................................................7

     A.    Plaintiff White Cannot Assert Claims Under The New Jersey Consumer Fraud Act ("NJCFA"), As The Court Already Held. ...............7

     B.    Plaintiff Cauley Bought Nothing From Sony, And Therefore Has No Claim Against Sony. ....................................................................7

     C.    Plaintiffs' NJCFA Claims Fail To Satisfy Rule 9(b). .............................7

     D.    Plaintiffs' NJCFA Claims Also Fail To Satisfy Rule 12(b)(6).................9

V.    Plaintiffs Fail To Refute The Multiple Grounds For Dismissing Plaintiff White's FDUTPA Claim. ................................................................13

     A.    Plaintiff White's FDUTPA Claims Must Be Dismissed Under Rule 9(b). ........................................................................................13

     B.    Plaintiff White's FDUTPA Claims Must Be Dismissed Under Rule 12(b)(6)...................................................................................14

VI.   Plaintiffs Fail To Contest Defendants' Multiple Grounds For Dismissing The Negligent Misrepresentation Claim. ..........................................15

CONCLUSION ..................................................................................15

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Amazon.com LLC v. Lay*,
   758 F. Supp. 2d 1154 (W.D. Wash. 2010) ................................................................4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).................................................................................................9

*Burrows v. Purchasing Power, LLC*,
   2012 WL 9391827 (S.D. Fla. Oct. 18, 2012) ........................................................14

*Carlsen v. GameStop, Inc.*,
   833 F.3d 903 (8th Cir. 2016) ..................................................................................12

*Castro v. NYT Television*,
   370 N.J. Super. 282 (App. Div. 2004)....................................................................11

*Cooney v. BAC Home Loans Servicing*,
   2012 WL 13042680 (D.N.J. Mar. 28, 2012) ..........................................................12

*Dock v. Rush*,
   432 F. App'x 130 (3d Cir. 2011) ............................................................................15

*Eberhart v. LG Elecs. USA, Inc.*,
   2015 WL 9581752 (D.N.J. Dec. 30, 2015)......................................................... 9-10

*Finkelman v. Nat'l Football League*,
   810 F.3d 187 (3d Cir. 2016) ...................................................................................12

*State of Fla. v. Tenet Healthcare Corp.*,
   420 F Supp. 2d 1288 (S.D. Fla. 2005)....................................................................13

*Foster v. Morris*,
   208 F. App'x 174 (3d Cir. 2006) ..............................................................................6

*Hennegan Co. v. Arriola*,
 855 F. Supp. 2d 1354 (S.D. Fla. 2012) ...................................................................14

*In re Horizon Healthcare Servs. Data Breach Litig.*,
 846 F.3d 625 (3d Cir. 2017) .................................................................................11

*In re Hulu Privacy Litig.*,
 2014 WL 1724344 (N.D. Cal. Apr. 28, 2014) ...........................................................4

*Llado-Carreno v. Guidant Corp.*,
 2011 WL 705403 (S.D. Fla. Feb. 22, 2011) ............................................................13

*Macias v. HBC of Fla., Inc.*,
 694 So. 2d 88, 90 (Fla. Dist. Ct. App. 1997) ..........................................................14

*Mason v. Coca-Cola Co.*,
 774 F. Supp. 2d 699 (D.N.J. 2011) ........................................................................10

*Miller v. American Family Publishers*,
 284 N.J. Super. 67 (Ch. Div. 1995) ........................................................................12

*Mladenov v. Wegmans Food Mkts., Inc.*,
 124 F. Supp. 3d 360, 375 (D.N.J. 2015) .................................................................10

*Mollett v. Netflix, Inc.*,
 2012 WL 3731542 (N.D. Cal. Aug. 17, 2012) ...........................................................4

*In re Nickelodeon Consumer Privacy Litig.*,
 827 F.3d 262 (3d Cir. 2016) .................................................................1, 3, 4, 10

*O'Connor v. City of Newark*,
 440 F.3d 125 (3d Cir. 2006) ...................................................................................6

*O'Neal v. Middletown Twp.*,
 2019 WL 77066 (D.N.J. Jan. 2, 2019) ....................................................................15

*Pedersen v. Nat'l Collegiate Athletics Ass'n*,
 2015 WL 7573200 (D.N.J. Nov. 24, 2015) ...............................................................4

*Perret v. Wyndham Vacation Resorts, Inc.*,
 846 F. Supp. 2d 1327 (S.D. Fla. 2012) ...................................................................13

*Person v. Teamsters Local Union 863*,
   2013 WL 5676802 (D.N.J. Oct. 17, 2013) ............................................. 15

*Ret. Sys. v. Chubb Corp.*,
   394 F.3d 126 (3d Cir. 2004) ...................................................................... 2

*Robinson v. Family Dollar*, *Inc.*,
   679 F. App'x 126 (3d Cir. 2017) ............................................................... 9

*In re Savient Pharm.*, *Inc. Sec. Litig.*,
   283 F. App'x 887 (3d Cir. 2008) .............................................................. 15

*Thiedemann v. Mercedes-Benz USA*, *LLC*,
   183 NJ. 234 (2005) ..................................................................................... 9

*In re Vizio Inc.*, *Consumer Privacy Litig.*,
   238 F. Supp. 3d 1204 (C.D. Cal. 2017) ............................................ 1, 2, 3

## Statutes

New Jersey Consumer Fraud Act ...........................................................*passim*

Video Privacy Protection Act ................................................................*passim*

Wiretap Act .................................................................................... 1, 5, 6, 8

## Other Authorities

Rule 8 ................................................................................................................ 9

Rule 9(b) ............................................................................................ 7, 8, 9, 13

Rule 12(b)(1) .................................................................................................. 11

Rule 12(b)(6) ....................................................................................... 9, 11, 14

## PRELIMINARY STATEMENT

Plaintiffs' Opposition confirms they have no valid legal claims arising from their purchase of Smart TVs sold by Samsung Electronics America, Inc. and Sony Electronics Inc. ("Defendants").  Remarkably, Plaintiffs' 30-page Opposition fails to cite even once to this Court's September 26, 2018 Order ("Order"), Dkt. No. 82, dismissing the First Amended Complaint ("FAC"), Dkt. No. 45-1, and ignores all of the specific grounds for the Court's prior ruling—the same grounds that require dismissal of the Second Amended Complaint ("SAC"), Dkt. No. 88.

Rather than address the Order, Plaintiffs cut and paste entire sections from their previous brief.  For example, despite the Court's prior holding that the Wiretap Act claim failed because Defendants were parties to any communications, and thus could not intercept them, Plaintiffs merely repeat the Wiretap Act arguments from their previous brief, including their admission that the communications at issue were sent to Defendants.  *Compare* Dkt. No. 56 (Plaintiffs' previous Opposition) at 16-20 *with* Dkt. No. 97 (Plaintiffs' current Opposition ("Opp.")) at 26-28.  Similarly, Plaintiffs continue to rely on *In re Vizio Inc., Consumer Privacy Litig.*, 238 F. Supp. 3d 1204 (C.D. Cal. 2017), in support of their Video Privacy Protection Act ("VPPA") claim—despite this Court's statement that *Vizio* was effectively overruled by a Ninth Circuit decision adopting the standard set forth in *In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262 (3d Cir. 2016), which the Court applied.

1

Order at 5.  Plaintiffs nonetheless cite to *Vizio* six times in 20 recycled paragraphs.  *Compare* Dkt. No. 56 at 7-16 *with* Dkt. No. 97 at 17-24.  Even some of the Opposition's citations are from Plaintiffs' prior complaint, not the current one.  *E.g.*, Opp. at 20-21 (citing paragraphs actually from the FAC, not the SAC).  Put simply, Plaintiffs have paid no heed to the Court's Order.  It comes as no surprise therefore that the SAC contains the same fatal errors this Court previously determined required the dismissal of Plaintiffs' claims, as detailed below.

Since Plaintiffs were unable to allege the necessary additional facts to support their theories of liability, they should not have requested leave to amend yet again, and certainly should not have filed their frivolous opposition without addressing the patent legal flaws already identified by this Court.  Had any facts to support their claims existed, the Court's Order could have "provided Plaintiffs with a detailed blueprint of how to remedy the defects in their claims," but the SAC instead "utterly failed to comply with the [] Court's directives."  *Cal. Pub. Empls.' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 164 (3d Cir. 2004) (affirming dismissal with prejudice).  After two years and three manifestly deficient pleadings, this lawsuit must be dismissed **with prejudice** to avoid any further pointless and wasteful drain on this Court's and Defendants' resources.  *See id*.

## **ARGUMENT**

### I.   THE VPPA CLAIM MUST BE DISMISSED FOR THE SAME REASONS SET FORTH IN THE COURT'S PRIOR ORDER.

The Court's prior Order dismissed the VPPA claim for failing to allege the disclosure of information that could be used "with little or no extra effort" by an "ordinary recipient to identify a particular person's video-watching habits."  Order at 4 (quoting *In re Nickelodeon*, 827 F.3d at 280-90).  Plaintiffs' Opposition simply ignores this Court's prior holding that "static digital identifiers" such as "a user's IP address, a user's browser and operating system settings, and a computing device's unique identifier [] are not personally identifiable information."  Order at 4-5 (citing *In re Nickelodeon*, 827 F.3d at 280-90); *see id.* at 4 n.5.  Because there is no response that can salvage their VPPA claim in this Circuit, Plaintiffs instead rehash inapposite cases from other jurisdictions, Opp. at 21-24, including the *Vizio* decision that this Court found carries "little weight" in light of *In re Nickelodeon*.  Order at 5.

The only new (conclusory) allegation in the SAC, that zip code information is disclosed, still fails to satisfy the Third Circuit's standard for stating a VPPA claim:  "that an *ordinary person* could use the information allegedly disclosed by Defendants to identify *a specific individual's* video-watching behavior."  Order at 5 (emphases added); *see* Motion to Dismiss ("Motion"), Dkt. No. 84, at 10-11.  Plaintiffs' discussion of a purportedly "groundbreaking study" that included sex and birth dates—neither of which the SAC alleges were disclosed—is irrelevant, as is

3

their discussion about some Netflix data set released 13 years ago.  *See* Opp. at 24-25.

Because the SAC fails to plead a disclosure of "personally identifiable information" satisfying *In re Nickelodeon*'s standard, the VPPA claim (Third Claim for Relief) must again be dismissed for the same reason set forth in the Court's prior Order.[1]

------

[1] Accordingly, this Court need not address Defendants' separate grounds, Motion at 11-12, for dismissal based on the SAC's conclusory allegations about "consumers" and video tape service providers ("VTSPs").  *See* Order at 4 n.5 (declining to consider other arguments for dismissing VPPA claim).  If considered, however, Plaintiffs' response should be rejected for the simple reason that "[p]laintiffs may not 'amend' a complaint through statements made in an opposition brief."  *Pedersen v. Nat'l Collegiate Athletics Ass'n*, 2015 WL 7573200, at *3 (D.N.J. Nov. 24, 2015) (Arleo, J.).  Even if the Court considers the Opposition's arguments that Defendants are VTSPs and Plaintiffs are consumers, it should reject them.  Plaintiffs argue that individuals use "Defendants' platforms . . . [to] select videos from various video libraries, including Hulu's, Amazon's, and Netflix's, for instant delivery."  Opp. at 18.  This assertion, at most, suggests that Defendants are mere conduits to *other* entities that may be VTSPs, not that Defendants are themselves VTSPs.  *See, e.g.*, *In re Hulu Privacy Litig.*, 2014 WL 1724344, at *7 (N.D. Cal. Apr. 28, 2014); *Mollett v. Netflix, Inc.*, 2012 WL 3731542, at *2 (N.D. Cal. Aug. 17, 2012); *Amazon.com LLC v. Lay*, 758 F. Supp. 2d 1154, 1170 (W.D. Wash. 2010).  Treating Defendants as VTSPs is akin to treating every computer manufacturer as a VTSP simply because the computers can be used to access "video libraries" (through such services as Hulu or Netflix).  As a result, Plaintiffs also cannot show they are consumers of goods or services "*from* a video tape service provider," as required by the VPPA.  18 U.S.C. 2710(a)(1) (emphasis added).

## II. THE WIRETAP ACT CLAIM MUST BE DISMISSED FOR THE SAME REASON SET FORTH IN THE COURT'S PRIOR ORDER.

Plaintiffs also ignore the Court's reasoning for dismissing the prior Wiretap Act claim: that "Defendants were parties to the communications at issue." Order at 5-6. As noted above, Plaintiffs simply cut and pasted their entire argument on this point from their prior brief, admitting that "consumers' information was obviously acquired by Defendants during transmission of the programming *to Defendants' Smart TVs*." Opp. at 26 (emphasis added); *accord* Dkt. No. 56 at 17 (identical language in prior Opposition). In short, Plaintiffs again acknowledge the fatal defect in their attempted claim under the Wiretap Act. As this Court has already held, when information is transmitted to Defendants, they are necessarily parties to those communications and thus, as a matter of law, cannot "intercept" them. Order at 6; *see also* Motion at 13-14. The Opposition does not even mention the Court's prior ruling on this point, much less dispute its basis. Thus, the frivolous Wiretap Act claim (Fourth Claim for Relief) must be dismissed again for the same reason set forth in the Court's prior Order.[2]

---

[2] Without any actionable "interception" of any kind, it follows that no "content" was intercepted—as the Wiretap Act separately requires. *See* Motion at 14-15.

## III.   PLAINTIFFS FAIL TO REFUTE THAT THEIR FEDERAL CLAIMS ARE ALSO TIME-BARRED.

The two-year limitations periods under the VPPA and the Wiretap Act provide a separate and independent basis for dismissing Plaintiffs' claims under those statutes (Third and Fourth Claims for Relief).  *See* Motion at 15-17.  Without citing a single case, Plaintiffs assert that the limitations period has not run because the alleged violations are "continuing."  Opp. at 28-29.  But "an applicable statute of limitations begins to run at the time the claim accrues, and . . . time-barred claims cannot be resurrected by being aggregated and labeled continuing violations." *O'Connor v. City of Newark*, 440 F.3d 125, 129 (3d Cir. 2006) (affirming dismissal of claim barred by two-year statute of limitations); *see Foster v. Morris*, 208 F. App'x 174, 178 (3d Cir. 2006) (holding "continuing violations doctrine is inapplicable" when alleged circumstances "put [plaintiff] on notice of his" claim).

As demonstrated in Defendants' Motion (and not disputed in the Opposition), the SAC's allegations about articles published many years ago—articles that Plaintiffs contend revealed alleged conduct violating federal law—establish that they knew or should have known about their purported federal claims more than two years before the complaint was filed.  *See* Motion at 15-17.  Thus, Plaintiffs' federal claims should also be dismissed because they are time-barred.

## IV.   PLAINTIFFS' NJCFA CLAIM MUST BE DISMISSED FOR THE SAME REASONS SET FORTH IN THE COURT'S PRIOR ORDER.

### A.   Plaintiff White Cannot Assert Claims Under The New Jersey Consumer Fraud Act ("NJCFA"), As The Court Already Held.

Plaintiff White is a Florida resident.  SAC ¶ 16.  This Court has applied the relevant choice of law analysis and ruled that White cannot assert any claims under the NJCFA.  Order at 3-4.  Defendants' Motion asserted that White's NJCFA claims must be dismissed with prejudice.  Motion at 18-22.  The Opposition fails to mention or respond to either the Court's prior ruling or the Motion on this point.  Thus, White's NJCFA claims must be dismissed with prejudice.

### B.   Plaintiff Cauley Bought Nothing From Sony, And Therefore Has No Claim Against Sony.

Defendants' Motion also noted that Plaintiff Cauley did not purchase a Sony TV, and, therefore, cannot bring a NJCFA claim—or any other claim, for that matter—against Sony.  Motion at 18.  The Opposition fails to mention or respond to Sony's point.  Thus, Cauley's NJCFA claims against Sony must be dismissed with prejudice.

### C.   Plaintiffs' NJCFA Claims Fail To Satisfy Rule 9(b).

The Court's prior Order also admonished Plaintiffs that their fraud-based claims failed to meet the standards of Rule 9(b) and, "[t]o the extent Plaintiffs seek to amend, any asserted consumer fraud claims must be pled with particularity as to the who, what, where and when of the alleged fraud."  Order at 4 n.4.  As

7

demonstrated in Defendants' Motion, Plaintiffs simply ignored the Order.  *See* Motion at 3-4.  The SAC adds a total of just 16 words to the two NJCFA claims that this Court previously dismissed.  The SAC's NJCFA claim scarcely differs from the earlier iteration, only referring (pointlessly) to "voice content" rather than "voices" and adding a citation to the Wiretap Act.  Plaintiffs summarily assert in Opposition that they "have placed Defendants on notice of the precise misconduct of which they complain," Opp. at 14, but they cannot dispute that the SAC's allegations are virtually identical to those previously rejected by the Court.  Thus, Plaintiffs' NJCFA claims fail for this reason.

Plaintiffs also boast that their "Complaint cites almost fifty (50) authorities" that "showcase the full investigation of counsel in this case."  Opp. at 14-15.  The time purportedly spent by Plaintiffs' counsel investigating this case is not at issue.  What *is* relevant is the undisputed requirement that each Plaintiff state specifically the time, nature, and place of any alleged fraud by each Defendant.  Order at 4 n. 4.  They failed to do so.

Further, Sony and Samsung are competitors.  Yet Plaintiffs continue to lump Sony and Samsung together referring, for example, to "the entire scheme perpetrated by Defendants," "the partners Defendants used to perpetrate their scheme," and "Defendants' unlawful conduct."  Opp. at 14-15.  As the Court previously noted in highlighting these "deficiencies," Order at 2 n.1, Plaintiffs cannot satisfy Rule 9(b)

requirements by lumping together unrelated, competing companies under a laundry list of conclusory assertions. *See* Motion at 19-20 (citing cases).

Lastly, Plaintiffs complain that Defendants, "against counsel for Plaintiffs' protests," argued for the stay of discovery in this matter, and that "Defendants should not be rewarded by the Court for withholding" the evidence Plaintiffs needed to meet the requirements of Rule 9(b). Opp. at 15. Plaintiffs' account of the procedural history of this matter is completely false, and misapprehends the Federal Rules' basic pleading requirements. In fact, Plaintiffs' counsel **consented** to the Magistrate Judge issuing an Order staying discovery pursuant to the joint application of the parties. Dkt. No. 72. Plaintiffs' counsel agreed to the stay, and at no point sought to revisit the issue. In any event, Plaintiffs cannot sue first and then conduct discovery to state the basis for their claims afterwards. "Rule 8 simply does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Robinson v. Family Dollar, Inc.*, 679 F. App'x 126, 133 (3d Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).

### D.    Plaintiffs' NJCFA Claims Also Fail To Satisfy Rule 12(b)(6).

A claim under the NJCFA must factually allege some "'ascertainable loss' that is 'quantifiable or measurable,' as opposed to 'hypothetical or illusory.'" Motion at 21 (quoting *Thiedemann v. Mercedes-Benz USA, LLC*, 183 NJ. 234, 248 (2005)). And a NJCFA plaintiff must also "allege a means of quantifying his loss in

order to show ascertainable loss." *Eberhart v. LG Elecs. USA*, *Inc.*, 2015 WL 9581752, at \*5 (D.N.J. Dec. 30, 2015) (Arleo, J.).

Plaintiffs argue that their "loss" is equal to "the monies that Defendants reaped from unlawfully selling Plaintiffs' and the Class' personal information." Opp. at 10. In so doing, as in so many respects, Plaintiffs completely ignore the Court's Order. Plaintiffs had previously asserted a claim for unjust enrichment, arguing that they were legally entitled to remuneration for data collection and use. The Court, citing *In Re Nickelodeon*, dismissed that claim as a matter of law, because Plaintiffs had presented no plausible allegations giving rise to any right of remuneration and "failed to demonstrate any expectation of remuneration for their data." Order at 7. Plaintiffs merely attempt to repackage their failed unjust enrichment claim as an "ascertainable loss" under the NJCFA. It fails as a matter of law now as it did before. Disappointment at not being paid for something—without a right to be paid—is simply not an ascertainable loss. *See, e.g.*, *Mason v. Coca-Cola Co.*, 774 F. Supp. 2d 699, 704 (D.N.J. 2011) (dismissing NJCFA claim where plaintiffs "have not explained how they experienced any out-of-pocket loss because of their purchases" and "[a]t most . . . simply claim that their expectations of the soda were disappointed."). This "apparent dissatisfaction . . . does not suffice under this theory of ascertainable loss." *Mladenov v. Wegmans Food Mkts., Inc.*, 124 F. Supp. 3d 360, 375 (D.N.J. 2015) (dismissing NJCFA claim).

10

Plaintiffs propose a second basis for "ascertainable loss": loss of privacy. Opp. at 10-12. This, too, fails, because the NJCFA does not provide any recovery for non-economic losses. None of the cases cited by Plaintiffs concluded that "invasion of privacy" is an ascertainable loss under the NJCFA, and, in fact, New Jersey courts have held the opposite. In *Castro v. NYT Television*, 370 N.J. Super. 282 (App. Div. 2004), a documentary film crew taped and broadcasted the happenings at a hospital emergency room. In dismissing the NJCFA claims, the Appellate Division stated:

> Plaintiffs' damage claims consist of intangible harm as a result of alleged invasions of their rights of privacy and confidentiality regarding their medical care and treatment. Such alleged harms do not result in an "ascertainable loss of moneys or property" that can support a private cause of action under the [NJCFA].

*Id*. at 295. *Castro* thus forecloses Plaintiffs' "loss of privacy" theory.

Instead of responding to the NJCFA precedent discussed in Defendants' Motion setting forth the requirements for stating an ascertainable loss, Plaintiffs discuss at length whether their alleged "loss" can, in theory, satisfy Article III's "injury-in-fact" requirement. *See* Opp. at 10-12 (quoting extensively from *In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d 625 (3d Cir. 2017)). But Defendants have not challenged Article III standing under Rule 12(b)(1); this is a Rule 12(b)(6) motion. The issue is not whether the Court has jurisdiction to hear the matter, but whether Plaintiffs have alleged the ascertainable loss required to state a

11

NJCFA claim. *See Finkelman v. Nat'l Football League,* 810 F.3d 187, 196 n.65 (3d Cir. 2016) ("Whatever the contours of Article III, the [NJCFA] only permits a private plaintiff to sue when that plaintiff has suffered an "'ascertainable loss of moneys or property.'") (quoting NJCFA); *accord Carlsen v. GameStop, Inc*., 833 F.3d 903, 909 (8th Cir. 2016) ("It is crucial . . . not to conflate Article III's requirement of injury in fact with a plaintiff's potential causes of action, for the concepts are not coextensive."). The lack of any cognizable "ascertainable loss" dooms Plaintiffs' NJCFA claims.[3]

---

[3] In a footnote, Plaintiffs cite *Miller v. American Family Publishers*, 284 N.J. Super. 67 (Ch. Div. 1995), for the proposition that when a consumer receives something other than what she bargained for, it is an ascertainable loss. Opp. at 13 n.7. In *Miller*, the plaintiffs had purchased magazine subscriptions from the defendant in reliance on a promise that "they would receive two things: first, a magazine subscription; and second, the ability to remain a part of defendant's sweepstakes . . . and an enhanced likelihood of winning that sweepstakes." 284 N.J. Super. at 88. The Chancery Division held that Plaintiffs alleged an ascertainable loss because Plaintiffs paid for two things, and only received one—the magazine subscription. *Id.* at 88-91. *Miller* has no application here, because Plaintiffs bargained for Smart TVs, and, by all accounts, they got fully-functional Smart TVs.

Equally irrelevant for NJCFA purposes is Plaintiffs' insistence on citing a grab bag of federal privacy statutes (such as the Federal Trade Commission Act, the Cable Communications Policy Act, and the Children's Online Privacy Protection Act). *See* Opp. at 13-15. The NJCFA does not empower plaintiffs to sue for alleged violations of *federal* laws and regulations, only those arising under New Jersey law. *See, e.g.*, *Cooney v. BAC Home Loans Servicing*, 2012 WL 13042680, at *8 (D.N.J. Mar. 28, 2012) (holding plaintiffs could not rely on alleged violation of federal law to state a NJCFA claim); *see generally* Dkt. No. 24-1 at 25-26 (Defendants' brief in support

## V.   PLAINTIFFS FAIL TO REFUTE THE MULTIPLE GROUNDS FOR DISMISSING PLAINTIFF WHITE'S FDUTPA CLAIM.

### A.   Plaintiff White's FDUTPA Claims Must Be Dismissed Under Rule 9(b).

As set forth in Defendants' Motion, FDUTPA claims also must comply with Rule 9(b)'s heightened pleading requirements.   Motion at 23-26 (citing cases).[4] And, as noted in the Motion:  White neither (1) alleges that any Defendant made *any* affirmative misrepresentation, nor (2) pleads any facts from which this Court could conclude that either Defendant had any duty to disclose information to White. Because the Opposition fails to address either point, the FDUTPA claims should be dismissed.

---

of prior motion to dismiss refuting Plaintiff's same argument in connection with the prior complaint).

[4] Plaintiffs cite *State of Fla. v. Tenet Healthcare Corp*., 420 F Supp. 2d 1288 (S.D. Fla. 2005), for the proposition that the Rule 9(b) standard does not apply.  Opp. at 16.  However, that case only establishes that when a FDUTPA claim is made *without any allegation of fraud*, Rule 9(b) may not apply.  *See Tenet*, 420 F. Supp. 2d at 1310-11.  Here, Plaintiffs' central allegation is fraud (by omission).  As repeated in their Opposition, the entire basis of Plaintiffs' case is that Defendants allegedly maintained an "unlawful scheme to secretly intercept, track, and record consumers." Opp. at 16.  Rule 9(b) thus applies in full force.  *E.g*., *Perret v. Wyndham Vacation Resorts, Inc*., 846 F. Supp. 2d 1327, 1333 (S.D. Fla. 2012) (explaining "plaintiffs' FDUTPA claim must be plead with particularity" because "[t]he rule does not state that it only applies to claims for fraud; it says it applies to allegations of fraud"); *Llado-Carreno v. Guidant Corp.,* 2011 WL 705403, at *5 (S.D. Fla. Feb. 22, 2011) ("The particularity requirement of Rule 9(b) applies to all claims that sound in fraud, regardless of whether those claims are grounded in state or federal law.").

**B.     Plaintiff White's FDUTPA Claims Must Be Dismissed Under Rule 12(b)(6).**

In addition, White's FDUTPA claims must be dismissed for failure to allege actual damages, as explained in Defendants' Motion.  *See* Motion at 26.  In an apparent attempt to address this point, White refers to a single, unpublished decision, *Burrows v. Purchasing Power, LLC*, 2012 WL 9391827, at *2 (S.D. Fla. Oct. 18, 2012).  Opp. at 16.  But in that case, the plaintiff's employer entrusted his personal information to a vendor.  The vendor's employee stole plaintiff's information and committed tax refund fraud.  The court allowed the plaintiff to proceed with FDUTPA claims because he "claims that he suffered a monetary loss when he failed to obtain his tax refund due to a fraudulent filing occasioned by the theft of his [personally identifiable information]."  *Burrows*, 2012 WL 9391827, at *2.

Here, White is not the victim of identity theft nor does he allege monetary loss.  He, at most, alleges disappointment, which is insufficient as a matter of law. *E.g.*, *Hennegan Co. v. Arriola*, 855 F. Supp. 2d 1354, 1361 (S.D. Fla. 2012) (stating that FDUTPA "does not provide for . . . compensation for subjective feelings of disappointment"); *Macias v. HBC of Fla.*, *Inc.*, 694 So. 2d 88, 90 (Fla. Dist. Ct. App. 1997) (explaining "subjective feelings of disappointment are insufficient to form a basis of actual damages," and affirming dismissal with prejudice where "the thrust of" plaintiff's allegations was disappointment over a "missed opportunity").

For all these reasons, White's FDUTPA claims must be dismissed.

14

## VI. PLAINTIFFS FAIL TO CONTEST DEFENDANTS' MULTIPLE GROUNDS FOR DISMISSING THE NEGLIGENT MISREPRESENTATION CLAIM.

Defendants moved to dismiss Plaintiffs' negligent misrepresentation claim on multiple, independently-sufficient grounds.   Motion at 27-30.   In Opposition, Plaintiffs fail to respond at all, and thereby concede this claim should be dismissed. *O'Neal v. Middletown Twp.,* 2019 WL 77066, at *3 (D.N.J. Jan. 2, 2019) ("Plaintiffs fail to present any substantive argument in opposition to Defendants' argument, and therefore, have conceded the point"); *Person v. Teamsters Local Union 863*, 2013 WL 5676802, at *2 (D.N.J. Oct. 17, 2013) ("Failure to raise legal arguments in opposition to a motion to dismiss results in waiver.").

## CONCLUSION

Plaintiffs' failure to cure their claims' deficiencies in response to the Court's Order and rounds of motions to dismiss only confirms that they have "presented their best allegations, and that any further amendment would not cure the deficiencies." *Dock v. Rush*, 432 F. App'x 130, 134 (3d Cir. 2011).   Because Plaintiffs have "already had 'two large bites at the apple' and because further amendment would be futile, the dismissal [should be] with prejudice."   *In re Savient Pharm.*, *Inc. Sec. Litig.*, 283 F. App'x 887, 888 (3d Cir. 2008).   The SAC should be dismissed in its entirety, with prejudice.

Dated:  February 19, 2019                              Respectfully submitted,

By: *s/ Michael R. McDonald*

MICHAEL R. MCDONALD
mmcdonald@gibbonslaw.com
KATE ELIZABETH JANUKOWICZ
kjanucowicz@gibbonslaw.com
GIBBONS P.C.
One Gateway Center
Newark, NJ 07102
Telephone: (973) 596-4500

ERIC C. BOSSET (*pro hac vice*)
ebosset@cov.com
KATHARINE R. GOODLOE (*pro hac vice*)
kgoodloe@cov.com
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, D.C. 20001
Telephone: (202) 662-6000

SIMON J. FRANKEL (*pro hac vice*)
sfrankel@cov.com
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA 94102
Telephone: (415) 591-6000

***Attorneys for Defendant***
**SAMSUNG ELECTRONICS
AMERICA, INC.**

By: *s/ Mark S. Melodia*

MARK S. MELODIA
mark.melodia@hklaw.com
ZALIKA T. PIERRE
zalika.pierre@hklaw.com
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019
Telephone: (212) 513-3200

PAUL J. BOND
paul.bond@hklaw.com
HOLLAND & KNIGHT LLP
2929 Arch Street
Suite 800
Philadelphia, PA 19104
Tel: (212) 513-3200

***Attorneys for Defendant***
**SONY ELECTRONICS INC.**

16