# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS ROGER WHITE, JR. and PATRICIA CAULEY on behalf of themselves and all others similarly situated, <br><br>       Plaintiffs, <br><br>    v. <br><br> SAMSUNG ELECTRONICS AMERICA, INC. and SONY ELECTRONICS INC., <br><br><br><br>       Defendants. | Civil Action No. 17-1775 (MCA) (SCM) <br><br> Hon. Madeline Cox Arleo, U.S.D.J. <br> Hon. Steven C. Mannion, U.S.M.J. <br><br> **Return Date:  October 7, 2019** <br><br> Oral Argument Requested <br><br> *Document Electronically Filed* |

---

**DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S BRIEF IN SUPPORT OF MOTION TO RECONSIDER OR, IN THE ALTERNATIVE, MOTION TO CERTIFY ORDER OF AUGUST 21, 2019 FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

---

GIBBONS PC
One Gateway Center
Newark, NJ 07102
Tel: (973) 596-4500

*Attorneys Samsung*
*Electronics America, Inc.*

COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000

*Attorneys for Samsung*
*Electronics America, Inc.*

# **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................... 1

LEGAL ARGUMENT................................................................................................. 2

I.      THE COURT SHOULD RECONSIDER ITS DENIAL OF DEFENDANTS'
        MOTION TO DISMISS AS TO THE WIRETAP ACT AND SHOULD DISMISS
        THAT CLAIM.................................................................................................. 3

        A.      Reconsideration Is Appropriate Because the Court's Decision Overlooked
                the Uncontested Fact that Samsung Is a Party to the Allegedly Intercepted
                Communications. ................................................................................... 3

        B.      Application of the Facts As Pled Compels Dismissal of the Wiretap Act
                Claim Under the Controlling Law. ......................................................... 6

        C.      Reconsideration Would Also Prevent the Manifest Injustice Resulting
                From the Court's Recent Decision........................................................... 8

II.     IN THE ALTERNATIVE, IF THE COURT DOES NOT GRANT
        RECONSIDERATION, THE COURT SHOULD CERTIFY FOR
        INTERLOCUTORY APPEAL THE QUESTION OF WHETHER SAMSUNG IS
        A PARTY TO THE COMMUNICATIONS ALLEGED IN THE SECOND
        AMENDED COMPLAINT. ............................................................................. 9

        A.      A Controlling Question of Law Exists as to Whether Samsung Is a Party
                to the Alleged Communications, and Therefore Whether Plaintiffs'
                Wiretap Act Claim Is Viable................................................................ 10

        B.      The Court Has Issued Conflicting Decisions as to Whether the Party
                Exception to the Wiretap Act Bars Plaintiffs' Wiretap Act Claim. ...... 11

        C.      An Immediate Appeal Would Materially Advance The Ultimate
                Termination Of The Litigation............................................................. 12

CONCLUSION...................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Quicken Loans Inc.*,
  No. 17-12352 (ES) (MAH), 2018 WL 5874088 (D.N.J. Nov. 9, 2018) ..................................7

*Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*,
  No. 11-00011 (AET), 2013 WL 663301 (D.N.J. Feb. 21, 2013)...........................................12

*Balintulo v. Daimler AG*,
  727 F.3d 174 (2d Cir. 2013)....................................................................................................10

*Barefoot v. Wellness Publ'g*,
  No. 06-2942 (JAP), 2010 WL 893571 (D.N.J. Mar. 8, 2010) ...................................................3

*D'Costa v. Plaza*,
  No. 15-5310 (MCA), 2017 WL 2213141 (D.N.J. May 18, 2017) ............................................5

*Disability Rights N.J., Inc. v. Velez*,
  No. 05-4723 (AET), 2010 WL 5055820 (D.N.J. Dec. 2, 2010) ................................................3

*Dunn v. Honeywell Int'l, Inc.*,
  No. 11-2810 (DMC) (CLW), 2012 WL 12517918 (D.N.J. Oct. 9, 2012) ...........................8, 9

*In re Energy Future Holdings Corp.*,
  904 F.3d 298 (3d Cir. 2018), *cert. denied sub nom. NextEra Energy, Inc. v.
  Elliott Assocs., L.P.*, 139 S. Ct. 1620 (2019) ............................................................................8

*F.T.C. v. Wyndham Worldwide Corp.*,
  10 F. Supp. 3d 602, 634 (D.N.J. 2014), *aff'd*, 799 F.3d 236 (3d Cir. 2015) ..........................11

*In re Facebook Internet Tracking Litig.*,
  263 F. Supp. 3d 836, 844 (N.D. Cal. 2017) ..............................................................................7

*Garcia v. Bartkowski*,
  No. 11-3689 (MCA), 2017 WL 3671289 (D.N.J. Aug. 23, 2017) ............................................3

*In re Google Cookie Placement Consumer Privacy Litig.*,
  806 F.3d 125 (3d Cir. 2015).........................................................................................5, 6, 7, 12

*Hess v. A.I. DuPont Hosp. for Children*,
  No. 08-0229 (RBS), 2009 WL 2776606 (E.D. Pa. Aug. 28, 2009) ...................................10, 11

*Kaplan v. Saint Peter's Healthcare Sys.*,
  No. 13-2941 (MAS), 2014 WL 4678059 (D.N.J. Sept. 19, 2014)..........................................10

*Katz v. Carte Blanche Corp.*,
    496 F.2d 747 (3d Cir. 1974)..................................................................9, 10

*Knipe v. SmithKline Beecham*,
    583 F. Supp. 2d 553 (E.D. Pa. 2008) ..........................................................12

*Leisure Pass N. Am., LLC, v. Leisure Pass Grp. Ltd.*,
    No. 12-03375 (WJM), 2013 WL 4517841 (D.N.J. Aug. 26, 2013)...........................7

*Luis v. Zang*,
    833 F.3d 619, 627 (6th Cir. 2016) ...............................................................7

*Lupian v. Joseph Cory Holdings, LLC*,
    No. 2:16-05172 (WJM), 2017 WL 1483313 (D.N.J. Apr. 24, 2017) .....................10

*Max's Seafood Cafe v. Quinteros*,
    176 F.3d 669 (3d Cir. 1999)...................................................................3, 6

*McGillicuddy v. Clements*,
    746 F.2d 76 (1st Cir. 1984))...................................................................12

*Milbert v. Bison Labs., Inc.*,
    260 F.2d 431 (3d Cir. 1958)...................................................................10

*Mohawk Indus., Inc. v. Carpenter*,
    558 U.S. 100 (2009).............................................................................10

*N.J. Prot. & Advocacy v. N.J. Dep't of Educ.*,
    No. 07-2978 (MLC), 2008 WL 4692345 (D.N.J. Oct. 8, 2008) .....................11, 12

*In re Nickelodeon Consumer Privacy Litig.*,
    827 F.3d 262 (3d Cir. 2016)...................................................................7, 12

*U.S. v. Eady*,
    648 F. Appx. 188 (3d Cir. 2016).................................................................6

*Zak v. Bose Corp.*,
    No. 17- 02928 (ARW), 2019 WL 1437909 (N.D. Ill. Mar. 31, 2019) .................6, 7

## Statutes

18 U.S.C. § 2511(2)(d) .......................................................................... *passim*

28 U.S.C. § 1292(b) ............................................................................. *passim*

## Other Authorities

BLACK'S LAW DICTIONARY (10th ed. 2014) ..................................................8

L. Civ. R. 7.1(i) ........................................................................................................3

S. REP. NO. 90-1097 (1968), *reprinted in* 1968 U.S.C.C.A.N. 2112 ................................................6

iv

## INTRODUCTION

This motion for reconsideration is addressed to the sole remaining cause of action in Plaintiffs' Second Amended Complaint ("SAC"), the Wiretap Act claim, upon which this Court has now reached conflicting decisions.  The Wiretap Act claim asserts that Defendants' Smart TVs unlawfully "intercept" communications between Plaintiffs and program content providers. In its September 26, 2018 Decision and Order, ECF No. 82 ("September 2018 Order")— dismissing the First Amended Complaint ("FAC")—the Court held that "Defendants *are parties to the communications*," and, thus, there could be no violation of the Wiretap Act because, as a matter of law, a person who is a party to the communication cannot intercept it.  *See* September 2018 Order at 5, citing the "'party' exception," 18 U.S.C. § 2511(2)(d) (emphasis added). However, in its August 21, 2019 Decision and Order, ECF No. 104 ("August 2019 Order"), the Court reached the opposite conclusion based on the very same "intercept" allegations, holding that Defendants *are not parties to the communications*.  *See* August 2019 Order at 6.

Reconsideration is warranted: (1) to correct a clear error of fact, because the Court overlooked that the "interception" allegations in the SAC were materially unchanged from those in the FAC—allegations that this Court had previously determined involved communications to which Samsung *is a party*; (2) to correct a clear error of law, because the Court overlooked that controlling case law requires dismissal of the Wiretap Act claim under the facts pled; and (3) to prevent manifest injustice, because the Court's new holding that Samsung *is not a party* to communications over Smart TVs effectively expands the scope of the Wiretap Act beyond its breaking point, making "smart" technology companies theoretically liable for "intercepting" precisely the types of communications their devices are intended to host and transmit.  Therefore, Defendant Samsung Electronics America, Inc. ("Samsung") respectfully urges the Court to

reconsider its ruling and the potential draconian consequences of its holding concerning the "party" exception to the Wiretap Act.

In the alternative, if the Court declines reconsideration, Samsung requests that the Court certify its August 2019 Order on the Wiretap Act claim for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Certification is warranted because the question of whether the Wiretap Act applies where Samsung is a party to the communication at issue is a controlling question of law on which this Court has issued divergent opinions, the resolution of which would materially advance the outcome of this litigation. The Court has decided this question both ways despite Plaintiffs' identical pleadings and opposition arguments; if the Court's September 2018 Order is correct, dismissal of the Wiretap Act claim would terminate the litigation entirely and avoid burdensome and costly discovery and further proceedings on this sole remaining claim.

## LEGAL ARGUMENT

This case centers around Plaintiffs' allegations that the Smart TVs sold by Defendants "surreptitiously collect data on [Plaintiffs], including what programs they watch, when they watch them, and certain identifying information." August 2019 Order at 1. In its recent Order, the Court dismissed for a second time Plaintiffs' claims for consumer fraud, violation of the Video Privacy Protection Act, and negligent misrepresentation. *Id.* at 2–6, 8. However, although no new allegations were pled in the Wiretap Act claim, the Court reached the opposite conclusion it had previously reached, concluding this time that Defendants were ***not parties*** to the allegedly intercepted programming communications transmitted through the Smart TVs. *Id.* at 6–7.

Samsung respectfully submits that the Court overlooked the facts alleged in the SAC, resulting in legal error by failing to apply the "party" exception set forth in 18 U.S.C. §

2511(2)(d) to alleged communications to which Samsung plainly was a party—as evident by the Samsung documents that Plaintiffs attached to the SAC and as addressed below.

**I.    THE COURT SHOULD RECONSIDER ITS DENIAL OF DEFENDANTS' MOTION TO DISMISS AS TO THE WIRETAP ACT AND SHOULD DISMISS THAT CLAIM.**

Although not granted lightly, courts are empowered with considerable discretion "to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *see also Disability Rights N.J., Inc. v. Velez*, No. 05-4723 (AET), 2010 WL 5055820, at *2 (D.N.J. Dec. 2, 2010) (same). "A party may seek reconsideration of matters 'which the party believes the [Court] has overlooked' when ruling on the previous motion." *Garcia v. Bartkowski*, No. 11-3689 (MCA), 2017 WL 3671289, at *1 (D.N.J. Aug. 23, 2017) (alteration in original) (citing L. Civ. R. 7.1(i)). "[W]hen ruling on a motion for reconsideration, 'the court should keep an open mind, and should not hesitate to grant the motion if necessary to prevent manifest injustice or clear error.'" *Barefoot v. Wellness Publ'g*, No. 06-2942 (JAP), 2010 WL 893571, at *1 (D.N.J. Mar. 8, 2010) (citation omitted).

**A.    Reconsideration Is Appropriate Because the Court's Decision Overlooked the Uncontested Fact that Samsung Is a Party to the Allegedly Intercepted Communications.**

Reconsideration is warranted here because the Court overlooked that the SAC pleads that Samsung is a party to the alleged communications at issue—a fact Plaintiffs never contested. Paragraph 39 of the SAC—on which the Court's August 2019 Order expressly relies—is identical in all material respects to Paragraph 41 of the FAC, which on its face, and, as this Court agreed, alleged communications to which Samsung *was* a party.[1]  In dismissing the Wiretap Act

---

[1] Specifically, paragraph 41 of the FAC alleged:

claim in the FAC, the Court noted that Plaintiffs did not dispute that Defendants were parties to the communications at issue. *See* September 2018 Order at 6 ("Plaintiffs do not dispute this contention in their opposition . . . .").

Plaintiffs similarly failed to plead in the SAC (or argue in their opposition brief) that Defendants were *not* parties to the programming received on their Smart TVs—despite knowing this Court had earlier ruled when dismissing the FAC that Defendants *were* parties to those communications. *See* Pl. Opp., ECF No. 97 at 26–28 (failing to mention the "party" exception, which was Defendants' primary argument for dismissing the SAC). In fact, Plaintiffs again *conceded* that Defendants acquired information "during transmission of the programming to Defendants' Smart TVs." *Id*. at 26. The Court cited this same concession last year in dismissing the Wiretap Act claim. *See* September 2018 Order at 6, quoting Pl. Opp., ECF No. 56 at 17. In short, the facts Plaintiffs alleged concerning the "intercepted" communications were unchanged from the FAC to the SAC, and Plaintiffs never argued in opposition to either motion to dismiss that the allegedly intercepted communications did not include Samsung as a party.

---

> Upon information and belief, since 2012, Defendants have manufactured Smart TVs that continuously monitor and track, in real time, what consumers are watching and the viewing habits of those consumers, and also record the voices of consumers, and then transmit that private, confidential information to Defendants' own servers by means of proprietary, Automatic Content Software ("ACS").

FAC, ECF No. 45-1 at ¶ 41. Apart from breaking up this allegation into two sentences rather than one, Paragraph 39 of the SAC is materially unchanged as it relates to the alleged communications:

> Since 2012, Defendants have manufactured Smart TVs that continuously monitor and track, in real time, what consumers are watching, what consumers are saying, and the viewing habits of those consumers. Defendants then transmit this private, confidential information to Defendants' own servers—and sell this private, confidential information to third parties *without* first obtaining informed consent from the consumer.

SAC, ECF No. 88 at ¶ 39 (emphasis in original).

4

The Court's recent decision also overlooked the fact that a communication concerning programming watched on Samsung's Smart TV is *not* a communication *only* between Plaintiffs and content providers. *See* August 2019 Order at 6. As the Third Circuit recognized in *In re Google*, communications may include more than "two parties." *In re Google Cookie Placement Consumer Privacy Litig.*, 806 F.3d 125, 143 (3d Cir. 2015). Unlike older technology ("dumb") television consoles, Samsung's Smart TVs are interactive. This Court overlooked Plaintiffs' acknowledgment of this difference when they asserted in their pleading that Smart TVs are "equipped with integrated software applications that allow users to access the Internet, and on-demand services such as Netflix, Hulu, and Pandora, and other online media content, such as Facebook and Twitter," and to "stream video and other content to consumers via Defendants' Smart TVs." SAC ¶¶ 31, 36. But for this connectivity, Plaintiffs would not receive the programming they allege Samsung intercepted.

The Court's recent ruling also overlooked the Samsung Manual attached to the SAC, which confirms that Samsung is a party to *both* the communication from the user to the content provider and the communication from the content provider to the user.[2] The Samsung Manual explains that programming communications are directed through Samsung's "Smart Hub"—that is, Samsung's servers—to which a user must connect to receive "access to live TV, streaming content sources, and apps in one place." Ex. 3 to SAC, ECF No. 89 at 2, 23. Plaintiffs initiate communications for programming through the "Samsung Smart Remote." *Id*. at 25. Thus, Samsung receives a request from the user to access, for example, Netflix, then Samsung contacts Netflix, and then Samsung receives the Netflix content and transmits it to the user. In opposing

---

[2] Because Plaintiffs attached the Samsung Manual to the SAC, this Court may and should consider the Manual at the pleadings stage. *See D'Costa v. Plaza*, No. 15-5310 (MCA), 2017 WL 2213141, at *3 (D.N.J. May 18, 2017).

the motion to dismiss, Plaintiffs could not—and did not—deny that Samsung is a party to the communications transmitted through its Smart TVs, because "receiving and displaying [programming content] is a primary function of the [Smart TV]." *Zak v. Bose Corp.*, No. 17-02928 (ARW), 2019 WL 1437909, at *3 (N.D. Ill. Mar. 31, 2019) (dismissing Wiretap Act claim that Bose allegedly intercepted information on its app).[3]

The critical fact is that, as pled, Plaintiffs are communicating at all times through Samsung's Smart TVs, and a communication "to" a Smart TV is necessarily a communication through the Samsung's servers—that is what makes the TV "smart." *See* SAC ¶¶ 31–37 & Ex. 3 (Samsung Manual). So Samsung is a party to those communications and has "done nothing unlawful under the Wiretap Act." *In re Google*, 806 F.3d at 142–43 (applying the "party" exception).[4] The Court's decision thus rests on "clear error" and should be reconsidered. *Max's Seafood*, 176 F.3d at 677.

### B.   Application of the Facts As Pled Compels Dismissal of the Wiretap Act Claim Under the Controlling Law.

Understood in the context of the entire SAC and attached exhibit, Plaintiffs' allegations again require dismissal of their Wiretap Act claim under the "party" exception in 18 U.S.C. § 2511(2)(d). The case law in this Circuit and elsewhere makes clear that—as this Court

---

[3] Congress sought to remedy with the Wiretap Act solely interception "by an unseen auditor." *U.S. v. Eady*, 648 F. Appx. 188, 192 (3d Cir. 2016) (quoting S. REP. NO. 90-1097 (1968), *reprinted in* 1968 U.S.C.C.A.N. 2112, 2154). Here, the SAC and incorporated exhibits allege that (1) Samsung made and sold the Smart TVs that in real time transmit the very programming it purportedly "intercepted," and (2) Plaintiffs connected to Samsung's "Smart Hub" and operated the "Samsung Smart Remote" to request and receive that programming. Samsung is *not* "unseen." *See* SAC ¶¶ 21, 33–37 & Ex. 3.

[4] In applying the "party" exception to Google communications of which the plaintiffs in that case were unaware, the Third Circuit also made clear that allegations of fraud or deceit are irrelevant: "The Wiretap Act is a wiretapping statute, and just because a scenario sounds in fraud or deceit does not mean it sounds in wiretapping." *In re Google*, 806 F.3d at 144.

previously held—where information is transmitted to a defendant's device, the defendant is a party to the communication and cannot "intercept" the communication as a matter of law. *E.g.*, *In re Google*, 806 F.3d at 141–42, 145 (affirming dismissal under 18 U.S.C. § 2511(2)(d) of Wiretap Act claim involving transmissions from plaintiffs' internet browsers to Google's servers); *In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 274–75 (3d Cir. 2016) (same); *Bose Corp.*, 2019 WL 1437909, at *3 (dismissing claim involving media information transmitted to Bose app from other app on plaintiff's smart phone); *In re Facebook Internet Tracking Litig.*, 263 F. Supp. 3d 836, 844 (N.D. Cal. 2017) (dismissing claim involving URL data transmitted to Facebook's platform by third-party webpage visited by the plaintiff).

The two cases discussed in the Court's recent Order do not support a different conclusion. In *Allen v. Quicken Loans Inc.*, No. 17-12352 (ES) (MAH), 2018 WL 5874088, at *4 (D.N.J. Nov. 9, 2018), the plaintiff did *not* contest that Quicken Loans was a party to communications on its website. The Court's decision overlooked that here too, *Plaintiffs failed to contest that Samsung was a party to transmissions over its Smart TVs*. Thus, Plaintiffs waived any contrary argument. *See id.*; *see also Leisure Pass N. Am., LLC, v. Leisure Pass Grp. Ltd.*, No. 12-03375 (WJM), 2013 WL 4517841, at *4 (D.N.J. Aug. 26, 2013) ("Plaintiff has waived its opposition to this argument by failing to respond to it."). And, as the Court itself recognized, *Luis v. Zang* is not on point. *See* August 2019 Order at 7 n.4.   In that case, the Sixth Circuit addressed only the "contemporaneity requirement" of the Wiretap Act. 833 F.3d 619, 627 (6th Cir. 2016). The issue in *this* case—whether the defendant was a "party" for the purposes of 18 U.S.C. § 2511(2)(d)—was not addressed in *Luis*.

In short, based on the facts pled, the case law uniformly supports a ruling that Samsung is a party to Smart TV communications and therefore did not unlawfully intercept anything; the Court was right the first time it addressed this issue.  The Court's reversal is a clear error of law.

**C.      Reconsideration Would Also Prevent the Manifest Injustice Resulting From the Court's Recent Decision.**

The Court's recent decision exposes Samsung, and any maker of smart devices—phones, speakers, televisions, etc.—to claims of "intercepting" the very kind of communications those devices are intended to host and transmit.  As just one example, consider a person using a texting app on a smartphone.  The Court's new holding would arguably mean that the smartphone maker, which supports the operation of the smartphone (as Samsung is alleged to operate the Smart TVs here), is violating the Wiretap Act by "intercepting" every communication that a user makes *on the phone* using such an app—simply by hosting the user's communications, which is necessary for operation of the phone and the app.  The implications of this conclusion are startling and grave, to say the least.  *See In re Energy Future Holdings Corp.*, 904 F.3d 298, 311–12 (3d Cir. 2018) (explaining the focus of the manifest injustice inquiry "is on the gravity and overtness of the error"), *cert. denied sub nom. NextEra Energy, Inc. v. Elliott Assocs., L.P.*, 139 S. Ct. 1620 (2019); *see also id.* (explaining "Manifest Injustice" as "a 'direct, obvious, [or] observable error'" and an error "that is of at least some importance to" "larger proceedings") (quoting BLACK'S LAW DICTIONARY (10th ed. 2014)).

Where a court recognizes the severity of an error in a previous decision, reconsideration is appropriate to prevent manifest injustice.  *See id.* at 311, 316 (affirming lower court grant of motion for reconsideration to prevent manifest injustice where prior decision rested on "fundamental misunderstanding of critical facts" that "led the court to fundamentally misjudge the likelihood" of harm to a party); *see also Dunn v. Honeywell Int'l, Inc.*, No. 11-2810 (DMC)

8

(CLW), 2012 WL 12517918, at *5, 7 (D.N.J. Oct. 9, 2012) (granting motion for reconsideration where "the [previous] Order is based on" an "erroneous conclusion" about what the complaint alleges, and failing to grant the motion "would cause Defendants manifest injustice").

Here, the Court's new holding would expose Samsung and other makers of any smart device to expansive legal risk in connection with providing the services that are essential to their devices.  The error in that logic is direct, obvious, and observable.  Reconsideration is therefore also appropriate to prevent the manifest injustice otherwise created by the Court's recent ruling.

*        *        *        *        *

For the foregoing reasons, the Court should reconsider and reverse the August 2019 Order denying Samsung's motion as to the Wiretap Act claim, and should dismiss that claim.

**II.    IN THE ALTERNATIVE, IF THE COURT DOES NOT GRANT RECONSIDERATION, THE COURT SHOULD CERTIFY FOR INTERLOCUTORY APPEAL THE QUESTION OF WHETHER SAMSUNG IS A PARTY TO THE COMMUNICATIONS ALLEGED IN THE SECOND AMENDED COMPLAINT.**

If the Court does not reconsider its August 2019 Order, it should certify for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) the issue of whether the "party" exception in Section 2511(2)(d) applies where Samsung allegedly acquires data while receiving and transmitting television and other programming content through Smart TVs at the user's request.

Section 1292(b) permits a district court to certify for appeal a non-final order that "involves a controlling question of law as to which there is substantial ground for difference of opinion" if the court determines "that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b); *see Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974) ("The statute imposes three criteria for the district court's exercise of discretion to grant a § 1292(b) certificate.  The order must (1) involve a 'controlling question of law,' (2) offer 'substantial ground for difference of opinion' as to its

9

correctness, and (3) if appealed immediately 'materially advance the ultimate termination of the litigation'"); *see also Lupian v. Joseph Cory Holdings, LLC*, No. 2:16-05172 (WJM), 2017 WL 1483313, at *2 (D.N.J. Apr. 24, 2017) (applying same standards).

To be sure, courts should exercise discretion under Section 1292(b) so as not "to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." *Milbert v. Bison Labs., Inc.*, 260 F.2d 431, 433 (3d Cir. 1958). However, "[w]hen a ruling satisfies [the statutory] criteria and 'involves a new legal question or is of special consequence,' then the district court 'should not hesitate to certify an interlocutory appeal.'" *Balintulo v. Daimler AG*, 727 F.3d 174, 186 (2d Cir. 2013) (quoting *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009)). The standards for interlocutory review are fully met here.

**A.    A Controlling Question of Law Exists as to Whether Samsung Is a Party to the Alleged Communications, and Therefore Whether Plaintiffs' Wiretap Act Claim Is Viable.**

An order involves a "controlling question of law" within the meaning of Section 1292(b) if it reaches a legal conclusion that, if erroneous, "would be reversible error on final appeal," or if the question is "serious to the conduct of the litigation either practically or legally." *Katz*, 496 F.2d at 755; *see also Kaplan v. Saint Peter's Healthcare Sys.*, No. 13-2941 (MAS), 2014 WL 4678059, at *2 (D.N.J. Sept. 19, 2014) ("A question of law is controlling if 'an incorrect disposition would constitute reversible error and . . . it is serious to the conduct of the litigation, either practically or legal[ly].'") (alterations in original) (citations omitted).

That is the case here. If Samsung is correct that the "party" exception applies where Plaintiffs have alleged that Samsung's operating system receives and transmits to a content provider a user's request for specific content, then Samsung is entitled to dismissal of the only remaining claim in the case, for alleged violation of the Wiretap Act. *See Hess v. A.I. DuPont Hosp. for Children*, No. 08-0229 (RBS), 2009 WL 2776606, at *2 (E.D. Pa. Aug. 28, 2009)

10

(order involves controlling question of law when "if erroneously decided, would result in reversal on final appeal because Defendants would have been entitled to . . . dismissal for failure to state a claim").  So if the Court's August 2019 Order were erroneous on this point, it would be reversible on appeal.

Moreover, resolution of this controlling question is "serious to the conduct of this litigation" because reversal would result in the avoidance of wasted trial time and litigation expense for the Court and the parties.  *See N.J. Prot. & Advocacy v. N.J. Dep't of Educ.*, No. 07-2978 (MLC), 2008 WL 4692345, at *4 (D.N.J. Oct. 8, 2008) (determining that plaintiff presented controlling question of law where "resolution of this issue could save the district court's time and the litigants' expenses" because if the order "is reversed, the litigation will be terminated").  If Samsung is correct as to application of the "party" exception here, then the Wiretap Act claim should not proceed at all, and allowing the case to proceed to discovery and further motions practice on this sole remaining claim would be an unnecessary and wasteful expenditure of time and effort for the Court and the parties.  As the Court is aware, any class action discovery will be extensive, burdensome, and expensive—all of which would be unnecessary if the Wiretap Act claim is dismissed.  This is another reason the Court's August 2019 Order involves a controlling question of law as to that statute.

### B.     The Court Has Issued Conflicting Decisions as to Whether the Party Exception to the Wiretap Act Bars Plaintiffs' Wiretap Act Claim.

A "substantial ground for difference of opinion" exists when "reasonable jurists might disagree on an issue's resolution."  *F.T.C. v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 634 (D.N.J. 2014), *aff'd*, 799 F.3d 236 (3d Cir. 2015) (citation omitted).  There must be "genuine doubt as to the correct legal standard," *id.* (citation omitted), which is often the case when an order addresses "difficult and pivotal questions of law not settled by controlling authority."

11

*Knipe v. SmithKline Beecham*, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008) (quoting *McGillicuddy v. Clements*, 746 F.2d 76, 76 n.1 (1st Cir. 1984)).  Here, the Court itself has reached conflicting conclusions as to the application of the Wiretap Act to the facts alleged by Plaintiffs.  As set out above, the Court's September 2018 Order held that the "party" exception applied, so that Plaintiffs could not state a claim for violation of the Wiretap Act.  In its August 2019 Order, on the very same alleged facts and despite no change in Plaintiffs' opposition arguments, the Court concluded differently and held that the "party" exception did not apply.  To the extent the Court's two decisions reflect uncertainty about the application of the "party" exception to Plaintiffs' allegations, certification would be appropriate because the Third Circuit has issued two prior decisions (*Google* and *Nickelodeon*) applying this exception to dismiss Wiretap Act claims involving technology companies and has an interest in ensuring those decisions are interpreted and applied correctly.

### C.    An Immediate Appeal Would Materially Advance The Ultimate Termination Of The Litigation.

"A Section 1292(b) certification materially advances the litigation's ultimate termination where the interlocutory appeal will eliminate the need for trial, complex issues, or issues that make discovery more difficult and more expensive."  *N.J. Prot. & Advocacy*, 2008 WL 4692345, at *3.  This criterion is met where, as a practical matter, an interlocutory appeal of a controlling question of law will eliminate "the need for trial" or eliminate "issues that would make discovery more costly or burdensome."  *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, No. 11-00011 (AET), 2013 WL 663301, at *4 (D.N.J. Feb. 21, 2013).  In particular, "[c]ertification is more likely to materially advance the litigation where the appeal occurs early in the litigation, before extensive discovery has taken place and a trial date has been set."  *N.J. Prot. & Advocacy,* 2008 WL 4692345, at *3.

12

An immediate appeal here would materially advance this litigation by potentially avoiding lengthy and costly class action discovery, lengthy class action briefing and hearings, summary judgment briefing, and perhaps ultimately a class action trial.  Moreover, reversal by the Third Circuit would dispose of this litigation because all other claims have been dismissed. *See, e.g.*, *id.* at \*5 (certifying order at issue where an appeal may ultimately result in plaintiffs' claims being dismissed and the litigation terminated).  In contrast, if this Court does not certify its August 2019 Order on the Wiretap Act for immediate appeal, the case will proceed against Samsung on the Wiretap Act claim with unnecessary and burdensome fact and expert discovery, non-party discovery, and potentially motions for class certification and summary judgment, trial, and appeals.

In sum, Samsung has met the requirements for certifying an order for interlocutory appeal.  Samsung respectfully requests that, in accord with 28 U.S.C. § 1292(b), and if the Court is otherwise unwilling to reconsider and reverse its August 2019 Order with respect to the Wiretap Act claim, the Court certify that Order to allow for immediate interlocutory review by the Court of Appeals for the Third Circuit of the question of whether Plaintiffs' allegations state a claim against Samsung under the Wiretap Act.

## CONCLUSION

To correct clear error and prevent manifest injustice, the Court should reconsider its ruling that the "party" exception does not preclude Plaintiffs' Wiretap Act claim against Samsung, and should instead dismiss the Wiretap Act claim on this basis.

13

Alternatively, and if the Court does not reconsider this ruling, the Court should certify

this issue for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Dated:  September 4, 2019                              Respectfully submitted,


                                       By: s/ Michael R. McDonald
                                       MICHAEL R. MCDONALD
                                       mmcdonald@gibbonslaw.com
                                       KATE ELIZABETH JANUKOWICZ
                                       kjanukowicz@gibbonslaw.com
                                       GIBBONS P.C.
                                       One Gateway Center
                                       Newark, NJ 07102
                                       Telephone: (973) 596-4500

                                       ERIC C. BOSSET (*pro hac vice*)
                                       ebosset@cov.com
                                       COVINGTON & BURLING LLP
                                       One City Center
                                       850 Tenth Street, NW
                                       Washington, D.C. 20001
                                       Telephone: (202) 662-6000

                                       SIMON J. FRANKEL (*pro hac vice*)
                                       sfrankel@cov.com
                                       COVINGTON & BURLING LLP
                                       One Front Street, 35th Floor
                                       San Francisco, CA 94102
                                       Telephone: (415) 591-6000

                                       *Attorneys for Defendant*
                                       **SAMSUNG ELECTRONICS AMERICA,
                                       INC.**