UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS ROGER WHITE, JR., and PATRICIA CAULEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SAMSUNG ELECTRONICS AMERICA, INC., and SONY ELECTRONICS INC,<br><br>Defendants. | Case No. 17-1775 (MCA) (JAD)<br><br><br><br><br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO RECONSIDER OR, IN THE ALTERNATIVE MOTION TO CERTIFY ORDER OF AUGUST 21, 2019 FOR INTERLOCUTORY REVIEW PURSUANT TO 28 U.S.C. § 1292(b)** |

## **TABLE OF CONTENTS**

INTRODUCTION……………………………………………………………………..1

ARGUMENT..................................................................................................3

I. Defendants' Motion For Reconsideration
   Of The Court's August 21, 2019 Order……………………………...……..….3

   A. Legal Standard Under Local Rule 7.1(i) ................................................3

   B. Defendants' Motion For Reconsideration Should Be Denied
      Because The Court Has Already Ruled In The August 21,
      2019 Order That Defendants Were Not Parties To All Of The
      Communications At Issue, And Because Defendants Are Merely
      Attempting To  Reargue The Facts Here................................................5

      1. The Court's August 21, 2019 Order Respecting Defendants'
         Motion Dismiss  Plaintiffs' Second Amended Complaint …….………....5

      2. Defendants' Instant Motion For Reconsideration …………..……………....6

   C. Defendants' Motion For Reconsideration Is Not
      Permitted Under Rule 7.1 And Should Be Denied ……………………...…......9

II. Defendants' Motion For Interlocutory Appeal ..……………….....…………….…..10

   A. Legal Standard ………………...…………………...…………………………10

   B. Defendants Are Statutorily Barred From Seeking Immediate
      Interlocutory Appeal Because: (i) There Are No Substantial Grounds
      For Disagreement; (ii) The Issues Do Not Concern Controlling Questions
      Of Law; And (iii) There Are No Exceptional Circumstances ……………….......11

      1. Defendants Have Failed To Show That A Substantial Ground
         For Disagreement Exists On The Question Posed ………………….……..12

      2. Defendants Have Failed To Show That The Question Posed
         Involves A Controlling Question Of Law ……………………..………...14

   C. Defendants' Motion For Immediate Interlocutory Appeal Should Be
      Denied Because Defendants Have Failed To Satisfy The Statutory
      Requirements Under Section 1292(b) And Also Because No Exceptional
      Circumstances Exist …………………………………………………………...15

CONCLUSION ..................................................................................................15

i

## TABLE OF AUTHORITIES

**Cases**                                                                                                   **Page(s)**

*Bermingham v. Sony Corp. of Am., Inc.*,
    820 F. Supp. 834 (D.N.J.1992),
    aff'd., 37 F.3d 1485 (3d Cir. 1994) ……………………………………...……..4

*Bowers v. Nat'l. Collegiate Athletics Ass'n.*,
    130 F. Supp. 2d 610 (D.N.J. 2001) …………………………………….…...4,7,9

*Chicosky v. Presbyterian Medical Ctr.*,
    979 F. Supp. 316 (D.N.J. 1997) ……………………………………….…....…4,7

*Coopers & Lybrand v. Livesay*,
    437 U.S. 463 (1978) ……………………...……………………….…….10,11

*Couch v. Telescope, Inc.*,
    611 F.3d 629 (9th Cir. 2010) …………………………………………….…...12,13

*Cunningham v. Hamilton Cty.*,
    527 U.S. 198 (1999) ………………………………….......................................…10

*Eichorn v. AT & T Corp.*,
    1999 WL 33471890 (D.N.J. Aug. 23, 1999) ………………………………….…..5,9

*Fenters v. Yosemite Chevron*,
    761 F. Supp. 2d 957 (E.D. Cal. 2010) ……………………………………….…..13

*Florham Park Chevron, Inc. v. Chevron, U.S.A., Inc.*,
    680 F. Supp. 159 (D.N.J. 1988) ………………………………………….…....4,7

*G-69 v. Degnan*,
    748 F. Supp. 274 (D.N.J. 1990) …..……………………………………….…..4,7

*In re Adelphia Commc'ns Corp.*,
    No. 02-41729, 2008 WL 361082 (S.D.N.Y. Feb. 7, 2008) ……………….……......11

*In re Dwek*,
    No. 10-4259, 2011 WL 487582 (D.N.J. Feb. 4, 2011) ……………….…….....10,11

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
    986 F. Supp. 2d 487 (S.D.N.Y 2013) ……………………………….……….......12

*James v. Price Stern Sloan*,
    Inc., 283 F.3d 1064 (9th Cir. 2002) …………………………………….…......11

*Johnson v. Alldredge*,
    488 F.2d 820 (3d Cir. 1973) ……...…………………………………….......15

*Kapossy v. McGraw-Hill, Inc.*,
    942 F. Supp. 996 (D.N.J. 1996) ..…………………………………………..…....11

*Katz v. Carte Blanche Corp.*,
    496 F.2d 747 (3d Cir. 1974) ……....………………………………..……….....10,11

*Link v. Mercedes-Benz of N. Am., Inc.*,
    550 F.2d 860 (3d Cir. 1977) ……………………..……………………………....……15

*Max's Seafood Café v. Quinteros*,
    176 F.3d 669 (3d Cir. 1999) …………………………..……………...….…...3

*Nami v. Fauver*,
    82 F.3d 63 (3d Cir. 1996) ………..………………………….…..…………...….5

*NL Industries, Inc. v. Commercial Union Ins. Co.*,
    935 F. Supp. 516 (D.N.J. 1996) ………………...……………………..….…4,7,9

*Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co. of Maryland*,
    744 F. Supp. 1311 (D.N.J. 1990) ………………………………………..…...4,7

*Resorts Int'l , Inc. v. Greate Bat Hotel and Casino*,
    830 F. Supp. 826 (D.N.J. 1992) ..………………………………………………..4

*Tishcio v. Bontex, Inc.*,
    16 F. Supp. 2d 511 (D.N.J. 1998) ……………………………………….......3,5,7

*Truong v. Kartzman*,
    No. 06-3286, 2007 WL 1816048 (D.N.J. June 22, 2007) ………….…………........10

*U.S. v. Eady*,
    648 F. App'x 188, 2016 U.S. App. LEXIS 8151 (3d Cir. 2016)………….....8,13,14,15

*U.S. v. Jones*,
    158 F.R.D. 309 (D.N.J. 1994) …..………………………………...…………...4

**Statutes**

18 U.S.C. § 2510(4) ………...…..………………………..…..………………….……*passim*

18 U.S.C. § 2511(2)(d) …...………………………………………..…..…….....……*passim*

28 U.S.C. § 1292(b) ………………………………………………..…..………….…..*passim*

**Other Authorities**

Local Civil Rule 7.1(i) ..…………………………..…………………………….…..3,4,9

3 Federal Procedure, Lawyers Edition § 3:212 (2010) ……………...…………..…......12

1958 U.S.Code, Cong. Admin.News, pp. 5255, 5259, 5260-5261 ………………....11

## INTRODUCTION

As detailed in Plaintiffs' Second Amended Class Action Complaint ("Second Amended Complaint" or "Compl."), Defendants' Smart TVs secretly act as wiretap devices, which are equipped with automatic content recognition software to wiretap, in real time, everything consumers are watching (*i.e.,* consumers' viewing histories) and everything consumers are saying (*i.e.,* consumers' voices and conversations). Defendants then sell and transmit these confidential communications, personal information, and private conversations to third parties, without first obtaining consumers' informed consent. Compl. ¶¶ 38-67.[1]

Defendants filed a Motion To Dismiss Plaintiffs' Second Amended Complaint (the "Motion To Dismiss"). On August 21, 2019, this Court issued a Letter Order ("the Order") which ruled on Defendants' motion and held that, under the facts as alleged by Plaintiffs in their Second Amended Complaint, Plaintiffs have properly stated a cognizable cause of action against Defendants under the Wiretap Act, 18 U.S.C. § 2510(4) (the "Wiretap Act"). Order at 7. In the Order, the Court explicitly ruled that, because Plaintiffs have alleged that Defendants' Smart TVs "are able to track what Smart TV viewers are watching . . . [Plaintiffs' allegations in the Second Amended Complaint] fall plainly . . . within the meaning of the Wiretap Act. *Id.*

In upholding Plaintiffs' Wiretap Act claims, the Court's August 21, 2019 Order rejected Defendants' argument that Defendants fall into a very narrow "party" exception to the Wiretap Act under 18 U.S.C. § 2511(2)(d) ("Section 2511(2)(d)").[2] Rather, the Court explicitly held that, under the facts as pled by Plaintiffs in their Second Amended Complaint: (i) Defendants were not parties to the communications at issue; (ii) the Section 2511(2)(d) "party" exception to the Wiretap Act

---

[1] Defendants do not even attempt to deny that they surreptitiously wiretap consumers' communications, personal information and private conversations, or that they secretly transmit consumers' communications, personal information and private conversations to third parties for profit, or that they do so without first obtaining informed consent from consumers.

[2] Section 2511(2)(d) states that it shall not be unlawful for a person "to intercept a wire, oral, or electronic communication where such person is a party to the communication . . . ."

1

does not apply to Defendants here; and (iii) Defendants can thus be held liable under the Wiretap Act.

The Court ruled:

> Defendants' argument that they were parties to these communications is unavailing. . . . **This argument misstates Plaintiffs' allegations**. Plaintiffs allege that Defendants surreptitiously installed software on their televisions that permitted Defendants to track their communications with streaming services, their cable providers, or other content providers to their televisions. . . . Because Defendants are not a party to that communication, the [Section 2511(2)(d) "party"] exception does not apply . . . .

Order at 7 (emphasis added).[3]

Because Defendants apparently disagree with the Court's interpretation and application of Plaintiffs' factual allegations (as outlined in the Second Amended Complaint) to Plaintiffs' Wiretap Act claims (and because Defendants simply do not like the outcome of the Court's August 21, 2019 Order), Defendants' instant motion[4] merely attempts to reargue the facts in hopes that the Court will somehow come to a result that better suits Defendants. As shown below, however, Defendants' disagreement with the Court's interpretation and application of the facts pled by Plaintiffs in the Second Amended Complaint is not a proper ground for reconsideration.

---

[3] Significantly, Plaintiffs' Second Amended Complaint also alleges that, in addition to wiretapping consumers viewing histories and other content, Defendants' scheme to wiretap consumers also included Defendants' unauthorized wiretapping and transmission to third parties of Smart TV users' **spoken words and conversations.** *See e.g.,* Compl. ¶¶ 39, 40, 44, 82 ("[U]sers users could not reasonably have anticipated that by using a voice controlled Smart TV, their private conversations would be transmitted, sometimes unencrypted, to a third party company"). It is undisputed that Defendants were not parties to these additional communications between Smart TV users. *See infra.*

[4] For purposes of clarity in this Opposition, Defendants' instant, two-part *Motion To Reconsider Or, In The Alternative, Motion To Certify Order Of August 21, 2019 For Interlocutory Appeal Pursuant To 28 U.S.C. § 1292(b)* will be separately referred to herein as the "Motion For Reconsideration" and the "Motion For Immediate Interlocutory Appeal" (collectively, "the Instant Motion" or "Def. Mot.").

2

Remarkably, Defendants' Instant Motion goes so far as to say that this Court's "error in [] logic is . . . obvious []." Def. Mot. at 9. But as the Court made clear in the Order, it is *Defendants* who are wrong; not the Court. *See* August 21, 2109 Order at 7 (holding that Defendants' contention – that they qualify for the Section 2511(2)(d) "party" exception to the Wiretap Act – is incorrect and "misstates Plaintiffs' allegations"). And because Defendants' Instant Motion simply attempts to reargue these exact facts (hoping the Court will somehow come to a different conclusion), it is clear that Defendants simply seek extra "bites at the same apple" – "bites" that they are not entitled to at this stage of the proceedings. *See, e.g., Tishcio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted) ("A motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple.").[5]

In addition, as detailed below, Defendants are procedurally barred from immediate interlocutory appeal because, on several different grounds, Defendants have failed to satisfy the statutory requirements under 28 U.S.C. § 1292(b) ("Section 1292(b)").

Accordingly, because no valid reasons for reconsideration and/or immediate interlocutory appeal are present in this case, Defendants' Instant Motion should be denied in its entirety.

## ARGUMENT

**I.    Defendants' Motion For Reconsideration Of The Court's August 21, 2019 Order**

**A.    Legal Standard Under Local Rule 7.1(i)**

In the District of New Jersey, Local Civil Rule 7.1(i) ("Rule 7.1(i)") governs motions for reconsideration. The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest

---

[5] In arguing that the Court should reconsider the Court's August 21, 2019 Order which ruled on the allegations contained in Plaintiffs' Second Amended Complaint, Defendants continue to focus on the Court's prior Order respecting Plaintiffs' prior, *First* Complaint, which is not the operative complaint at issue here, and is null and void. Def. Mot. at 4-5, 11-12. *See infra*.

3

injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted). Thus, "[t]he standard for reargument is high and reconsideration is to be granted only sparingly." *Bowers v. Nat'l. Collegiate Athletics Ass'n.*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001). See also *U.S. v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994); *Resorts Int'l , Inc. v. Greate Bat Hotel and Casino*, 830 F. Supp. 826, 821 (D.N.J. 1992) (holding that a motion for reconsideration "is an extremely limited procedural vehicle").

Rule 7.1(i) does not allow parties to restate arguments which the court has already considered. *See G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990). Thus, it is black letter law that "[r]econsideration motions . . . may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior . . . ." *NL Industries, Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). *See also Bowers*, F. Supp. at 613 (holding that "[reconsideration] motions are not an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers"). As such, a motion for reconsideration is improper when it is used to ask the Court to rethink what it had already thought through - rightly or wrongly. *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co. of Maryland*, 744 F. Supp. 1311, 1314 (D.N.J. 1990) (citations omitted).

In addition, "'[m]ere disagreement with a decision of the District Court . . . is inappropriate on a motion for [reconsideration].'" *Bowers*, 130 F. Supp. 2d at 612-13 (quoting *Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp. 834, 859 n. 8 (D.N.J.1992), aff'd mem., 37 F.3d 1485 (3d Cir. 1994). *See also G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and `recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'") (citation omitted); *Florham Park Chevron, Inc. v. Chevron, U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988). Accordingly, any difference of opinion with the court's decision must be dealt with through the normal appellate process. *Bowers*, 130 F. Supp. 2d at 612; *Florham Park Chevron, Inc.*, 680 F. Supp. at 162. *See also Chicosky v. Presbyterian Medical Ctr.*, 979 F. Supp. 316, 318 (D.N.J. 1997).

4

In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Tishcio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted).[6]

**B.     Defendants' Motion For Reconsideration Should Be Denied Because The Court Has Already Ruled In The August 21, 2019 Order That Defendants Were *Not* Parties To All Of The Communications At Issue, And Because Defendants Are Merely Attempting To Reargue The Facts Here**

**1.     The Court's August 21, 2019 Order Respecting Defendants' Motion To Dismiss Plaintiffs' Second Amended Complaint**

The Federal Wiretap Act, 18 U.S.C. § 2510(4) (the "Wiretap Act"), limits a party's legal right to collect or disclose personal information and/or private communications without informed consent. In its August 21, 2019 Order (the "Order"), the Court held that, under the facts as alleged by Plaintiffs in their Second Amended Complaint, Plaintiffs have properly stated a cognizable cause of action against Defendants under the Wiretap Act. Order at 7. The Court explicitly ruled that, because Plaintiffs have alleged that Defendants' Smart TVs "are able to track what Smart TV viewers are watching . . . [Plaintiffs' allegations in the Second Amended Complaint] *fall plainly . . . within the meaning of the Wiretap Act. Id.*[7]

In upholding Plaintiffs' Wiretap Act claims, the Court's August 21, 2019 Order rejected Defendants' argument that Defendants fell into the very narrow "party" exception to the Wiretap

---

[6] That an argument or fact was not explicitly mentioned by the court in its opinion or decision does not preclude a finding that it was not overlooked in the court's initial consideration of the matter. *See Eichorn v. AT&T Corp.*, 1999 WL 33471890 (D.N.J. Aug. 23, 1999).

[7] Specifically, the Court considered the allegations set forth in Plaintiffs' Second Amended Complaint, and the arguments raised in Defendants' Motion To Dismiss, and found that Plaintiffs presented a cognizable cause of action under the Wiretap Act. In so holding, the Court conducted the exact inquiry required by the Third Circuit. *See Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (holding that a court, in considering a Rule 12(b)(6) motion to dismiss, must reasonably read the complaint and decide whether plaintiffs have pled a cognizable cause of action entitling them to relief).

5

Act under 18 U.S.C. § 2511(2)(d) ("Section 2511(2)(d)"). Rather, the Court explicitly held that, under the facts as pled by Plaintiffs in their Second Amended Complaint: (i) Defendants were not parties to the communications at issue; (ii) the Section 2511(2)(d) "party" exception to the Wiretap Act does not apply to Defendants here; and (iii) Defendants can thus be held liable under the Wiretap Act. The Court ruled:

> Defendants' argument that they were parties to these communications is unavailing. . . . ***This argument misstates Plaintiffs' allegations***. Plaintiffs allege that Defendants surreptitiously installed software on their televisions that permitted Defendants to track their communications with streaming services, their cable providers, or other content providers to their televisions. . . . Because Defendants are not a party to that communication, the [Section 2511(2)(d) "party"] exception does not apply . . . .

Order at 7 (emphasis added).

The Court's Order further explained why the Section 2511(2)(d) "party" exception does not apply to Defendants under the facts as alleged in Plaintiffs' Second Amended Complaint:

> Plaintiffs allege that Defendants' Smart TVs 'continuously monitor and track, in real time, what consumers are watching' and that 'Defendants <u>then</u> transmit this private, confidential information to third parties.' SAC ¶ 39. (emphasis added). . . . Plaintiffs have therefore alleged that there are two separate 'communications': one from the content provider to the Smart TV, and another from the Smart TV to Defendants' servers. And while Defendants are parties to the latter communication, it is the former that Plaintiffs allege was unlawfully intercepted.

*Id*.

As such, the Court's August 21, 2019 Order held that Plaintiffs' Second Amended Complaint alleges a cognizable Wiretap Act claim against Defendants.

### 2. Defendants' Instant Motion For Reconsideration

The substance of Defendants' arguments in their instant Motion For Reconsideration is that the Court came to the wrong conclusion in its August 21, 2019 Order – not that the Court

6

overlooked controlling standards and law. Because Defendants apparently disagree with the Court's interpretation and application of Plaintiffs' factual allegations (as outlined in the Second Amended Complaint) to Plaintiffs' Wiretap Act claims (and because Defendants simply do not like the outcome of the Court's August 21, 2019 Order), Defendants' instant Motion For Reconsideration merely attempts to reargue the facts in hopes that the Court will somehow come to a result that better suits Defendants. However, it is well-settled that Defendants' disagreement with the Court's interpretation and application of the facts pled by Plaintiffs in the Second Amended Complaint is *not* a proper purpose or ground for submitting a motion for reconsideration under Local Civil Rule 7.1(i).  *See Bowers v. Nat'l. Collegiate Athletics Ass'n.*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001); *Chicosky v. Presbyterian Medical Ctr.*, 979 F. Supp. 316, 318 (D.N.J. 1997) *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990); *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co. of Maryland*, 744 F. Supp. 1311, 1314 (D.N.J. 1990) (citations omitted); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1988).  *Accord NL Industries, Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions . . . may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."); *Tishcio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted) ("A motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple.").

Remarkably, Defendants' Instant Motion goes so far as to say that this Court's "error in [] logic is . . . obvious []."[8]  But as the Court made clear in the August 21, 2019 Order, it is Defendants who are wrong; not the Court. *See* Order at 7 (holding that Defendants' arguments regarding the applicability of the Section 2511(2)(d) "party" exception to them under the facts as pled in Plaintiffs' Second Amended Complaint "misstates Plaintiffs' allegations").

In addition to Defendants simply disagreeing with this Court's decision and application/interpretation of the facts alleged by Plaintiffs in the Second Amended Complaint (and

---

[8] Def. Mot. at 9.

7

Defendants merely attempting to reargue those facts here), Defendants' arguments in the instant Motion For Reconsideration continue to focus on the Court's prior ruling on Plaintiffs' prior, *First* Complaint, which is null and void and is not the operative complaint at issue here. Def. Mot. at 3-5.  Rather, the operative complaint at issue on this Motion For Reconsideration is Plaintiffs' *Second* Amended Complaint (that alleges additional facts and explanatory details concerning Defendants' misconduct in this case, and which the Court reviewed, applied the facts to the law, and found sufficient grounds to uphold Plaintiffs' Wiretap Act claims in the August 21, 2019 Order).  Order at 7.  Thus, Defendants' misled arguments respecting the Court's prior decision on a non-operative (null and void), prior complaint have absolutely no merit and no relevance or bearing, whatsoever, on this Motion For Reconsideration.

Moreover and significantly, Plaintiffs' Second Amended Complaint also alleges that, in addition to tracking and transmitting to third parties exactly what users watch on their televisions (and other content), Defendants' scheme to wiretap consumers also includes Defendants' unauthorized wiretapping and transmission to third parties of Smart TV user's **spoken words and conversations**.  *See e.g.,* Compl. ¶¶ 39, 40, 44, 82 ("[U]sers users could not reasonably have anticipated that by using a voice controlled Smart TV, their private conversations would be transmitted, sometimes unencrypted, to a third party company"). It is undisputed that Defendants were not parties to these additional communications between Smart TV users (*i.e.*, additional communications which Plaintiffs have alleged Defendants also wiretap and transmit). *Id. See also U.S. v. Eady,* 648 F. App'x 188, 2016 U.S. App. LEXIS 8151 \*\*8-9 (3d Cir. 2016) (explaining that, under Section 2511(2)(d), "congressional intent and our [Third Circuit] precedent [holds that] a defendant does [] not actually participate in a conversation unless his presence is known to the other participants [as] . . . Congress intended to require actual participation in the conversation at issue to be considered a 'party'").  As such, Defendants' illegal wiretapping of the spoken words and communications between Smart TV users constitute additional violations by Defendants of the

Wiretap Act, and additional grounds for the Court to deny the Instant Motion in its entirety. *Id.*[9]

### C. Defendants' Motion For Reconsideration Is Not Permitted Under Rule 7.1 And Should Be Denied

As detailed above, Defendants' Motion For Reconsideration should be denied because Defendants have failed to meet the requirements under Local Civil Rule 7.1 for reconsideration by the Court. Furthermore, Defendants' Motion For Reconsideration should be denied because, in its August 21, 2019 Order, the Court already considered and rejected the identical arguments

---

[9] In the Instant Motion (but not in their Motion To Dismiss moving or reply papers), Defendants attempt to provide a self-serving interpretation of one Samsung Smart TV manual (not Sony) Def. Mot. at 5. For a plethora of compelling reasons, the one Samsung manual is equally unavailing and has absolutely no merit or bearing whatsoever on this Court's August 21, 2019 Order.

First, Defendants' reference to and interpretation of that document is completely self-serving and adds no merit to Defendants' arguments here because that document was solely prepared by Defendants themselves.

Second, there has been no discovery yet in this litigation; Defendants have created hundreds of user manuals during the Class Period; and all of the information and details, concerning the millions (or hundreds of millions) of communications and other confidential data/information that Defendants unlawfully wiretapped from consumers in this case, is exclusively within the Defendants' possession and control.

Third, Plaintiffs have alleged that, in addition to wiretapping communications from streaming services, cable providers, or other content providers, Defendants' unauthorized wiretapping in this case also included Defendants' tracking, recording, and transmitting of Smart TV users' *spoken words and conversations. See* Compl. ¶¶ 39, 40, 44, 82.

Fourth, Defendants failed to reference or cite to that one Samsung manual in their Motion To Dismiss moving papers or Reply Brief and they thus waived their right to rely on that one manual in the instant Motion For Reconsideration. *See NL Industries, Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) (holding "[r]econsideration motions . . . may not be used to . . . raise arguments or present evidence that could have been raised prior . . . ."); *Bowers*, F. Supp. at 613 (holding that "[reconsideration] motions are *not* an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers").

Finally, the fact that the Court did not specifically mention in the August 21, 2019 Order the one Samsung manual (not Sony) that Defendants first cited to in the Instant Motion does not preclude a finding that it was not overlooked in the court's initial consideration of the matter. *See Eichorn v. AT & T Corp.*, 1999 WL 33471890 (D.N.J. Aug. 23, 1999).

concerning the applicability of the Section 2511(2)(d) "party" exception made by Defendants here. Additionally, Defendants' Motion For Reconsideration should be denied because, as the Court made clear in the August 21, 2019 Order, Defendants are simply incorrect, as their argument is "unavailing [and] . . . misstates Plaintiffs' allegations." August 21, 2019 Order at 7.

## II.   Defendants' Motion For Immediate Interlocutory Appeal

### A.   Legal Standard

Codified in 28 U.S.C. § 1291, the final judgment rule provides that, with a few limited exceptions, federal appellate courts have jurisdiction to review only "final decisions of the district courts of the United States." *See* 28 U.S.C. § 1291; *Cunningham v. Hamilton Cty.*, 527 U.S. 198, 203 (1999). Section 1292(b) provides a very narrow exception to the final judgment rule. The statute imposes three criteria for the district court's exercise of discretion to grant a § 1292(b) "interlocutory" certificate, whereby a district court may certify an order for interlocutory appeal only where the order (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). *See also In re Dwek*, No. 10-4259, 2011 WL 487582, at *3 (D.N.J. Feb. 4, 2011) (citing *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 54 (3d Cir. 1974)). Each of the three certification requirements must be satisfied for an order to possibly be appropriate for interlocutory review. *Id.*[10]

Further, "[t]he decision to grant certification is within the district court's discretion, even if all three criteria are present." *Katz*, 496 F.2d at 754. In addition to demonstrating the three factors outlined in Section 1292(b), the movant must also show "that exceptional circumstances justify a departure from the basic policy of postponing the review until after the entry of final judgment." *In re Dwek*, 2011 WL 487582, at *3 (quoting *Truong v. Kartzman*, No. 06-3286, 2007 WL 1816048, at *2 (D.N.J. June 22, 2007)). Thus, an "[i]nterlocutory appeal under [Section] 1292(b) should be

---

[10] Litigants can only bring an immediate interlocutory appeal of a non-final order upon the consent of both the district court and the court of appeals. "This screening procedure serves the dual purpose of ensuring that such review will be confined to appropriate cases . . . ." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474–75 (1978).

'used sparingly'" and only in exceptional circumstances. *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996) (citation omitted). *See also James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002) (Because "Section 1292(b) is a departure from the normal rule that only final judgments are appealable," the statute "must be construed narrowly" and a district court should invoke its certification authority "sparingly and only in exceptional circumstances.").

Accordingly, a party displeased with a pretrial ruling cannot employ section 1292(b) merely to secure "early review of difficult rulings in hard cases." *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2008 WL 361082, at *1 (S.D.N.Y. Feb. 7, 2008) (citation omitted). Rather, "[t]he party seeking review bears the burden of showing that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand*, 437 U.S. at 475. *See also Katz*, 496 F.2d at 754; *In re Dwek*, No. 10-4259, 2011 WL 487582, at *3 (D.N.J. Feb. 4, 2011).[11]

**B.    Defendants Are Statutorily Barred From Seeking Immediate Interlocutory Appeal Because: (i) There Are No Substantial Grounds For Disagreement; (ii) The Issues Do Not Concern Controlling Questions Of Law; And (iii) There Are No Exceptional Circumstances**

In their Motion For Immediate Interlocutory Appeal under Section 1292(b), Defendants apparently seek to certify whether Wiretap Act claims may be properly asserted against a defendant where, as in the case at hand, the Court has already ruled that, under the facts as pled by the plaintiff in the operative complaint: (a) the defendant is not a party to the communications at issue; (b) the defendant does not qualify for the Section 2511(2)(d) "party" exception to the Wiretap Act; and (c) the plaintiff has stated a cognizable cause of action against the defendant under the Wiretap Act.

Defendants Motion For Immediate Interlocutory Appeal, however, should be denied because: (i) there are no substantial grounds for disagreement on whether a non-party to

---

[11] Indeed, the drafters of § 1292(b) were also of the view that it provided for review of interlocutory orders only in "exceptional" cases. *See* 1958 U.S.Code, Cong. Admin.News, pp. 5255, 5259, 5260-5261.

11

communications can qualify for the Section 2511(2)(d) "party" exception to the Wiretap Act; (ii) the factual allegations that Defendants seek to certify do not, and can not, involve controlling questions of law; and (iii) no exceptional circumstances of any kind apply to the Defendants here.

As such, there are no valid grounds here, whatsoever, that could possibly justify the grant to Defendants of an interlocutory appeal under Section 1292(b). Moreover, the Court should also deny Defendants' Motion For Immediate Interlocutory Appeal because, contrary to Defendants' assertion, the Court's ruling in its August 21, 2019 Order is correct.

## 1. Defendants Have Failed To Show That A Substantial Ground For Disagreement Exists On The Question Posed

Defendants have failed to identify a substantial ground for disagreement on the question of whether Wiretap Act claims may be properly asserted against a defendant where, as in the case at hand, the Court has already ruled that, under the facts as pled by the plaintiff in the operative complaint: (a) the defendant is not a party to the communications at issue; (b) the defendant does not qualify for the Section 2511(2)(d) "party" exception to the Wiretap Act; and (c) the plaintiff has stated a cognizable cause of action against the defendant under the Wiretap Act. This failure on the part of Defendants precludes certification for interlocutory appeal in this case.

"A substantial ground for difference of opinion exists when '(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the [governing circuit].'" *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 487, 539 (S.D.N.Y 2013). *See also Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010) (footnotes omitted) (holding a substantial ground for a difference of opinion may exist only if "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point . . . or if novel and difficult questions of first impression are presented").[12]

---

[12] "Just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." *Couch*, 611 F.3d at 633 (citing 3 Federal Procedure, Lawyers Edition § 3:212 (2010) (footnotes omitted)).

But in the instant case, the face of the statute itself, and all of the case law respecting the Wiretap Act (and also Section 2511(2)(d)), dictate that the "party" exception to the Wiretap Act can only be permitted where, unlike here, a court has determined that a defendant was in fact an actual party to all of the communications at issue. *See* 28 U.S.C. § 2511(2)(d) (holding that an exception to the Wiretap Acts only occurs if the person "is a party to the communication . . . ."). *Accord U.S. v. Eady*, 648 F. App'x 188, 2016 U.S. App. LEXIS 8151 **8 (3d Cir. 2016).

Defendants' failure to identify a single case from either a circuit or district court – holding that the Section 2511(2)(d) "party" exception to the Wiretap Act is permitted where a court has already ruled that the facts as pled in the operative complaint allege that a defendant was not a party to the communications at issue – confirms that a substantial ground for disagreement does not exist. *See Couch*, 611 F.3d at 633 (finding that a Defendant's failure to "provide[] a single case that conflicts with the district court's construction or application" of the relevant statute to be a "[s]ignificant[]" indication that a substantial ground for disagreement did not exist). *Accord Fenters v. Yosemite Chevron*, 761 F. Supp. 2d 957, 1005 (E.D. Cal. 2010) (observing that a "substantial ground for difference of opinion" requires more than "a showing that there is a dearth of case law, or that the issue is a question of first impression").

Further, in addition to the Instant Motion simply reiterating, here, the exact arguments made by Defendants in their Motion to Dismiss Plaintiffs' Second Amended Complaint (*i.e.*, arguments which this Court explicitly rejected and disagreed with in the August 21, 2019 Order),[13] Defendants' instant Motion continues to focus on the Court's prior Order concerning Plaintiffs' prior, *First* Complaint, which is null and void and is not the operative complaint at issue here. Def. Mot. at 11-12. Rather, the operative complaint at issue on Defendants' Motion To Dismiss and the instant Motion For Interlocutory Appeal is Plaintiffs' *Second* Amended Complaint (that alleges additional facts and explanatory details concerning Defendants' misconduct in this case, and which the Court reviewed, applied the facts to the law, and found sufficient grounds to uphold Plaintiffs' Wiretap Act claims in the August 21, 2019 Order). Order at 7. Thus, Defendants' misled arguments respecting the Court's prior Order on a non-operative (null and void), prior complaint

---

[13] *See supra* Reconsideration Section I, pp. 6-9 herein.

have absolutely no merit and no relevance or bearing, whatsoever, on this Motion For Immediate Interlocutory Appeal.

Moreover, Defendants' focus on the Court's prior Order respecting Plaintiffs' non-operative (null and void), *First* Complaint is really an attempt by Defendants to mislead the Court into concluding that, somehow, conflicting law exists on the question posed in the Instant Motion. Def. Mot. at 11-12.  However, Defendants' argument on this point is absurd, because the law concerning the Wiretap Act (and its limited exceptions) is well settled, (*i.e.*, the Section 2511(2)(d) exception only can apply where, unlike here, a court finds that the defendant was a party to all of the communications at issue), and also because Plaintiffs' prior, non-operative *First* Complaint on which Defendants attempt to rely is null and void, and is simply not at issue here.

As such, there is no substantial ground for disagreement on the question posed here because: (i) not a single district or circuit court in the country has ever applied the Section 2511(2)(d) "party" exception where, as here, a court has already ruled that a defendant was not a party to the communications at issue under the facts as alleged by a plaintiff; (ii) the circuits are not in dispute – but in harmony – on the question posed by Defendants here; and (iii) Third Circuit has already spoken on the question posed. *See, e.g., U.S. v. Eady,* 2016 U.S. at \*\*8 (explaining that the "party" exception under Section 2511(2)(d) only applies where the Court finds that the defendant was an actual "party" to the communications at issue).  Accordingly, Defendants are statutorily barred under 28 U.S.C. § 1292(b) from seeking immediate interlocutory appeal.

### 2. Defendants Have Failed To Show That The Question Posed Involves A Controlling Question Of Law

The Defendants have not shown – because they cannot show – that the question posed by Defendants involves a controlling question of law. This failure on the part of Defendants also precludes certification for interlocutory appeal in this case.

As set forth above (*see supra* Reconsideration Section I, pp. 6-9 herein), Defendants arguments merely challenge the Court's interpretation and application of the facts as pled by Plaintiffs in the Second Amended Complaint.  It is well settled, however, that "[Section] 1292(b) is

14

not designed for review of factual matters but addresses itself to a "controlling question of law.""" *Link v. Mercedes-Benz of N. Am., Inc.*, 550 F.2d 860, 863 (3d Cir. 1977) (quoting *Johnson v. Alldredge*, 488 F.2d 820 (3d Cir. 1973) (emphasis added)).

Moreover, as also set forth above, the law on when a Section 2511(2)(d) "party" exception to the Wiretap Act applies is clear cut (*i.e.,* the exception only can apply where, unlike here, a court finds that the defendant was an actual party to all of the communications at issue). *See, e.g., U.S. v. Eady*, 648 F. App'x 188, 2016 U.S. App. LEXIS 8151 **8 (3d Cir. 2016) (explaining that the "party" exception under Section 2511(2)(d) only applies where the Court finds that the defendant was an actual "party" to the communications at issue). Thus, there is absolutely no question as to the controlling law.

As such, Defendants' Instant Motion does not present a controlling question of *law* because the law on the question posed is well settled and also because Defendants' Instant Motion simply attempts to reargue *the facts* of the case. For these reasons also, Defendants are statutorily barred under Section 1292(b) from seeking immediate interlocutory appeal.

    **C.    Defendants' Motion For Immediate Interlocutory Appeal Should Be Denied Because Defendants Have Failed To Satisfy The Statutory Requirements Under Section 1292(b) And Also Because No Exceptional Circumstances Exist**

As detailed above, Defendants have failed to satisfy the statutory requirements under 28 U.S.C. § 1292(b) which could possibly allow for an immediate interlocutory appeal in this case. In addition, Defendants have failed to show that this case falls within the very narrow category of "exceptional circumstances" where an interlocutory appeal is warranted. Accordingly, the Court should deny Defendants' Instant Motion For Immediate Interlocutory Appeal.

## CONCLUSION

For the reasons stated above, Defendants' Motion To Reconsider Or, In The Alternative, Motion To Certify Order Of August 21, 2019 For Interlocutory Appeal Pursuant To 28 U.S.C. §

15

1292(b), should be denied in its entirety.

DATED: October 16, 2019

                                              Respectfully submitted,

                                              THE MACK FIRM

                                              By: /s/ Mack Press
                                                     9 Pimlico Drive
                                                     Commack, NY 11725
                                                     mack@mackpress.com
                                                     (516) 330-7213