# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS ROGER WHITE, JR. and PATRICIA CAULEY on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC. and SONY ELECTRONICS INC.,<br><br>Defendants. | Civil Action No. 17-1775 (MCA) (JAD)<br><br>Hon. Madeline Cox Arleo, U.S.D.J.<br>Hon. Joseph A. Dickson, U.S.M.J.<br><br>**Return Date:  November 11, 2019**<br><br>Oral Argument Requested<br><br>*Document Electronically Filed* |

**DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S REPLY IN SUPPORT OF MOTION TO RECONSIDER OR, IN THE ALTERNATIVE, MOTION TO CERTIFY ORDER OF AUGUST 21, 2019 FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

GIBBONS PC
One Gateway Center
Newark, NJ 07102
Tel: (973) 596-4500

*Attorneys Samsung Electronics America, Inc.*

COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000

*Attorneys for Samsung Electronics America, Inc.*

**REPLY IN SUPPORT OF MOTION TO RECONSIDER OR, IN THE ALTERNATIVE, MOTION TO CERTIFY ORDER**

**I. PLAINTIFFS' ARGUMENTS AGAINST RECONSIDERATION ARE WITHOUT MERIT.**

Plaintiffs' Opposition essentially makes two points against reconsideration, both of which are without any legal basis.

*First*, Plaintiffs restate the Court's conclusion that the Second Amended Complaint ("SAC") alleged that there were "two separate 'communications': one from the content provider to the Smart TV, and another from the Smart TV to the Defendants' servers," and that the Defendants are not a party to communications from "content provider to the Smart TV." ECF No. 113 ("Opp.") at 5–6 (citing ECF No. 104 ("August 2019 Order") at 7). Plaintiffs then argue that since the First Amended Complaint ("FAC") is "null and void," Opp. at 3 n.5, 8, 13–14, the Court's prior decision dismissing it has "no relevance or bearing" on the Motion for Reconsideration. *Id.* at 8, 14. The argument is simply wrong and fundamentally misses the point.

This Court previously dismissed the Wiretap Act claim in the FAC, concluding that Defendants were, in fact, parties to users' communications through their Smart TVs. ECF No. 82 ("September 2018 Order") at 6 ("[T]he Court finds that Plaintiffs have failed to allege a Wiretap Act violation because ***Defendants are parties to the communications*** discussed in the Amended Complaint.") (emphasis added). And, the Court further noted that ***Plaintiffs did not dispute*** that Defendants were parties to the communications at issue. *Id*. Plaintiffs do not address, let alone dispute, that the allegations of intercepted communications in the First and Second Amended Complaints are identical in all material respects. *See* ECF No. 105-1 ("Mot.") at 3, n.1 (comparing ¶ 41 of the FAC with ¶ 39 of SAC). The critical fact is that, as pled in both complaints, Plaintiffs are communicating at all times through Samsung's Smart TVs, and a

1

communication "to" a Smart TV is necessarily a communication through Samsung's servers, to which Samsung is a party—that is what makes the TV "smart." *See* ECF No. 88 ("SAC") ¶¶ 31–37 & Ex. 3.

Plaintiffs' argument that the Court's ruling on the motion to dismiss the FAC is somehow "null and void" finds no support in the law, and is contrary to the purposes of reconsideration— "to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Regardless of whether the FAC has been superseded by the SAC, the Court's application of the law to the allegations in the FAC in the September 2018 Order remains relevant precedent. The FAC, and the Court's order dismissing it, do not cease to exist. The Court can still compare the SAC with the FAC and see that the relevant portions of the two complaints made the same allegations that Samsung is a party to the alleged communications at issue. The Court expressly found in its September 2018 Order that "Defendants are parties to the communications discussed in the Amended Complaint," ECF No. 82 at 6, and Samsung respectfully submits that the Court erred by misconstruing the materially unchanged allegations in the SAC, *see* Mot. at 4.

*Second*, Plaintiffs make the new and misguided argument that, with respect to the interception allegations in the SAC concerning "Smart TV user's spoken words and conversations," Defendants were clearly "not parties to these additional communications"—even if Defendants *were* parties to "what users watch on their televisions." Opp. at 8–9. This purported distinction between "spoken words and conversations" and "what users watch" is meaningless. Neither the Plaintiffs' pleadings and prior arguments nor the Court's prior orders have made any such distinction. Moreover, Plaintiffs explicitly allege in the SAC and incorporated exhibits that Samsung's Smart TVs are "voice controlled" and that users

2

consistently interact with Samsung's Smart Hub platform (including to communicate what they want to watch) by voice commands. *See* SAC ¶¶ 31–39, 44, 82 & Ex. 3.[1]

More important, Plaintiffs' purported distinction does not take their allegations outside the "party exception" to the Wiretap Act. *See* 18 U.S.C. § 2511(2)(d) (providing "[i]t shall not be unlawful under [the Wiretap Act] for a person not acting under color of law to intercept a . . . communication where such person is a party to the communication"). Samsung's Motion cites numerous cases demonstrating that "where information is transmitted to a defendant's device, the defendant is a party to the communication and cannot 'intercept' the communication as a matter of law." *See* Mot. at 7 (citing cases). The Opposition does not address cases applying this exception, further demonstrating that reconsideration is appropriate here.[2]

Furthermore, Plaintiffs fail to address the broader implications of the Court's August 2019 Order noted in Samsung's Motion: the Court's decision to reverse its prior application of the "party exception" to the allegations in this case places at risk *any* smart device that hosts apps—an interpretation that stretches the Wiretap Act beyond recognition and creates a manifest injustice warranting reconsideration. Mot. at 8–9.

---

[1] Because the Samsung Smart TV manual is expressly incorporated into and attached to the SAC, Plaintiffs' characterization of its content as "self-serving," Opp. at 9 n.9, is misplaced. *See* SAC ¶ 15 n.7 & Ex. 3; *see also id.* ¶ 34 n.12, ¶ 35 n.13, ¶¶ 36–37 n.14; *see generally D'Costa v. Plaza*, No. 15-530 (MCA), 2017 WL 2213141, at *3 (D.N.J. May 18, 2017) (documents "integral to or explicitly relied upon in the complaint" properly considered on motion to dismiss) (citation omitted). As explained in Samsung's Motion, the manual confirms that Samsung is involved in all Smart TV communications. *See* Mot. at 5. And, although Plaintiffs complain that Samsung did not refer to the manual in its motion to dismiss the SAC, Opp. at 9 n.9, Samsung had no reason to do so precisely because the Court's September 2018 Order had held the "party exception" to the Wiretap Act barred Plaintiffs' claim, and the Wiretap allegations in the SAC were unchanged from their prior pleading.

[2] Plaintiffs also fail to dispute Samsung's showing that the cases the Court cited in its August 2019 Order to reason that Samsung is not a party to the communications at issue actually support Samsung's position here. *See* Mot. at 7 (discussing *Allen v. Quicken Loans Inc.*, No. 17-12352 (ES) (MAH), 2018 WL 5874088, at *4 (D.N.J. Nov. 9, 2018), and *Luis v. Zang*, 833 F.3d 619, 627 (6th Cir. 2016)).

3

Plaintiffs' attempted reliance on *U.S. v. Eady*, 648 F. App'x 188 (3d Cir. 2016), is misplaced. In that case, the Third Circuit emphasized that Congress enacted the Wiretap Act to prohibit interceptions "by an unseen auditor." Mot. at 6 n.3 (quoting *Eady*, 648 F. App'x. at 192). As Samsung has shown, the SAC's allegations and exhibits concerning the interactive features of the Samsung Smart TVs, *see* SAC ¶¶ 33–37 & Ex. 3, preclude any inference that Samsung is "unseen." To the contrary, it is obvious that Samsung's "presence is known to the other participants," *Eady*, 648 F. App'x at 192, and Samsung is "one who takes part in the conversation" to deliver programming content on command to users, *id.* at 192 (quoting *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 806 F.3d 125, 143 (3d Cir. 2015) (internal quotations omitted))—exactly as this Court decided in its September 2018 Order at 6.

Indeed, as explained in Samsung's Motion, similar allegations in *Zak v. Bose Corp.*, No. 17-02928 (ARW), 2019 WL 1437909 (N.D. Ill. Mar. 31, 2019), about the transmission of media information to the Bose device from other applications on that plaintiff's smart phone were dismissed under the "party exception" of the Wiretap Act. *See* Mot. at 5–6 (discussing *Bose Corp.*, 2019 WL 1437909, at *3). The Opposition does not address *Bose*, a case decided after briefing was complete on Defendants' motion to dismiss—further demonstrating that reconsideration on the application of the Wiretap Act to Plaintiffs' claim is appropriate.[3]

## II. PLAINTIFFS' ARGUMENTS AGAINST CERTIFICATION ARE MERITLESS.

Plaintiffs' three arguments opposing Section 1292(b) certification are unsupported by law.

---

[3] Plaintiffs' argument, Opp. at 1 n.1, that Defendants do not deny they "surreptitiously wiretap consumers" is factually and legally meritless. Defendants' motion to dismiss was necessarily premised upon the facts alleged, and even under those facts, Plaintiffs' legal claims cannot survive. To be clear, Samsung denies it "surreptitiously wiretap[ped]" or "secretly transmit[ted]" Plaintiffs' communications.

*First*, Plaintiffs' contention that there is no substantial ground for disagreement as to whether the Wiretap Act's "party exception" applies willfully ignores the Court's prior ruling that the "party exception" *did* apply to the exact same allegations in the FAC—again, mistakenly claiming the Court's September 2018 Order is "null and void." *See* Mot. at 13–14.  A "substantial ground for difference of opinion," 28 U.S.C. § 1292(b), certainly exists where different court decisions reach opposite legal conclusions based on identical facts.  Further, the Third Circuit's decisions in *Google*, 806 F.3d 125 (3d Cir. 2015), and *In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262 (3d Cir. 2016), applied the "party exception" to dismiss Wiretap Act claims against technology companies in analogous circumstances.  Plaintiffs cannot and do not refute these fundamental points.

*Second*, Plaintiffs' contention that there is no "controlling question of law" because the "party exception" is "clear cut" and "well settled," Opp. at 14–15, is flawed.  Plaintiffs offer no explanation for how two opposite rulings on the same alleged facts can be "clear cut" and "well settled," particularly given the Third Circuit's guidance in *Google* and *Nickelodeon*, with which the Court's recent ruling conflicts.  More significantly, Plaintiffs' argument ignores the meaning of the statutory phrase, "controlling question of law."  This term refers to a legal conclusion that, if erroneous, "would be reversible on final appeal," or is "serious to the conduct of the litigation either practically or legally."  *Katz v. Carte Blanche Corp*, 496 F.2d 747, 755 (3d Cir. 1974); *see* Mot. at 10 (citing cases).  That standard is met here because, if Samsung is correct, application of the "party exception" to Plaintiffs' allegations would result in dismissal of the entire complaint, avoiding wasted trial time and litigation burden for the Court and the parties.  *See* Mot. at 11.  Plaintiffs do not address this point at all.

*Finally*, Plaintiffs simply assert without explanation that there are no "exceptional circumstances" here.  Opp. at 15.  However, they do not dispute that an immediate appeal would materially advance the ultimate termination of the litigation, further supporting certification if the Court does not reconsider its August 2019 Order.  *See* Mot. at 12.

## CONCLUSION

The Court should reconsider its ruling that the "party" exception does not apply to Plaintiffs' Wiretap Act claim or, in the alternative, certify this issue for interlocutory appeal.

Dated:  November 4, 2019

Respectfully submitted,

By: /s Michael R. McDonald
MICHAEL R. MCDONALD
mmcdonald@gibbonslaw.com
KATE ELIZABETH JANUKOWICZ
kjanucowicz@gibbonslaw.com
GIBBONS P.C.
One Gateway Center
Newark, NJ 07102
Telephone: (973) 596-4500

ERIC C. BOSSET (*pro hac vice*)
ebosset@cov.com
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, D.C. 20001
Telephone: (202) 662-6000

SIMON J. FRANKEL (*pro hac vice*)
sfrankel@cov.com
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA 94102
Telephone: (415) 591-6000

*Attorneys for Defendant*
**SAMSUNG ELECTRONICS AMERICA, INC.**