UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS ROGER WHITE, JR., et al.,<br><br>*Plaintiffs*,<br>v.<br>SAMSUNG ELECTRONICS AMERICA, INC., et al.,<br><br>*Defendants.* | Civil Action No. 17-1775<br><br>ORDER |

**THIS MATTER** comes before the Court on Defendant Samsung Electronics America, Inc.'s ("Samsung") Motion for Reconsideration, ECF No. 105,[1] of the Court's August 20, 2019 Order granting in part and denying in part Defendants' motion to dismiss, ECF No. 104 (the "August 20, 2019 Order");

and it appearing that Plaintiffs Thomas Roger White, Jr. and Patricia Cauley (collectively, "Plaintiffs") oppose the Motion, ECF No. 113;

and it appearing that the August 20, 2019 Order denied Defendants' motion to dismiss as to Count 4 of Plaintiffs' Second Amended Complaint ("SAC"), which involves claims under the federal Wiretap Act, 18 U.S.C. § 2510, see August 20, 2019 Order at 6-7; see also SAC ¶¶ 161-74, ECF No. 88;

and it appearing that Defendants seek reconsideration of that portion of the August 20, 2019 Order pursuant to Local Rule 7.1 or, in the alternative, that the Court certify Defendants' Wiretap Act claim for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), see Def. Br. at 1-2, ECF No. 105.1;

---

[1] Defendant Sony Electronics Inc. ("Sony" or, with Samsung, "Defendants") filed a notice joining Samsung's Motion for Reconsideration. See ECF No. 106. The Court will treat the instant motion as filed by both Defendants.

1

and it appearing that reconsideration "is an extraordinary remedy that is rarely granted," Walsh v. Walsh, No. 16-4242, 2017 WL 3671306, at *1 (D.N.J. Aug. 25, 2017), and in order to prevail on a motion for reconsideration, the movant must demonstrate "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice," Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999);

and it appearing that "[e]vidence or arguments that were available at the time of the original decision will not support a motion for reconsideration," Lampon-Paz v. Dep't of Justice, No. 16-9071, 2017 WL 6403003, at *1 (D.N.J. Sept. 19, 2017);

and it appearing that Defendants argue that the Court should reconsider the August 20, 2019 Order because in an Order dated September 26, 2018 dismissing Plaintiffs' First Amended Complaint ("FAC"), the Court found that the "party exception" to the Wiretap Act applied,[2] barring Plaintiffs' claims, yet in the August 20, 2019 Order, the Court found the party exception did not apply to substantially identical allegations in the SAC, compare ECF No. 82 at 5-6 ("September 26, 2018 Order") with August 20, 2019 Order at 6-7; see also Def. Br. at 3-4;

and it appearing that the law of the case doctrine "is a set of rules 'developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit,'" Brennan v. William Patterson College, 34 F. Supp. 3d 416, 427 (D.N.J. 2014) (quoting Wright & Miller, Federal Practice and Procedure Jurisdiction § 4478, at 637-38 (2d ed.));

and it appearing that the law of the case doctrine "does not limit a federal court's power; rather, it directs its exercise of discretion," Pub. Interest Research Grp. of N.J., Inc. v. Magnesium

---

[2] The "party exception" provides that "[i]t shall not be unlawful . . . for a person . . . to intercept a wire, oral or electronic communication where such person is a party to the communication." 18 U.S.C. § 2511(2)(d).

2

Elktron, Inc., 123 F.3d 111, 116 (3d Cir. 1997) (citations omitted), and that the Court "has the power to revisit prior decisions of its own or of a coordinate court in any circumstance," Christianson v. Colt Indus. Operating Corp, 486 U.S. 800, 817 (1988);[3]

and it appearing that the Wiretap Act allegations in the First Amended Complaint ("FAC"), ECF No. 45, and the SAC are substantially similar, but the SAC more clearly indicates that there are two relevant communications at issue, namely that there is <u>first</u> a communication between a consumer and a content provider who transmits content to the consumer's Smart TV (manufactured by Defendants), and <u>second</u> that there is a communication between the Smart TV and the Defendants' servers, conveying what content the consumer has viewed, <u>compare</u> FAC ¶ 41 <u>with</u> SAC ¶ 39;

and it appearing that, accepting the SAC's allegations as true, the Court is satisfied Plaintiffs have adequately stated a Wiretap Act claim because, accepting the allegations as true, the SAC alleges that Defendants are not a party to the first communication, so the party exception cannot apply, <u>see</u> August 20, 2019 Order at 6; <u>see also</u> Brennan, 34 F. Supp. 3d at 426-29 (declining to apply law of the case doctrine and dismiss certain counts of an amended complaint even though those counts "were concededly parallel to counts that . . . [the court had previously] dismissed" because the factual and legal context had been "alter[ed]" and the inquiry was "highly fact-sensitive");[4]

---

[3] The Third Circuit has noted that courts may depart from the law of the case doctrine at its discretion, "includ[ing] situations in which: (1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice." Public Interest Research Grp., 123 F.3d at 117.

[4] Defendants' argument that the party exception applies here because "Plaintiffs are communicating at all times through Samsung's Smart TVs," Def. Br. at 6, sweeps too far and misunderstands the Court's August 20, 2019 Order. Adopting that reading of the party exception would imply that a smartphone manufacturer is a party to every action a consumer takes when using an app on that device, such that the manufacturer could never be held liable under the Wiretap Act. The issue here is not whether "the smartphone maker . . . is violating the Wiretap Act by 'intercepting' every communication that a user makes on the phone . . . simply by <u>hosting</u> the user's communications," Def. Br. at 8 (emphasis added). The SAC alleges more than Defendants' "hosting" of a communication; it alleges that Defendants are "<u>track[ing]</u>" the communication between consumers and content providers on their Smart TVs, transmitting that

and it appearing that the recent case relied on by Defendants is distinguishable, in that the plaintiff's briefing "clarified . . . [that the defendant] is a known participant in—and intended recipient of—the communication," such that the party exception applied despite a conclusory allegation to the contrary, see Zak v. Bose Corp., No. 17-2928, 2019 WL 1437909, at *3-4 (N.D. Ill. Mar. 31, 2019), whereas that factual issue is legitimately in dispute here, see supra n. 4;

and it appearing that reconsideration of the August 20, 2019 Order is therefore not warranted here;

and it appearing that Defendants request that, in the alternative, the Court certify for interlocutory appeal the issue of whether the party exception applies to Defendants, see Def. Br. at 9-13;

and it appearing that an interlocutory appeal may be granted where: (1) an "order involves a controlling question of law," (2) "there is substantial ground for difference of opinion" on that question of law, and (3) "an immediate appeal . . . may materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b);

and it appearing that an "interlocutory appeal materially advances litigation if it (1) eliminates the need for trial, (2) eliminates complex issues so as to simplify the trial, or (3) eliminates issues to make discovery easier and less costly," Guidotti v. Legal Helpers Debt Resolution, LLC, No. 11-1219, 2017 WL 89556, at *3 (D.N.J. Jan. 9, 2017) (citing F.T.C. v. Wyndham Worldwide Corp., 10 F. Supp. 3d 601, 635 (D.N.J. 2014));

---

information to Defendants' servers, and selling it without consumers' consent. See SAC ¶ 39. These allegations demonstrate the distinction between one who merely hosts a communication (as any smartphone manufacturer does when a consumer uses an app on the manufacturer's device) and one who intercepts a communication under the Wiretap Act. Said differently, every act of hosting content is not automatically considered an interception under the Wiretap Act. See 18 U.S.C. § 2510(4) (defining "intercept" as "the aural or other acquisition of the content of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device") (emphasis added). To the extent that Defendants claim that their technology works differently, i.e., that consumers really do interface with Defendants to receive their programming such that Defendants are a party to the first communication, then that is a fact issue that can be resolved through discovery.

and it appearing that an interlocutory appeal would not materially advance the instant litigation because only one claim remains, and brief discovery could more conclusively establish whether Defendants were in fact a party to the communications in dispute, such that application of the party exception could be raised again at the summary judgment stage, see also Galicki v. New Jersey, No. 14-169, 2016 WL 7494257, at *3 (D.N.J. Dec. 1, 2016) (noting that interlocutory appeal is inappropriate on factual issues or "the application of the acknowledged law to the facts of a particular case") (citations omitted);[5]

**IT IS** on this 24th day of March, 2020;

**ORDERED** that Defendants' Motion for Reconsideration, ECF No. 105, is **DENIED**.

*/s Madeline Cox Arleo*
**HON. MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**

---

[5] Even if the Court found that all three criteria weighed in favor of granting an interlocutory appeal, Defendants "must show exceptional circumstances warranting a departure from the basic policy of postponing the review until after the entry of final judgment." In re Valeant Pharma. Int'l, Inc. Secs. Litig., No. 15-7658, 2019 WL 6799090, at *5 (D.N.J. Dec. 5, 2019) (citations and quotation marks omitted). Defendants have not offered any exceptional circumstances warranting interlocutory appeal here. See also id. (finding no extraordinary circumstances were present where the case was "in its infancy, and the parties have only begun to exchange discovery and have not yet engaged in any depositions").