Exhibit 3

# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Mark S. Melodia
+1 212-513-3583
Mark.Melodia@hklaw.com

May 8, 2020

*Via E-mail (mack@mackpress.com)*

Mack Press Esq.
The Mack Firm
9 Pimlico Court
Commack, NY  11725

> Re: Renewed Demand for Dismissal of Complaint and Individual (Non-Class) Arbitration

Dear Mack:

I write on behalf of Sony Electronics Inc. ("SEL") in connection with the case *White, et al. v. Sony Electronics Inc., et al.*, docketed in the United States District Court for the District of New Jersey as Case 2:17-cv-01775-MCA-SCM (the "Action").

On November 25, 2019, on behalf of SEL, I sent you a demand to dismiss the Action from federal court and proceed in individual (non-class) arbitration with Sony.  We renew that demand in advance of the May 12, 2019 status conference with Magistrate Judge Dickson.

In the prior demand, we adverted to the terms of the Limited Warranty contained in each box of Sony Smart TVs of the make and model Mr. White has identified.  That Limited Warranty includes an arbitration provision and a class action waiver.

In addition to renewing our demand, I write to inform you of an additional in-box disclosure, the End User License Agreement or EULA (please see attached).  As you can see, the EULA states:

> If you do not agree to the terms of this EULA as amended from time to time by Sony in its discretion, Sony is unwilling to license the Sony Software (as defined below) to you and you should before using the Sony Product promptly contact Sony for instructions on the return of the entire Sony Product and included Sony Software for a refund of the purchase price of the Sony Product.

Anchorage | Atlanta | Austin | Boston | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Houston | Jacksonville | Lakeland
Los Angeles | Miami | New York | Orlando | Philadelphia | Portland | San Francisco | Stamford | Tallahassee | Tampa | Tysons
Washington, D.C. | West Palm Beach

Mack Press Esq.
May 8, 2020
Page 2

This EULA includes an agreement to arbitrate all "Disputes".  "Dispute" is defined as "any disagreement, cause of action, claim, controversy, or proceeding between you and any Sony entity related to or arising out of the Sony Product, Sony Software, Sony Services & Content or this EULA."  Id., in the Section marked **"RESOLVING DISPUTES; ARBITRATION; SMALL CLAIMS WAIVER"**.  As with the Limited Warranty, the EULA requires that all disputes be submitted to arbitration with AAA, pursuant to AAA's Expedited Procedures of the Commercial Arbitration Rules.  Id., in the section marked **"ANY DISPUTE THAT IS NOT RESOLVED THROUGH THE INFORMAL NEGOTIATION PROCESS DESCRIBED ABOVE SHALL BE RESOLVED EXCLUSIVELY THROUGH BINDING ARBITRATION**."

It further states, under **"JURY TRIAL WAIVER"**, **"THE PARTIES HERETO WAIVE TRIAL BY JURY WITH RESPECT TO ANY MATTERS ARISING UNDER OR RELATING TO THIS EULA."**

The EULA also provided Plaintiff a chance to opt out within 30 days.  Mr. White did not.

Mr. White instead set up and used his Sony Smart TV.  As set forth in the Second Amended Complaint, paragraph 16:

> Mr. White connected his Smart TVs to the Internet via a Wi-Fi connection shortly after purchasing it, and used "apps" like the Netflix, Hulu, and YouTube on the television to stream video content. He also uses his Smart TV to watch cable television, use other "smart" features, and play PlayStation and use a DVD player.

Plaintiff did not opt out within the 30 days provided by the Limited Warranty and/or the EULA.  Having agreed to the terms of the Limited Warranty – and the EULA – plaintiff must dismiss this action and proceed in individual (non-class) arbitration.

Sincerely yours,

HOLLAND & KNIGHT LLP

*Mark S. Melodia*

Mark S. Melodia

MSM:tl

cc:    Paul Bond

#74778691_v2