## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS ROGER WHITE, JR. and PATRICIA CAULEY on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC. and SONY ELECTRONICS INC.,<br><br>     Defendants. | Civil Action No. 17-1775 (MCA) (JAD)<br><br><br>Hon. Madeline Cox Arleo, U.S.D.J.<br>Hon. Joseph A. Dickson, U.S.M.J.<br><br>*Document Electronically Filed* |

## DEFENDANT SONY ELECTRONICS, INC. MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEVER UNDER FEDERAL RULE CIVIL PROCEDURE 21

Holland & Knight LLP
31 W. 52nd Street
New York, NY  10019
Tel:  (212)-513-3200

*Attorneys for Sony Electronics, Inc.*

**Table of Contents**

**Page**

I.     PRELIMINARY STATEMENT .....................................................1

II.    FACTUAL AND PROCEDURAL BACKGROUND ...................................1

III.   LEGAL STANDARD ...........................................................6

IV.    LEGAL ARGUMENT ...........................................................7

A.     Sony and Samsung Have Been Misjoined Under Rule 20(a)(2).....................7

B.     Even If Plaintiffs Met The Rule 20(a)(2) Standard To Join Defendants The

       Court Should Sever Sony and Samsung For Just Administration..................9

V.     CONCLUSION................................................................11

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

<u>Acosta v. Anthem Lounge</u>,
  2019 U.S. Dist. LEXIS 180568 (D.N.J. Oct. 18, 2019)............................................................7

<u>Acosta v. Highway Entm't</u>,
  2020 U.S. Dist. LEXIS 68595 (D.N.J. Apr. 20, 2020) (Arleo, J.)............................................8

<u>FTC v. Endo Pharm., Inc.</u>,
  No. 16-1440, 2016 U.S. Dist. LEXIS 145329 (E.D. Pa. Oct. 20, 2016) ..................................6

<u>Henderson v. AT&T Corp.</u>,
  918 F. Supp. 1059 (S.D. Tex. 1996) ......................................................................................10

<u>Malibu Media, LLC v. Does</u>,
  2013 U.S. Dist. LEXIS 183958 (D.N.J. Apr. 19, 2013) .............................................7, 8, 9, 10

<u>Morris v. Kesserling</u>,
  No. 09-1739, 2010 U.S. Dist. LEXIS 132122, 2010 WL 5158412 (M.D. Pa.
  Dec. 14, 2010)............................................................................................................................9

<u>Official Comm. of Unsecured Creditors v. Shapiro</u>,
  190 F.R.D. 352 (E.D. Pa. 2000).............................................................................................6, 9

<u>United States ex rel. St. John LaCorte v. SmithKline Beecham Clinical Labs.,</u>
  <u>Inc.</u>,
  149 F.3d 227 (3d Cir. 1998).......................................................................................................6

<u>State v. Torres</u>,
  No. A-5901-13T4, 2017 N.J. Super. Unpub. LEXIS 1322, at *7-8 (Super. Ct.
  App. Div. May 31, 2017).............................................................................................................3

**Statutes**

18 U.S.C. § 2510.............................................................................................................................4

**Rules**

Fed. R. Civ. P. 20(a)(2)................................................................................................................7, 9

Fed. R. Civ. P. 21 ............................................................................................................................6

**Treatises**

4 Moore, Moore's Federal Practice § 21.02(1) .................................................................6

## I.   PRELIMINARY STATEMENT

Defendant Sony Electronics Inc. ("Sony") moves to sever the case against it from that against Defendant Samsung Electronics America, Inc. ("Samsung"). This would establish a separate docket solely with respect to Plaintiff Thomas Roger White, Jr.'s claims against Sony. Plaintiff Patricia Cauley does not allege that she bought a Sony TV, and therefore has no claim against Sony. White does allege he bought a Sony Smart TV, but that does not entitle him to drag Sony into his dispute with its direct competitor, Samsung. Sony would be prejudiced should the case proceed in its current state, joined with Samsung. Each case will now turn on the design and operation of Sony's and Samsung's respective Smart TVs. The facts of one will do nothing to establish federal Wiretap Act liability as to the other. These are now two unrelated cases against two independent actors, and they should proceed individually.[1]

## II.   FACTUAL AND PROCEDURAL BACKGROUND

This action was originally filed on March 16, 2017, but up until the Court's Order on March 24, 2020, the sole issue has been the facial sufficiency of the pleadings. The defendants originally included Sony, Samsung, and LG Electronics

---

[1] Sony has filed, at the same time, a Motion to Compel Individual (Non-Class) Arbitration and/or Dismiss for Lack of Jurisdiction. Severance is a purely procedural matter and we request that the Court sever these dockets independent of whether Sony's other Motion is granted.

USA, Inc. as well as their foreign parent companies (which Plaintiffs never served).

**[DE #1]**.  Six months later, on September 26, 2017, the case was administratively terminated by agreement of the parties so Plaintiffs could consider possible amendments.  **[DE #38]**.  On January 2, 2018, the case was restored to the active list on Plaintiffs' request and Plaintiffs filed a First Amended Complaint on January 17, 2018.  **[DE #42, #45]**.  Defendants moved to dismiss the First Amended Complaint on February 23, 2018.  **[DE #54]**.  On March 20, 2018, the parties entered a Proposed Discovery Plan.  **[DE #60]**.  In the course of that filing, Defendants argued for a stay of discovery until a decision on the Motion to Dismiss, noting that Plaintiffs' claims "potentially implicate a wide range of competitively-sensitive information" and that proceeding with discovery in this context would require the parties to "negotiate a complex set of protective orders in order to address any risk of competitive injury."

Id. at p. 3.  Defendants also noted:

> Defendants may also seek severance because each of the Defendants has materially different practices related to Smart TVs and, therefore, the issues to be litigated against each Defendant individually may not be fairly or efficiently handled in a single case. Additionally, the issues to be litigated against the individual Defendants will require testimony of different witnesses and different documentary proof. Severance may also be necessary to reduce confusion of the issues or prevent prejudice to Defendants.

Id. at 4.  Discovery was ultimately stayed and has been stayed until the Court's most recent order.  This stay tolled the need to seek severance.

2

On May 11, 2018, pursuant to some informal discovery from LG Electronics USA, Inc., Plaintiffs dismissed that party from the action (demonstrating that defendant-specific facts can matter). **[DE #73]**. On September 26, 2018, the Court granted Sony and Samsung's Motion to Dismiss in its entirety but left open the prospect of amendment. **[DE #82]**.

On November 16, 2018, Plaintiffs filed the Second Amended Complaint **[DE #88]** (hereafter, "SAC"). Defendants moved to dismiss the SAC on December 17, 2018. **[DE #94]**. On August 21, 2019, the Court granted the motion in part, and denied the motion in part, **[DE #104]**, dismissing every claim but the federal Wiretap Act. The Defendants moved for reconsideration. **[DE #105]**. On March 24, 2020, the Court denied that Motion, and made clear that the remaining issue as to each Defendant is whether its Smart TV intercepts communications between consumers and content providers. See, e.g., **[DE #131]**, p. 3. (All of these decisions would constitute law of the case in any subsequent, severed proceeding).[2]

Up until this point, no discovery has taken place or been exchanged, apart from Plaintiffs providing the serial numbers of their devices. The issues have all been legal, as to which Sony and Samsung were similarly situated. As the matter proceeds into discovery (at arbitration or before this Court), individual facts

---

[2] See, e.g., State v. Torres, No. A-5901-13T4, 2017 N.J. Super. Unpub. LEXIS 1322, at *7-8 (Super. Ct. App. Div. May 31, 2017)(noting that a decision made prior to the severance was considered law of the case).

regarding each Defendant, including the design and operations of their respective Smart TVs, will be important drivers in the case.

The SAC is brought by Plaintiffs White and Cauley. Cauley alleges that she bought a Samsung Smart TV. SAC, ¶15. She does not allege any purchase of a Sony product. White alleges that he bought two Samsung Smart TVs and one Sony Smart TV. SAC, ¶16. Plaintiffs seek to represent a nationwide class of "All individuals in the United States who purchased a ***Samsung and/or Sony Smart TV*** with content-recognition capability for personal or household use, and not for resale, during the applicable statute of limitations period." SAC, ¶101 (emphasis added). They will attempt to prove claims under the last remaining allegation in this action, for violation of the Wiretap Act, 18 U.S.C. § 2510 et seq. SAC, ¶167 (alleging, generally, that "***Defendants***, through their design, authorship, programming, knowing and intentional installation, activation, and/or other involvement with ACS software" violated the law).

The SAC seeks to treat Sony and Samsung interchangeably, relying on the term "Defendants" 307 times. In fact, Sony and Samsung are direct competitors in the Smart TV market. SAC, ¶21-22. Samsung holds the largest market share of Smart TVs in the country. SAC, ¶21. Much of the SAC is solely applicable to Samsung:

- None of Cauley's allegations apply to Sony, only to Samsung.

- The SAC's Exhibits include evidence of Samsung purchases and documentation, but no evidence regarding Sony. *See*, Exhibits 2 (Cauley's receipt for her Samsung Smart TV), 3 (User Manual and Spec Sheet for Cauley's Samsung Smart TV).

- The SAC cites extensively to a *Consumer Reports* article with detailed allegations about Smart TV tracking. SAC, ¶¶44, 55, 57, and 64 and fn. 15, 20, 23, and 25. The article, entitled "Samsung, LG, and Vizio smart TVs are recording—and sharing data about—everything you watch," never mentions Sony.

- The SAC contains multiple allegations concerning Cognitive Networks, allegedly a provider of ACR services to Samsung. *See, e.g.*, SAC, ¶¶44 and 56, fn. 21 (interview with Cognitive's founder and president) and Exhibit 4 (Cognitive Network's Automatic Content Software Platform Diagram). There is no allegation that Sony Smart TVs have Cognitive Networks ACR.

- The SAC alleges that Samsung identified Enswers and Nuance, as third-party companies that receive consumer data transmitted from Samsung Smart TVs. SAC, ¶¶57-58. No such third parties are identified as to Sony.

- Lastly, the SAC spends eighteen (18) paragraphs on a complaint to the FTC made by a privacy organization against Samsung. SAC, ¶¶82-100. This complaint was predicated on a consumer survey that Plaintiffs admit "only concerned Samsung Smart TV users," fn. 37, though the Plaintiffs belatedly offer to do such a survey as to Sony.

In contrast to these specific allegations as to Samsung, the claims against Sony contain no information, other than a generalized allegation (with no evidence) that White bought a Sony TV alongside two Samsung TVs. Sony is simply improperly lumped in with Samsung. While Sony and Samsung shared some interest in challenging the sufficiency of the pleadings as Plaintiffs spent well over two years

amending their complaints, Plaintiffs must now independently prove individual factual cases against each party, thus meriting severance of this case.

## III.   LEGAL STANDARD

Under Rule 21, "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."  As noted by the Third Circuit, "A severed claim proceeds as a discrete suit and results in its own final judgment from which an appeal may be taken." United States ex rel. St. John LaCorte v. SmithKline Beecham Clinical Labs., Inc., 149 F.3d 227, 231 n.3 (3d Cir. 1998) (citation omitted).  "Rule 21 is most commonly invoked to sever parties improperly joined under Rule 20." FTC v. Endo Pharm., Inc., No. 16-1440, 2016 U.S. Dist. LEXIS 145329, at *12-13 (E.D. Pa. Oct. 20, 2016) (granting motion to sever).  However, Rule 21 is not limited to that function.  "[C]ourts have properly concluded that they may issue orders under Rule 21 even in the absence of misjoinder and non-joinder of parties, to construct a case for the efficient administration of justice." 4 Moore, Moore's Federal Practice § 21.02(1).  The Court must "balance[e] several considerations, including the convenience of the parties, avoidance of prejudice to either party, and promotion of the expeditious resolution of the litigation." Official Comm. of Unsecured Creditors v. Shapiro, 190 F.R.D. 352, 355 (E.D. Pa. 2000) (citation omitted).

## IV.   LEGAL ARGUMENT

### A.   Sony and Samsung Have Been Misjoined Under Rule 20(a)(2)

Rule 20(a)(2) provides that defendants may only be joined in one action if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; ***and***

(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added). Joinder is proper only if **<u>both</u>** requirements are met.

There is no allegation in the SAC that Sony may be liable "jointly, severally, or in the alternative" for any alleged actions by Samsung. Nor could there be, as these competitors sell different models of Smart TVs. Further, even White's purchase of Samsung TVs and a Sony TV do not amount to the same "transaction, occurrence, or series of transactions or occurrences" that merit forcing these two companies to litigate in the same matter. "Unrelated claims…against independent actors belong in different suits." <u>Acosta v. Anthem Lounge</u>, 2019 U.S. Dist. LEXIS 180568, at *3-6 (D.N.J. Oct. 18, 2019) (Hammer, M.J.). <u>See also, e.g., Malibu Media, LLC v. Does</u>, 2013 U.S. Dist. LEXIS 183958 (D.N.J. Apr. 19, 2013) (Arleo, M.J.).

For example, in Malibu Media, the plaintiff held copyright over sixteen copyrighted works.  The plaintiff sued eighteen users of a peer-to-peer network for violating its copyrighted works.   After multiple defendants were voluntarily dismissed, the court found the remaining parties were improperly joined as defendants as their downloads of Plaintiff's copyrighted works occurred across different dates and times and therefore did not arise from the same transaction or occurrence. Id. at **12.  Accord, Acosta v. Highway Entm't, 2020 U.S. Dist. LEXIS 68595, at *5 (D.N.J. Apr. 20, 2020) (Arleo, J.) (granting motion for severance as to multiple defendants who allegedly downloaded the same content at different times). Likewise, Plaintiffs in this case assert that their viewing habits were wrongfully intercepted.  But they do not allege that Sony and Samsung jointly engaged in any interception.  Cauley did not watch a Sony Smart TV at all.  If White watched a Sony Smart TV, it would have been at a different time as watching his Samsung Smart TV.  The act of watching one Smart TV is a wholly independent act from watching the other type of Smart TV.  Whether Sony engaged in interception (which it did not), has no bearing on whether Samsung engaged in interception, and vice versa. Any case against Sony arises from a different transaction or occurrence than any case against Samsung.

**B.      Even If Plaintiffs Met The Rule 20(a)(2) Standard To Join Defendants The Court Should Sever Sony and Samsung For Just Administration**

Even where parties are properly joined, that "does not end the inquiry of whether severance is appropriate.   Rather, once the court has resolved these threshold questions [required by FRCP 20(a)(2)], it may then consider additional factors in determining whether to grant a motion to sever."   Morris v. Kesserling, No. 09-1739, 2010 U.S. Dist. LEXIS 132122, 2010 WL 5158412, at *4 (M.D. Pa. Dec. 14, 2010).

Among these factors are:

(1) whether the issues sought to be tried separately are significantly different from one another,

(2) whether the separable issues require the testimony of different witnesses and different documentary proof,

(3) whether the party opposing the severance will be prejudiced if it is granted, and

(4) whether the party requesting the severance will be prejudiced if it is not granted.

Official Comm. of Unsecured Creditors, supra, 190 F.R.D. at 355 (E.D. Pa. 2000).

In the Malibu Media case, supra, the Court further noted in favor of severance:

there are too few facts connecting each of the John Doe defendants; that each defendant would likely assert different factual defenses to the allegations creating factual and legal issues not common to all defendants which would require separate adjudication of these issues; and that many of the owners of the IP addresses did not download the Works and thus are not the alleged infringer.

<u>Malibu Media, LLC v. Does</u>, 2013 U.S. Dist. LEXIS 183958 (D.N.J. Apr. 19, 2013). Thus, the Court severed all the cases.

Sony manufactures different Smart TVs from those made by Samsung.  Each company uses its own proprietary designs, technology and manufacturing process. The issues of how Samsung Smart TVs work and what information Samsung (and/or Cognitive Networks) collects or does not collect have nothing to do with Sony. Similarly, whether Samsung allegedly shares viewing histories with Enswers and Nuance has no relation to Sony or its Smart TVs.  It is abundantly clear the claims against Samsung and Sony require completely different fact witnesses and rely on completely different documents.

Further, Sony would be prejudiced by proceeding with Samsung in this matter, as the companies are rivals and competitors in the marketplace.   The parties will need to protect their know-how, trade secrets and proprietary business information even while defending this case.  Despite good faith efforts on all sides, requiring these two competitors to engage in discovery as co-defendants will require significant expenditure of time and judicial resources to set in place the required protections for sensitive business information, trade secrets and other forms of proprietary data.   That effort will do nothing to resolve the claims of this case. Furthermore, there is a significant likelihood if the cases were tried together before a jury, that Sony may be prejudiced.  <u>See, e.g., Henderson v. AT&T Corp.</u>, 918 F.

Supp. 1059 (S.D. Tex. 1996) (granting severance in case against multiple employers, as because single trial would involve large number of witnesses and pose great danger that jury would find liability based on sheer number of witnesses testifying as to purported wrongdoing).  It would be easy for factfinders to lump together Smart TV manufacturers, exactly as Plaintiffs have in the Complaint, First Amended Complaint, and Second Amended Complaint.  It will be easy to confuse which technology and/or practice applied to what Defendant.  As Plaintiff will have to prove two sets of facts as to two different companies, he will not be prejudiced by doing so in two efficient but separate actions.

## V.   CONCLUSION

Sony respectfully requests that White's case against Sony be severed from the current action and proceed as a new matter under a new docket number, whether or not this case is sent to arbitration or proceeds in this Court.

Dated:  May 22, 2020                Respectfully submitted,

                                    HOLLAND & KNIGHT LLP

                                    By: *s/ Mark S. Melodia*
                                    MARK S. MELODIA
                                    mark.melodia@hklaw.com
                                    HOLLAND & KNIGHT LLP
                                    31 West 52nd Street
                                    New York, NY 10019
                                    Telephone: (212)-513-3200

PAUL J. BOND
paul.bond@hklaw.com
HOLLAND & KNIGHT LLP
2929 Arch Street
Suite 800
Philadelphia, PA 19104
Tel: (212) 513-3200

***Attorneys for Defendant***
**SONY ELECTRONICS INC.**