UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS ROGER WHITE, JR. and PATRICIA CAULEY on behalf of themselves and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC. and SONY ELECTRONICS INC.,<br><br>　　　　　　Defendants. | Civil Action No. 17-1775 (MCA) (JAD)<br><br>Hon. Madeline Cox Arleo, U.S.D.J.<br>Hon. Joseph A. Dickson, U.S.M.J.<br><br>*Document Electronically Filed* |

**DECLARATION OF RANDY CHUNG IN SUPPORT OF SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION TO COMPEL INDIVIDUAL ARBITRATION AND STRIKE PLAINTIFFS' CLASS CLAIMS**

　　I, Randy Chung, hereby declare:

　　1.　　I am employed by Samsung Electronics America, Inc. ("SEA") as Senior Manager, Product Support. My job responsibilities include television and home entertainment product quality management, evaluating and remedying quality and service issues experienced by consumers, pre- and post-production testing of televisions, providing technical support to design and factory engineers, and providing support to field service technicians and Samsung technical support agents handling television issues. Unless otherwise stated, the facts set forth below are based on my own personal knowledge and review of relevant business records

available to SEA, and if called upon to testify, I could and would testify competently thereto.

2. As a result of my work at SEA, I am familiar with the functionality of Samsung SmartTVs, the set-up process for Samsung SmartTVs and SmartHub software, and the Samsung SmartHub Terms and Conditions, as well as the records concerning the set-up process followed by users of Samsung SmartTVs.

## I. Samsung SmartTV SmartHub Terms and Conditions During the Relevant Period

3. It is my understanding that the two Plaintiffs in this lawsuit (Thomas Roger White, Jr. and Patricia Cauley) allege that SEA intercepted their electronic communications through use of automatic content recognition (ACR) software in three specific Samsung SmartTVs: Model Nos. UN55KU6300F (White), UN32J5500AF (White), and UN55KS8000FXZA (Cauley).

4. Each of Plaintiffs' three Samsung SmartTVs was equipped with Samsung's "SmartHub" software, which allows users to access certain internet-based applications and other "smart" features on their SmartTVs.  To activate and use SmartHub, each SmartTV user needed to complete an initial set-up process, which was presented on the SmartTV via a series of interactive screens that would display when a user first activated the television.  During this set-up process, each user was presented with a page labelled "Smart Hub Terms & Conditions, Privacy Policy."  Below is a true and correct copy of the "Smart Hub Terms & Conditions,

Privacy Policy" screen that informed users setting up new SmartTVs in December 2016 and January 2017 (like White's UN55KU6300F and Cauley's UN55KS8000FXZA) that their "use of the Smart TV is governed by the Terms & Conditions and Privacy Policy" and that they "will need to agree and acknowledge [their] understanding to proceed with set-up":[1]



5.  Users were able to review the text of the Terms and Conditions by clicking "View details" next to "Terms and Conditions," as shown in the screenshot above. If a user clicked on this "View details" button, the user then had

---

[1] Other new SmartTVs purchased around 2016 (like White's UN32J5500AF) would have had the same "Smart Hub Terms & Conditions, Privacy Policy" screen, except that if other "additional services" were available they too would be listed and available for selection beneath the Terms and Conditions and Privacy Policy.

the opportunity to scroll through the entirety of the Terms and Conditions on his or her SmartTV screen.  There was no time limit imposed for a user to review the Terms and Conditions.  A true and correct copy of the text of the Terms and Conditions that was shown to a user in 2016 and 2017 if the user clicked through to "View details" (with pertinent portions highlighted) is attached hereto as Exhibit 1.

6. As shown in the screenshot above, a user setting up SmartHub on a SmartTV could agree to the Terms and Conditions, the Privacy Policy, and the additional services by checking the box marked "I Agree to all."  Alternatively, a user could agree only to the Terms and Conditions and Privacy Policy by clicking "OK," without checking any of the "additional services" boxes, and proceeding with set-up.

7. Users were able to opt out of the Terms and Conditions by clicking the link labelled "Skip" at the top of their screen on the "Smart Hub Terms & Conditions, Privacy Policy" page, as shown in the screenshot above.  However, a user is required to agree to the Terms and Conditions in order to enable SmartHub on their SmartTV.  If a user does not agree to the Terms and Conditions, the SmartHub features of that user's SmartTV, including all internet-based applications, are not activated.  Accordingly, a user who does not consent to the Terms and Conditions can still use his/her Samsung SmartTV, but it will not

function as "smart." That is, unless and until a user consents to the Terms and Conditions, it is just a TV, with whatever cable programming inputs are available but no capacity to communicate over the internet with websites, services, or otherwise.

8. It is my understanding that both Plaintiffs allege that they each "connected [their] Samsung Smart TV to the Internet via a Wi-Fi connection shortly after purchasing it, and used 'apps' like the Netflix, Hulu, and YouTube on the television to stream video content." Second Amended Complaint, ECF No. 88, ¶¶ 15-16. Plaintiffs necessarily would have had to agree to the Terms and Conditions using the process described above in order to use these internet-based apps on their SmartTVs. Otherwise, such apps would not have been available on these TVs.

9. When a SmartTV user was setting up SmartHub on their SmartTV, as set out above, he/she would be communicating with Samsung's servers, and these servers would record and maintain in Samsung's internal database the choices and consents that the specific user selected in this process, including the date when the user initially set up the SmartHub (and necessarily agreed to the Terms and Conditions) and the particular consent selections by the user.

## II.    Plaintiff White's SmartTVs and Consents

10.    I understand that Plaintiff White alleges he purchased a Samsung SmartTV Model No. UN55KU6300F, with Serial No. 05HX3CAHB11790N, in or around 2016.

11.    Activation of the SmartHub software on this model SmartTV would have required the consent flow set out above.  According to Samsung's records, Plaintiff White activated the SmartHub on his SmartTV on December 26, 2016, by completing the process described above and agreeing to the linked Terms and Conditions.  A true and correct copy of information from Samsung's database showing this activity is attached hereto as Exhibit 2 (with any potentially personal information redacted).  According to Samsung's records, the "DUID" number in Exhibit 2 identifies the SmartTV associated with the model and serial number claimed by Plaintiff White.  The columns labelled "AGREE_FLAG" and "REGISTER_DT" indicate that Plaintiff White consented to the Terms and Conditions ("tnc") on December 26, 2016.  The column labelled "AGREE_VER" indicates that the version of Terms and Conditions that Plaintiff White consented to were those in effect as of November 4, 2015—the same Terms and Conditions in Exhibit 1.

12.     I understand that Plaintiff White alleges he also purchased a Samsung SmartTV Model No. UN32J5500AF, with Serial No. 03NL3CGG905093M, in or around 2016.

13.     Activation of the SmartHub software on this model SmartTV would have required the consent flow set out above.  SEA is unable, at this time, to retrieve specific consent records for Mr. White's Model No. UN32J5500AF SmartTV.  This is because the records for this particular model cannot be retrieved without the SmartTV's unique device identifier (UDID), and the UDID for a particular SmartTV is available only through that SmartTV's interface.  I understand that SEA's counsel has asked Plaintiff White's counsel for the UDID for Plaintiff White's Model No. UN32J5500AF SmartTV (which can be quickly ascertained by going into the Settings on the SmartTV unit), but that Plaintiff White's counsel has not provided this information.  Nonetheless, as explained above in paragraph 7, Plaintiff White could not have activated any SmartHub features on his SmartTV without first consenting to the Terms and Conditions in Exhibit 1.  As noted, Plaintiff White alleges that he connected his SmartTV to the Internet and accessed various apps.  Second Amended Complaint, ECF No. 88, ¶ 16.  Again, if Plaintiff White had not consented to the Terms and Conditions with respect to the Model No. UN32J5500AF SmartTV, he could not have accessed any internet-based applications through it, so he necessarily initialized the SmartHub

software on this SmartTV and agreed to the linked Terms and Conditions in Exhibit 1.

### III. Plaintiff Cauley's SmartTV and Consent

14. I understand that Plaintiff Cauley alleges she purchased a Samsung SmartTV Model No. UN55KS8000FXZA, with Serial No. 05JZ3CYHC09048B, in or about January 2017.

15. Activation of the SmartHub software on this model SmartTV would have required the consent flow set out above. According to Samsung's records, Plaintiff Cauley activated the SmartHub on her SmartTV on January 30, 2017, by completing the process described above and agreeing to the linked Terms and Conditions. A true and correct copy of information from Samsung's database showing this activity is attached hereto as Exhibit 3 (with any potentially personal information redacted). According to Samsung's records, the "DUID" number in Exhibit 3 identifies the SmartTV associated with the model and serial number claimed by Plaintiff Cauley. The columns labelled "AGREE_FLAG" and "REGISTER_DT" indicate that Plaintiff Cauley consented to the Terms and Conditions ("tnc") on January 30, 2017. The column labelled "AGREE_VER" indicates that the version of Terms and Conditions that Plaintiff Cauley consented to were those in effect as of November 4, 2015—the same Terms and Conditions in Exhibit 1.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 21, 2020, in Bergen County, New Jersey

_____
Randy Chung