<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **THOMAS ROGER WHITE, JR. and PATRICIA CAULEY** on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>**SAMSUNG ELECTRONICS AMERICA, INC. and SONY ELECTRONICS INC.,**<br><br>     Defendants. | Civil Action No. 17-1775<br><br>Hon. Madeline Cox Arleo, U.S.D.J.<br>Hon. Joseph A. Dickson, U.S.M.J.<br><br>**ORDER** |

<u>**JOSEPH A. DICKSON, U.S.M.J.**</u>

     This matter comes before the Court by way of the parties' joint application "regarding severance under FRCP 21, Consolidation and Scheduling." (ECF No. 147). Under cover of letter dated June 24, 2020, the parties submitted a proposed Stipulation and Consent Order related to the parties' pending motions, (ECF Nos. 138, 141, 143), and the schedule for discovery in this matter. (Pl. June 24, 2020 Letter, ECF No. 147).[1] After having carefully considered the parties' proposed Stipulation as well as the balance of the docket for this matter; and the Court finding it necessary to make certain adjustments to the parties' proposed schedule; and for good cause shown; and

     **WHEREAS** on March 28, 2018, the Hon. Steve Mannion, U.S.M.J. entered a Pretrial Scheduling Order in this matter, setting certain deadlines for the completion of class-related

---

[1] The June 24, 2020 submission superseded a proposed Stipulation and Consent Order that the parties had submitted on June 5, 2020.

discovery (and bifurcating discovery such that the parties would not engage in merits discovery until after the District Court resolved any motions for class certification). (See generally Pretrial Scheduling Order, ECF No. 66). By Order dated April 27, 2018, Judge Mannion stayed discovery pending resolution of Defendants' then-pending motion to dismiss. (April 27, 2018 Order, ECF No. 72). That stay remained in place throughout several rounds of motion practice before finally expiring on May 5, 2020. (March 3, 2020 Order at 2, ECF No. 128). While the stay has expired, the deadlines set forth in the Pretrial Scheduling Order are now stale; and

**WHEREAS** on May 22, 2020, Defendant Sony Electronics Inc. ("Sony") filed a Motion to Sever under Federal Rule of Civil Procedure 21; (ECF No. 141); and

**WHEREAS** the parties have advised the Court that Plaintiffs do not oppose Sony's Motion to Sever; (see June 24, 2020 Proposed Stipulation and Order Regarding Severance Under FRCP 21, Consolidation and Scheduling ("June 24 Stipulation") at 1, ECF No. 147-1); and

**WHEREAS** on May 22, 2020, Defendant Sony filed a Motion to Compel Individual (Non-Class) Arbitration and/or Dismiss for Lack of Jurisdiction; (ECF No. 138); and

**WHEREAS** on the same date Defendant Samsung Electronics America, Inc. ("Samsung") filed a Motion to Compel Individual Arbitration and Strike Plaintiffs' Class Claims; (ECF No. 143); and

**WHEREAS** the parties represent that "Plaintiffs' counsel informed Defendants that Plaintiffs required additional time in order to respond to the Defendants' Motions to Compel Individual Arbitration, and Defendants have consented" to that relief; (June 24 Stipulation at 2, ECF No. 147-1); and

**WHEREAS** the parties represent that they "previously agreed to an initial discovery plan in light of the pending Motions to Compel Individual Arbitration and that Plaintiffs' Opposition

to the Defendants' Motions To Compel Individual Arbitration would be due to be filed, by July 27, 2020." (Id.); and

**WHEREAS** the parties represent that they "have met and conferred regarding the pending motions and the continued proceedings in this matter and have reached an agreement on the motion to sever and the further scheduling in this matter, as set forth in [their] proposed [June 24 Stipulation]." (Id.); and

**WHEREAS**, after having carefully reviewed the parties' June 24 Stipulation and the balance of the docket for this matter, the Court finds that, while the parties' general arrangement is acceptable, the Court must make certain adjustments to the parties' proposed schedule;

**IT IS** on this 7th day of July, 2020,

**ORDERED** that Defendant Sony's Motion to Sever under Federal Rule Civil Procedure 21, (ECF No. 141), is hereby **GRANTED**, and Plaintiffs' claims against Defendant Sony shall be severed from their claims against Defendant Samsung for purposes of trial; and it is further

**ORDERED** that Plaintiffs' claims against Defendant Sony and Defendant Samsung shall proceed under the current docket number with the now-severed actions being treated as if consolidated under Federal Rule of Civil Procedure 42 for case management purposes only, to be modified, if needed, based upon the District Court's decisions on Defendants' forthcoming Motions To Compel Individual Arbitration; and it is further

**ORDERED** that in light of the parties' revised, extended briefing schedule, and pursuant to the Court's inherent authority to manage its docket, Defendant Sony's Motion to Compel Individual (Non-Class) Arbitration and/or Dismiss for Lack of Jurisdiction, (ECF No. 138), and Defendant Samsung's Motion to Compel Individual Arbitration and Strike Plaintiffs' Class Claims, (ECF No. 143) (collectively, the "Arbitration Motions"), are **DENIED WITHOUT**

**PREJUDICE** to Defendants' right to refile those applications in accordance with this Order. The Court clarifies that this is not a determination of the merits of Defendants' Arbitration Motions; and it is further

**ORDERED** that the parties shall adhere to the following briefing schedule for those motions:

- Plaintiffs shall serve, <u>but not file,</u> responses to Defendants' previously filed Arbitration Motions **on or before August 4, 2020**;

- Defendants shall serve, <u>but not file</u> any replies in further support of their Arbitration Motions **on or before August 25, 2020**;

- The parties shall thereafter coordinate filing Defendants' Arbitration Motions, Plaintiffs' opposition thereto, and Defendants' replies, such that the parties complete those filings **on or before August 28, 2020**;

and it is further

**ORDERED** that discovery will proceed during the pendency of Defendants' Arbitration Motions. The Pretrial Scheduling Order in this matter, (ECF No. 72), is hereby amended as follows:

- To the extent they have not provided them already, the parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26 **on or before July 29, 2020**;

- Fact discovery regarding the putative class representative(s) and class certification issues is extended through and including **February 9, 2021**;

- The parties may serve interrogatories (limited to 25 single questions) and requests for the production of documents (no limit) regarding the putative class

representative(s) and class certification issues **on or before September 18, 2020**. The parties shall respond to those written discovery requests **on or before October 20, 2020**;

- The deadline for adding new parties or amending pleading is extended **through and including November 13, 2020.** This does not alter the parties' obligation to seek leave to file motions, in accordance with the Pretrial Scheduling Order;

- Affirmative expert reports for class certification shall be served: **TBD**

- Responding expert reports on class certification issues shall be served: **TBD**

- The deadline for completion of expert discovery regarding class certification issues (including depositions) is extended through and including **TBD**

- Plaintiffs shall file a motion for class certification on or before **TBD**

- The Court will conduct a telephone status conference in this matter on **October 5, 2020 at 3:00 p.m.** The parties are instructed to dial 1-888-684-8852 and enter Access Code 9972150# at the time of the conference; .and it is further

**ORDERED** that, except where amended herein, the Pretrial Scheduling Order shall remain in effect.

            **SO ORDERED**

            s/ Joseph A. Dickson
            **JOSEPH A. DICKSON, U.S.M.J.**

cc:    Honorable Madeline Cox Arleo, U.S.D.J.