

Michael R. McDonald
Director

Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Direct: 973-596-4827 Fax: 973-639-6295
mmcdonald@gibbonslaw.com

July 9, 2020

**VIA ECF**

Honorable Joseph A. Dickson, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:     ***White, et al. v. Samsung Electronics America, Inc., et al.,***
                **Case No. 17-1775 (MCA)(JAD)**
                <u>**July 7, 2020 Order and Proposed June 24 Stipulation, ECF Nos. 147, 148**</u>

Dear Judge Dickson:

      Gibbons PC, along with Covington & Burling LLP, represents Defendant Samsung Electronics America, Inc. ("Samsung"). We respectfully submit this letter in order to request modification of the Order entered on July 7, 2020, ECF No. 148, concerning scheduling in this matter and the pending motions to compel arbitration filed separately by Defendants Samsung and Sony. Defendant Sony Electronics Inc. ("Sony") also joins in this request.

      The minor modifications requested here will not disturb this Court's directive to commence discovery while the motions to compel arbitration are pending, but will prevent unnecessary expenditure of this Court's and the parties' time and resources on discovery concerning "class" claims that will no longer exist if those motions are granted.

      Briefly, this is a putative class action lawsuit challenging Defendants' Smart TVs. Plaintiffs claim the "Smart TVs watch and record what you're watching" without users' consent and intercept users' private information and disclose same to third parties. A single cause of action remains — alleged violation of the federal Wiretap Act — from a once nine-count complaint. After the District Court resolved the last of the dispositive motions, ECF No. 131, and after Plaintiffs provided information that confirmed the bases for compelling arbitration, Defendants Samsung and Sony filed motions to compel individual arbitration.

      In accordance with Your Honor's directive, ECF No. 136, the parties conferred regarding discovery issues (scope, schedule, types of discovery, etc.), and submitted a proposed stipulation for the Court's consideration on June 5, 2020. ECF No. 146. That proposed stipulation was later amended and re-submitted on June 24, 2020, to (i) resolve, by agreement, Defendant Sony's Motion to Sever; (ii) adjust the briefing schedule on Defendants' pending Motions to Compel Individual Arbitration following Plaintiffs' request for more time; and (iii) adjust certain dates for initial discovery and a court status conference. ECF No. 147-1.

GIBBONS P.C.

Honorable Joseph A. Dickson, U.S.M.J.
July 9, 2020
Page 2


Your Honor's July 7, 2020 Order noted that the parties' general arrangement for discovery as agreed in the June 24 Stipulation was acceptable, though the Court would make certain adjustments to the parties' proposed schedule.  ECF No. 148.

The June 24, 2020 proposed Stipulation and Order had reflected an agreement reached among all parties concerning the timing and scope of discovery.  As for the scope, the parties sought to avoid the time and expense of engaging in certain discovery tasks that would be unnecessary in the event the court grants the motions to compel individual arbitration. Specifically, when Plaintiffs first set up their Samsung Smart TVs, they agreed (i) to Terms and Conditions of use with an agreement to arbitrate "any claim, dispute or controversy . . . arising out of, relating to, or connected in any way with" Samsung's software or services, and (ii) a class action waiver.  Since there would be no basis for discovery on "class" issues because of the binding class action waiver, the parties reached common ground in agreeing to commence discovery "limited to Plaintiffs' individual claims" only. ECF No. 147-1.  Notably, the proposed stipulation made economic sense for Plaintiffs and Defendants alike since class-wide discovery would likely involve an extraordinary effort to search and retrieve voluminous electronic documents over a lengthy time period by both Samsung and Sony, and Plaintiffs and Plaintiffs' Counsel would be burdened by needing to review class-wide document productions from Samsung and Sony and prepare for depositions of two corporate Defendants—onerous discovery that very well may prove futile.  Importantly, Plaintiffs' claims involve the technology in Samsung and Sony Smart TVs, which are both unique and highly proprietary, and therefore, there would be no overlap in the document productions or factual development.

As for the timing of discovery, the parties had agreed and proposed that the individual discovery identified above would commence *after* the motions to compel arbitration were fully briefed and submitted.  Thus, initial disclosures, limited to Plaintiffs' individual claims, would be exchanged September 25, 2020, and the parties could serve written discovery, limited to Plaintiffs' individual claims, on October 9, 2020. ECF No. 147-1.

The Court's July 7, 2020 Order entered a new briefing scheduling on the motions to compel arbitration, with all briefing now to be completed and all papers re-filed by August 28, 2020.  ECF No. 148.

Defendants now respectfully request that the Court revisit the scope and timing of discovery as reflected in the July 7, 2020 Order for the reasons outlined above.  We believe the Court's case management objectives and the parties' interests would be best served by replacing the first three bulleted paragraphs on pages 4-5 of the July 7 Order, with the following bulleted paragraphs (added language shown as underscored; deleted language shown as ~~strikethrough~~):

- To the extent they have not provided them already, the parties shall exchange initial disclosures, "limited to Plaintiffs' individual claims," pursuant to Federal Rule of Civil Procedure 26 **on or before July 29, 2020**;

GIBBONS P.C.

Honorable Joseph A. Dickson, U.S.M.J.
July 9, 2020
Page 3


- Fact discovery regarding the putative class representative(s), "limited to Plaintiffs' individual claims," ~~and class certification issues~~ is extended through and including **February 9, 2021.**

- The parties may serve interrogatories (limited to 25 single questions) and requests for the production of documents (no limit), "limited to Plaintiffs' individual claims," ~~regarding the putative class representative(s) and class certification issues~~ **on or ~~before~~ after September 18, 2020**. The parties shall respond to those written discovery requests within the time permitted by the Federal Rules of Civil Procedure.~~on or before October 20, 2020~~;

In sum, we submit that the minor adjustments noted above are all consistent with the parties' previous agreement as set forth in the June 24 Stipulation, while still commencing discovery earlier than previously agreed in accordance with the Court's wishes. Those minor adjustments also would avoid wasting this Court's and the parties' time and resources on "class" discovery issues when any class claims will no longer exist in the event these matters proceed to individual arbitration as agreed by the parties. Further, the proposed adjustments would still afford this Court and the parties the opportunity to address any specific discovery issue at the next scheduled status conference before Your Honor on October 5, 2020 at 3:00 pm.

Please do not hesitate to contact me should you have any questions regarding the foregoing.

Respectfully submitted,


s/ Michael R. McDonald
Michael R. McDonald


cc:     All Counsel of Record (via ECF)