**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **THOMAS ROGER WHITE, JR. and PATRICIA CAULEY** on behalf of themselves and all others similarly situated,<br><br>　　**Plaintiffs,**<br><br>v.<br><br>**SAMSUNG ELECTRONICS AMERICA, INC. and SONY ELECTRONICS INC.,**<br><br>　　**Defendants.** | **Civil Action No. 17-1775**<br><br>Hon. Madeline Cox Arleo, U.S.D.J.<br>Hon. Joseph A. Dickson, U.S.M.J.<br><br><br>　　　　**ORDER** |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court by way of the parties' recent letters.  (ECF Nos. 149-51) regarding various discovery and case management-related issues.  After having carefully considered the parties' letters, as well as the balance of the docket for this matter; and for good cause shown; and

**WHEREAS** on July 7, 2020, the undersigned entered an Order that:  (1) granted Defendant Sony Electronics Inc.'s Motion to Sever; (2) denied Defendants' arbitration-related motions (the "Arbitration Motions") without prejudice to their ability to refile those applications in the future; (3) set a briefing schedule for those motions; and (4) set a schedule for discovery. (See generally July 7, 2020 Order, ECF No. 148); and

**WHEREAS** by letter dated July 9, 2020, Defendants Samsung Electronics America, Inc. and Sony Electronics Inc. jointly requested that the Court modify the discovery schedule set

forth in the July 7, 2020 Order.  (See generally Def. July 9, 2020 Letter, ECF No. 149).  In short, while they did not oppose moving forward with discovery, generally, Defendants argued that pursing class discovery at this juncture may be a waste of resources depending on the outcome of Defendants' forthcoming Arbitration Motions; (id. at 3); and

**WHEREAS** Plaintiffs have not opposed Defendants' proposed changes to the discovery schedule; and

**WHEREAS**, upon careful consideration, the Court finds that good cause exists to further modify the Pretrial Scheduling Order in this matter to incorporate Defendants' proposed revisions; and

**WHEREAS** by letter dated July 10, 2020, Plaintiffs requested additional time to respond to Defendants' Arbitration Motions.  (Pl. Jul. 10, 2020 Letter at 2, ECF No. 150).  Plaintiffs also requested that the Court direct Defendants to produce certain "limited discovery."  (Id.).  Plaintiffs did not reference any specific discovery requests or describe any attempts to "meet and confer" with defense counsel to resolve or reduce the parties' disputes, as required pursuant to Local Civil Rule 37.1(a); and

**WHEREAS** by letter dated July 13, 2020, Defendants advised that, while they did not oppose Plaintiffs' request for additional time to oppose the Arbitration Motions, they did oppose Plaintiffs' request for pre-motion discovery on several grounds.  (Def. July 13, 2020 Letter at 1-2, ECF No. 151); and

**WHEREAS** upon review of the parties' submissions, it is apparent that these discovery issues are not yet ripe for the Court's consideration.  The Court will direct the parties to meet and confer and raise any unresolved disputes by letter;

**IT IS** on this 24th day of July, 2020,

**ORDERED** that the discovery schedule for this matter is amended as follows:

- To the extent they have not provided them already, the parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26, limited to Plaintiffs' individual claims, **on or before July 29, 2020**;

- Fact discovery regarding the putative class representative(s), limited to Plaintiffs' individual claims, is extended through and including **February 9, 2021**;

- The parties may serve interrogatories (limited to 25 single questions) and requests for the production of documents (no limit), all limited to Plaintiffs' individual claims, **on or before September 18, 2020**.  The parties shall respond to those written discovery requests within the time permitted by the Federal Rules of Civil Procedure.

- The deadline for adding new parties or amending pleadings is extended **through and including November 13, 2020.**  This does not alter the parties' obligation to seek leave to file motions, in accordance with the Pretrial Scheduling Order;

- Affirmative expert reports for class certification shall be served:  **TBD**

- Responding expert reports on class certification issues shall be served:  **TBD**

- The deadline for completion of expert discovery regarding class certification issues (including depositions) is extended through and including **TBD**

- Plaintiffs shall file a motion for class certification on or before **TBD**

3

- The Court will conduct a telephone status conference in this matter on **October 5, 2020 at 3:00 p.m.** The parties are instructed to dial 1-888-684-8852 and enter Access Code 9972150# at the time of the conference; .

and it is further;

     **ORDERED** that the briefing schedule on Defendants' forthcoming Arbitration Motions is modified as follows:

- Plaintiffs shall serve, <u>but not file,</u> responses to Defendants' previously filed Arbitration Motions **on or before August 26, 2020**;

- Defendants shall serve, <u>but not file</u> any replies in further support of their Arbitration Motions **on or before September 16, 2020**;

- The parties shall thereafter coordinate filing Defendants' Arbitration Motions, Plaintiffs' opposition thereto, and Defendants' replies, such that the parties complete those filings **on or before September 22, 2020**;

and it is further

     **ORDERED** that the parties shall meet and confer in good faith regarding the discovery described in Plaintiffs' July 10, 2020 letter. To the extent any issues remain after that discussion, Plaintiff shall raise them in a letter to the Court. Defendants will then have an opportunity to respond.

                           **SO ORDERED**

                           <u>**s/ Joseph A. Dickson**</u>
                           **JOSEPH A. DICKSON, U.S.M.J.**

cc:    Honorable Madeline Cox Arleo, U.S.D.J.