# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CRAIG D. PRICE,**<br><br>Plaintiff,<br><br>v.<br><br>**UBS FINANCIAL SERVICES, INC.,**<br><br>Defendant. | Civ. No. 2:17-01882<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Craig D. Price brings this action against UBS Financial Services, Inc. ("Defendant"), alleging claims of whistleblowing retaliation under the Wall Street Reform and Consumer Protection Act ("Dodd-Frank"), 15 U.S.C. § 78u–6, and the Florida Whistleblower Act (the "FWA"), Fla. Stat. § 448.102. This matter comes before the Court on Defendant's motion to compel arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq*. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendant's motion is **DENIED**.

### I. BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural history of the case. The Court's November 2017 opinion provides a more complete recitation. ECF No. 19 at 1–2. The following facts are relevant to the instant motion.

On March 22, 2017, Plaintiff filed a complaint ("Complaint"), alleging that Defendant retaliated against him for making disclosures protected under Dodd-Frank and the FWA. ECF No. 1. Approximately two and a half months later, Defendant filed a motion to dismiss both counts of the Complaint. ECF No. 11. In its motion, Defendant did not alternatively argue for the Court to compel arbitration nor did it state its intent to do so on a later date.

On July 20, 2017, the parties sought a consent order for an adjournment of Defendant's motion until September 5, 2017, which the Court granted. ECF Nos. 15 & 16. The Court subsequently decided the merits of Defendant's motion, denying dismissal of the FWA claim but staying the Dodd-Frank claim pending a decision by the Supreme Court in *Digital Realty Trust, Inc. v. Somers*. ECF Nos. 19 & 20.

Approximately two weeks later, Defendant filed the instant motion to compel arbitration, arguing that Plaintiff's claims fall squarely within the scope of the arbitration

1



agreements that he executed in exchange for compensation packages from Defendant. *See* Def.'s Mem. of Law in Supp. of Its Mot. to Compel Arbitration ("Def.'s Mem.") 8–13, ECF No. 22-3. Defendant preemptively argues that it did not waive its right to compel arbitration by first filing a motion to dismiss. *Id.* at 13–14. Specifically, it argues that the factors enumerated by the Third Circuit in *Hoxworth v. Blinder*, 980 F.2d 912 (3d Cir. 1992), favor arbitration because it filed its motion to compel in a timely fashion, it provided notice to Plaintiff of its intent to arbitrate, and neither party has engaged in discovery. *Id.* at 14. Defendant states that the Third Circuit has unequivocally held that a single merits-based motion to dismiss does not waive a party's right to arbitration. *Id.* Finally, Defendant argues that the Court should dismiss the Complaint or, in the alternative, stay proceedings in this Court pending arbitration. *Id.* at 15.

Plaintiff opposes, arguing first that Defendant has not shown a valid arbitration agreement under New Jersey law. *See* Pl.'s Resp. in Opp'n to Def.'s Mot. ("Pl.'s Opp'n") 5–8, ECF No. 26. Plaintiff submits that the agreements do not satisfy New Jersey's "express waiver rule" because they fail to reference statutory whistleblower rights. *Id.* at 6–7. Plaintiff further argues that Defendant waived its arbitration right because Defendant's motion to dismiss prejudiced Plaintiff through the expenditure of substantial resources in litigating that motion. *See id.* at 8–11. Alternatively, Plaintiff argues that the Court should stay proceedings pending arbitration as opposed to dismissing its Complaint. *Id.* at 12–13.

In its reply, Defendant counters that the agreements are valid and enforceable because they provide for arbitration of "any disputes," including related to termination of employment and retaliation whether they arise by statute or otherwise. *See* Def.'s Reply in Supp. of Its Mot. ("Def.'s Reply") 2–7, ECF No. 28. Defendant also reiterates that a single merits-based motion to dismiss is not sufficient to find that it waived its right to arbitrate. *Id.* at 8–11. Finally, Defendant reargues for dismissal over a stay in the interest of judicial efficiency. *Id.* at 11–13.

## II. LEGAL STANDARD

The FAA "creates a body of federal substantive law establishing and governing the duty to honor agreements to arbitrate disputes" and expresses "a strong federal policy in favor of resolving disputes through arbitration." *See Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 522 (3d Cir. 2009). "Before compelling a party to arbitrate pursuant to the FAA, a court must determine that (1) there is an agreement to arbitrate and (2) the dispute at issue falls within the scope of that agreement." *Id.* at 523. "To determine whether the parties have agreed to arbitrate, [courts] apply 'ordinary state-law principles that govern the formation of contracts.'" *Id.* at 524 (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). "[O]nce a court has found that there is a valid agreement to arbitrate, . . . the determination of whether a particular dispute is within the class of those disputes governed by the arbitration clause . . . is a matter of federal law." *See id.* (quotation omitted). In making such a determination, "'there is a presumption of arbitrability[:] an order to arbitrate the particular grievance should not

be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *Id.* (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986)).

Courts in the Third Circuit apply two different standards when considering a motion to compel arbitration. "[W]hen it is apparent, based on 'the face of a complaint, and documents relied upon in the complaint,' that certain of a party's claims 'are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay.'" *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013) (quoting *Somerset Consulting, LLC v. United Capital Lenders, LLC*, 832 F. Supp. 2d 474, 482 (E.D. Pa. 2011)). "But if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then 'the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question." *Id.* (quoting same). Under such circumstances, courts apply a summary judgment standard. *See id.*

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

### III. DISCUSSION

Plaintiff does not dispute that he executed the arbitration agreements nor does he allege that he was unaware of their presence in the contracts that he made with Defendant. The Court, therefore, applies the Rule 12(b)(6) standard to the instant motion. The Court first addresses the agreements' validity before considering the issue of waiver.

#### A. The Arbitration Agreements Are Valid and Enforceable

There is little question that the agreements are enforceable. First, the question of whether the parties made an agreement to arbitrate falls under state contract law. "Under New Jersey law, a party must prove the existence of a contract by showing that: (1) there was a meeting of the minds; (2) there was an offer and acceptance; (3) there was consideration; and, (4) there was certainty in the terms of the agreement." *Allen v. Bloomingdale's, Inc.*, 225 F. Supp. 3d 254, 258 (D.N.J. 2016) (internal quotation and citation omitted). As previously mentioned, Plaintiff does not dispute that he executed the agreements. He also does not contest that he received significant consideration from Defendant in exchange for his execution. The contracts clearly label the arbitration clauses and the language plainly states the parameters by which the parties agree to arbitrate their

disputes. *See, e.g.*, Def.'s Mem., Ex. A at 19, Ex. K at 3–4.[1] The Court, therefore, finds that agreements satisfy New Jersey contract law.

The question of the agreements' scope falls under federal law. Dodd-Frank and FWA claims are subject to arbitration. *See Khazin v. TD Ameritrade Holding Corp.*, 773 F.3d 488, 492 (3d Cir. 2014) ("The text and structure of Dodd-Frank compel the conclusion that whistleblower retaliation claims brought pursuant to 15 U.S.C. § 78u–6(h) are not exempt from predispute arbitration agreements."); *Hospicecare of Se. Fla., Inc. v. Major*, 968 So. 2d 117, 118 (Fla. Dist. Ct. App. 2007) ("Several courts in Florida have held that claims under the [FWA] may be subject to arbitration."). Furthermore, the agreements plainly state that arbitration covers retaliation claims. *See, e.g.*, Ex. A at 19 (". . . any claims for discrimination, *retaliation*, or harassment, or any other claims whether they arise by statute or otherwise . . ."); Ex. K at 4 (listing "retaliation claims" under the "Covered Claims" section of the arbitration clause). The Court, therefore, finds that Plaintiff's claims fall within the scope of the arbitration agreements and that those agreements are valid and enforceable.[2]

### B. Defendant Waived Its Right to Compel Arbitration

"[P]rejudice is the touchstone for determining whether the right to arbitrate has been waived by litigation conduct." *See In re Pharmacy Benefit Managers Antitrust Litig.*, 700 F.3d 109, 117 (3d Cir. 2012) (internal quotation and citation omitted). "[T]he concept of prejudice includes not only substantive prejudice to the legal position of the party claiming waiver, but also extends to prejudice resulting from the unnecessary delay and expense incurred by the plaintiffs as a result of the defendants' belated invocation of their right to arbitrate." *Nino v. Jewelry Exchange, Inc.*, 609 F.3d 191, 209 (3d Cir. 2010) (internal quotations and citation omitted). The Third Circuit employs six nonexclusive factors to assist in a prejudice inquiry: "(1) timeliness or lack thereof of the motion to arbitrate; (2) extent to which a party seeking arbitration has contested the merits of opposing party's claims; (3) whether the party seeking arbitration informed its adversary of its intent to pursue arbitration prior to seeking to enjoin the court proceedings; (4) the extent to which a party seeking arbitration engaged in non-merits motion practice; (5) the party's acquiescence to the court's pretrial orders; and (6) the extent to which the parties have engaged in discovery." *See Gray Holdco, Inc. v. Cassady*, 654 F.3d 444, 451 (3d Cir. 2011) (citing *Hoxworth*, 980 F.2d at 926–27). "This recognition that the right to arbitrate may be waived under such circumstances is consistent with the purpose behind arbitration itself—arbitration is meant to streamline the proceedings, lower costs, and conserve private and judicial resources, and it furthers none of those purposes when a party actively litigates a case for an extended period only to belatedly assert that the dispute should have been arbitrated, not litigated, in the first place." *Nino*, 609 F.3d at 209.

---

[1] The Court notes that some of the clauses differ in their language but the substance is consistent throughout all of Defendant's exhibits.

[2] The Court need not address Plaintiff's "express waiver" argument because New Jersey law does not apply to the scope of the arbitration agreements.

4

1. <u>Timeliness of Defendant's Motion</u>

Plaintiff filed his Complaint almost one year from the issuance of this opinion. Defendant took two and a half months to file its motion to dismiss in response to the Complaint. Plaintiff sought an extension of time to respond pursuant to his right under the District of New Jersey's Local Rules. A month later, the parties mutually sought an adjournment of that motion, which prolonged the return date an additional six weeks. As a result, the Court did not decide the merits of Defendant's motion until late November 2017. Two weeks later, Defendant filed the instant motion, over eight months after Plaintiff initially filed his Complaint.

Defendant offers no explanation for the delay of its filing the instant motion except for its legal interpretation of Third Circuit and Supreme Court precedent, which it states unequivocally provides for Defendant to pursue a single merits-based motion without waiving its right to invoke arbitration. The applicable precedent does not so provide. The Third Circuit's six-factor inquiry from *Hoxworth* makes clear that courts must consider the totality of the circumstances in determining whether a moving party's conduct is inconsistent with its right to arbitrate. *See Nino*, 609 F.3d at 208–09. The fact that Defendant has filed only one merits-based motion is merely one factor under consideration.[3]

The Third Circuit has previously found against waiver in cases where the moving party has waited between one and two months to assert its arbitration right; however, it has found for waiver where a moving party waited ten months or longer to assert its right. *See In re Pharmacy Benefit Managers*, 700 F.3d at 118 (summarizing cases). Here, the Court finds that the elapsed time of more than eight months leans toward waiver, albeit on the lowest end of that spectrum. Moreover, Defendant's sole explanation for its delay is its apparent litigation strategy in pursuing dismissal in this Court before presumably pursuing a similar tactic in arbitration—*i.e.*, a second bite at the apple. At a minimum, Defendant should have included its arbitration claim as an alternative form of relief in its motion to dismiss or otherwise stated its intent to pursue such a course later in the litigation. The fact that Defendant hid its intent until it received a determination from this Court on its merits-based motion, one that was partially unfavorable, defies the main purpose underlying arbitration in the first place: "arbitration is meant to streamline the proceedings, lower costs, and conserve private and judicial resources[.]" *See Nino*, 609 F.3d at 209. The Court, therefore, finds that Defendant's motion is untimely and this factor weighs in favor of waiver.

---

[3] Defendant points to an opinion issued by this Court in *James v. Global Tel*Link Corp*. as support for its argument that its filing of a single merits-based motion to dismiss does not waive its right to arbitrate. Defendant overlooks the fact that the Rule 12 motion in that case concerned "the threshold issue of jurisdiction," which the Court specifically found was not a merits-based motion. *See* No. 13-cv-4989, 2016 WL 589676, at *10 (D.N.J. Feb. 11, 2016).

5

### 2. Whether Defendant Contested the Merits of Plaintiff's Claims

Defendant's motion sought the dismissal of Plaintiff's entire Complaint under Rule 12(b)(6), which is a merits-based motion. Accordingly, the Court finds that Defendant contested the merits of Plaintiff's claims and this factor weighs heavily in favor of waiver.

### 3. Whether Defendant Provided Notice

Plaintiff maintains, and Defendant does not dispute, that Defendant called Plaintiff's counsel to inform him of its intent to pursue arbitration shortly before filing the instant motion. *See* Price Decl. ¶ 3, ECF No. 26-1. In *Nino*, the Third Circuit analyzed the notice factor in considering the inclusion of arbitration as an affirmative defense in the defendant's answer. It found that asserting arbitration as an affirmative defense undoubtedly disclosed the possibility that the defendant would seek to compel arbitration at some point; however, the significance of that disclosure decreased the longer the defendant pursued litigation. *See Nino*, 609 F.3d at 211. It reasoned, "[A] party's capacity to develop a litigation strategy with regard to the likelihood of arbitration diminishes the longer the case is litigated with no further indication that a motion to compel is forthcoming." *Id*. Moreover, "[i]n the waiver context, where prejudice to the non-movant is key, an initial invocation of the defense of arbitration becomes less significant the longer and more actively a party litigates after having made the initial invocation without making any further mention of arbitration." *Id*. at 211–12.

Here, Defendant made no mention of arbitration at any time to Plaintiff or this Court until just before filing the instant motion. Defendant's conduct gave Plaintiff no reason to expect an invocation of arbitration, particularly after the parties litigated a dispositive motion. The phone call from Defendant's counsel just before its filing was purely cosmetic in nature and provided Plaintiff with no real substantive notice. The Court, therefore, finds that the notice factor weighs in favor of waiver.

### 4. Extent of Non-Merits Motion Practice

Upon reviewing the docket, the Court notes that the only non-merits motion practice undertaken by Defendant relates *pro hac vice* motions filed by Defendant's counsel and the parties' consent motion to adjourn the motion to dismiss. These motions did not compel responses from Plaintiff and did not otherwise prejudice him. The Court, therefore, finds that this factor weighs against a finding of waiver.

### 5. Acquiescence to Pretrial Orders

The Court has not issued any pretrial orders as of the issuance of this opinion. The Court did order discovery to commence on Plaintiff's FWA claim while awaiting the Supreme Court's decision in *Digital Realty*; however, Defendant subsequently filed the instant motion, which inevitably delayed the issuance of a pretrial order due to the potential dispositive outcome herein. The Court, therefore, finds that this factor does not tilt the balance in either direction.

6

6. <u>Extent to Which the Parties Have Engaged in Discovery</u>

Plaintiff maintains that he has "worked on the case getting discovery ready" during the intervening period between the completion of briefing and the issuance of the Court's decision addressing Defendant's motion to dismiss. *See* Price Decl. ¶ 5. Defendant argues that any such undertaking of discovery by Plaintiff was premature. *See* Def.'s Reply at 10–11. The Court agrees with Defendant. "[Third Circuit] cases finding waiver have uniformly featured significant discovery activity in the district court." *In re Pharmacy Benefit Managers*, 700 F.3d at 120. There has been no such discovery activity present here. The Court, therefore, finds that this factor weighs against a finding of waiver.

In sum, the Court finds that the totality of the circumstances here favors a finding of waiver. Defendant's conduct up until its filing of the instant motion was entirely inconsistent with its right to arbitrate. Defendant chose to litigate the merits of the case, seeking the dismissal of Plaintiff's entire Complaint under Rule 12(b)(6). Defendant further hid its intent to invoke arbitration, purposefully withholding any mention of arbitration from Plaintiff or this Court until moments before seeking its compulsion. Defendant's conduct defied the very purpose behind arbitration: the streamlining of proceedings and the conservation of private and judicial resources. This Court will not now sanction such conduct by giving Defendant another chance to seek dismissal in arbitration, an outcome that would prejudice Plaintiff after it partially defeated Defendant's previous motion to dismiss. Accordingly, the Court finds that Defendant waived its right to invoke arbitration and its motion to compel arbitration is **DENIED**.

### IV. CONCLUSION

For the reasons stated above, Defendant's motion to compel arbitration is **DENIED**. An appropriate order follows.

                                           */s/ William J. Martini*
                                        **WILLIAM J. MARTINI, U.S.D.J.**

**Date: March 8, 2018**