# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Mark S. Melodia
+1 212-513-3583
Mark.Melodia@hklaw.com

July 31, 2020

*VIA ECF*

The Honorable Joseph A. Dickson
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, NJ 07101

   Re: *White et al. v. Samsung Electronics America, Inc. et al.*, 2:17-cv-01775-MCA-JAD

Dear Judge Dickson:

  We write this letter on behalf of Sony Electronics Inc. ("Sony") in response to Plaintiffs' letter of July 29, 2020 [DE #153]. Though Plaintiffs' claims against Sony and Samsung have been severed, Samsung, which also has a pending motion to compel individual arbitration, joins in this letter to avoid burdening the Court with another letter on the same topic.

  As the Court is aware, Sony and Samsung have each moved to compel enforcement of their respective arbitration agreements with Plaintiff White. Samsung also sought to compel arbitration as to Plaintiff Cauley. Sony provided the relevant arbitration agreement to Plaintiff White before filing its motion and, upon filing its motion, Sony included a second copy of the arbitration agreement. [DE #139-2]. Likewise, prior to the filing of its motion to compel arbitration, Samsung advised Plaintiff Cauley of the relevant arbitration agreement with Samsung and demanded arbitration accordingly. [DE # 143-4].

  Also, as the Court is aware, the parties have stipulated that discovery will be taken on an individual basis pending resolution of these motions. [DE #146-1]. See also [DE #152] (ordering that discovery be taken on an individual basis).

  Having provided the relevant agreements, and having secured agreement that discovery would consist of only individual issues, Defendants were surprised by Plaintiffs' demand for "class-wide" discovery on arbitration agreements:

Anchorage | Atlanta | Austin | Boston | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Houston | Jacksonville | Lakeland
Los Angeles | Miami | New York | Orlando | Philadelphia | Portland | San Francisco | Stamford | Tallahassee | Tampa | Tysons
Washington, D.C. | West Palm Beach

2844502.1 100696-94961

The Honorable Joseph A. Dickson
July 31, 2020
Page 2

>any and all arbitration agreements (and/or waiver of class action provisions) respecting the model Smart TV's at issue in the case (from the time defendants first sold those Smart TVs to the present), including the specific arbitration (and/or waiver of class action provisions) that existed on the date this action was originally filed against each respective defendant.

In meet and confer communications (attached as **Ex. A**), Defendants explained that other agreements, if they exist, involving other models and other consumers, have no bearing on whether *Plaintiffs here* agreed to arbitrate or whether *Defendants here* "waived" their right to arbitrate in this case. The existence (or non-existence) of those other agreements would not change any of the potentially relevant dates in *this* case, as to these consumers, from the filing of the initial (voluntarily dismissed) Complaint to the filing of the current Motion. The existence (or non-existence) of those other agreements would not vary the terms of the arbitration agreements agreed to by Plaintiffs. Despite asking Plaintiffs to explain the factual and legal basis for the discovery sought, Plaintiffs' Counsel simply asserted that the discovery was "relevant."

Plaintiffs' Counsel's July 29, 2020 letter attached an unpublished, non-precedential decision. Price v. UBS Financial Services, Inc., docketed in the United States District Court for the District of New Jersey as docket number 2:17-01882 as [DE #153-1]. Price does not support Plaintiffs' proposition that the party seeking to establish that a defendant waived its right to arbitrate under one agreement is entitled to discovery concerning agreements the defendant may have had with other consumers spanning multiple years and models. Nothing supports that proposition.

Should the Court desire additional briefing on this issue, the Defendants would be happy to provide that to the Court.

Therefore, respectfully, Sony and Samsung ask the Court to deny Plaintiffs' request for this discovery at this time.


Sincerely yours,

*/s/* Mark S. Melodia
Mark S. Melodia

MSM:tl

cc:  All parties (*via ECF*)