# Exhibit A

| | |
|---|---|
| **From:** | Mack Press <mack@mackpress.com> |
| **Sent:** | Tuesday, July 28, 2020 6:44 PM |
| **To:** | McDonald, Michael R. |
| **Cc:** | Bond, Paul J (PHL - X49535); Melodia, Mark S (NYC - X73583); Frankel, Simon; McDonald, Michael R. |
| **Subject:** | Re: * Meet and Confer*  White et al v, Samsung, et al . |

*[External email]*
Counsel:

The meet and confer has occurred via email. I asked for only one discovery item related to defendants' instant arbitration motions, and you flatly refused to provide that discovery.
I explained to you exactly why that discovery was highly relevant information, and you again disagreed with me and flatly refused to produce that discovery to Plaintiffs.

Notwithstanding your selective "confusion," the discovery I asked for is undeniably relevant to defendants' instant motions (And plaintiffs' ability to properly defend those motions). And It's exactly what I told you I needed in our phone call with Judge Dickson.

Thus, I will be contacting the Court to ask the Court to require defendants to produce this relevant information I have requested from You related to defendants' arbitration motions.

Beat, Mack Press.


Mack Press, Esq.
email: mack@mackpress.com

---

Far better is it to dare mighty things, to win glorious triumphs, even though checkered by failure....than to rank with those poor spirits who neither enjoy nor suffer much, because they live in a gray twilight that knows not victory nor defeat.
Teddy Roosevelt

---

**From:** McDonald, Michael R. <MMcDonald@gibbonslaw.com>
**Sent:** Tuesday, July 28, 2020 5:55:25 PM
**To:** Mack Press <mack@mackpress.com>
**Cc:** Paul.Bond@hklaw.com <Paul.Bond@hklaw.com>; Mark.Melodia@hklaw.com <Mark.Melodia@hklaw.com>; Frankel, Simon <sfrankel@cov.com>; McDonald, Michael R. <MMcDonald@gibbonslaw.com>
**Subject:** RE: * Meet and Confer* White et al v, Samsung, et al .

Mack,
Discovery is limited to Plaintiffs' individual claims. ECF 152.  The named plaintiffs each agreed to terms of an arbitration agreement. Whether Smart TVs sold prior to the Plaintiffs' purchases also had arbitration agreements, is not relevant to the named Plaintiffs' individual claims, and your email certainly did not explain how the existence of such agreements could be relevant.

Nor do we see any relevance on the "waiver" issue. In the event you are claiming that defendants waived the right to raise the arbitration issue because motions to dismiss were filed, we disagree.

If there is some other legal basis for disclosure of the documents you have requested, please advise.

Otherwise, Samsung does not intend to produce the information you have described.  I understand that Sony takes the same position, again, for reasons previously identified.

Best, Mike

Michael R. McDonald
Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct Dial (973) 596-4827
Cell Phone (908) 380-0525
Direct Fax (973) 639-6295
mmcdonald@gibbonslaw.com
Bio

---

**From:** Mack Press <mack@mackpress.com>
**Sent:** Tuesday, July 28, 2020 4:15 PM
**To:** McDonald, Michael R. <MMcDonald@gibbonslaw.com>
**Cc:** Paul.Bond@hklaw.com; Mark.Melodia@hklaw.com; Frankel, Simon <sfrankel@cov.com>; McDonald, Michael R. <MMcDonald@gibbonslaw.com>
**Subject:** Re: * Meet and Confer* White et al v, Samsung, et al .

Michael:

My limited, specific discovery request has everything to do with Plaintiffs' position that the defendants waived their right to compel arbitration (and class waiver)  by failing to raise it at the appropriate time.  Need I remind you that Defendants waited until after four substantive-motions were briefed and decided by the Court; and then Defendants filed these late-in-the-game motions more than three and half years after the litigation began (and after 145 docket entries).

I am finding it hard to understand how you don't see the relevance ?  Please explain.

** IMPORTANT —

As you know, I am on a time table here with respect to responding to Defendants' motions, so I would like to please know ASAP whether Defendants plan to provide Plaintiffs with the requested arbitration-related discovery — and WHEN (and in turn. whether I am going to have to petition the Court to obtain this information).

Thank you kindly.
Best, Mack Press.


Mack Press, Esq.

email: mack@mackpress.com

Far better is it to dare mighty things, to win glorious triumphs, even though checkered by failure....than to rank with those poor spirits who neither enjoy nor suffer much, because they live in a gray twilight that knows not victory nor defeat.
Teddy Roosevelt

**From:** McDonald, Michael R. <MMcDonald@gibbonslaw.com>
**Sent:** Tuesday, July 28, 2020 2:07:20 PM
**To:** Mack Press <mack@mackpress.com>
**Cc:** Paul.Bond@hklaw.com <Paul.Bond@hklaw.com>; Mark.Melodia@hklaw.com <Mark.Melodia@hklaw.com>; Frankel, Simon <sfrankel@cov.com>; McDonald, Michael R. <MMcDonald@gibbonslaw.com>
**Subject:** RE: * Meet and Confer* White et al v, Samsung, et al .

Mack,
Thanks for your email, and best wishes for your medical issues.

The discovery you have identified is class discovery and has no bearing on the named plaintiffs individual claims. If you believe these documents are relevant to the claims asserted by the named plaintiffs, please explain.

Thanks, Mike

*Michael R. McDonald*
*Gibbons P.C.*
*One Gateway Center*
*Newark, New Jersey 07102-5310*
*Direct Dial (973) 596-4827*
*Cell Phone (908) 380-0525*
*Direct Fax (973) 639-6295*
*mmcdonald@gibbonslaw.com*
*Bio*

**From:** Mack Press <mack@mackpress.com>
**Sent:** Tuesday, July 28, 2020 1:32 PM
**To:** McDonald, Michael R. <MMcDonald@gibbonslaw.com>; Paul.Bond@hklaw.com; Mark.Melodia@hklaw.com; Frankel, Simon <sfrankel@cov.com>
**Subject:** * Meet and Confer* White et al v, Samsung, et al .

Dear Counsel:

Although the cases against the Defendants have been severed, I write this email to all counsel in an attempt to meet and confer regarding the "arbitration / class waiver" discovery I have asked for from all defendants.

3

First, Plaintiffs have decided that, at this time, they will not be seeking depositions of Samsung and Sony employees (an/or in-house counsel) about what and when those employees knew about the "arbitration / class waiver" clauses at issue.

However, very simply and very reasonably I believe, Plaintiffs specifically request from defendants any and all arbitration agreements (and/or waiver of class action provisions) respecting the model Smart TV's at issue in the case (from the time defendants first sold those Smart TVs to the present), including the specific arbitration (and/or waiver of class action provisions) that existed on the date this action was originally filed against each respective defendant here.

That is the discovery that Plaintiffs seek for immediate production. Please let me know if defendants will provide that discovery to Plaintiffs, so I can ascertain whether I need to ask the Court to require defendants provide such information/ discovery.

Please also let me know when Defendants will provide that information / documents to Plaintiffs. Obviously, that discovery is needed by me to properly respond on behalf of Plaintiffs to defendants' arbitration/ class waiver motions. So I also need to know when you will be able to provide me the above requested discovery, in order to determine if I need the Court to extend the time for me to respond to defendants' instant motions.

Please respond by email, as I unfortunately will not be able to speak at 2pm today.
I think email is the best way to move forward — as Plaintiffs' above request is very straightforward.  ( We can always speak in a follow up call).

Thank you kindly.
Best, Mack Press




Mack Press, Esq.
email: mack@mackpress.com

Far better is it to dare mighty things, to win glorious triumphs, even though checkered by failure....than to rank with those poor spirits who neither enjoy nor suffer much, because they live in a gray twilight that knows not victory nor defeat.

Teddy Roosevelt

Mack Press, Esq.

email: mack@mackpress.com

Far better is it to dare mighty things, to win glorious triumphs, even though checkered by failure....than to rank with those poor spirits who neither enjoy nor suffer much, because they live in a gray twilight that knows not victory nor defeat.

Teddy Roosevelt



**Disclaimer**
The contents of this message, together with any attachments, may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, printing, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify me immediately by reply e-mail or call Gibbons P.C. at 973-596-4500 and delete this message, along with any attachments, from your computer.

| | |
|---|---|
| **From:** | Bond, Paul J (PHL - X49535) |
| **Sent:** | Tuesday, July 28, 2020 6:07 PM |
| **To:** | McDonald, Michael R.; Mack Press |
| **Cc:** | Melodia, Mark S (NYC - X73583); Frankel, Simon |
| **Subject:** | RE: * Meet and Confer*  White et al v, Samsung, et al . |

Sony agrees.  We can't see the relevance of potential arbitration and/or class action waiver agreements that we're not seeking to enforce, and we don't contend were ever presented to Mr. White.  We have produced the relevant agreement, specific to the Smart TV identified.

**Paul Bond** | **Holland & Knight**
Partner
Holland & Knight LLP
2929 Arch Street, Suite 800 | Philadelphia, Pennsylvania 19104
Phone 215.252.9535 | Fax 215.867.6070
paul.bond@hklaw.com | www.hklaw.com

Add to address book | View professional biography

**From:** McDonald, Michael R. <MMcDonald@gibbonslaw.com>
**Sent:** Tuesday, July 28, 2020 5:55 PM
**To:** Mack Press <mack@mackpress.com>
**Cc:** Bond, Paul J (PHL - X49535) <Paul.Bond@hklaw.com>; Melodia, Mark S (NYC - X73583) <Mark.Melodia@hklaw.com>; Frankel, Simon <sfrankel@cov.com>; McDonald, Michael R. <MMcDonald@gibbonslaw.com>
**Subject:** RE: * Meet and Confer* White et al v, Samsung, et al .

*[External email]*
Mack,
Discovery is limited to Plaintiffs' individual claims. ECF 152.  The named plaintiffs each agreed to terms of an arbitration agreement. Whether Smart TVs sold prior to the Plaintiffs' purchases also had arbitration agreements, is not relevant to the named Plaintiffs' individual claims, and your email certainly did not explain how the existence of such agreements could be relevant.

Nor do we see any relevance on the "waiver" issue. In the event you are claiming that defendants waived the right to raise the arbitration issue because motions to dismiss were filed, we disagree.

If there is some other legal basis for disclosure of the documents you have requested, please advise.

Otherwise, Samsung does not intend to produce the information you have described.  I understand that Sony takes the same position, again, for reasons previously identified.

Best, Mike

**Michael R. McDonald**
**Gibbons P.C.**

1

*One Gateway Center*
*Newark, New Jersey 07102-5310*
*Direct Dial (973) 596-4827*
*Cell Phone (908) 380-0525*
*Direct Fax (973) 639-6295*
*mmcdonald@gibbonslaw.com*
*Bio*

**From:** Mack Press <mack@mackpress.com>
**Sent:** Tuesday, July 28, 2020 4:15 PM
**To:** McDonald, Michael R. <MMcDonald@gibbonslaw.com>
**Cc:** Paul.Bond@hklaw.com; Mark.Melodia@hklaw.com; Frankel, Simon <sfrankel@cov.com>; McDonald, Michael R. <MMcDonald@gibbonslaw.com>
**Subject:** Re: * Meet and Confer* White et al v, Samsung, et al .

Michael:

My limited, specific discovery request has everything to do with Plaintiffs' position that the defendants waived their right to compel arbitration (and class waiver) by failing to raise it at the appropriate time. Need I remind you that Defendants waited until after four substantive-motions were briefed and decided by the Court; and then Defendants filed these late-in-the-game motions more than three and half years after the litigation began (and after 145 docket entries).

I am finding it hard to understand how you don't see the relevance ? Please explain.

** IMPORTANT —

As you know, I am on a time table here with respect to responding to Defendants' motions, so I would like to please know ASAP whether Defendants plan to provide Plaintiffs with the requested arbitration-related discovery — and WHEN (and in turn. whether I am going to have to petition the Court to obtain this information).

Thank you kindly.
Best, Mack Press.


Mack Press, Esq.
email: mack@mackpress.com
_____

Far better is it to dare mighty things, to win glorious triumphs, even though checkered by failure....than to rank with those poor spirits who neither enjoy nor suffer much, because they live in a gray twilight that knows not victory nor defeat.
Teddy Roosevelt

**From:** McDonald, Michael R. <MMcDonald@gibbonslaw.com>
**Sent:** Tuesday, July 28, 2020 2:07:20 PM
**To:** Mack Press <mack@mackpress.com>
**Cc:** Paul.Bond@hklaw.com <Paul.Bond@hklaw.com>; Mark.Melodia@hklaw.com <Mark.Melodia@hklaw.com>; Frankel,

Simon <sfrankel@cov.com>; McDonald, Michael R. <MMcDonald@gibbonslaw.com>
**Subject:** RE: * Meet and Confer* White et al v, Samsung, et al .

Mack,
Thanks for your email, and best wishes for your medical issues.

The discovery you have identified is class discovery and has no bearing on the named plaintiffs individual claims.  If you believe these documents are relevant to the claims asserted by the named plaintiffs, please explain.

Thanks, Mike

**Michael R. McDonald**
**Gibbons P.C.**
**One Gateway Center**
**Newark, New Jersey 07102-5310**
**Direct Dial (973) 596-4827**
**Cell Phone (908) 380-0525**
**Direct Fax (973) 639-6295**
**mmcdonald@gibbonslaw.com**
**Bio**

---

**From:** Mack Press <mack@mackpress.com>
**Sent:** Tuesday, July 28, 2020 1:32 PM
**To:** McDonald, Michael R. <MMcDonald@gibbonslaw.com>; Paul.Bond@hklaw.com; Mark.Melodia@hklaw.com; Frankel, Simon <sfrankel@cov.com>
**Subject:** * Meet and Confer* White et al v, Samsung, et al .

Dear Counsel:

Although the cases  against the Defendants have been severed, I write this email to all counsel in an attempt to meet and confer regarding the "arbitration / class waiver" discovery I have asked for from all defendants.

First, Plaintiffs have decided that, at this time, they will not be seeking depositions of Samsung and Sony employees (an/or in-house counsel) about what and when those employees knew about the "arbitration / class waiver" clauses at issue.

However, very simply and very reasonably I believe, Plaintiffs specifically request from defendants any and all arbitration agreements (and/or waiver of class action provisions) respecting the model Smart TV's at issue in the case (from the time defendants first sold those Smart TVs to the present), including the specific arbitration (and/or waiver of class action provisions) that existed on the date this action was originally filed against each respective defendant here.

That is the discovery that Plaintiffs seek for immediate production. Please let me know if defendants will provide that discovery to Plaintiffs, so I can ascertain whether I need to ask the Court to require defendants provide such information/ discovery.

Please also let me know when Defendants will provide that information / documents to Plaintiffs. Obviously, that discovery is needed by me to properly respond on behalf of Plaintiffs to defendants' arbitration/ class waiver motions. So I also need to know when you will be able to provide me the above requested discovery, in order to determine if I need the Court to extend the time for me to respond to defendants' instant motions.

Please respond by email, as I unfortunately will not be able to speak at 2pm today.
I think email is the best way to move forward — as Plaintiffs' above request is very straightforward.  ( We can always speak in a follow up call).

Thank you kindly.
Best, Mack Press



Mack Press, Esq.
email: mack@mackpress.com

Far better is it to dare mighty things, to win glorious triumphs, even though checkered by failure....than to rank with those poor spirits who neither enjoy nor suffer much, because they live in a gray twilight that knows not victory nor defeat.
Teddy Roosevelt



Mack Press, Esq.
email: mack@mackpress.com

Far better is it to dare mighty things, to win glorious triumphs, even though checkered by failure....than to rank with those poor spirits who neither enjoy nor suffer much, because they live in a gray twilight that knows not victory nor defeat.

Teddy Roosevelt



**Disclaimer**
The contents of this message, together with any attachments, may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, printing, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify me immediately by reply e-mail or call Gibbons P.C. at 973-596-4500 and delete this message, along with any attachments, from your computer.