

Michael R. McDonald
Director

Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Direct: 973-596-4827 Fax: 973-639-6295
mmcdonald@gibbonslaw.com

# THE MACK FIRM
Mack Press
9 Pimlico Drive
Commack, NY 11725
Tel: 516-330-7213
Email: mack@mackpress.com

April 16, 2021

**VIA ECF**

Honorable Jessica S. Allen, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

    Re:    *White, et al. v. Samsung Electronics America, Inc., et al.*
              Case No. 17-1775 (MCA)(JSA)
              **Joint Letter Status Report Per Text Order, ECF No. 178**

Dear Judge Allen:

        Gibbons P.C., along with Covington & Burling LLP, represents Defendant Samsung Electronics America, Inc. ("Samsung"), and The Mack Firm represents Plaintiffs Thomas Roger White, Jr., and Patricia Cauley (together "Plaintiffs") in the above-referenced litigation. This Joint Letter Status Report is submitted on behalf of Samsung and Plaintiffs in Response to Your Honor's Text Order dated April 8, 2021. ECF No. 178.

        **1.   Relevant Procedural History**

        The initial Complaint was filed on March 16, 2017 (ECF No. 1) as a class action and brought against Samsung Electronics America, Inc., Samsung Electronics Co. Ltd., LG Electronics U.S.A., Inc., LG Electronics, Inc., Sony Corporation of America, Sony Electronics Inc., and Sony Corporation, alleging that Defendants had violated the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1 *et seq.* ("NJCFA"); the Video Privacy Protection Act, 18

U.S.C. § 2710; the Electronic Communications Privacy Act, 18 U.S.C. § 2511; the Cable Privacy Act, 47 U.S.C. § 55; the Federal Trade Communication Act, 15 U.S.C. § 45(a); the Subscriber Privacy Provision in the Cable Communications Policy Act, 47 U.S. Code § 551; and the Children's Online Privacy Protection Act of 1998, 15 U.S.C. §§ 6501–6505.

Since the initial Complaint was filed, two amended complaints were filed (ECF Nos. 45, 88) and two of the initial plaintiffs, David Espinoza and Christopher Mills, withdrew and another plaintiff, Patricia Cauley, was added.  Plaintiffs' Second Amended Complaint ("SAC") alleged that Samsung's collection and sale of Plaintiffs' data gave rise to five causes of action: (1) that the tracking and transmission of consumers' data violates the NJCFA, N.J. Stat. Ann. § 56:8-2, SAC ¶¶ 114-29; (2) that Samsung failed to disclose its data collection in violation of the NJFCA, *id*. ¶¶ 130-46; (3) a violation of the Video Privacy Protection Act, 18 U.S.C. § 2710, *id*. ¶¶ 147-60; (4) a violation of the Wiretap Act, 18 U.S.C. § 2510, *id*. ¶¶ 161-74; (5) a violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201, *id*. ¶¶ 175-98; and (6) common law negligent misrepresentation, *id*. ¶¶ 199-206.  The SAC seeks damages and injunctive relief on behalf of themselves, a Nationwide Class, a New Jersey Class and a Florida Class.

Plaintiffs elected not to pursue claims against the foreign parent companies and entered stipulations of dismissal with domestic defendants Sony Electronics Inc. (ECF No. 173) and LG Electronics U.S.A. Inc. (ECF No. 74).  Samsung is the only remaining Defendant.  Following joint motions to dismiss the initial and two amended complaints, the Court denied Samsung's motion to dismiss the federal Wiretap Act claim (ECF No. 104) and subsequently denied Samsung's motion for reconsideration (ECF No. 131).  On May 22, 2020, Samsung filed a

Honorable Jessica S. Allen, U.S.M.J.
April 16, 2021
Page 3

motion to compel arbitration. ECF No. 143. As Your Honor Ordered on March 28, 2021 (ECF No. 179), on May 4, 2021, the parties will simultaneously re-file Samsung's motion to compel arbitration, Plaintiffs opposition brief thereto and Samsung's reply brief.

For purposes of efficiency, this Joint Letter will briefly set out in the chart below the relevant procedural history as it pertains to Samsung and Plaintiffs.

| RELEVANT PROCEDURAL HISTORY | | |
|---|---|---|
| **ECF** | **DATE** | **FILING** |
| ECF No. 1 | March 16, 2017 | Complaint |
| ECF No. 24 | September 8, 2017 | Joint Motion to Dismiss (LG and Samsung) |
| ECF No. 38 | September 26, 2017 | ORDER for Stay and Administrative Termination |
| ECF No. 45 | January 17, 2018 | First Amended Complaint (FAC) |
| ECF No. 54 | February 23, 2018 | Second Joint Motion to Dismiss (LG, Samsung and Sony) |
| ECF No. 66 | March 28, 2018 | Pretrial Scheduling Order |
| ECF No. 72 | April 30, 2018 | Joint Stipulation and Consent ORDER Staying all discovery |
| ECF No. 82 | September 26, 2018 | ORDER Dismissing All Claims in FAC |
| ECF No. 88 | November 16, 2018 | Second Amended Complaint (SAC) |
| ECF No. 94 | December 17, 2018 | Third Joint Motion to Dismiss (Samsung and Sony) |
| ECF No. 104 | August 21, 2019 | ORDER Granting MTD in part, Denying MTD in part (as to Wiretap Claim only) |
| ECF No. 105 | September 4, 2019 | Samsung's Motion for Reconsideration of 8/21/19 Order, or, in the alternative, to certify for immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b). |
| ECF No. 106 | September 4, 2019 | Sony's Motion for Reconsideration of 8/21/19 Order, or, in the alternative, to certify for immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b). |
| ECF No. 131 | March 24, 2020 | ORDER Denying Reconsideration or interlocutory appeal pursuant to 28 U.S.C. § 1292(b). |
| ECF Nos. 138, 141 | May 22, 2020 | Sony's Motions to Compel Arbitration and Sever |
| ECF No. 143 | May 22, 2020 | Samsung's Motion to Compel Arbitration |

Honorable Jessica S. Allen, U.S.M.J.
April 16, 2021
Page 4

| ECF No. 148 | July 7, 2020 | ORDER Deny motion to Compel arbitration without prejudice, subject to re-filing at completion of briefing; ORDER for discovery as to putative class representatives only, through 2/9/21 |
|---|---|---|
| ECF No. 152 | July 24, 2020 | ORDER that discovery shall be "limited to Plaintiffs' individual claims," through 2/9/21 |
| ECF No. 158 (*see also* ECF Nos. 156, 157 and 169) | August 14, 2020 | SO ORDERED letter memorializing all discovery deadlines adjourned, except for one arbitration interrogatory (discussed further below). |
| ECF No. 172 | January 11, 2021 | SO ORDERED letter memorializing extension of Response to Arbitration motions until March 31, 2021. |
| ECF No. 174 | February 2, 2021 | Stipulation and ORDER for Voluntary Dismissal of Sony |
| ECF No. 179 | April 8, 2021 | ORDER acknowledging parties' briefing schedule for Reply by Samsung on May 4 and all papers to be filed on motion to compel arbitration on May 4, 2021. |

**2.     Status Of Discovery**

In March 2018, pursuant to Local Civil Rule 26.1(b)(2) and Fed. R. Civ. P. 26(f)(3), Samsung and Plaintiffs filed their respective proposed discovery plans with the Court.  *See* ECF Nos. 60 and 61.  On March 28, 2018, Magistrate Judge Steven C. Mannion entered a Discovery Confidentiality Order that Samsung and Plaintiffs had negotiated and proposed.  On April 11, 2018, Plaintiffs also served Samsung with initial disclosures, as Magistrate Judge Mannion required in a Pretrial Scheduling Order.  ECF No. 66.

There has been no formal discovery taken during the pendency of the three merit-based motions to dismiss and the motion for reconsideration.  Although the parties had disputes over

whether formal discovery should proceed, ultimately the parties agreed to stay discovery until the court reached a decision on the motions to dismiss. ECF No. 72.

After the Court denied the motion for reconsideration on March 24, 2020, the parties again disputed whether discovery should proceed in view of motions to compel arbitration. After Samsung filed its motion to compel arbitration, Plaintiff sought discovery on arbitration issues and the Court ultimately permitted a single interrogatory regarding arbitration. ECF No. 158 (*see also* ECF Nos. 156, 157 and 169). Samsung responded to the request.

On July 24, 2020, Magistrate Judge Joseph A. Dickson entered an Order which stated, among other things, that during pendency of the motions to compel arbitration, discovery would be "limited to Plaintiffs' individual claims." ECF No. 152. In August 2020, Plaintiffs' counsel reported to Samsung's counsel and the Court that he had exacerbated a pre-existing medical condition that required additional treatment that prohibited a normal work schedule and thus all parties agreed to adjourn all deadlines for discovery and the arbitration motions. ECF No. 158.

### 3. Proposed Modifications To The Existing Discovery Schedule

The parties do not propose any modifications to the existing schedule.

### 4. Whether A Settlement Conference Is Appropriate Given The Motion To Compel Arbitration.

The parties would welcome an opportunity to discuss this case with the Court during a settlement conference.

\*     \*     \*     \*     \*

Please do not hesitate to contact undersigned counsel in the event the Court has any questions.

Honorable Jessica S. Allen, U.S.M.J.
April 16, 2021
Page 6

Jointly submitted by:

| **GIBBONS P.C.** | **THE MACK FIRM** |
|---|---|
| s/ Michael R. McDonald | s/ Mack Press |
| Michael R. McDonald | Mack Press |

cc: All Counsel of Record (via ECF)