# Exhibit 4

**COVINGTON**

BEIJING  BRUSSELS  DUBAI  FRANKFURT  JOHANNESBURG
LONDON  LOS ANGELES  NEW YORK  PALO ALTO
SAN FRANCISCO  SEOUL  SHANGHAI  WASHINGTON

Simon J. Frankel

Covington & Burling LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
T  +1 415 591 7052
sfrankel@cov.com

May 11, 2020

*Via Email*

Mack Press
Berman Class Law
450 7th Ave., 13th Floor
New York, NY 10123

46 East Park Ave.
Long Beach, NY 11561

Re: ***White et al. v. LG Electronics, Inc. et al.,*** U.S. District Court for
   **the D.N.J., Case No. 17-CV-1775:**
   **Arbitration Demand**

Dear Mr. Press:

   On behalf of Samsung Electronics America, Inc., I write to demand that Plaintiffs
White and Cauley submit this dispute to individualized arbitration pursuant to the
arbitration clause in the Terms and Conditions agreed to by Plaintiffs.

   Each of the Samsung SmartTVs allegedly purchased by Plaintiffs were
accompanied by a set of Terms and Conditions containing a binding arbitration clause.
Before they used any "Services" on their SmartTVs, including Samsung's software and
other related services provided on or through the SmartTVs, Plaintiffs

> unconditionally consent[ed] and agree[d] that any claim, dispute or
> controversy (whether in contract, tort, or otherwise) the User may have
> against any Samsung entity . . . arising out of, relating to, or connected in
> any way with the Services or the determination of the scope or
> applicability of this clause, will be resolved exclusively by final and binding
> arbitration administered by the ICC and conducted before a sole arbitrator
> in accordance with the rules of the ICC."

Terms & Conditions, §§ 1.1(b), 14.8(a).  Plaintiffs further agreed that the arbitration will
be held in New York, New York and that the arbitrator will apply New York law,
consistent with the Federal Arbitration Act and applicable statutes of limitation.  *Id.* §
14.8(c), (e).  In addition, Plaintiffs agreed that "there shall be no authority for any claims
to be arbitrated on a class or representative basis, arbitration can decide only the User's
and/or the applicable Samsung Entity's individual claims; the arbitrator may not

**COVINGTON**

Mack Press
May 11, 2020
Page 2

consolidate or join the claims of other persons or parties who may be similarly situated; and the User will not file or participate in a class action against Samsung." *Id.* § 14(f).

Both Ms. Cauley and Mr. White specifically consented to this arbitration clause when setting up their SmartTVs. During the setup process, each of the Plaintiffs were presented with a copy of the Terms and Conditions and then checked a box labeled "I Agree to all," indicating that they agreed to the Terms and Conditions (including the arbitration clause), as well as the Samsung Privacy Policy. Samsung's records indicate that Mr. White consented to the arbitration clause on December 26, 2016, and Ms. Cauley consented to the arbitration clause on January 30, 2017. Moreover, the Second Amended Complaint alleges that Plaintiffs used certain features on their Samsung SmartTVs that are not accessible unless they consented to the arbitration clause, including that they used SmartTV "apps" such as Netflix, Hulu, and YouTube. *See* SAC ¶¶ 15-16.

Plaintiffs' only remaining claim in this litigation is that "ACS software" in Samsung's SmartTVs intercepted electronic communications in alleged violation of the Wiretap Act. *See* SAC ¶ 167. This allegation necessarily "aris[es] out of, relat[es] to, or [is] connected in any way with the Services," including Samsung's software. Terms & Conditions, § 14.8(a). Plaintiffs' claim therefore falls squarely within the scope of the arbitration clause to which they agreed.

Please inform us by no later than close of business on Friday, May 15, 2020 whether Plaintiffs will agree to submit their claims to individualized arbitration pursuant to their agreement. If Plaintiffs refuse to submit this dispute to arbitration, Samsung intends to file a motion to compel arbitration.

Very truly yours,

Simon J. Frankel