## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS ROGER WHITE, JR. and PATRICIA CAULEY on behalf of themselves and all others similarly situated,<br><br>         Plaintiffs,<br><br>     v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC. and SONY ELECTRONICS INC.,<br><br>         Defendants. | Civil Action No. 17-1775 (MCA) (JSA)<br><br>Hon. Madeline Cox Arleo, U.S.D.J.<br>Hon. Jessica S. Allen, U.S.M.J.<br><br>**Return Date: TBD**<br><br>Oral Argument Requested |

---

**DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO COMPEL INDIVIDUAL ARBITRATION AND STRIKE PLAINTIFFS' CLASS CLAIMS**

---

GIBBONS PC
One Gateway Center
Newark, NJ 07102
Tel: (973) 596-4500

*Attorneys Samsung Electronics America, Inc.*

COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000

*Attorneys for Samsung Electronics America, Inc.*

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................ 1

ARGUMENT ........................................................................................................ 2

I. PLAINTIFFS DO NOT DISPUTE THAT THIS ACTION IS SUBJECT TO A BINDING ARBITRATION AGREEMENT. ..................... 2

II. PLAINTIFFS' DEFENSES TO ARBITRATION ARE MERITLESS. ........ 3

    A. Plaintiffs Cannot Establish Unconscionability. .................................. 4

    B. Under The *Hoxworth* Factors, SEA Has Not Waived Arbitration. ........................................................................................ 6

        1. The Lack Of Discovery Strongly Militates Against Waiver. ....................................................................................... 6

        2. Plaintiffs Misrepresent The Timeliness Of This Motion. .......... 8

        3. SEA's Motions To Dismiss Do Not Result In Waiver. ........... 10

        4. SEA Gave Plaintiffs Full Notice Of Its Intent To Seek Arbitration. .............................................................................. 10

        5. SEA Participated In Minimal Non-Merits Motion Practice. ................................................................................... 11

        6. SEA's Compliance with the Court's Orders Does Not Support Waiver. ..................................................................... 12

    C. Enforcing the Parties' Agreement Would Not Prejudice Plaintiffs. ........................................................................................... 13

    D. Equitable Estoppel Does Not Apply. ................................................ 14

III. PLAINTIFFS' CLASS CLAIMS SHOULD BE STRICKEN. .................... 14

CONCLUSION ................................................................................................... 15

## TABLE OF AUTHORITIES

**Cases**                                                                                                                      **Page(s)**

*Beture v. Samsung Elecs. Am., Inc.*,
   No. 17-cv-5757, 2018 WL 4259845 (D.N.J. July 18, 2018) ............................... 15

*Bock v. Salt Creek Midstream LLC*,
   No. 19-cv-1163, 2020 WL 5640669 (D.N.M. Sept. 22, 2020) .......................... 15

*Burcham v. Expedia, Inc.*,
   No. 07-cv-1963, 2009 WL 586513 (E.D. Mo. Mar. 6, 2009) ............................. 3

*Bush v. Comcast Cable Commc'ns Mgmt.*,
   No. 19-cv-1004, 2020 WL 4199077 (W.D. Pa. Jul. 22, 2020) ............................ 5

*Comrey v. Discover Fin. Servs., Inc.*,
   806 F. Supp. 2d 778 (M.D. Pa. 2011) ............................................................... 10

*Ehleiter v. Grapetree Shores, Inc.*,
   482 F.3d 207 (3d Cir. 2007) ............................................................................... 8

*Falk v. Aetna Life Ins. Co.*,
   No. 19-cv-00434, 2019 WL 4143882 (D.N.J. Aug. 31, 2019) ........................... 5

*Gray Holdco, Inc. v. Cassady*,
   2010 WL 4687744 (W.D. Pa., Nov. 10, 2010) ................................................... 8

*Gray Holdco, Inc. v. Cassady*,
   654 F.3d 444 (3d Cir. 2011) ............................................................................... 6

*Green Tree Fin. Corp.–Ala. v. Randolph*,
   531 U.S. 79 (2000) .............................................................................................. 4

*JPMorgan Chase Bank, N.A. v. Republic Mort. Ins. Co.*,
   2012 WL 6005384 (D.N.J. Nov. 30, 2012) ........................................................ 8

*Kausar v. GC Servs. Ltd. P'ship*,
   2018 WL 4676041 (D.N.J. Sept. 27, 2018) ........................................................ 8

*Kennedy v. Samsung Elecs. Am., Inc.*,
   No. 14-4987, 2015 WL 2093938 (D.N.J. May 5, 2015) .................................... 5

*Khorchid v. 7-Eleven, Inc.*,
  No. 18-cv-8525, 2019 WL 3812472 (D.N.J. Aug. 14, 2019)...............................8

*Klos v. Polskie Linie Lotnicze*,
  133 F.3d 164 (2d Cir. 1997) ..............................................................................5

*Luciano v. Tchrs. Ins. & Annuity Ass'n of Am.-Coll. Ret. Equities Fund*,
  No. 15-cv-6726, 2017 WL 3784035 (D.N.J. Aug. 31, 2017).............................14

*Magee v. Francesca's Holding Corp.*,
  No. 17-cv-565, 2020 WL 3169518 (D.N.J. June 15, 2020) ..........................2, 11

*Montgomery v. Bristol-Myers Squibb Co.*,
  No. 19-cv-19948, 2020 WL 3169373 (D.N.J. June 15, 2020) ........................4, 5

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
  460 U.S. 1 (1983)............................................................................................4, 5

*Nino v. Jewelry Exch., Inc.*,
  609 F.3d 191 (3d Cir. 2010) ...............................................................................8

*In re Pharmacy Ben. Managers Antitrust Litig.*,
  700 F.3d 109 (3d Cir. 2012) ...............................................................................8

*Purshe Kaplan Sterling Invs., Inc. v. Neff*,
  No. 20-cv-00878, 2020 WL 5406040 (E.D. Pa. Sept. 9, 2020) ..........................7

*Russo v. Trans Union, LLC*,
  No. 19-cv-4007, 2020 WL 4937108 (E.D. Pa. Aug. 24, 2020).........................12

*Serine v. Marshall, Dennehey, Warner, Coleman & Goggin*,
  No. 14-cv-4868, 2015 WL 4644129 (E.D. Pa. Aug. 5, 2015).........................6, 7

*SuperMedia v. Affordable Elec., Inc.*,
  565 Fed. Appx. 144 (3d Cir. 2014)......................................................................8

*Vine v. PLS Fin. Servs.*,
  807 Fed. App'x 320 (5th Cir. 2020) ..................................................................15

*Wood v. Prudential Ins. Co. of Am.*,
  207 F.3d 674 (3d Cir. 2000) ........................................................................10, 14

# INTRODUCTION

This motion seeks to compel arbitration in accordance with the terms agreed to by Plaintiffs White and Cauley. Plaintiffs' Opposition provides no legitimate basis to avoid this agreement, and, in fact, demonstrates that most of the critical issues are undisputed. Plaintiffs do not dispute that they consented to the Terms and Conditions providing that "any claim, dispute or controversy … arising out of, relating to, or connected in any way with the [SmartTV] Services … will be resolved exclusively by final and binding arbitration." Nor do they dispute these Terms and Conditions included a class action waiver prohibiting Plaintiffs from "fil[ing] or participat[ing] in a class action against Samsung."

Unable to avoid the clear terms of this agreement, Plaintiffs chastise Samsung, and by extension the Court, for the passage of time since the original Complaint was filed. But the record simply does not support Plaintiffs' position that Samsung should have moved to compel arbitration sooner, let alone waived its contractual rights by not doing so. Neither the original Complaint nor First Amended Complaint contained any information about the particular SmartTVs at issue—not the serial numbers, not the model numbers, nor even the years purchased. Samsung sold dozens of different SmartTVs during the relevant period, not all of which presented an arbitration agreement. And even those SmartTVs that did offered users—including Plaintiffs here—the option to decline arbitration.

Without any model or serial numbers, SEA could only guess whether Plaintiffs had agreed to arbitration. Even when White purported to provide that information in April 2018, his serial number information was inaccurate and Cauley still had not even been named as a Plaintiff. And by that point, the parties had fully briefed a motion to dismiss that led to a dismissal of all of the then-plaintiffs' claims, and the Court had entered an order staying all discovery. Plaintiffs did not provide the complete model and serial numbers necessary to confirm their agreement to arbitration until April 27, 2020—after the discovery stay expired and less than a month before SEA initially filed this motion.

For these reasons and the reasons in SEA's opening brief, the Court should enforce the parties' agreement, compel arbitration, and dismiss or stay this action.

## ARGUMENT

**I.  PLAINTIFFS DO NOT DISPUTE THAT THIS ACTION IS SUBJECT TO A BINDING ARBITRATION AGREEMENT.**

Plaintiffs do not dispute that they agreed to the Arbitration Agreement and that this dispute falls squarely within its scope. *See* Opp. 30. Nor could they. It is well-settled that clickwrap agreements like this one are valid and enforceable. *See, e.g.*, *Magee v. Francesca's Holding Corp.*, No. 17-cv-565, 2020 WL 3169518, at *9 n.4 (D.N.J. June 15, 2020) ("clickwrap agreements are routinely enforced by the courts."). And under its plain terms, the Arbitration Agreement applies to any claim against SEA arising out of or related to Samsung's SmartTV Services,

2

including the "software, information offering services, [and] services … provided … on or through the Samsung SmartTV." Abuali Decl. Ex. 1, §§ 14.8(a), 1.1(b).

Despite not challenging his consent to that Agreement, White argues he should not be compelled to arbitrate claims relating to his J5500 SmartTV because he indicated his consent using his KU3600 SmartTV. *See* Opp. 22-23. But White's claims as to both TVs are directed at the Samsung SmartTV Services—i.e., the SmartHub software—not the J5500 model hardware he used to access those Services. Mot. 17-18. His agreement to arbitrate all claims based on those Services applies regardless of the specific device he uses to access them, just like a user's agreement to the terms and conditions of a website applies even if they later use a different computer to access that website. *See, e.g.*, *Burcham v. Expedia, Inc.*, No. 07-cv-1963, 2009 WL 586513, at *2 (E.D. Mo. Mar. 6, 2009) (clickwrap agreement for Expedia's services binding even where plaintiff "regularly makes use of two different computers"). And in any event, whether the Arbitration Agreement includes White's claim arising from his J5500 SmartTV is a question of scope, which the parties expressly delegated to the arbitrator. *See* Mot. 14-15.

## II. PLAINTIFFS' DEFENSES TO ARBITRATION ARE MERITLESS.

While not disputing that this action is subject to a valid arbitration agreement, Plaintiffs argue that the Court should refuse to enforce that agreement based on unconscionability, waiver, and equitable estoppel. Plaintiffs bear the

3

burden of proving these defenses. *See Green Tree Fin. Corp.–Ala. v. Randolph*, 531 U.S. 79, 92 (2000). Further, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). Plaintiffs cannot overcome this presumption.

### A.  Plaintiffs Cannot Establish Unconscionability.

Plaintiffs' single-paragraph argument claiming that the Arbitration Agreement is unconscionable falls well short of the mark. As an initial matter, Plaintiffs rely on inapplicable Pennsylvania law. *See* Opp. 37. Under both New Jersey and New York law, "to invalidate an agreement by defense of unconscionability, a court must find *both* procedural and substantive unconscionability." *Montgomery v. Bristol-Myers Squibb Co.*, No. 19-cv-19948, 2020 WL 3169373, at *3 (D.N.J. June 15, 2020) (emphasis added); Mot. 19.

Plaintiffs argue that the Arbitration Agreement is procedurally unconscionable because there was an "absence of meaningful choice." Opp. 37. Not so. Plaintiffs could have declined arbitration and still used their SmartTVs or used another device to replicate the SmartHub features. Mot. 20-21. Moreover, Plaintiffs' assertion defies common sense as it is readily apparent that U.S. consumers in the market for a new television have no shortage of choices offered

4

by different companies.  *See, e.g., Kennedy v. Samsung Elecs. Am., Inc.*, No. 14-4987, 2015 WL 2093938, at *7 (D.N.J. May 5, 2015) ("the procedural aspects of unconscionability are nil because the Plaintiffs had a choice among many washing machines."); *Klos v. Polskie Linie Lotnicze*, 133 F.3d 164, 169 (2d Cir. 1997) (no contract of adhesion where there were several alternatives for flights between New York and Warsaw).  And either way, "[c]ontracts of adhesion do not necessarily serve as proof of procedural unconscionability." *Montgomery*, 2020 WL 3169373, at *4.  Clickwrap agreements, even "take-it-or-leave-it" ones, are routinely enforced.  *See, e.g.*, *Falk v. Aetna Life Ins. Co.*, No. 19-cv-00434, 2019 WL 4143882, at *5 (D.N.J. Aug. 31, 2019); *Bush v. Comcast Cable Commc'ns Mgmt.*, No. 19-cv-1004, 2020 WL 4199077, at *10 (W.D. Pa. Jul. 22, 2020).

In a footnote and without any support, Plaintiffs also argue that the Arbitration Agreement is substantively unconscionable because it compromises a "fundamental right" of "Privacy."  Opp. 37, n.29.  But even assuming such an untethered right is implicated by the single statutory claim remaining here, the Agreement does not require Plaintiffs to forfeit any privacy rights.  It simply requires Plaintiffs to assert those rights in arbitration, consistent with the "liberal federal policy favoring arbitration agreements." *Moses*, 460 U.S. at 24.  Notably, Plaintiffs do not assert that the terms of arbitration are unreasonable or unfair.

5

### B. Under The *Hoxworth* Factors, SEA Has Not Waived Arbitration.

#### 1. The Lack Of Discovery Strongly Militates Against Waiver.

First and foremost, waiver is inappropriate because there has been virtually no discovery in this action. "Given th[e] strong preference to enforce private arbitration agreements, we will not infer lightly that a party has waived its right to arbitrate and we will find that a party has waived the right '*only* where the demand for arbitration came long after the suit commenced *and when both parties had engaged in extensive discovery*.'" *Gray Holdco, Inc. v. Cassady*, 654 F.3d 444, 451 (3d Cir. 2011) (emphasis added). Accordingly, "[c]ases finding waiver tend to have had significant exchanges of discovery from both sides—including multiple depositions, interrogatories, document requests and exchanges, and/or discovery-related motion practice—prior to the attempt to compel arbitration." *Serine v. Marshall, Dennehey, Warner, Coleman & Goggin*, No. 14-cv-4868, 2015 WL 4644129, at *5 (E.D. Pa. Aug. 5, 2015).

SEA has not produced, nor been asked to produce, any discovery. *See* Opp. 32. Plaintiffs argue instead that "Samsung has undertaken active efforts to shape the contours of discovery," but the only example they can point to is the Court's order requiring Plaintiffs to provide basic identifying information about their SmartTVs—information that was not contained in the original or First Amended Complaint. *See id.* And critically, soon after Plaintiffs provided some identifying

information, the Court entered, at SEA's request and *with Plaintiffs' consent*, an order staying all discovery. ECF No. 72. As a result, neither party has invested any meaningful time or money in discovery.

Plaintiffs claim that they "have produced discovery," but the only discovery they can point to is White's initial disclosures with his incomplete serial number, and the belatedly produced model and serial number that allowed SEA to identify Plaintiffs' arbitration agreements and file this motion. *See* Opp. 32. Contrary to Plaintiffs' suggestion (*see id.*), that is the *only* discovery produced by Plaintiffs.

The absence of discovery in this action is a far cry from the "significant exchanges of discovery from both sides" typical in cases finding waiver. *Serine*, 2015 WL 4644129, at *5. Plaintiffs argue their cites show significant discovery is not required to find waiver, but they only succeed in demonstrating how inapposite such cases are. For example, in *Purshe Kaplan Sterling Invs., Inc. v. Neff*, No. 20-cv-00878, 2020 WL 5406040 (E.D. Pa. Sept. 9, 2020), the court found a likelihood of waiver only because of the highly unusual situation in which the party seeking arbitration had filed similar claims in both the district court and state court before pursuing arbitration. *See id.* at *5. Here, by contrast, it is Plaintiffs who have sought to litigate their claims in court, while SEA has moved for arbitration. The other waiver cases relied on by Plaintiffs each featured parties moving for arbitration who, unlike SEA, engaged in significant discovery, initiated the lawsuit

7

in the district court, and/or raised merits issues outside the pleadings.[1]

## 2. Plaintiffs Misrepresent The Timeliness Of This Motion.

The timing of this motion does not support waiver because SEA moved for arbitration less than a month after Plaintiffs provided complete model and serial number information for Plaintiffs' SmartTVs. Plaintiffs' attempt to shift blame to SEA obscures the chronology of events and ignores their own delays.

To start, Plaintiffs' suggestion that SEA could have filed this motion at the outset of the lawsuit is fanciful. Neither the original Complaint nor the FAC even identified the model numbers of the plaintiffs' SmartTVs, much less the specific serial numbers needed to locate their consent records. ECF Nos. 1, 42, 45. Samsung sold dozens of different SmartTVs during the relevant period, not all of which requested agreement to arbitration—as White's J5500 illustrates. *See Khorchid v. 7-Eleven, Inc.*, No. 18-cv-8525, 2019 WL 3812472, at *9 (D.N.J. Aug. 14, 2019) (no waiver where there was not "sufficient notice" of arbitrable claims).

---

[1] *See SuperMedia v. Affordable Elec., Inc.*, 565 Fed. Appx. 144, 148 (3d Cir. 2014) ("significant discovery activity," including discovery requests and motions); *Gray Holdco, Inc. v. Cassady*, 2010 WL 4687744 (W.D. Pa., Nov. 10, 2010) (movant initiated lawsuit, sought injunction, and engaged in discovery); *Nino v. Jewelry Exch., Inc.*, 609 F.3d 191, 199 (3d Cir. 2010) ("extensive discovery," including four depositions); *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 223 (3d Cir. 2007) ("extensive discovery," including numerous depositions); *In re Pharmacy Ben. Managers Antitrust Litig.*, 700 F.3d 109 (3d Cir. 2012) (movant raised merits issues outside pleadings, answered complaint, and offered no satisfactory explanation for delay); *JPMorgan Chase Bank, N.A. v. Republic Mort. Ins. Co.*, 2012 WL 6005384 (D.N.J. Nov. 30, 2012) (movant brought claim in district court and moved for summary judgment); *Kausar v. GC Servs. Ltd. P'ship*, 2018 WL 4676041 (D.N.J. Sept. 27, 2018) (all fact discovery completed).

Plaintiffs did not provide any model and serial numbers for White's SmartTVs until April 11, 2018, but provided an incomplete serial number for his J5500 SmartTV.  Plaintiffs argue that SEA should have requested a complete serial number for White, but by that point, briefing on Defendants' motion to dismiss the FAC was complete, the parties had jointly requested to stay all discovery, and the Court thereafter granted the discovery stay, ECF No. 72—and then granted Defendants motion to dismiss in its entirety, ECF No. 82.  The discovery stay remained in place during briefing on Defendants' motion to dismiss the Second Amended Complaint, which remained pending for six months, until after the Court denied Defendants' motion for reconsideration in March 2020.  ECF No. 128.  There was no reason, nor arguably a basis, for SEA to request additional discovery with respect to Plaintiffs serial numbers before March 2020.

Plaintiffs also ignore significant delays they caused.  For instance, after filing the initial Complaint, Plaintiffs waited nearly three months before serving it.  ECF No. 3.  In September 2017, the Court administratively terminated the action for three months at Plaintiffs' request.  ECF No. 38.  When Plaintiffs filed the SAC in November 2018, they did not include Cauley's serial number despite the Court's prior order.  ECF Nos. 66; 88, ¶ 15. Most recently, Plaintiffs requested extensions totaling nearly 10 months to respond to this motion.  ECF Nos. 146, 150, 156, 167, 170, 171.

### 3. SEA's Motions To Dismiss Do Not Result In Waiver.

Defendants' motions to dismiss do not suggest waiver. Even under normal circumstances, a "party does not waive the right to arbitration merely by answering on the merits … or even engaging in limited discovery." *Comrey v. Discover Fin. Servs., Inc.*, 806 F. Supp. 2d 778, 785 (M.D. Pa. 2011).

Here, there are several additional reasons why the motions to dismiss do not support waiver. For one, Defendants' first motion to dismiss was never opposed by Plaintiffs, so they could not have suffered any prejudice, and both the first and second motions were filed before SEA had received *any* identifying information for Plaintiffs' SmartTVs, making it impossible to determine whether Plaintiffs agreed to arbitration. In addition, SEA's motions were largely successful—ultimately, all but one of Plaintiffs' six claims were dismissed. For that result to be prejudicial, the Court "would have to presume that an arbitrator would have decided the merits of the claim differently—a presumption we cannot make." *Wood v. Prudential Ins. Co. of Am.*, 207 F.3d 674, 680 (3d Cir. 2000).

### 4. SEA Gave Plaintiffs Full Notice Of Its Intent To Seek Arbitration.

SEA indicated its intent to seek arbitration less than a month after receiving Plaintiffs' correct model and serial numbers. Plaintiffs nonetheless accuse SEA of seeking model and serial number information while hiding the possibility of arbitration. This is a baseless conspiracy theory. SEA, in addition to the other

10

Defendants, needed this information in order to identify which SmartTVs Plaintiffs were even complaining about, since the Complaints were so vague that it was impossible even for Defendants to provide initial disclosures. *See* ECF No. 61.

Plaintiffs' groundless accusation that SEA somehow hid the Arbitration Agreement from them or the Court also ignores the fact that Plaintiffs had notice of this Agreement long before SEA could have invoked it. The Agreement was shown to Plaintiffs on their SmartTVs (and remains accessible even after the set-up process is complete). *See* Abuali Decl. ¶ 4. Plaintiffs cannot plausibly claim that SEA hid the Arbitration Agreement from them when they could have reviewed it on their own televisions with a few button clicks.

### 5. SEA Participated In Minimal Non-Merits Motion Practice.

Plaintiffs do not point to any non-merits motions filed by SEA, besides the joint request for a discovery stay, which *prevented* Plaintiffs from suffering any prejudice and therefore weighs *against* waiver. *See Magee*, 2020 WL 3169518, at *8 ("Defendants' repeated unwillingness to proceed with discovery relating to the Arbitration Plaintiffs is consistent with an intent to arbitrate."). Plaintiffs argue that SEA "moved . . . to compel Plaintiffs to produce serial numbers," but SEA never made such a motion, as the docket reflects. *See* Opp. 29. Rather, Magistrate Judge Mannion ordered Plaintiffs to produce this information. *See* ECF No. 66.

### 6. SEA's Compliance with the Court's Orders Does Not Support Waiver.

Contrary to Plaintiffs' argument, SEA's compliance with this Court's orders does not demonstrate waiver. The initial conferences were each scheduled on the Court's own initiative or at another party's request. SEA simply complied with the Court's orders. What else was SEA supposed to do? Holding that compliance against SEA would "encourage parties to ignore or otherwise frustrate the presiding court's case management efforts [and] risk[] involving the Court … in a 'gotcha' scenario. Neither is desirable or fair." *Russo v. Trans Union, LLC*, No. 19-cv-4007, 2020 WL 4937108, at *6 (E.D. Pa. Aug. 24, 2020).

Plaintiffs' argument also mischaracterize the proceedings. For example, Plaintiffs incorrectly assert that SEA submitted a Discovery Confidentiality Order. Opp. 30. The Confidentiality Order (from Appendix S of the Local Rules) was entered by the Court *sua sponte* after the initial scheduling conference. ECF No. 65. Likewise, SEA's response to the question on the Court-ordered discovery plan about arbitration pursuant to Local Rule 201.1 is, at most, a red-herring. Opp. 31. SEA simply stated the fact that this case is not eligible for Local Rule arbitration because the relief sought is not limited to money damages. *See* L. Civ. R. 201.1(d)(1). Further, at the time SEA made this statement in March 2018, Plaintiffs had not disclosed any model or serial number information, making it impossible for SEA to know Plaintiffs had agreed to the Arbitration Agreement.

12

### C.     Enforcing the Parties' Agreement Would Not Prejudice Plaintiffs.

In addition, waiver is inappropriate because enforcing the Arbitration Agreement would not cause any undue prejudice.  Plaintiffs do not argue that they suffered any prejudice to their legal positions.  Nor, as explained above, did Plaintiffs suffer any prejudice because of discovery.  Instead, Plaintiffs assert only that the effort of litigating the pleadings results in prejudice.  But even accepting at face value Plaintiffs' unsubstantiated claims that they have spent "thousands of hours" on a case that has not progressed into discovery (*see* Opp. 34), their argument overlooks several critical flaws.

*First*, Plaintiffs have spent the vast majority their time and expenses prosecuting numerous legally deficient claims that were dismissed by the Court in its motion to dismiss orders, and not the single Wiretap Act claim that remains.

*Second*, much of Plaintiffs' time and expense was invested before they disclosed any model or serial number information.  At a minimum, Plaintiffs bear responsibility for these costs because of their belated disclosures.

*Finally*, Plaintiffs' argument is predicated on the mistaken assumption that everything that has happened so far in this action would go to waste in arbitration.  But as Plaintiffs concede, if the parties are sent to arbitration, "the case does not start over from scratch."  Opp. 36.  Virtually all of the time and expense spent litigating this case has helped to narrow the remaining parties and claims.  What

13

started as an action bringing eight claims by three plaintiffs against six defendants is now an action of one claim by two plaintiffs against one defendant. Neither that result nor the time and costs undertaken to get there would go to waste if the action is moved from this Court to an arbitration. *See Wood*, 207 F.3d at 680.

### D. Equitable Estoppel Does Not Apply.

Plaintiffs also argue that SEA is equitably estopped from enforcing the Arbitration Agreement based on the same points discussed above. Opp. 36. Plaintiffs' two-sentence argument does not, and cannot, meet the elements of equitable estoppel because: (1) Plaintiffs and SEA were not "adverse in a prior proceeding," (2) SEA never asserted a prior inconsistent position, and (3) Plaintiffs would not be prejudiced by sending this case to arbitration, as discussed above. *See Luciano v. Tchrs. Ins. & Annuity Ass'n of Am.-Coll. Ret. Equities Fund*, No. 15-cv-6726, 2017 WL 3784035, at *3 (D.N.J. Aug. 31, 2017).

### III. PLAINTIFFS' CLASS CLAIMS SHOULD BE STRICKEN.

Regardless of whether the Court compels arbitration, it should enforce the class action waiver. Plaintiffs do not dispute they agreed to this waiver, but argue that it (i) was not clear and conspicuous, and (ii) should only bar class arbitration, and not class action litigation. *See* Opp. 37-40. Both arguments are unavailing.

Contrary to the first argument, there is no requirement that a class action waiver be "clear and conspicuous" and Plaintiffs do not cite any authority for this.

To be enforceable, a contract need only provide "reasonable notice." *Beture v. Samsung Elecs. Am., Inc.*, No. 17-cv-5757, 2018 WL 4259845, at *5 (D.N.J. July 18, 2018). Plaintiffs do not assert a lack of reasonable notice here.[2] *See* Opp. 38.

As for the second argument, Plaintiffs' interpretation of the class action waiver as only applying to arbitrations would render this provision meaningless. The Terms and Conditions provide *separately* that "there shall be no authority for any claims to be arbitrated on a class or representative basis" and "arbitration can decide only the User's … individual claims." Abuali Decl. Ex. 1, § 14.8(f). To give meaning to the prohibition on "fil[ing] or participat[ing] in a class action against Samsung," it must apply to something different than class arbitration.[3]

## CONCLUSION

For all these reasons and the reasons in SEA's opening brief, the Court should compel individual arbitration and dismiss or stay this action. In the alternative, the Court should strike Plaintiffs' class claims from the Complaint.

---

[2] Nor do Plaintiffs cite any authority allowing them to avoid an agreement merely because it purportedly is lengthy, lacks informative headings, or repeats certain sections. *See id.* ("Plaintiffs provide no case law to support the proposition that an otherwise clear and unambiguous arbitration clause is rendered unenforceable merely because the viewing device is small or the license agreement is lengthy.").

[3] Plaintiffs' reliance on the Fifth Circuit's non-precedential decision in *Vine v. PLS Fin. Servs.*, 807 Fed. App'x 320 (5th Cir. 2020) is misplaced. There, the agreement only waived the right to proceed in a class action "*by virtue* of the[] agreement to resolve disputes exclusively through individual arbitration." *Id.* at 328. Unlike in *Vine*, the class action waiver here is an independent prohibition. *See Bock v. Salt Creek Midstream LLC*, No. 19-cv-1163, 2020 WL 5640669, at *9 (D.N.M. Sept. 22, 2020) ("By its plain language, the class action waiver provision is not tied to the arbitration provisions.").

Dated: May 4, 2021

Respectfully submitted,

By: s/ Michael R. McDonald
MICHAEL R. MCDONALD
mmcdonald@gibbonslaw.com
KATE ELIZABETH JANUKOWICZ
kjanucowicz@gibbonslaw.com
GIBBONS P.C.
One Gateway Center
Newark, NJ 07102
Telephone: (973) 596-4500

ERIC C. BOSSET (*pro hac vice*)
ebosset@cov.com
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, D.C. 20001
Telephone: (202) 662-6000

SIMON J. FRANKEL (*pro hac vice*)
sfrankel@cov.com
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA 94102
Telephone: (415) 591-6000

***Attorneys for Defendant*
SAMSUNG ELECTRONICS
AMERICA, INC.**