

**THE MACK FIRM**
Mack Press
9 Pimlico Drive
Commack, NY 11725
Tel: 516-330-7213
Email: mack@mackpress.com

April 25, 2023

**VIA ECF**

Honorable Jessica S. Allen, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

    Re:    *White, et al. v. Samsung Electronics America, Inc., et al.*
              Case No. 17-1775 (MCA)(JSA)

Dear Magistrate Judge Allen:

      In accordance with Your Honor's Text Order dated April 13, 2023, ECF 211, the parties hereby submit this Corrected Joint Letter enclosing each party's proposed Amended Scheduling Orders.[1] The parties have met and conferred but were unable to reach agreement.

      The parties do not believe that another settlement conference or mediation would be beneficial at this time, but intend to continue to engage in discussions regarding settlement, and will promptly notify the Court if they believe that a settlement conference or mediation is appropriate.

      Should the Court find it helpful, the parties provide a brief description of their respective positions on the main areas of disagreement regarding the schedule below, and are available for a telephonic or in-person conference at the Court's convenience.

      Thank you for your courtesies and cooperation.

***

Plaintiffs' Position. Plaintiffs' proposed case schedule follows this Court's previous scheduling order and is better-suited to efficiently drive this litigation. There are numerous factual issues that need to be resolved, including which television models are at issue; the data flow for each model; and which terms of service and policies apply, if any. While this class action has been pending without discovery for years - due to defendant's late attempt to invoke an arbitration provision - defendant's data collection practices and terms of service have changed. Plaintiffs are entitled to seek discovery of these changes as well as who is subject to arbitration clauses or

---

[1] This corrected filing replaces last night's filing, which was submitted with revisions to Defendant's section that Plaintiffs did not have an opportunity to review before filing.

GIBBONS P.C.

Honorable Jessica S. Allen, U.S.M.J.
April 25, 2023
Page 2

terms of service at all.  Plaintiffs' schedule contemplates a unified discovery process; class certification briefing; and summary judgment briefing only following a conference with the Court. *See* D.E. 66.

Unlike Plaintiffs' proposed schedule, Samsung contemplates that summary judgment, supported by discovery that is limited to only the named plaintiffs, be brought before a class is certified. Class certification before summary judgment, however, is more sensible and furthers the purpose of Rule 23. *See American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 548 (1974) (Federal Rule of Civil Procedure 23 requires that class certification be determined early in litigation to avoid potential one-way intervention, and "to assure that members of the class [are] identified before trial on the merits and [are] bound by all subsequent orders and judgments."). Samsung must agree that any unfavorable ruling will apply not just to the named plaintiffs, but to any class subsequently certified.[2] *See Reynolds v. Turning Point Holding Co., LLC*, No. 2:19-cv-01953-JDW, 2020 WL 7336932, at *4 (E.D. Penn. Dec. 14, 2020) ("When Turning Point filed its summary judgment motion, it waived the protection of the one-way intervention doctrine for issues that it raised in its summary judgment motion. It cannot now invoke that doctrine to bar Ms. Reynolds' motion on the same issues."). But Samsung has refused to waive one-way intervention.

Further, Plaintiffs may seek to bring a motion for summary judgment on issues related to Samsung's liability or on issues related to Samsung's affirmative defenses. It is most efficient for these merits determinations to be decided after the Court has determined whether the elements required for class certification are met. Samsung's schedule, however, seems to contemplate class-wide discovery only after individual discovery. This could burden the Court with two rounds of summary judgment briefing—one focused on the individual plaintiffs and one focused on whether practices are common. Finally, if Samsung were permitted to pursue early summary judgment, Plaintiffs must have a full and fair opportunity to conduct adequate discovery and bring their own affirmative motion. In any event, Plaintiffs submit the dispositive motion pre-hearing procedure set out by the Court in the initial scheduling order, D.E. 66, will provide the parties an appropriate opportunity to update the Court on the scope of any such anticipated motion, with the benefit of having completed sufficient discovery by that point.

Defendant's proposal to litigate this case as an individual case, rather than a class case, is inconsistent with the Third Circuit's affirmance of this Court's ruling on arbitration and class action waiver.  To the extent that the Court is considering adoption of a case schedule that does not allow for class discovery, Plaintiffs respectfully request the opportunity to submit briefing on that issue.

---

[2] Defendant's cited authorities do not urge a different outcome. Both addressed bifurcation under Rule 42.

GIBBONS P.C.

Honorable Jessica S. Allen, U.S.M.J.
April 25, 2023
Page 3

<u>Defendant's Position</u>. Samsung has proposed a discovery schedule that is initially limited to the merits of Plaintiffs' individual claims concerning their Samsung SmartTVs to permit the Defendant to file a motion for summary judgment.

Samsung respectfully submits that it would be more efficient to resolve the key issue in dispute between the parties—namely, whether Samsung intentionally intercepted the contents of Plaintiffs' communications without a party's consent—through merits discovery and Defendant's motion for summary judgment before classwide discovery. This approach is supported by Judge Arleo's decision on Samsung's motion for reconsideration, which declined to certify an interlocutory appeal of Samsung's motion to dismiss "because only one claim remains, and ***brief discovery*** could more conclusively establish whether Defendants were in fact a party to the communications in dispute, such that application of the party exception could be raised again at the summary judgment stage." ECF No. 131, at 4 (emphasis added).

Unbounded discovery as to the entire putative class—which includes, based on Plaintiffs' definition in the Second Amended Complaint, everyone who purchased a Samsung SmartTV with content-recognition capability for personal or household use during the statute of limitations—would be burdensome, expensive and, as Plaintiffs' proposed schedule demonstrates, anything but "brief." Indeed, none of the "numerous factual issues" that Plaintiffs contend "need to be resolved" will need to be resolved or even addressed *at all* if the SmartTVs purchased by the named Plaintiffs do not intercept the contents of Plaintiffs' communications without consent. Plaintiffs' position ignores the reality that there is only a single cause of action remaining in this action for the alleged violation of the Wiretap Act, which is premised upon the technology in Plaintiffs' SmartTVs. Yet, rather than directly address the merits of this claim, Plaintiffs would have the parties engage in an extended course of discovery about other models of SmartTVs and other privacy policies, when all of that may very well prove to be a wasteful exercise. Contrary to Plaintiffs' suggestion, Samsung is not requesting that the Court preclude entirely class discovery. Rather, Samsung requests only that the Court sequence discovery so that it is initially limited to the merits of Plaintiffs' individual claims. If the case is not resolved on summary judgment, class discovery would follow.

Samsung's proposal would allow the parties to quickly complete fact discovery on the key issue underlying the single claim remaining in this litigation. And it would allow the parties and the Court to resolve the key issue at the heart of this litigation through a summary judgment motion that does not require more than a year of classwide fact and expert discovery plus a motion for class certification. Accordingly, Samsung's proposal "will best serve the interests of judicial economy and promote efficiency." *See, e.g.*, *Loreaux v. ACB Receivables Mgmt., Inc.*, No. 14-cv-710-MAS, 2015 WL 5032052, at *4 (D.N.J. Aug. 25, 2015) (limiting the initial phase of discovery to issue regarding the merits of the plaintiffs' individual claims followed by the defendant's motion for summary judgment because it would "allow the Court to address a narrow, potentially dispositive issue in a timely and cost effective manner with no significant prejudice to Plaintiffs"); *Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*, No. 12-cv-2132-FLW, 2014 WL 413534,

GIBBONS P.C.

Honorable Jessica S. Allen, U.S.M.J.
April 25, 2023
Page 4

at *4 (D.N.J. Feb. 4, 2014) (similarly limiting discovery because it "will promote the efficient resolution of this matter").

                Respectfully submitted,

                s/ *Michael R. McDonald*
                Michael R. McDonald
                Counsel for Defendant Samsung Electronics America, Inc

                s/ *Mack Press*
                Mack Press
                Counsel for Plaintiffs

Enclosure

cc:    All Counsel of Record (via ECF)