UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WHITE, et al.,<br><br>     **Plaintiffs,**<br> v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>     **Defendant.** | Civil Action No. 17-1775 (MCA) (JSA)<br><br>**AMENDED SCHEDULING ORDER** |

  **THIS MATTER** having come before the Court for a Zoom Video Status Conference on May 8, 2023 to address the parties' joint letter of April 25, 2023, (ECF No. 214); and the Court having considered the positions of counsel during the May 8th Conference; and for the reasons set forth on the record; and for good cause shown:

  **IT IS on this 8th day of May, 2023,**

  **ORDERED THAT:**

  1. Merits and class-based fact discovery shall proceed simultaneously.

  2. All fact discovery, including merits and class-based discovery, shall remain open through **March 31, 2024**. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

  3. The parties may each serve interrogatories limited to **thirty (30)** single questions, including subparts, and requests for production of documents on or before **May 30, 2023**, to be responded to **within thirty (30) days of receipt**.

  4. Excluding Fed. R. Civ. P. 30(b)(6) and expert witness depositions, the parties may take a maximum of **ten (10)** fact depositions per side. A party must obtain leave of court before taking any additional depositions.

  5. No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. See Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated. See Fed. R. Civ. P. 30(c)(2).

  6. The parties have submitted a proposed discovery confidentiality order, which the Court entered on **March 28, 2018 (ECF No. 65)**.

7. The parties shall submit any proposed order relating to the non-waiver or privilege through inadvertent disclosure, pursuant to Federal Rule of Evidence 502(d), on or before **June 5, 2023**.

8. The parties shall confer and reach agreement on any electronically stored information ("ESI") protocols. Further, if appropriate, the parties should confer and submit any proposed order on ESI protocols by **June 5, 2023**.

9. Counsel shall confer in a good faith attempt to informally resolve any and all discovery disputes **before** seeking the Court's intervention. See L. Civ. R. 37.1(a)(1); see also L. Civ. R. 16.1(f)(1). Should such informal effort fail to resolve the dispute, the parties shall submit a letter, not to exceed three (3) double-spaced pages, that sets forth the specific nature of the dispute and what good faith attempts were made to informally resolve any such dispute. If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

<u>Failure by any party to meet and confer in good faith will result in the Court deeming that party to have waived its right to take any position on the discovery issue(s) in dispute.</u>

No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in these paragraphs and without prior leave of Court.

10. Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court **not later than thirty (30) days before the fact discovery deadline. The Court will not entertain applications concerning discovery matters, informally or otherwise, after this date**. If an unresolved dispute arises at a deposition, then the parties must contact the Chambers of the Undersigned for assistance during the deposition. Failure to contact Chambers for intervention before adjourning that deposition may constitute waiver of the right to seek relief from the Court.

11. The parties shall meet and confer on a schedule for conducting expert discovery. On or before **July 14, 2023**, the parties shall file a joint status letter, addressing the status of completing fact discovery and including their joint proposed expert discovery schedule for class-based and/or merits discovery.

12. There shall be a Zoom Status Conference before the Undersigned on **July 24, 2023, at 11:00 a.m.** The Court will provide the parties with the videoconference information in advance.

13. The Court may from time to time schedule conferences as may be required, either <u>sua</u> <u>sponte</u> or at the request of a party.

14. Counsel should be prepared to discuss settlement at every conference with the Court. The senior attorney in charge of the case must attend all settlement conferences and client(s) with full settlement authority must either attend or be immediately available by telephone. In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision on the settlement will be the person available for the conference.

3

15. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

16. Motions to seal must comply with Local Civil Rule 5.3.

17. <u>No motions are to be filed without prior written permission from this Court.</u> Discovery must be completed prior to the filing of a dispositive motion.

18. Dispositive motions (including class certification and summary judgment motions), if any, are to be filed by **[TO BE DETERMINED]**

19. A final pretrial conference shall be conducted pursuant to Civil Rule 16(e) on **[TO BE DETERMINED]**

20. Trial date: **[TO BE DETERMINED]**

*s/ Jessica S. Allen*
**Hon. Jessica S. Allen**
**United States Magistrate Judge**

cc:   Hon. Madeline Cox Arleo, U.S.D.J.

3