# EXHIBIT A

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS ROGER WHITE, JR., and PATRICIA CAULEY, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendant. | Civil Action No. 17-01775 (MCA) (JSA) <br><br> Hon. Madeline Cox Arleo, U.S.D.J. <br> Hon. Jessica S. Allen, U.S.M.J. <br><br> *Document Electronically Filed* <br><br> **STIPULATION AND ORDER RE: ELECTRONICALLY STORED INFORMATION** |

**1. PURPOSE**

This Order will govern discovery of documents and electronically stored information ("ESI")[1] in this case as a supplement to the Federal Rules of Civil Procedure.[2] The parties shall make good-faith efforts to comply with and resolve any differences concerning compliance with this ESI Protocol. If a producing party, notwithstanding its good-faith efforts, cannot comply with any material aspect of this ESI Protocol or if compliance with such material aspect would be impossible or unreasonable, such party shall inform the requesting party in writing as to why compliance with the ESI Protocol is impossible or unreasonable. No party may seek relief from the Court concerning compliance with the ESI Protocol unless it has conferred in good faith with the opposing party. All productions in this litigation are subject to the Confidentiality Order separately entered by the Court in this litigation.

---

[1] Documents and ESI, as used herein, have the same meaning set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure.
[2] Nothing in this Stipulation and Order modifies a party's preservation or production obligations under the Federal Rules.

2. **SEARCH**

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer and seek to reach agreement on the methods and parameters[3] to govern the search and review of potentially responsive documents and ESI.

3. **PRODUCTION FORMATS**

A.  <u>Appendix A</u>. Appendix A sets forth the technical specifications that the parties propose to govern the form of production of documents in this litigation, absent further agreement by the parties or order of the Court. The parties agree not to degrade the searchability of documents or ESI as part of the production process.

B.  <u>De-Duplication</u>. To the extent exact duplicate documents reside within a party's ESI, the producing party shall strive to produce only a single, de-duplicated copy of a responsive document. "Exact Duplicate" shall mean bit-for-bit identity of the document content with exact Hash Value matches; so-called "near duplicates" are not "Exact Duplicates" as defined herein. Documents shall be de-duplicated at the family level using MD5, SHA-1, or SHA256 Hash Values.

A producing party shall de-duplicate documents across custodians and provide a field of data that identifies each custodian who had a copy of the produced document (the "All Custodian" field) in addition to a separate field of data identifying the custodian whose document is produced (the "Custodian" field); such de-duplicated documents shall be deemed produced from the custodial files of each such identified custodian for all purposes in this litigation, including for use at deposition and trial. A producing party shall use a uniform description of a particular custodian across productions. Entity/departmental custodians shall be identified with a description of a

---

[3] Including, but not limited to, date ranges, search terms, custodians, technology-assisted review, and validation.

particular entity or department. No party shall identify and/or eliminate duplicates by manual review or any method other than by use of the technical comparison using MD5, SHA-1, or SSH256 values. Hard Copy Documents shall not be eliminated as duplicates of ESI unless they are identical hard copy versions of documents otherwise being produced in electronic format with no additional markup or information of any kind.

      C.      <u>E-mail Threading</u>. E-mail thread analysis may be used to reduce the volume of e-mails reviewed and produced, provided the Producing Party discloses that it is using e-mail thread analysis.[4] Upon good cause shown, a receiving party may make reasonable requests for earlier in time e-mails or metadata, and such requests shall not be unreasonably denied.

      D.      <u>Third-Party Production</u>s. A party that issues a non-party subpoena shall include a copy of this Stipulation with the subpoena and state that the parties in the litigation have requested that non-parties produce documents in accordance with the specifications set forth herein. The issuing party shall produce a copy to all other parties of any documents (including ESI and any Metadata) obtained under subpoena to a non-party within ten (10) business days of receipt of such documents. If the non-party production is not Bates-stamped, the issuing party will endorse the non-party production with unique Bates prefixes and numbering scheme prior to reproducing them to all other parties.

**4.**      **COMPLIANCE AND DISPUTES**

The parties agree to use their best efforts to comply with and resolve any differences concerning compliance with any provision(s) of this Stipulation. If a producing party identifies a particular circumstance where it cannot comply with this Stipulation, such party shall promptly

---

[4] "Inclusive" and "non-inclusive" shall take on the industry standard meaning. *See* https://help.relativity.com/RelativityOne/Content/Relativity/Analytics/Inclusive_emails.htm.

inform the receiving party in writing the reason(s) for, and circumstances surrounding, the need to vary from the provisions set forth herein. In the event that the parties cannot reach agreement on an appropriate deviation from this Stipulation, the matter may be submitted to the Court for determination in accordance with Magistrate Judge Allen's procedures.

**5.    MODIFICATION**

This Stipulated Order may be modified by a stipulation of the parties, or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: June 5, 2023

By: *s/ Mack Press*
    MACK PRESS
    mack@mackpress.com
    THE MACK FIRM
    18 Watergate Lane
    Patchogue, NY 11772
    Telephone: (516) 330-7213

    BLEICHMAR FONTI & AULD LLP
    Lesley E. Weaver (*pro hac vice*)
    Angelica M. Ornelas (*pro hac vice*)
    Joshua D. Samra (*pro hac vice*)
    1330 Broadway, Suite 630
    Oakland, California 94612
    Telephone: (415) 445-4003

    ***Attorneys for Plaintiffs***

By: *s/ Michael R. McDonald*
    Michael R. McDonald, Esq.
    mmcdonald@gibbonslaw.com
    Brielle A. Basso, Esq.
    bbasso@gibbonslaw.com
    GIBBONS P.C.
    One Gateway Center
    Newark, NJ 07102
    Telephone: (973) 596-4500

    Emily Johnson Henn (*pro hac vice*)
    COVINGTON & BURLING LLP
    3000 El Camino Real
    5 Palo Alto Square
    Palo Alto, California 94306-2112
    Telephone: (650) 632-4700

    ***Attorneys for Defendant***
    ***Samsung Electronics America, Inc.***

**SO ORDERED:**

Dated: _____    _____
HONORABLE JESSICA S. ALLEN
UNITED STATES MAGISTRATE JUDGE

## APPENDIX A

I. **PRODUCTION FORMAT AND PROCESSING SPECIFICATIONS**

    A.    <u>Production Components</u>. Productions shall include single page TIFFs, Text Files, an ASCII delimited metadata file (.dat format), and an image load file (.opt format as specified below) that can be loaded into commercially acceptable production software. For any non-English text, the .dat shall be encoded in UTF-8 or UTF-16 coding as appropriate, preserving the integrity and full character set in use, and shall be uniform across all productions.

    B.    <u>Standard Format</u>. Unless otherwise specified in this Stipulation, the parties shall produce documents in tagged image file format ("TIFF"). TIFFs shall convey the same information, searchability, and image as the original document, including all text, embedded images and tables, and any commenting, versioning, and formatting that is visible in any view of the document in its native application. All hidden text shall be expanded, extracted, and rendered in the TIFF file and the producing party will force off Auto Date. Any TIFFs produced shall be single-page Group IV black and white TIFF files of 300 DPI or greater., and 8.5"x11" page size, except for documents requiring different resolution or page size, with Extracted Text and Metadata Fields as set forth below. To the extent a Party produces TIFFs that are not reasonably usable or omit content available in the file's Native Format,[5] such Party will produce such ESI in its Native Format, or will issue replacement TIFF images.

    Each TIFF image should have a unique file name corresponding to the Bates Number of that page with a ".tif" file extension. The file name should not contain any blank spaces and should be zero-padded (*e.g.*, DEF-000001), taking into consideration the estimated number of pages to be produced. If a Bates Number or set of Bates Numbers is skipped in a production, the producing party will so note in a cover letter or production log accompanying the production. Bates Numbers will be unique across the entire production and prefixes will be consistent across all documents

---

[5] "Native Format" means the format of ESI in which it was generated and/or used by the producing party in the usual course of business and in its regularly conducted activity. For example, the Native Format of an Excel workbook is an .xls or .xslx file.

6

produced.

Each TIFF in a production must be referenced in the corresponding image load file. The total number of documents referenced in a production's data load file should match the total number of designated document breaks in the Image Load file(s) in the production. The total number of pages referenced in a production's image load file should match the total number of TIFF files in the production. The total number of documents in a production should match the total number of records in the data load file.

C. <u>Load Files</u>. Each production of documents and ESI shall be accompanied by a Concordance delimited .dat file, and a comma delimited .opt file containing a field with the full path to files produced in Native Format and also containing Metadata fields identified in Paragraph E, to the extent the information is available in the original ESI file and can be extracted without unreasonable burden using standard litigation support processing platforms (except for vendor-generated fields related to the litigation production, such as "BegBates," "EndBates," "BegAttach," "EndAttach," "Source/Location" "Custodian," "Duplicate Custodian," "NativeLink" (if being produced in Native Format), "RedactionFlag (Y/N/)," "RedactionBasis," "Confidentiality," Extracted/OCR text file path, "MD5 Hash"). The .dat file shall be delimited according to the following characters:

- Delimiter = ¶ (ASCII:020)
- Text-Qualifier = þ (ASCII:254)
- New Line = ® (ASCII:174)
- Multi-value delimiter - ; (ASCII Code 059)

Image load files shall contain the following comma-delimited fields: BEGBATES, VOLUME, IMAGE FILE PATH, DOCUMENT BREAK, FOLDER BREAK, BOX BREAK, PAGE COUNT.

D. <u>Txt Files</u>. For each document, a single Unicode text file containing extracted text shall be provided along with the image files and metadata. The text file name shall be the same as the Bates Number of the first page of the document. File names shall not have any special characters or embedded spaces. Electronic text must be extracted directly from the native

electronic file to the extent reasonably feasible unless the document is an image file or contains redactions, in which case a text file created using OCR should be produced in lieu of extracted text. All documents shall be produced with a link in the TextLink field.

    E.    <u>METADATA FIELDS</u>

| Field Name | Description | Example/Format |
|---|---|---|
| BEGBATES | The Bates Number of the first page of the document. | ABC00000001 |
| ENDBATES | The Bates Number of the last page of the document. | ABC00000003 |
| BEGATTACH | The Bates Number of the first page of the first document in a document family range. | ABC00000001 |
| ENDATTACH | The Bates Number of the last page of the last document in attachment range in a document family range. | ABC00000008 |
| CONFIDENTIALITY | The confidentiality designation assigned to the document by counsel for the producing party. | Confidential, Attorneys' Eyes Only |
| REDACTIONFLAG | When document contains redactions, field will be populated "Y". | Y |
| PGCOUNT | The number of pages of the document, not counting pages for other documents in the same family. | Numeric |

| Field Name | Description | Example/Format |
|---|---|---|
| CUSTODIAN | The name of the custodian/source from which the document originated. | Smith, Joe |
| ALL CUSTODIANS | The names of all custodian(s)/source(s) in possession of a document or an Exact Duplicate of a document. | |
| RECORD TYPE | The type of document/record. | Email, hard copy, loose efile. |
| EMAIL SUBJECT | The subject line of the email. | |
| EMAIL AUTHOR/FROM | The display name and email address of the author of an email as contained in the native metadata. | Joe Smith <joesmith@email.com> |
| EMAIL RECIPENT(S)/TO | The display name and email address of the recipient(s) of an email as contained in the native metadata. | Jane Smith <janesmith@email.com> |
| EMAIL CC | The display name and email address of the copyee(s) of an email as contained in the native metadata. | John Smith <johnsmith@email.com> |
| EMAIL BCC | The display name and email address of the blind copyee(s) of an email as contained in the native metadata. | Mary Smith <marysmith@email.com> |
| ATTACHMENTS | The file name(s) of documents attached to an | |

9

| Field Name | Description | Example/Format |
|---|---|---|
| | email. Separated by a semicolon. | |
| EMAIL ATTACHMENT COUNT | The number of attachments to a parent. | Numeric |
| RECEIVED DATE | The date the document was received. | MM/DD/YYYY |
| RECEIVED TIME | The time the document was received. | HH:MM:SS |
| SENT DATE | The date the document was sent. | MM/DD/YYYY |
| SENT TIME | The time the document was sent. | HH:MM:SS |
| EMAIL IMPORTANCE | Email Importance Flag | Normal, Low, High |
| EMAIL CONVERSATION INDEX/THREAD TEX | ID used to tie together email threads. | OIC72AC4C |
| TIMEZONE PROCESSED | The time zone shall be UTC for all documents, but the metadata will also reflect the time zone where the documents were located at the time of collection. | UTC – China, UTC – US, etc. |
| FILE NAME | The file name of a native document. | |

10

| Field Name | Description | Example/Format |
|---|---|---|
| FILE AUTHOR | The author of a document from extracted metadata. | |
| FILE PATH | The file path/directory path where the native document was stored, including original file name. | |
| DUPLICATE FILEPATH | Folder locations of documents held by other custodians whose copy of the document was not produced based on exact match HASH value de-duplication. Folder names shall be delimited by semicolons and include originating custodian name. | |
| DOC TITLE | The extracted title of the document. | |
| FILE EXTENSION | The file extension of the document. | Xls |
| HIDDEN DATA | Whether hidden data exists in the doc. For example, hidden Excel cells or PowerPoint slides. | Y, N |
| FILE CREATE DATE | The date the document was created. | MM/DD/YYYY |
| FILE CREATE TIME | The time the document was created. | HH:MM:SS |
| FILE LAST MODIFICATION DATE | The date the document was last modified. | MM/DD/YYYY |

11

| Field Name | Description | Example/Format |
|---|---|---|
| FILE LAST MODIFICATION TIME | The time the document was last modified. | HH:MM:SS |
| FILE LAST ACCESS DATE | The date the document was last accessed. | MM/DD/YYY |
| FILE LAST ACCESS TIME | The time the document was last accessed. | HH:MM:SS |
| FILE LAST AUTHOR | The name of the last individual to save the file. | |
| FILE LAST EDITED BY | The name of the last individual to edit the document from extracted metadata. | |
| DATE APPOINTMENT START | Date of calendar appointment entry. | MM/DD/YYYY |
| TIME APPOINTMENT START | Start time of calendar appointment entry. | HH:MM:SS |
| DATE APPOINTMENT END | End date of calendar appointment entry. | MM/DD/YYYY |
| TIME APPOINTMENT END | End time of calendar appointment entry. | HH:MM:SS |
| FILESIZE | The file size of a document (including embedded attachments). | |

| Field Name | Description | Example/Format |
|---|---|---|
| MD5HASH | The MD5 Hash value of a document. | |
| NATIVELINK | The full path to a native copy of a document. | D:\NATIVES\ABC00000005.xls |
| TEXTPATH | The path to the full extracted text of the document. There should be a folder on the deliverable, containing a separate text file per document. These text files should be named with their corresponding Bates Numbers. Note: E-mails should include header information: author, recipient, cc, bee, date, subject, etc. If the attachment ore-file does not extract any text, then OCR for the document should be provided. | D:\TEXT\ABC00000001.txt |
| OWNER | Any value populated in the Owner field of the document properties. | |
| MESSAGE ID | The Unique Identifier assigned by a program to a Message/Communication. | |
| Translated Text | | Y/N |
| Foreign Lanugage | | Y/N |

F.       ESI items shall be processed in a manner that preserves the source native file and all of the above-referenced metadata (to the extent it exists) without modification, including their existing time, date, and time-zone metadata consistent with the requirements provided in this Order. ESI items shall be produced with all of the metadata and coding fields set forth above to the extent they are availible in the Native documents and extractable using reasonable efforts.

G.       <u>Time Zone</u>. ESI items shall be processed so as to preserve and display the date/time shown in the Document. ESI items shall be processed to reflect the date and time standardized to a single time zone for all productions by a party, that time zone shall be Universal Coordinated Time (UTC), and shall be consistent across each party's productions. The parties understand and acknowledge that such standardization affects only metadata values and does not affect, among other things, dates and times that are hardcoded text within a file. Dates and times that are hard-coded text within a file (for example, in an e-mail thread, dates and times of earlier messages that were converted to body text when subsequently replied to or forwarded; and in any file type, dates and times that are typed as such by users) will be produced in accordance with the formats set forth in this Stipulation.

H.       <u>Native Format</u>. Except as provided in this Stipulation, the parties shall produce all spreadsheets, computer slide presentations, audio or video files, photographs, and other file types that cannot be accurately represented in TIFF format in Native Format, provided, however, that the parties will meet and confer regarding appropriate format of production for databases and structured data (*e.g.*, Microsoft Access, Oracle, or other proprietary databases). For each document produced in Native Format, a producing party shall also produce a corresponding cover page in TIFF, specifying that the document has been "produced in native format" and endorsed with the Bates Number and Confidentiality Designation,[6] if any, which will be inserted into the image population in place of the native file. When the native file is produced, the producing party shall preserve the integrity of the electronic document's contents, *i.e.*, its original formatting and

---

[6] "Confidentiality Designation" means the legend affixed to documents to ESI for Confidential or Attorneys' Eyes Only information as permitted by, and subject to, the terms of the Confidentiality Order entered by the Court in this litigation, D.E. 65.

metadata.

I. <u>Embedded Objects</u>. Embedded files to responsive documents need not be produced as separate documents. Examples of Embedded files include, but are not limited to, logo graphics in email signature lines (usually *.PNG or another image file format) and images, tables, or graphics in presentation software like Microsoft PowerPoint. Upon reasonable request by the receiving party, and upon good cause shown, substantive records containing embedded files should be produced in Native Format.

J. <u>Bates Numbering and Other Unique Identifiers</u>. Every item or file of ESI that is produced shall be identified by a unique page identifier ("Bates Number") and a Production Volume for any storage device (*e.g.*, USB drive, hard drive, or FTP transmission) containing such files. All Bates Numbers will consist of an Alpha Prefix, followed by a numeric page index. There must be no spaces in any Bates Number. Any numbers with less than 8 digits will be front padded with zeroes to reach the required 8 digits. All ESI produced in TIFF shall contain a unique Bates Number on each page of the document, electronically "burned" onto the image at a location that does not conceal or interfere with any information from the source document. If a member of a document family that has otherwise been determined to include a responsive document cannot be technically processed, those technical problems shall be identified and disclosed to the receiving party by production of a Bates-labeled slipsheet signaling a technical problem.

K. <u>Confidentiality Designations</u>. To the extent any document or ESI (or portion thereof) produced as a TIFF image in accordance with this Stipulation is designated Confidential or Attorneys' Eyes Only under the Protective Order agreed to by the parties and entered by the Court in this litigation, the producing party will brand the Confidentiality Designation in a corner of the TIFF image representing the produced item and in a consistent front type and size that does not obscure any part of the underlying image or Bates Number.

L. <u>Redactions</u>. Any redactions shall be clearly indicated on the face of the document, with each redacted portion of the document stating that it has been redacted. If any document is redacted, this should be noted in the "Redaction" field (Y/N), listed in Appendix A, and the "RedactionBasis" field shall indicate the basis for redaction (*e.g.*, "A/C Privilege"). Where a

15

responsive document contains both redacted and non-redacted content, the producing party shall produce the remainder of the non-redacted portions of the document and the text/OCR corresponding to the non-redacted portions. Email header information (*e.g.*, date, subject line, etc.) should not be redacted unless it is independently privileged. If the documents to be redacted and partially withheld from production are Excel-type spreadsheets or other ESI that would otherwise be produced in Native Format in accordance with this Stipulation, the producing party may, in its discretion, redact and produce the document in Native Format, using a native redaction tool or as a TIFF that includes all non-privileged pages, hidden fields, and other information that does not print when opened as last saved by the custodian or end user. The producing party shall make reasonable efforts to ensure that any spreadsheets produced only as TIFFs are formatted so as to be legible. If the items redacted and partially withheld from production are audio/visual files, the producing party shall provide redacted transcripts of the withheld audio/visual files, and meet and confer regarding reasonable requests for unprivileged portions of audio/visual files and the appropriate manner of producing the same. The production of a document in a redacted form does not affect the producing party's obligation to timely assert and substantiate the assertion of privilege over the content in a privilege log. For any redacted document, an electronic copy of the original, unredacted data shall be securely preserved in such a manner as to maintain, without modification, alteration, or addition to the content of the original, including any metadata.

   M. <u>Parent-Child Relationships</u>. The parties acknowledge and agree that parent-child relationships within a document family (the association between an attachment and its parent document or between embedded documents and their parent) shall be preserved. Non-privileged attachments to an e-mail or embedded files or links, and Hard Copy Documents attached or appended to Hard Copy Documents, if produced, must be mapped to their parent by the beginning Bates Number and immediately follow that parent file in the sequence of the production. E-mail attachments and embedded files or links, if produced, must contain "BEGATTACH" and "ENDATTACH" fields listing the unique beginning Bates Number of the parent documents and ending number of the last attachment must be populated for each child and parent document. If a producing party intends to withhold or redact material other than content that is attorney-client-

privileged, work-product-protected, or personally identifiable information, the parties shall meet and confer prior before any such withholdings or redactions are made.

N. <u>Deviation from Production Specifications</u>. If a particular document or category of documents warrant a different production format than otherwise provided for herein, the producing party shall promptly raise the issue and the parties will cooperate in good faith to arrange for a mutually acceptable production format.

O. <u>Password Protection</u>. The parties shall use reasonable and proportionate efforts to remove passwords from password-protected documents.

P. <u>Use at Deposition</u>. Any document produced in Native Format that a party identifies and/or marks as an exhibit at a deposition must include as part of that identification or exhibit the produced corresponding TIFF cover page, if available, endorsed with the document's Bates Number and Confidentiality Designation.

Q. <u>Color</u>. Documents containing color need not be produced in color, except that the producing party will honor reasonable requests for a color image of a document, if production in color is necessary to understand the meaning or content of the document.

R. <u>Hyperlinks</u>. For responsive documents and ESI containing hyperlinked documents, the receiving party retains the right to make reasonable requests for hyperlinked documents, upon good cause shown, and such requests shall not be unreasonably denied.

S. <u>Communication Applications</u>. Responsive ESI from communication applications (*e.g.*, Microsoft Teams) shall be produced on a per channel/per day basis. That is, if any portion of an exchange occurring over the course of a 24-hour period on a given channel is responsive, the entire exchange shall be produced, including any attachments or other items referenced in the exchange. The 24-hour period will be determined by the time zone in which the Custodian is located. The parties will meet and confer about what additional metadata fields of data to include for any such productions.

T. <u>Translations</u>. Each producing party will produce any translations that exist in its files in the ordinary course of business to the extent they are responsive and non-privileged. For such

productions, the producing party will adhere to one of the following methods of identifying translations: (i) provide an additional metadata field as to the corresponding foreign language document; or (ii) provide a cross-reference table with respect to the translation and the foreign language document.

II.     **PRODUCTION MEDIA**

A producing party shall produce documents via secure FTP site, or such other readily accessible computer or electronic media as the parties may agree (the "Production Media"). Each piece of Production Media shall be encrypted and assigned a production number or other unique identifying label ("Production Volume Number") corresponding to the date of the production of documents on the Production Media as well as the sequence of the material in that production. Each production shall include with all Production Media: (a) the name of the action and the case number; (b) the identity of the producing party; (c) the production date; (d) the Bates Number range of the materials contained on such Production Media item; and (e) the Production Volume Number of the Production Media. The producing party shall accompany all document productions with a transmittal cover letter identifying by Bates Number the documents produced.