# EXHIBIT B

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS ROGER WHITE, JR., and PATRICIA CAULEY, on behalf of themselves and all others similarly situated, | Civil Action No. 17-01775 (MCA) (JSA) |
| Plaintiffs, | Hon. Madeline Cox Arleo, U.S.D.J.<br>Hon. Jessica S. Allen, U.S.M.J. |
| v. | Document Electronically Filed |
| SAMSUNG ELECTRONICS AMERICA, INC., | **STIPULATION AND ORDER PURSUANT TO FED. R. EVID. 502(d)** |
| Defendant. | |

It appearing that the prosecution and defense of the above-referenced litigation may require each party to review and produce significant quantities of material through the discovery process and that, such material could include information subject to a privilege, protection, or immunity from disclosure, therefore, the parties to this litigation, through their respective counsel of record, intend to invoke the protections of Federal Rule of Evidence 502(d), consistent with the provisions set forth below in this Stipulation and Proposed Order Pursuant to Federal Rule of Evidence 502(d).

## I. APPLICABILITY

A. Pursuant to Federal Rule of Evidence 502(d), the production, whether inadvertent or otherwise,[1] of attorney-client-privileged or work-product-protected documents, electronically stored information ("ESI"), or other information is not a waiver of the attorney-client privilege or work product protection in this litigation or in any other federal or state proceeding. Subject to

---

[1] "Otherwise" as used herein shall not be construed to include intentional or selective disclosure of such material of such material. In those circumstances, the provisions of Federal Rule of Evidence 502(a) shall apply.

Paragraph III.B., the parties' actions in this case are presumed to meet the care requirements of Federal Rule of Evidence 502(b).

  B.  Nothing contained herein is intended to, or shall serve to, limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

## II. CLAWBACK NOTICE, PROCEDURE, AND DISPUTE RESOLUTION

  A.  If a producing party discovers that it has produced a document that is attorney-client-privileged or work-product-protected, it shall, within 14 calendar days of discovery of the disclosure, serve written notice (a "Clawback Notice") on the receiving party. The Clawback Notice must include (i) the Bates range of the material claimed to be attorney-client-privileged or work-product-protected; (ii) a privilege log, in the format agreed to by the parties, identifying the document(s) at issue; and (iii) a new replacement copy of the material (utilizing the same Bates range as the originally produced document(s) and including any applicable metadata replacement). If the producing party claims that only a portion of the document contains attorney-client-privileged or work-product-protected material, only those portions may be redacted from the new replacement copy. If the producing party claims that the entire document is attorney-client-privileged or work-product-protected, then the producing party shall provide a replacement slip sheet noting that the document has been withheld in full.

  B.  If a receiving party receives any material from the producing party that the receiving party has reasonable cause to believe includes information protected by the attorney-client privilege or work product protection, the receiving party shall promptly upon such discovery cease use and review of the material, notify the producing party advising that the producing party may have produced protected information, and return, sequester, or destroy any copies it has.

Within 7 calendar days thereafter, the producing party shall provide written notice to all parties consistent in substance with the requirements of Paragraph II.A.

      C.      Upon receipt of a Clawback Notice, a receiving party must comply with Federal Rule of Civil Procedure 26(b)(5)(B).

      D.      A receiving party may challenge a claim of attorney-client privilege or work product protection by serving a "Notice of Clawback Challenge" within 5 business days of receipt of the Clawback Notice. Any Notice of Clawback Challenge shall expressly refer to this Paragraph and shall describe the basis for the challenge, consistent with Federal Rule of Civil Procedure 26(b)(5)(B). The producing party shall have 5 business days to respond to the Notice of Clawback Challenge, in writing, by either (1) agreeing to withdraw the claim of attorney-client privilege or attorney work product, or (2) describe the nature of the documents, ESI, or other information— and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim. If the producing party's response does not resolve any pending challenge, the parties shall meet and confer within 5 business days of the response. Prior to the meet and confer, the producing party shall use its best efforts to provide any and all factual information, including declarations, it intends to rely on to establish its claim. If the parties are unable to resolve the dispute, the receiving party must move to challenge the privilege within 5 calendar days of the meet and confer. The producing party retains the burden of establishing the applicability of the claimed privileged or protection. In the event any dispute is resolved in favor of the producing party, the receiving party shall return or destroy the materials at issue.[2]

      E.      If, during a deposition, a producing party claims that a document produced in

---

[2] The parties can agree in writing to extend the deadlines set forth in this paragraph. The parties will agree to reasonable extensions of the deadlines set forth in this paragraph in the event multiple clawbacks are pending at any given time.

discovery and being used in the deposition (*e.g.*, marked as an exhibit, shown to the witness, or made the subject of examination) contains attorney-client-privileged or work-product-protected material, the producing party may (a) allow the document to be used during the deposition without waiver of any claim of attorney-client privilege or work product protection, or (b) instruct the witness not to answer questions concerning the parts of the document containing attorney-client-privileged or work-product-protected material. If the producing party allows the examination concerning the document to proceed consistent with this paragraph, all parties shall sequester all copies of the material. As to any document claimed attorney-client-privileged or work-product-protected, the producing party shall serve a Clawback Notice within 2 business days of the deposition. The Clawback Notice shall contain the contents set forth in Paragraph II.A. If challenging the clawback, the receiving party shall serve a Notice of Clawback Challenge in compliance with Paragraph II.D. Thereafter, the Parties shall meet and confer in accordance with Paragraph II.D. Pending determination of the dispute(s) raised, anyone with access to the deposition transcript shall treat the relevant testimony, and any identified exhibits, in accordance with Paragraph II.B.

   F. In the event a receiving party uses material in a brief, at a hearing, or in an expert report, and the producing party has not, but wishes to, claim attorney-client privilege or work product protection as to any such material, the producing party must serve a Clawback Notice within 5 business days of the briefing event, hearing, or expert report. The Clawback Notice shall contain the contents set forth in Paragraph II.A. Thereafter, the procedures set forth in Paragraphs II.B-D shall apply.

**III.   OTHER PROVISIONS**

A.   <u>Remediation</u>. If any remediation, including re-filing, is required due to a producing party's production of attorney-client-privileged or work-product-protected material, both parties reserve their rights with respect to which party should bear the costs of any such remediation. The producing party shall be responsible for removing any attorney-client-privileged or work-product-protected material from the public record, and the receiving party agrees to reasonably cooperate in any such remediation. Any disputes regarding remediation or the costs of remediation will be resolved by the Court after the parties have met and conferred.

B.   <u>Limitations on the Number of Clawbacks</u>. In the event a producing party seeks to clawback more than 500 documents in this litigation, the receiving party reserves its rights to challenge the clawback under Federal Rule of Evidence 502(b). In that instance, the producing party's actions in this case shall no longer be presumed to meet the care requirements of Federal Rule of Evidence 502(b).

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: June 5, 2023

By: *s/ Mack Press*
    MACK PRESS
    mack@mackpress.com
    THE MACK FIRM
    18 Watergate Lane
    Patchogue, NY 11772
    Telephone: (516) 330-7213

    BLEICHMAR FONTI & AULD LLP
    Lesley E. Weaver (*pro hac vice*)
    Angelica M. Ornelas (*pro hac vice*)
    Joshua D. Samra (*pro hac vice*)
    1330 Broadway, Suite 630
    Oakland, CA 94612

By: *s/ Michael R. McDonald*
    Michael R. McDonald, Esq.
    mmcdonald@gibbonslaw.com
    Brielle A. Basso, Esq.
    bbasso@gibbonslaw.com
    GIBBONS P.C.
    One Gateway Center
    Newark, NJ 07102
    Telephone: (973) 596-4500

    Emily Johnson Henn (*pro hac vice*)
    COVINGTON & BURLING LLP
    3000 El Camino Real
    5 Palo Alto Square

| | |
|---|---|
| Tel.: (415) 445-4003<br>Fax: (415) 445-4020<br>lweaver@bfalaw.com<br>aornelas@bfalaw.com<br>jsamra@bfalaw.com<br><br>***Attorneys for Plaintiffs*** | Palo Alto, California 94306-2112<br>Telephone: (650) 632-4700<br><br>***Attorneys for Defendant***<br>***Samsung Electronics America, Inc.*** |

**SO ORDERED:**


Dated: _____   _____
HONORABLE JESSICA S. ALLEN
UNITED STATES MAGISTRATE JUDGE

6