# **EXHIBIT C**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS ROGER WHITE, JR., and PATRICIA CAULEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendant. | Civil Action No. 17-01775 (MCA) (JSA)<br><br>Hon. Madeline Cox Arleo, U.S.D.J.<br>Hon. Jessica S. Allen, U.S.M.J.<br><br>*Document Electronically Filed*<br><br>**STIPULATION AND [PROPOSED] ORDER RE TIMING AND CONTENT OF PRIVILEGE LOGS** |

The parties, through their respective counsel, have stipulated and agreed, to the following provisions regarding the timing and content of privilege logs to be served in this action.

1. For any responsive material withheld (in whole or in part) on the basis of attorney-client privilege or work product protection, the producing party must provide a privilege log identifying the item. The privilege log shall be provided in Excel format.

2. The parties agree to meet and confer within 14 days after the parties have each made their first production of documents to discuss the timing of their respective privilege logs. In all events, a producing party is required to provide its final privilege log by no later than 60 days prior to the close of fact discovery so that the parties have sufficient time to meet and confer and seek to resolve any privilege logs dispute, or seek resolution 30 days prior to the close of fact discovery as required by D.E. 223, Paragraph 10.

3. The privilege log shall comply with Federal Rule of Civil Procedure 26(b)(5), and be in the form of either a document-by-document log or a categorical log.

4. <u>Document-by-Document Log</u>. A document-by-document log shall include at least the following information (to the extent it does not contain privileged information, is available in

the Native document metadata, and is extractable using reasonable efforts) for each item that is withheld (in whole or in part) from production:

    a. A unique identifying number for each logged document ad seriatim starting with the number 1 (the "Privilege Log ID" or "Item No.");

    b. Bates Number range for documents produced, but redacted or slip-sheeted on the grounds of privilege and/or work product protection;

    c. Family relationship, if applicable (*i.e.*, whether the document is a parent or attachment);

    d. Custodian or source (the name of the person(s) or non-custodial source from which the document was collected);

    e. The document date;

    f. The names of the author(s);

    g. The names of all addressees and recipients, including copyees and blind copyees;

    h. The file name or subject line of email;

    i. The file extension;

    j. An indication of whether the document has been produced in redacted form or withheld in its entirety;

    k. The privilege designation being asserted (attorney-client privilege, work product); and

    l. A description of the document, including the basis for the claim that the document is privileged and/or protected.

5. Items d–i above shall be disclosed in their unedited form as they appear in extracted document metadata.

6. Attachments to emails shall be logged as separate documents on the log, with family relationships identified.

7. <u>Categorical Log</u>. A producing party may use categorical designations on its privilege log, where appropriate, by grouping documents by type and/or topic and placing them into various categories that fit the nature of the document. Where a producing party has determined that categorical logging is appropriate, the producing party shall also provide the information listed in Paragraph 4(j-l) for the category, and shall provide the information listed in Paragraph 4(a-i) for the documents within the category to the extent it does not contain privileged information, is available in the Native document metadata, and is extractable using reasonable efforts.

8. In both a document-by-document and categorical log, attorneys or their staff must be identified in a list accompanying the log.

9. The parties need not identify on a privilege log documents or communications dated after March 16, 2017 that are:

   a. Between a party and the party's outside or in-house counsel relating to this litigation; or

   b. Work product created for or in anticipation of this litigation prepared by (i) in-house counsel responsible for the litigation, (ii) outside counsel, or (iii) an agent of outside counsel other than a party.

10. After the receipt of a privilege log, any party may reasonably dispute a claim of privilege within 30 days of receipt.[1] Prior to seeking Court intervention, the party disputing, questioning, or otherwise objecting to a claim of privilege or work product shall provide in writing the identification of the documents or category of documents for which it questions the claim of privilege or work product and the reasons for disputing, questioning, or otherwise objecting to the privilege or work product designation. Within 7 days, the party that designated the documents as privileged or work product protected will provide a written response explaining the basis for its claim or privilege or work product protection, or if applicable, de-designating documents as privileged or work product protected. Thereafter, if the parties continue to disagree, they will meet and confer in good faith as to the claims of privilege or work product. If agreement has not been reached within 7 days after the commencement of the meet and confer process, any party may submit a letter to the Court on the privilege and/or work product designation(s) in accordance with Magistrate Judge Allen's procedures, as set forth in D.E. 223, Paragraph 9.

**IT IS SO STIPULATED.**

Dated: June 5, 2023

By: *s/ Mack Press*
MACK PRESS
mack@mackpress.com
THE MACK FIRM
18 Watergate Lane
Patchogue, NY 11772
Telephone: (516) 330-7213

Lesley E. Weaver (*pro hac vice*)
Angelica M. Ornelas (*pro hac vice*)
Joshua D. Samra (*pro hac vice*)
BLEICHMAR FONTI & AULD LLP

By: *s/ Michael R. McDonald*
Michael R. McDonald, Esq.
mmcdonald@gibbonslaw.com
Brielle A. Basso, Esq.
bbasso@gibbonslaw.com
GIBBONS P.C.
One Gateway Center
Newark, NJ 07102
Telephone: (973) 596-4500

Emily Johnson Henn (*pro hac vice*)
COVINGTON & BURLING LLP

---

[1] In the event the receiving party requires more time to dispute a claim of privilege, it shall request additional time from the producing party, and such requests shall not be unreasonably denied.

4

<div style="display: flex;">
<div>

1330 Broadway, Suite 630
Oakland, California 94612
Telephone: (415) 445-4003

**Attorneys for Plaintiffs**

</div>
<div>

3000 El Camino Real
5 Palo Alto Square
Palo Alto, California 94306-2112
Telephone: (650) 632-4700

**Attorneys for Defendant**
**Samsung Electronics America, Inc.**

</div>
</div>

**SO ORDERED:**


Dated: _____     _____
                                         HONORABLE JESSICA S. ALLEN
                                         UNITED STATES MAGISTRATE JUDGE