

THE MACK FIRM
Mack Press
9 Pimlico Drive
Commack, NY 11725
Tel: 516-330-7213
Email: mack@mackpress.com

August 2, 2023

<u>**VIA ECF**</u>

Honorable Jessica S. Allen, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

    Re:    ***White, et al. v. Samsung Electronics America, Inc., et al.***
             **Case No. 17-1775 (MCA)(JSA)**

Dear Magistrate Judge Allen:

      In accordance with Your Honor's Second Amended Scheduling Order of July 25, 2023, D.E. 233, the parties respectfully submit this joint status letter, setting forth the status of discovery issues, including the parties' respective positions on outstanding written discovery disputes. The specific disputed discovery request(s) and response(s) are attached at Exhibits A - H.

Honorable Jessica S. Allen, U.S.M.J.
August 2, 2023
Page 1

I. **Plaintiffs' Position**

A. <u>Responses to Defendant's Discovery Requests:</u>

Plaintiffs first provided discovery in this action, including receipts, device identification numbers, and other material information in initial disclosures served on April 11, 2018; with the filing of the Second Amended Complaint on November 16, 2018; and with the production of documents and substantive discovery responses on June 28, 2023, July 28, 2023, and July 31, 2023. Plaintiffs are collecting additional discovery and await further requests from Samsung.

*Response to Defendant's Positions:* This case concerns Defendant's alleged interception of SmartTV users' data in violation of the Wiretap Act. It is unlikely that Plaintiffs have much, if any, documents and information relevant to this straightforward claim. Nevertheless, Plaintiffs remain willing to work with the Defendant to satisfy its requests.

Plaintiffs have agreed to gather the requested identifiers from Plaintiff White's SmartTV located in Kentucky and will provide these shortly. An order requiring this information is thus, unnecessary. In addition, Plaintiffs informed the Defendant in a July 20 letter that the service of Plaintiff Cauley's discovery responses would be delayed. This delay was due to a death in her family. Plaintiffs served these responses on July 31.

B. <u>Disputed Issues Relating to Defendant's Discovery Responses and Productions:</u>

There are several issues which the parties have been unable to resolve. First, defense counsel revealed last Friday, for the first time, that the current named defendant, Samsung Electronics of America ("SEA"), does not possess most of the critical discovery in this action and was unable to confirm whether the Korean parent, Samsung Electronics Co., LLC ("SEC") has preserved the key evidence relevant to this litigation. Defense counsel also indicated, without

Honorable Jessica S. Allen, U.S.M.J.
August 2, 2023
Page 2

providing evidence, that the Korean parent SEC is likely responsible for the alleged interception of Plaintiffs' data and that SEC, not the American subsidiary SEA, has most of the information and documents responsive to Plaintiffs' discovery requests. Plaintiffs are seeking further clarifications. Answers to these questions implicate liability; whether SEC needs to be added as a defendant; and the timeline for obtaining discovery.[1]

Plaintiffs are still reviewing SEA's first substantive response sent today at 2:57pm ET, three minutes before the agreed-to time to exchange final positions for this filing. SEA's letter asserts that the parties "exhaustively discussed service on SEC in 2017 and 2018." Ex. H at 3. SEA does not address why the issue of SEC's, and not SEA's, involvement in the subject activities was not disclosed to Plaintiffs in 2017, let alone before last Friday. SEA's counsel both asserts that there are no grounds to add SEC as a defendant while simultaneously claiming that SEC, and not SEA, engages in the data collection at issue. Plaintiffs request a conference with the Court to discuss how SEA's new revelations impact the case schedule, discovery and whether the equities warrant leave to amend.

In addition, the parties have been unable to resolve the following critical discovery issues:

1. *Declarant Documents and Deposition*: Khaled Abu Ali and Randy Chung submitted declarations in support of SEA's arbitration motion that attached documents reflecting the models containing SmartHub software and the terms of service which apply to them. ECF No. 143-2; 181-8. In response to Plaintiffs' RFPs 4, 5, and 14-16 seeking production of discovery related to these assertions, SEA agreed to produce locatable documents. Ex. B at 9-11, 21-23. Plaintiffs seek these documents to depose Messrs. Abu Ali and Chung, and have also sought deposition dates.

---

[1] SEA made its first document production on July 31, 2023, consisting of largely of user manuals.

Honorable Jessica S. Allen, U.S.M.J.
August 2, 2023
Page 3

On July 28, 2023, SEA informed Plaintiffs that the only documents responsive to Plaintiffs' requests have already been made available on the public docket. However, the exhibits to the declarations only contain data for the two individual plaintiffs. *E.g.* ECF No. 181-8 at ¶¶11, 19. Given that these records bear on issues of consent and data collection for the class at large, discovery cannot be limited to these two individuals. Plaintiffs seek discovery of the data sources from which information for the two named plaintiffs was extracted to identify which terms of service apply to the class models. If the class-wide evidence was not preserved after it was extracted during the arbitration briefing, defendant should identify the circumstances and what evidence still exists. Plaintiffs seek a conference with the court, or discovery, to determine where these records are maintained, by whom, and whether class-wide data has been preserved.

2. *Data Collected on the Named Plaintiffs*: In response to Plaintiffs' RFPs 20 and 24, SEA originally stated that it would produce data regarding Plaintiffs collected from their "Samsung Smart TVs through the ACR technology" locatable through a reasonable search. Ex. B at 28, 32. But on July 28, SEA informed Plaintiffs that it does not have any documents responsive to this request because SEC, and not SEA, collects users' data. Plaintiffs seek a conference with the Court to discuss these new revelations.

3. *SEA's Terms with Users and "Consent" Records*: SEA contends that SmartTV users consented to Samsung's collection of their data. *See* Answer at 53, ECF No. 210. To assess that affirmative defense, Plaintiffs' RFPs 3, 4, 10, and 13, seek exemplars of the terms that were presented to its SmartTV users and that relate to Samsung's collection of Users' Personal Information from its SmartTVs. Ex. A at 7, 9. SEA agreed to produce some exemplar terms but did not confirm it would produce the full set of such terms (i.e., one iteration of each distinct set

Honorable Jessica S. Allen, U.S.M.J.
August 2, 2023
Page 4

of terms they believe indicate consent from any class member) and did not provide a production date. Plaintiffs seek a production date and clarity from SEA as to what it is withholding.

4. *SEA's Org Charts*: To help identify custodians and possible deponents, Plaintiffs' RFP 26 and Interrogatory No. 2 seeks organizational charts or documents sufficient to show SEA's (or SEC's) employees and departments with knowledge and responsibilities relating to Plaintiffs' Wiretap claim. Ex. A at 11; Ex. C at 6, 7. On July 28, SEA represented that it does not maintain organizational charts that show any divisions or employees with relevant knowledge. SEA further stated that it is not aware of any individuals or divisions with relevant knowledge other than Messrs. Abu Ali and Chung. Plaintiffs seek documents sufficient to identify which departments and individuals within SEA were involved with developing and monitoring ACR, SmartTVs, and Samsung's policies regarding data collection. SEA should confirm it possess such documents by August 11, 2023, and produce any such records by no later than September 1, 2023.

5. *Database Schema and Information*: In response to Plaintiffs' Interrogatory 3, SEA stated that it maintains a "matching" database and an "AWS server" that are used, respectively, to analyze and store users' data collected through SmartTVs. Ex. D at 9. Plaintiffs have asked for documents or information (i) describing the categories of the data contained in these systems and (ii) the data schema (i.e. a blueprint describing the data contained in the system, how the data comes in and goes out, etc.) for these systems.[2] Such information is responsive to Plaintiffs' Interrogatory 3 and RFPs 14, 19, 20, 23, 24, and 25. SEA should confirm whether it possess such documents or information by August 11, 2023, and produce any such records by no later than September 1, 2023.

---

[2] *See What is a database schema?*, IBM, https://www.ibm.com/topics/database-schema (last visited July 31, 2023).

**II.     Defendant's Position**

  A.  <u>Defendant's Position Regarding Its Discovery Requests to Plaintiffs.</u>

In this putative class action, Plaintiffs allege that Samsung Electronics America, Inc. ("SEA") violated the Wiretap Act because of automatic content recognition ("ACR") technology installed on Smart TVs sold by SEA. Plaintiffs' claim lacks any merit because, among other reasons, SEA did not intercept any communications, much less contents of communications, and ACR technology was used with Plaintiffs' consent.

SEA served requests for production and interrogatories on Plaintiffs on May 22, 2023. Plaintiff White served partial responses on June 28, which did not include certain information regarding one of his Samsung Smart TVs, purportedly because it is located in his second home in Kentucky. Plaintiff Cauley served responses to SEA's discovery requests on July 31.

SEA respectfully requests that the Court order Plaintiff White to supplement or amend his responses to SEA's interrogatories to include information from his Smart TV located in Kentucky by no later than August 18. SEA served its interrogatories on Plaintiff White more than two months ago, and he should promptly provide complete responses regarding that Smart TV. Regarding Plaintiff Cauley, SEA received her responses and objections to the requests for production and interrogatories on July 31—10 days *after* the deadline the parties had agreed upon for Plaintiff Cauley's written responses after SEA granted Plaintiffs an extension. SEA is reviewing Plaintiffs' responses and will meet and confer with Plaintiffs regarding any issues SEA wishes to raise.

  B.  <u>Response to Plaintiffs' Statement Regarding Discovery from Defendant</u>.

SEA made its first production of documents to Plaintiffs on July 31, 2023. SEA's search for additional responsive documents in its possession, custody, or control continues. Our

Honorable Jessica S. Allen, U.S.M.J.
August 2, 2023
Page 6

investigation has found, however, that SEA does not play any role with respect to the ACR technology on Samsung Smart TVs, and therefore does not possess many of the documents requested by Plaintiffs. SEA's Korean parent company, Samsung Electronics Co., Ltd. ("SEC"), and possibly other non-SEA affiliates, are responsible for ACR technology. Plaintiffs originally named SEC as a defendant in this action but voluntarily dismissed SEC in April 2018 after failing to take steps to serve that entity. *See* ECF No. 71.

Plaintiffs suggestion that SEC should be re-added to this action five years later should be rejected. Plaintiffs lack any good faith basis to amend the complaint to re-add SEC, particularly in light of discovery and information already provided to Plaintiffs that contradicts their existing allegations. *See* Fed. R. Civ. P. 11. Plaintiffs' feigned surprise that SEC is the manufacturer of Samsung Smart TVs is nothing more than an attempt to deflect attention from the information already learned in discovery that flatly disproves their sole remaining claim. Regardless of when Plaintiffs learned that SEA lacked any role in collecting data through ACR, a simple Google search would reveal that SEC is the manufacturer of Samsung Smart TVs and is based in South Korea. Indeed, the Smart TV terms and conditions, among other disclosures, make clear that the party operating the Smart TV software is SEC. Nonetheless, Plaintiffs made the strategic decision years ago not to pursue claims against SEC and have no valid justification for belatedly reversing course on that decision now. Attached as Exhibits G and H are the parties' letters addressing this issue in more detail.

SEA responds as follows to the other issues identified by Plaintiffs:

1. *Declarant Documents and Deposition*: In connection with its motion to compel arbitration, SEA submitted declarations from two employees (Khaled Abuali and Randy Chung) and attached

Honorable Jessica S. Allen, U.S.M.J.
August 2, 2023
Page 7

supporting records showing the terms to which the named Plaintiffs agreed. Plaintiffs' RFPs request documents relied on in or supporting the declarations, and our investigation has revealed that the documents relied on in the declarations were attached as exhibits. Plaintiffs now also request classwide discovery—including each version of all terms and notices shown to users for the more than 900 models and 81 million Smart TVs potentially encompassed in the proposed class. SEA has agreed to conduct reasonable searches for such documents in its possession, custody, or control and has informed Plaintiffs that at least some of the documents they are seeking are not in SEA's possession, custody, or control, but may be in the possession of SEC. While SEA remains willing to continue its efforts to search for and produce responsive and non-privileged documents, it objects to Plaintiffs request to place an unreasonable deadline on SEA's searches, as well as to Plaintiffs' wholly unsupported supposition that relevant materials were not preserved.

2. *Data Collected on the Named Plaintiffs*: As it indicated in its RFP responses, SEA does not object to producing data regarding Plaintiffs collected from their Samsung Smart TVs through ACR, to the extent such data is identified in a reasonable search of materials in SEA's possession, custody, or control. As Plaintiffs first raised SEA's response to this request as an issue on July 26, SEA's investigation is still in process. Thus far, our investigation suggests that SEA does not maintain any user data collected through ACR.

3. *SEA's Terms with Users and "Consent" Records*: Plaintiffs misstate SEA's position. SEA has agreed to produce documents reflecting all non-privileged versions of the terms relating to the use of ACR, to the extent located after a reasonable search of documents in its possession, custody, or control. *See* RFP 10. SEA does not intend to withhold any such documents. SEA's search for these documents is ongoing, but it appears that SEC (not SEA) is responsible for maintaining the

Honorable Jessica S. Allen, U.S.M.J.
August 2, 2023
Page 8

Smart TV terms. Indeed, the terms and conditions Plaintiffs agreed to identify SEC as the contracting Samsung entity—they are not "SEA's Terms" as Plaintiffs suggest. *See, e.g.*, ECF No. 181-9. As a result, SEA does not have any centralized repository of Smart TV terms, and SEA's search for these terms for over 900 models of Smart TVs—is proving to be extremely burdensome.

4. *SEA's Org Charts*: SEA objects to this request because, among other reasons, SEA's investigation indicates it did not have any responsibility for developing or monitoring ACR and so these documents would be unlikely to lead to admissible evidence and burdensome to produce. Plaintiffs suggested for the first time at 10:00 pm ET on the date this letter was due that they are now seeking SEC org charts from SEA but do not explain why SEA would have that information. As indicated in SEA's initial disclosures, Abuali and Chung are the SEA employees with knowledge relevant to Plaintiffs' claims. SEA disputes that there is any need to set a deadline relating to this request when it has already informed Plaintiffs of the above information and agreed to supplement its initial disclosures if it learns of additional employees with relevant knowledge.

5. *Database Schema and Information*: SEA objects to Plaintiffs' inclusion of these requests in this letter because Plaintiffs raised both requests for the first time on July 27 and they are not fairly encompassed within Plaintiffs' existing RFPs. To the extent Plaintiffs are seeking these additional documents, they should be required to serve RFPs specifically describing their requests, which SEA can respond to in accordance with Federal Rule 34 and the parties can meet and confer about, before raising this issue with the Court.

SEA requests a conference with the Court in order to more fully address these issues.

Honorable Jessica S. Allen, U.S.M.J.
August 2, 2023
Page 9

                                      Respectfully submitted,

                                      s/ *Michael R. McDonald*
                                      Michael R. McDonald
                                      Attorneys for Defendant Samsung Electronics America, Inc.

                                      s/ *Mack Press*
                                      Mack Press
                                      Attorney for Plaintiffs

Enclosures

cc:      All Counsel of Record (via ECF)