# EXHIBIT A

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS ROGER WHITE, JR., and PATRICIA CAULEY, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>                Defendant. | Civil Action No. 17-01775 (MCA) (JSA)<br><br>Hon. Madeline Cox Arleo, U.S.D.J.<br>Hon. Jessica S. Allen, U.S.M.J.<br><br>**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.** |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs submit the following Requests for Production of Documents to Defendant Samsung Electronics America, Inc. Within thirty (30) days of service, responses to these Requests, as well as any responsive documents, should be delivered, or made available for inspection and copying, at the offices of The Mack Firm, 18 Watergate Lane, Patchogue, NY 11772, or at another place mutually agreed upon by the parties.

## DEFINITIONS

In addition to the definitions set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court, the following definitions apply to the instructions and each of the Requests below. In the event of any ambiguity with one or more of the following definitions, common usage and reference to any cited rules, statutes, or regulations should be used to provide the broadest interpretation of the term in question.

1. "Action" means the lawsuit captioned as *White, et al. v. Samsung Electronics America, Inc.*, Case No. 17-01775 (MCA) (JSA) (D.N.J.).

2. "Agent" means any employee, officer, manager, director, attorney, representative, independent contractor, subcontractor, day laborer, temporary worker, or any other person—regardless of formality of relationship—acting at Your direction or on Your behalf.

3. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the Request inclusive rather than exclusive.

4. "Any" as used herein means "each and every," as well as "any one."

5. "Communication" or "Communicated" means, without limitation, any exchange of thoughts, messages, or information, as by speech, signals, writing, or behavior, including but not limited to any advice, advisement, announcement, articulation, assertion, contact, conversation, written or electronic correspondence, declaration, discussion, dissemination, elucidation, expression, interchange, memorandum, note, publication, reception, revelation, talk, transfer, transmission, or utterance.

6. "Content-Recognition Capability" means the software and other technologies, including automatic content recognition ("ACR"), You used to collect Users' Personal Information on SmartTVs.

7. "Defendant," "Samsung," "You," or "Your" means Samsung Electronics, America, Inc., together with any of its corporations, businesses, subsidiaries, divisions, subdivisions, predecessors, successors, parents, and affiliates, and their respective officers, directors, employees, partners, representatives, Agents, attorneys, accountants, or other persons occupying similar positions or performing similar functions.

8. "Document" is defined to include any Document, Communication, or ESI stored in any medium and is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, Internet sites, Web pages, Web sites, electronic correspondence—including e-mail and instant messages, text messaging, instant messaging, and ephemeral messaging—photographs, audio and video recordings, contracts, accounting data, advertisements (including, but not limited to, advertisements placed on the World Wide Web), FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers,

personal and business canceled checks and check registers, bank statements, appointment books, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate Document within the meaning of the term.

9. "ESI" means electronically stored information or data and is to be interpreted broadly, as used in the Federal Rules of Civil Procedure and the advisory committee notes thereto, to include all information regardless of the storage media (*e.g.*, hard drive, CD-ROM, DVD, disc, tape, thumb drive, VoiceMail system, or mobile device such as a smartphone, tablet, or cell phone).

10. "Identify," with respect to a Document means, to give, to the extent known, the (i) type of Document (*i.e.*, correspondence, memorandum, business record, etc.); (ii) general subject matter; (iii) date of the Document; (iv) author(s) or preparer(s), addressee(s), and recipient(s) of each such Document; (v) the present location of each such Document or copies thereof; and (vi) if applicable, the Bates number of the Document. "Identify," with respect to an entity, governmental body, department, or agency (not a natural Person), means to state the full name, address, and telephone number for its principal place of business. "Identify," with respect to a natural Person means, to give, to the extent known, the (i) Person's full name and title; (ii) current or last known address; (iii) current or last known business and telephone number(s); and (iv) current or last known place of employment. Once a Person has been identified in accordance with this paragraph, only the name of that Person need be listed in response to subsequent discovery requesting the identification of such Person.

11. "Information" means written, recorded, graphic, or other electronic data, including metadata, of any nature whatsoever, regardless of how recorded, and whether original or copy, including: any electronic data conveyed through an Internet communication; any electronic data associated with an Internet communication; any electronic data associated with the Samsung SmartTV user participating in an Internet communication; and, any inference, profiling or other association derived from a user's Internet communication, whether in isolation or in aggregate

12. The term "including" means "including but not limited to."

13. "Person" means any natural persons, proprietorships, legal or governmental entities, corporations, partnerships, trusts, joint ventures, groups, associations, or organizations. Any reference to a "person" shall mean that "person" and all affiliates, divisions, controlled companies, subsidiaries, or otherwise related entities and all of his, her, or its current and former officers, directors, employees, agents, representatives, attorneys, and accountants.

14. The words "pertain to" or "pertaining to" means: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts.

15. "Plaintiffs" refers to the plaintiffs in the above-entitled action.

16. "Samsung SmartTVs" means all Samsung televisions sold with Content-Recognition Capability.

17. "User" means a person who purchased and/or used a Samsung SmartTV with content-recognitional capability.

18. "User Engagement Flow" means the manner in which Samsung presents terms and conditions to Users, including, without limitation, the user engagement flow referenced in Paragraph 4 of the Declaration of Khaled Abuali in Support of Samsung Electronics America, Inc.'s Motion to Compel Individual Arbitration and Strike Plaintiffs' Class Claims, ECF No. 181-8, dated October 1, 2020 ("Abuali Declaration") and Paragraph 4 of the Declaration of Randy Chung in Support of Samsung Electronics America, Inc.'s Motion to Compel Individual Arbitration and Strike Plaintiffs' Class Claims, ECF No. 143-2 ("Chung Declaration").

19. The term "Statements" means: (1) a written statement signed or otherwise adopted or approved by the person making it, (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantial verbatim recital, or (3) an oral statement by the person making it and contemporaneously recorded.

## INSTRUCTIONS

1. You are required to produce all requested Documents that are in Your possession, custody, or control, including, without limitation: Documents in the possession, custody, or control of You or Your affiliates or Your merged and acquired predecessors; Your present and former

directors, officers, partners, employees, accountants, attorneys, or other agents; Your present and former independent contractors over which You have control; and any other Person acting on Your behalf.

2. All Documents shall be produced as they are kept in the usual course of business and organized and labeled to correspond with each request. Documents produced in response to one request need not be produced again in subsequent requests, provided the Documents are clearly designated as being responsive to the subsequent request.

3. If You withhold any Documents requested herein on grounds of privilege, work-product, or otherwise, identify the specific grounds upon which your objection is based and the particular request to which you object, and identify any withheld Documents or portion(s) thereof as follows:

    a) the attorney and client involved;
    b) its date;
    c) the identity of its author and/or signatory;
    d) the identity of the person or persons to whom the document is addressed;
    e) the identity of all persons who are known to or believed to have received copies of the document;
    f) the number of pages;
    g) the type of document it is (*e.g.*, letter, chart, memorandum, etc.);
    h) a summary of its contents, or the nature of the document; and
    i) its present location and custodian.

4. Notwithstanding the assertion of any objection, any purportedly privileged Document containing non-privileged material must be disclosed, with the purportedly privileged portion redacted. All redacted material from a Document should be identified as set forth in paragraph four above.

5. If any otherwise responsive Document was, but is no longer in existence or in Your possession, custody, or control, identify its current or last known custodian, the location/address of such Document, and describe in full the circumstances surrounding its disposition from Your

possession or control. If, after a good faith search, You conclude there have never been Documents responsive to a particular request, so state.

6. If a Document was prepared in several copies or if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including, without limitation, notations on the front or back of the Document, such non-identical copies must be produced.

7. Each Document produced shall be identified in a manner so as to clearly specify the specific person or source from which the Document was obtained or originated.

8. These Requests are continuing in nature such that if you subsequently discover or obtain possession, custody, or control of any Document previously requested or required to be produced, you should promptly make the Document available to Plaintiffs.

9. The use of the singular form shall include the plural form in the appropriate context.

10. If you claim any ambiguity in interpreting a request (or definition or instruction), your claim shall not be utilized as a basis for refusal to respond to the request, and you shall set out in your response the language deemed ambiguous and the interpretation used in responding to that request. Further, Plaintiffs' counsel invites Defendant's counsel—before asserting an ambiguity objection—to confer on the issue before Defendant asserts the objection.

11. Plaintiffs reserve the right to request additional Documents.

## RELEVANT TIME PERIOD

Unless otherwise specified, the relevant time period for purposes of these requests is January 1, 2012 through the present, and includes all documents and information relating to events or transactions within this period, even if prepared, received, or reviewed outside of this period.[1]

## FORMAT OF PRODUCTION

Pursuant to Fed. R. Civ. P. 34(b)(1)(C), please produce all responsive documents in native format.

---

[1] Plaintiffs reserve the right to amend the Relevant Period to conform to discovery.

## REQUESTS FOR PRODUCTION

**Request No. 1:**

Documents sufficient to identify, by model number, model and year, and serial number, the Samsung SmartTVs sold during the Relevant Period.

**Request No. 2:**

Documents sufficient to show the number of and serial number ranges for Samsung SmartTVs, as described in Request No. 1, sold during the Relevant Period.

**Request No. 3:**

For each version of each process in effect during the Relevant Period, Documents, including video recordings and screen shots, sufficient to show the User Engagement Flow process, including dated screen shots reflecting each step of these processes.

**Request No. 4:**

For each version of each process in effect during the Relevant Period, Documents, including video recordings and screen shots, sufficient to show the terms and conditions or other documents shown to a User if they select "view details" during the User Engagement Flow process, as described in Paragraph 5 of the Abuali Declaration and Paragraph 5 of the Chung Declaration, including dated screen shots reflecting each step of these processes.

**Request No. 5:**

For each version of each process in effect during the Relevant Period, Documents, including video recordings and screen shots, sufficient to show the terms and conditions, policies, or other documents presented to a User if they opt out during the User Engagement Flow, as described in Paragraph 7 of the Abuali Declaration and Paragraph 7 of the Chung Declaration, including dated screen shots reflecting each step of these processes.

**Request No. 6:**

For each version of each process in effect during the Relevant Period, Documents, including video recordings and screen shots, sufficient to show the process of creating a Samsung Account on a Samsung SmartTV during the Relevant Period, including dated screen shots reflecting each step of these processes.

**Request No. 7:**

Documents regarding User experience testing or studies concerning the processes described in Requests Nos. 3, 4, 5, and 6.

**Request No. 8:**

Documents sufficient to show work requests or tickets reflecting changes made (or requested to be made) to the processes described in Requests Nos. 3, 4, 5, and 6.

**Request No. 9:**

Documents concerning the implementation of work requests or tickets responsive to Request No. 8.

**Request No. 10:**

Documents reflecting all versions of the Samsung Terms and Conditions, policies, notices, supplements, or other documents relating to Samsung's collection of Users' Personal Information from Samsung SmartTVs.

**Request No. 11:**

Documents sufficient to show the number of Samsung SmartTV users who purportedly consented to the Samsung Terms and Conditions, policies, notices, supplements, or other documents described in Request No. 10.

**Request No. 12:**

Documents sufficient to show the number of Samsung SmartTV users who did not consent to the Terms and Conditions, policies, notices, supplements, or other documents described in Request No. 10.

**Request No. 13:**

Documents reflecting all versions of any physical copies of the Samsung Terms and Conditions, policies, notices, supplements, or other documents relating to Samsung's collection of Users' Personal Information from Samsung SmartTVs and included with the SmartTVs at the time of sale.

**Request No. 14:**

Documents sufficient to show all categories maintained by Samsung in its database showing "the choices and consents that the specific user selected" as described in Paragraph 9 of the Abuali Declaration and paragraph 9 of the Chung Declaration.

**Request No. 15:**

Documents reflecting the factual bases for the assertions set forth in the Abuali and Chung Declarations.

**Request No. 16:**

To the extent not produced in response to Request No. 15, all relevant business records referenced in paragraph 1 of the Abuali Declaration and paragraph 1 of the Chung Declaration.

**Request No. 17:**

Documents regarding the design and functionality of Samsung SmartTVs and Samsung's TV app store, including the functionality of Samsung's ACR and other functionality relating to Samsung's collection of Plaintiffs' Information from their SmartTVs.

**Request No. 18:**

Documents regarding the design and functionality of the Samsung SmartTV operating system (including, but not limited to, Tizen OS) and app store (including, but not limited to, Tizen app store, TV Plus & Smart Hub).

**Request No. 19:**

All versions of Samsung developer terms and conditions, policies, notices, supplements, or other documents relating to Samsung's collection of Plaintiffs' Information from their SmartTVs.

**Request No. 20:**

Documents, data, and Information related to or associated with the Plaintiffs, including documents, data, or information connected to identifiers associated with Plaintiffs and all data collected from their Samsung SmartTVs, as well as the following:

    a) Personal identifiers, including Samsung Account ID;

b) Device identifiers, including device unique identifier ("DUID"), device Serial Numbers, and media access control ("MAC") addresses;

c) Personalized Service Identifiers ("PSID"), Tizen Identifier for Advertising ("TIFA"), or other advertising identifiers;

d) Location information, including zip codes and IP addresses;

e) Video viewing history;

f) Demographic information, including sex, age, income, marital status, household size, education, home ownership, household value, and interest/audience attributes or segments;

g) Communications history;

h) Sign-in history;

i) Voice interactions; and

j) Information about Plaintiff's device settings and/or controls, including but not limited to the Limit Ad Tracking ("LAT") control.

**Request No. 21:**

Documents sufficient to show the number of and serial numbers for SmartTVs sold during the Relevant Period for which there is no associated DUID.

**Request No. 22:**

Documents sufficient to show the number of and serial numbers for SmartTVs sold during the Relevant Period for which there is an associated DUID.

**Request No. 23:**

Documents sufficient to show the Information—including PSID, TIFA, Samsung Account identifiers, IP Address, MAC Address, or other device identifiers—associated with the DUID of the Plaintiffs' SmartTV.

**Request No. 24:**

Documents sufficient to show the Information—including PSID, Samsung Account identifiers, IP Address, MAC Address, or other device identifiers—associated with Serial Numbers of the SmartTVs used by the Plaintiffs.

**Request No. 25:**

Documents and communications related to Samsung's collection and storage of data and SmartTV users' Information, including privacy policies, retention policies, other guiding or informative documents, that describes the who, what, where, how, and when of the data and information collected and stored.

**Request No. 26:**

Organization charts or other Documents sufficient to identify and describe:

a) All Samsung officers, employees, and contractors, by title, job description and corresponding time period in those roles, with knowledge or responsibilities relevant to the claims and facts described in the Second Amended Complaint, regardless of whether such knowledge and responsibilities accrued before or after the Relevant Period; and,

b) By department title and functionality over time, Samsung's global organizational structure, including parent companies, subsidiaries, affiliates, departments, and divisions to the extent these have responsibility for, knowledge of, or provide funding or indemnity for the claims asserted in the Second Amended Complaint.

**Request No. 27:**

Documents and communications regarding Your discussion, analysis, and response to the Electronic Privacy Center's ("EPIC") complaint to the Federal Trade Commission ("FTC") (*see* ECF No. 88-6), including but not limited to communications with EPIC or the FTC regarding the complaint.

**Request No. 28:**

Documents relating to partnerships or agreements Samsung entered into with third parties relating to Samsung's Content-Recognition Capability, including but not limited to ACR.

**Request No. 29:**

Documents reflecting the factual bases for each defense set forth in Samsung's Answer and Affirmative and Other Defenses of Samsung Electronics America, Inc., to the Second Amended Class Action Complaint, ECF No. 210, dated April 12, 2023.

**Request No. 30:**

Documents supporting, refuting, or otherwise related to Your basis for seeking summary judgment motion in this action.

Dated: May 9, 2023

By: *s/ Mack Press*
MACK PRESS
mack@mackpress.com
THE MACK FIRM
18 Watergate Lane
Patchogue, NY 11772
Telephone: (516) 330-7213

Javier Bleichmar (*pro hac vice*)
BLEICHMAR FONTI & AULD LLP
7 Times Square, 27th Floor
New York, New York 10036
Telephone: 212-789-1340

Lesley E. Weaver (*pro hac vice*)
Angelica M. Ornelas (*pro hac vice*)
Joshua D. Samra (*pro hac vice*)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, California 94607
Telephone: (415) 445-4003

***Attorney for Plaintiffs***