# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THOMAS ROGER WHITE, JR. and PATRICIA CAULEY on behalf of themselves and all others similarly situated, | Civil Action No. 17-1775 (MCA) (JSA) |
| Plaintiffs, | |
| v. | |
| SAMSUNG ELECTRONICS AMERICA, INC., | |
| Defendant. | |

**SAMSUNG ELECTRONICS AMERICA, INC.'S OBJECTIONS AND**
**RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR**
**PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Samsung

Electronics America, Inc. ("Samsung"), hereby objects and responds to Plaintiffs' First Set of

Requests for Production (collectively, the "Requests") as follows.  The following objections and

responses are based upon Samsung's investigation to date, and Samsung reserves the right to

supplement these responses pursuant to Federal Rule of Civil Procedure 26(e).

**I.**     **GENERAL OBJECTIONS**

All objections set forth herein are incorporated in each of the specific responses to the

Requests set forth below and have the same force and effect as if fully set forth therein.

1.     Samsung objects to the Requests and accompanying definitions and instructions

insofar as they seek to impose obligations beyond those established by the Federal Rules of

Civil Procedure, including Federal Rule of Civil Procedure 34, the Local Civil and Criminal

Rules of the U.S. District Court for the District of New Jersey (the "Local Rules"), any order of

the Court, or any other applicable law.

1

2.      Samsung objects to each Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, cumulative, not relevant to any party's claims or defenses, or not proportional to the needs of the case.

3.      Samsung objects to each Request to the extent it purports to require Samsung to create documents that are not already in existence.

4.      Samsung objects to the Relevant Time Period stated in the Requests as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent that it would require a search for or production of documents outside the applicable statute of limitations period under the Wiretap Act.  Unless stated otherwise, where Samsung agrees to search for or produce documents, it will only search for or produce documents from the time period of March 16, 2015 to the present (the "Applicable Time Period").

5.      Samsung objects to Plaintiffs' instructions regarding the format of production to the extent they call for the production of electronically stored information ("ESI") from sources or in formats that are unduly burdensome or costly and to the extent they purport to impose requirements beyond those required by law or those agreed to by the parties in this action as required by the Court's May 8, 2023 amended scheduling order (Dkt. No. 223).  Samsung will produce such ESI, if any, in compliance with the stipulated ESI protocol in this action (Dkt. No. 226).

6.      Samsung objects to the Requests to the extent they seek documents covered by the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest privilege, or any other applicable privilege or immunity.  Samsung will only produce documents that it believes are non-privileged and otherwise properly discoverable.  Any disclosure of privileged or protected information is inadvertent and not intended to waive those

privileges or protections.  Samsung reserves the right to recall any inadvertently produced material that is protected by any applicable privilege or immunity consistent with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and/or the Parties' Stipulation and Order Pursuant to Fed. R. Evid. 502(d) (Dkt. No. 225).  The fact that Samsung does not specifically object to an individual request on the ground that it seeks such privileged or protected documents shall not be deemed a waiver of any applicable privilege or protection. Samsung construes the Requests as not seeking documents generated by outside counsel that constitute attorney-client communications and/or work product generated in connection with this or other litigation, and Samsung objects to the Requests as overbroad, unduly burdensome, and not proportional to the needs of the case insofar as they purport to require a search for such privileged and work product material.  Samsung will not undertake such a search, and such documents will not be logged on a privilege log.

7.      Samsung objects to the Requests to the extent they seek the production of documents containing sensitive, confidential, proprietary, or trade secret information.  Samsung will only produce any such documents subject to the Discovery Confidentiality Order (ECF No. 65) or another appropriate confidentiality order and reserves the right to seek additional protections, if warranted.

8.      Samsung objects to Plaintiffs' definition of "Content-Recognition Capability" as argumentative and inaccurate.  Samsung will construe "Content-Recognition Capability" as any automatic content recognition ("ACR") used in connection with Samsung Smart TVs sold by Samsung during the Applicable Time Period.

9.      Samsung objects to the Plaintiffs' definition of "Samsung Smart TVs" as overbroad to the extent it encompasses any Samsung televisions that lack ACR functionality.

Samsung will construe "Samsung Smart TVs" as any Samsung televisions sold by Samsung with ACR functionality.

10.     Samsung objects to Plaintiffs' definition of "Defendant," "Samsung," "You," or "Your" as overbroad and improper to the extent Plaintiffs purport to require Samsung to respond on behalf of persons or entities other than itself.  Samsung interprets the terms "Defendant," "Samsung," "You," and "Your" throughout the Requests to mean Samsung Electronics America, Inc. and construes these terms to require only the production of documents currently within Samsung's possession, custody, or control.

11.     Samsung objects to Plaintiffs' definition of "User Engagement Flow" as overbroad, vague, ambiguous, and improper to the extent Plaintiffs purport to request information related to the user consent flows for products other than Samsung Smart TVs. Samsung interprets the term "User Engagement Flow" throughout the Requests as limited to the consent flows related to Samsung Smart TVs sold by Samsung during the Applicable Time Period.

12.     Samsung objects to Plaintiffs' demand that responsive documents be produced within thirty days of service of these Requests.  Samsung will produce responsive documents (to the extent set forth below) on a rolling basis and will target substantial completion of its production of such responsive documents by December 8, 2023.

13.     Samsung objects to Instruction 1 as overbroad, unduly burdensome, and contrary to the Federal Rules of Civil Procedure.  Samsung will only produce documents currently within its possession, custody, or control.

14.     Samsung objects to Instruction 2 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests that Samsung "label[]" or "clearly

designate[]" documents according to which Request or Requests they are responsive to.  To the extent Samsung produces documents, such documents will be produced as they are kept in the usual course of business.

15.     Samsung objects to Instruction 3 and 4 to the extent they are inconsistent with the Federal Rules of Civil Procedure and/or the Parties' Stipulation and Order Re: Timing and Content of Privilege Logs (Dkt. No. 228).  To the extent Samsung withholds or redacts any documents on the grounds of privilege, work-product, or otherwise, it will produce a privilege log in accordance with the Federal Rules of Civil Procedure and the Stipulation and Order Re: Timing and Content of Privilege Logs.

16.     Samsung objects to Instruction 4 as overbroad, unduly burdensome, and not proportional to the needs of the case.  Samsung reserves the right to withhold in full partially privileged documents, including to the extent the non-privileged material is produced to Plaintiffs in another document.

17.     Samsung objects to Instruction 7 as overbroad, unduly burdensome, and not proportional to the needs of the case.  Samsung will produce metadata such as custodian information to the extent reasonably available and as provided in the anticipated Stipulation and Order Re: Electronically Stored Information.

18.     Samsung objects to Instruction 11 to the extent it is inconsistent with the Court's Amended Scheduling Order (ECF No. 223).  The Court ordered the Parties to serve requests for production of documents on or before May 30, 2023.

19.     Samsung's responses are made without waiving or intending to waive, in any way, (a) any objections to competency, relevancy, materiality, authenticity, privilege, and/or admissibility as evidence for any purpose of the responses to the Requests, or the subject matter

thereof, in any subsequent proceeding in, or the trial of, this or any other action; (b) the right to object on any ground to the use of these responses, or the subject matter thereof, in any subsequent proceeding in, or the trial of, this or any other action; (c) the right to object to a demand for further responses to these Requests or any other discovery involving or related to the subject matter of the Requests; and (d) the right to object on any ground to any other or future discovery requests.

20.     Nothing in these written responses or in Samsung's production of documents in response to these Requests, if any, constitutes, or is intended to constitute, an admission or representation by Samsung of any fact or contention in this litigation.

21.     If and to the extent that Samsung undertakes to search for documents responsive to a particular Request, its decision to do so should not be construed as a representation that responsive materials exist; instead, it represents only an agreement to search for responsive materials, which may or may not exist.  By the same token, the fact that Samsung has objected to producing a particular category of documents should not be construed as a representation that such documents exist; instead, it may represent only an objection to searching for responsive material.

22.     Samsung's responses to the Requests are based only upon facts known at this time.  Discovery in this matter is ongoing, and during the course of subsequent discovery, Samsung may become aware of supplemental, additional, or other responsive documents. Samsung reserves the right to update, amend, or supplement these responses and its document production.  In addition, these objections are made without prejudice to Samsung's right to present further, additional, or other evidence or contentions in a motion for summary judgment, at trial, or otherwise, based upon information hereafter identified, obtained, or developed.

23.     Samsung invites Plaintiffs to meet and confer concerning any specific or general objection set forth herein.

## II.    SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS

## REQUEST FOR PRODUCTION NO. 1:

Documents sufficient to identify, by model number, model and year, and serial number, the Samsung SmartTVs sold during the Relevant Period.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein.  Samsung further objects to this request to the extent it seeks documents that are not in Samsung's possession, custody, or control.  Samsung further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine.  Samsung further objects that this request is overbroad, unduly burdensome, and not proportional to the needs of the case, including to the extent it seeks (i) the serial numbers of each Smart TV sold by Samsung during the Applicable Time Period, and (ii) documents regarding sales made by persons or entities other than Samsung.  Samsung further objects to this request as vague and ambiguous to the extent it does not specify who sold the Smart TVs that are the subject of this request; Samsung construes the request as seeking documents sufficient to identify, by model number, model and year, and serial number the Samsung Smart TVs sold by Samsung.

Subject to and without waiving any of the preceding objections and limitations, Samsung will produce non-privileged documents sufficient to identify the Samsung Smart TVs, by model number, model and year, sold by Samsung during the Applicable Time Period, to the extent such documents exist and are identified during a reasonable search of documents in Samsung's possession, custody, or control from the Applicable Time Period.  Pursuant to Federal Rule of

Civil Procedure 34(b)(2)(C), Samsung states that, based on its General and Specific Objections, it will not otherwise produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 2**

Documents sufficient to show the number of and serial number ranges for Samsung SmartTVs, as described in Request No. 1, sold during the Relevant Period.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein. Samsung further objects to this request to the extent it seeks documents that are not in Samsung's possession, custody, or control. Samsung further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Samsung further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, including to the extent it seeks (i) the serial numbers of each Smart TV sold by Samsung during the Applicable Time Period, and (ii) documents regarding sales made by persons or entities other than Samsung. Samsung further objects to this request as vague and ambiguous to the extent it does not specify who sold the Smart TVs that are the subject of this request; Samsung construes the request as seeking documents sufficient to show the number of and serial number ranges for Samsung Smart TVs sold by Samsung.

Subject to and without waiving any of the preceding objections and limitations, Samsung will produce non-privileged documents sufficient to show the number of Samsung Smart TVs sold by Samsung during the Applicable Time Period, to the extent such documents exist and are identified during a reasonable search of documents in Samsung's possession, custody, or control from the Applicable Time Period. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C),

Samsung states that, based on its General and Specific Objections, it will not otherwise produce documents in response to this request.

## REQUEST FOR PRODUCTION NO. 3

For each version of each process in effect during the Relevant Period, Documents, including video recordings and screen shots, sufficient to show the User Engagement Flow process, including dated screen shots reflecting each step of these processes.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein. Samsung further objects to this request to the extent it seeks documents that are not in Samsung's possession, custody, or control. Samsung further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Samsung further objects to this request to the extent it purports to require Samsung to create documents that are not already in existence. Samsung further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, including to the extent it seeks dated screen shots, video recordings, and other materials reflecting each step of the "User Engagement Flow process" from over a decade without limitation. Samsung further objects that this request is not relevant to any claim or defense remaining in this case to the extent it seeks documents regarding the manner in which Samsung presents to Smart TV users terms and conditions, policies, or notices that are unrelated to Samsung Smart TVs. Samsung further objects to this request to the extent it seeks materials that are duplicative of and cumulative to documents available to Plaintiffs, including the Abuali and Chung declarations and accompanying exhibits.

Subject to and without waiving any of the preceding objections and limitations, Samsung will produce non-privileged documents sufficient to show the processes by which Samsung

presented terms and conditions, privacy policies, notices, or supplements to users of Samsung Smart TVs during the Samsung Smart TV setup process for Samsung Smart TVs sold by Samsung during the Applicable Time Period, to the extent such documents exist and are identified during a reasonable search of documents in Samsung's possession, custody, or control from the Applicable Time Period.

**REQUEST FOR PRODUCTION NO. 4**

For each version of each process in effect during the Relevant Period, Documents, including video recordings and screen shots, sufficient to show the terms and conditions or other documents shown to a User if they select "view details" during the User Engagement Flow process, as described in Paragraph 5 of the Abuali Declaration and Paragraph 5 of the Chung Declaration, including dated screen shots reflecting each step of these processes.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein.  Samsung further objects to this request to the extent it seeks documents that are not in Samsung's possession, custody, or control.  Samsung further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine.  Samsung further objects to this request to the extent it purports to require Samsung to create documents that are not already in existence.  Samsung further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, including to the extent it seeks dated screen shots, video recordings, and other materials "for each version of each process in effect" for more than a decade without limitation.  Samsung further objects that this request is not relevant to any claim or defense remaining in this case to the extent it seeks documents not related to the ACR technology at issue in Plaintiffs' sole remaining claim in this case.  Samsung further objects to this request to the extent it seeks

materials that are duplicative of and cumulative to documents available to Plaintiffs, including the Abuali and Chung declarations and accompanying exhibits.

Subject to and without waiving any of the preceding objections and limitations, Samsung will produce non-privileged documents sufficient to show the terms and conditions, privacy policies, notices, or supplements relating to the ACR technology at issue in Plaintiffs' sole remaining claim in this case shown to a Smart TV user if they select "view details" during the Samsung Smart TV setup process for Samsung Smart TVs sold by Samsung during the Applicable Time Period, to the extent such documents exist and are identified during a reasonable search of documents in Samsung's possession, custody, or control from the Applicable Time Period.

**REQUEST FOR PRODUCTION NO. 5**

For each version of each process in effect during the Relevant Period, Documents, including video recordings and screen shots, sufficient to show the terms and conditions, policies, or other documents presented to a User if they opt out during the User Engagement Flow, as described in Paragraph 7 of the Abuali Declaration and Paragraph 7 of the Chung Declaration, including dated screen shots reflecting each step of these processes.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein. Samsung further objects to this request to the extent it seeks documents that are not in Samsung's possession, custody, or control. Samsung further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Samsung further objects to this request to the extent it purports to require Samsung to create documents that are not already in existence. Samsung further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case,

11

including to the extent it seeks dated screen shots, video recordings, and other materials "for each version of each process in effect" for more than a decade without limitation. Samsung further objects that this request is not relevant to any claim or defense remaining in this case to the extent it seeks documents not related to the ACR technology at issue in Plaintiffs' sole remaining claim in this case. Samsung further objects to this request as vague and ambiguous in its use of the term "opt out"; Samsung construes this as meaning when a user clicks "skip" on the "Smart Hub Terms & Conditions, Privacy Policy" page that appears during the Smart TV setup process. Samsung further objects to this request as unintelligible and not relevant to any claim or defense remaining in this case, including to the extent it incorrectly assumes that Smart TV users would be shown terms and conditions, policies, or notices if they do not complete the Samsung Smart TV setup process.

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Samsung states that, based on its General and Specific Objections, it will not produce documents in response to this request. Samsung avers that if a user chooses to "skip" the "Smart Hub Terms & Conditions, Privacy Policy" without selecting "view details," the user would not be shown terms and conditions, privacy policies, or notices.

**REQUEST FOR PRODUCTION NO. 6**

For each version of each process in effect during the Relevant Period, Documents, including video recordings and screen shots, sufficient to show the process of creating a Samsung Account on a Samsung SmartTV during the Relevant Period, including dated screen shots reflecting each step of these processes.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein. Samsung further objects to this request to the extent it seeks documents that

are not in Samsung's possession, custody, or control.  Samsung further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine.  Samsung further objects to this request to the extent it purports to require Samsung to create documents that are not already in existence.  Samsung further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, including to the extent it seeks dated screen shots, video recordings, and other materials "for each version of each process in effect" for more than a decade without limitation.  Samsung further objects to this request as irrelevant to any claim or defense remaining in this case.

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Samsung states that, based on its General and Specific Objections, it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 7**

Documents regarding User experience testing or studies concerning the processes described in Requests Nos. 3, 4, 5, and 6.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein.  Samsung further objects to this request to the extent it seeks documents that are not in Samsung's possession, custody, or control.  Samsung further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine.  Samsung further objects to this request as vague and ambiguous in its use of the phrase "processes described in Requests Nos. 3, 4, 5, and 6" to the extent those requests are vague and ambiguous.  Samsung incorporates its objections to Request Nos. 3, 4, 5, and 6 as if set forth herein.  Samsung further objects to this request as irrelevant to any claim or defense remaining in this case.

13

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Samsung states that, based on its General and Specific Objections, it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 8**

Documents sufficient to show work requests or tickets reflecting changes made (or requested to be made) to the processes described in Requests Nos. 3, 4, 5, and 6.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein.  Samsung further objects to this request to the extent it seeks documents that are not in Samsung's possession, custody, or control.  Samsung further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine.  Samsung further objects to this request as vague and ambiguous in its use of the phrase "processes described in Requests Nos. 3, 4, 5, and 6" to the extent those requests are vague and ambiguous.  Samsung incorporates its objections to Request Nos. 3, 4, 5, and 6 as if set forth herein.  Samsung further objects to this request as vague and ambiguous in its use of the phrase "work requests or tickets"; Samsung construes this phrase as referring to internal service or support requests.

Subject to and without waiving any of the preceding objections and limitations, Samsung will produce any non-privileged work requests or tickets reflecting requested changes or changes made to the processes by which Samsung presented terms and conditions, privacy policies, notices, or supplements to Smart TV users for Samsung Smart TVs sold by Samsung during the Applicable Time Period, to the extent such documents exist and are identified during a reasonable search of documents in Samsung's possession, custody, or control from the Applicable Time Period.

**REQUEST FOR PRODUCTION NO. 9**

Documents concerning the implementation of work requests or tickets responsive to Request No. 8.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein. Samsung further objects to this request to the extent it seeks documents that are not in Samsung's possession, custody, or control. Samsung further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Samsung further objects to this request as vague and ambiguous in its use of the phrase "work requests or tickets responsive to Request No. 8" to the extent that request is vague and ambiguous. Samsung incorporates its objections to Request No. 8 as if set forth herein. Samsung further objects to this request as vague and ambiguous in its use of the phrase "work requests or tickets"; Samsung construes this phrase as referring to internal service or support requests.

Subject to and without waiving any of the preceding objections and limitations, Samsung will produce any non-privileged documents concerning the implementation of work requests or tickets identified as responsive to Request for Production No. 8, to the extent such documents exist and are identified during a reasonable search of documents in Samsung's possession, custody, or control from the Applicable Time Period.

**REQUEST FOR PRODUCTION NO. 10**

Documents reflecting all versions of the Samsung Terms and Conditions, policies, notices, supplements, or other documents relating to Samsung's collection of Users' Personal Information from Samsung SmartTVs.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein.  Samsung further objects to this request to the extent it seeks documents that are not in Samsung's possession, custody, or control.  Samsung further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine.  Samsung further objects that this request is overbroad, unduly burdensome, not proportional to the needs of the case, and not relevant to any claim or defense remaining in this case, including to the extent it seeks  "all versions" of documents from more than a decade without limitation as to scope.  As stated, this request encompasses documents relating to potentially hundreds of different types of Smart TVs.  Samsung further objects that this request is overbroad, unduly burdensome, not proportional to the needs of the case, and not relevant to any claim or defense remaining in this case, including to the extent it seeks documents regarding the collection of user data not related to the ACR technology at issue in Plaintiffs' sole remaining claim in this case.  Samsung further objects that this request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks to have Samsung search for all documents relating to the collection of user data from Samsung Smart TVs; Samsung construes the request as seeking documents reflecting all versions of the terms and conditions, privacy policies, notices, supplements, and similar documents related to the collection of user data from Samsung Smart TVs.  Samsung further objects to this request as vague and ambiguous in its use of the phrase "Personal Information," which Plaintiffs do not define or explain.  Samsung disputes that it collected any "Personal Information" from Smart TV users.

Subject to and without waiving any of the preceding objections and limitations, Samsung will produce non-privileged documents reflecting all versions of the terms and conditions,

privacy policies, notices, and supplements relating to the use of the ACR technology at issue in Plaintiffs' sole remaining claim in this case in connection with Samsung Smart TVs sold by Samsung during the Applicable Time Period, to the extent such documents exist and are identified during a reasonable search of documents in Samsung's possession, custody, or control from the Applicable Time Period.  Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Samsung states that, based on its General and Specific Objections, it will not otherwise produce documents in response to this request.

## REQUEST FOR PRODUCTION NO. 11

Documents sufficient to show the number of Samsung SmartTV users who purportedly consented to the Samsung Terms and Conditions, policies, notices, supplements, or other documents described in Request No. 10.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein.  Samsung further objects to this request to the extent it seeks documents that are not in Samsung's possession, custody, or control.  Samsung further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine.  Samsung further objects that this request is overbroad, unduly burdensome, not proportional to the needs of the case, and not relevant to any claim or defense remaining in this case, including to the extent it seeks documents regarding the collection of user data not related to the ACR technology at issue in Plaintiffs' sole remaining claim in this case, and to the extent it seeks documents sufficient to show the number of "users" who purportedly consented rather than the number of Smart TVs.  Samsung further objects that this request is overbroad, unduly burdensome, and not proportional to the needs of the case, including to the extent it seeks to have Samsung search for all documents relating to the

collection of user data from Samsung Smart TVs; Samsung construes the request as limited to users' consent to the terms and conditions, privacy policies, notices, supplements, and similar documents related to the collection of user data from Samsung Smart TVs.  Samsung further objects to this request as vague, ambiguous, unduly burdensome, and not proportional to the needs of the case because users can change whether to consent, such that the number of users who have consented can vary over time.  Samsung further objects to this request as vague and ambiguous in its use of the phrase "Request No. 10" to the extent that request is vague and ambiguous.  Samsung incorporates its objections to Request No. 10 as if set forth herein.

Subject to and without waiving any of the preceding objections and limitations, Samsung will produce non-privileged documents sufficient to show the number of Samsung Smart TVs that consented to the Samsung terms and conditions, privacy policies, supplements, or notices relating to the use of the ACR technology at issue in Plaintiffs' sole remaining claim in this case in connection with Samsung Smart TVs sold by Samsung during the Applicable Time Period, to the extent such documents exist and are identified during a reasonable search of documents in Samsung's possession, custody, or control from the Applicable Time Period.

**REQUEST FOR PRODUCTION NO. 12**

Documents sufficient to show the number of Samsung SmartTV users who did not consent to the Terms and Conditions, policies, notices, supplements, or other documents described in Request No. 10.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein.  Samsung further objects to this request to the extent it seeks documents that are not in Samsung's possession, custody, or control.  Samsung further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or

18

work product doctrine.  Samsung further objects that this request is overbroad, unduly

burdensome, not proportional to the needs of the case, and not relevant to any claim or defense

remaining in this case, including to the extent it seeks documents regarding the collection of

user data not related to the ACR technology at issue in Plaintiffs' sole remaining claim in this

case, and to the extent it seeks documents sufficient to show the number of "users" who

purportedly did not consent rather than the number of Smart TVs.  Samsung further objects that

this request is overbroad, unduly burdensome, and not proportional to the needs of the case,

including to the extent it seeks to have Samsung search for all documents relating to the

collection of user data from its Samsung Smart TVs; Samsung construes the request as limited

to users' consent to the terms and conditions, privacy policies, notices, supplements, and similar

documents related to the collection of user data from Samsung Smart TVs.  Samsung further

objects to this request as vague, ambiguous, unduly burdensome, and not proportional to the

needs of the case because users can change whether to consent, such that the number of users

who have consented can vary over time.  Samsung further objects to this request as vague and

ambiguous in its use of the phrase "Request No. 10" to the extent that request is vague and

ambiguous.  Samsung incorporates its objections to Request No. 10 as if set forth herein.

Samsung further objects to this request as vague and ambiguous in its use of the phrase "did not

consent"; Samsung construes this as referring to Smart TV users that completed the Samsung

Smart TV setup process without indicating their consent to the Terms and Conditions, policies,

notices, supplements or otherwise indicated to Samsung that they did not consent to such

materials.

      Subject to and without waiving any of the preceding objections and limitations, Samsung

will produce non-privileged documents sufficient to show the number of Samsung Smart TVs

that did not consent to the Samsung terms and conditions, privacy policies, supplements, or notices relating to the use of the ACR technology at issue in Plaintiffs' sole remaining claim in this case in connection with Samsung Smart TVs sold by Samsung during the Applicable Time Period, to the extent such documents exist and are identified during a reasonable search of documents in Samsung's possession, custody, or control from the Applicable Time Period.

## REQUEST FOR PRODUCTION NO. 13

Documents reflecting all versions of any physical copies of the Samsung Terms and Conditions, policies, notices, supplements, or other documents relating to Samsung's collection of Users' Personal Information from Samsung SmartTVs and included with the SmartTVs at the time of sale.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein. Samsung further objects to this request to the extent it seeks documents that are not in Samsung's possession, custody, or control. Indeed, Samsung Smart TVs are sold to consumers through multiple channels, including through retailers. Samsung lacks information regarding any physical materials that may be provided to customers at the point of sale by third parties. Samsung further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Samsung further objects that this request is overbroad, unduly burdensome, not proportional to the needs of the case, and not relevant to any claim or defense remaining in this case, including to the extent it seeks documents regarding the collection of user data not related to the ACR technology at issue in Plaintiffs' sole remaining claim in this case. Samsung further objects that this request is overbroad, unduly burdensome, and not proportional to the needs of the case, including to the extent it seeks to have Samsung search for all documents relating to the collection of user data

from its Samsung Smart TVs and included with the Smart TVs at the time of sale; Samsung

construes the request as seeking documents reflecting all versions of the terms and conditions,

privacy policies, and similar documents related to the collection of user data from Samsung

Smart TVs and included with the Smart TVs at the time of sale. Samsung further objects to this

request as vague and ambiguous in its use of the phrases "Personal Information" and "physical

copies" which Plaintiffs do not define or explain. Samsung construes "physical copies" as

referring to hardcopy versions of documents included with Smart TVs at the time of sale to a

consumer. Samsung disputes that it collected any "Personal Information" from Smart TV users.

Subject to and without waiving any of the preceding objections and limitations, Samsung

will produce the user manuals for Plaintiffs' Smart TVs, which contain instructions on how to

access the terms and conditions and privacy policies applicable to Plaintiffs' Smart TVs.

Samsung Smart TV user manuals are also available on Samsung's website.   Samsung will also

produce any non-privileged documents reflecting any hardcopy versions of the terms and

conditions, privacy policies, notices, and supplements relating to the use of the ACR technology

at issue in Plaintiffs' sole remaining claim in this case that were included at the time of sale with

Samsung Smart TVs sold by Samsung during the Applicable Time Period, to the extent such

documents exist and are identified during a reasonable search of documents in Samsung's

possession, custody, or control from the Applicable Time Period.

**REQUEST FOR PRODUCTION NO. 14**

Documents sufficient to show all categories maintained by Samsung in its database

showing "the choices and consents that the specific user selected" as described in Paragraph 9 of

the Abuali Declaration and paragraph 9 of the Chung Declaration.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein. Samsung further objects to this request to the extent it seeks documents that are not in Samsung's possession, custody, or control. Samsung further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Samsung further objects to this request as vague and ambiguous in its use of the term "categories"; Samsung construes "categories" as referring to data fields.

Subject to and without waiving any of the preceding objections and limitations, Samsung will produce non-privileged documents sufficient to show the data fields included in the database described in paragraph 9 of the Abuali Declaration and paragraph 9 of the Chung Declaration for Samsung Smart TVs sold by Samsung during the Applicable Time Period, to the extent such documents exist and are identified during a reasonable search of documents in Samsung's possession, custody, or control from the Applicable Time Period.

**REQUEST FOR PRODUCTION NO. 15**

Documents reflecting the factual bases for the assertions set forth in the Abuali and Chung Declarations.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein. Samsung further objects to this request to the extent it seeks documents that are not in Samsung's possession, custody, or control. Samsung further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Samsung further objects to this request to the extent it seeks materials that are duplicative of and cumulative to documents available to Plaintiffs, including the exhibits attached to the Abuali and Chung declarations.

22

Subject to and without waiving any of the preceding objections and limitations, Samsung will produce any non-privileged documents reflecting the factual information asserted in the Abuali and Chung Declarations, to the extent such documents exist and are identified during a reasonable search of documents in Samsung's possession, custody, or control from the Applicable Time Period.

**REQUEST FOR PRODUCTION NO. 16**

To the extent not produced in response to Request No. 15, all relevant business records referenced in paragraph 1 of the Abuali Declaration and paragraph 1 of the Chung Declaration.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein.  Samsung further objects to this request to the extent it seeks documents that are not in Samsung's possession, custody, or control.  Samsung further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine.  Samsung further objects to this request to the extent it seeks materials that are duplicative of and cumulative to documents available to Plaintiffs, including the exhibits attached to the Abuali and Chung declarations.  Samsung further objects to this request to the extent it is duplicative of Request No. 15.

Subject to and without waiving any of the preceding objections and limitations, Samsung will produce non-privileged documents referenced in paragraph 1 of the Abuali Declaration and paragraph 1 of the Chung Declaration, to the extent such documents are identified during a reasonable search of documents in Samsung's possession, custody, or control from the Applicable Time Period.

**REQUEST FOR PRODUCTION NO. 17**

Documents regarding the design and functionality of Samsung SmartTVs and Samsung's TV app store, including the functionality of Samsung's ACR and other functionality relating to Samsung's collection of Plaintiffs' Information from their SmartTVs.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein. Samsung further objects to this request to the extent it seeks documents that are not in Samsung's possession, custody, or control. Samsung further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Samsung further objects to this request as overbroad, unduly burdensome, not proportional to the needs of the case, and not relevant to any claim or defense remaining in this case, including to the extent it seeks documents regarding the design or functionality of Samsung Smart TVs or the Samsung Smart TV app store that are unrelated to the collection of user data through the ACR technology at issue in Plaintiffs' sole remaining claim in this case. As stated, this request encompasses documents regarding proprietary technologies that have nothing to do with the ACR technology at issue in this case (e.g., 4K display technology). Samsung further objects to the request to the extent it assumes, without a factual basis, that Samsung collected Plaintiffs' data from their Smart TVs. Samsung further objects that this request is vague and ambiguous in its use of the term "design," which is not defined.

Subject to and without waiving any of the preceding objections and limitations, Samsung will produce non-privileged documents regarding the functionality of the ACR technology at issue in Plaintiffs' sole remaining claim in this case applicable to Samsung Smart TVs sold by Samsung during the Applicable Time Period, to the extent such documents exist and are

identified during a reasonable search of documents in Samsung's possession, custody, or control from the Applicable Time Period.  Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Samsung states that, based on its General and Specific Objections, it will not otherwise produce documents in response to this request.

## REQUEST FOR PRODUCTION NO. 18

Documents regarding the design and functionality of the Samsung SmartTV operating system (including, but not limited to, Tizen OS) and app store (including, but not limited to, Tizen app store, TV Plus & Smart Hub).

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein.  Samsung further objects to this request to the extent it seeks documents that are not in Samsung's possession, custody, or control.  Samsung further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine.  Samsung further objects that this request is overbroad, unduly burdensome, not proportional to the needs of the case, and not relevant to any claim or defense remaining in this case, including to the extent it seeks documents regarding the design and functionality of the Samsung Smart TV operating system and app store that are not related to the collection of user data through the ACR technology at issue in Plaintiffs' sole remaining claim in this case.  As stated, this request encompasses documents regarding technologies that have nothing to do with the ACR technology at issue in this case (e.g., the Tizen app store).  Samsung further objects that this request is vague and ambiguous in its use of the term "design," which is not defined.

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Samsung states that, based on its General and Specific Objections, it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 19**

All versions of Samsung developer terms and conditions, policies, notices, supplements, or other documents relating to Samsung's collection of Plaintiffs' Information from their SmartTVs.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein.  Samsung further objects to this request to the extent it seeks documents that are not in Samsung's possession, custody, or control.  Samsung further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine.  Samsung further objects that this request is overbroad, unduly burdensome, not proportional to the needs of the case, and not relevant to any claim or defense remaining in this case, including to the extent it seeks documents not related to the ACR technology at issue in Plaintiffs' sole remaining claim in this case.  Samsung further objects that this request is overbroad, unduly burdensome, and not proportional to the needs of the case, including to the extent it seeks to have Samsung search for all documents relating to the collection of Plaintiffs' data from their Samsung Smart TVs; Samsung construes the request as seeking documents reflecting all versions of the terms and conditions, privacy policies, and similar documents related to the collection of Plaintiffs' data from their Samsung Smart TVs. Samsung further objects that this request is overbroad, unduly burdensome, not proportional to the needs of the case, and not relevant to any claim or defense remaining in this, to the extent it seeks documents related to non-user "developer[s]."  Samsung further objects that this request is vague and ambiguous in its use of the term "developer."  Samsung further objects to this request to the extent it is duplicative of other requests that seek production of the terms and conditions, privacy policies, notices, and supplements relating to the use of the ACR technology at issue in

Plaintiffs' sole remaining claim in this case in connection with Samsung Smart TVs sold by Samsung during the Applicable Time Period, including Request No. 10.

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Samsung states that, based on its General and Specific Objections, it will not search for or produce documents in response to this request.

## REQUEST FOR PRODUCTION NO. 20

Documents, data, and Information related to or associated with the Plaintiffs, including documents, data, or information connected to identifiers associated with Plaintiffs and all data collected from their Samsung SmartTVs, as well as the following:

a) Personal identifiers, including Samsung Account ID;

b) Device identifiers, including device unique identifier ("DUID"), device Serial Numbers, and media access control ("MAC") addresses;

c) Personalized Service Identifiers ("PSID"), Tizen Identifier for Advertising ("TIFA"), or other advertising identifiers;

d) Location information, including zip codes and IP addresses;

e) Video viewing history;

f) Demographic information, including sex, age, income, marital status, household size, education, home ownership, household value, and interest/audience attributes or segments;

g) Communications history;

h) Sign-in history;

i) Voice interactions; and

j) Information about Plaintiff's device settings and/or controls, including but not limited to the Limit Ad Tracking ("LAT") control.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein. Samsung further objects to this request to the extent it seeks documents that are not in Samsung's possession, custody, or control. Samsung further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Samsung further objects that this request is overbroad, unduly burdensome, not proportional to the needs of the case, and not relevant to any claim or defense remaining in this case, including to the extent it seeks documents containing data collected from Plaintiffs from sources other than their Smart TVs and through means other than the ACR technology at issue in Plaintiffs' sole remaining claim in this case. Samsung further objects that this request is unduly burdensome and not proportional to the needs of this case to the extent it seeks documents that are equally available to Plaintiff. Samsung further objects that this request is vague and ambiguous in its use of the phrases "Communications history" and "Voice interactions" to the extent it does not specify the parties to such communications or interactions. Samsung further objects to this request as unintelligible to the extent it incorrectly assumes that Samsung records voice communications or interactions.

Subject to and without waiving any of the preceding objections and limitations, Samsung will produce any non-privileged documents reflecting any data regarding Plaintiffs collected from their Samsung Smart TVs through the ACR technology at issue in Plaintiffs' sole remaining claim in this case, to the extent such documents exist and are identified during a reasonable search of documents in Samsung's possession, custody, or control from the Applicable Time Period. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Samsung states that, based on its General and Specific Objections, it will not otherwise produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 21**

Documents sufficient to show the number of and serial numbers for SmartTVs sold during the Relevant Period for which there is no associated DUID.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein.  Samsung further objects to this request to the extent it seeks documents that are not in Samsung's possession, custody, or control.  Samsung further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine.  Samsung further objects to this request to the extent it seeks documents relating to Smart TVs sold by anyone other than Samsung.  Samsung further objects to this request as unintelligible and not relevant to any claim or defense remaining in this case, including to the extent it incorrectly assumes that there are Samsung Smart TVs that were sold during the Relevant Period for which there is no associated DUID.  Samsung further objects to this request as vague and ambiguous to the extent it does not specify who sold the Smart TVs that are the subject of this request; Samsung construes the request as seeking documents sufficient to show the number of and serial number ranges for Samsung Smart TVs sold by Samsung.

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Samsung states that, based on its General and Specific Objections, it will not search for or produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 22**

Documents sufficient to show the number of and serial numbers for SmartTVs sold during the Relevant Period for which there is an associated DUID.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein.  Samsung further objects to this request to the extent it seeks documents that are not in Samsung's possession, custody, or control.  Samsung further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine.  Samsung further objects to this request to the extent it seeks documents relating to Smart TVs sold by anyone other than Samsung.  Samsung further objects to this request as unintelligible and not relevant to any claim or defense remaining in this case, including to the extent it incorrectly assumes that there are Samsung Smart TVs that were sold during the Relevant Period for which there is no associated DUID.  Samsung further objects to this request as vague and ambiguous to the extent it does not specify who sold the Smart TVs that are the subject of this request; Samsung construes the request as seeking documents sufficient to show the number of and serial number ranges for Samsung Smart TVs sold by Samsung.  Samsung further objects to this request to the extent it is duplicative of other requests, including Request No. 2.

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Samsung states that, based on its General and Specific Objections, it will not search for or produce documents in response to this request.

## REQUEST FOR PRODUCTION NO. 23

Documents sufficient to show the Information—including PSID, TIFA, Samsung Account identifiers, IP Address, MAC Address, or other device identifiers—associated with the DUID of the Plaintiffs' SmartTV.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein.  Samsung further objects to this request to the extent it seeks documents that

are not in Samsung's possession, custody, or control.  Samsung further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine.  Samsung further objects to this request to the extent it seeks documents relating to Smart TVs sold by anyone other than Samsung.  Samsung further objects that this request is overbroad, unduly burdensome, not proportional to the needs of the case, and not relevant to any claim or defense remaining in this case, including to the extent it seeks documents containing data collected from Plaintiffs from sources other than their Smart TVs and through means other than the ACR technology at issue in Plaintiffs' sole remaining claim in this case.  Samsung further objects that this request is unduly burdensome and not proportional to the needs of this case to the extent it seeks documents that are equally available to Plaintiffs. Samsung further objects to the extent this request is duplicative of Request No. 20.

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Samsung states that, based on its General and Specific Objections, it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 24**

Documents sufficient to show the Information—including PSID, Samsung Account identifiers, IP Address, MAC Address, or other device identifiers—associated with Serial Numbers of the SmartTVs used by the Plaintiffs.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein.  Samsung further objects to this request to the extent it seeks documents that are not in Samsung's possession, custody, or control.  Samsung further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine.  Samsung further objects to this request to the extent it seeks documents relating to Smart TVs sold by anyone other than Samsung.  Samsung further objects that this

request is overbroad, unduly burdensome, not proportional to the needs of the case, and not relevant to any claim or defense remaining in this case, including to the extent it seeks documents containing information collected from Plaintiffs from sources other than their Smart TVs and through means other than the ACR technology at issue in Plaintiffs' sole remaining claim in this case. Samsung further objects that this request is unduly burdensome and not proportional to the needs of this case to the extent it seeks documents that are equally available to Plaintiffs. Samsung further objects that the request is vague, ambiguous, overbroad, unduly burdensome, and not proportionate to the needs of the case to the extent it refers to "Smart TVs used by the Plaintiffs"; Samsung construes the request as limited to Plaintiffs' Samsung Smart TVs. Samsung further objects to the extent this request is duplicative of Request Nos. 20 and 23.

Subject to and without waiving any of the preceding objections and limitations, Samsung will produce non-privileged documents sufficient to show any data collected from Plaintiffs' Samsung Smart TVs through the ACR technology at issue in Plaintiffs' sole remaining claim in this case, to the extent such documents exist and are identified during a reasonable search of documents in Samsung's possession, custody, or control from the Applicable Time Period. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Samsung states that, based on its General and Specific Objections, it will not otherwise produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 25**

Documents and communications related to Samsung's collection and storage of data and SmartTV users' Information, including privacy policies, retention policies, other guiding or

informative documents, that describes the who, what, where, how, and when of the data and information collected and stored.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein.  Samsung further objects to this request to the extent it seeks documents that are not in Samsung's possession, custody, or control.  Samsung further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine.  Samsung further objects to this request as overbroad, unduly burdensome, not proportional to the needs of the case, and not relevant to any claim or defense remaining in this case, including to the extent it seeks documents regarding data about Samsung Smart TV users (i) that was collected from sources other than users' Samsung Smart TVs or collected through means other than the ACR technology at issue in Plaintiffs' sole remaining claim in this case; and (ii) without limitation as to scope.

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Samsung states that, based on its General and Specific Objections, it will not produce documents in response to this request.

## REQUEST FOR PRODUCTION NO. 26

Organization charts or other Documents sufficient to identify and describe:

a)    All Samsung officers, employees, and contractors, by title, job description and corresponding time period in those roles, with knowledge or responsibilities relevant to the claims and facts described in the Second Amended Complaint, regardless of whether such knowledge and responsibilities accrued before or after the Relevant Period; and

b)    By department title and functionality over time, Samsung's global organizational structure, including parent companies, subsidiaries, affiliates, departments, and

divisions to the extent these have responsibility for, knowledge of, or provide

funding or indemnity for the claims asserted in the Second Amended Complaint.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth

verbatim herein.  Samsung further objects to this request to the extent it seeks documents that

are not in Samsung's possession, custody, or control.  Samsung further objects to this request to

the extent it seeks documents protected from disclosure by the attorney-client privilege and/or

work product doctrine.  Samsung further objects to this request as overbroad, unduly

burdensome, and not proportional to the needs of the case, including to the extent it seeks

information that can be obtained through other means that are more convenient, less

burdensome, or less expensive.  Samsung further objects to this request as overbroad, unduly

burdensome, not proportional to the needs of the case, and not relevant to any claim or defense

remaining in this case, including to the extent it seeks documents regarding entities other than

Samsung, regarding employees who did not work for Samsung during the Applicable Time

Period, regarding claims that have been dismissed by the Court, and regarding funding or

indemnity.

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Samsung states that, based on

its General and Specific Objections, it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 27**

Documents and communications regarding Your discussion, analysis, and response to

the Electronic Privacy Center's ("EPIC") complaint to the Federal Trade Commission ("FTC")

(*see* ECF No. 88-6), including but not limited to communications with EPIC or the FTC

regarding the complaint.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein.  Samsung further objects to this request to the extent it seeks documents that are not in Samsung's possession, custody, or control.  Samsung further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine.  Samsung further objects that this request is overbroad, unduly burdensome, not proportional to the needs of the case, and not relevant to any claim or defense remaining in this case, including because the EPIC complaint is not related to the ACR technology at issue in Plaintiffs' sole remaining claim in this case.

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Samsung states that, based on its General and Specific Objections, it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 28**

Documents relating to partnerships or agreements Samsung entered into with third parties relating to Samsung's Content-Recognition Capability, including but not limited to ACR.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein.  Samsung further objects to this request to the extent it seeks documents that are not in Samsung's possession, custody, or control.  Samsung further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine.  Samsung further objects to this request as overbroad, unduly burdensome, not proportional to the needs of the case, and not relevant to any claim or defense remaining in this case, including to the extent it seeks documents that do not relate to the functionality of the ACR technology at issue in Plaintiffs' sole remaining claim in this case in connection with Samsung Smart TVs sold by Samsung during the Applicable Time Period. Samsung further objects to this request as overbroad, unduly burdensome, not proportional to

the needs of the case, and not relevant to any claim or defense remaining in this case, including to the extent it seeks "Documents relating to partnerships or agreements."

Subject to and without waiving any of the preceding objections and limitations, Samsung will produce non-privileged agreements between Samsung and third parties relating to the functionality of the ACR technology at issue in Plaintiffs' sole remaining claim in this case in connection with Samsung Smart TVs sold by Samsung during the Applicable Time Period to the extent such documents exist and are identified during a reasonable search of documents in Samsung's possession, custody, or control from the Applicable Time Period.  Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Samsung states that, based on its General and Specific Objections, it will not otherwise produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 29**

Documents reflecting the factual bases for each defense set forth in Samsung's Answer and Affirmative and Other Defenses of Samsung Electronics America, Inc., to the Second Amended Class Action Complaint, ECF No. 210, dated April 12, 2023.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein.  Samsung further objects to this request to the extent it seeks documents that are not in Samsung's possession, custody, or control.  Samsung further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving any of the preceding objections and limitations, Samsung will produce non-privileged documents reflecting the factual bases for the Affirmative and Other Defenses set forth in Samsung's Answer, to the extent such documents exist and are

36

identified during a reasonable search of documents in Samsung's possession, custody, or control from the Applicable Time Period.

**REQUEST FOR PRODUCTION NO. 30**

Documents supporting, refuting, or otherwise related to Your basis for seeking summary judgment motion in this action.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein. Samsung further objects to this request to the extent it seeks documents that are not in Samsung's possession, custody, or control. Samsung further objects to this request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or work product doctrine. Samsung further objects to this Request as premature and unduly burdensome to the extent it requests that Samsung identify documents related to its anticipated motion for summary judgment prior to filing.

Subject to and without waiving any of the preceding objections and limitations, Samsung will produce documents it intends to use in support of its anticipated motion for summary judgment when and as required by the Federal Rule of Civil Procedure, the Local Rules, and the Court's Orders. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Samsung states that, based on its General and Specific Objections, it will not otherwise produce documents in response to this request.

Dated: June 8, 2023                    */s/ Michael R. McDonald*
                                        Michael R. McDonald
                                        mmcdonald@gibbonslaw.com
                                        Brielle A. Basso
                                        bbasso@gibbonslaw.com
                                        GIBBONS P.C.
                                        One Gateway Center
                                        Newark, NJ 07102

Telephone: (973) 596-4500

Emily Johnson Henn
ehenn@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 632-4715


***Attorneys for Defendant***
**SAMSUNG ELECTRONICS AMERICA, INC.**

38

## CERTIFICATE OF SERVICE

The undersigned hereby certified that on June 8, 2023 the foregoing was served by electronic mail to all counsel of record requesting notice:

Javier Bleichmar
BLEICHMAR FONTI & AULD LLP
7 Times Square
27th Floor
New York, NY 10036
jbleichmar@bfalaw.com

Mack Press
THE MACK FIRM
9 Pimlico Drive
Commack, NY 11725
mack@mackpress.com

Lesley E. Weaver
Angelica M. Ornelas
Joshua D. Samra
BLEICHMAR FONTI & AULD LLP
1330 Broadway
Suite 630
Oakland, CA 94612
lweaver@bfalaw.com
aornelas@bfalaw.com
jsamra@bfalaw.com

Dated: June 8, 2023

/s/ Celin Carlo-Gonzalez
Celin Carlo-Gonzalez
ccarlogonzalez@cov.com
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-10880