# **EXHIBIT C**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS ROGER WHITE, JR., and PATRICIA CAULEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendant. | Civil Action No. 17-01775 (MCA) (JSA)<br><br>Hon. Madeline Cox Arleo, U.S.D.J.<br>Hon. Jessica S. Allen, U.S.M.J.<br><br>**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.** |

Pursuant to the Federal Rules of Civil Procedure 26 and 33, Plaintiffs, by and through their undersigned counsel, hereby request that Defendant Samsung Electronics America, Inc. answer the following Interrogatories, under oath, within 30 days from the date of service.

## DEFINITIONS

In addition to the definitions set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court, the following definitions apply to the instructions and each of the Requests below. In the event of any ambiguity with one or more of the following definitions, common usage and reference to any cited rules, statutes, or regulations should be used to provide the broadest interpretation of the term in question.

1. "Action" means the lawsuit captioned as *White, et al. v. Samsung Electronics America, Inc.*, Case No. 17-01775 (MCA) (JSA) (D.N.J.).

2. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

3. "Communication" or "Communicated" means, without limitation, any contact, oral or documentary, formal or informal, exchange of thoughts, messages, or information, as by speech, signals, writing, or behavior, including but not limited to any advice, advisement, announcement, articulation, assertion, contact, conversation, written or electronic correspondence, declaration,

discussion, dissemination, elucidation, expression, interchange, memorandum, note, publication, reception, revelation, talk, transfer, transmission, or utterance.

    4.    "Content-Recognition Capability" means the software and other technologies, including automatic content recognition ("ACR"), You used to collect Users' Personal Information on SmartTVs.

    5.    "Data Analytics Infrastructure" refers to the services, applications, utilities, and systems that are used for either preparing data for modeling, estimating models, validating models, business intelligence, scoring data, or related activities, including but not limited to databases and data warehouses, statistical and data mining systems, and scoring engines.

    6.    "Database" refers to any organized collection of information that is stored electronically.

    7.    "Defendant," "Samsung," "You," or "Your" means Samsung Electronics, America, Inc., together with any of its corporations, businesses, subsidiaries, divisions, subdivisions, predecessors, successors, parents, and affiliates, and their respective officers, directors, employees, partners, representatives, Agents, attorneys, accountants, or other persons occupying similar positions or performing similar functions.

    8.    "ESI" means electronically stored information or data and is to be interpreted broadly, as used in the Federal Rules of Civil Procedure and the advisory committee notes thereto, to include all information regardless of the storage media (*e.g.*, hard drive, CD-ROM, DVD, disc, tape, thumb drive, VoiceMail system, or mobile device such as a smartphone, tablet, or cell phone).

    9.    "File" includes hard copy and electronically stored and computerized documents including current, archived, deleted, and overwritten electronically stored and computerized documents, including email and all attachments.

    10.    "Identify," unless otherwise specified, means:

        a) Identify with respect to a Document means, to give, to the extent known, the (i) type of Document (*i.e.*, correspondence, memorandum, business record, etc.); (ii) general subject matter; (iii) date of the Document; (iv) author(s) or preparer(s), addressee(s), and recipient(s) of each such Document; (v) the

    present location of each such Document or copies thereof; and (vi) if applicable, the Bates number of the Document.

  b) Identify with respect to an entity, governmental body, department, or agency (not a natural Person), means to state the full name of the organization, address, and telephone number for its principal place of business and the natural Persons representing that organization in the matter identified.

  c) Identify with respect to a natural Person means, to give, to the extent known, the (i) Person's full name and title; (ii) current or last known address; (iii) current or last known business and telephone number(s); and (iv) current or last known place of employment. Once a Person has been identified in accordance with this paragraph, only the name of that Person need be listed in response to subsequent discovery requesting the identification of such Person.

  11. "Information" means written, recorded, graphic, or other electronic data, including metadata, of any nature whatsoever, regardless of how recorded, and whether original or copy, including: any electronic data conveyed through an Internet communication; any electronic data associated with an Internet communication; any electronic data associated with the Samsung SmartTV user participating in an Internet communication; and, any inference, profiling or other association derived from a user's Internet communication, whether in isolation or in aggregate.

  12. "Person(s)" means any natural persons, proprietorships, legal or governmental entities, corporations, partnerships, trusts, joint ventures, groups, associations, or organizations. Any reference to a "person" shall mean that "person" and all affiliates, divisions, controlled companies, subsidiaries, or otherwise related entities and all of his, her, or its current and former officers, directors, employees, agents, representatives, attorneys, and accountants.

  13. "Plaintiff(s)" refers collectively to the Plaintiffs named in the Complaint in the above-captioned action.

  14. "Policy" or "Policies" means any rule, procedure, practice, or course of conduct, whether formal or informal, written, or unwritten, recorded, or unrecorded, that was recognized or followed, explicitly or implicitly.

15. "Regard," "regarding," "refer," "referring," "relate," "pertain to," or "pertaining to" means all documents that explicitly or implicitly, in whole or in part, were prepared or received in conjunction with, or were generated as a result of, the subject matter of the request, including, without limitation, all documents that reflect, record, memorialize, discuss, describe, compare, consider, concern, constitute, embody, evaluate, analyze, review, report on, comment on, impinge upon, or impact the subject matter of the request.

16. "Relevant Period" means January 1, 2012 to the present, and includes all documents and information relating to events or transactions within this period, even if prepared, received, or reviewed outside of this period.

17. "Samsung SmartTVs" means all Samsung televisions sold with Content-Recognition Capability.

18. The term "Statements" means: (1) a written statement signed or otherwise adopted or approved by the person making it, (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantial verbatim recital, or (3) an oral statement by the person making it and contemporaneously recorded.

19. "User" means a person who purchased and/or used a Samsung SmartTV with content-recognitional capability.

20. "User Engagement Flow" means the manner in which Samsung presents terms and conditions to Users, including, without limitation, the user engagement flow referenced in Paragraph 4 of the Declaration of Khaled Abuali in Support of Samsung Electronics America, Inc.'s Motion to Compel Individual Arbitration and Strike Plaintiffs' Class Claims, ECF No. 181-8, dated October 1, 2020 ("Abuali Declaration") and Paragraph 4 of the Declaration of Randy Chung in Support of Samsung Electronics America, Inc.'s Motion to Compel Individual Arbitration and Strike Plaintiffs' Class Claims, ECF No. 143-2 ("Chung Declaration").

## INSTRUCTIONS

1. You shall respond to these Interrogatories in a manner consistent with the Federal Rules of Civil Procedure and the following instructions:

2. In responding to these Interrogatories, you must answer the Interrogatories in writing and under oath pursuant to Rule 33(b)(5).

3. If you object to an Interrogatory on the grounds that it calls for disclosure of information which you claim is privileged, then answer such Interrogatory as follows: (a) furnish all information and facts called for by such Interrogatory for which you do not assert a claim of privilege; and (b) for each communication, recommendation, fact, or advice which you claim is privileged, state the basis for your claim of privilege and all the facts that substantiate that basis, including each of the participants in the allegedly privileged communication.

4. If you object to any portion of an Interrogatory, provide all information responsive to any portion of the Interrogatory to which you do not object.

5. Unless otherwise stated, there are no time limits applicable to any interrogatory. When a time limit is specified in a discovery request, this time limit does not alter your obligations under the Federal Rules of Civil Procedure to supplement your responses.

6. Timely supplementation is required. Accordingly, if any additional information relating in any way to these discovery requests are acquired or discovered subsequent to the date of your response, this information shall be furnished to Plaintiffs' counsel promptly after such information is discovered.

7. Any request for interrogatory that inquires as to the knowledge, conduct, activities, or materials possessed by Defendant shall be taken to include the knowledge, conduct, activities, or materials possessed by Defendant's subsidiaries, parents, affiliates, and merged or acquired predecessors, as well as the present or former investigators, accountants, attorneys, directors, officers, partners, employees, and other agents of Defendant; and references to the "personnel" of Defendant shall include such individuals.

8. For each Interrogatory herein, the singular shall be construed to include the plural and the plural shall be construed to include the singular.

9. For each Interrogatory herein, the present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense. The use of a verb in

any tense shall be construed to be in the tense necessary to bring within the scope of a request all responses that might otherwise be construed as outside its scope.

10. For each Interrogatory herein, all undefined terms used in the Interrogatory shall be construed in an ordinary common-sense manner and not in a hyper-technical, strained, overly literal, or otherwise restrictive manner.

11. If you claim any form of privilege, work product, or other protection, whether based on statute or otherwise, as a ground for not answering a request or any part of a request or declining to produce any document, you must set forth in detail the facts upon which the assertion is based.

12. These Interrogatories are continuing, and Defendant should supplement its responses and production immediately whenever it acquires additional information and documents pertaining thereto.

13. If any Interrogatory relates to a policy or business practice employed, a document transmitted or created, a device or product that existed, or an event that occurred during a specific period of time (the "relevant time period," for the purposes of this instruction), but which was first conceived, designed, discussed, drafted, tested, implemented, or used before or after that relevant time period, please provide responses and documents from outside the relevant time period if they relate to the policy, practices, document, or event at issue.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify the total number of Samsung SmartTVs sold in the United States during the Relevant Period.

**RESPONSE:**

### INTERROGATORY NO. 2

Identify all of Samsung's current and former officers, directors, managers, employees, and consultants, and those in their respective chains of command, with decision-making authority about:

(a) Samsung's Content-Recognition Capability.

(b) Samsung's collection, storage, and use of SmartTV Users' data and Information.

(c) User experience testing or studies concerning the SmartTV User Engagement Flow.

**RESPONSE:**

**INTERROGATORY NO. 3**

For each User whose data and Information Samsung obtained or received during the Relevant Period, or whose Information has otherwise been in Samsung's possession, custody, or control during the Relevant Period, identify and describe in detail (a) all categories and types data and Information You collect and/or receive, (b) Samsung's use of such data and Information, (c) Samsung's sharing of such data and Information with other third parties, (d) linking or mapping of such data and Information with other data and Information collected by Samsung from other products and services, and (e) to the extent any or all of said categories are maintained in logs, identify those logs by name, the data elements contained within the log, and the preservation period for the log.

**RESPONSE:**

**INTERROGATORY NO. 4**

Identify all Documents You contend establish each Named Plaintiff's express consent to Samsung's collection of data and Information through SmartTVs.

**RESPONSE:**

**INTERROGATORY NO. 5**

Identify the third parties who received, obtained, or otherwise have been possession, custody, or control of SmartTV User data and Information during the Relevant Period.

**RESPONSE:**

Dated: May 30, 2023                                     By: /s/ *Mack Press*
                                                                                                   MACK PRESS
                                                                                                   mack@mackpress.com
                                                                                                   THE MACK FIRM

18 Watergate Lane
Patchogue, NY 11772
Telephone: (516) 330-7213

By: */s/ Lesley E. Weaver*
Lesley E. Weaver (admitted *pro hac vice*)
Angelica M. Ornelas (admitted *pro hac vice*)
Joshua D. Samra (admitted *pro hac vice*)
BLEICHMAR FONTI & AULD LLP
1330 Broadway, Suite 630
Oakland, CA 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
aornelas@bfalaw.com
jsamra@bfalaw.com

***Attorneys for Plaintiffs***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS ROGER WHITE, JR., and PATRICIA CAULEY, on behalf of themselves and all others similarly situated,<br><br>                              Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>                              Defendant. | Civil Action No. 17-01775 (MCA) (JSA)<br><br>Hon. Madeline Cox Arleo, U.S.D.J.<br>Hon. Jessica S. Allen, U.S.M.J.<br><br><br>**CERTIFICATE OF SERVICE** |

I, Julie Law, certify as follows:

I am a citizen of the United States and a resident of the State of California. I am employed in Alameda County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Bleichmar Fonti & Auld LLP, 1330 Broadway, Suite 630, Oakland, California 94612.

On May 30, 2023, I hereby certify that I served a true and correct copy of the following document(s) in the manner(s) described below:

- **Plaintiffs' First Set of Interrogatories to Defendant Samsung Electronics America, Inc.**

☒ (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Bleichmar Fonti & Auld LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail.

☐ (BY U.S. MAIL) I am personally and readily familiar with the business practice of Bleichmar Fonti & Auld LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Oakland, California.

on the following person(s) set forth below:

9

| | |
|---|---|
| Michael R. McDonald, Esq.<br>Email: mmcdonald@gibbonslaw.com<br>Brielle A. Basso, Esq.<br>Email: bbasso@gibbonslaw.com<br>GIBBONS PC<br>One Gateway Center<br>Newark, NJ 07102 | Emily Johnson Henn, Esq.<br>Email: ehenn@cov.com<br>COVINGTON & BURLING LLP<br>3000 El Camino Real<br>5 Palo Alto Square, 10th Floor<br>Palo Alto, CA 94306-2112 |

*Attorneys for Defendant Samsung Electronics America, Inc.*

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct. Executed on May 30, 2023, at Oakland, California.

*/s/ Julie Law*
Julie Law