# EXHIBIT D

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS ROGER WHITE, JR. and PATRICIA CAULEY on behalf of themselves and all others similarly situated,<br><br>                  Plaintiffs,<br><br>   v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>                  Defendant. | Civil Action No. 17-1775 (MCA) (JSA) |

**SAMSUNG ELECTRONICS AMERICA, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Local Rule 33.1, Samsung Electronics America, Inc. ("Samsung"), hereby objects and responds to Plaintiffs' First Set of Interrogatories (collectively, the "Interrogatories") as follows. Samsung reserves the right to supplement these responses pursuant to Federal Rule of Civil Procedure 26(e).

## I.  GENERAL OBJECTIONS

All objections set forth herein are incorporated in each of the specific responses to the Interrogatories set forth below and have the same force and effect as if fully set forth therein.

1. Samsung objects to the Interrogatories and accompanying definitions and instructions insofar as they seek to impose obligations beyond those established by the Federal Rules of Civil Procedure, including Federal Rule of Civil Procedure 33, the Local Civil and Criminal Rules of the U.S. District Court for the District of New Jersey (the "Local Rules"), any order of the Court, or any other applicable law.

2. Samsung objects to each Interrogatory to the extent it is vague, ambiguous, overbroad, unduly burdensome, cumulative, not relevant to any party's claims or defenses, or not proportional to the needs of the case.

1

3.	Samsung objects to the "Relevant Period" stated in the Interrogatories as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent that the Interrogatories seek information outside the applicable statute of limitations period under the Wiretap Act.  Unless stated otherwise, where Samsung agrees to provide information, it will only provide information for the time period of March 16, 2015 to May 30, 2023 (the "Applicable Time Period").

4.	Samsung objects to the Interrogatories to the extent they seek information covered by the attorney-client privilege, the work-product doctrine, the joint-defense privilege, the common-interest privilege, or any other applicable privilege or immunity.  Samsung will only provide information that it believes is non-privileged and otherwise properly discoverable, and does not waive any applicable privileges by providing such information.  The fact that Samsung does not specifically object to an individual interrogatory on the ground that it seeks such privileged or protected information shall not be deemed a waiver of any applicable privilege or protection.  Samsung construes the Interrogatories as not seeking information generated by outside counsel that constitutes attorney-client communications and/or work product generated in connection with this or other litigation, and Samsung objects to the Interrogatories as overbroad, unduly burdensome, and not proportional to the needs of the case insofar as they purport to require a search for such privileged and work product material.

5.	Samsung objects to the Interrogatories to the extent they seek sensitive, confidential, proprietary, or trade secret information.  Samsung will only disclose such information subject to the Discovery Confidentiality Order (ECF No. 65) or another appropriate confidentiality order and reserves the right to seek additional protections, if warranted.

6.	Samsung objects to Plaintiffs' definition of "Content-Recognition Capability" as argumentative and inaccurate.  Samsung will construe "Content-Recognition Capability" as any

automatic content recognition ("ACR") used in connection with Samsung SmartTVs sold by Samsung during the Applicable Time Period.

7. Samsung objects to Plaintiffs' definitions of "Defendant," "Samsung," "You," and "Your" as overbroad and improper to the extent Plaintiffs purport to require Samsung to respond on behalf of persons or entities other than itself. Samsung interprets the terms "Defendant," "Samsung," "You," and "Your" throughout the Interrogatories to mean Samsung Electronics America, Inc. and construes these terms to require only the provision of information currently within Samsung's possession, custody, or control.

8. Samsung objects to the Plaintiffs' definition of "Samsung SmartTVs" as overbroad to the extent it encompasses any Samsung televisions that lack ACR functionality. Samsung construes "Samsung SmartTVs" as any Samsung televisions sold by Samsung with ACR functionality.

9. Samsung objects to Plaintiffs' definition of "User Engagement Flow" as overbroad, vague, ambiguous, and improper to the extent Plaintiffs purport to request information related to the user consent flows for products other than Samsung SmartTVs. Samsung interprets the term "User Engagement Flow" throughout the Requests as limited to the consent flows related to Samsung SmartTVs sold by Samsung during the Applicable Time Period.

10. Samsung objects to Instructions 3 and 11 to the extent that they purport to impose obligations different from or in addition to those imposed by Federal Rules and the Local Rules. Samsung will prepare privilege logs in accordance with the Federal Rules, the Local Rules, and the parties' anticipated Stipulation and Order re Timing and Content of Privilege Logs.

11. Samsung objects to Instructions 5 and 13 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that they purport to require Samsung to provide information outside the Applicable Time Period.

12. Samsung objects to Instructions 6 and 12 to the extent they purport to impose a deadline for supplementing Samsung's responses and objections sooner than that required by Rule 26(e).

13. Samsung objects to Instruction 7 to the extent it purports to require Samsung to respond on behalf of persons or entities other than itself. Unless stated otherwise, where Samsung agrees to provide information, it will only provide information that is within its possession, custody, or control.

14. Samsung's responses are made without waiving or intending to waive, in any way, (a) any objections to competency, relevancy, materiality, authenticity, privilege, and/or admissibility as evidence for any purpose of the responses to the Interrogatories, or the subject matter thereof, in any subsequent proceeding in, or the trial of, this or any other action; (b) the right to object on any ground to the use of these responses, or the subject matter thereof, in any subsequent proceeding in, or the trial of, this or any other action; (c) the right to object to a demand for further responses to these or any other discovery involving or related to the subject matter of the Interrogatories; and (d) the right to object on any ground to any other or future interrogatories.

15. Nothing in these written responses constitutes, or is intended to constitute, an admission or representation by Samsung of any fact or contention in this litigation.

16. Samsung's responses to the Interrogatories are based only upon facts known at this time. Discovery in this matter is ongoing, and during the course of subsequent discovery, Samsung may become aware of supplemental, additional, or other responsive information.

Samsung reserves the right to update, amend, or supplement these responses. In addition, these objections are made without prejudice to Samsung's right to present further, additional, or other evidence or contentions in a motion for summary judgment, at trial, or otherwise, based upon information hereafter identified, obtained, or developed.

17. Samsung invites Plaintiffs to meet and confer concerning any specific or general objection set forth herein.

## II. SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify the total number of Samsung SmartTVs sold in the United States during the Relevant Period.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein. Samsung further objects to this interrogatory to the extent it seeks information that is not in Samsung's possession, custody, or control as Samsung does not have access to sales data from third-parties, including retailers that sell Samsung Smart TVs. Samsung further objects to this request as seeking information that is publically available. Indeed, a simple Google search will provide significant information on the number of Samsung Smart TVs sold throughout the U.S. Samsung further objects that this interrogatory is overbroad, unduly burdensome, and not proportional to the needs of the case, including to the extent it seeks information regarding sales made by persons or entities other than Samsung. Samsung construes this interrogatory as seeking identification of the number of Samsung Smart TVs sold by Samsung during the Applicable Time Period.

Subject to and without waiving any of the preceding objections and limitations, Samsung responds that Samsung sold approximately 81 million Samsung Smart TVs in the United States from March 1, 2015 to May 31, 2023. Samsung lacks knowledge and information sufficient to

form a belief as to the number of Samsung Smart TVs sold in the United States by anyone other than Samsung.

**INTERROGATORY NO. 2**

Identify all of Samsung's current and former officers, directors, managers, employees, and consultants, and those in their respective chains of command, with decision-making authority about:

(a) Samsung's Content-Recognition Capability.

(b) Samsung's collection, storage, and use of SmartTV Users' data and Information.

(c) User experience testing or studies concerning the SmartTV User Engagement Flow.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein. Samsung further objects to this interrogatory to the extent it seeks information that is not in Samsung's possession, custody, or control. Samsung further objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Samsung further objects to this interrogatory as overbroad, unduly burdensome, not proportional to the needs of the case, and not relevant to any claim or defense remaining in this case, including to the extent it seeks information regarding entities other than Samsung and regarding employees who did not work for Samsung during the Applicable Time Period. Samsung further objects to this interrogatory on the ground that Plaintiffs contend it is a single interrogatory, when it in fact contains multiple discrete subparts that constitute multiple interrogatories under the Federal Rules, Local Rules, and the Amended Scheduling Order. Samsung further objects to this interrogatory as overbroad, unduly burdensome, not proportional to the needs of the case, and not relevant to any claim or defense

remaining in this case to the extent it seeks information (i) about data collected from sources other than Samsung Smart TV users' Smart TVs and through means other than the ACR technology at issue in Plaintiffs' sole claim remaining in this case, (ii) that does not relate to the functionality of that ACR technology, and (iii) regarding the collection, storage, and use of data not related to that ACR technology.  Samsung further objects that this interrogatory is vague and ambiguous in its use of the term "Information"; Samsung construes this as limited to data collected through the ACR technology at issue in Plaintiffs' sole remaining claim in this case. Samsung further objects that this interrogatory is vague and ambiguous in its use of the term "decision-making authority"; Samsung construes this as the power to make final decisions. Samsung further objects that this interrogatory is vague and ambiguous in its use of the term "User experience testing or studies"; Samsung construes this as user testing or studies for the purpose of designing the user interface, and not for marketing or other purposes.

      Subject to and without waiving any of the preceding objections and limitations, and responding only on Samsung's behalf, Samsung responds that it is not currently aware of any current or former employees of Samsung who had the power during the Applicable Time Period to make final decisions about: (a) ACR capabilities; (b) the collection of Smart TV users' data or information through ACR or the storage or use of that data or information; or (c) any user experience testing or studies concerning the processes by which terms and conditions, privacy policies, notices, or supplements were presented to users during the setup process for Samsung Smart TV sold during the Applicable Time Period.  Samsung will amend this response if and when it identifies any current or former employees with such power.

**INTERROGATORY NO. 3**

      For each User whose data and Information Samsung obtained or received during the Relevant Period, or whose Information has otherwise been in Samsung's possession, custody, or

7

control during the Relevant Period, identify and describe in detail (a) all categories and types data and Information You collect and/or receive, (b) Samsung's use of such data and Information, (c) Samsung's sharing of such data and Information with other third parties, (d) linking or mapping of such data and Information with other data and Information collected by Samsung from other products and services, and (e) to the extent any or all of said categories are maintained in logs, identify those logs by name, the data elements contained within the log, and the preservation period for the log.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein.  Samsung further objects to this interrogatory to the extent it seeks information that is not in Samsung's possession, custody, or control.  Samsung further objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine.  Samsung further objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information specific to each and every Samsung Smart TV user.  Samsung further objects to this interrogatory on the ground that Plaintiffs contend it is a single interrogatory, when it in fact contains multiple discrete subparts that constitute multiple interrogatories under the Federal Rules, Local Rules, and the Amended Scheduling Order.  Samsung further objects to this interrogatory as overbroad, unduly burdensome, not proportional to the needs of the case, and not relevant to any claim or defense remaining in this case, including to the extent it seeks information about (i) data collected from sources other than Samsung Smart TV users' Smart TVs and through means other than the ACR technology at issue in Plaintiffs' sole remaining claim in this case, (ii) data that is merely "linked" or "mapped" to data collected through ACR technology, and (iii) data collected by a wide range of "other products and services" without any specificity; Samsung will not provide information about any such data.  Samsung further objects

8

to this interrogatory as vague and ambiguous in its use of the phrase "linking or mapping," which Plaintiffs do not define or explain. Samsung further objects that this interrogatory is vague and ambiguous in its use of the phrase "other third parties"; Samsung construes this as limited to persons or entities that are not Samsung nor a parent, affiliate, officer, director, employee, agent, attorney, consultant, or accountant of Samsung. Samsung further objects to this interrogatory as vague and ambiguous in its use of the phrase "data elements," which Plaintiffs do not define or explain. Samsung further objects that this interrogatory is vague and ambiguous in its use of the term "Information"; Samsung construes this as limited to data collected through the ACR technology at issue in Plaintiffs' sole remaining claim in this case.

 Subject to and without waiving any of the preceding objections and limitations, and without conceding that any user information was obtained or received by Samsung or was in Samsung's possession, custody, or control, Samsung responds that, to the best of its knowledge, information, and belief following a reasonable inquiry, that if a user consents to the Viewing Information Services, ACR technology generates data based on the pixels on the Smart TV screen at a specific moment in time. This data, along with the PSID (which is a fully resettable number), date and time metadata information, and information about the network being viewed, is transmitted from the Smart TV to a "matching database." The matching database analyzes the transmitted data in an effort to determine the channel and program viewed, and for how long the content was viewed. If the matching database finds a matching result, the analyzed viewing data from the matching database is transmitted to an AWS server in the United States, where it is stored for up to two years unless the user requests deletion of the data at an earlier time. The pixel-based data generated on the Smart TV and sent to the matching database is not stored on either the matching database or the AWS server. The analyzed viewing data may be mapped to data collected separately pursuant to the Smart Hub Terms and Conditions and Smart Hub U.S.

9

Privacy Policy, and used as described in the Interest-Based Advertisements Service Privacy Notice, if the user consents to interest-based advertising. None of the data described above is sold or shared with any third parties.

**INTERROGATORY NO. 4**

Identify all Documents You contend establish each Named Plaintiff's express consent to Samsung's collection of data and Information through SmartTVs.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein. Samsung further objects to this interrogatory to the extent it seeks information that is not in Samsung's possession, custody, or control. Samsung further objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Samsung further objects to this interrogatory to the extent it constitutes a contention interrogatory, which under Local Rule 33.1(d), "shall not be served until 60 days prior to the close of fact discovery unless otherwise permitted by the Court."

Subject to and without waiving any of the preceding objections and limitations, Samsung objects to answering Interrogatory No. 4 at this time pursuant to Local Rule 33.1(d). Samsung is willing to meet and confer with Plaintiffs later in discovery to discuss whether an answer to this interrogatory is necessary and appropriate in accordance with Local Rule 33.1(d). Samsung reserves the right, to the extent it provides any answer to this interrogatory, to answer pursuant to Federal Rule of Civil Procedure 33(d).

**INTERROGATORY NO. 5**

Identify the third parties who received, obtained, or otherwise have been possession, custody, or control of SmartTV User data and Information during the Relevant Period.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein. Samsung further objects to this interrogatory to the extent it seeks information

that is not in Samsung's possession, custody, or control. Samsung further objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Samsung further objects to this interrogatory as overbroad, unduly burdensome, not proportional to the needs of the case, and not relevant to any claim or defense remaining in this case, including to the extent it seeks information about data collected from sources other than Samsung Smart TV users' Smart TVs and through means other than the ACR technology at issue in Plaintiffs' sole remaining claim in this case. Samsung further objects to this interrogatory as overbroad, unduly burdensome, not proportional to the needs of the case, and not relevant to any claim or defense remaining in this case, including to the extent it seeks information about third-parties not related to Plaintiffs' sole remaining claim in this case. Samsung further objects that this interrogatory is vague and ambiguous in its use of the term "Information"; Samsung construes this as limited to data collected through the ACR technology at issue in Plaintiffs' sole remaining claim in this case. Samsung further objects that this interrogatory is vague and ambiguous in its use of the phrase "User data," which Plaintiffs do not define or explain. Samsung further objects that this interrogatory is vague and ambiguous in its use of the phrase "received, obtained, or otherwise have been [in] possession, custody, or control of" to the extent it seeks information obtained from parties or sources other than Samsung; Samsung construes this as limited to data sent by Samsung. Samsung further objects that this interrogatory is vague and ambiguous in its use of the phrase "third parties"; Samsung construes this as limited to persons or entities that are not Samsung nor a parent, affiliate, officer, director, employee, agent, attorney, consultant, or accountant of Samsung.

Subject to and without waiving the preceding objections and limitations, Samsung responds that, to the best of its knowledge, information, and belief following a reasonable

11

inquiry, Samsung has not sent any data collected from Samsung Smart TVs through ACR technology to any third parties during the Applicable Time Period.

Dated: June 29, 2023                               */s/ Michael R. McDonald*
                                                                           Michael R. McDonald
                                                                           mmcdonald@gibbonslaw.com
                                                                           Brielle A. Basso
                                                                           bbasso@gibbonslaw.com
                                                                           GIBBONS P.C.
                                                                           One Gateway Center
                                                                           Newark, NJ 07102
                                                                           Telephone: (973) 596-4500

                                                                           Emily Johnson Henn
                                                                           ehenn@cov.com
                                                                           COVINGTON & BURLING LLP
                                                                           3000 El Camino Real
                                                                           Palo Alto, CA 94306
                                                                           Telephone: (650) 632-4715


                                                                           ***Attorneys for Defendant***
                                                                           **SAMSUNG ELECTRONICS AMERICA, INC.**

## VERIFICATION

I, Randy Chung, have reviewed Samsung Electronics America, Inc.'s Objections and Responses to Plaintiffs' First Set of Interrogatories. The responses are true and correct to the best of my knowledge, information, and belief based on a reasonable inquiry. The responses include information from Samsung's sales database and from the Smart Hub Terms and Conditions, Smart Hub U.S. Privacy Policy, Viewing Information Services notice, and Interest-Based Advertisements Service Privacy Notice.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 29, 2023

*[signature]*

Randy Chung

## CERTIFICATE OF SERVICE

The undersigned hereby certified that on June 29, 2023 the foregoing was served by electronic mail to all counsel of record requesting notice:

| | |
|---|---|
| Javier Bleichmar<br>BLEICHMAR FONTI & AULD LLP<br>7 Times Square<br>27th Floor<br>New York, NY 10036<br>jbleichmar@bfalaw.com | Mack Press<br>THE MACK FIRM<br>9 Pimlico Drive<br>Commack, NY 11725<br>mack@mackpress.com |
| Lesley E. Weaver<br>Angelica M. Ornelas<br>Joshua D. Samra<br>BLEICHMAR FONTI & AULD LLP<br>1330 Broadway<br>Suite 630<br>Oakland, CA 94612<br>lweaver@bfalaw.com<br>aornelas@bfalaw.com<br>jsamra@bfalaw.com | |
| Dated: June 29, 2023 | */s/ Jordan S. Joachim*<br>Jordan S. Joachim<br>jjoachim@cov.com<br>COVINGTON & BURLING LLP<br>620 Eighth Avenue<br>New York, NY 10018<br>212-841-1086 |