# EXHIBIT G



Joshua D. Samra
Associate
415 445 4017 direct
jsamra@bfalaw.com

July 31, 2023

**VIA EMAIL**

Emily Johnson Henn, Esq.
ehenn@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: (650) 632-4700

Michael R. McDonald, Esq.
mmcdonald@gibbonslaw.com
GIBBONS P.C.
One Gateway Center
Newark, NJ 07102
Telephone: (973) 596-4500

Jordan S. Joachim, Esq.
jjoachim@cov.com
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1086

**Re:** *White, et al. v. Samsung Electronics America, Inc., et al.*, No. 17-1775 (MCA)(JSA)
Plaintiffs' Letter Regarding the July 28, 2023 Meet and Confer

Dear Counsel:

We write to follow up on the parties' July 28 meet and confer. During that discussion you told us, for the first time, that named defendant Samsung Electronics of America ("SEA") is unlikely to have much if any information responsive to Plaintiffs' First Set of Interrogatories and documents responsive to Plaintiffs' First Requests for Production. Instead, you indicated it is likely that Samsung Electronics Co., LLC ("SEC"), SEA's Korean parent company, is the entity that has most, if not substantially all, of the information and documents responsive to Plaintiffs' discovery requests. You also clarified that SEA does not itself collect any information about Samsung SmartTV users. Again, you indicated it likely that SEC does.

These revelations are extremely concerning. This case has an extensive history. The complaint was first served in 2017. The parties stipulated to drop SEC, which had not yet been served, *years* before you intimated that it is likely the entity involved in what Plaintiffs have alleged. The Wiretap claim was upheld four years ago. SEA served its Initial Disclosures three

Emily Johnson Henn, Esq.
Michael R. McDonald, Esq.
Jordan S. Joachim, Esq.
July 31, 2023
Page 2

years ago. And SEA served its responses to Plaintiffs' requests for production almost two months ago.

We would like answers to the following questions as soon as possible.

1. Has SEC initiated and maintained a litigation hold for this case?

2. For each interrogatory and request for production, what specific information or documents are in SEA's possession, custody, or control?

3. Will SEC agree to stipulate that Plaintiffs may amend the complaint to add SEA as a defendant?

4. Will SEC accept service of the amended complaint naming it as a defendant?

Please respond to these questions as soon as possible and, in any event, no later than August 4.

Sincerely,

*/s/ Joshua D. Samra*
Joshua D. Samra