# EXHIBIT H

**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Emily Johnson Henn

Covington & Burling LLP
3000 El Camino Real
5 Palo Alto Square
Palo Alto, CA 94306-2112
T  +1 650 632 4715
ehenn@cov.com

**By Electronic Mail**                                              August 2, 2023

Lesley E. Weaver
Matthew Melamed
Joshua D. Samra
Bleichmar Fonti & Auld LLP
lweaver@bfalaw.com
mmelamed@bfalaw.com
jsamra@bfalaw.com

Re:  *White, et al. v. Samsung Electronics America, Inc.*, Civil Action No. 17-1775 (D.N.J.)

Dear Counsel:

I write in response to your letter dated July 31, 2023, suggesting that the "revelations" that Samsung Electronics Co., Ltd. ("SEC") manufactures and operates Samsung Smart TVs were "extremely concerning" in light of the "extensive history" of this case.[1] Your suggestion that Plaintiffs had not previously been aware of SEC's role in manufacturing and operating Samsung Smart TVs, or that it is somehow SEA's job to ensure Plaintiffs' have stated valid claims is not well taken.  Indeed, Rule 11 of the Federal Rules of Civil Procedure places the burden of investigating and prosecuting Plaintiffs' claims squarely on Plaintiffs' counsel, who are required to certify in every pleading "whether by signing, filing, submitting, or later advocating it … that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law…; [and]

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery…."

As you know, Plaintiffs originally filed this action against both Samsung Electronics America, Inc. ("SEA") and its Korean parent company, SEC. Plaintiffs elected not to serve SEC, and voluntarily dismissed SEC from this action in April 2018. ECF No. 71. Your letter suggests

---

[1] Your letter incorrectly refers to SEC as Samsung Electronics Co., LLC.

COVINGTON

August 2, 2023
Page 2

that Plaintiffs are considering moving to amend the Complaint—for a third time—to re-add SEC as a defendant. But the deadline for motions to add new parties expired on August 31, 2018. *See* ECF No. 66. Any such amendment would be improper and misguided for at least two reasons.

First, any amendment asserting Plaintiffs' existing Wiretap claim against SEC would be frivolous. *See* Fed. R. Civ. P. 11. It is doubtful that Plaintiffs ever had a good faith basis for many of the allegations in the Second Amended Complaint to begin with. Since then, discovery to date and the evidence submitted with SEA's motion to compel arbitration have flatly contradicted Plaintiffs' allegations by making clear, among other facts, that: (1) ACR was enabled only if a user consented, (2) no data collected through ACR was sold or shared with third parties; and (3) ACR did not involve the interception of any contents of communications. These facts are simply inconsistent with baseless allegations in the Complaint, and they demonstrate that any attempt to re-assert those allegations against SEC would be improper.

Second, Plaintiffs lack any legitimate justification for re-adding SEC as a party more than six years into this case. Regardless of when Plaintiffs learned that SEA lacked any role in collecting data through ACR, a simple Google search would reveal that Samsung Smart TVs are manufactured by SEC and that SEC played a significant role in the software installed on Samsung Smart TVs, such as ACR. For example, the privacy policies and terms and conditions on Samsung Smart TVs—including the terms and conditions agreed to by Plaintiffs and attached to SEA's motion to compel arbitration—identify SEC as the contracting party. *See, e.g.*, ECF No. 181-9. Moreover, SEC has made numerous public announcements regarding its development of software for Samsung Smart TVs, starting before this action was filed.[2]

Furthermore, Plaintiffs intentionally made the tactical decision to dismiss SEC after the parties had several discussions regarding SEC's status. *See* ECF No. 60 (reporting, on March 20, 2018, that "Defendants submit that Plaintiffs' failure to serve the Foreign Parent Companies has been discussed with Plaintiffs' counsel since June *2017*, and the parties directly discussed this issue during the September and January conferences." (emphasis added)).  At the time, this decision was made by Plaintiff to avoid the effort and expense of serving a foreign entity. Plaintiffs offer no legitimate justification for why they should be permitted to reverse course more than five years after deciding for tactical reasons to dismiss SEC.

Regarding the questions in your letter, first, we assume that your question whether "SEC will agree to stipulate that Plaintiffs may amend the complaint to add SEA as a defendant" is

---

[2] *See, e.g.*, Samsung Electronics Presents the Future of Tizen for Smart TVs at the Tizen Developer Conference 2017 (May 16, 2017) ("Samsung Electronics Co., Ltd. introduced an expanded Tizen platform for Smart TVs …."); Samsung Developer Conference showcases new Smart TV tools and policies for developers (April 27, 2016) ("Samsung Electronics Co., Ltd., the leading global TV manufacturer for the 10th consecutive year, is to share the latest advancements in its Samsung Tizen Smart TVs …."); Samsung Electronics Introduces New Smart TV User Experience (Jan. 3, 2016) ("Samsung Electronics Co., Ltd., today unveiled a new Smart TV user experience which includes an enhanced Smart Hub user interface and new Samsung Smart Control remote.").

**COVINGTON**

August 2, 2023
Page 3

meant to ask whether SEA, which is *already a defendant*, will agree to stipulate that SEC may be added as a defendant. For the reasons above, SEA will oppose any effort to amend the complaint to add SEC as improper and futile. Your question whether SEC will accept service of an amended complaint is not ripe, but you should assume SEC's position has not changed since the parties exhaustively discussed service on SEC in 2017 and 2018 and Plaintiffs elected *not* to take the required steps to effectuate service.

  Second, as we discussed in our call on Friday, SEA's search for responsive documents within its possession, custody, or control is ongoing. SEA has since produced to you user manuals and certain copies of the SmartHub terms and conditions, privacy notices, and viewing information services notice. SEA continues its search for additional responsive materials. SEA also believes it has documents or information within its possession, custody, or control identifying the model numbers of Smart TVs encompassed in the proposed class.

  Third, we confirm that SEA initiated and has maintained a litigation hold. As you know, in April 2018, SEA expressly rejected Plaintiffs' proposal that SEA agree to preserve and produce documents from SEC in exchange for Plaintiffs dismissing SEC from the lawsuit. Plaintiffs then agreed in a Joint Stipulation and Consent Order to dismiss SEC from the lawsuit "without requiring any agreement to any preconditions." ECF No. 71; *see also* ECF No. 69 (noting Plaintiffs' agreement to dismiss SEC). Plaintiffs were therefore fully aware that dismissing SEC may present an obstacle to obtaining discovery, but they elected to do so anyways.

              Sincerely,

              */s/ Emily Johnson Henn*

              Emily Johnson Henn

cc:  Counsel of record