

August 30, 2023

<u>VIA ECF</u>

Honorable Jessica S. Allen, U.S.M.J.
U.S. District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 0701

Re:   *White, et al. v. Samsung Electronics America, Inc.,*
      Civil Action No. 17-1775 (MCA)(JSA)

Dear Judge Allen:

Plaintiffs in the above titled action write to seek a conference with the Court or, in the alternative, leave to brief several discovery disputes described below pursuant to Local Civil Rules 37(a)(1) and (b). Specifically, Plaintiffs seek immediate clarity regarding the role of Defendant Samsung Electronics America, Inc.'s ("SEA") and its Korean parent corporation, Samsung Electronics Co., Ltd. ("SEC"), in the collection of Plaintiffs' data at the heart of this case.

As explained below, after five years of litigation and three years after the parties voluntarily dismissed SEC, counsel for SEA asserted that SEC is the entity that collected data reflecting users' interactions with Samsung SmartTVs. SEA also contends that SEC, not SEA, is in possession and control of the most basic documents in this case, such as documents sufficient to describe the data flow at issue. Plaintiffs were not aware of these facts when they agreed to dismiss SEA. Moreover, Plaintiffs' independent analysis demonstrates this assertion to be misleading. In the event that Plaintiffs must initiate Hague proceedings to obtain such basic documents, that will further delay this action. Plaintiffs therefore seek a conference with the court to discuss SEC's purported involvement and its impact on the case schedule or, in the alternative, leave to brief amendment to the case schedule and amendment to add SEC as a defendant based on SEA's new representations.

In addition, Plaintiffs seek to compel the following critical, core, and basic discovery from SEA:

(1)   The production of documents sufficient to show the complete set of terms and policies relating to the collection of consumers' data and information that Samsung presented to consumers during the class period, including which terms of service contained arbitration clauses;

(2)   The production of documents relating to the disclosures that consumers saw when setting up their SmartTVs;

Hon. Jessica S. Allen, U.S.M.J.
August 30, 2023
Page 2

(3) The production of documents and information necessary to identify search terms, custodians, and non-custodial sources, so that the parties can confer meaningfully about custodians and search terms as required (*see* ECF No. 226 at 2); and

(4) The production of documents sufficient to establish the data transmitted by the SmartTVs containing ACR technology to SEA and third parties, including SEC.

The information and discovery Plaintiffs seek goes to the heart of their Wiretap Act claim and Samsung's defenses. The parties have met and conferred multiple times over a period of months, starting on June 27, 2023 and most recently on August 21, 2023, but have been unable to resolve these issues and Plaintiffs therefore seek the Court's assistance. The discovery cut-off in this action is currently March 31, 2024, and time is of essence.

**A.   Plaintiffs Seek To Discuss Recent Disclosures Regarding SEC's Role in the Collection of Consumers' Data and Its Impact on the Case Schedule**

Plaintiffs served their first set of Requests for Production on SEA on May 9, 2023. To date, SEA has made just one production on July 31, 2023, consisting of only 590 documents. The overwhelming majority—580—are nearly identical user manuals that provide instructions on how to use the televisions. The remaining ten documents are terms and policies that SEA asserts SmartTV users agreed to, but because each is dated in 2021 and 2023, they cannot establish the terms that operated before those years.[1] SEA has not produced terms and policies for nearly a decade's worth of Samsung SmartTV sales.

Plaintiffs have diligently sought further documents and information from SEA. After years of litigation, counsel for SEA asserted one month ago that SEA "does not play any role with respect to the ACR technology on Samsung SmartTVs, and therefore does not possess many of the documents requested by Plaintiffs." ECF No. 234 at 6. According to SEA's counsel, since "SEA's Korean parent company, Samsung Electronics Co., Ltd. ('SEC'), and possibly other non-SEA affiliates, are responsible for ACR technology," SEC possess the bulk of documents responsive to Plaintiffs' requests. *Id.*

Defense counsel disclosed SEC's allegedly central role in the actions underlying Plaintiffs' Wiretap Act claim to Plaintiffs for the first time during a July 31, 2023 meet and confer.[2] This is more than five years after the parties stipulated to SEC's dismissal from the case, ECF No. 71, and

---

[1] Plaintiffs have produced 168 documents, which include receipts, communications and other materials sought by SEA. Plaintiffs will have substantially fewer relevant documents to produce in response to SEA's document requests and virtually none that are relevant; the Wiretap Act claim does not concern information in the Named Plaintiffs' possession, custody, or control.

[2] Plaintiffs asked SEA and its counsel for any prior communications reflecting SEC's purported centrality to the case. Neither SEA nor counsel has provided any.

Hon. Jessica S. Allen, U.S.M.J.
August 30, 2023
Page 3

three years after SEA served its initial disclosures. Despite repeated requests that counsel provide evidence supporting these recent assertions, they have not done so.

Plaintiffs believe that SEA's representation that it was not involved in the collection of Samsung SmartTV consumers' data is inaccurate and/or misleading. Plaintiffs' independent technical analysis indicates that consumers' data is transmitted from their Samsung SmartTVs to internet domains owned and operated *by SEA*. Publicly available records also indicate that SEA employees are responsible for certain functionality of SmartTVs.[3] Further, it appears from public documents that SEA manages Samsung's Ads division, which puts the data Samsung collects through SmartTVs to use by monetizing it through the sale of advertising on Samsung SmartTVs.[4] SEA has provided no evidence to the contrary.

Plaintiffs informed SEA that its representation of non-involvement is incorrect, and on August 28, 2023, SEA provided a letter conceding that at least some data collected from Samsung SmartTVs through ACR *is held in the United States*—further suggesting that SEA is involved in the collection of Samsung SmartTV consumers' data and contradicting counsel's previous assertions. Yet SEA refuses to provide a date certain by which it will provide documents relating to this collection.

Given SEA counsel's assertions, Plaintiffs must both seek third party discovery of SEC through the Hague Convention while seeking leave to amend to add SEC as a defendant. Because SEA's counsel has only recently taken the position that SEC engages in the data collection and maintains documents, either course of action may take months to resolve. This will necessarily affect the case schedule.

Plaintiffs request a conference with the Court to discuss the impact of this newly-disclosed information and its impact on the case schedule or, in the alternative, leave to brief amendment and amendment to add SEC as a defendant based on SEA's new representations.

B.  **Plaintiffs Seek Resolution of Four Pending Discovery Disputes**

Plaintiffs also seek to compel the following critical, core, and basic discovery from SEA, which they have requested continuously over the past few months.[5]

---

[3]  *E.g.*,  https://www.linkedin.com/jobs/view/product-manager-tv-plus-at-samsung-tv-plus-3680822818?utm_campaign=google_jobs_apply&utm_source=google_jobs_apply&utm_medium=organic (listing an open position for "Product Manager, TV Plus" with SEA).

[4]  https://adgear.atlassian.net/wiki/spaces/SDD/pages/2254110859/Audiences.

[5]  In addition, after months of stonewalling, SEA's counsel recently promised to provide depositions dates by August 31, 2023 for the two declarants from its arbitration briefing. If SEA's counsel does not do so, Plaintiffs also seek leave to compel depositions dates for them.

Hon. Jessica S. Allen, U.S.M.J.
August 30, 2023
Page 4

1. *Terms and Policies*

Plaintiffs seek production of the full set of terms and policies (*i.e.*, one iteration of each distinct set of terms presented to any SmartTV consumer) presented to consumers of SmartTVs. Ex. A at 7, 8 (Pltfs' RFPs 3, 4, 10, and 13). These terms and policies are needed to evaluate and respond to SEA's affirmative defenses that Plaintiffs "consented" to the collection of their communications with third parties while using their SmartTVs. *See* Answer, ECF No. 210, at 53, 54. The documents are also relevant to evaluating SEA's representation that SEC, not SEA, is responsible for the interception of Plaintiffs' data through SmartTVs.

To date, SEA has produced just ten documents reflecting privacy notices and terms and conditions. Most of those terms and policies appear to have been published in 2021 and 2023. These records are plainly incomplete. Samsung sold SmartTVs years before 2021—indeed, the case was filed in 2017.

SEA has represented that it will conduct a good faith search and produce any responsive documents related to ACR technology on a rolling basis to be completed by December 8, 2023. That is far too slow in light of the March 31, 2024 fact discovery cutoff. ECF No. 223. This is a discrete set of documents that SEA should be able to produce immediately, without the need to negotiate document custodians or search terms, and in no event should it take four additional months to produce them. Moreover, once Plaintiffs have evaluated the terms, they will likely ask for the production of additional documents.

If there is an explanation for the delayed production, SEA has not provided it. Further, the burden it would cause SEA to complete its search and production of these terms and policies is outweighed by the core relevance of these documents to SEA's defenses and the role they will play in enabling Plaintiffs to pursue additional discovery.

SEA's resistance to producing this basic information is coupled with its own demand to push forward with its own discovery. SEA has noticed the Named Plaintiffs' depositions to take place on September 13, and 14, 2023.[6] Plaintiffs have asked that SEA produce all terms and policies that it contends constitute Plaintiffs' "consent" to the interception of their data through Plaintiffs' SmartTVs prior to taking the Named Plaintiffs' depositions. SEA refuses to agree.

SEA also contends that it need only search for and produce terms and policies related to Automatic Content Recognition ("ACR") technology, rather than the full set of terms and policies that disclose data collection. Though records related to ACR are undeniably relevant, the allegations giving rise to Plaintiffs' Wiretap Act claim are not limited to Samsung's use of ACR technology, as SEA contends. Rather, Plaintiffs' claim incorporates *any* means through which SmartTVs transmit consumers' data and information. Second Amended Compl. at ¶¶ 38, 166, 167.

---

[6] The Named Plaintiffs are not available on those dates, and Plaintiffs will meet and confer with SEA regarding dates that work.

Hon. Jessica S. Allen, U.S.M.J.
August 30, 2023
Page 5

Accordingly, Plaintiffs seek an order compelling SEA to produce the full set of terms and policies that relate to Samsung's collection of its customers' personal information from its SmartTVs by no later than September 15, 2023.

    2. *Consent Records*

Plaintiffs seek documents supporting the declarations submitted by Messrs. Abuali and Chung in support of SEA's motion to compel arbitration. These declarations attached documents reflecting the Samsung models containing SmartHub software and the terms of service that apply to them. ECF Nos. 181-8; 143-2. For example, each declarant described the process by which a SmartTV user's setup would communicate with Samsung's servers, which would "record and maintain in Samsung's internal database the choices and consents that the specific user selected in this process," including the date the user set up their SmartTV and purportedly consented to Samsung's Terms and Conditions. ECF No. 181-8 at ¶¶ 4, 9, 11, 19; ECF No. 143-2 at ¶¶ 4, 9, 11, 15 (making substantial similar statements).

Plaintiffs seek documents sufficient to establish what information was provided to purchasers of SmartTVs—including disclosures and explanation about how the televisions function and "the choices and consents that the specific user selected." Ex. A at 7, 9 (Pltfs' RFP 4, 5, and 14–16). Though Plaintiffs first requested SEA produce these records on June 12, 2023, SEA has not yet confirmed whether or not it will produce them. As with production of the terms and policies, these records should be produced before the Named Plaintiffs' depositions takes place so Plaintiffs can understand what terms apply to their model of SmartTV and how SEA monitors their "choices and consents."

Plaintiffs seek production of these records by no later than September 15, 2023.

    3. *Documents and Information Necessary to Identify Search Terms, Custodians, and Non-Custodial Sources*

The ESI Protocol requires the parties to confer early and often regarding the search for relevant evidence in this case, and the first step is to identify individuals whose documents should be searched (*i.e.*, the custodians).[7] Plaintiffs seek documents sufficient to identify the departments and individuals within SEA that were involved with developing and monitoring ACR, SmartTVs, and Samsung's policies regarding data collection in order to assist them in identifying appropriate document custodians. Ex. A at 11 (Pltfs' RFP 26); Ex. B at 6 (Pltfs' Interrogatory No. 2).

---

[7] The Protocol requires that the parties "meet and confer and seek to reach agreement on the methods and parameters to govern the search and review of potentially responsive documents and ESI," including on topics relating to "date ranges, search terms, custodians, technology-assisted review, and validation." ECF No. 226 at 2.

Despite stipulating to the ESI Protocol requiring these discussions, SEA now refuses to provide responsive records and information. SEA asserts that, since it did not have any responsibility for ACR, the documents Plaintiffs seek would be unlikely to lead to admissible evidence. ECF No. 234 at 8. However, as mentioned above, Plaintiffs' analysis shows that SEA is involved with the collection Samsung SmartTV consumers' information as they interact with third-party apps on their Samsung SmartTVs, and SEA has since conceded user data Samsung captures from their interactions with SmartTVs are stored in the United States. Because the requested documents are likely to identify individuals and departments with relevant information, SEA should be compelled to produce these records.

In addition, Plaintiffs seek information from SEA sufficient to evaluate the reasonableness of its search for documents and responsive evidence. Specifically, Plaintiffs have asked SEA to identify: (1) the list of all individuals, if any, whose custodial files SEA intends to search, (2) the list of non-custodial sources SEA has searched and intends to search, and (3) the search terms or other methods SEA intends to use to respond to Plaintiffs' discovery requests. SEA is required to provide this information under the agreed to ESI Protocol. *See* ECF No. 226. The parties cannot meet and confer, much less reach agreement, on methods and parameters governing the search and review of documents and ESI without this information.

However, SEA has refused to provide this information, other than to say it is *considering* whether to search the custodial files for Messrs. Abuali and Chung.[8] (At the same time, SEA contends that the custodial files of Abuali and Chung don't possess documents relating to the "functionality of ACR," which, even if true, is the very narrow limitation SEA's counsel asserts is relevant.) Plaintiffs do not agree that this is an appropriate limitation, particularly given that these two witnesses testified by declaration before this Court.

Plaintiffs seek an order compelling SEA to provide the documents and information listed above by no later than September 15, 2023, and to meet and confer with Plaintiffs by no later than September 22, 2023, regarding the methods and parameters to govern the search and review of potentially responsive documents and ESI.

4.  *Data Schema and Flow*

Plaintiffs seek documents sufficient to show: (1) the data that is collected in real-time by Samsung through consumers' SmartTVs, *see* Ex. A at 9–11 (Pltfs' RFPs 18–20, 23–25); and (2) the data schema[9] for Samsung's data analytics infrastructure that interacts with or stores the data it collects through consumers' SmartTVs, *see id.* (Pltfs' RFPs 17–20, 23–25). These documents

---

[8] Other than the Named Plaintiffs, Messrs. Abuali and Chung are the only two individuals SEA identified in its initial disclosures as likely to have relevant knowledge.

[9] A "data schema" is a blueprint describing the data contained in the system—here, Samsung's data analytics infrastructure—and how the data comes in and goes out of that system.

Hon. Jessica S. Allen, U.S.M.J.
August 30, 2023
Page 7

are relevant to whether SEA's (and Samsung's) collection of information from communications between a consumer and third-party apps on their SmartTVs constitutes "interception" under the Wiretap Act. 18 U.S.C. §§ 2511, 2520(a). The documents are also relevant to the question of whether the information collected constitutes "content" under the Wiretap Act. *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 806 F.3d 125, 135 (3d Cir. 2015).

In response, SEA has stated that it will search for documents related to the functionality of ACR technology and for documents reflecting any data collected from Plaintiffs' SmartTVs through ACR—but has not provided a date when production of such documents will start, and will not identify, let alone confer regarding, the manner in which it will conduct that search. At the same time, SEA's counsel continues to assert SEA is unlikely to have many, if any, responsive documents because it does not operate ACR technology.

Again, SEA has not produced any evidence supporting this representation. As noted above, Plaintiffs believe this statement is misleading and/or inaccurate based on Plaintiffs' expert analysis and review of publicly available documents. In addition, SEA has recently admitted that at least some data collected from Samsung SmartTVs through ACR *is held in the United States*—suggesting that it does, in fact, possess records relating to the data collected by Samsung through consumers' SmartTVs.

Because counsel's representations are difficult to reconcile, Plaintiffs request a conference with the Court concerning this issue.

Sincerely,

s/ *Mack Press*
Mack Press
**The Mack Firm**
mack@mackpress.com

Lesley E. Weaver
**Bleichmar Fonti & Auld LLP**
lweaver@bfalaw.com

*Attorneys for Plaintiffs*

Enclosures

cc:     All Counsel of Record (via ECF)