# EXHIBIT B

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS ROGER WHITE, JR., and PATRICIA CAULEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendant. | Civil Action No. 17-01775 (MCA) (JSA)<br><br>Hon. Madeline Cox Arleo, U.S.D.J.<br>Hon. Jessica S. Allen, U.S.M.J.<br><br><br>**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.** |

Pursuant to the Federal Rules of Civil Procedure 26 and 33, Plaintiffs, by and through their undersigned counsel, hereby request that Defendant Samsung Electronics America, Inc. answer the following Interrogatories, under oath, within 30 days from the date of service.

## DEFINITIONS

In addition to the definitions set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court, the following definitions apply to the instructions and each of the Requests below. In the event of any ambiguity with one or more of the following definitions, common usage and reference to any cited rules, statutes, or regulations should be used to provide the broadest interpretation of the term in question.

1. "Action" means the lawsuit captioned as *White, et al. v. Samsung Electronics America, Inc.*, Case No. 17-01775 (MCA) (JSA) (D.N.J.).

2. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

3. "Communication" or "Communicated" means, without limitation, any contact, oral or documentary, formal or informal, exchange of thoughts, messages, or information, as by speech, signals, writing, or behavior, including but not limited to any advice, advisement, announcement, articulation, assertion, contact, conversation, written or electronic correspondence, declaration,

any tense shall be construed to be in the tense necessary to bring within the scope of a request all responses that might otherwise be construed as outside its scope.

10. For each Interrogatory herein, all undefined terms used in the Interrogatory shall be construed in an ordinary common-sense manner and not in a hyper-technical, strained, overly literal, or otherwise restrictive manner.

11. If you claim any form of privilege, work product, or other protection, whether based on statute or otherwise, as a ground for not answering a request or any part of a request or declining to produce any document, you must set forth in detail the facts upon which the assertion is based.

12. These Interrogatories are continuing, and Defendant should supplement its responses and production immediately whenever it acquires additional information and documents pertaining thereto.

13. If any Interrogatory relates to a policy or business practice employed, a document transmitted or created, a device or product that existed, or an event that occurred during a specific period of time (the "relevant time period," for the purposes of this instruction), but which was first conceived, designed, discussed, drafted, tested, implemented, or used before or after that relevant time period, please provide responses and documents from outside the relevant time period if they relate to the policy, practices, document, or event at issue.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify the total number of Samsung SmartTVs sold in the United States during the Relevant Period.

**RESPONSE:**

### INTERROGATORY NO. 2

Identify all of Samsung's current and former officers, directors, managers, employees, and consultants, and those in their respective chains of command, with decision-making authority about:

(a) Samsung's Content-Recognition Capability.

  (b) Samsung's collection, storage, and use of SmartTV Users' data and Information.

  (c) User experience testing or studies concerning the SmartTV User Engagement Flow.

**RESPONSE:**

**INTERROGATORY NO. 3**

For each User whose data and Information Samsung obtained or received during the Relevant Period, or whose Information has otherwise been in Samsung's possession, custody, or control during the Relevant Period, identify and describe in detail (a) all categories and types data and Information You collect and/or receive, (b) Samsung's use of such data and Information, (c) Samsung's sharing of such data and Information with other third parties, (d) linking or mapping of such data and Information with other data and Information collected by Samsung from other products and services, and (e) to the extent any or all of said categories are maintained in logs, identify those logs by name, the data elements contained within the log, and the preservation period for the log.

**RESPONSE:**

**INTERROGATORY NO. 4**

Identify all Documents You contend establish each Named Plaintiff's express consent to Samsung's collection of data and Information through SmartTVs.

**RESPONSE:**

**INTERROGATORY NO. 5**

Identify the third parties who received, obtained, or otherwise have been possession, custody, or control of SmartTV User data and Information during the Relevant Period.

**RESPONSE:**

Dated: May 30, 2023         By: */s/ Mack Press*
                  MACK PRESS
                  mack@mackpress.com
                  THE MACK FIRM

18 Watergate Lane
Patchogue, NY 11772
Telephone: (516) 330-7213

By: */s/ Lesley E. Weaver*
Lesley E. Weaver (admitted *pro hac vice*)
Angelica M. Ornelas (admitted *pro hac vice*)
Joshua D. Samra (admitted *pro hac vice*)
BLEICHMAR FONTI & AULD LLP
1330 Broadway, Suite 630
Oakland, CA 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
aornelas@bfalaw.com
jsamra@bfalaw.com

**Attorneys for Plaintiffs**