

**THE MACK FIRM**
Mack Press
9 Pimlico Drive
Commack, NY 11725
Tel: 516-330-7213
Email: mack@mackpress.com

September 12, 2023

<u>**VIA ECF**</u>

Honorable Jessica S. Allen, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

  Re: ***White, et al. v. Samsung Electronics America, Inc., et al.***
     <u>**Case No. 17-1775 (MCA)(JSA)**</u>

Dear Magistrate Judge Allen:

  In accordance with Your Honor's September 5, 2023 Text Order, D.E. 236, the parties respectfully submit this joint status letter, identifying which document disputes remain and the parties' respective positions.

Honorable Jessica S. Allen, U.S.M.J.
September 12, 2023
Page 1

### I. Issues Raised by Plaintiffs

*Plaintiffs' Introduction:* Despite the Court's prior guidance, Defendant Samsung Electronics America ("SEA") still refuses to produce basic discovery that Plaintiffs have sought since May 2023. SEA's attempt to blame Plaintiffs for what it is not producing should not be rewarded.

*SEA's Introduction:* Frustrated by the lack of merit of their claim, Plaintiffs have inundated SEA with ever-changing demands and unreasonable unilateral deadlines, demanded production of data SEA cannot search for without additional information from Plaintiffs, and prematurely sought judicial intervention despite SEA's willingness to confer in good faith. SEA is working diligently to progress discovery, but needs adequate time to search for relevant documents.

1. <u>Terms and "Consent" Records</u>: Plaintiffs seek (1) the full set of terms SEA contends were presented to Samsung SmartTV users that relate to the collection of customers' data, (2) documents showing how these terms were presented, and (3) records showing the "consent" selections specific users made. These documents are crucial to assessing SEA's affirmative "consent" defense, to defining the class or classes, and to identifying additional discovery. SEA states that it will produce terms relating to one specific technology, Automatic Content Recognition ("ACR"), as well as documents showing how they were presented on a rolling basis to be completed by December 8, 2023. That is too late given the importance of these documents. In addition, SEA will not confirm whether it will produce its "consent" records for the class, despite relying on exemplars in support of its arbitration motion. ECF Nos. 181-8; 143-2. SEA should produce these records immediately, and before Plaintiffs' depositions. *See* ECF Nos. 235 at §B.1-2; 234 at §§I.B.1 & .3.

*SEA's Response*: SEA has already produced certain terms and conditions, privacy policies, and notices, and expects to produce more by September 20. SEA has also agreed to search for documents showing how these disclosures are presented to users. SEA can confirm the categories

Honorable Jessica S. Allen, U.S.M.J.
September 12, 2023
Page 2

in the "consent database." Plaintiffs' demand that SEA produce individual consent records for *81 million+ TVs* "immediately" is a new request and overbroad and unduly burdensome.

2. <u>Search Methods</u>: Plaintiffs seek documents identifying relevant departments and individuals within SEA to assist in identifying custodians and information regarding SEA's search methods (*e.g.*, custodians, search terms, etc.). SEA's refusal to provide this information violates the ESI Protocol. ECF No. 226 at 2 and is delaying discovery. ECF Nos. 235 at §B.3; 234 at §I.B.4.

*SEA's Response*: This demand for "discovery about discovery" was not raised in the August 2 Joint Letter and Plaintiffs have not identified any failure to respond to existing discovery requests. There is no present dispute requiring court intervention.

3. <u>Data Schema and Flow</u>: Plaintiffs seek (1) the data and documents describing the categories of data collected in real-time through users' SmartTVs, and (2) the schema (*i.e.*, description) for the data collected. SEA states it will search for documents related to ACR and produce on a rolling basis. But Plaintiffs' claims are not limited to ACR; they include any technology used to capture user data in real-time. SEA should produce these records immediately given their complexity and importance to Plaintiffs' claims. ECF Nos. 235 at §B.4; 234 at §I.B.5.

*SEA's Response*: Plaintiffs' key Wiretap allegation states that "Defendants, through their . . . involvement with *ACS software* have intentionally intercepted" Plaintiffs' communications. Compl. ¶ 167; *see also* Ex. A, at 2-3. "ACS software" refers to ACR. *See, e.g.*, Compl. ¶ 44 ("ACS tracking software works by analyzing bits of the video and other visual programming its customers are watching, in real time."); ¶¶ 54-56 (using "ACS" and "ACR" interchangeably). Discovery should be limited to the technology underlying Plaintiffs' Wiretap claim rather than a fishing expedition in search of a claim. SEA has agreed to search for documents related to the functionality of ACR, but disagrees with Plaintiffs' unreasonable demand that this search be completed

Honorable Jessica S. Allen, U.S.M.J.
September 12, 2023
Page 3

"immediately," even though fact discovery remains open until March 31, 2024. ECF No. 223.

4. <u>Named Plaintiffs' Data</u>: Plaintiffs seek data collected from Named Plaintiffs' TVs. SEA should produce this data immediately and before it takes Plaintiffs' depositions. ECF No. 234 at §I.B.2. While Plaintiffs are working to respond to SEA's August 24 requests for further identifiers, SEA has *for years* had information sufficient to retrieve at least some of Plaintiffs' data. *See* ECF Nos. 181-8 at ¶¶11, 19; 234-6. The fact that SEA has made new requests for new information that Plaintiffs agree to provide and that SEA already possesses is no excuse for its delay. The Court may question, if SEA's defenses are so meritorious, why it will not produce this basic information.

*SEA's Response*: SEA agreed to search for and produce data collected from Plaintiffs' Samsung Smart TVs through ACR. But in order for SEA to determine if such data can be located, Plaintiffs must first produce unique identifiers for their Smart TVs, which they have failed to do for five of the six TVs they purchased, making it impossible to comply with their demand. Contrary to Plaintiffs' claim, SEA does not have the PSIDs necessary to retrieve any data for these TVs.

5. <u>SEC's Role</u>: On July 28, 2023, SEA's counsel asserted for the first time that: (1) SEA's Korean parent corporation Samsung Electronics Co., Ltd. ("SEC") is the entity that collected data reflecting users' interactions on SmartTVs; and (2) that SEC, not SEA, is in possession of basic documents related to this collection. Plaintiffs were unaware of these facts when they agreed to dismiss SEC in April 2018. Plaintiffs seek leave to add SEC as a defendant and seek to discuss the impact of these recent representations on the case schedule. ECF Nos. 235 at §A; 234 at §I.B.

*SEA's Response*: Plaintiffs omit that SEC was never a "party" because Plaintiffs elected not to serve SEC with the Complaint. Plaintiffs voluntarily dismissed SEC "without requiring any agreement to any preconditions," despite contending that "their confidential information … was transmitted by Defendants [including SEC] outside the United States" and that "[p]otential

Honorable Jessica S. Allen, U.S.M.J.
September 12, 2023
Page 4

witnesses and documents may be located outside the United States." ECF Nos. 71, 61. That Plaintiffs regret this strategic decision years later is not a basis to belatedly amend the Complaint.

**II.  Issues Raised by SEA**

1. <u>White's Kentucky Smart TV</u>: Plaintiff White still has not responded to interrogatories served almost four months ago with respect to unique identifiers for his Kentucky TV. ECF No. 234, at 5. SEA cannot search for any data collected from this TV without this information.

*Plaintiffs' Response*: Plaintiff White has responded to 15 interrogatories and has already agreed to provide identifiers from his Kentucky TV. This issue does not require the Court's involvement.

2. <u>Plaintiffs' New TVs</u>: Discovery revealed that Plaintiffs purchased at least three Samsung Smart TVs *years after* they sued alleging that Samsung Smart TVs unlawfully intercept communications, further undermining the merits and class claims. Plaintiffs have not provided necessary information about these TVs. *See* Exs. B, C. Plaintiffs should be ordered to supplement their responses promptly since it is necessary to: (i) verify whether Plaintiffs agreed to the use of ACR to collect their data, as they did on their original Smart TVs; (ii) search for any data collected from the Smart TVs, which Plaintiffs have demanded; and (iii) determine whether Plaintiffs agreed to arbitration, so that SEA can preserve its rights by demanding arbitration of any claims arising from the new Samsung Smart TVs (claims which SEA could not have been aware of earlier).

*Plaintiffs' Response*: There is no dispute; Plaintiffs will provide the additional information SEA asked for on August 24. *See* Exs. D, E. But the fact that Plaintiffs purchased other SmartTVs after filing the complaint is not relevant to SEA's defense against Plaintiffs' Wiretap Act claim. Moreover, SEA's intent to use discovery to relitigate arbitration is baseless. As the Third Circuit held, "even without the Serial Numbers, Samsung should have known it could arbitrate plaintiffs' claims yet expressly went forward with litigation." *White v. SEA*, 61 F.4th 334, 341 (3d Cir. 2023).

Honorable Jessica S. Allen, U.S.M.J.
September 12, 2023
Page 5

                                                 Respectfully submitted,

                                                 *s/ Michael R. McDonald*
                                                 Michael R. McDonald
                                                 Attorneys for Defendant Samsung Electronics America, Inc.

                                                 *s/ Mack Press*
                                                 Mack Press
                                                 Attorney for Plaintiffs

Enclosures

cc:      All Counsel of Record (via ECF)