# EXHIBIT B



MICHAEL R. MCDONALD
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4827 Fax: (973) 639-6295
mmcdonald@gibbonslaw.com

August 24, 2023

By Electronic Mail
(**lweaver@bfalaw.com**;
**mmelamed@bfalaw.com**;
**jsamra@bfalaw.com**)

Lesley E. Weaver, Esq.
Matthew Melamed, Esq.
Joshua D. Samra, Esq.
Bleichmar Fonti & Auld LLP
1330 Broadway, Suite 630
Oakland, California 94612

**Re:** *White, et al. v. Samsung Electronics America, Inc., et al.* **Case No. 17-1775 (MCA)(JSA)**
**Deficiencies in Plaintiffs' Responses to Samsung's Interrogatories and Requests For Production of Documents (RFP)**

Counsel:

We have reviewed Plaintiffs' Responses to Samsung Electronics America, Inc.'s ("Samsung" or "SEA") Interrogatories and Requests For Production of Documents ("RFP") and have identified the following deficiencies. Kindly supplement Plaintiffs' responses without further delay.

In addition, kindly advise whether Plaintiffs are available for a meet and confer on August 31, 2023 at 3:00pm ET, so that we can promptly bring any remaining disputed issues before Magistrate Judge Allen.

### I. SEA'S INTERROGATORIES TO PLAINTIFFS

SEA's Interrogatories require that Plaintiffs provide, among other things, the following information with respect to Plaintiffs' Samsung Smart TVs:

1. Who purchased the Samsung Smart TV. **(Int. 1)**
2. The date of purchase of the Samsung Smart TV. **(Int. 2)**
3. The retailer, store, or website from which the Samsung Smart TV was purchased (including its address). **(Int. 3)**
4. The present location of the Samsung Smart TV. **(Int. 4)**

GIBBONS P.C.

August 24, 2023
Page 2

5. The Device Unique Identifier (DUID), Unique Device Identifier (UDID) and/or Personalized Service Identifier (PSID) for the Samsung Smart TV. **(Int. 5, 6)**
6. Any time periods during which the Samsung Smart TV was not connected to the Internet **(Int. 13)**
7. The date Plaintiff became aware of Samsung's Automatic Content Recognition (ACR) technology and that it operated in real time **(Int. 14-15)**

Cauley's Answers to Interrogatories state that Plaintiff Cauley purchased two Samsung Smart TVs:

1. **Cauley Smart TV No. 1**: Model No UN55KS8000FXZA (55" Class KS8000 4K SUHD TV), purchased January 29, 2017 in NJ and bearing serial no. 05JZ3CYH0948B. (Int. 1-7, 11-12)

2. **Cauley Smart TV No. 2**: Model No UN65TU7000FXZA (65" Class Crystal UHD TU7000), and bearing serial no. 09M63CETC04928P, purchased at unspecified location and unspecified date in 2022. (Int. 1-7, 11-12)

White's Answers to Interrogatories state that Plaintiff White purchased three Samsung Smart TVs:

1. **White Smart TV No. 1**: Model No UN55KU6300F (55" KU6300F Flat Smart 4K UHD TV) purchased at BrandSmart USA in Miami, FL in 2014-15 and bearing serial no. 05HX3CAHB11790N. (Int. 1-7, 11-12)

2. **White Smart TV No. 2**: Model No UN3255500AFZA (32" Full HD Flat TV J5003 Series 5) purchased at Best Buy in 2015-16 in Louisville, KY and bearing serial no. 03NL3CGG905093M. (Int. 1-7, 11-12)

3. **White Smart TV No. 3**: Model No QN75Q8FNB (75" 2018 Q8F 4K Smart QLED TV) purchased "in 2019" and bearing serial no. 07AS3CAM200366D. (Int. 11-12)

We are shocked to learn, for the first time, that both Plaintiffs purchased Samsung Smart TVs *after* they joined this litigation despite alleging that Samsung Smart TVs violated the Wiretap Act and seeking injunctive relief in the Complaint.  As Plaintiffs are aware, Samsung Smart TVs require consent to enable certain "smart TV" features, and also, likely require consent to terms and conditions that include agreements to arbitrate.  Information about these newly disclosed Smart TVs is therefore obviously relevant to Plaintiffs' claims, Samsung's defenses, and class certification issues, including whether Plaintiffs are required to arbitrate their claims (like other members of the proposed class are) notwithstanding any claim that SEA waived its right to demand arbitration under the other arbitration agreements Plaintiffs entered.  Additional information about these newly disclosed Smart TVs is also critical to determine which terms or policies Plaintiffs may have agreed to, and Plaintiffs have demanded that such terms or policies

GIBBONS P.C.

August 24, 2023
Page 3

be produced before they will sit for depositions. As such, information regarding these newly disclosed Smart TVs must be produced immediately.

## II. SEA'S INTERROGATORIES TO PLAINTIFF CAULEY

Plaintiff Cauley's Answers to Interrogatories are deficient in that they fail to supply all of the requested information with respect to the Samsung Smart TVs purchased by Cauley.

**Cauley Smart TV No. 1**: Plaintiff Cauley's responses must be supplemented to provide the following information requested in SEA's Interrogatories with regard to Cauley Smart TV No. 1:

1. DUID, UDID and/or PSID for the Samsung Smart TV (Int. 5, 6). Cauley's response that the television screen presently "is not working" is not an adequate response.
2. Since this Smart TV was connected to the internet "shortly after purchase" in 2017, Cauley must identify the time periods during which the Samsung Smart TV was not connected to the Internet (Int. 13). Cauley's response that the screen stopped working "about six months ago" is vague and insufficient. Please provide the month, year, and (if possible) date that the Smart TV was disconnected from the Internet.
3. Cauley's response to Interrogatory Nos. 14 is deficient because it fails to identify when Plaintiff allegedly learned of or became aware of Samsung's Automatic Content Recognition ("ACR") technology and that it operated in real time. Coyly stating that Plaintiff learned this information "sometime prior to the filing of the initial complaint" is evasive and insufficient. Even if Ms. Cauley cannot "recall a specific date," the Federal Rules require that she perform a reasonable inquiry and provide a date to the best of her knowledge, information, and belief.

**Cauley Smart TV No. 2**: Plaintiff Cauley's Answers to Interrogatories must also be supplemented to provide the following information with regard to Cauley Smart TV No. 2, which Plaintiffs disclosed for the first time in response to SEA's Interrogatories:

1. Date of purchase of the Samsung Smart TV. (Int. 2)
2. The retailer, store, or website from which the Samsung Smart TV was purchased (including its address). (Int. 3). Plaintiff Cauley's answers state only an approximate date of 2022. (Int. 11)
3. The present location of the Samsung Smart TV. (Int. 4)
4. The Device Unique Identifier (DUID), Unique Device Identifier (UDID) and/or Personalized Service Identifier (PSID) for the Samsung Smart TV. (Int. 5, 6)
5. Any time periods during which the Samsung Smart TV was not connected to the Internet (Int. 13)

**Cauley Smart TV No. 3**: Cauley's Answers to Interrogatories *did not* identify what appears to be a third Samsung Smart TV purchased by Plaintiff Cauley. Documents produced by

GIBBONS P.C.

August 24, 2023
Page 4

Plaintiff, Bates no 000470, appear to reflect a confirmation of a Best Buy Geek Squad Protection Plan "Purchased With: Samsung 40" Class – LED - 5 Series - 1080p -Smart HDTV." Bates no 000470, on or about March 29, 2020. Please advise promptly whether Cauley purchased the Samsung 40" Class Smart TV to which this email relates.

To the extent Cauley has purchased, owned, or used this Smart TV, her Answers to Interrogatories must be supplemented to provide the following information with regard to Cauley Smart TV No. 3:

1. Date of purchase of the Samsung Smart TV. (Int. 2)
2. The retailer, store, or website from which the Samsung Smart TV was purchased (including its address). (Int. 3)
3. The present location of the Samsung Smart TV. (Int. 4)
4. The Device Unique Identifier (DUID), Unique Device Identifier (UDID) and/or Personalized Service Identifier (PSID) for the Samsung Smart TV. (Int. 5, 6)
5. Any time periods during which the Samsung Smart TV was not connected to the Internet (Int. 13)

### III.   SEA'S INTERROGATORIES TO PLAINTIFF WHITE

Plaintiff White's Answers to Interrogatories are deficient in that they fail to supply all of the requested information with respect to the Samsung Smart TVs purchased by White.

**White Smart TV No. 1**:  Plaintiff White's Answers must be supplemented to provide the following information requested in SEA's Interrogatories with regard to White Smart TV No. 1:

1. Date of purchase of the Samsung Smart TV. (Int. 2).  Stating "sometime in 2014 or 2015" is evasive, insufficient, and demonstrates a failure to undertake a reasonable search for records that would supply the requested information.  Indeed, any credit card records or receipts would reflect the date of purchase.  More importantly, documents produced by White appear to demonstrate that this certified answer is incorrect.  Though Plaintiff White's answers stated that he purchased Samsung Smart TV Model No UN55KU6300F "sometime in 2014 or 2015" (Int. 2, 3, 7), White's own emails from Samsung reflect that this Samsung Smart TV was shipped to White on December 9, 2016. (Bates No. 0000026-27). This discrepancy places the accuracy and veracity of White's "certified" interrogatory answers into question.  These deficiencies must be corrected immediately.

2. Plaintiff's response to Interrogatory Nos. 14, that he learned of or became aware of Samsung's ACR technology and that it operated in real time "at or around the time of the filing of the initial complaint" is evasive and insufficient.  Even if Mr. White cannot "recall a specific date," the rules require that he perform a reasonable inquiry and provide a date to the best of his knowledge, information, and belief.

GIBBONS P.C.

August 24, 2023
Page 5

**White Smart TV No. 2**: Plaintiff White's Answers must be supplemented to provide the following information requested in SEA's Interrogatories with regard to White Smart TV No. 2:

1. The DUID, UDID and/or PSID for the Samsung Smart TV (Int. 5, 6) must be made available to Defendant without further delay.

**White Smart TV No. 3**: Plaintiff White's Answers to Interrogatories must also be supplemented to provide the following information with regard to White Smart TV No. 3, which Plaintiffs disclosed for the first time in response to SEA's Interrogatories:

1. Date of purchase of the Samsung Smart TV. (Int. 2) Stating "in 2019" is evasive and non-responsive, and demonstrates a failure to undertake a reasonable search for records that would supply the requested information. Indeed, credit card records or receipts would likely reflect the date of purchase.
2. The retailer, store, or website from which the Samsung Smart TV was purchased (including its address). (Int. 3)
3. The present location of the Samsung Smart TV. (Int. 4)
4. The Device Unique Identifier (DUID), Unique Device Identifier (UDID) and/or Personalized Service Identifier (PSID) for the Samsung Smart TV. (Int. 5, 6)
5. Any time periods during which the Samsung Smart TV was not connected to the Internet (Int. 13)

**IV.    SEA'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS**

Plaintiffs' Responses to RFPs 1-14 and 16-26 state that Plaintiffs "will produce non-privileged responsive documents." Aside from the receipt for one of Plaintiff Cauley's three (3) Samsung Smart TVs (Bates 0000328-29), Plaintiffs have produced little or no responsive documents, including no receipts for the purchase of the five other Samsung Smart TVs purchased by the Plaintiffs, despite records showing that both Plaintiffs had significant electronic communications with Samsung (White) and Best Buy (Cauley) concerning these purchases.

With only a few minor exceptions, the documents produced by Plaintiffs appear to be entirely comprised of promotional emails received by Plaintiffs on accounts from Samsung, Best Buy, Amazon, etc. Other than printing promotional emails, it is unclear whether any effort was undertaken to gather documents responsive to the RFPs, including determining whether responsive documents could be searched for and gathered from these accounts. Accordingly, responsive documents must be located and produced without further delay. To the extent Plaintiffs claim that they lack any documents responsive to any specific RPFs, please identify those RFPs without further delay.

*       *       *       *       *       *

GIBBONS P.C.

August 24, 2023
Page 6

    We continue to review Plaintiffs' responses and objections and document production and reserve the right to raise additional deficiencies and issues in the future.

    Thank you for your attention to this matter.

Very truly yours,

Michael R. McDonald

MRM/mmm

cc:    All Counsel of Record