# EXHIBIT D



September 1, 2023

**VIA EMAIL**

Emily Johnson Henn, Esq.
ehenn@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: (650) 632-4700

Michael R. McDonald, Esq.
mmcdonald@gibbonslaw.com
GIBBONS P.C.
One Gateway Center
Newark, NJ 07102
Telephone: (973) 596-4500

Jordan S. Joachim, Esq.
jjoachim@cov.com
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1086

Re:    ***White, et al. v. Samsung Electronics America, Inc., et al.*, No. 17-1775 (MCA)(JSA)**
           **Re: Samsung's August 24 Letter, the Parties' August 31 Meet and Confer, and Samsung's August 31 Letter Regarding the Meet and Confer**

Dear Michael:

Thanks for your August 31 letter summarizing the parties' August 31 meet and confer. What follows responds to your letter and further memorializes the parties' discussion.

### A. Discovery Requests to Plaintiffs

Regarding Plaintiffs' agreement to amend the Named Plaintiffs' responses to SEA's first set of interrogatories, you are correct. Each of the Named Plaintiffs will include responsive information available to them, based on a reasonable and good faith effort, concerning each of the Samsung Smart TVs that they purchased. We will endeavor to provide you an update regarding our efforts to gather this information by the end of next week.

Emily Johnson Henn, Esq.
Michael R. McDonald, Esq.
Jordan S. Joachim, Esq.
September 1, 2023
Page 2

Regarding the inspection notices served on the Named Plaintiffs, thank you for SEA's offer to provide an inspection protocol for Plaintiffs' consideration and that proposes to conduct the inspections where the TVs are located. Understand, however, that Plaintiffs have not agreed to the inspections, and the time for responding and objecting to the inspection notices has not passed. As we explained during our meet and confer, Plaintiffs do not understand the reason SEA seeks to inspect the Named Plaintiffs' SmartTVs. We therefore reiterate our request that SEA provide an explanation of the information it seeks from the inspections and the relevance of that information to Plaintiffs' Wiretap Act claim, which will help us evaluate whether it is "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see* Fed. R. Civ. P. 34(a) (permitting inspection of tangible things "within the scope of Rule 26(b)").

Regarding the deposition notices served on the Named Plaintiffs, we will endeavor to provide you dates as soon as we are able and anticipate doing so by the end of next week. We disagree that these depositions should occur in Newark. SEA's letter notes the existence of "ample legal authority supporting the position" that these depositions should take place within the District of New Jersey. Please provide the authority.

Regarding SEA's assertion that "it is not possible to even investigate whether data related to Plaintiffs' Smart TVs is available until Plaintiffs supply the unique identifiers associated with those Smart TVs," that assertion appears to be inaccurate. As noted earlier in this letter, Plaintiffs are endeavoring to provide the identifiers associated with their Samsung SmartTVs. However, SEA has filed declarations indicating that it has already identified information associated with certain of the Named Plaintiffs' SmartTVs. *See* ECF No. 143-2 ¶¶11, 15; ECF No. 181-8 ¶¶11-13, 19. The collection and production of such data, as well as any other data it can associate with the Named Plaintiffs' SmartTVs based on the information about the Named Plaintiffs' Smart TVs that SEA already has, should have occurred by now.

Consistent with the letter Plaintiffs filed on August 30, Plaintiffs request that SEC commence production of the data collected in real-time by Samsung through the Named Plaintiffs' SmartTVs. ECF No. 235 at 6-7. Please confirm that SEA will commence production of this data, which Plaintiffs have sought for months, by September 15.

**B. Discovery Requests to SEA**

With regard to the timing Messrs. Abuali's and Chung's depositions, you stated that you are looking at dates in the second and third weeks of October. We will follow up if there are any dates in these weeks that we are unavailable—though we currently do not believe that is the case. In the meantime, we asked that SEA provide a list of specific dates that will work in these weeks for us to consider. As noted, our preference is to take these two depositions back-to-back to minimize travel and expenses.

Regarding the timing and location of the 30(b)(6) deposition of SEA, you noted that SEA is still reviewing the deposition notice and does not know what individual(s) will be designated to

Emily Johnson Henn, Esq.
Michael R. McDonald, Esq.
Jordan S. Joachim, Esq.
September 1, 2023
Page 3

testify on SEA's behalf. You also asked whether Plaintiffs are seeking to take this deposition before or after Abuali's and Chung's depositions. As stated, we understand that SEA believes it does not likely have documents covering the topics at issue in the 30(b)(6) notice. Based on that understanding, Plaintiffs want to take this deposition on topics 1-3 as soon as possible. If, however, documents covering the topics at issue exist and they are going to be produced to Plaintiffs shortly, then Plaintiffs request that the 30(b)(6) deposition follow their production. Plaintiffs request that you clarify immediately whether SEA has, or does not have, documents related to topics 1-3, which are the subject of several of Plaintiffs longstanding requests for production.

Regarding SEA's contention that "Plaintiffs' claims is premised solely on ACR" and that discovery should be similarly limited, though the parties agree that ACR is relevant to Plaintiffs' claim, Plaintiffs do not agree that their Wiretap claim is limited *only* to ACR technology. As we explained during the meet and confer, the claim focuses on the conduct at issue, *i.e.* Samsung's interception of Plaintiffs' communications with third party apps, and the claim is not limited to Samsung's use of any specific tool to make this interception. We therefore asked SEA to confirm whether Samsung used any other tools, methods, or procedures to collect consumers' data and information when a consumer is communicating with third party apps on their SmartTV. Please provide your response by September 8.

Sincerely,

*/s/ Matthew S. Melamed*
Matthew S. Melamed

*/s/ Joshua D. Samra*
Joshua D. Samra