

**THE MACK FIRM**

Mack Press
9 Pimlico Drive
Commack, NY 11725
Tel: 516-330-7213
Email: mack@mackpress.com

October 13, 2023

<u>**VIA ECF**</u>

Honorable Jessica S. Allen, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

    Re:    *White, et al. v. Samsung Electronics America, Inc., et al.*
              **Case No. 17-1775 (MCA)(JSA)**

Dear Magistrate Judge Allen:

      In accordance with Your Honor's September 15, 2023 Order, ECF No. 241, the parties respectfully submit this joint status letter.

      In addition, the parties jointly provide the following update regarding mediation: On September 29, the parties attended a full-day, in-person mediation with Michelle Yoshida of Phillips ADR. The mediation ended without a proposed settlement.

Honorable Jessica S. Allen, U.S.M.J.
October 13, 2023
Page 2

*Plaintiffs' Introduction*: Discovery of Defendant SEA is at a standstill. It has produced just 46 documents since the last status conference, refused to answer written discovery, and violated this Court's September 15 Order. Despite this Court's directive that the case "must move" SEA refuses to produce evidence of data flow. These failures prejudice Plaintiffs' ability to prosecute their claim. Plaintiffs ask the Court to resolve or permit briefing on the impasses addressed below.

*SEA's Introduction*: SEA is proceeding with discovery in accordance with the Court's orders. Since the last conference, SEA has substantially completed production of terms presented to users and of viewing data collected from Plaintiffs' Smart TVs. SEA continues to search for and produce relevant documents, and to confer regarding objections. SEA seeks an order compelling (a) Plaintiff White's deposition within this District (Plaintiffs want the deposition in Florida), and (b) inspections of Plaintiffs' TVs, which they have refused through meritless objections.

**I.      Plaintiffs' Position**

   1. **Data Flow.** SEA's lawyers have repeatedly asserted that SEA "does not play any role with respect to" the interception of purchasers' data using Automatic Content Recognition ("ACR") technology. ECF 234 at 6. These representations are not consistent with the data flow, which is collected in the United States and runs through domains owned by SEA. SEA still has not produced any evidence supporting its claim. ECF 235 at 3. On September 15, the Court ordered SEA to inform Plaintiffs whether it can produce data collected by SEC through ACR. ECF 241 ¶4(c). SEA has not done so. ECF 241 ¶4(c). Plaintiffs cannot determine what discovery needs to be pursued from SEC, and how to do so, without obtaining the evidence in SEA's possession, particularly where counsel's representations are not consistent or clear. Plaintiffs' RFPs, propounded in May, specifically identify what Plaintiffs seek. SEA's odd demand that Plaintiffs are at fault for not reiterating these requests is nonsensical. Plaintiffs request an order requiring SEA to produce all

the evidence in its possession, custody and control concerning this issue (*see* ECF 234-2 at RFPs 14, 17, 18, 20, 25, 28; Ex. A at Interrogatory 6; Ex. B at RFAs 1-3), as well as 30(b)(6) testimony. (Ex. C at Topics 1-3, 6) or leave to brief the issue.

***SEA's Response***. Despite Plaintiffs' insistence on manufacturing discovery disputes to distract from the fundamental flaws in their case, Plaintiffs fail to identify any dispute necessitating the Court's time or attention. The Court previously ordered that the parties discuss production of data purportedly collected through ACR pragmatically, by conferring about data that could be requested by SEA. When the parties met on October 5, SEA explained that at least some ACR-collected data is held by a U.S. affiliate of SEA (and not SEC), and produced that data relating to Plaintiffs the same day. SEA also informed Plaintiffs that, consistent with the Court's suggestion, it was willing to request documents and data from SEC. SEA requested that Plaintiffs provide clarity as to which documents they were seeking. Plaintiffs never responded. Instead, they suggested they would rather waste time and judicial resources to re-add SEC as a defendant. SEA continues to search for and produce relevant documents. The discovery requests identified were addressed by the Court's last conference and Order. Plaintiffs identify no dispute requiring the Court's intervention.

2. ***Intervention of Additional Named Plaintiffs.*** Based on SEA's new revelation that more than 81 million televisions and 900 models are affected, Plaintiffs timely seek leave to intervene under Rule 24(b) to add no more than ten additional class members as class representatives. Courts routinely grant motions to buttress class representation in cases such as this, particularly at this procedural stage where there is no undue prejudice to the defendant.[1] The mere addition of named

---

[1] *See, e.g.*, *Ardrey v. Fed. Kemper Ins. Co.*, 142 F.R.D. 105, 117 (E.D. Pa. 1992) (granting intervention "to strengthen the representation of the class"); 3 Newberg and Rubenstein, *Newberg on Class Actions* §9.30 (6th ed. 2023) (noting that courts are amenable to intervention to "strengthen the adequacy of the representation" and where intervenors do not assert new claims).

Honorable Jessica S. Allen, U.S.M.J.
October 13, 2023
Page 4

plaintiffs would not substantially alter the scope or theory of this matter.[2] Although it is common for defendants in similar circumstances to so stipulate, SEA will not. It asserts that the request is untimely under the defunct case schedule entered in March 2018. ECF 66. But the 2018 schedule no longer applies, and in any event permitted amendments two months before the fact discovery cutoff. ECF 223. Plaintiffs make this request more than five months before fact discovery closes. Plaintiffs request an order permitting intervention or leave to brief the matter.

**SEA's Response**. Plaintiffs' belated attempt to pointlessly add up to 10 new named plaintiffs 7 years into this litigation should be rejected. The deadline for amending pleadings and adding new parties passed in 2018, ECF 66; Plaintiffs do not identify any order vacating or superseding that deadline (as opposed to the *discovery* deadlines). Plaintiffs' request is not the result of "new" information from SEA about the number of Smart TVs Samsung produced over the relevant period, but rather because counsel are only now realizing that named Plaintiffs purchased multiple new Samsung Smart TVs *after* filing suit, which is antithetical to the Complaint's premise that Samsung Smart TVs are "spying" on them. Adding named plaintiffs at this late stage would cause prejudice and delay, and would be futile because SEA would move to compel arbitration against any new named plaintiffs as soon as practicable (consistent with its intent to assert its arbitration rights as to any absent class members when and if the issue becomes ripe).

**3. Other Issues from the Sept. 15 Order.** <u>(a) Search Terms</u>. The Court ordered a meaningful meet and confer by September 29 about ESI search terms for Messrs. Abuali and Chung. ECF 241 ¶2. On September 27, SEA proposed seven terms (four reiterating the same concept—ACR) that

---

[2] Therefore, it would not revive the arbitration provision SEA waived by its conduct in this case. *Manasher v. NECC Telecom*, 310 F. App'x 804, 807 (6th Cir. 2009).

Honorable Jessica S. Allen, U.S.M.J.
October 13, 2023
Page 5

omitted critical subjects and that it had not tested to determine if they are effective. Regardless, on September 28, Plaintiffs proposed additional terms. *See* Ex. D. SEA did not respond and now states that it is still in the process of collecting the custodial files for these two people, months later. Plaintiffs request an order setting deadlines for the search term process. *(b) Data Schema & Flow*. The Court ordered SEA to produce the data and documents describing the categories of data collected in real-time through users' SmartTVs and the schema for the data collected. ECF 241 ¶3. SEA has not complied. It has produced only a single spreadsheet appearing to include data collected from two of the Plaintiffs' SmartTVs. *See* Ex. E (excerpt of SEA-00045345). This is not classwide discovery. SEA has not produced descriptions of the categories of data collected, or a schema describing the data flow, or documents sufficient to identify who is involved in data flow at SEA (ECF 234 at I.B.4), or informed Plaintiffs whether it can produce data collected by SEC through ACR (ECF 241 ¶4(c)). *(c) Pltf White's SmartTV*. SEA has not produced data for Plaintiff White's Florida SmartTV as required by the Court's order. ECF 241 ¶4(a). That it cannot find any such data raises concerns that it has not preserved relevant information.

**SEA's Response**. SEA has complied with the Court's order and is working to move discovery forward. *(a)*. SEA proposed search terms for Abuali and Chung relating to ACR—the subject of this lawsuit—and met and conferred with Plaintiffs about those terms on September 28. Plaintiffs responded with a lengthy list of complex terms, many of which appear to be extremely overbroad or entirely irrelevant (e.g., support AND info; government AND polic*; dollar* AND information). SEA is in the process of collecting Abuali and Chung's custodial files in order to fully evaluate the parties' respective proposals. *(b)*. On October 5, SEA produced all viewing history data for Plaintiffs' Smart TVs that it was able to locate. As SEA explained in its production cover letter to Plaintiffs (Ex. F), (i) the production showed the categories of data that are collected

in connection with ACR and maintained by SEA's U.S. affiliate; and (ii) SEA has searched for, but has not located any "schema" relating to ACR data. There is no order requiring or discovery request demanding that SEA produce data collected from the entire proposed class. Nor will SEA produce ACR data for as many as 81 million+ Smart TVs because it is unduly burdensome and unnecessary. While SEA still does not understand exactly what Plaintiffs' request for "schema" encompasses, SEA notes that technical information about the functionality of ACR is precisely the type of information that SEA *gave Plaintiffs the opportunity to request from SEC*, which Plaintiffs declined to do. *(c)*. As SEA informed Plaintiffs, it searched for data collected via ACR from White's Florida Smart TV based on the PSID information only recently provided by Plaintiffs, but did not locate any such data.

**4. Recent Written Discovery.** On August 25, Plaintiffs served a 30(b)(6) notice, four requests for admission ("RFAs"), and two interrogatories ("ROGs"). SEA has served inappropriate objections, including to the vagueness of its own terms, without identifying which objections it is standing on. *See* Exs. A-C. SEA also objects to the ROGs on the ground that they violated the Court's Amended Scheduling Order. *See* ECF 223 ¶2. Plaintiffs ask the Court to clarify whether it intended to prevent the Parties from serving ROGs after May 30, but before the fact discovery cutoff. Further, SEA improperly responded to the RFAs by failing to state whether it admits, denies, doesn't know, or is unable to answer the request. *United Coal Cos. V. Powell Const. Co.*, 839 F.2d 958, 967-68 (3d Cir. 1988). The parties met and conferred about SEA's objections. Plaintiffs ask the Court to order SEA by October 18 to amend its responses to clearly identify the objections it is standing on and any limitations to its responses. The continuous delays in providing discovery in this case prejudice the Plaintiffs and impact their ability to meet scheduled deadlines.

*SEA's Response*. SEA timely served responses objecting to Plaintiffs' requests on a variety of grounds, including that, ignoring the Court's ruling that this case "is really limited to allegations about the ACR software tracking technology," Sept. 15, 2023 Hr'g Tr. at 25:22–24, they were not limited to ACR, and were overbroad, untimely, and vague. SEA conferred with Plaintiffs in an effort to discuss its objections and to clarify Plaintiffs' requests. SEA expects to serve amended responses identifying any objections it is standing on or limitations to its responses by October 31.

## II. Issues Raised by Defendant

*1. Location of White Deposition.* Plaintiff White refuses to appear for deposition in New Jersey, insisting instead that his deposition proceed in Florida, where he resides. While defendants and nonparties must generally be deposed where they reside, "plaintiffs and counterclaimants are generally expected to appear in the forum of the litigation." *Huykman v. Yuge*, 2006 WL 8457615, at *2 n.4 (D.N.J. Mar. 29, 2006); *Diaz v. Demane*, 2008 WL 11383767, at *2 (D.N.J. Feb. 28, 2008) ("It is well established that [a] plaintiff must make himself available for deposition in the district in which he has brought suit."). White should therefore be ordered to appear for deposition in the District of New Jersey.

*Plaintiffs' Response.* SEA seeks to compel Plaintiff White to travel from Florida to New Jersey to be deposed. But the general rule is that the deposition should be near where the deponent resides. *First Fidelity Bancorp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 1992 WL 46881 at *5 (E.D. Pa. Mar. 5, 1992). There is no reason to depart from that rule here.

*2. Inspections.* SEA seeks an order permitting inspection of Plaintiffs' Smart TVs that are the basis of this action under Rule 34(a)(2). Such an inspection is relevant to determining, *inter alia*, whether ACR was enabled on the TVs, whether Plaintiffs consented to ACR, and Plaintiffs' typicality and adequacy. Inspections would provide relevant information about Plaintiffs' TVs

Honorable Jessica S. Allen, U.S.M.J.
October 13, 2023
Page 8

beyond that in their discovery responses (e.g., the condition of the TVs, the TVs' connection to SmartHub, full PSID from Cauley's broken TV). SEA has proposed a reasonable protocol (Ex. G) for non-burdensome and non-destructive inspections.

*Plaintiffs' Response.* SEA has not explained how the information it seeks differs from information it has sought via interrogatories, which Plaintiffs have provided. *See* Ex. H.

Respectfully submitted,

s/ *Michael R. McDonald*
Michael R. McDonald
Attorneys for Defendant Samsung Electronics America, Inc.

s/ *Mack Press*
Mack Press
Attorney for Plaintiffs

Enclosures

cc:   All Counsel of Record (via ECF)