# EXHIBIT A

Case 2:17-cv-01775-MCA-JSA   Document 246-1   Filed 10/13/23   Page 1 of 11 PageID: 2498

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS ROGER WHITE, JR. and PATRICIA CAULEY on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendant. | Civil Action No. 17-1775 (MCA) (JSA) |

**SAMSUNG ELECTRONICS AMERICA, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Local Rule 33.1, Samsung Electronics America, Inc. ("Samsung"), hereby objects and responds to Plaintiffs' Second Set of Interrogatories (collectively, the "Interrogatories") as follows. Samsung reserves the right to supplement these responses pursuant to Federal Rule of Civil Procedure 26(e).

**I.     GENERAL OBJECTIONS**

All objections set forth herein are incorporated in each of the specific responses to the Interrogatories set forth below and have the same force and effect as if fully set forth therein.

1. Samsung objects to the Interrogatories and accompanying definitions and instructions insofar as they seek to impose obligations beyond those established by the Federal Rules of Civil Procedure, including Federal Rule of Civil Procedure 33, the Local Civil and Criminal Rules of the U.S. District Court for the District of New Jersey (the "Local Rules"), any order of the Court, or any other applicable law.

2. Samsung objects that the Interrogatories were served after the deadline for interrogatories set in the Court's May 8, 2023 Amended Scheduling Order (the "Scheduling Order"), ECF No. 223.

3. Samsung objects to each interrogatory to the extent it is vague, ambiguous, overbroad, unduly burdensome, cumulative, not relevant to any party's claims or defenses, or not proportional to the needs of the case.

4. Samsung objects to the "Relevant Period" stated in the Interrogatories as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent that the Interrogatories seek information outside the applicable statute of limitations period under the Wiretap Act. Unless stated otherwise, where Samsung agrees to provide information, it will only provide information for the time period of March 16, 2015 to May 30, 2023 (the "Applicable Time Period").

5. Samsung objects to the Interrogatories to the extent they seek information covered by the attorney-client privilege, the work-product doctrine, the joint-defense privilege, the common-interest privilege, or any other applicable privilege or immunity. Samsung will only provide information that it believes is non-privileged and otherwise properly discoverable, and does not waive any applicable privileges by providing such information. The fact that Samsung does not specifically object to an individual interrogatory on the ground that it seeks such privileged or protected information shall not be deemed a waiver of any applicable privilege or protection. Samsung construes the Interrogatories as not seeking information generated by outside counsel that constitutes attorney-client communications and/or work product generated in connection with this or other litigation, and Samsung objects to the Interrogatories as overbroad, unduly burdensome, and not proportional to the needs of the case insofar as they purport to require a search for such privileged and work product material.

6. Samsung objects to the Interrogatories to the extent they seek sensitive, confidential, proprietary, or trade secret information. Samsung will only disclose such

information subject to the Discovery Confidentiality Order (ECF No. 65) or another appropriate confidentiality order and reserves the right to seek additional protections, if warranted.

7. Samsung objects to Plaintiffs' definitions of "Communication" and "Communicated" as overbroad and improper to the extent Plaintiffs purport to require the production of intangible information such as the "exchange of thoughts" or "behavior."

8. Samsung objects to Plaintiffs' definition of "Content-Recognition Capability" as argumentative and inaccurate. Samsung will construe "Content-Recognition Capability" as any automatic content recognition ("ACR") used in connection with Samsung Smart TVs sold by Samsung during the Applicable Time Period.

9. Samsung objects to Plaintiffs' definition of "Data Analytics Infrastructure" as overbroad and improper to the extent Plaintiffs' purport to require Samsung to provide information unrelated to the ACR technology used in connection with Samsung Smart TVs. Samsung further objects to this definition as vague and ambiguous to the extent it is based on undefined terms, including without limitation "modeling," "estimating models," "validating models," "business intelligence," "scoring data, "data warehouses," "data mining systems," and "scoring engines."

10. Samsung objects to Plaintiffs' definition of "Database" as overbroad and improper to the extent Plaintiffs purport to require production of information stored in any electronic format without limitation.

11. Samsung objects to Plaintiffs' definitions of "Defendant," "Samsung," "You," and "Your" as overbroad and improper to the extent Plaintiffs purport to require Samsung to respond on behalf of persons or entities other than itself. Samsung interprets the terms "Defendant," "Samsung," "You," and "Your" throughout the Interrogatories to mean Samsung Electronics

America, Inc. and construes these terms to require only the provision of information currently within Samsung's possession, custody, or control.

12. Samsung objects to Plaintiffs' definition of "Information" as overbroad and improper to the extent Plaintiffs purport to require Samsung to provide information not identified by a specific interrogatory.

13. Samsung objects to Plaintiffs' definition of "Person(s)" as overbroad and improper to the extent Plaintiffs purport to require the production of information outside of Samsung's possession, custody, or control.

14. Samsung objects to the Plaintiffs' definition of "Samsung SmartTVs" as overbroad to the extent it encompasses any Samsung televisions that lack ACR functionality. Samsung construes "Samsung SmartTVs" as any Samsung televisions sold by Samsung with ACR functionality.

15. Samsung objects to Plaintiffs' definition of "User Engagement Flow" as overbroad, vague, ambiguous, and improper to the extent Plaintiffs purport to request information related to the user consent flows for products other than Samsung Smart TVs. Samsung interprets the term "User Engagement Flow" throughout the Requests as limited to the consent flows related to Samsung Smart TVs sold by Samsung during the Applicable Time Period.

16. Samsung objects to Instructions 3 and 11 to the extent that they purport to impose obligations different from or in addition to those imposed by Federal Rules and the Local Rules. Samsung will prepare privilege logs in accordance with the Federal Rules, the Local Rules, and the parties' anticipated Stipulation and Order re Timing and Content of Privilege Logs.

17. Samsung objects to Instructions 5 and 13 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that they purport to require Samsung to provide information outside the Applicable Time Period.

18. Samsung objects to Instructions 6 and 12 to the extent they purport to impose a deadline for supplementing Samsung's responses and objections sooner than that required by Rule 26(e).

19. Samsung objects to Instruction 7 to the extent it purports to require Samsung to respond on behalf of persons or entities other than itself. Unless stated otherwise, where Samsung agrees to provide information, it will only provide information that is within its possession, custody, or control.

20. Samsung's responses are made without waiving or intending to waive, in any way, (a) any objections to competency, relevancy, materiality, authenticity, privilege, and/or admissibility as evidence for any purpose of the responses to the Interrogatories, or the subject matter thereof, in any subsequent proceeding in, or the trial of, this or any other action; (b) the right to object on any ground to the use of these responses, or the subject matter thereof, in any subsequent proceeding in, or the trial of, this or any other action; (c) the right to object to a demand for further responses to these or any other discovery involving or related to the subject matter of the Interrogatories; and (d) the right to object on any ground to any other or future interrogatories.

21. Nothing in these written responses constitutes, or is intended to constitute, an admission or representation by Samsung of any fact or contention in this litigation.

22. Samsung's responses to the Interrogatories are based only upon facts known at this time. Discovery in this matter is ongoing, and during the course of subsequent discovery, Samsung may become aware of supplemental, additional, or other responsive information.

Samsung reserves the right to update, amend, or supplement these responses. In addition, these objections are made without prejudice to Samsung's right to present further, additional, or other evidence or contentions in a motion for summary judgment, at trial, or otherwise, based upon information hereafter identified, obtained, or developed.

23. Samsung invites Plaintiffs to meet and confer concerning any specific or general objection set forth herein.

## II. SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 6:

Describe in detail the data flow for Information captured by Samsung's ACR technology, starting from when a User interacts with an app not owned or operated by Samsung, and concluding with the last facility in the Data Analytics Infrastructure where any such data is processed or stored by Samsung, including but not limited to the two locations described by SEA in its response to Interrogatory No. 3: (i) the "matching database" where Samsung "analyzes the transmitted data in an effort to determine the channel and program viewed, and for how long the content was viewed"; and (ii) "the AWS server in the United States, where" the "analyzed viewing data from the matching database is transmitted" and "where it is stored for up to two years unless the user requests deletion of the data at an earlier time." For each such technological facility involved in the data flow that interacts with the Information captured, please identify: the technological facility by name, host and domain name, IP address, and similar identifier; where the technological facilities are physically located; the entity or entities that own and/or operate and/or control those technological facilities; and to whom the technological facilities are registered.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein. Samsung further objects to this interrogatory to the extent it seeks information

that is not in Samsung's possession, custody, or control. Samsung further objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Samsung further objects to this interrogatory to the extent it seeks information duplicative of that provided in response to Plaintiffs' Interrogatory No. 3. Samsung further objects to this interrogatory on the ground that it was served after the deadline for interrogatories under the Scheduling Order. Samsung further objects to this interrogatory as vague and ambiguous in its use of the phrase "data flow"; Samsung will construe this as referring to the path by which data is collected through the ACR technology at issue in Plaintiffs' sole remaining claim. Samsung further objects to the request as vague and ambiguous in its use of the term "interacts" and the phrase "app not owned or operated by Samsung," which Plaintiffs do not define or explain, including because Plaintiffs do not specify whether the Request is limited to apps installed on the Smart TV. Samsung further objects to this interrogatory to the extent it assumes that ACR technology captures data about user interactions with apps. Samsung further objects to this request as overbroad to the extent the phrase "Data Analytics Infrastructure" is defined to include information unrelated to the ACR technology used in connection with Samsung Smart TVs. Samsung further objections to the request as vague and ambiguous in its use of the phrase "Data Analytics Infrastructure" to the extent Plaintiffs' definition of that term is vague and ambiguous in its use of undefined terms, including without limitation "modeling," "estimating models," "validating models," "business intelligence," "scoring data, "data warehouses," "data mining systems," and "scoring engines." Samsung further objects to this interrogatory as vague and ambiguous in its use of the terms "facility" and "technological facility"; Samsung construes these terms as referring to servers where data collected through ACR is processed or stored. Samsung further objects to this interrogatory as vague and ambiguous in its use of the phrase "similar identifier," a term that Plaintiffs do not

7

define or explain.  Samsung further objects to this interrogatory to the extent it contains at least five discrete subparts that constitute multiple interrogatories under Federal Rule of Civil Procedure 33.

On the basis of the foregoing objections, Samsung will not respond to this interrogatory. Samsung states that it is willing to meet and confer with Plaintiffs regarding its objections.

**INTERROGATORY NO. 7**

Identify all Samsung SmartTVs models sold (by You or other any entity) during the Relevant Time Period and the date range during which each was sold.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein.  Samsung further objects to this interrogatory to the extent it seeks information that is not in Samsung's possession, custody, or control.  Samsung further objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine.  Samsung further objects to this interrogatory on the ground that it was served after the deadline for interrogatories under the Scheduling Order. Samsung further objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case, including to the extent it seeks (i) the model numbers for Samsung Smart TVs sold outside the Applicable Time Period, (ii) information regarding sales made by persons or entities other than Samsung, (iii) information regarding sales to non-individuals, which are not included in the proposed class; and (iv) information that is duplicative of information provided to Plaintiffs in Samsung's August 28, 2023 letter.  Samsung further objects to this request as vague and ambiguous to the extent it does not specify who sold the Smart TVs that are the subject of this request.

On the basis of the foregoing objections, Samsung will not respond to this interrogatory. Samsung states that it is willing to meet and confer with Plaintiffs regarding its objections.

<table>
<tr><td>Dated: September 25, 2023</td><td><u>/s/ Michael R. McDonald</u><br>Michael R. McDonald<br>mmcdonald@gibbonslaw.com<br>GIBBONS P.C.<br>One Gateway Center<br>Newark, NJ 07102<br>Telephone: (973) 596-4500<br><br>Emily Johnson Henn<br>ehenn@cov.com<br>COVINGTON & BURLING LLP<br>3000 El Camino Real<br>Palo Alto, CA 94306<br>Telephone: (650) 632-4715<br><br>***Attorneys for Defendant*<br>SAMSUNG ELECTRONICS AMERICA, INC.**</td></tr>
</table>

9

## CERTIFICATE OF SERVICE

The undersigned hereby certified that on September 25, 2023 the foregoing was served by electronic mail to all counsel of record requesting notice:

Javier Bleichmar
BLEICHMAR FONTI & AULD LLP
7 Times Square
27th Floor
New York, NY 10036
jbleichmar@bfalaw.com

Lesley E. Weaver
Matthew Melamed
Joshua D. Samra
BLEICHMAR FONTI & AULD LLP
1330 Broadway
Suite 630
Oakland, CA 94612
lweaver@bfalaw.com
mmelamed@bfalaw.com
jsamra@bfalaw.com

Mack Press
THE MACK FIRM
9 Pimlico Drive
Commack, NY 11725
mack@mackpress.com

Dated: September 25, 2023

*/s/ Celin Carlo-Gonzalez*
Celin Carlo-Gonzalez
ccarlogonzalez@cov.com
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1088