# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS ROGER WHITE, JR. and PATRICIA CAULEY on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendant. | Civil Action No. 17-1775 (MCA) (JSA) |

**SAMSUNG ELECTRONICS AMERICA, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, and Local Rule 36.1, Samsung Electronics America, Inc. ("Samsung"), hereby objects and responds to Plaintiffs' First Set of Requests for Admission (collectively, the "Requests") as follows. Samsung reserves the right to supplement these responses pursuant to Federal Rule of Civil Procedure 26(e).

I.  **GENERAL OBJECTIONS**

All objections set forth herein are incorporated in each of the specific responses to the Requests set forth below and have the same force and effect as if fully set forth therein.

1. Samsung objects to the Requests and accompanying definitions and instructions insofar as they seek to impose obligations beyond those established by the Federal Rules of Civil Procedure, including Federal Rule of Civil Procedure 36, the Local Civil and Criminal Rules of the U.S. District Court for the District of New Jersey, any order of the Court, or any other applicable law.

2. Samsung objects to each request to the extent it is vague, ambiguous, overbroad, unduly burdensome, cumulative, not relevant to any party's claims or defenses, or not proportional to the needs of the case.

1

3. Samsung objects to the "Relevant Period" stated in the Requests as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent that the Requests seek information outside the applicable statute of limitations period under the Wiretap Act. Unless stated otherwise, where Samsung agrees to provide information, it will only provide information for the time period of March 16, 2015 to August 25, 2023 (the "Applicable Time Period").

4. Samsung objects to the Requests to the extent they seek information covered by the attorney-client privilege, the work-product doctrine, the joint-defense privilege, the common-interest privilege, or any other applicable privilege or immunity. Samsung will only provide information that it believes is non-privileged and otherwise properly discoverable, and does not waive any applicable privileges by providing such information. The fact that Samsung does not specifically object to an individual request on the ground that it seeks such privileged or protected information shall not be deemed a waiver of any applicable privilege or protection. Samsung construes the Requests as not seeking information generated by outside counsel that constitutes attorney-client communications and/or work product generated in connection with this or other litigation, and Samsung objects to the Requests as overbroad, unduly burdensome, and not proportional to the needs of the case insofar as they purport to require a search for such privileged and work product material.

5. Samsung objects to the Requests to the extent they seek sensitive, confidential, proprietary, or trade secret information. Samsung will only disclose such information subject to the Discovery Confidentiality Order (ECF No. 65) or another appropriate confidentiality order and reserves the right to seek additional protections, if warranted.

6. Samsung objects to the Requests to the extent that they seek legal conclusions or present questions of law.

7. Samsung objects to the Requests to the extent that they call for a conclusion as to one of the ultimate issues in this case.

8. Samsung objects to the Requests to the extent that they seek responses that are premature at this stage in the action.

9. Samsung objects to each Request to the extent that it contains inaccurate, incomplete, or misleading descriptions of facts, persons, or events underlying this litigation. Samsung further objects to the Requests to the extent that they contain express or implicit assumptions of fact or law with respect to matters at issue in this case. Neither the responses nor objections herein shall be construed as an agreement or concurrence with any of Plaintiffs' characterizations of any facts, circumstances, and/or legal obligations, or an admission that any information provided is relevant or is admissible in evidence, or that any statement or characterization in the Requests is accurate or complete.

10. Samsung objects to Plaintiffs' definitions of "Communication" and "Communicated" as overbroad and improper to the extent Plaintiffs purport to require the production of intangible information such as the "exchange of thoughts" or "behavior."

11. Samsung objects to Plaintiffs' definition of "Content-Recognition Capability" as argumentative and inaccurate.  Samsung will construe "Content-Recognition Capability" as any automatic content recognition ("ACR") used in connection with Samsung Smart TVs sold by Samsung during the Applicable Time Period.

12. Samsung objects to Plaintiffs' definition of "Data Analytics Infrastructure" as overbroad and improper to the extent Plaintiffs' purport to require Samsung to provide information unrelated to the ACR technology used in connection with Samsung Smart TVs. Samsung further objects to this definition as vague and ambiguous to the extent it is based on undefined terms, including without limitation "modeling," "estimating models," "validating

models," "business intelligence," "scoring data, "data warehouses," "data mining systems," and "scoring engines."

13. Samsung objects to Plaintiffs definition of "Database" as overbroad and improper to the extent Plaintiffs purport to require production of information stored in any electronic format without limitation.

14. Samsung objects to Plaintiffs' definitions of "Defendant," "Samsung," "You," and "Your" as overbroad and improper to the extent Plaintiffs purport to require Samsung to respond on behalf of persons or entities other than itself. Samsung interprets the terms "Defendant," "Samsung," "You," and "Your" throughout the Requests to mean Samsung Electronics America, Inc. and construes these terms to require only the provision of information currently within Samsung's possession, custody, or control.

15. Samsung objects to Plaintiffs' definition of "Information" as overbroad and improper to the extent Plaintiffs purport to require Samsung to provide information not identified by a specific request.

16. Samsung objects to Plaintiffs' definition of "Person(s)" as overbroad and improper to the extent Plaintiffs purport to require the production of information outside of Samsung's possession, custody, or control.

17. Samsung objects to the Plaintiffs' definition of "Samsung SmartTVs" as overbroad to the extent it encompasses any Samsung televisions that lack ACR functionality. Samsung construes "Samsung SmartTVs" as any Samsung televisions sold by Samsung with ACR functionality.

18. Samsung objects to Plaintiffs' definition of "User Engagement Flow" as overbroad, vague, ambiguous, and improper to the extent Plaintiffs purport to request information related to the user consent flows for products other than Samsung SmartTVs.

4

Samsung interprets the term "User Engagement Flow" throughout the Requests as limited to the consent flows related to Samsung SmartTVs sold by Samsung during the Applicable Time Period.

19. Samsung objects to Instruction 2 to the extent that it purports to impose obligations different from or in addition to those imposed by the Federal Rules and the Local Rules.

20. Samsung objects to Instruction 6 to the extent it purports to impose a deadline for supplementing Samsung's responses and objections sooner than that required by Rule 26(e).

21. Samsung's responses are made without waiving or intending to waive, in any way, (a) any objections to competency, relevancy, materiality, authenticity, privilege, and/or admissibility as evidence for any purpose of the responses to the Requests, or the subject matter thereof, in any subsequent proceeding in, or the trial of, this or any other action; (b) the right to object on any ground to the use of these responses, or the subject matter thereof, in any subsequent proceeding in, or the trial of, this or any other action; (c) the right to object to a demand for further responses to these or any other discovery involving or related to the subject matter of the Requests; and (d) the right to object on any ground to any other or future requests.

22. Samsung's responses to the Requests are based only upon facts known at this time. Discovery in this matter is ongoing, and during the course of subsequent discovery, Samsung may become aware of supplemental, additional, or other responsive information. Samsung reserves the right to update, amend, or supplement these responses. In addition, these objections are made without prejudice to Samsung's right to present further, additional, or other evidence or contentions in a motion for summary judgment, at trial, or otherwise, based upon information hereafter identified, obtained, or developed.

23. Samsung invites Plaintiffs to meet and confer concerning any specific or general objection set forth herein.

II. **SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS**

**REQUEST FOR ADMISSION NO. 1:**

Admit that, during the Class Period, when a User used a Samsung SmartTV to interact with an app not owned or operated by Samsung, Samsung ACR technology attempted to identify the content the User accessed at the "screen" or "glass level."

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein. Samsung further objects to the request on the ground that it exceeds the scope of a proper request for admission under Federal Rule of Civil Procedure 36(a)(1), in that it improperly seeks to obtain discovery of the existence of facts, rather than establish the admission of facts about which there is no real dispute. The request is further objectionable on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and disproportionate to the needs of the case. More specifically, the request contains multiple terms or phrases that are not defined or explained, including: "Class Period;" "interact;" "app not owned or operated by Samsung;" "screen;" and "glass level." Further, the request is objectionably vague and ambiguous in that it does not explain what is meant by whether ACR technology "attempted to identify" unspecified and undefined "content" — a word that is further objectionable in that it purports to have a specified legal meaning under the Wiretap Act. Finally, the request is further objectionably vague and ambiguous in that Plaintiffs do not specify whether the request is limited to apps installed on the particular Smart TVs.

**REQUEST FOR ADMISSION NO. 2**

Admit that Samsung ACR technology sends data about Samsung SmartTV Users' interactions with apps not owned or operated by Samsung to a Data Analytics Infrastructure located at the web domain SamsungACR.com.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein. Samsung further objects to the request on the ground that it exceeds the scope of a proper request for admission under Federal Rule of Civil Procedure 36(a)(1), in that it improperly seeks to obtain discovery of the existence of facts, rather than establish the admission of facts about which there is no real dispute. The request is further objectionable on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and disproportionate to the needs of the case. More specifically, the request contains multiple terms or phrases that are not defined or explained, including: "interactions" and "apps not owned or operated by Samsung." The request is further objectionably vague and ambiguous in that Plaintiffs do not specify whether the request is limited to apps installed on the Smart TV. Samsung further objects to this request as overbroad to the extent the phrase "Data Analytics Infrastructure" is defined to include information unrelated to the ACR technology used in connection with Samsung Smart TVs. Samsung further objections to the request as vague and ambiguous in its use of the phrase "Data Analytics Infrastructure" to the extent Plaintiffs' definition of that term is vague and ambiguous in its use of undefined terms, including without limitation "modeling," "estimating models," "validating models," "business intelligence," "scoring data," "data warehouses," "data mining systems," and "scoring engines."

**REQUEST FOR ADMISSION NO. 3**

Admit that the web domain SamsungACR.com is registered to Samsung Electronics America, Inc., or a subsidiary, affiliate, and/or proxy of Samsung Electronics America, Inc..

7

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein. Samsung further objects to the request on the ground that it exceeds the scope of a proper request for admission under Federal Rule of Civil Procedure 36(a)(1), in that it improperly seeks to obtain discovery of the existence of facts, rather than establish the admission of facts about which there is no real dispute. The request is further objectionable on the grounds that it is vague and ambiguous in its use of the terms "registered" and "proxy," which Plaintiffs do not define or explain, and is otherwise not relevant to Plaintiffs' claims or SEA's defenses.

**REQUEST FOR ADMISSION NO. 4**

Admit that, for purposes of defending against the Wiretap Act claim being litigated in this Action, You will not rely on any terms, conditions, or other provisions presented to Users during the process of creating a Samsung account.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein. Samsung further objects to this request because it exceeds the scope of a proper request for admission under Federal Rule of Civil Procedure 36(a)(1), and otherwise seeks to obtain information protected by the work product and attorney client privileges.

Dated: September 25, 2023                /s/ Michael R. McDonald
                                         Michael R. McDonald
                                         mmcdonald@gibbonslaw.com
                                         GIBBONS P.C.
                                         One Gateway Center
                                         Newark, NJ 07102
                                         Telephone: (973) 596-4500

                                         Emily Johnson Henn
                                         ehenn@cov.com
                                         COVINGTON & BURLING LLP
                                         3000 El Camino Real
                                         Palo Alto, CA 94306
                                         Telephone: (650) 632-4715

*Attorneys for Defendant*
**SAMSUNG ELECTRONICS AMERICA, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certified that on September 25, 2023 the foregoing was served by electronic mail to all counsel of record requesting notice:

Javier Bleichmar
BLEICHMAR FONTI & AULD LLP
7 Times Square
27th Floor
New York, NY 10036
jbleichmar@bfalaw.com

Lesley E. Weaver
Matthew Melamed
Joshua D. Samra
BLEICHMAR FONTI & AULD LLP
1330 Broadway
Suite 630
Oakland, CA 94612
lweaver@bfalaw.com
mmelamed@bfalaw.com
jsamra@bfalaw.com

Mack Press
THE MACK FIRM
9 Pimlico Drive
Commack, NY 11725
mack@mackpress.com

Dated: September 25, 2023

*/s/ Celin Carlo-Gonzalez*
Celin Carlo-Gonzalez
ccarlogonzalez@cov.com
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1088