# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THOMAS ROGER WHITE, JR. and PATRICIA CAULEY on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendant. | Civil Action No. 17-1775 (MCA) (JSA) |

**SAMSUNG ELECTRONICS AMERICA, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' NOTICE OF 30(b)(6) DEPOSITION OF SAMSUNG ELECTRONICS AMERICA, INC.**

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Samsung Electronics America, Inc. ("Samsung") hereby objects and responds to Plaintiffs' Notice of 30(b)(6) Deposition of Samsung Electronics America, Inc. ("Notice"), dated August 25, 2023, as follows:

**I.   GENERAL OBJECTIONS**

All objections set forth herein are incorporated in each of the specific responses to the topics identified in Schedule A of Plaintiffs' Notice ("the Topics") set forth below and have the same force and effect as if fully set forth therein.

1.   Samsung objects to the Notice to the extent it seeks to impose obligations beyond those established by the Federal Rules of Civil Procedure, including Federal Rule of Civil Procedure 30, the Local Civil and Criminal Rules of the U.S. District Court for the District of New Jersey, any order of the Court, or any other applicable law.

2.   Samsung objects to the Notice to the extent it states that the deposition will continue day-to-day until completed, exceeding the one day of seven hours durational limit set forth in Federal Rule of Civil Procedure 30(d)(1).

1

3.      Samsung objects to each Topic to the extent it is vague, ambiguous, overbroad, unduly burdensome, cumulative, not relevant to any party's claims or defenses, or not proportional to the needs of the case.

4.      Samsung objects to the Notice and to each Topic to the extent it seeks information covered by the attorney-client privilege, the work-product doctrine, the joint-defense privilege, the common-interest privilege, or any other applicable privilege or immunity. Samsung will only provide information that it believes is non-privileged and otherwise properly discoverable, and does not waive any applicable privileges by providing such information. The fact that Samsung does not specifically object to an individual Topic on the ground that it seeks such privileged or protected information shall not be deemed a waiver of any applicable privilege or protection. Samsung construes the Topics as not seeking information generated by outside counsel that constitutes attorney-client communications and/or work product generated in connection with this or other litigation, and Samsung objects to the Topics as overbroad, unduly burdensome, and not proportional to the needs of the case insofar as they purport to require a search for such privileged and work product material.

5.      Samsung objects to the Notice and to each Topic to the extent it seeks sensitive, confidential, proprietary, or trade secret information. Samsung will only disclose such information subject to the Discovery Confidentiality Order (ECF No. 65) or another appropriate confidentiality order and reserves the right to seek additional protections, if warranted.

6.      Samsung objects to the Notice and to each Topic to the extent it seeks information that is not within Samsung's possession; that is already in the possession, custody, or control of Plaintiffs; that is at least as readily available to Plaintiffs as to Samsung; or that can be obtained from other sources or in other manners by Plaintiffs without undue burden on Samsung. Any agreement by Samsung to designate a witness in response to a Topic in the Notice is not a

concession that Samsung has information responsive to that Topic in its possession, custody, or control.

7.      Any agreement by Samsung to provide information in response to the Notice is neither a concession that the requested information is relevant nor a waiver of Samsung's right to object to the production of additional information on relevance-related grounds.

8.      Samsung objects to the Notice and to each Topic to the extent it seeks legal conclusions or mental impressions, or requires the application of law to facts.

9.      Samsung objects to the Notice and to each Topic to the extent it calls for a conclusion as to one of the ultimate issues in this case.

10.     Samsung objects to the "Relevant Period" stated in the Notice as overbroad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent that the Notice seek information outside the applicable statute of limitations period under the Wiretap Act.  Unless stated otherwise, where Samsung agrees to provide information, it will only provide information for the time period of March 16, 2015 to September 25, 2023 (the "Applicable Time Period").

11.     Samsung incorporates by reference its objections to the definitions in Plaintiffs' First Set of Requests for Production, as set forth in Samsung's Objections and Responses thereto.

12.     Samsung objects to Plaintiffs' definition of "Information" as overbroad and improper to the extent Plaintiffs purport to require Samsung to provide information not identified by a specific Topic.

13.     Samsung objects to the requests for production in Schedule B of the Notice because they seek documents protected from disclosure by the attorney-client privilege and/or work product doctrine, they seek information that can be obtained by more practical or convenient means, and they are overbroad and unduly burdensome.

14.     Samsung's responses are made without waiving or intending to waive, in any way, (a) any objections to competency, relevancy, materiality, authenticity, privilege, and/or admissibility as evidence for any purpose of the responses to the Notice or Topics, or the subject matter thereof, in any subsequent proceeding in, or in the trial of, this or any other action; (b) the right to object on any ground to the use of these responses, or the subject matter thereof, in any subsequent proceeding in, or the trial of, this or any other action; (c) the right to object to a demand for further responses to the Notice or Topics or any other discovery involving or related to the subject matter of the Notice; and (d) the right to object on any ground to any other or future discovery requests.

15.     Any witnesses designated by Samsung will testify as to matters known or reasonably available to Samsung at the time of the deposition.  Fact investigation and discovery are ongoing, however, and Samsung reserves the right to revise, correct, add to, supplement, modify or clarify any testimony provided, in any manner it deems appropriate.  Moreover, any response to this Notice or testimony provided in response thereto is provided without prejudice to Samsung's rights to present at trial or summary judgment additional evidence or testimony as may be discovered or produced.

16.     Samsung invites Plaintiffs to meet and confer concerning any specific or general objection set forth herein.

## II.     SPECIFIC OBJECTIONS AND RESPONSES TO TOPICS

## TOPIC NO. 1

The full range of User Information that can be captured by Samsung when a User interacts with a non-Samsung application or console connected to that User's SmartTV.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein.  Samsung incorporates its objections to Plaintiffs' definition of the terms

4

"Samsung" and "Smart TV" stated in Samsung's Objections and Responses to Plaintiffs' First Set of Requests for Production as if set forth herein.  Samsung further objects to this Topic as not relevant to any claim or defense remaining in this case to the extent it seeks information not related to the ACR technology at issue in Plaintiffs' sole remaining claim in this case.  Samsung further objects to the topic to the extent it assumes that Samsung captures "User Information" through ACR technology or otherwise.  Samsung further objects to this Topic as vague and ambiguous in its use of the terms "User Information,"  "interacts," "application," "console," and "connected," which Plaintiffs do not define or explain.

Subject to and without waiving any of the preceding objections and limitations, Samsung agrees to meet and confer about the need for and scope of this topic.

**TOPIC NO. 2**

Each aspect of Samsung's Data Analytics Infrastructure that interacts with or stores the User Information captured in Topic No. 1; the specific type of User Information that each such aspect of the Data Analytics Infrastructure interacts with or stores; and the identity of the entity that owns and/or controls each such aspect of the Data Analytics Infrastructure.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein.  Samsung incorporates its objections to Plaintiffs' definition of the term "Samsung" stated in Samsung's Objections and Responses to Plaintiffs' First Set of Requests for Production as if set forth herein.  Samsung incorporates its objections to Topic No. 1 as if set forth herein.  Samsung further objects to this Topic as not relevant to any claim or defense remaining in this case to the extent it seeks information not related to the ACR technology at issue in Plaintiffs' sole remaining claim in this case.  Samsung further objects to the topic to the extent it assumes that Samsung captures "User Information" through ACR technology or otherwise.  Samsung further objects to this Topic as vague and ambiguous in its use of the terms

5

"Data Analytics Infrastructure," "interacts," "User Information," and "aspect," which Plaintiffs do not define or explain.

Subject to and without waiving any of the preceding objections and limitations, Samsung agrees to meet and confer about the need for and scope of this topic.

**TOPIC NO. 3**

How the User Information that Samsung captures, as described in Topic No. 1, is acted on and/or stored by Samsung's Data Analytics Infrastructure, to support Samsung's insights, marketing, targeting and measurement, customized content recommendations, and related purposes.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein. Samsung incorporates its objections to Plaintiffs' definition of the term "Samsung" stated in Samsung's Objections and Responses to Plaintiffs' First Set of Requests for Production as if set forth herein. Samsung incorporates its objections to Topic No. 1 as if set forth herein. Samsung further objects to this Topic as not relevant to any claim or defense remaining in this case to the extent it seeks information not related to the ACR technology at issue in Plaintiffs' sole remaining claim in this case. Samsung further objects to the topic to the extent it assumes that Samsung captures "User Information" through ACR technology or otherwise. Samsung further objects to this Topic as vague and ambiguous in its use of the terms "User Information," "Data Analytics Infrastructure," "acted on," "insights," "targeting," "measurement," "customized content recommendations," and "related purposes," which Plaintiffs do not define or explain.

Subject to and without waiving any of the preceding objections and limitations, Samsung is willing to meet and confer about the need for and scope of this topic.

6

**TOPIC NO. 4**

The provisions of Samsung's contracts with its Users that Samsung contends indicate the Users' consent to Samsung's capture and use of the data addressed by Topic Nos. 1, 2, and 3, including the identity of which such provisions were active at which times throughout the Relevant Time Period.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein.  Samsung incorporates its objections to Plaintiffs' definition of the term "Samsung" stated in Samsung's Objections and Responses to Plaintiffs' First Set of Requests for Production as if set forth herein.  Samsung incorporates its objections to Topic Nos. 1, 2, and 3 as if set forth herein.  Samsung further objects to this Topic as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information regarding a number of written contracts associated with as many as 81 million+ Smart TVs that can be more easily ascertained through documents and to the extent it seeks an amount of information that a designee could not possibly be expected to recall and testify about in the course of a deposition. Samsung further objects to this Topic as not relevant to any claim or defense remaining in this case to the extent it seeks information not related to the ACR technology at issue in Plaintiffs' sole remaining claim in this case.  Samsung further objects to this Topic to the extent it calls for the designated lay witness to testify as to legal conclusions or opinions.  Samsung further objects to the topic to the extent it assumes that Samsung captures "User Information."  Samsung further objects to this Topic as vague and ambiguous in its use of the term "active," which Plaintiffs do not define or explain.

Subject to and without waiving any of the preceding objections and limitations, Samsung agrees to designate a witness to testify generally about provisions of the relevant terms and

7

conditions, privacy policies, and notices related to the collection of data from Plaintiffs' Smart TVs through ACR.

**TOPIC NO. 5**

The User Engagement Flow that Users were presented in order to provide what Samsung contends is their consent to the provisions addressed in Topic No. 4.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein. Samsung incorporates its objections to Plaintiffs' definition of the terms "User Engagement Flow" and "Samsung" stated in Samsung's Objections and Responses to Plaintiffs' First Set of Requests for Production as if set forth herein. Samsung incorporates its objections to Topic No. 4 as if set forth herein. Samsung further objects to this Topic as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks an amount of information that a designee could not possibly be expected to recall and testify about in the course of a deposition. Samsung further objects to this Topic as not relevant to any claim or defense remaining in this case to the extent it seeks information not related to the ACR technology at issue in Plaintiffs' sole remaining claim in this case.

Subject to and without waiving any of the preceding objections and limitations, Samsung agrees to designate a witness to testify about the general processes by which Samsung presented terms and conditions, privacy policies, notices, or supplements to Samsung Smart TV users during the Smart TV setup process.

**TOPIC NO. 6**

Any non-Samsung entity to which Samsung sold, shared, or otherwise provided the User Information, as collected (per Topic No. 1) or as combined, matched, or analyzed (per Topic 3); the conditions under which Samsung sold, shared, or otherwise provided such Information to any non-Samsung entities; the payment or other value Samsung received from non-Samsung for

selling, sharing, or otherwise providing such data to any non-Samsung entity; and the uses to which Samsung knew that any non-Samsung entities put the data that they acquired.

**RESPONSE:** Samsung incorporates each of its General Objections as if set forth verbatim herein. Samsung incorporates its objections to Plaintiffs' definition of the term "Samsung" stated in Samsung's Objections and Responses to Plaintiffs' First Set of Requests for Production as if set forth herein. Samsung incorporates its objections to Topic Nos. 1 and 3 as if set forth herein. Samsung further objects to this Topic as not relevant to any claim or defense remaining in this case to the extent it seeks information not related to the ACR technology at issue in Plaintiffs' sole remaining claim in this case. Samsung further objects to the topic to the extent it assumes that Samsung captures "User Information" through ACR technology or otherwise. Samsung further objects to this topic because it incorrectly accuses Samsung of selling, sharing, or providing data collected through ACR to third parties and of somehow profiting or receiving value from such sales or sharing. Samsung further objects to this Topic as vague and ambiguous in its use of the terms "non-Samsung entity," "User Information," "combined," "matched," and "analyzed," which Plaintiffs do not define or explain.

Subject to and without waiving any of the preceding objections and limitations, Samsung states that it has not sold, shared, or provided any data collected from Samsung Smart TVs through ACR technology to any third parties during the Applicable Time Period. Samsung is willing to meet and confer about the need for and scope of this topic.


Dated: September 25, 2023

*/s/ Michael R. McDonald*
Michael R. McDonald
mmcdonald@gibbonslaw.com

GIBBONS P.C.
One Gateway Center
Newark, NJ 07102

Telephone: (973) 596-4500

Emily Johnson Henn
ehenn@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 632-4715

***Attorneys for Defendant***
**SAMSUNG ELECTRONICS AMERICA, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certified that on September 25, 2023 the foregoing was served by

electronic mail to all counsel of record requesting notice:

Javier Bleichmar
BLEICHMAR FONTI & AULD LLP
7 Times Square
27th Floor
New York, NY 10036
jbleichmar@bfalaw.com

Mack Press
THE MACK FIRM
9 Pimlico Drive
Commack, NY 11725
mack@mackpress.com

Lesley E. Weaver
Matthew Melamed
Joshua D. Samra
BLEICHMAR FONTI & AULD LLP
1330 Broadway
Suite 630
Oakland, CA 94612
lweaver@bfalaw.com
mmelamed@bfalaw.com
jsamra@bfalaw.com

Dated: September 25, 2023

*/s/ Celin Carlo-Gonzalez*
Celin Carlo-Gonzalez
ccarlogonzalez@cov.com
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1088