# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS ROGER WHITE, JR. and PATRICIA CAULEY on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br> v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br><br>    Defendants. | Civil Action No. 17-1775 (MCA) (JSA)<br><br>Hon. Madeline Cox Arleo, U.S.D.J.<br>Hon. Jessica S. Allen, U.S.M.J. |

---

## DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S BRIEF IN OPPOSITION TO PLAINTIFFS AND THE PROPOSED INTERVENORS' MOTION TO INTERVENE

---

GIBBONS P.C.
One Gateway Center
Newark, NJ 07102
Telephone: (973) 596-4500

COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square
Palo Alto, CA 94306-2112
Telephone: (650) 632-4700

*Attorneys for Samsung Electronics America, Inc.*

# TABLE OF CONTENTS

TABLE OF CONTENTS.............................................................................. i

TABLE OF AUTHORITIES ...................................................................... ii

I.     INTRODUCTION ............................................................................. 1

II.    BACKGROUND ............................................................................... 3

III.   ARGUMENT...................................................................................... 7

    A.   Plaintiffs and the Proposed Intervenors Fail To Show Good
        Cause Under Rule 16 for Moving To Add New Parties Over
        Five Years After the Deadline for Doing So Expired. ......................... 7

        1.   Plaintiffs and the Proposed Intervenors Must
              Demonstrate Good Cause Under Rule 16................................. 7

        2.   Plaintiffs and the Proposed Intervenors Do Not and
              Cannot Demonstrate Good Cause.............................................. 9

    B.   The Court Should Also Use Its Discretion Under Rule 24 to
        Deny Plaintiffs and the Proposed Intervenors' Motion. .................... 16

        1.   The Proposed Intervenors Fail To Show That
              Intervention Is Necessary To Represent Their Interests.......... 17

        2.   Intervention Is Untimely and Would Cause Undue Delay
              and Prejudice............................................................................ 19

        3.   Plaintiffs' Authority Does Not Support Their Argument........ 26

IV.    CONCLUSION............................................................................... 30

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Neighborhood Mortg. Acceptance Co., LLC v. CrossCountry Mortg., Inc.*,
2022 WL 16922179 (D.N.J. Nov. 10, 2022) ...........................................16, 17, 21

*In re Arakis Energy Corp. Sec. Litig.*,
1999 WL 1021819 (E.D.N.Y. Apr. 27, 1999) ...............................................26, 29

*Bacon v. Avis Budget Grp., Inc.*,
2022 WL 2158964 (D.N.J. June 15, 2022).........................................................23

*Birmingham Steel Corp. v. Tenn. Valley Auth.*,
353 F.3d 1331 (11th Cir. 2003) ...................................................................26, 27

*Bolus v. Carnicella*,
2020 WL 6203056 (M.D. Pa. Oct. 22, 2020) ......................................................9

*Briggs v. OS Rest. Servs., LLC*,
2021 WL 7448752 (C.D. Cal. Aug. 18, 2021) .............................................21, 22

*Briggs v. United States*,
2009 WL 1560005 (N.D. Cal. June 1, 2009)..................................................8, 13

*Butler v. Suffolk County*,
2023 WL 5096218 (E.D.N.Y. Aug. 9, 2023) .....................................................26

*Chambers v. N. Am. Co. for Life & Health Ins.*,
2016 WL 7427333 (S.D. Iowa June 13, 2016)...............................................8, 13

*Cureton v. Nat'l Collegiate Athletic Ass'n*,
252 F.3d 267 (3d Cir. 2001) .............................................................................25

*Dewey v. Volkswagen of Am.*,
2012 WL 8433901 (D.N.J. Nov. 6, 2012) .........................................................18

*Diduck v. Kaszycki & Sons Contractors, Inc.*,
149 F.R.D. 55 (S.D.N.Y. 1993) ........................................................................27

ii

*In re Ductile Iron Pipe Fittings ("DIPF") Direct Purchaser Antitrust Litig.*,
    2016 WL 5508843 (D.N.J. Sept. 28, 2016) ......................................................24

*Est. of Wiley v. City of Newark*,
    2021 WL 4272826 (D.N.J. Sept. 21, 2021) ......................................................12

*Faiella v. Sunbelt Rentals, Inc.*,
    341 F.R.D. 553 (D.N.J. 2022)............................................................................12

*Field Intel. Inc. v. Xylem Dewatering Sols. Inc.*,
    49 F.4th 351 (3d Cir. 2022) ..............................................................................24

*In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*,
    55 F.3d 768 (3d Cir. 1995) ...............................................................................22

*Goodman v. Lukens Steel Co.*,
    777 F.2d 113 (3d Cir. 1985) ........................................................................26, 27

*Harris v. Vector Marketing Corp.*,
    2010 WL 3743532 (N.D. Cal. Sept. 17, 2010)...........................................*passim*

*HomeBingo Network, Inc. v. Cadillac Jack, Inc.*,
    2006 WL 3469515 (S.D. Ala. Nov. 29, 2006)..............................................8, 13

*Hoots v. Pennsylvania*,
    672 F.2d 1133 (3d Cir. 1982) ......................................................................17, 18

*Konopca v. FDS Bank*,
    2016 WL 1228844 (D.N.J. Mar. 29, 2016) .......................................................12

*Lawrence v. NYC Med. Prac., P.C.*,
    2023 WL 4706126 (S.D.N.Y. July 21, 2023)..............................................24, 28

*Lawrence v. Phillip Morris Co., Inc.*,
    1999 WL 51845 (E.D.N.Y. Jan. 9, 1997).....................................................26, 28

*Lorenz v. CSX Corp.*,
    1 F.3d 1406 (3d Cir. 1993) ...............................................................................23

*In re Lutheran Bhd. Variable Ins. Prods. Co. Sales Prac. Litig.*,
    2002 WL 31371945 (D. Minn. Oct. 7, 2002)....................................................26

*Miller v. Ghirardelli Chocolate Co.*,
　2013 WL 6776191 (N.D. Cal. Dec. 20, 2013)......................................22

*Milliron v. T-Mobile USA, Inc.*,
　2009 WL 10728641 (D.N.J. July 24, 2009) .................................17, 18

*Morel v. Goya Foods, Inc.*,
　2022 WL 3369664 (D.N.J. Aug. 16, 2022) ...................................8, 12

*In re Mortgagors of Temple-Inland Mortg. Corp.*,
　2001 WL 177181 (E.D. Pa. Jan. 24, 2001).......................................27

*Ortiz v. Stevenson*,
　2023 WL 6619674 (D.N.J. Oct. 11, 2023) ................................7, 9, 12

*Premier Comp Sols., LLC v. UPMC*,
　970 F.3d 316 (3d Cir. 2020) .............................................7, 9

*Shedler v. Sokoloff*,
　2018 WL 4357483 (D.N.J. Sept. 13, 2018) .......................................9

*Sohn v. Kominox USA, Inc.*,
　2023 WL 2770422 (D.N.J. Apr. 3, 2023)...........................................8

*Est. of Stallings v. IBM Corp.*,
　2009 WL 2905471 (D.N.J. Sept. 8, 2009) ........................................15

*Steffy v. Home Depot, Inc.*,
　2009 WL 1657111 (M.D. Pa. June 12, 2009)....................................25

*Town of New Windsor v. Tesa Truck, Inc.*,
　919 F. Supp. 662 (S.D.N.Y. 1996) ................................................19

*U.S. Bank Nat'l Assoc. v. Gregory*,
　2023 WL 7692613 (D.N.J. Oct. 3, 2023) ..............................10, 22, 25

*United States v. Sanchez-Gomez*,
　138 S. Ct. 1532 (2018)...............................................26, 27

*USX Corp. v. Barnhart*,
　395 F.3d 161 (3d Cir. 2004) ........................................23, 25

*In re Valeant Pharma. Int'l, Inc. v. Secs. Litig.*,
　2020 WL 4034896 (D.N.J. June 26, 2020)........................................................22

*Wallach v. Eaton Corp.*,
　837 F.3d 356 (3d Cir. 2016) ...........................................................19, 21, 27, 29

*Warden v. Crown Am. Realty Trust*,
　1998 WL 725946 (W.D. Pa. Oct. 15, 1998)....................................................27

*Worthington v. Bayer Healthcare LLC*,
　2011 WL 6303999 (D.N.J. Dec. 15, 2011).......................................................16

**Other Authorities**

Fed. R. Civ. P. 16(b) .........................................................................7, 8, 9

Fed. R. Civ. P. 24(b) .........................................................................*passim*

## I.   INTRODUCTION

Plaintiffs and the proposed intervenors' motion should be denied.

First, good cause, which is required under Federal Rule of Civil Procedure 16 to modify the deadline for moving to add new parties more than five years after its expiration, does not exist.  The Court set an August 31, 2018 deadline for parties to file "[a]ny motion to add new parties."  ECF No. 66.  Because Plaintiffs and the proposed intervenors cannot demonstrate that good cause exists to modify this deadline, they do not even mention the deadline, nor Rule 16, in their motion.

Plaintiffs are unable to satisfy the requirements of Rule 16 to modify this deadline because they have known—for several years—the circumstances purportedly giving rise to this motion.  Specifically, years after filing this lawsuit against Samsung Electronics America, Inc. ("SEA") alleging that Samsung Smart TVs intercepted their communications without consent through Automatic Content Recognition (ACR) technology, Plaintiffs purchased new Samsung Smart TVs in January 2019 and February 2023, and re-consented to the use of ACR.  Plaintiffs and the proposed intervenors' ongoing failure to request any modification to the August 2018 deadline for several years and months after these purchases is flatly inconsistent with the requirement that they demonstrate diligence to satisfy the good cause standard of Rule 16.

1

Second, setting aside the fact that Plaintiffs cannot circumvent the requirements of Rule 16 and ignore this Court's Scheduling Orders simply by styling their motion to add seven new plaintiffs as one for intervention, Plaintiffs and the proposed intervenors fail to establish that permissive intervention is proper under Rule 24(b) because they fail to overcome the burden of proving that the proposed intervenors' interests are inadequately represented. Plaintiffs' Wiretap Act claim is fundamentally flawed because, among other reasons, Plaintiffs White and Cauley consented to the use of ACR technology in their Smart TVs, and did so on multiple occasions. However, Plaintiffs' consent to operation of ACR technology, and even repeated consent, is not actually unique to Plaintiffs White and Cauley: *any* putative class member who purchased a Samsung Smart TV with ACR technology was required to consent for the technology to be operational. Therefore, simply adding new Plaintiffs who consented to the use of ACR technology will not fix the deficiencies in Plaintiffs' claims.

Plaintiffs' and the proposed intervenors' motion is also untimely under Rule 24(b). This request to add seven new class representatives into a six year old case comes nearly five years after Plaintiff White purchased a new Samsung Smart TV. Adding new plaintiffs at this stage in the proceedings would serve only to complicate and prolong discovery, which is currently scheduled to end in approximately four months.

For these reasons and those set forth below, Plaintiffs and the proposed intervenors' motion should be denied.

## II.   BACKGROUND

This putative class action was filed more than six and a half years ago, on March 16, 2017, by Plaintiff White and then plaintiffs David Espinoza and Christopher Mills.  ECF No. 1.  Since then, the named plaintiffs have already changed twice:  first, after Mr. Espinoza was removed in the amended complaint, and then again when Plaintiff Cauley was added and Mr. Mills was removed in the second amended complaint.  ECF Nos. 1, 45-1, 88.

The parties have engaged in significant motions practice, including briefing two motions to dismiss, a motion for reconsideration, and a motion to compel arbitration.  *See* ECF Nos. 54, 94, 105, 181.  The Court has issued two rulings on SEA's motions to dismiss and a ruling on the motion for reconsideration, which resulted in the dismissal of all of Plaintiffs' claims except for a single Wiretap claim.  ECF Nos. 82, 104, 131.  The parties also litigated an appeal regarding the Court's denial of SEA's motion to compel arbitration against Plaintiffs White and Cauley.  *See* ECF No. 209.

On March 28, 2018, the Court issued its first scheduling order directing, among other things, that "[a]ny motion to add new parties or amend pleadings, whether by amended or third-party complaint, must be filed not later than

3

8/31/2018."  ECF No. 66 at 3.  On April 27, 2018, the Court issued an order
staying discovery pending further order of the Court after a decision on
Defendants' motion to dismiss, but it did not address, modify, or suspend the non-
discovery deadlines, including the deadline for parties to move to add new parties
or amend their pleadings.  ECF No. 72 at 2.

In January 2019, nearly two years after filing this lawsuit, Plaintiff White
purchased a new Samsung Smart TV—the very product he alleges in this lawsuit is
unlawfully intercepting his communications.  McDonald Decl., Ex. 1.  In February
2023, over four years after Plaintiff Cauley joined this case as a named plaintiff
and proposed class representative and while the case was on appeal before the
Third Circuit, she also purchased a new Samsung Smart TV.[1]  *Id.*, Ex. 2.

On May 8, 2023, the Court issued a second scheduling order.  ECF No. 223.
The order set various case deadlines, including the deadline for the end of
discovery on March 31, 2024.  *Id.*  But it did not address, modify, or suspend the
deadline for parties to move to add new parties or amend their pleadings, nor did it
state that it superseded any previously set deadlines.  *Id.*

---

[1] Plaintiff Cauley also purchased a new Samsung Smart TV in 2020, purportedly
for her parents.  *See* McDonald Decl., Ex. 2; ECF No. 239-2 at 2, 3–4.  This is yet
another post-lawsuit purchase that Plaintiffs and their counsel have known about or
should have known about for years.

On July 25, 2023, the Court issued a third scheduling order.  ECF No. 233. The order set various deadlines for, among other things, discovery, expert discovery, class certification, and summary judgment.  *Id.*  But again, the order did not address, modify, or suspend the deadline for parties to move to add new parties or amend their pleadings.  *Id.*  Notably, the order stated that "[a]ll other deadlines and requirements ordered by this Court's prior Pretrial Scheduling Orders shall remain in effect."  *Id.* at 2.

SEA first learned of Plaintiffs' post-lawsuit Samsung Smart TV purchases after Plaintiffs White and Cauley served their objections and responses to SEA's First Sets of Interrogatories on June 28 and July 31, 2023, respectively.  *See* McDonald Decl., Ex. 3, 4.  In response, SEA sought discovery regarding these newly revealed Smart TVs.  *See* ECF No. 239-2.  If Plaintiffs activated the smart features on their Smart TVs, they (like any other user who did the same) necessarily would have consented to the collection of their data using ACR technology.  *See* ECF No. 181-8 at ¶¶ 4–8.  After Plaintiffs initially failed to provide the identifiers for these Smart TVs, SEA raised this issue with the Court on September 12, 2023 and noted that discovery regarding these TVs was necessary because the purchases undermined Plaintiffs' claims that SEA was unlawfully intercepting their communications without their consent.  ECF No. 239.

5

While SEA was not aware of Mr. White's and Ms. Cauley's post-lawsuit Smart TV purchases at the time they were made, Plaintiffs were.  Nonetheless, Plaintiffs and their counsel took no action for 57 months while the parties briefed and the Court decided a motion to dismiss, a motion for reconsideration, and a motion to compel arbitration; the parties litigated the appeal of the decision on the motion to compel arbitration; and, upon remand, the parties proceeded with discovery for five months.

On October 13, 2023, the parties filed a joint status letter regarding various outstanding discovery disputes.  Plaintiffs requested leave to intervene "to add no more than ten additional class members as class representatives."  ECF No. 246 at 3–4.  On November 2, 2023, the Court issued an order that granted Plaintiffs leave "to file the appropriate Motion to add Class Members as new Class Representatives" on or before November 22, 2023.  ECF No. 252.

On November 22, 2023, Plaintiffs and seven proposed intervenors filed a motion to intervene under Rule 24(b).  ECF No. 257.  The seven proposed intervenors live in Missouri, Maryland, and Texas, and according to their motion, seek to prosecute the same Wiretap Act claim against SEA, notwithstanding their consent to the operation of ACR technology on their Smart TVs.

## III.   ARGUMENT

### A.   Plaintiffs and the Proposed Intervenors Fail To Show Good Cause Under Rule 16 for Moving To Add New Parties Over Five Years After the Deadline for Doing So Expired.

Plaintiffs and the proposed intervenors' motion entirely fails to address the relevant legal standard, which is that they must demonstrate good cause under Rule 16.  Rule 16 provides that scheduling order deadlines may only be modified "for good cause and with the judge's consent."  *Ortiz v. Stevenson*, 2023 WL 6619674, at *3 (D.N.J. Oct. 11, 2023) (quoting Fed. R. Civ. P. 16(b)(4)).  The Court's March 28, 2018 scheduling order states that "[a]ny motion to add new parties" was due "not later than" August 31, 2018.  ECF No. 66 at 3.  Plaintiffs' motion to intervene, brought over five years after that deadline expired, is untimely.  Plaintiffs and the proposed intervenors have not met—or even attempted to meet—their burden of showing good cause to excuse that delay.

### 1.   Plaintiffs and the Proposed Intervenors Must Demonstrate Good Cause Under Rule 16.

As a threshold matter, Plaintiffs' motion misstates the applicable standard by ignoring the Court's March 28, 2018 scheduling order.  Because Plaintiffs make their motion after the August 31, 2018 deadline for motions to add new parties, Plaintiffs must satisfy Rule 16 before the Court may rule on their motion to intervene under Rule 24.  *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020) ("[W]hen a party moves to amend or *add a party* after the deadline

7

in a district court's scheduling order has passed, the 'good cause' standard of Rule

16(b)(4) of the Federal Rules of Civil Procedure applies." (emphasis added)); *see*

*Harris v. Vector Mktg. Corp.*, 2010 WL 3743532, at *1 (N.D. Cal. Sept. 17, 2010)

(applying Rule 16 good cause requirement to motion to intervene made after

scheduling order deadline to add parties had expired); *Chambers v. N. Am. Co. for*

*Life & Health Ins.*, 2016 WL 7427333, at *3 (S.D. Iowa June 13, 2016) (same);

*Briggs v. United States*, 2009 WL 1560005, at *1 (N.D. Cal. June 1, 2009) (same);

*HomeBingo Network, Inc. v. Cadillac Jack, Inc.*, 2006 WL 3469515, at *2 (S.D.

Ala. Nov. 29, 2006) (same); *see also Morel v. Goya Foods, Inc.*, 2022 WL

3369664, at *2 (D.N.J. Aug. 16, 2022) ("Where, as here, the motion [to amend]

was filed after the deadline set by the Court, the movant must satisfy the

requirements of Rule 16 before the Court will turn to Rule 15.").

The Court never modified or suspended the August 31, 2018 deadline for

motions to "add new parties," and it thus remains operative.  ECF No. 66 at 3.

Indeed, the Court's July 25, 2023 scheduling order made clear that "[a]ll other

deadlines and requirements ordered by this Court's prior Pretrial Scheduling

Orders *shall remain in effect*."  ECF No. 233 at 2 (emphasis added).  The Court's

order granting Plaintiffs leave to file their motion to intervene likewise did not

relieve Plaintiffs of their burden to show good cause under Rule 16.  *See Sohn v.*

*Kominox USA, Inc.*, 2023 WL 2770422, at *5 (D.N.J. Apr. 3, 2023) (allowing the

plaintiff to file a motion to amend the pleadings "does not relieve plaintiff of the requirement to show good cause under Rule 16"); *Shedler v. Sokoloff*, 2018 WL 4357483, at *1 n.1 (D.N.J. Sept. 13, 2018) (same).  Consequently, Rule 16 applies, and Plaintiffs and the proposed intervenors must show good cause to excuse their more than five-year delay.

### 2.    Plaintiffs and the Proposed Intervenors Do Not and Cannot Demonstrate Good Cause.

Not only have Plaintiffs and the proposed intervenors forfeited the argument that good cause exists to excuse their delay, they could not establish it even if they had tried.  In the October 13, 2023 joint letter responding to Plaintiffs' request for leave to file their motion to intervene, SEA specifically noted that the deadline for adding new parties had passed in 2018, making the motion untimely.  ECF No. 246 at 4.  Despite having clear notice of that deadline, Plaintiffs chose not to argue that it should be modified.  As a result, Plaintiffs and proposed intervenors have forfeited any argument that good cause exists for their belated motion.  *See Premier*, 970 F.3d at 319 (affirming district court's holding that plaintiff forfeited argument that it had satisfied Rule 16's good cause standard by raising it for the first time on reply); *Ortiz*, 2023 WL 6619674, at *3 ("[Plaintiff] fails to address the good cause requirement of Rule 16(b)(4) in the initial briefing . . . and thus . . . could be deemed to have forfeited its opportunity to argue on this issue." (internal citations omitted)); *see also Bolus v. Carnicella*, 2020 WL 6203056, at *4 (M.D.

Pa. Oct. 22, 2020) (denying leave to amend the pleadings where plaintiffs "entirely fail[ed] to address the question of good cause").

In any event, Plaintiffs and the proposed intervenors cannot demonstrate good cause. Plaintiffs assert that they seek to add new parties because SEA indicated "that it would challenge the adequacy of the two named plaintiffs" based on their post-lawsuit purchases of the very products they claimed were unlawfully intercepting their communications.[2] ECF No. 257-1 at 10–11. But Plaintiff White knew of his own first post-lawsuit purchase of a new Smart TV and re-consent to the collection of data through ACR technology nearly *five years ago*, in January 2019. Plaintiff's counsel either knew or should have known these facts at this time as well. *See U.S. Bank Nat'l Assoc. v. Gregory*, 2023 WL 7692613, at *2 n.3 (D.N.J. Oct. 3, 2023) (rejecting the argument that information known by a client should not be imputed to his or her attorney). Similarly, Plaintiff's counsel knew

---

[2] Plaintiffs note in their introduction that SEA indicated in August "that more than 81 million televisions and 900 different models are at issue in this class action litigation," ECF No. 257-1 at 1, but do not offer any argument that this justifies the belated timing of the motion. Nor could they. Plaintiffs' class definition encompasses "[a]ll individuals in the United States who purchased a Samsung . . . Smart TV with content-recognition capability for personal or household use, and not for resale, during the applicable statute of limitations period." ECF No. 88 ¶ 101. Whether an individual is potentially encompassed within the proposed class depends on information which is within the potential class member's control, and so this cannot justify Plaintiffs' late motion. Moreover, the fact that Samsung has sold millions of Smart TVs and various different models is well known and widely publicized. *See, e.g.*, Balakumar K., *Samsung Tops Global TV Market – It's for the 16th Straight Year*, Tech Radar (Feb. 21, 2022), https://www.techradar.com/news/samsung-tops-global-tv-market-its-for-the-16th-straight-year.

or should have known about Ms. Cauley's post-lawsuit Smart TV purchase since February 2023—before this case was remanded by the Third Circuit.  At a minimum, Plaintiffs' counsel were actually aware of these facts no later than June and July 2023, when they disclosed them in response to SEA's interrogatories.  *See* McDonald Decl., Ex. 3, 4.

Plaintiffs point to no reason why they could not have earlier alerted the Court to the fact that they wished to add new plaintiffs or even asked the Court to extend the August 31, 2018 deadline to allow them time to find new plaintiffs. Indeed, this year alone, the Court provided the parties at least four opportunities to discuss issues relating to the applicable case schedule.  ECF Nos. 211 & 223 (asking the parties to submit a joint status update and proposals regarding discovery deadlines), 216 & 223 (scheduling status conferences regarding the same).  On none of these occasions did Plaintiffs or their counsel request that the Court set a new deadline to add new parties or amend the pleadings.  *See* ECF Nos. 214, 229.

The proposed intervenors have no defense that they were not aware of Plaintiffs' Smart TV purchases; they are represented by the same counsel as Plaintiffs and so their counsel's knowledge can and should be imputed to them. *See Harris*, 2010 WL 3743532, at *3 (concluding that it was "fair to impute the

knowledge of counsel" to proposed intervenor when analyzing good cause under Rule 16).

These facts confirm a lack of good cause because Plaintiffs and their counsel cannot "demonstrate that a more diligent pursuit of [the deadline] was impossible." *Konopca v. FDS Bank*, 2016 WL 1228844, at *2 (D.N.J. Mar. 29, 2016); *see also Morel*, 2022 WL 3369664, at *2 (good cause "depends on the diligence of the moving party"). Far from the diligence required to demonstrate good cause, Plaintiffs' purchase of the very product that they claim is intercepting their communications and failure to take action for years "is not compatible with a finding of diligence and offers no reason for a grant of relief." *Faiella v. Sunbelt Rentals, Inc.*, 341 F.R.D. 553, 561 (D.N.J. 2022) (citations and internal quotation marks omitted). And denying Plaintiffs' motion is consistent with the purpose of Rule 16: "The good cause standard under Rule 16 'is not a low threshold,' because '[d]isregard for a scheduling order undermines the court's ability to control its docket, disrupts the agreed-upon course of the litigation, and rewards the indolent and cavalier.'" *Ortiz*, 2023 WL 6619674, at *3.[3]

---

[3] To be sure, Plaintiffs' delay has also resulted in prejudice, as explained in Part III.B.2. That said, the good cause determination depends on the diligence of the moving party and "absence of prejudice to the non-moving party does not constitute 'good cause' under Rule 16." *Est. of Wiley v. City of Newark*, 2021 WL 4272826, at *3 (D.N.J. Sept. 21, 2021).

Consistent with this standard, courts routinely deny motions to intervene where, as here, the motion is made after the applicable deadline passed and the moving party failed to show good cause under Rule 16.  *See, e.g.*, *Harris*, 2010 WL 3743532, at *2–3 (denying a motion to intervene under Rule 16 where counsel for the plaintiffs and proposed intervenors failed to seek leave to add new plaintiffs for a year after learning of deficiencies in the named plaintiffs' claims); *Briggs*, 2009 WL 1560005, at *2 (denying a motion to intervene under Rule 16 where counsel for the plaintiffs and proposed intervenor waited over a year to seek intervention to attempt to revive a claim after the claim was dismissed); *Chambers*, 2016 WL 7427333, at *5 (affirming a magistrate judge's denial of a motion to intervene for failure to show good cause); *HomeBingo Network*, 2006 WL 3469515, at *2 (denying a motion to intervene for failure to show good cause under Rule 16).

*Harris v. Vector Marketing Corp.* is instructive.  2010 WL 3743532.  There, the court denied a request to intervene in a putative class action for failure to demonstrate good cause under Rule 16.  After concluding that the two intervenors needed to meet the requirements of Rule 16 because the deadline to add new parties had expired five months earlier, the court held that the two proposed intervenors "as well as their counsel, did not act with reasonable diligence in filing the motion to intervene," and thus failed to establish good case for modifying the

deadline. *Id.* at *5.  The court explained that one intervenor had made "no attempt whatsoever to make any demonstration of reasonable diligence" and the other intervenor "failed to explain why, when her attorneys knew of the dismissal" of the lead plaintiff's claims that she was attempting to revive, "she did not move to intervene earlier." *Id.* at *2–3.  Notably, in evaluating the proposed intervenors' diligence, the court looked to the diligence of their counsel before they had made their motion because "counsel for the proposed intervenors has represented [the named plaintiff] from the inception of this case." *Id.* at *3.

Here, as in *Harris*, Plaintiffs and the proposed intervenors fail to demonstrate diligence and thus cannot show good cause.  As explained above, Plaintiffs have been aware, and Plaintiffs and the proposed intervenors' counsel should have been aware, of Plaintiff White's post-lawsuit Smart TV purchase for nearly *five years*.

Plaintiffs also cannot demonstrate good cause because they themselves caused the issues they are belatedly attempting to address through intervention.  Put differently, Plaintiffs cannot show that they were reasonably diligent in meeting the deadline to move to add new parties when they voluntarily chose to purchase new Samsung Smart TVs and consent to the use of ACR technology *after* that deadline had already expired.  Were the rule otherwise, a plaintiff could

14

continue to add new parties after a court-ordered deadline by sabotaging their own claim.

The fact that Plaintiffs' purchased their additional Smart TVs after the 2018 deadline for adding new parties had expired does not change this analysis. Plaintiffs could have raised this issue at any time in the five year and eight month periods, respectively, since White and Cauley purchased their additional Samsung TVs, and further, at any time over the past five months during which discovery has been ongoing.  And yet, Plaintiffs chose to bring their motion only after SEA brought the issue of Plaintiffs' post-lawsuit TV purchases to the Court's attention. That is not diligence.  For example, in *Ivanovs v. Bayada Home Health Care, Inc.*, the court denied a motion to amend the plaintiffs' complaint to add new claims based on information learned after the deadline for amending the pleadings had expired for just this reason:  plaintiffs failed to "argue or present any evidence that at any time prior to the present motion Plaintiffs sought to extend the deadline to amend."  2019 WL 13280668, at *3 (D.N.J. Dec. 13, 2019).

In sum, Plaintiffs and the proposed intervenors do not and cannot show that they or their counsel were diligent in attempting to abide by the Court's August 31, 2018 scheduling order.  As a result, their motion should be denied under Rule 16. *See id.*; *Ex rel. Est. of Stallings v. IBM Corp.*, 2009 WL 2905471, at *16 (D.N.J. Sept. 8, 2009) (plaintiffs lacked good cause to modify deadline to amend the

15

pleadings where they had 60 days to review produced documents to identify additional claims and failed to request an extension of the amendment deadline).

**B.    The Court Should Also Use Its Discretion Under Rule 24 to Deny Plaintiffs and the Proposed Intervenors' Motion.**

The Court should also exercise its discretion to deny the motion under Rule 24(b).  Rule 24(b) "grants the court discretion to allow intervention" when the motion is "timely" and the movants raise "a common question of law or fact" with the main action.  *Am. Neighborhood Mortg. Acceptance Co., LLC v. CrossCountry Mortg., Inc.*, 2022 WL 16922179, at *3 (D.N.J. Nov. 10, 2022).  Courts consider various factors when determining whether to grant or deny intervention under Rule 24(b), including "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights," "whether the proposed intervenors will add anything to the litigation and whether the proposed intervenors' interests are already adequately represented in the litigation."  *Worthington v. Bayer Healthcare LLC*, 2011 WL 6303999, at *8 (D.N.J. Dec. 15, 2011).

Under Rule 24, Plaintiffs and the proposed intervenors' motion should be denied for two independent reasons:  (1) the motion fails to show that intervention is necessary to adequately represent the proposed intervenors' interests in this lawsuit; and (2) the motion is untimely and would result in undue delay and prejudice.

16

### 1.    The Proposed Intervenors Fail To Show That Intervention Is Necessary To Represent Their Interests.

Plaintiffs and the proposed intervenors' motion should be denied because it fails to demonstrate that intervention is necessary to protect the proposed intervenors' interests.  "The Third Circuit has explained that if the interests of the proposed intervenor are already represented in the litigation, courts typically deny such applications to intervene." *Am. Neighborhood Mortg. Acceptance Co.*, 2022 WL 16922179, at *4.  Where, as here, proposed intervenors' interests are identical to the named plaintiffs', their interests are *presumptively* represented adequately unless they demonstrate "adversity of interest, collusion, or nonfeasance on the part of a party to the suit.'"  *Milliron v. T-Mobile USA, Inc.*, 2009 WL 10728641, at *2 (D.N.J. July 24, 2009); *see also Hoots v. Pennsylvania*, 672 F.2d 1133, 1136 (3d Cir. 1982) (where proposed intervenors' interests "in every manner match those of an existing party" and they do not show their current representation is inadequate, "the district court is well within its discretion in deciding that the [intervenor's] contributions to the proceedings would be superfluous and that any resulting delay would be 'undue'").

Plaintiffs and the proposed intervenors entirely fail to make the necessary showing for what they are requesting from the Court in their motion.  The crux of their argument seems to be that SEA has pointed to deficiencies in Plaintiffs' Wiretap Act claim that have been there from the start.  Plaintiffs' solution to this

problem is to propose intervenors that are in no meaningful way differently situated than Plaintiffs White and Cauley. As such, they are unable to demonstrate that the proposed intervenors' interests are inadequately represented as the case law demands. *See Dewey v. Volkswagen of Am.*, 2012 WL 8433901, at *4 (D.N.J. Nov. 6, 2012) (denying a motion to intervene where the intervening plaintiff's only criticisms were directed at the defendants and he did not challenge the adequacy of the plaintiffs). Indeed, the proposed intervenors concede that they "seek to prosecute *exactly* the same claims against Samsung" as Plaintiffs White and Cauley. ECF No. 257-1 at 11 (emphasis in original).

Plaintiffs argue vaguely that intervention would "bolster class representation," *id.* at 9, but that is not a proper basis for granting intervention. *See Milliron*, 2009 WL 10728641, at *2. As the *Milliron* court explained: whether intervention will "enhance the representation" of the class "is the wrong inquiry." *Id.* To succeed, the proposed intervenors "must articulate how the present class representatives and associated counsel have been unable to adequately represent them thus far" by showing "adversity of interest, collusion, or nonfeasance" sufficient to warrant intervention. *Id.*; *see also Hoots*, 672 F.2d at 1136 (intervenor who failed to allege "substandard performance" of the defendant or its counsel could not meet its burden of showing that the defendant's representation was inadequate). Here, the proposed intervenors fail to make that showing. Nor could

they:  Plaintiffs' post-lawsuit purchases of Samsung Smart TVs merely highlight a key deficiency of the putative class's claims writ large.  Indeed, *any users* who activated their Samsung Smart TVs *by necessity* consented to the use of ACR technology.  *See* ECF No. 181-8 ¶¶ 4–8.

### 2.   Intervention Is Untimely and Would Cause Undue Delay and Prejudice.

Plaintiffs and the proposed intervenors' motion should also be denied as untimely.  The timeliness analysis under Rule 24 "requires considering the totality of the circumstances arising from three factors: '(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay.'"  *Wallach v. Eaton Corp.*, 837 F.3d 356, 371 (3d Cir. 2016).  Courts apply a similar timeliness analysis under Rule 15 (for the amendment of pleadings), making analysis under one rule instructive as to the other.  *See, e.g.*, *Town of New Windsor v. Tesa Truck, Inc.*, 919 F. Supp. 662, 677 n.18 (S.D.N.Y. 1996).  Though intervention motions filed by putative class members prior to class certification are given a presumption of timeliness, the presumption is "not dispositive, and may be rebutted by a contrary determination under the totality of the factors described above."  *Wallach*, 837 F.3d at 372.  Here, those factors rebut the presumption of timeliness and demonstrate that the proposed intervenors' motion is untimely.

19

### a)   The Proceedings Are Sufficiently Advanced To Weigh Against Intervention.

Plaintiffs have elsewhere candidly admitted that the parties have already spent "enormous time and resources" litigating this case *before* it went on appeal. *White v. Samsung Elec. Am., Inc.*, Appellees' Br., No. 22-1162, ECF No. 28 at 27.

Discovery has been ongoing since the case was remanded and is scheduled to close in March 2024.  ECF No. 223.  The parties have produced numerous documents, exchanged several written discovery responses, and participated in lengthy negotiations over the scope of discovery, including discovery against Plaintiffs White and Cauley, which Plaintiffs have repeatedly resisted and attempted to delay, including by impeding SEA's efforts to depose Plaintiffs or conduct inspections of their Smart TVs.  The parties are currently in the process of scheduling inspections of Mr. White's and Ms. Cauley's Smart TVs and depositions of Mr. White and Ms. Cauley, which Plaintiffs have finally agreed to, and depositions of SEA employees and a 30(b)(6) deposition of SEA.  *See* ECF No. 258 at 10–11.

Plaintiffs' repeated attempts to shift blame to SEA for the pace of discovery are both irrelevant and factually inaccurate.  SEA has made substantial efforts to move discovery forward expeditiously, notwithstanding Plaintiffs' ever-changing and scattershot approach to discovery.  Plaintiffs' vague criticisms appear to be

motivated by frustration at their inability to identify discovery supporting their

claims, rather than any particular issue with SEA's responses to discovery.

These proceedings have significantly advanced with a mere four months

remaining before the close of fact discovery.  Intervention at this stage would thus

be improper.  *See Wallach*, 837 F.3d at 375 (holding that this factor weighed

against intervention where the parties had, among other things, "briefed (and

resolved) a dispositive motion to dismiss" and "undertaken 'extensive fact

discovery'"); *Am. Neighborhood Mortg.*, 2022 WL 16922179, at *4 (denying a

motion to intervene in part because "intervention will only further delay the

adjudication of the original parties' rights because discovery has commenced and

this Court already issued a decision on [a] Motion to Dismiss prior to the filing of

the instant motion").

> **b)    Intervention Would Cause Undue Delay and Prejudice SEA.**

Adding seven new plaintiffs with less than four months left until the close of

fact discovery will also result in undue delay and prejudice.  A proposed

intervenor's delay "should be measured from the point at which the applicant

knew, or should have known, of the risk to its rights."  *Wallach*, 837 F.3d at 375–

76.  Where, as here, proposed intervenors are represented by the same attorneys as

a party in the main action, it is proper to measure notice to the proposed

intervenors based on their attorneys' knowledge.  *See Briggs v. OS Rest. Servs.,*

*LLC*, 2021 WL 7448752, at *9 (C.D. Cal. Aug. 18, 2021) (noting a lawyer's fiduciary duties to the class once a class complaint is filed and holding that, under Rule 24, "delay can be assessed from when counsel knew or should have known of Plaintiff's alleged inadequacy as class representative").[4]

Plaintiffs White and Cauley purchased their new Samsung Smart TVs in January 2019 and February 2023, respectively.  As explained above, if Plaintiffs' counsel were not aware of these purchases at the time they were made, or were not aware that these purchases highlighted the weaknesses in Plaintiffs' claims, they should have been.  *See Gregory*, 2023 WL 7692613, at *2 n.3.  And yet they failed to take any action to address these issues for nearly five years.  This delay is equally attributable to the proposed intervenors, who are represented by the same counsel as Plaintiffs.  *See Briggs*, 2021 WL 7448752, at *9.

Courts routinely reject motions to intervene and to amend the pleadings where, as here, the movants have notice of the relevant facts but fail to act for months or years.  *See, e.g.*, *In re Valeant Pharma. Int'l, Inc. v. Sec. Litig.*, 2020 WL 4034896, at *8 (D.N.J. June 26, 2020) (plaintiffs' motion to intervene was untimely where they "knew or should have known of the risk to their rights for

---

[4] *Miller v. Ghirardelli Chocolate Co.*, 2013 WL 6776191, at *6 n.7 (N.D. Cal. Dec. 20, 2013) (collecting cases); *see also In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 801 (3d Cir. 1995) ("[C]lass attorneys, purporting to represent a class, also owe the entire class a fiduciary duty once the class complaint is filed.").

years" but chose not to intervene); *see also USX Corp. v. Barnhart*, 395 F.3d 161, 168–69 (3d Cir. 2004) (a party's decision to wait three years to seek amendment under Rule 15 despite having notice of the facts giving rise to amendment was undue delay); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (plaintiff's delay in seeking amendment of the pleadings was undue where amendment was sought three years after the lawsuit was filed and two years after the complaint was last amended and the plaintiff had "numerous opportunities to correct any deficiencies" in her claim "but failed to take advantage of them").

The proposed intervenors' delay in seeking intervention will demonstrably prejudice SEA by adding seven new plaintiffs and effectively requiring SEA to restart from scratch its discovery efforts against class representatives.  Discovery will close in March 2024, and it is impractical and unduly burdensome for SEA to be forced to take discovery of seven new plaintiffs who collectively own ten Smart TVs in less than four months, particularly given Plaintiffs' resistance to basic and routine discovery requests.  In short, intervention would unnecessarily "delay resolution of this case, which has already been through more than five years of litigation, and thus prejudice [SEA] under Fed. R. Civ. P. 24(b)(3)."  *Bacon v. Avis Budget Grp., Inc.*, 2022 WL 2158964, at *2 (D.N.J. June 15, 2022).

Granting intervention would cause further delay and prejudice by forcing SEA to file a second motion to compel arbitration against the proposed intervenors

who consented to arbitration while setting up their Smart TVs in order to enforce

its arbitration rights.  Based on the limited information provided thus far by

Plaintiffs, it appears that many or all of the proposed intervenors agreed to binding

individual arbitration when setting up their Samsung Smart TV.[5]  Litigating

arbitration once again—after years spent litigating arbitration against Plaintiffs

White and Cauley in this Court and on appeal—will result in further delay and

expenditure of resources.[6]

### c)    Plaintiffs and Proposed Intervenors Have No Legitimate Reason for Their Delay.

Plaintiffs and the proposed intervenors offer no justification for their lengthy

delay in bringing this motion (five years for White, eight months for Cauley) after

---

[5] Plaintiffs incorrectly claim that SEA has "all the information required" to assert its arbitration rights because it purportedly can "tell by the Model Number on a SmartTV whether that Model contains an arbitration clause in the Terms and Conditions."  ECF No. 257-1 at 1 n.1.  In fact, SEA cannot identify the proposed intervenors' consent records without each Smart TV's identifier information, which Plaintiffs have not provided for all proposed intervenors.

[6] Plaintiffs have asserted that the Third Circuit's holding that SEA waived its right to compel arbitration against Plaintiffs White and Cauley extends to the proposed intervenors, but that ruling cannot extend to absent class members who are not parties to the litigation and entered into separate arbitration agreements with SEA. *See In re Ductile Iron Pipe Fittings ("DIPF") Direct Purchaser Antitrust Litig.*, 2016 WL 5508843, at *2 (D.N.J. Sept. 28, 2016) ("The issue [of arbitration] should be addressed when all parties to the lawsuit are known and the specific arbitration agreements that Defendant wishes to enforce can be identified."); *Lawrence v. NYC Med. Prac., P.C.*, 2023 WL 4706126, at *14, 16 (S.D.N.Y. July 21, 2023) (collecting authority that the earliest time to compel arbitration for absent class members is after class certification); *see also Field Intel. Inc. v. Xylem Dewatering Sols. Inc.*, 49 F.4th 351, 359–60 (3d Cir. 2022) (litigating a claim based on one contract does not waive a party's right to pursue arbitration under another contract that the party was not initially aware was relevant to the case).

Plaintiffs White and Cauley purchased additional Samsung Smart TVs and re-consented to data collection through ACR technology while simultaneously asserting that those same Smart TVs were surreptitiously intercepting their communications. To the extent Plaintiffs and the proposed intervenors' counsel made a strategic decision not to add new parties in response to these facts, that is not a proper justification for delay. As the Third Circuit has explained, "misplaced confidence" in the strength of a plaintiffs' claim is not a sufficient basis to justify delay. *See USX Corp.*, 395 F.3d at 168–69 (under Rule 15, "misplaced confidence" in the plaintiffs' legal theory did not warrant granting leave to amend years after filing the original complaint); *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273–74 (3d Cir. 2001) (same); *see also Steffy v. Home Depot, Inc.*, 2009 WL 1657111, at *4–5 (M.D. Pa. June 12, 2009) (same). Nor can Plaintiffs' counsel and the proposed intervenors claim lack of knowledge of these purchases. Plaintiffs' counsel should have been aware of these purchases once they occurred, *see Gregory*, 2023 WL 7692613, at *2 n.3, and their knowledge, as well as the consequences of that knowledge, should therefore be attributed to the proposed intervenors. *See Harris* 2010 WL 3743532, at *3.

25

### 3.     Plaintiffs' Authority Does Not Support Their Argument.

In support of their motion, Plaintiffs and the proposed intervenors cite a number of cases that are inapposite and fail to demonstrate that intervention is appropriate.

First, unlike here, none of the cases cited by Plaintiffs and the proposed intervenors involve a motion to intervene made after a scheduling order deadline for adding new parties.  As explained above, this deadline requires Plaintiffs to meet the more stringent Rule 16 good cause standard, which they have not and cannot do.

Second, nearly all of Plaintiffs and the proposed intervenors' authority addresses motions to intervene made *after a class had already been certified*.  *See, e.g.*, *Goodman v. Lukens Steel Co.*, 777 F.2d 113, 122 (3d Cir. 1985).[7]  This distinction is critical because class certification has the effect of vesting the class with "a legal status separate from the interest asserted by the unnamed plaintiff[s]." *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1538 (2018); *see also Birmingham Steel Corp.*, 353 F.3d at 1339 (that a certified class has a "legal status separate from the named plaintiff" indicated that "the district court here erred by

---

[7] *See also Birmingham Steel Corp. v. Tenn. Valley Auth.*, 353 F.3d 1331, 1339–40 (11th Cir. 2003); *Butler v. Suffolk County*, 2023 WL 5096218, at *2–3 (E.D.N.Y. Aug. 9, 2023); *In re Lutheran Bhd. Variable Ins. Prods. Co. Sales Prac. Litig.*, 2002 WL 31371945, at *2 (D. Minn. Oct. 7, 2002); *In re Arakis Energy Corp. Sec. Litig.*, 1999 WL 1021819, at *13 (E.D.N.Y. Apr. 27, 1999); *Lawrence v. Phillip Morris Co., Inc.*, 1999 WL 51845, at *1 (E.D.N.Y. Jan. 9, 1997).

not giving counsel an opportunity to seek a new named plaintiff").  No class has been certified here, making these cases inapposite and rendering Plaintiffs and the proposed intervenors' showing insufficient to support intervention under Rule 24(b).  *See Warden v. Crown Am. Realty Trust*, 1998 WL 725946, at *5 (W.D. Pa. Oct. 15, 1998) (denying a motion to intervene and distinguishing *Goodman* because a class had been certified in that case); *In re Mortgagors of Temple-Inland Mortg. Corp.*, 2001 WL 177181, at *2 (E.D. Pa. Jan. 24, 2001) (same).[8]

Third, several of Plaintiffs and proposed intervenors' cases did not analyze the Rule 24 factors, let alone demonstrate that they weigh in favor of intervention here.  *Goodman*, and *Birmingham Steel Corp.*, for example, held only that the district courts should have considered the *possibility* of intervention.  *Goodman*, 777 F.2d at 124–125 (remanding to the district court to "explore the *possibility of intervention*" but not holding that intervention was proper (emphasis added)); *Birmingham Steel*, 353 F.3d at 1342 (vacating district court's order decertifying a

---

[8] In *Wallach*, the Third Circuit noted that the distinction between putative and certified classes did not weigh against adopting the presumption of timeliness for pre-certification intervention motions.  837 F.3d at 373 & n.20.  But *Wallach* did not address this distinction's relevance under the Rule 24 factors, nor did it alter the longstanding rule that certified classes acquire "a legal status separate from the interest asserted by the named plaintiff," which justifies the replacement of class representatives whose claims have become moot after a class has been certified.  *Sanchez-Gomez*, 138 S. Ct. at 1538–39.  Even the authority Plaintiffs and the proposed intervenors cite recognize the relevance of this distinction.  *See, e.g.*, *Diduck v. Kaszycki & Sons Contractors, Inc.*, 149 F.R.D. 55, 57–58 & n.2 (S.D.N.Y. 1993) (noting that certified classes have a "separate legal status" and that "[i]ntervention 'should be liberally allowed'" because "members of a class are normally bound by the judgment in the class action").

class "without first giving class members an *opportunity to intervene* as the class
representative" while not ruling on the propriety of intervention (emphasis added)).
They neither analyzed the Rule 24 factors—which here do not support
intervention—nor held that intervention should have been granted.  Similarly, *Trief
v. Dun & Broadstreet Corp.* addressed the timeliness of a motion to intervene in a
single sentence and so fails to offer any support for Plaintiffs and the proposed
intervenors' assertion that their motion is timely.  144 F.R.D. 193, 203 (S.D.N.Y.
1992) ("Because the Court finds that Mr. Feldman is an adequate class
representative . . . and that his motion to intervene is timely, the [motion to
intervene] must be granted.").  And in *In re Avon Securities Litigation*, the court
did not address Rule 24 and noted only that solicitation of substitute class
representatives may be required where the sole representative of a class *withdraws
from the case*.  1998 WL 834366, at *10 (S.D.N.Y. Nov. 30, 1998).

Fourth, Plaintiffs and the proposed intervenors' cases were decided based on
issues that are not present here.  For example, in *Lawrence*, the court's only
discussion of timeliness related to whether the intervenor's motion was barred by
the statute of limitations.  1999 WL 51845, at *2–3.  In another example, *In re
Cigna Corp. Securities Litigation*, the court permitted intervention because doing
otherwise would "eviscerate the whole concept that Congress had in mind in
establishing the Lead Plaintiff concept in the PSLRA [Private Securities Litigation

Reform Act]."  2005 WL 3952802, at *2 (E.D. Pa. Feb. 23, 2005).  This case is not governed by the PSLRA, and Plaintiffs and the proposed intervenors' motion is demonstrably untimely.

Tellingly, none of Plaintiffs' and the proposed intervenors' authority involves the years-long delay at issue here.  For example, in *In re Arakis Energy Corp. Securities Litigation*, timeliness was not an issue; the proposed intervenors there moved "a few months" after learning that their interests might be impaired, unlike the years-long delay by Plaintiffs and their counsel here.  1999 WL 1021819, at *12.  Likewise, in *Wallach*, the relevant delay was only two months. 837 F.3d at 376–77.  The brief nature of this delay drove the court's analysis of prejudice, leading it to be "skeptical of the alleged prejudice" caused by intervention because "there was no meaningful delay."  *Id.* at 377.  That is a far cry from the situation here, where Plaintiffs and their counsel failed to take any action in response to Plaintiff White's post-lawsuit Smart TV purchase for nearly five years.  To the extent *Wallach* is similar to this case, it is in fact helpful for SEA. Like here, the litigants in *Wallach* had "briefed (and resolved) a dispositive motion to dismiss" and "undertaken 'extensive fact discovery.'"  *Id.* at 375.  The Third Circuit held that these facts, among others, militated *against* intervention, as they do here.  *Id.*

## IV.   CONCLUSION

In sum, Plaintiffs and proposed intervenors have not shown good cause for the delay in making their motion, the proposed intervenors have not overcome the presumption that their interests are adequately represented, and their motion is untimely and prejudicial.  Accordingly, SEA respectfully requests that the Court deny the motion to intervene.


Dated: December 4, 2023                    Respectfully submitted,

                                           By: s/ *Michael R. McDonald*
                                           Michael R. McDonald
                                           mmcdonald@gibbonslaw.com
                                           GIBBONS P.C.
                                           One Gateway Center
                                           Newark, NJ 07102
                                           Telephone: (973) 596-4500

                                           Emily Johnson Henn (*pro hac vice*)
                                           ehenn@cov.com
                                           COVINGTON & BURLING LLP
                                           3000 El Camino Real
                                           Palo Alto, CA 94306
                                           Telephone: (650) 632-4715

                                           Jordan S. Joachim (*pro hac vice*)
                                           Celin Carlo-Gonzalez (*pro hac vice*)
                                           jjoachim@cov.com
                                           ccarlogonzalez@cov.com
                                           COVINGTON & BURLING LLP
                                           620 Eighth Avenue
                                           New York, NY 10018
                                           Telephone: (212) 841-1086

*Attorneys for Defendant*
*Samsung Electronics America, Inc.*