## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS ROGER WHITE, JR., and PATRICIA CAULEY, on behalf of themselves and all others similarly situated, | Civil Action No. 17-01775 (MCA) (JSA) |
| | Hon. Madeline Cox Arleo, U.S.D.J. |
| | Hon. Jessica S. Allen, U.S.M.J. |
| Plaintiffs, | |
| v. | **Return Date:** December 18, 2023 |
| SAMSUNG ELECTRONICS AMERICA, INC., | **Oral Argument Requested** |
| Defendant. | |

## PLAINTIFFS' AND INTERVENING CLASS MEMBERS' REPLY BRIEF IN SUPPORT OF MOTION TO INTERVENE FOR THE PURPOSE OF SERVING AS ADDITIONAL CLASS REPRESENTATIVES

Mack Press
THE MACK FIRM
18 Watergate Lane
Patchogue, NY 11772
Telephone: (516) 330-7213
mack@mackpress.com

*Attorneys for Plaintiffs and Intervening Class Members*

Lesley E. Weaver (*pro hac vice*)
Joshua D. Samra (*pro hac vice*)
BLEICHMAR FONTI & AULD LLP
1330 Broadway, Suite 630
Oakland, CA 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
jsamra@bfalaw.com

H. Melissa Mather (*pro hac vice*)
BLEICHMAR FONTI & AULD LLP
8911 N Capital of Texas Hwy #4200
Suite 219
Austin, TX 78759
Tel.: (512) 298-0664
mmather@bfalaw.com

*Attorneys for Plaintiffs and Intervening Class Members*

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................1

II.   PLAINTIFFS' MOTION TO INTERVENE PURSUANT TO RULE
      24(B) SHOULD BE GRANTED. ..............................................................3

      A.    Plaintiffs' Motion Satisfies Rule 24(b) Requirements. ........................3

      B.    The Scheduling Deadline Samsung Points To Does Not Apply
            and in Any Event Was Superseded. .....................................................7

      C.    Even If Rule 16 Applies, Good Cause Is Apparent on These
            Facts....................................................................................................11

III.  CONCLUSION..........................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*American Neighborhood Mort. Acceptance Co. v. Crosscountry Mort., Inc.*,
  2022 WL 16922179 (D.N.J. Nov. 10, 2022) ........................................................... 4

*Bell v. Lockheed Martin Corp.*,
  2011 WL 1467365 (D.N.J. Apr. 18, 2011) ............................................................ 10

*Birmingham Steel Corp. v. Tenn. Valley Auth.*,
  353 F.3d 1331 (11th Cir. 2003) ............................................................................ 13

*Coinbase, Inc. v. Bielski*,
  599 U.S. 736 (2023) ............................................................................................... 2

*GlobespanVirata, Inc. v. Tex. Instr., Inc.*,
  2005 WL 1638136 (D.N.J. July 12, 2005) ............................................................ 11

*Harding v. Jacoby & Meyers, LLP*,
  2018 WL 3377159 (D.N.J. July 11, 2018) .............................................................. 9

*Harris v. Vector Mktg. Corp.*,
  2010 WL 3743532 (N.D. Cal. Sept. 17, 2010) ...................................................... 13

*Hoots v. Com. of Pa.*,
  672 F.2d 1133 (3d Cir. 1982) ................................................................................. 3

*Kirby v. McMenamins Inc.*,
  2023 WL 4623988 (W.D. Wash. July 19, 2023) ............................................... 5, 12

*Kremens v. Bartley*,
  431 U.S. 119, 135 (1977) ...................................................................................... 15

*Lynch v. Baxley*,
  651 F.2d 387 (5th Cir. Unit B July 23, 1981) ...................................................... 13

*Magazzu v. Volmar Serv., Inc.*,
  2009 WL 10688007 (D.N.J. Oct. 7, 2009) ............................................................ 11

*Malibu Media v. Redacted*,
  705 Fed. Appx. 402 (6th Cir. 2017) ....................................................................... 7

*Milliron v. T-Mobile, USA, Inc.*,
   2009 WL 10728641 (D.N.J. July 24, 2009) ...........................................................3

*Morel v. Goya Foods, Inc.*,
   2022 WL 3369664 (D.N.J. Aug. 16, 2022).........................................................14

*Nat'l Fed'n of Blind v. Target Corp.*,
   582 F.Supp.2d 1185 (N.D. Cal. 2007) ...............................................................15

*Ortiz v. Stevenson*,
   2023 WL 6619674 (D.N.J. Oct. 11, 2023) ..........................................................12

*Phillips v. Ford Motor Co.*,
   435 F.3d 785 (7th Cir. 2006) ................................................................................1

*Premier Comp Sols., LLC v. UPMC*,
   970 F.3d 316 (3d Cir. 2020) ...............................................................................11

*Robichaud v. Speedy PC Software*,
    2013 WL 818503 (N.D. Cal. Mar. 5, 2013) .......................................................15

*Slaughter v. Uponor, Inc.*,
   2012 WL 2780049 (D. Nev. Jul. 9, 2012)...........................................................15

*Wallach v. Eaton Corp.*,
   837 F.3d 356 (3d Cir. 2016) ..................................................................................4

*White v. Samsung Elec. Am.*,
   61 F.4th 334 (3d Cir. 2023) ...................................................................................7

**Rules**

Fed. R. Civ. P. 16 ...........................................................................................................11

Fed. R. Civ. P. 16(b) ......................................................................................................10

Fed. R. Civ. P. 24(a) ............................................................................................ 3, 5, 15

Fed. R. Civ. P. 24(b) ......................................................................................... 2, 3, 5, 7

**Statutes**

18 U.S.C. § 2511(2)(d)...................................................................................................13

iii

# I.   INTRODUCTION

Intervention is warranted here, given Plaintiffs' prompt action and that not even one deposition has been taken in this long-pending action. It is a reasonable and practical request. No less a jurist that Judge Posner noted that "substitution of unnamed class members for named plaintiffs who fall out of the case because of settlement or other reasons is a common and normally an unexceptionable ('routine') feature of class action litigation … in the federal courts …." *Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006) (Posner, J.) (collecting cases).

Samsung, however, claims prejudice. First, it argues harm because a "mere four months" remain in the discovery period. Second, Samsung threatens that if intervention is granted, it will launch a renewed effort to compel arbitration, despite this Court's finding, affirmed by the Third Circuit, that Samsung waived arbitration in this case. And this litigation tactic, Samsung's logic goes, prejudices Samsung.

These arguments are not winning. With respect to the status of discovery, four months is sufficient time to obtain the discovery that Samsung needs. Samsung has been on notice of the Samsung SmartTV model numbers of the Proposed Intervenors since November 1, 2023, and also on notice that these individuals will be witnesses and class members even if not permitted to intervene. Samsung has done nothing to

seek discovery as to these people.[1]

With respect to Samsung's threat to relitigate arbitration, Plaintiffs have advised Samsung that any such efforts will be met with all available tools to ensure that the case moves forward, including seeking to certify such an appeal as frivolous under the procedure endorsed in *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 745 (2023) ("[N]early every circuit has developed a process by which a district court itself may certify that an interlocutory appeal is frivolous."). For purposes of this motion, Samsung's argument that if intervention is granted, Samsung's own litigation strategy will prejudice itself does not meet the Rule 24 standard.

Because Rule 24(b) standards are clearly met, Samsung pivots, pointing to an inoperative deadline in a 2018 scheduling order and arguing that this motion should have been brought in 2018, despite that the facts requiring the intervention had not even materialized. But that 2018 scheduling order has been superseded multiple times and no such deadline exists. And even if the Court adopted the Rule 16 test, as Samsung urges, good cause exists to permit this intervention.

The intervenors' Rule 24(b) motion should be granted.

---

[1] Plaintiffs, by contrast, have voluntarily provided information to Samsung, sending the DUID and PSID for all but one of the Proposed Intervenors.

## II.   PLAINTIFFS' MOTION TO INTERVENE PURSUANT TO RULE 24(B) SHOULD BE GRANTED.

### A.   Plaintiffs' Motion Satisfies Rule 24(b) Requirements.

Samsung does not contest that the Proposed Intervenors share "a common question of law or fact" with the named plaintiffs. ECF 261 at 16. Instead, Samsung argues that the "(1) the motion fails to show that intervention is necessary to adequately represent the proposed intervenors' interests in this lawsuit and (2) the motion is untimely and would result in undue delay and prejudice." ECF 261 at 16. But a showing that intervention is "necessary" for adequate representation applies only to motions brought for intervention *as of right* under Fed. R. Civ. P. 24*(a)*. Here, Plaintiffs and the Proposed Intervenors seek permissive intervention under Fed. R. Civ. P. 24*(b)*. In both cases relied on by Samsung, the proposed intervention was opposed by class counsel, and the motion was made after or just before substantive relief was to be afforded to the class. *See Milliron v. T-Mobile, USA, Inc.*, 2009 WL 10728641, at *1 (D.N.J. July 24, 2009) (intervention sought months after preliminary settlement approval, after close of opt-out period and "a mere 11 days" before final fairness hearing); *Hoots v. Com. of Pa.*, 672 F.2d 1133, 1135 (3d Cir. 1982) (intervention sought after significant injunctive relief granted). Here, early intervention will address Samsung's known attack on the current plaintiffs, substitute for a withdrawing plaintiff, and provide more comprehensive representation.

3

Samsung also argues that Plaintiffs' motion "is untimely and would result in undue delay and prejudice," because only four months remain in the discovery period. ECF 261 at 16. But neither of the two cases Samsung cites endorse the denial of intervention in similar circumstances, when months remain in the discovery period and no depositions have been scheduled or taken. In *Wallach v. Eaton Corp.*, 837 F.3d 356, 375 (3d Cir. 2016), for example, the Court actually reversed the district court's denial of intervention. The Court noted that "the litigants here had briefed (and resolved) a dispositive motion to dismiss, undertaken 'extensive fact discovery,' briefed the motion to certify the class, and submitted expert reports and depositions before the motions to intervene were filed." *Id.* at 375. Here, the exchange of fact discovery can hardly be deemed "extensive," no expert discovery of any kind has taken place, and no depositions have been taken or scheduled. ECF 258 (noting that Samsung has produced only 58 documents since the parties' last appearance; has to date refused to produce plaintiffs' data; and has not provided a single deposition date).

In *American Neighborhood Mort. Acceptance Co. v. Crosscountry Mort., Inc.,* 2022 WL 16922179 (D.N.J. Nov. 10, 2022), the Court found intervention untimely and denied it. The Court focused on the fact that the Proposed Intervenors had become actively involved in the case years ago by filing a motion to compel arbitration and even appealing the denial of that motion to the Third Circuit. 2022

WL 16922179, at *2. That situation is not at all analogous to the Proposed Intervenors here, who took steps to intervene mere weeks after learning of Samsung's allegations regarding the adequacy of class representation.

With respect to undue delay under Rule 24(b), Samsung argues plaintiffs should have intervened before a 2018 deadline imposed at the outset of the case, long before Samsung's failed attempt to invoke arbitration and failed appeal.[2] But this ignores the impetus for the instant motion: Samsung's assertion in September 2023 that the two plaintiffs' subsequent purchases of SmartTVs (one in 2019 and one in 2023) would form the basis of an attack on the named plaintiffs' adequacy.

With respect to undue prejudice under Rule 24(b), Samsung argues that: (1) intervention will require Samsung to "restart from scratch its discovery efforts against class representatives," and (2) intervention will prejudice Samsung because if the motion is granted, Samsung will challenge this Court's prior holding, affirmed by the Third Circuit, that Samsung has waived its right to arbitrate in this case.

As to the first argument, it is true that Samsung will have to take discovery from the Proposed Intervenors. But this is true in every case. If the fact of new discovery as to intervenors were grounds for denying a timely motion to intervene, intervention would never be granted. The case of *Kirby v. McMenamins Inc.*, 2023 WL 4623988 (W.D. Wash. July 19, 2023) is instructive on this point. There, a

---

[2] *See* discussion of Samsung's related argument under Rule 16 below.

putative class action was brought in 2022 with one named class representative. *Id.* at *1. In 2023, plaintiffs sought to bring in new class representatives. Defendant opposed, claiming prejudice. *Id.* at *2. The district court found that defendant was dilatory in seeking discovery, noting that it had not deposed the named plaintiff or even "requested his availability for deposition" and concluded its "lack of urgency undermines the argument that it will be prejudiced by the need to serve discovery on and depose the Additional Plaintiffs." *Id.* at *5.

Here Samsung has demonstrated a similar "lack of urgency" in pursuing discovery. As one example, Plaintiffs have been engaged in a months-long effort to obtain any production of named plaintiff data. On September 15, 2023, Magistrate Judge Allen ordered Samsung to produce by October 5, 2023: "data and documents describing the categories of data collected in real-time through users' Smart TVs," as well as data collected from "Plaintiff White's Florida Smart TV." ECF 241. What Samsung has produced is a one-page "exemplar" with four words and four strings of numbers. Plaintiffs have raised this issue to Magistrate Judge Allen by letter dated November 27, 2023. ECF 258.

Second, Samsung argues that if intervention is granted, Samsung will attempt to relitigate whether it waived its right to invoke arbitration by its conduct in this case. This is despite that this Court's earlier decision on arbitration—as well as the Third Circuit opinion affirming that decision—rested on Samsung's conduct

directed at ***all*** plaintiffs, not just the current named plaintiffs. ECF 194 at p. 3 (citing delay of four years since the filing of the initial complaint, which named different plaintiffs); pp. 3–4 (citing Samsung's three motions to dismiss, which were directed at various times to different plaintiffs); p. 5 (finding that "Defendant has waived its right to arbitrate" with no qualification as to particular named plaintiffs at particular times); *see also White v. Samsung Elec. Am.*, 61 F.4th 334, 340 (3d Cir. 2023) ("Samsung's litigation actions here evince a preference for litigation over arbitration," referring to actions from the inception of the case, when different plaintiffs were named).

There is no basis in law to find prejudice because a party's own litigation tactics may delay the case. *See, e.g.*, *Malibu Media v. Redacted*, 705 Fed. Appx. 402, 408 (6th Cir. 2017) (finding no prejudice to defendant when "delay was premised on [defendant's] own litigation tactics"). Indeed, if Samsung is so confident of its position, one wonders why Samsung refuses to stipulate to intervention and get on with invoking its allegedly effective arbitration clause.[3]

## B.     The Scheduling Deadline Samsung Points To Does Not Apply and in Any Event Was Superseded.

Because it is clear that permissive intervention is warranted under Rule 24(b),

---

[3] Samsung refuses to identify which Samsung SmartTV models Samsung believes are subject to arbitration clauses, despite that Plaintiffs have been expressly seeking this information since April 2023.

Samsung seeks to invoke a defunct deadline for adding parties from a 2018 scheduling order, claiming that Plaintiffs have violated it. Specifically, Samsung's opposition represents to this Court that the deadline for amending parties is August 31, 2018, citing ECF 66. This is error.

The deadlines in that scheduling order, entered on March 28, 2018 by Magistrate Judge Mannion, were stayed by a subsequent order, issued April 27, 2018, which directed that "all discovery in this matter shall be stayed pending further order of the Court after a decision ruling on Defendants' motion to dismiss." ECF 72. The effect of the stay on the deadline to add parties or amend was recognized by all parties when Samsung stipulated to Plaintiffs filing a Second Amended Complaint (ECF 87), after the First Amended Complaint was dismissed on a Rule 12(b)(6) motion (ECF 82). And Magistrate Judge Dickson noted in a subsequent scheduling order, issued July 7, 2020, that "[w]hile the stay has expired, the deadlines set forth in the Pretrial Scheduling Order *are now stale*," and set a new deadline to add or amend parties of November 13, 2020. ECF 148 (emphasis added). The deadlines in the July 2020 scheduling order were then *themselves* stayed by a subsequent stipulation and order, which stated that "all deadlines on discovery are adjourned . . . includ[ing] without limitation, adjournment of the . . . deadline for discovery on individual Plaintiffs' claims." ECF 160. After Samsung's motion to arbitrate was denied, Samsung appealed. The case remained stayed in the district

court until the mandate issued, which was on March 29, 2023. ECF 209. And subsequent scheduling orders entered after the remand of this action have been silent as to deadlines to add parties. ECF 223; ECF 233. In short, ***there is no operative deadline at all in this case to amend or add claims***. And if the timing in the 2018 or 2020 orders were followed here—four months before the close of discovery—the operative deadline would fall in January 2024. That is, if a similar deadline had actually been entered (it was not), the motion to intervene is timely.

Samsung now argues in its response that the August 31, 2018 deadline from the March 2018 scheduling order "remains operative." ECF 261 at 8. Samsung's argument fails in four ways. *First*, Samsung incorrectly invokes a superseded scheduling order to argue a deadline to add parties has passed. This error is particularly egregious when Samsung stipulated to the entry of a later scheduling order modifying this exact deadline. ECF 148. *Second*, Samsung ignores that the trigger for seeking to substitute new plaintiffs did not arise until September 2023, when Samsung first indicated it would seek to disqualify the current plaintiffs due to subsequent purchases of Samsung SmartTVs. The argument that plaintiffs should have sought to intervene new proposed class representatives while the case was on appeal and discovery stayed, based on facts that had not yet transpired, is irrational.

*Third*, *Harding v. Jacoby & Meyers, LLP*, 2018 WL 3377159 (D.N.J. July 11, 2018), a case in this District that Samsung does not even cite, disposes of Samsung's

9

entire argument. There, a putative class action was filed four years earlier, in 2014, and "multiple scheduling orders were entered by two other Magistrate Judge initially case managing the action." 2018 WL 3377159, at *1. One of those scheduling orders had included a deadline for motions to amend expiring in July 2015, although after that there was an order staying certain deadlines pending a decision on various outstanding discovery disputes. *Id.* When plaintiffs sought leave to amend in 2018, defendants cited to the deadline from the 2015 scheduling order, and claimed that an analysis under Rule 16 was required. *Id.* at *2. This Court disagreed:

> First, the Rule 16 good cause standard should not apply under the circumstances of these cases. ***The Scheduling Order deadline relied upon is an outdated, superceded and, as a practical matter, entirely artificial deadline.*** It is in an Order entered years ago by a Magistrate Judge no longer assigned to the case. Many of the deadlines previously entered have passed and are simply no longer operative. . . . ***It would be inequitable and unjust to base an important decision on a dated, inoperative scheduling order, and the Court declines to do so.***

*Id.* at *3 (emphasis added). Saving the distinction between amendment and intervention, these are identical facts teaching the opposite outcome than the one Samsung urges this Court to adopt.

*Finally*, Rule 16 applies only when a scheduling order contains a deadline that would require modification. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *see also Bell v. Lockheed Martin Corp.*, 2011 WL 1467365, at *5 (D.N.J. Apr. 18, 2011) (finding that a motion to intervene was not time-barred when the current scheduling order

provided no deadline for motions to add new parties and the court found it "far from clear whether the original Scheduling Order was implicitly superseded by the comprehensive Scheduling Order and/or suspended by the subsequent motion practice"); *Magazzu v. Volmar Serv., Inc.*, 2009 WL 10688007, at *2 (D.N.J. Oct. 7, 2009) (finding no undue delay under Fed. R. Civ. P. 15 when "there is no deadline for amending pleadings in the [current] Scheduling Order which superseded the [previous] Scheduling Order containing such a deadline"). Because there is no operative scheduling order with such a deadline, there is nothing to modify.

### C.  Even If Rule 16 Applies, Good Cause Is Apparent on These Facts.

Even if this Court were inclined to find that the deadline to add parties expired while the case was stayed or on appeal, Rule 16 permits a modification of existing deadlines for "good cause and with the judge's consent." Fed. R. Civ. P. 16. "A finding of good cause depends on the diligence of the moving party," meaning that "the movant must show that the deadlines cannot reasonably be met despite its diligence." *GlobespanVirata, Inc. v. Tex. Instr., Inc.*, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005).

Plaintiffs have been diligent in addressing the issue that gives rise to the motion to intervene.[4] Specifically, Plaintiffs learned of Samsung's allegations

---

[4] Samsung asserts that Plaintiffs forfeited any arguments as to good cause by not raising Rule 16 affirmatively in their motion for intervention, relying on *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316 (3d Cir. 2020). ECF 261 at 9. But there

regarding adequacy on September 12, 2023, when the parties submitted a joint letter brief to Magistrate Judge Allen related to Samsung's dilatory and obstructionist responses to discovery. ECF 239. By October 5, 2023, just over three weeks later, Plaintiffs advised Samsung that multiple class members wished to intervene and sought to confer regarding intervention. Mather Decl. at Ex. A. Samsung confirmed that it opposed intervention on October 11, 2023. Mather Decl. at Ex. B. Plaintiffs immediately raised this issue with the Court by letter dated October 13, 2023 seeking "an order permitting intervention or leave to brief the matter." ECF 246. In accordance with the Court's text order, this motion was then filed on November 22, 2023, two months and two days after Samsung took its position. This is precisely the type of diligent action that demonstrates good cause. *See Kirby*, 2023 WL 4623988, at *4 (finding good cause where plaintiffs brought their motion within two months of triggering events).

Samsung's response attempts to confuse the relevant timeline by focusing on when Plaintiffs and Plaintiffs' counsel knew or should have known about the fact that both class representatives purchased additional Samsung SmartTVs. ECF 261 at 10–12. First, this ignores Plaintiffs' other valid reasons to add plaintiffs, including broad representation of the class and that Ms. Cauley wishes to withdraw. ECF 257

---

can be no waiver when Plaintiffs had no reason to address Rule 16 in their initial motion. *See, e.g.*, *Ortiz v. Stevenson*, 2023 WL 6619674, at *3 (D.N.J. Oct. 11, 2023) (considering good cause arguments made in reply "in the interests of justice").

at 1–3. Second, this argument assumes that Samsung's attack on the named plaintiffs for subsequent purchases is a self-evident legal problem, which it is not. *See* 18 U.S.C. § 2511(2)(d) ("It shall not be unlawful under this chapter for a person . . . to intercept a wire . . . or electronic communication . . . where one of the parties to the communication has given ***prior consent*** to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act . . . .") (emphasis added).

Ironically, Plaintiffs are seeking early intervention, rather than waiting for a successful challenge, to maintain adequate representation for the class. In a situation where class representatives are found by the court to be inadequate, intervention as of right is warranted, sometimes even past the point of final judgment. ECF 257 at 10–13 (collecting cases); *see also Lynch v. Baxley*, 651 F.2d 387 (5th Cir. Unit B July 23, 1981) (holding that the district court erred in dismissing the case without first giving an opportunity for the intervention of a newly named plaintiff who would have standing); *Birmingham Steel Corp. v. Tenn. Valley Auth*., 353 F.3d 1331, 1342 (11th Cir. 2003) (same). It is precisely to avoid that outcome that the Proposed Intervenors are coming forward now, to eliminate this issue, whether Plaintiffs believe that defense will ultimately be successful or not.

Given these facts, Samsung's reliance on *Harris v. Vector Mktg. Corp*., 2010 WL 3743532, at *1 (N.D. Cal. Sept. 17, 2010) and *Morel v. Goya Foods, Inc*., 2022

WL 3369664, at *2 (D.N.J. Aug. 16, 2022) is misplaced. In *Harris,* a district court in California found lack of diligence under Rule 16 where proposed intervenors failed to seek leave ***for a year after*** the Court ruled on summary judgment and mere days before the deadline to move for class certification. *Harris,* 2010 WL 3743532, at *6. Here no such motions have even been brought.

In *Morel*, a district court in New Jersey addressed a situation in which concerns over adequacy developed after the named plaintiffs were deposed. The court found "Plaintiffs' testimony revealed a lack of knowledge as to certain matters relating to this lawsuit and their roles as class representatives." *Morel*, 2022 WL 3369664, at *1. The court found that the fact that defendants, in following up on the depositions, raised issues with named plaintiffs' adequacy did not "start[] the clock for measuring Plaintiffs' diligence" because "Plaintiffs should make a preliminary determination that each of their representatives actually qualified to serve as class representatives, and that such an inquiry should have been conducted at the inception of the litigation, not years after the action had commenced." *Id.* at *2. Here, Plaintiffs have done exactly as the *Morel* court advised: engaged in thorough diligence before depositions are even noticed. And in any event, the argument that Plaintiffs should earlier have sought to intervene new representatives in 2018 due to facts that had not transpired is absurd.

By Samsung's own admission, this is a case involving 81 million Samsung SmartTVs and more than 200 models. It is a national class action with a class period from 2015 to the present. A case of this magnitude deserves robust representation by consumers who will fairly represent the class. Denying Plaintiffs the opportunity to put their best foot forward would be manifestly unfair.

As one Judge has observed, "in class actions, where a named Plaintiff's individual claims fail or become moot for a reason that does not affect the viability of the class claims, courts regularly allow or order the plaintiffs' counsel to substitute a new representative plaintiff." *Robichaud v. Speedy PC Software*, 2013 WL 818503, at *8 (N.D. Cal. Mar. 5, 2013). *See also Slaughter v. Uponor, Inc.*, 2012 WL 2780049, at *2 (D. Nev. Jul. 9, 2012) (allowing substitution of class representative); *Nat'l Fed'n of Blind v. Target Corp.*, 582 F.Supp.2d 1185, 1204 (N.D. Cal. 2007) (granting summary judgment against named plaintiffs and allowing leave to substitute class representative); *Kremens v. Bartley*, 431 U.S. 119 (1977) (ordering substitution of class representatives where named plaintiffs' claims were found moot). Plaintiffs seek this Court's approval to do the same, and much earlier.

## III.    CONCLUSION

For the foregoing reasons, Intervening Class Members respectfully request that they be granted permission to intervene under Rule 24(b) to serve as class representatives.

Dated: December 11, 2023

By: */s/ Mack Press*
Mack Press
THE MACK FIRM
18 Watergate Lane
Patchogue, NY 11772
Telephone: (516) 330-7213
mack@mackpress.com

Lesley E. Weaver (*pro hac vice*)
Joshua D. Samra (*pro hac vice*)
BLEICHMAR FONTI & AULD LLP
1330 Broadway, Suite 630
Oakland, CA 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
jsamra@bfalaw.com

H. Melissa Mather (*pro hac vice*)
BLEICHMAR FONTI & AULD LLP
8911 N Capital of Texas Hwy #4200
Suite 219
Austin, TX 78759
Tel.: (512) 298-0664
mmather@bfalaw.com

***Attorneys for Plaintiffs and***
***Intervening Class Members***