Michael R. McDonald
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Telephone:  (973) 596-4500

Emily Johnson Henn, Esq. (*pro hac vice*)
**COVINGTON & BURLING LLP**
3000 El Camino Real
5 Palo Alto Square
Palo Alto, California 94306-2112
Telephone: (650) 632-4700

Attorneys for Defendant
Samsung Electronics America, Inc.

Jordan S. Joachim, Esq. (*pro hac vice*)
Celin Carlo-Gonzalez, Esq. *(pro hac vice)*
**COVINGTON & BURLING LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone:  (212) 841 1000

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS ROGER WHITE, JR. and PATRICIA CAULEY on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC. and SONY ELECTRONICS INC.,<br><br>Defendants. | Civil Action No. 17-1775 (MCA)(SCM)<br><br>*Document electronically filed*<br><br>**ORDER AND FINDINGS OF FACT AND CONCLUSIONS OF LAW ON CONFIDENTIAL MATERIALS IN SUPPORT OF MOTION TO SEAL** |

**THIS MATTER,** having come before the Court by Defendant Samsung Electronics America, Inc.'s ("SEA's") Notice of Unopposed Motion to Seal, and the Court having considered the submissions in support of the Unopposed Motion to Seal and the materials for which a sealing order is sought, and the factors set forth in Local Civil Rule 5.3(c), the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1.      SEA seeks to protect what it represents are sensitive, confidential, and proprietary materials identified in Appendix 1 to the Declaration of Michael R. McDonald.

2.      Neither Plaintiffs nor any non-party oppose the motion.

3.      On November 27, 2023, Plaintiffs filed a Joint Letter with supporting Exhibits, ECF No. 258, including Exhibit A which was initially filed under seal. ECF No. 259.

4.      According to SEA, Exhibit A to the Joint Letter contains an exemplar of unanalyzed data generated through Samsung's proprietary Automatic Content Recognition ("ACR") technology, and sent from Samsung Smart TVs to the ACR "matching server."

5.      According to SEA, since the information contained in Exhibit "A" contained competitively sensitive technical, confidential, and proprietary information, SEA designated those materials "Confidential" pursuant to the Discovery Confidentiality Order entered in this case. ECF No. 65.

6.      SEA asserts that disclosure of the materials would give competitors an unfair advantage, causing serious and irreparable financial injury.

7.      SEA has shown that there is no less restrictive means available to preserve its confidentiality interests other than sealing the documents.

## CONCLUSIONS OF LAW

8.      Although the public has a common law right to access judicial proceedings and records, that "right is not absolute." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988). This Court and the Third Circuit have permitted the sealing of confidential business information. *Id*. 851 F.2d at 678 ("[C]ourts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing."); *see also*

*Goldenberg v. Indel, Inc.*, No. 09-5202, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) (granting

motion to seal "commercially sensitive and proprietary non-public business information");

*Bracco Diagnostics, Inc. v. Amersham Health Inc.*, No. 03-6025, 2007 WL 2085350, at *9-10

(D.N.J. July 18, 2007) (granting motion to seal where the public availability of documents

containing confidential business information would have put a party at a competitive

disadvantage).

     9.     The Court concludes that SEA has met its burden of proving under the applicable

case law and under Local Civil Rule 5.3 that the materials described above should be sealed.

Specifically, the Court concludes that: (a) the materials contain confidential information

concerning SEA's business; (b) SEA has a legitimate interest in maintaining the confidentiality

of the materials to prevent their disclosure to competitors who could use the information

contained therein to gain a competitive advantage; (c) public disclosure of the confidential

information would result in clearly defined and serious injury, including the use of confidential

information by competitors to SEA's financial detriment; and (d) no less restrictive alternative to

sealing the materials is available.

     **WHEREFORE,** the Court having found that the relief sought is warranted; and for other

good cause shown:

     **IT IS**, on this  12th  day of   December  20 23  , **ORDERED**:

     1.     SEA's Unopposed Motion to Seal is **GRANTED;** and

     2.     The materials identified in Appendix 1 to the Declaration of Michael R.

McDonald are hereby **PERMANENTLY SEALED.**

                       **IT IS SO ORDERED**

                       s/ *Jessica S. Allen*
                       Honorable Jessica S. Allen, U.S.M.J.