

February 9, 2024

**VIA ECF**

Honorable Jessica S. Allen, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

  Re: *White, et al. v. Samsung Electronics America, Inc., et al.*
     **Case No. 17-1775 (MCA)(JSA)**

Dear Magistrate Judge Allen:

  In accordance with Your Honor's order on January 30, 2024, ECF No. 274, the parties respectfully submit this joint status letter.

Honorable Jessica S. Allen, U.S.M.J.
February 9, 2024
Page 1

**I.** **Plaintiffs' Position:** On the key issue of real-time data and the operation of ACR on Samsung's Smart TVs, the parties are at an impasse, with Samsung proposing to abandon document production in favor of offering a non-engineer employee to testify about the technical workings of ACR. On other issues, this Court's imposition of firm deadlines has resulted in some production of additional documents and movement in agreeing to search terms and additional custodians.

*1. Real-Time Data and Documents.* During the 1/30 meet and confer, Samsung agreed to search for the following, including by asking SEC to provide these documents: (1) documents describing how ACR operates on Samsung Smart TVs, (2) exemplars sufficient to establish the data flow from 1/1/2012 to the present, and (3) documents describing the terms used in data exemplars produced. Samsung now states that it has no additional documents to produce and that the best way to take this discovery is through a 30(b)(6) deposition—even though the person Samsung has designated for these topics is not an engineer and will have to be prepared, ***with documents***, to provide any technical testimony. Plaintiffs ask that this Court order Samsung to produce relevant documents on the real-time operation of ACR by no later than 2/15/2024. As an additional back-stop, Plaintiffs served SEC with a subpoena seeking these documents on 2/9/2024. Personal service was effected only after giving counsel multiple opportunities to accept service, including in person at the 1/30/2024 conference and in a meet and confer the morning before the process servers first attempted service. Plaintiffs intend to use all available means to enforce the subpoena should SEC fail to comply.

*2. Consent Documents.* Samsung was ordered to produce by 11/20/2023, (1) "the full set of terms Defendant contends were presented to Samsung Smart TV users that relate to the

Honorable Jessica S. Allen, U.S.M.J.
February 9, 2024
Page 2

collection of customers' data," (2) "documents showing how these terms were presented," and (3) "records showing the 'consent' selections specific users made." ECF No. 241 at ¶ 1. Hours before this filing, at 4:43 p.m. ET on 2/9/2024, Samsung produced additional documents responsive to the first and second categories. During the 1/30 meet and confer, Samsung stated it would consult with the employee responsible for maintaining consent records to determine what else it could produce from the third category. Samsung now refuses to identify this employee or search their custodial file, despite them having information relevant to Samsung's consent defense.

**3. Search Terms.** Full production for search terms Samsung agreed to run in November 2023 remains incomplete. ECF No. 258-1. The parties are also negotiating additional terms for Messrs. Abuali and Chung and for Justin Evans (Head of Analytics & Insights, Samsung Ads).

**4. Named Plaintiff's Documents.** Samsung has produced pictures taken during the inspection of Plaintiff White's Smart TVs and on the eve of this filing, confirmed that no notes or other evidence was taken during or associated with these inspections.

**5. 30(b)(6) Deposition.** In addition to the issues above, Plaintiffs seek information regarding SyncPlus, a U.S.-only application that uses ACR, to meaningfully confer on Samsung's objections. During the 1/30 meet and confer, Samsung agreed to provide this information but has not done so. The parties are also negotiating a draft stipulation to allow Plaintiffs to serve an additional interrogatory, and plan to submit that shortly.

**6. Mediation.** To address Rule 408 concerns regarding settlement negotiations, Plaintiffs have proposed that Judge Allen confer directly with mediator Michelle Yoshida regarding the parties' September 2023 mediation. Samsung will not agree, and proposes instead that the parties discuss with Judge Allen what has occurred. Plaintiffs view Samsung's proposal as less productive.

Honorable Jessica S. Allen, U.S.M.J.
February 9, 2024
Page 3

## II. *SEA's Position*

SEA, with SEC's extraordinary cooperation, has produced documents describing the ACR technology and the data flow, including diagrams, and has advised Plaintiff where no documents exist. But with every question SEA answers and every production SEA makes, Plaintiff requests additional documents and interrogates defense counsel for facts, all the while refusing to proceed with depositions that will actually deliver the information they are requesting. Plaintiff's transparent strategy to justify seeking additional time for discovery by making increasingly excessive demands despite SEA *and SEC* having fully cooperated throughout the life of this case is unproductive and improper. Plaintiff improperly attempts to paint SEA (and SEC, by extension) as "abandon[ing] document production" when, in reality, SEA has in good faith produced documents responsive to Plaintiff's discovery requests. For example, Plaintiff initially requested an exemplar of fingerprint data, so SEA, with SEC's assistance, produced it. Plaintiff then demanded SEA produce documents explaining the fingerprint data, so SEA asked if SEC would provide relevant documents, and when SEC did so, SEA produced those too. Refusing to proceed with depositions, Plaintiff continues to waste time with shifting and unending requests for documents to explain the documents he has already received, even when SEA has represented there are no such documents.

Plaintiff continues to raise various non-issues, like Plaintiff's complaints regarding terms and conditions Plaintiff already has,[1] and the photographs taken during the Miami inspection,

---

[1] SEA produced additional terms today because various identical terms effective during different time periods had been removed during the de-duplication process pursuant to the ESI stipulation.

Honorable Jessica S. Allen, U.S.M.J.
February 9, 2024
Page 4

which SEA produced earlier today.[2] Plaintiff likewise attempts to create issues out of nothing by demanding to search the file of an unidentified employee whom Plaintiff (without basis) claims is "responsible for maintaining consent records," a request that falls outside any of Plaintiff's RFPs.[3] Plaintiff ignores that SEA continues to engage in good faith in the discovery process, including by agreeing to run additional search terms and produce responsive documents for three custodians.[4] If Plaintiff is genuinely interested in moving this case forward and learning additional information, he should take SEA's 30(b)(6) depositions, as SEA has repeatedly urged. Plaintiff refuses to do so purportedly because he wants more documents (that don't exist) and SEA's 30(b)(6) designee is "not an engineer." But the documents Plaintiff seeks have been produced, and Plaintiff's quibbles about SEA's designee's qualifications are irrelevant because SEA is obligated to educate its designee regarding the topics to which he is to testify. If Plaintiff has any problems, he can raise them after the deposition; doing so now is merely a stall tactic and waste of judicial resources.

Finally, SEA intends to address Plaintiff's subpoena separately. However, it bears mentioning here that Plaintiff's attempt to serve SEC at the residential addresses of an independent board member who is not an agent for service of process is harassing (particularly during the Lunar New Year holiday), conflicts with the Federal Rules and Hague Convention, and amounts to an unnecessary attempt to introduce disputes to justify an extension of discovery.

---

[2] No notes or other documents were generated during the inspection.

[3] Counsel agreed to investigate further Plaintiff's request regarding the consent records, but is not aware of any employee responsible for maintaining the consent records. In any event, reviewing files from a fourth custodian when SEA already produced numerous documents relevant to consent flow is burdensome and unnecessary.

[4] SEA also would welcome the opportunity to appear for a settlement conference before Your Honor. However, SEA believes that it would be more productive for the Court to confer with the parties directly to discuss the possibility of settlement, rather than through a mediator.

Honorable Jessica S. Allen, U.S.M.J.
February 9, 2024
Page 5

                              Respectfully submitted,

                              s/ *Michael R. McDonald*
                              Michael R. McDonald

                              *Attorney for Defendant Samsung Electronics America, Inc.*

                              s/ *Gregory Mullens*
                              Gregory S. Mullens
                              CALCAGNI & KANEFSKY LLP

                              s/ *Mack Press*
                              Mack Press
                              THE MACK FIRM

                              *Attorneys for Plaintiffs*

cc:      All Counsel of Record (via ECF)