

**THE MACK FIRM**
Mack Press
9 Pimlico Drive
Commack, NY 11725
Tel: 516-330-7213
Email: mack@mackpress.com

March 1, 2024

**VIA ECF**

Honorable Jessica S. Allen, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

> Re:   ***White, et al. v. Samsung Electronics America, Inc., et al.***
>        **Case No. 17-1775 (MCA)(JSA)**

Dear Magistrate Judge Allen:

In accordance with Your Honor's Amended Scheduling Order, ECF No. 223 at ¶ 10, Plaintiffs identify the following unresolved discovery disputes, within thirty (30) days of the fact discovery deadline, which is currently set for March 31, 2024.

Unfortunately, discovery remains at a standstill. Since the parties' in-person conference on January 30, 2024, Samsung has produced just 181 documents, and it has produced only 24 documents since the parties' last joint letter submitted on February 9, 2024. ECF No. 275. The majority of these are Samsung's terms and conditions. Thus for a case spanning twelve years and involving 81 million televisions, of 941 models, Samsung has produced just 850 documents (the majority of which are user manuals and contracts with users). Because of the lack of meaningful document production, not one deposition has been taken. Samsung's failure to engage in meaningful discovery in this action – including its refusal to comply with previous production promises and now its refusal to confer regarding outstanding discovery requests – violate the orders of this court (*see, e.g.*, ECF Nos. 223; 241; 266) and severely prejudice Plaintiffs.

Honorable Jessica S. Allen, U.S.M.J.
March 1, 2024
Page 2

Samsung's clear strategy is to run out the clock, refuse to produce relevant evidence, and then move for summary judgment based on the lack of evidence that it refuses to produce. This is prejudicial. Plaintiffs request that the Court issue firm deadlines and extend the discovery cut-off to enable Plaintiffs to obtain the evidence they need to prove their claims.

**I.      Samsung Has Abandoned Its Agreement to Produce Documents Discussed at the In-Person Meet and Confer**

On September 15, 2023, this Court ordered that Samsung produce, on or before October 5, 2023, "the data and documents describing the categories of data collected in real-time through users' Smart TVs," specifically noting that "[i]f the document production is voluminous, Defendant shall abide by the same rolling basis production deadlines as set forth in paragraph one herein." ECF No. 241. The parties discussed this with the Court in the hearing on January 12, 2024. On November 17, 2023, Samsung produced a one-page "exemplar" containing 4 lines of data. ECF No. 258. This production was plainly insufficient to comply with the Court's order and in response to concerns raised by Plaintiffs regarding the insufficiency of this production, Samsung agreed to seek additional information from SEC. ECF No. 258. On January 26, 2024, Samsung produced two additional exemplars, covering one second of data capture for video and one second for audio. This production is also plainly insufficient.

During the January 30, 2024 in-person meet and confer ordered by the Court, Samsung agreed to search for the following, including by asking SEC to provide these documents: (1) documents describing how ACR operates on Samsung Smart TVs, (2) exemplars sufficient to establish the data flow from January 1, 2012 to the present, and (3) documents describing the terms used in data exemplars produced. ECF No. 275. Production of this information is necessary for Samsung to comply with the Court's Order dated September 15, 2023. ECF No. 241. But Samsung

Honorable Jessica S. Allen, U.S.M.J.
March 1, 2024
Page 3

now refuses to do so. In discussions leading up to the joint letter due on February 9, 2024, Samsung

changed course. ECF No. 275. Samsung now states that it has no additional documents to produce

and that the best way to take this discovery is through a 30(b)(6) deposition—even though the

person Samsung has designated for these topics is not an engineer and will have to be prepared,

with documents, to provide any technical testimony. Plaintiffs previously asked that the Court

order Samsung to produce relevant documents by no later than February 15, 2024. ECF No. 275.

The process is going backwards, not forwards.

Plaintiffs have also sought permission to brief the issue of whether SEA is in possession,

custody or control of documents held by SEC for purposes of responding to Plaintiffs' outstanding

discovery requests and complying with this Court's outstanding orders. Jan. 12, 2024 Hr'g Tr. at

pp. 25-26.

## II.     Samsung Refuses to Participate In Additional Discovery

### A.     <u>Incomplete Production From Agreed Custodians.</u>

On May 9, 2023, Plaintiffs issued RFPs seeking, among other things, production relating

to the declarations submitted by Messrs. Abuali and Chung in support of Samsung's motion to

compel arbitration, and submitted as evidence to the Third Circuit in December 2021. On June 12,

2023, Plaintiffs specifically sought to depose Messrs. Abuali and Chung and asked that their

custodial files be searched. ECF No. 229. At the September 15, 2023 hearing, the Court agreed

that Samsung should search the custodial files of these two deponents. ECF No. 241 at 2.

Following the Court's guidance, the parties engaged in lengthy negotiations over search terms for

the custodial files of Messrs. Abuali and Chung. Samsung agreed to an initial set of terms on

October 2023. *See* ECF No. 246 at 5. Following negotiations, Samsung agreed to run a second set

of terms on February 16, 2024.

Honorable Jessica S. Allen, U.S.M.J.
March 1, 2024
Page 4

Plaintiffs also issued a 30(b)(6) deposition notice on August 25, 2023. Samsung designated Mr. Abuali, as well as Justin Evans, to provide corporate testimony on the noticed topics on December 20, 2023. This was the first time that Samsung identified Mr. Evans to Plaintiffs. Samsung agreed to search the custodial files of Mr. Evans and the parties agreed to search terms for his custodial file on February 15, 2024.

While the terms Samsung agreed to run hit on thousands of documents, to date, it has produced just 56 custodial documents from these three custodians (many of which are pictures taken by Mr. Abuali during his inspection of Plaintiff White's Miami TVs). Yet, Samsung has only identified 12 documents as withheld for privilege or work product. The disparity between the documents responsive to the search terms Samsung agreed to run and the documents it has produced raises serious concerns that Samsung's relevancy screen is vastly overbroad.

Moreover, Samsung has not completed production of the custodial files of Messrs. Abuali, Chung, and Evans and will not even provide a date certain for completion of production, raising concerns that it will not complete production in time for Plaintiffs to review these documents and take their depositions by the discovery cut-off of March 31, 2024.

**B.** **Samsung Refuses Even to Respond to Requests to Confer Regarding Additional Custodians.**

This issue was first raised with the Court in the September 15, 2023 case management conference, at which time Samsung's counsel represented to the Court that Messrs. Abuali and Chung were the only custodians that Samsung could identify and that "there are no other custodians that are relevant to this case." September 15, 2023 Tr., p. 20:24-25. At that time, the Court instructed the parties to first "meet-and-confer on search terms" for Messrs. Abuali and Chung, and that "there'll have to be more" to come. *Id.* at 25:22-24.

Honorable Jessica S. Allen, U.S.M.J.
March 1, 2024
Page 5

Despite this guidance, Samsung has only accepted one additional person, Mr. Evans, as an additional custodian. It is clear that other persons do possess additional knowledge. Even Samsung's current paltry production, received on February 16, 2024, revealed an additional Samsung employee, Mr. Stewart Farr, giving an hour-long presentation to other Samsung employees describing in some detail how ACR works and what kind of data is collected. It is not credible to think that there are no other individuals at Samsung who have knowledge of how ACR data is collected and how it is used (another of Plaintiffs' claims under the Wiretap Act). Based on this additional production and Plaintiffs own review of publicly available records, Plaintiffs sent a list of additional custodians to Samsung on February 27, 2024, and offered to confer on this topic. Samsung has not responded.

**C.      Samsung Refuses to Produce Its Agreements with Third Parties, Which Bear Directly on the Claim Under the Wiretap Act Regarding How Data Is Used.**

Request for Production No. 28, issued on May 9, 2023, requested: "Documents relating to partnerships or agreements Samsung entered into with third parties relating to Samsung's Content-Recognition Capability, including but not limited to ACR." Samsung provided its initial responses and objections on June 8, 2023, stating that it would, subject to objections, "produce non-privileged agreements between Samsung and third parties relating to the functionality of . . . ACR technology . . . in connection with Samsung Smart TVs sold by Samsung during the Applicable Time Period to the extent such documents exist and are identified during a reasonable search of documents in Samsung's possession, custody, or control from the Applicable Time Period." Despite this agreement, Samsung has not produced any documents responsive to this request.

The agreements are plainly relevant to Plaintiffs' use claim under the Wiretap Act. If the purpose of ACR is tortious—for example, to collect content in violation of United States copyright

Honorable Jessica S. Allen, U.S.M.J.
March 1, 2024
Page 6

law or the anti-circumvention provisions of the DMCA—then Samsung's defense of consent will

fail. *See* 18 U.S.C. § 2511(2)(d) (providing for a defense of consent "unless such communication

is intercepted for the purpose of committing any criminal or tortious act in violation of the

Constitution or laws of the United States or of any State"). For example, recent production has

indicated that Samsung does have contracts with some content providers. Samsung has simply not

responded when Plaintiffs have advanced this argument.

Instead, when Plaintiffs requested that Samsung update its response to RFP 28, Samsung

stated that it had located no contracts "related to the functionality of ACR." But that's not what

the Requests seek. And of course, the Request also seeks communications relating to those

agreements. Plaintiffs are increasingly prejudiced by Samsung's failure to engage in any discovery

on this issue.[1]

**D.    Samsung Has Hardly Begun the Production of Named Plaintiff Data
       or Evidence Sufficient to Establish Class-Wide Data Practices.**

Plaintiffs first requested production of Named Plaintiff data in their first set of document

requests, issued on May 9, 2023. *See* RFP No. 20. Samsung has produced just two spreadsheets in

response. One does not appear to have dates for the capture of information, only a time stamp, and

the other appears to be limited to a period running from December 31, 2021 to October 2023. It

now claims that its production of Named Plaintiff's data is complete and that Plaintiff should

provide deposition dates for Roger White.  This is not a credible position.

---

[1] At the in-person conference on January 30, 2024, the parties agreed to allow the service of an
additional interrogatory and submitted a stipulation to the Court to that effect. ECF No. 278. When
the stipulation is signed, Plaintiffs request immediate production of a response, given that the
discovery cut-off is March 31, 2024, and a 30-day objection window is not practicable.

Honorable Jessica S. Allen, U.S.M.J.
March 1, 2024
Page 7

First, Samsung's production of just two spreadsheets for Plaintiff White's data is insufficient. It does not cover the entire range for which he owned his Samsung Smart TVs and it only relates to one of his three Samsung Smart TVs. Consistent with the requirements of the Federal Rules, if Samsung is withholding any responsive data related to Plaintiff White, Samsung must describe it with sufficient detail that Plaintiffs, and the court, can understand what is being withheld and why. Commentary to the 2015 amendment to Rule 34(b)(2)(C) ("The producing party does not need to provide a detailed description or log of all documents withheld but does need to alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection."); *Penn Eng'g & Mfg. Corp. v. Peninsula Components, Inc.*, No. 19-CV-513, 2021 WL 1224112, at *3 (E.D. Pa. Apr. 1, 2021) (granting plaintiff's motion to compel and ordering defendant to produce documents and "state whether it has withheld any documents on the basis of its objections."). It has not done so. In addition, any representation to the effect that "SEA has produced all ACR data in its possession, custody, or control associated with the two PSIDs Plaintiff provided," should be made in an amended.

Second, Plaintiffs have repeatedly offered to forgo additional productions if Samsung agrees that its productions are representative, but it has not done so. Ex. A at 2. This also applies to class-wide data production, which will need to be complete before Mr. White sits for his deposition since Samsung has indicated that it intends to challenge Mr. White's typicality and adequacy as a class representative. *See* ECF No. 241 at ¶ 3 (ordering the production of "data and documents describing the categories of data collected in real-time through users' Smart TVs"); ECF No. 246 (joint letter noting that Samsung's production of a "single spreadsheet" is not "class wide discovery" sufficient to comply with this order).

Honorable Jessica S. Allen, U.S.M.J.
March 1, 2024
Page 8

Third, Plaintiffs have repeatedly sought production of data dictionaries and content mapping documents, such as a map or table of values, sufficient to explain and establish what is contained in the limited data Samsung has elected to produce. Specifically, Plaintiffs have sought documents sufficient to explain and define the data fields contained and reflected in the two the Excel sheets relating to Plaintiff White. Plaintiffs cannot present this evidence to a jury without evidence sufficient to establish what these data fields and values are. This is exactly the type of documents that the Court ordered Samsung to produce in its September 15, 2023 Order. ECF No. 241 at ¶ 3 ("Defendant shall produce on or before October 5, 2023: (1) the data and documents describing the categories of data collected in real-time through users' Smart TVs, and (2) the schema (i.e., description) for the data collected").

Plaintiffs have again agreed to provide a date for Mr. White's deposition after Samsung has complied with its production obligations, including completing with its own promises to produce documents and the orders of this Court. Plaintiffs request that the Court order Samsung to complete its production before Mr. White's deposition is taken, and extend the close of discovery as necessary to accommodate Samsung's delayed production.

     **E.**     <u>**Samsung Refuses to Produce Documents Sufficient to Allow the**</u>
             <u>**30(b)(6) Deposition to Proceed on Any Topic**</u>

Plaintiffs noticed Samsung's deposition pursuant to Fed. R. Civ. P. 30(b)(6) on August 25, 2023. This notice listed six (6) topics, generally covering (1) what user information is captured by Samsung; (2) how Samsung interacts with or stores user information; (3) how Samsung uses the information captured to support its advertising business; (4) provisions of any terms or conditions that Samsung alleges constitute consent to the capture of user information; (5) how users were

Honorable Jessica S. Allen, U.S.M.J.
March 1, 2024
Page 9

presented with the terms that Samsung alleges constitute consent; and (6) the identity of those entities that Samsung provided with user information.

Samsung's served its initial responses and objections on September 25, 2023, offering only to meet and confer on Topics 1, 2, 3, and 6, and proposing certain limitations to Topics 4 and 5. On October 31, 2023, Samsung amended these responses, proposing specific limitations on each topic. On November 22, 2023, Samsung stated that it would designate Khaled Abuali to testify on Topics 4 and 5. On December 20, 2023, Samsung stated it would designate Justin Evans, Head of Analytics and Insights at Samsung Ads to testify on Topics 1-3 and 6.

Discussions ensued about scheduling dates for these depositions and resolving the parties' differences regarding the scope of the topics. At the hearing held on January 12, 2024, the Court instructed the parties to continue to meet and confer on the scope of the topics. Following the in-person meeting on January 30, 2024, Plaintiffs indicated to the Court that they would proceed on any topic if Samsung had completed its production. In addition, since then, Plaintiffs have agreed to accept Samsung's proposed limitations in their entirety as to Topics 1-3 and 5, and with one small addition as to Topic 4. Samsung has not agreed to complete document production related to these topics.

On February 28, 2024, Plaintiffs sent an amended Notice of Deposition memorializing Plaintiffs' agreement on these issues, and propounding four (4) additional topics, as follows:

Topic 7:   Profits made by You as a result of (a) Samsung's implementation and use of ACR on Samsung Smart TVs, and (b) Samsung's use of data collected by ACR on Samsung Smart TVs, including what inputs, such as the cost of obtaining ACR data, that Samsung uses to arrive at this calculation.

Honorable Jessica S. Allen, U.S.M.J.
March 1, 2024
Page 10

Topic 8:   Samsung's marketing efforts with respect to Samsung ACR technology during the Relevant Time Period, including what representations Samsung makes and has made to advertisers regarding the capabilities of Samsung's ACR technology and how frequently ACR technology captures relevant data on a daily, weekly or monthly basis.

Topic 9:   How the hardware and software that comprises Samsung's ACR technology operates on Samsung Smart TVs to collect the data described in Topic No. 1. Questions on this topic will include inquiry into technical matters regarding the operation of ACR at the level of algorithms and pseudo-code.

Topic 10:  The basis for any limitation imposed by Samsung regarding the operation of ACR on particular types of content, including a description of what agreements Samsung has in place with third parties regarding the operation of ACR on Samsung Smart TVs when content owned by certain providers is being shown on the television.

All of these topics are squarely within the relevant topics in this action. Plaintiffs are available to confer regarding the additional topics. Exhibit B, First Amended 30(b)(6) Deposition Notice.

**F.    Depositions of Stewart Farr and Justin Evans Requested.**

On February 28, 2024, Plaintiffs sent notices of deposition for Justin Evans and Stewart Farr. Mr. Evans is Head of Analytics and Insights at Samsung Ads, and was designated by Samsung to testify on four (4) of the 30(b)(6) topics noticed by Plaintiffs. Based on the three documents produced from his files, and publicly available information regarding his position with

Honorable Jessica S. Allen, U.S.M.J.
March 1, 2024
Page 11

Samsung, Mr. Evan's plainly possesses with relevant information. He is a Global Director at SEA who understands how ACR data operates technically and generates advertising revenue.

Plaintiffs have offered to confer on the date, time and location for these depositions.

## III.   Pursuit of Documents from SEC in the United States

Plaintiffs have attempted to work with SEA for nearly a year to obtain basic discovery in this case. On February 9, 2024, consistent with our discussions with Samsung on January 30, 2024 in the in-person meet and confer, Plaintiffs served SEC with a subpoena. Personal service was effected only after giving counsel multiple opportunities to accept service, including in person at the January 30, 2024 conference and in a meet and confer the morning before the process servers first attempted service. Counsel for SEA, who previously represented SEC in this action, refused to accept service. SEC has now retained counsel in New Jersey. Through this new counsel, SEC to objected to the subpoena on February 23, 2024. On February 29, 2024, Plaintiffs' counsel conferred with counsel for SEC regarding the scope of the subpoena. Counsel for SEC reported that it did not intend to provide any response other than the objections, and asked that any motion to compel compliance with the subpoena be brought quickly. Plaintiffs request to file such a motion as soon as possible.

## IV.        Pursuit of Documents from SEC Through the Hague Convention

As an alternative method of obtaining discovery, Plaintiffs will present the Court with letters rogatory for signature and will proceed to serve these same requests on SEC through the Hague Convention.

On July 31, 2023, Samsung first notified Plaintiffs of its position that SEC, the Korean parent company, had the data that Plaintiffs were seeking, rather than SEA, the U.S. subsidiary that is named as a defendant. Plaintiffs specifically raised this issue to the Court at the September

Honorable Jessica S. Allen, U.S.M.J.
March 1, 2024
Page 12

15, 2023, status conference, and stated that Plaintiffs might need to go through the Hague process

to seek this information from SEC.

During that hearing, the Court specifically asked counsel for SEA whether it could obtain

the data from SEC, instead of forcing Plaintiffs to go through the Hague process:

> Court: . . . . So, Ms. Henn, is that something that you can -- you're making inquiries
> about now? And I'd like an answer -- I'd like to know that sooner rather than later,
> because if the answer's going to be "What the plaintiff wants, we don't have. We
> don't have a central repository. There's no way for us to get it from an affiliate. And
> we have asked SEC and they won't give it to us," then that presents a different
> problem as opposed to maybe it's not SEC you have to get it from, or it is, and we
> can get it and here it is."
> MS. HENN: The answer to your question is, yes, we will and have engaged in a
> discussion about this. And we're glad to continue down that road and to, you know,
> I think some -- I think some narrowing in certain circumstances might be helpful to
> the extent we are trying to get information from a nondefendant. But that's
> something that I think is very appropriate to be done through the meet-and-confer
> process, and we're happy to do that.

Tr., September 15, 2023 at pp. 42-43. Based on this representation, Plaintiffs have worked

with SEA to obtain the data needed, whether that is from SEA or SEC, in compliance with this

Court's September 15, 2023 order that Samsung produce "(1) data and documents describing the

categories of data collected in real-time through users' Smart TVs, and (2) the schema (i.e.,

description) for the data collected." Even at the in-person conference held on January 30, 2024,

Samsung continued to represent that it was working with SEC to produce relevant information,

and that Samsung saw no need for Plaintiffs to assert that certain information held by SEC was in

the possession, custody or control of SEA if SEA was, as a practical matter, working with SEC to

produce the information. Now, however, since Samsung has taken the position after the January

30th conference that it will not produce additional documents, Plaintiffs have no choice but to

proceed both with the third-party subpoena, as discussed above, and with sending a Letter of

Request to SEC through the procedures of the Hague Convention.

Honorable Jessica S. Allen, U.S.M.J.
March 1, 2024
Page 13

Unfortunately, as this Court recognized at the September 15, 2023, conference, this process will take time. Plaintiffs are already in the process of preparing appropriate translations and will be prepared to submit a Letter of Request for this Court's signature next week, if the Court permits.

Plaintiffs request permission to bring both a motion to compel and a motion for issuance of a Letter of Request in accordance with the Hague Convention at the earliest opportunity.

**V.      Status of Third Party Discovery of Third Parties**

Given Samsung's prejudicial failure to produce discovery in this action, and given the imminent close of discovery, Plaintiffs are proceeding with third party discovery. On February 21, 2024, Plaintiffs served a subpoena on Amazon Web Services, Inc., (AWS) the company that Samsung has confirmed hosts both the matching database (which receives/stores real-time data and which Samsung/SEA claims it has no access to) and the database that stores matched information, which SEA admits that it does have access to. There are five targeted requests in this subpoena: (1) copies of contracts between AWS and Samsung related to the collection or hosting of ACR data; (2) documents reflecting what preservation efforts, if any, AWS has made with respect to ACR data involved in this lawsuit; (3) a representative sample of real-time data collected from the operation of ACR on Samsung Smart TVs; (4) documents reflecting what categories of ACR data are stored by AWS and the duration for which such data is stored; and (5) communications between AWS and Samsung regarding the storage of ACR data, including any discussions about whether AWS's hosting of ACR data could or does violate any applicable laws, including United States copyright law or the anti-circumvention provisions of the Digital Millennium Copyright Act (DMCA)The subpoena thus seeks discovery from AWS that Samsung has refused to produce.

Honorable Jessica S. Allen, U.S.M.J.
March 1, 2024
Page 14

Samsung has responded to the notice of subpoena by demanding that Plaintiffs withdraw it. Plaintiffs responded by explaining why the subpoena is appropriate and offering to meet and confer on this issue. Samsung refused, stating that a meet and confer on this topic "is unnecessary and would be unproductive." The designated response date for the AWS subpoena is March 8, 2024, and at the time this letter is submitted, Plaintiffs have received no correspondence from AWS regarding the subpoena.

Given Samsung's refusal to produce any documents relating to third parties receipt of ACR data – which relates directly to Plaintiffs' wiretap "use" claim – Plaintiffs have sent out a total of nine (9) third-party subpoenas in an effort to obtain this information, targeting five major streaming services (Netflix, Apple TV, Amazon Prime Video, Disney Plus and HBO Max), one major company that publishes streaming video games (Epic Games, Inc.), two cable providers (Comcast and Spectrum), and the three major broadcast networks, ABC, CBS and NBCU.

The response dates on the subpoenas are set for March 19, 2024, and Plaintiffs have received no correspondence related to the subpoenas to date.

## VI.   Plaintiffs Request Permission to Serve Eleven Additional RFPs Necessary to Establish Elements of Their Wiretap Claims.

These requests are within the discovery period and seek highly relevant information. Specifically, Plaintiffs seek documents relating to the operation of ACR on Samsung Smart TVs, Samsung's communications with users regarding ACR, Samsung's records relating to the consent selections made by users, Samsung's uses of ACR, Samsung's agreements with third parties relating to the operation of ACR, and documents referenced in or relating to documents recently produced. *See* Exhibit C, Plaintiffs' Proposed Second Set of RFPs. On February 23, 2024, Plaintiffs provided Samsung with these RFPs and indicated they intended to seek permission to

Honorable Jessica S. Allen, U.S.M.J.
March 1, 2024
Page 15

serve them. Samsung responded on February 28, 2024, objecting to the requests as untimely under

the Court's Scheduling Order, ECF No. 223, and stating that it would not agree to accept service

of these requests. Samsung declined to confer. If the Court is inclined to disallow discovery

requests seeking evidence at the heart of their claims, Plaintiffs request the opportunity for full

briefing.

**VII.   Samsung Is Withholding Evidence Without Identifying What It Is
Withholding.**

Samsung's refusal to confer about these discovery issues, let alone identify what it is not

producing violates the Rules. Fed. R. Civ. P. 34(b)(2) requires responding party "state

with specificity the grounds for objecting to the request, including the reasons. An objection must

state whether any responsive materials are being withheld on the basis of that objection." The

commentary to the 2015 amendment to Rule 34(b)(2)(C), requiring counsel to state whether

responsive documents are being withheld "should end the confusion that frequently arises when a

producing party states several objections and still produces information, leaving the requesting

party uncertain whether any relevant and responsive information has been withheld on the basis of

the objections. The producing party does not need to provide a detailed description or log of all

documents withheld but does need to alert other parties to the fact that documents have been

withheld and thereby facilitate an informed discussion of the objection." *Peninsula Components,*

*Inc.*, 2021 WL 1224112, at *3: granting plaintiff's motion to compel and ordering defendant to

produce documents and "state whether it has withheld any documents on the basis of its

objections."

Honorable Jessica S. Allen, U.S.M.J.
March 1, 2024
Page 16

## VIII.   Settlement

As previously indicated, Plaintiffs consent to Magistrate Judge Allen conferring with the

mediator, Michelle Yoshida, to obtain an update on the status of discussions.

## IX.   Conclusion

Plaintiffs respectfully request the following:

Deadlines for the following discovery and certification of compliance to this Court:

a.   This discovery cut-off date should be extended from March 31, 2024 to June 31,
2024, with all other deadlines abated and extended accordingly, with permission to
seek an extension pending resolution of the issue of obtaining documents from SEC
through The Hague Convention or other means;

b.   With regard to specific discovery deadlines relating to Samsung, Plaintiffs propose
as follows;

    i.   Samsung must complete its production from agreed custodians Messrs. Abuali,
Chung, and Evans by March 14, 2024;

    ii.   Samsung must identify additional custodians with relevant knowledge by March
14, 2024; begin rolling production by April 1, 2024; and complete production by
May 1, 2024;

    iii.   Plaintiffs' additional RFPs are deemed served effective as of the day they were
sent to Samsung;

    iv.   Samsung must provide documents responsive to Request for Production No. 28
by March 14, 2024;

Honorable Jessica S. Allen, U.S.M.J.
March 1, 2024
Page 17

    v.  Samsung must produce all named plaintiff data and representative class-wide data by March 14, 2024, and to the extent Samsung is withholding responsive materials, identify all such withheld materials by that date;

    vi.  Samsung must complete its data flow document production, including data dictionaries, content mapping, and data sufficient ot establish data flow throughout the class period, by March 14, 2024;

    vii.  For any categories of requested materials where SEA claims such evidence is not under its possession, custody or control, Samsung must certify, under oath, by signature of a Samsung employee, as well as by its outside counsel.

Plaintiffs also seek permission to file the following motions:

    a.  Motion to compel production from SEA based on SEA being in possession, custody or control of ACR-related documents held by SEC by March 15, 2024;

    b.  Motion to compel production from SEC based on the Rule 45 subpoena served on SEC in the United States on February 9, 2024;  by March 22, 2024;

    c.  Motion for issuance of Letter of Request to SEC under the procedures of the Hague Convention by March 8, 2024.

Sincerely,

s/ *Gregory Mullens*
Gregory S. Mullens
CALCAGNI & KANEFSKY LLP

s/ *Mack Press*
Mack Press
THE MACK FIRM

Lesley E. Weaver
BLEICHMAR FONTI & AULD LLP

Honorable Jessica S. Allen, U.S.M.J.
March 1, 2024
Page 18

*Attorneys for Plaintiffs*

cc:     All Counsel of Record (via ECF)