UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS ROGER WHITE, JR. on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendant. | Civil Action No. 17-1775 (MCA) (JSA)<br><br><br><br><u>ORDER</u> |

**THIS MATTER** having come before the Court on March 12, 2024, for an in-person Status Conference on the record to address the status of the case and the outstanding discovery issues set forth in the parties' joint submission (ECF No. 275) and the parties' respective submissions (ECF Nos. 276–279, 283, & 284) that remained unresolved following the parties' meet and confer session in the courtroom of the Undersigned immediately preceding the March 12th Conference, consistent with the Undersigned's March 4, 2024 Order (ECF No. 285); and the Court having carefully considered the parties' submissions and representations of counsel; and for the reasons set forth on the record, which are incorporated herein at length; and for good cause shown;

**IT IS** on this 14th day of March 2024,

**ORDERED THAT**:

1. Any subpoena-related applications should be timely presented, pursuant to Fed. R. Civ. P. 45(d)(1) and (d)(3), in the first instance to the court for the district where compliance is required rather than the court of issuance.

2. As to the custodial production issue identified in Plaintiffs' March 1st submission and the Court's January 12, 2024 Order (ECF No. 266 at para. 4), Defendant shall complete the production of documents for Defendant's custodians Messrs, Abuali, Chung, and Evans by **March 15, 2024**.

3. As to Plaintiffs' proposed additional Rule 30(b)(6) deposition topics identified in Plaintiffs' March 1, 2024 submission (ECF No. 283 at 9–10), the Court hereby: strikes Topic No. 7, allows Topic No. 8, and allows Topic No. 9 to the extent Defendant can produce a corporate designee to testify about Topic No. 9. To that end, Defendant shall advise Plaintiffs by **March 19, 2024** of whether a corporate designee will be prepared to testify as to Topic No. 9. If the parties are unable to agree on Defendant's proposed designees, the parties shall submit a joint letter of four pages or less double-spaced on or before **March 22, 2024**, setting forth their respective positions. The Court further allows Plaintiffs to depose Defendant's designees on Topic No. 10 as modified: "The basis for any limitation imposed by Samsung regarding the operation of ACR on particular types of content." Depositions of Defendant's designees shall be completed by **April 12, 2024**.

4. Defendant shall confirm with Samsung Electronics Co., Ltd. ("SEC") whether: (a) produced exemplars of fingerprint data are representative for the period beginning May 16, 2014 to the present (the "relevant time period"); and (b) collection and production of exemplars of fingerprint data for Plaintiff Thomas R. White is feasible. If the exemplars described herein in Paragraph 4(a) are not representative, Defendant shall continue to work with SEC to collect and produce any additional responsive information regarding exemplars of fingerprint data for the class for the relevant time period and then advise Plaintiffs about such efforts by **April 1, 2024**. If it is feasible to collect and produce the exemplars described herein in Paragraph 4(b), Defendant shall continue to work with SEC to collect and produce the same for Plaintiff Thomas R. White and then advise Plaintiffs about such efforts by **April 1, 2024**.

5. As to the "Terms and 'Consent' Records" issue identified in the Court's September 15, 2023 Order (ECF No. 241 at para. 1), on or before **April 1, 2024**, Defendant shall produce the "Terms and 'Consent' Records" for the proposed intervenor plaintiffs identified in ECF No. 257 and supplement its prior productions with additional responsive documents, if any, to cover the relevant time period.

6. As to Plaintiffs' request for leave to serve the additional requests for production of documents set forth in Plaintiffs' March 1st submission (ECF No. 283 at 14-15 & Ex. C), the Court hereby denies leave to serve Requests for Production Nos. 31, 32, 33, 34, 35, and 39, except that Plaintiffs may serve post 30(b)(6) deposition document demands that pertain to the subjects identified in Requests Nos. 34, 35, and 39, if appropriate, within one week of the completed deposition. Any unresolved disputes regarding post-deposition document demands shall be immediately brought to the Court's attention, but no later than **May 1, 2024**.

7. The Court grants Plaintiffs leave to serve Requests for Production Nos. 36 and 40. Defendant must respond on or before **April 1, 2024**.

8. As to Plaintiffs' Request for Production No. 41, Plaintiffs shall serve a modified request on or before **March 15, 2024** to address Defendant's objections as discussed during the March 12th Conference. To the extent Defendant raises objections to the modified request, the parties shall meet and confer to resolve the dispute. If any dispute remains unresolved, the parties shall include their respective positions in a joint letter of four pages or less double-spaced on or before **April 8, 2024**.

9. On or before **March 19, 2024,** Defendant shall advise Plaintiffs as to whether it intends to pursue the absence of interstate commerce as a defense. To the extent Defendant so intends and confirms that the defense will not be withdrawn, Plaintiffs may serve Request for Production No. 37 on or before **March 22, 2024** to which Defendant must respond on or before **April 1, 2024**.

10. As to Plaintiffs' Request for Production No. 38, the parties shall meet and confer to resolve any disputes regarding this request. If the parties cannot agree, the parties shall include their respective positions in a joint letter of four pages or less double-spaced on or before **April 8, 2024**.

11. As to the customer service call log issue identified by the parties on the record during the March 12th Conference, the parties shall meet and confer to resolve any disputes regarding this request. If the parties cannot agree, the parties shall include their respective positions in a joint letter of four pages or less double-spaced on or before **April 8, 2024**.

12. As to the dispute regarding Plaintiffs' request for Defendant to produce a "matching database," the parties shall meet and confer regarding the appropriate scope of this discovery request. If the parties cannot agree, they shall include their respective positions in a joint letter of four pages or less double-spaced on or before **April 8, 2024.**

13. Defendant shall supplement all discovery produced to cover the relevant time period on or before **April 1, 2024**. Defendant shall also provide certifications of completion on or before **April 1, 2024**.

14. Following Defendant's production of the data identified in Paragraph 4(b) of this Order, Plaintiff Thomas R. White must be produced for deposition no later than **April 19, 2024**.

15. The fact discovery deadline is extended through and including **May 31, 2024 for the limited purpose of completing the foregoing written party and third-party discovery issues and depositions**.

16. The Telephone Status Conference scheduled for March 18, 2024 is rescheduled for **May 8, 2024, at 4:00 p.m.** The Court will provide the parties with the conference

call information in advance. The parties shall submit a joint status letter of four pages or less double-spaced on or before **May 1, 2024**.

17. If, after reviewing the anticipated April 8th status letter, the Court remains unsatisfied that the parties have meaningfully met and conferred to resolve all outstanding discovery disputes, the Court will require all counsel to appear in the Courtroom of the Undersigned on a date to be determined, where counsel will be required to meet and confer beginning at 9:30 a.m. until all remaining disputes have been completely resolved.

18. All other deadlines and requirements ordered by this Court's prior Scheduling Orders shall remain in effect.

19. **FAILURE TO FOLLOW THIS ORDER WILL RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37**.

*/s/ Jessica S. Allen*
**Hon. Jessica S. Allen**
**United States Magistrate Judge**

cc: Hon. Madeline Cox Arleo, U.S.D.J.