# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS ROGER WHITE, JR., on behalf of himself and all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>　　　　　　　Defendant. | Civil Action No. 17-01775 (MCA) (JSA)<br><br>Hon. Madeline Cox Arleo, U.S.D.J.<br>Hon. Jessica S. Allen, U.S.M.J.<br><br>**Return Date:** April 15, 2024<br><br>**Oral Argument Requested** |

## PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR ISSUANCE OF A LETTER OF REQUEST FOR PRODUCTION OF DOCUMENTS

Eric Kanefsky
Gregory S. Mullens
CALCAGNI & KANEFSKY LLP
One Newark Center
1085 Raymond Blvd., 14th Fl.
Newark, New Jersey 07102
Tel.: (862) 397-1796
eric@ck-litigation.com
gmullens@ck-litigation.com

Mack Press
THE MACK FIRM
18 Watergate Lane
Patchogue, NY 11772
Tel.: (516) 330-7213
mack@mackpress.com

*Attorneys for Plaintiffs*

Lesley E. Weaver (*pro hac vice*)
Joshua D. Samra (*pro hac vice*)
BLEICHMAR FONTI & AULD LLP
1330 Broadway, Suite 630
Oakland, CA 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
jsamra@bfalaw.com

H. Melissa Mather (*pro hac vice*)
BLEICHMAR FONTI & AULD LLP
8911 N Capital of Texas Hwy #4200
Suite 219
Austin, TX 78759
Tel.: (512) 298-0664
mmather@bfalaw.com

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ................................................................................................ i

TABLE OF AUTHORITIES .......................................................................................... ii

I. BACKGROUND ................................................................................................ 3

II. LEGAL STANDARD ........................................................................................ 4

III. ARGUMENT ...................................................................................................... 7

IV. CONCLUSION ................................................................................................. 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abraxis BioScience, LLC v. Actavis, LLC*,
  No. CV 16-1925 (JMV), 2017 WL 2293347 (D.N.J. May 25, 2017) ................ 7, 8

*Arcelik A.S. v. E.I. DuPont de Nemours & Co.*,
  856 F. App'x 392 (3d Cir. 2021) ................................................................. 6, 10

*Bell N. Rsch., LLC v. Lenovo Grp. Ltd.*,
  No. 21-MC-162-ZMF, 2022 WL 3334502 (D.D.C. Jan. 14, 2022) ............... 8, 10

*Dartell v. Tibet Pharms., Inc.*,
  No. CV 14-3620 (JMV), 2017 WL 11476313 (D.N.J. Jan. 12, 2017) ............ 8, 10

*Dubai Islamic Bank v. Citibank, N.A.*,
  No. 99 CIV. 1930(RMB), 2002 WL 1159699 (S.D.N.Y. May 31, 2002) ........... 11

*Gardner v. Starkist Co.*,
  No. 19-cv-02561-WHO, 2021 WL 303426 (N.D. Cal. Jan. 29, 2022) ................. 5

*Intel Corp. v. Advanced Micro Devices, Inc.*,
  542 U.S. 241 (2004) ........................................................................................ 5

*Luminati Networks Ltd. v. Teso LT, UAB*,
  No. 19-cv-00395-JRG, 2020 WL 6815153 (E.D. Tex. Oct. 28, 2020) ............... 9

*Margulis v. Hertz Corp.*,
  No. 14-1209 (JMV), 2016 WL 4009819 (D.N.J. July 25, 2016) ........................ 5

*McCarthy v. Johnson*,
  640 F. Supp. 3d 69 (D.D.C. 2022) .................................................................. 6

*Merck Sharp & Dohme Corp. v. Sandoz, Inc.*,
  No. CV 12-3289 (PGS), 2013 WL 12203112 (D.N.J. June 7, 2013) ................. 6

*Safety Rail Source, LLC v. Bilco Co.*,
  No. CV 06-5598 (JBS), 2008 WL 11383805 (D.N.J. June 17, 2008) .............. 10

*Société Nationale Industrielle Aéropostiale v.
  U.S. Dist. Ct. for S. Dist. of Iowa*,
  482 U.S. 522 (1987) ..................................................................................... 5, 6

*Tulip Computers Int'l B.V. v. Dell Computer Corp.*,
  254 F. Supp. 2d 469 (D. Del. 2003) ........................................................................11

**Statutes**

18 U.S.C. § 2511 ..............................................................................................................1

18 U.S.C. § 2520 ..............................................................................................................8

28 U.S.C. § 1781 .........................................................................................................1, 4

**Rules**

Fed. R. Civ. P. 26 .............................................................................................................5

Fed. R. Civ. P. 28 .............................................................................................................4

**Other Authorities**

Restatement (Third) of Foreign Relations Law § 473 (1987) ..................................12

Plaintiff Thomas Roger White, Jr., on behalf of himself and all others similarly situated (collectively, the "Plaintiffs") respectfully moves for issuance of a Letter of Request for International Judicial Assistance ("Letter of Request") to the Central Authority of the Republic of Korea to compel the production of documents from a company located in the Republic of Korea, Samsung Electronics Co., Ltd. ("SEC"), located at 129 Samsung-ro, Yeongtong-gu Suwon-si, Gyeonggi-do, 16677, Republic of Korea. This application is made pursuant to, and in conformity with the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 U.S.T. 2555, T.I.A.S. No. 7444, reprinted in 28 U.S.C. § 1781 (the "Hague Evidence Convention"), which is in force between the United States and the Republic of Korea.

Plaintiffs seek a Letter of Request directed to the Central Authority of the Republic of Korea for execution on SEC because documents in the possession of SEC are central to the claims in a class action involving over 81 million televisions sold from 2014 to the present. The majority of this evidence originated in the United States and resides in the United States. In the Second Amended Complaint, Plaintiffs allege that Samsung Electronics America, Inc. ("SEA") intentionally intercepted the contents of electronic communications between Plaintiff (and similarly situated Class Members) and content providers through Samsung Smart TVs, in violation of the Wiretap Act, 18 U.S.C. § 2511. ECF No. 88. Plaintiffs allege this interception is

conducted through Samsung's automatic content recognition ("ACR") technology embedded on Samsung Smart TVs.

SEC is SEA's parent company, and is involved in the design and manufacture of the Smart TVs at issue in this case. Information regarding the design of Samsung Smart TVs, including the design and functionality of ACR, is fundamental to Plaintiffs' claims. SEA has repeatedly asserted in this litigation, before judicial officers in the United States, that SEC, not SEA, is the entity that is most likely in the possession, custody, and control of these documents.

Plaintiffs have exhausted attempts to obtain this information through other means over many months. Indeed, the United States District Court overseeing this litigation has ordered SEA to work with SEC to provide relevant documents and information to Plaintiffs. However, SEA has not, as of this date, satisfied the production requirements for the case. The limited documents it has produced relating to ACR—while highly relevant—are not sufficient to establish the data flow for all Samsung Smart TVs from May 16, 2014 to present (the "Relevant Time Period"). Because the requested documents are central to the claims and because SEC's U.S. entity asserts that the documents must be obtained from SEC, Plaintiffs request the Court issue the requested Letter of Request.

**I.     BACKGROUND**

On July 28, 2023, SEA's counsel, as officers of the court in the United States, asserted that: (1) SEC, not SEA, is in the possession, custody, and control of data collected through ACR on Samsung televisions in the United States, and (2) that SEC has most of the information and documents responsive to Plaintiffs' discovery requests. ECF No. 234 at 2, 6. SEA has also asserted that SEC, not SEA, is the entity responsible for maintaining the disclosures to users regarding the collection of their data. *Id.* at 6, 8–9. SEA further maintains that SEC, not SEA, controls the domain SamsungCloud.tv, which is used to transmit unanalyzed fingerprint data to the matching server, as well as the matching server itself, and that SEA "does not have custody, possession, or control over the matching server." ECF No. 270 at 5.

Given the limited time remaining in discovery and that SEA has yet to produce critical documents relating to the interception of Plaintiff's and Class Members' data through ACR on Samsung Smart TVs, Plaintiffs bring this motion. The documents Plaintiffs seek from SEC are listed in **Attachment A** of the Proposed Request for International Judicial Assistance Plaintiffs are submitting herewith. Plaintiffs seek six narrow categories of documents, including: (1) documents showing when and for what purpose Samsung has collected, shared, and used data created on Plaintiff's and Class Members' Samsung Smart TVs through ACR throughout the Relevant Time Period; (2) documents and data showing how Samsung Smart TVs operate to

3

play media; (3) documents showing what disclosures were provided to the users of Samsung Smart TVs regarding the operation of ACR technology throughout the Relevant Time Period; (4) documents showing the frequency with which data is collected through ACR on a daily basis, and how many days per year Samsung collects data through ACR during the Relevant Time Period; (5) documents showing how and why Samsung developed ACR and related technologies, such as SyncPlus, which collect data from Samsung Smart TVs for marketing purposes; and (6) documents identifying key employees who worked on the development and implementation of ACR and related technologies on Samsung Smart TVs.

## II.  LEGAL STANDARD

Plaintiffs request issuance of the Letter of Request pursuant to the inherent authority of the Court, Federal Rule of Civil Procedure 28(b) (permitting federal courts to issue letters of request to foreign countries), 28 U.S.C. § 1781(b)(2), and the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil and Commercial Matters, T.I.A.S. 7444, 23 U.S.T. 2555, reprinted in 28 U.S.C. § 1781, which is in force between the United States and the Republic of Korea.[1] Under the Hague Evidence Convention, a letter of request for judicial assistance,

---

[1] Hague Evidence Convention Status Table, https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited March 13, 2024).

4

also known as a letter rogatory, is a formal written request sent by a domestic court to a foreign court asking that a witness residing within that foreign court's jurisdiction either provide documents, a deposition, or both for use in a pending action before the requesting court. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004) ("A letter rogatory is the request by a domestic court to a foreign court to take evidence from a certain witness.").

The Hague Evidence Convention letter rogatory procedures are available whenever they will facilitate the gathering of evidence by the means authorized in the Convention. *Société Nationale Industrielle Aéropostiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 541 (1987) ("*Aéropostiale*"). "Like all discovery, motions for letters of request are subject to the standards of Rule 26(b), which provides that '[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.'" *Gardner v. Starkist Co.*, No. 19-cv-02561-WHO, 2021 WL 303426, at *2 (N.D. Cal. Jan. 29, 2022); *see also Margulis v. Hertz Corp.*, No. 14-1209 (JMV), 2016 WL 4009819, at *3 (D.N.J. July 25, 2016) (relying on Fed. R. Civ. P. 26(b)(1) to find the plaintiff had sufficiently established relevance for the information sought and grant the motion for issuance of letters rogatory.).

When deciding whether to issue a letter of request, courts consider five comity factors: "(1) the importance to the . . . litigation of the documents or other

information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States," or "would undermine important interests of the state where the information is located." *Aérospatiale*, 482 U.S. at 544 n.28 (citation omitted). The five-factor test requires an analysis of "the particular facts, sovereign interests, and likelihood that [the Hague Evidence Convention] procedures will prove effective." *Id.* at 544. Where, as here, "the foreign state has agreed to the procedures of the Hague Evidence Convention, the first three [comity] factors are the most important." *McCarthy v. Johnson*, 640 F. Supp. 3d 69, 77 (D.D.C. 2022) (citations omitted); *see also Arcelik A.S. v. E.I. DuPont de Nemours & Co.*, 856 F. App'x 392, 399 (3d Cir. 2021) ("[S]ome of the international comity concerns noted by the Court [in *Aérospatiale*] are lessened when only use of the Hague [Evidence] Convention is at issue because all the relevant nations have consented to the treaty process.").

The party seeking the "application of the Hague Convention bears the burden of persuading the trial court of its necessity." *Merck Sharp & Dohme Corp. v. Sandoz, Inc.*, No. CV 12-3289 (PGS), 2013 WL 12203112, at *2 (D.N.J. June 7, 2013). But absent a "good reason . . . shown by the opposing party," courts in this district generally grant such requests. *Abraxis BioScience, LLC v. Actavis, LLC*, No.

6

CV 16-1925 (JMV), 2017 WL 2293347, at *2 (D.N.J. May 25, 2017) (citation omitted).

## III.   ARGUMENT

SEA has left Plaintiffs with no alternative but to seek production of documents from SEC under the Hague Evidence Convention. All comity factors weigh in favor of issuing a Letter of Request, including each of the first three, which are considered the most important where, as here, the Letter is directed to a country that has joined the Hague Evidence Convention:

*Importance:* The requested documents are directly relevant to the Wiretap Act claims and damages against SEA. They include documents relating to the design and functionality of ACR and Samsung Smart TVs, identification of relevant employees, and documents concerning the purpose of ACR on Samsung Smart TVs, which would establish that Samsung intentionally intercepted electronic communications from Plaintiff and Class Members' Smart TVs and monetized this information for financial gain. Documents reflecting disclosures to users are also relevant to rebutting SEA's consent defense and SEA has maintained that SEC, is in possession, custody, and control of these documents. ECF No. 234 at 8–9. Further, documents regarding the frequency with which ACR collects data from Samsung Smart TVs are relevant to the calculation of damages under the Wiretap Act. 18

7

U.S.C. § 2520(c)(2)(B) (allowing for "statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000").

*Specificity:* Plaintiffs' proposed document requests to SEC are "narrowly tailored" to adduce relevant evidence related to the Wiretap Act claims. *Dartell v. Tibet Pharms., Inc.*, No. CV 14-3620 (JMV), 2017 WL 11476313, at *1 (D.N.J. Jan. 12, 2017). The requests seek information relating to the ACR technology in Samsung Smart TVs and the allegations raised in Plaintiffs' operative Complaint. ECF No. 88. The documents Plaintiffs seek to obtain from SEC are highly relevant to Plaintiffs' claims and damages calculations and the most expedient means for resolving the issues in this case given SEA's refusal or inability to further cooperate in discovery.

Because the proposed requests are narrowly tailored to SEC's knowledge and possession of documents concerning the operation and use of ACR technology, they are precisely the types of requests that other federal courts have permitted to be served on foreign non-parties under the Hague Evidence Convention. *See, e.g.*, *Bell N. Rsch., LLC v. Lenovo Grp. Ltd.*, No. 21-MC-162-ZMF, 2022 WL 3334502, at *2 (D.D.C. Jan. 14, 2022) (granting letter of request to SEC where, as here, designed and manufactured the relevant product, and the documents were not available from SEC's U.S. subsidiaries, including SEA); *Abraxis BioScience*, 2017 WL 2293347,

8

at *2 (granting letter request where it became "apparent" through the course of discovery "that important materials . . . are in the possession" of the foreign entity).

***Origin of Documents:*** Plaintiffs' requests include documents and information from SEC concerning data generated from Samsung Smart TVs located in the United States. Since Plaintiff's and Class Members' Samsung Smart TVs are situated in the United States, any data generated from their Smart TVs originates in the United States. The data is collected from televisions of U.S. users and sent to domains hosted in the U.S. Similarly, any disclosures concerning ACR were presented to Plaintiff and Class Members in the United States. In addition, while SEC controls the "matching database" (the database used to collect unanalyzed fingerprint data generated through ACR), the database is maintained by a U.S. entity, Amazon Web Services, Inc., and upon information and belief, that database is maintained in the United States. Enabling Plaintiffs to obtain evidence which originated in the United States and is relevant to the Wiretap Act claims at issue here weighs in favor of granting the requested relief. *See Luminati Networks Ltd. v. Teso LT, UAB*, No. 19-cv-00395-JRG, 2020 WL 6815153, at *2 (E.D. Tex. Oct. 28, 2020) (granting a letter of request because the information sought, namely business dealings and the monitoring of defendants' U.S. business, originated in the U.S.).

It is possible a narrow subset of the documents Plaintiffs seek—such as documents showing how and why Samsung developed ACR—may have originated

9

outside of the U.S., but, as described above, the technology itself is used in the U.S. To the extent any documents originated abroad, this factor is outweighed by the relevance of the information and the fact that there are "no alternative means for [Plaintiff] to obtain the information." *Bell N. Rsch.*, 2022 WL 3334502, at *2 (citing *Arcelik A.S.*, 856 F. App'x at 399).

*Alternative Means:* Plaintiffs have attempted to obtain these materials from SEA for nearly a year to "no avail." *Dartell*, 2017 WL 11476313, at *1 (granting request to seek documents from a non-party where plaintiffs were unable to obtain the documents from the defendant). SEA claims that this information is in the possession, custody, and control of SEC. Given the importance of the requested documents and SEA's repeated refusal to produce them, Plaintiffs have no choice but to pursue documents directly from SEC. *Bell N. Rsch.*, 2022 WL 3334502, at *2; *Safety Rail Source, LLC v. Bilco Co.*, No. CV 06-5598 (JBS), 2008 WL 11383805, at *1 (D.N.J. June 17, 2008) (granting letter of request to take discovery from a third-party where plaintiffs learned through the course of discovery possessed relevant documents and information).

Plaintiffs are also seeking these documents through a Rule 45 subpoena to SEC. Plaintiffs will move to compel compliance shortly. Because of the limited time left in discovery, Plaintiffs must seek discovery through the Federal Rules of Civil Procedure as well as through this Letter of Request. *See Dubai Islamic Bank v.*

10

*Citibank, N.A.*, No. 99 CIV. 1930(RMB), 2002 WL 1159699, at *2–3, 15 (S.D.N.Y. May 31, 2002) (finding a party may seek discovery simultaneously under the Federal Rules of Civil Procedure and by letters rogatory); *see also Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 254 F. Supp. 2d 469, 472 (D. Del. 2003) ("The Hague Evidence Convention serves as an alternative or 'permissive' route to the Federal Rules of Civil Procedure for the taking of evidence abroad from litigants and third parties alike.") (citation omitted).

*Interests:* Obtaining this evidence through an issuance of letters of request will not undermine important interests in the Republic of Korea, whereas denying this evidence from Plaintiff and Class Members will undermine U.S. interests in collecting evidence that originated within its borders and harms its citizens. *Axtria, Inc., v. OKS Group, LLC*, No. 20-CV-6424, 2021 WL 6136600, at *4 (E.D. Pa. 2021), *objections overruled*, 2022 WL 774038 (E.D. Pa. Mar. 15, 2022) (finding the strong, particularized interests of the United States outweighed the general interests of a foreign state). Importantly, and as noted above, this factor is not nearly as important when the Hague Evidence Convention controls since, among other reasons, "[w]hen a court orders resort to the Convention or to other means of international judicial assistance, it commits the issue whether compliance with the request would undermine important interests of the state where the information is

located to the courts or other authorities of that state." Restatement (Third) of Foreign Relations Law § 473 Reporter's n.5 (1987).

The proposed Letter of Request, attached hereto, conforms to the requirements of Article 3 of the Hague Evidence Convention. Specifically, the Letter of Request describes the requesting judicial authority, the nature of the proceedings for which the evidence is required, the identity of the entities from whom evidence is sought, and the particular documents to be obtained.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their Motion and issue the attached Letter of Request pursuant to the Hague Convention. In the event the Court grants this application, Plaintiffs request that the Court execute the Letter of Request with the Court's signature and seal and provide an original of the executed Letter of Request to Plaintiffs' undersigned counsel for forwarding to the appropriate authority in the Republic of Korea. Plaintiffs will then cause the executed Letter of Request to be transmitted to the Republic of Korea authority for execution.


Dated: March 15, 2024                                By: *s/ Gregory S. Mullens*
                                                     Eric Kanefsky
                                                     Gregory S. Mullens
                                                     CALCAGNI & KANEFSKY LLP
                                                     One Newark Center
                                                     1085 Raymond Blvd., 14th Fl.

Newark, New Jersey 07102
Tel.: (862) 397-1796
eric@ck-litigation.com
gmullens@ck-litigation.com

By: *s/ Mack Press*
Mack Press
mack@mackpress.com
THE MACK FIRM
18 Watergate Lane
Patchogue, NY 11772
Tel.: (516) 330-7213

Lesley E. Weaver (*pro hac vice*)
Joshua D. Samra (*pro hac vice*)
BLEICHMAR FONTI & AULD LLP
1330 Broadway, Suite 630
Oakland, CA 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
jsamra@bfalaw.com

H. Melissa Mather (*pro hac vice*)
BLEICHMAR FONTI & AULD LLP
8911 N Capital of Texas Hwy #4200
Suite 219
Austin, TX 78759
Tel.: (512) 298-0664
mmather@bfalaw.com

***Attorneys for Plaintiffs***