# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

THOMAS ROGER WHITE, JR. on
behalf of himself and all others similarly
situated,

                Plaintiff,

    v.

SAMSUNG ELECTRONICS
AMERICA, INC.,

                Defendants.

Civil Action No. 17-1775 (MCA)
(JSA)

Hon. Madeline Cox Arleo, U.S.D.J.
Hon. Jessica S. Allen, U.S.M.J.

---

## DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S
## BRIEF IN OPPOSITION TO PLAINTIFF'S AND THE PROPOSED
## INTERVENOR'S RENEWED MOTION TO INTERVENE

GIBBONS P.C.
One Gateway Center
Newark, NJ 07102
Telephone: (973) 596-4500

COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square
Palo Alto, CA 94306-2112
Telephone: (650) 632-4700

*Attorneys for Samsung
Electronics America, Inc.*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................... ii

I.    INTRODUCTION ..................................................................... 1

II.   BACKGROUND ....................................................................... 3

      A.   The Deadline for Adding New Parties Expired Over Three
           Years Ago on November 13, 2020............................................ 3

      B.   Plaintiff Inexplicably Failed to Seek to Add a New Class
           Representative for Nearly Five Years After He Purchased an
           Additional Smart TV. ............................................................ 6

      C.   The Proceedings Have Progressed Substantially. ............................... 7

      D.   Plaintiff Withdraws His Initial Motion to Intervene and Files
           the Instant Motion. ............................................................. 10

III.  ARGUMENT............................................................................ 11

      A.   Plaintiff and the Proposed Intervenor Fail to Show Good Cause
           Under Rule 16 for Moving to Add New Parties Years After the
           Deadline for Doing So Expired.............................................. 11

           1.   Plaintiff and the Proposed Intervenor Must Demonstrate
                Good Cause Under Rule 16. ............................................ 11

           2.   Plaintiff and the Proposed Intervenor Do Not and Cannot
                Demonstrate Good Cause. ............................................... 14

      B.   In Addition, the Court Should Exercise Its Discretion Under
           Rule 24 to Deny Plaintiff and the Proposed Intervenor's
           Motion. ........................................................................... 20

           1.   The Proposed Intervenor Fails to Show That Intervention
                Is Necessary to Represent His Interests.................................. 20

           2.   Intervention Is Untimely and Would Cause Undue Delay
                and Prejudice.............................................................. 22

           3.   Plaintiff's Authority Does Not Support His Argument. ........... 27

IV.   CONCLUSION........................................................................... 31

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Abdul-Baaqiy v. Fed. Nat'l Mortg. Ass'n,*
    149 F. Supp. 3d 1 (D.D.C. 2015).........................................................................22

*Alpine Bank v. Hubbell,*
    2006 WL 1752368 (D. Colo. June 23, 2006) ....................................................13

*Am. Neighborhood Mortg. Acceptance Co., LLC v. CrossCountry*
    *Mortg., Inc.*, 2022 WL 16922179 (D.N.J. Nov. 10, 2022).....................20, 21, 24

*Amansac v. Midland Credit Mgmt., Inc.,*
    2022 WL 14563253 (D.N.J. Oct. 24, 2022) ......................................................22

*In re Arakis Energy Corp. Sec. Litig.,*
    1999 WL 1021819 (E.D.N.Y. Apr. 27, 1999).............................................27, 30

*Ardrey v. Federal Kemper Ins. Co.,*
    142 F.R.D 105 (E.D. Pa. 1992)..........................................................................28

*Bacon v. Avis Budget Grp., Inc.,*
    2022 WL 2158964 (D.N.J. June 15, 2022)........................................................27

*Birmingham Steel Corp. v. Tenn. Valley Auth.,*
    353 F.3d 1331 (11th Cir. 2003) ...................................................................27, 29

*Briggs v. OS Rest. Servs., LLC,*
    2021 WL 7448752 (C.D. Cal. Aug. 18, 2021) ..................................................25

*Briggs v. United States,*
    2009 WL 1560005 (N.D. Cal. June 1, 2009)...............................................12, 17

*Butler v. Suffolk County,*
    2023 WL 5096218 (E.D.N.Y. Aug. 9, 2023) ....................................................27

*Chambers v. N. Am. Co. for Life & Health Ins.,*
    2016 WL 7427333 (S.D. Iowa June 13, 2016)...........................................12, 17

*Diduck v. Kaszycki & Sons Contractors, Inc.,*
    149 F.R.D. 55 (S.D.N.Y. 1993) .........................................................................28

*Est. of Stallings v. IBM Corp.*,
2009 WL 2905471 (D.N.J. Sept. 8, 2009) ...........................................................19

*Est. of Wiley v. City of Newark*,
2021 WL 4272826 (D.N.J. Sept. 21, 2021) ........................................................17

*Faiella v. Sunbelt Rentals, Inc.*,
341 F.R.D. 553 (D.N.J. 2022)................................................................................16

*In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*,
55 F.3d 768 (3d Cir. 1995) ...................................................................................25

*Goodman v. Lukens Steel Co.*,
777 F.2d 113 (3d Cir. 1985) ...................................................................27, 28, 29

*Harding v. Jacoby & Meyers, LLP*,
2018 WL 3377159 (D.N.J. July 11, 2018) ...........................................................14

*Harris v. Vector Mktg. Corp.*,
2010 WL 3743532 (N.D. Cal. Sept. 17, 2010)...............................12, 16, 17, 18

*HomeBingo Network, Inc. v. Cadillac Jack, Inc.*,
2006 WL 3469515 (S.D. Ala. Nov. 29, 2006).............................................12, 17

*Hoots v. Pennsylvania*,
672 F.2d 1133 (3d Cir. 1982) ...............................................................................21

*Konopca v. FDS Bank*,
2016 WL 1228844 (D.N.J. Mar. 29, 2016) ..........................................................16

*Lawrence v. Phillip Morris Co., Inc.*,
1999 WL 51845 (E.D.N.Y. Jan. 9, 1997)......................................................27, 29

*Lorenz v. CSX Corp.*,
1 F.3d 1406 (3d Cir. 1993) ...................................................................................26

*In re Lutheran Bhd. Variable Ins. Prods. Co. Sales Prac. Litig.*,
2002 WL 31371945 (D. Minn. Oct. 7, 2002) .......................................................27

*Miller v. Ghirardelli Chocolate Co.*,
2013 WL 6776191 (N.D. Cal. Dec. 20, 2013)......................................................25

*Milliron v. T-Mobile USA, Inc.*,
  2009 WL 10728641 (D.N.J. July 24, 2009) ......................................................21

*Morel v. Goya Foods, Inc.*,
  2022 WL 3369664 (D.N.J. Aug. 16, 2022) ................................................12, 16

*In re Mortgagors of Temple-Inland Mortg. Corp.*,
  2001 WL 177181 (E.D. Pa. Jan. 24, 2001) .........................................................28

*Ortiz v. Stevenson*,
  2023 WL 6619674 (D.N.J. Oct. 11, 2023) ...........................................11, 14, 17

*Premier Comp Sols., LLC v. UPMC*,
  970 F.3d 316 (3d Cir. 2020) ........................................................................12, 14

*Rogers v. Port Auth. of New York & New Jersey*,
  2006 WL 827808 (D.N.J. Mar. 30, 2006) ..........................................................26

*Shedler v. Sokoloff*,
  2018 WL 4357483 (D.N.J. Sept. 13, 2018) ........................................................13

*Sohn v. Kominox USA, Inc.*,
  2023 WL 2770422 (D.N.J. Apr. 3, 2023) ...........................................................13

*Town of New Windsor v. Tesa Truck, Inc.*,
  919 F. Supp. 662 (S.D.N.Y. 1996) .....................................................................22

*U.S. Bank Nat'l Assoc. v. Gregory*,
  2023 WL 7692613 (D.N.J. Oct. 3, 2023) ...........................................................15

*United States v. Sanchez-Gomez*,
  138 S. Ct. 1532 (2018)........................................................................................27

*USX Corp. v. Barnhart*,
  395 F.3d 161 (3d Cir. 2004) ...............................................................................26

*In re Valeant Pharma. Int'l, Inc. Sec. Litig.*,
  2020 WL 4034896 (D.N.J. June 26, 2020)..........................................................25

*Wallach v. Eaton Corp.*,
  837 F.3d 356 (3d Cir. 2016) .......................................................................*passim*

*Warden v. Crown Am. Realty Trust*,
   1998 WL 725946 (W.D. Pa. Oct. 15, 1998)......................................................28

*Worthington v. Bayer Healthcare LLC*,
   2011 WL 6303999 (D.N.J. Dec. 15, 2011).........................................................20

**Other Authorities**

Fed. R. Civ. P. 16 ..............................................................................*passim*

Fed. R. Civ. P. 24 ..............................................................................*passim*

## I.    INTRODUCTION

Plaintiff and the proposed intervenor's motion should be denied for two reasons.

*First*, the Court's deadline for adding new parties expired more than three years ago.  Plaintiff's counsel cannot sidestep that deadline by styling their motion as one for intervention; instead, they must demonstrate the good cause required by Rule 16 to *modify* the deadline.  But Plaintiff cannot do so (and does not even try), because Plaintiff has known the circumstances purportedly giving rise to this motion for five years.  Specifically, after filing this lawsuit in 2017 against Samsung Electronics America, Inc. ("SEA") and alleging that Samsung Smart TVs intercepted his communications without consent through the use of automatic content recognition ("ACR") technology, Plaintiff purchased a new Samsung Smart TV in January 2019 and re-consented to the use of ACR.  It is not Defendant's recent deposition of Plaintiff that revealed this impediment to Plaintiff's service as a class representative; Plaintiff and his counsel have known of this fact for years.

*Second*, even if the motion was governed not by Rule 16 but by Rule 24(b), it is plain that Plaintiff cannot justify permissive intervention under that rule.  To start, adding this proposed intervenor only introduces a new defect in the named plaintiffs' adequacy as representative plaintiffs.  Plaintiff's counsel has chosen to

1

put forward only one of the seven intervenors that they originally proposed, on the grounds that he purportedly is not subject to an arbitration agreement and therefore his *individual* claim cannot be dismissed on that basis.  But that cannot "bolster" or "strengthen" the putative class's representation, because the vast majority of putative class members *did* agree to arbitrate their claims.  Simply put, in order to maintain the leverage of a putative class action, Plaintiff's counsel seeks to introduce a new named plaintiff whose individual claim will not be subject to dismissal on the basis of an arbitration clause—when that very fact renders this proposed intervenor *unrepresentative* and defeats the entire purported rationale for adding him.

In addition, Plaintiff and the proposed intervenor's motion is untimely, which likewise weighs against permitting intervention under Rule 24(b).  This request to add a new class representative to a seven-year-old case comes over five years after Plaintiff White purchased a new Samsung Smart TV—the supposedly precipitating fact for the motion.  Adding a new plaintiff at this stage in the proceedings and after the close of fact discovery would serve only to complicate and prolong discovery, which has already exceeded a year and been extended once.  Plaintiff's claim that no "disruption to the Court's existing scheduling orders need occur as a result of the requested intervention," ECF No. 324-1 at 19, is obviously incorrect; producing the proposed intervenor's documents, inspecting his Smart

TV, and deposing him will add months to the schedule, which otherwise expires the day after the filing date of this brief.

For these reasons and those set forth below, Plaintiff and the proposed intervenor's motion should be denied.

## II.     BACKGROUND

### A.     The Deadline for Adding New Parties Expired Over Three Years Ago on November 13, 2020.

This putative class action was filed more than six and a half years ago, on March 16, 2017, by Plaintiff White and then plaintiffs David Espinoza and Christopher Mills.  ECF No. 1.  Since then, the named plaintiffs have already changed three times:  first, after Mr. Espinoza was removed in the amended complaint; second, when Patricia Cauley was added as a plaintiff and Mr. Mills was removed in the second amended complaint; and third, when Ms. Cauley withdrew as a plaintiff on January 22, 2024.  ECF Nos. 1, 45-1, 88, 269.

On March 28, 2018, the Court issued its first scheduling order directing, among other things, that "[a]ny motion to add new parties or amend pleadings, whether by amended or third-party complaint, must be filed not later than" August 31, 2018.  ECF No. 66 at 3.  On April 27, 2018, the Court issued an order staying discovery pending further order of the Court after a decision on the defendants' motion to dismiss, but it did not address, modify, or suspend the non-discovery

deadlines, including the deadline for parties to move to add new parties or amend their pleadings.  ECF No. 72 at 2.

On August 6, 2018, before the deadline expired, Plaintiff noted his intent to seek leave to add a new plaintiff to this case following the Court's ruling on the defendants' pending motion to dismiss.  ECF No. 79.  Plaintiff did not seek leave to add the new plaintiff before the August 31, 2018 deadline expired on October 2, 2018.  However, after the Court granted the defendants' motion to dismiss, ECF No. 82, and notwithstanding the stay of discovery, Plaintiff stated he "will be seeking to amend the Complaint to, amongst other things, *add a proposed New Jersey representative Plaintiff*."  ECF No. 83 (emphasis added).  The parties stipulated to the proposed amendment and the Court granted leave to Plaintiff to file the Second Amended Complaint on November 16, 2018.  ECF No. 87.  Neither the parties' stipulation nor the Court's order extended or vacated the August 31, 2018 deadline or stated it would not continue to be effective going forward.  *Id.*

In January 2019, nearly two years after filing this lawsuit and three months after filing the Second Amended Complaint, Plaintiff White purchased a new Samsung Smart TV—the very product he alleges in this lawsuit is unlawfully intercepting his communications.  ECF No. 261-1, Ex. 1.

On July 7, 2020, the Court issued a new scheduling order setting a deadline of November 13, 2020 for "adding new parties or amending [the] pleadings."  ECF

No. 148.  On August 14, 2020, the Court approved a stipulation between the parties to adjourn and hold in abeyance all "deadlines on discovery."  ECF No. 160.  Neither the stipulation nor the order approving it stated that it applied to the Court's deadline for adding new parties or that any prior deadlines were being vacated.  *See id.*

On May 8, 2023, following an appeal to the Third Circuit regarding a motion to compel arbitration filed by SEA, the Court issued another scheduling order. ECF No. 223.  The order set various case deadlines, including the deadline for the end of discovery on March 31, 2024.  *Id.*  But it did not address, modify, or suspend the deadline for parties to add new parties or amend their pleadings, nor did it state that it superseded any previously set deadlines.  *Id.*

On July 25, 2023, the Court issued another scheduling order.  ECF No. 233. The order set various discovery and briefing deadlines, but again, did not address, modify, or suspend the deadline for parties to move to add new parties or amend their pleadings.  *Id.*  Notably, the order stated that "[a]ll other deadlines and requirements ordered by this Court's prior Pretrial Scheduling Orders shall remain in effect."  *Id.* at 2.

On March 14, 2024, following an extraordinary number of new discovery requests by Plaintiff in the month-and-a-half preceding the close of discovery—including a new set of requests for production, requests for admission, demands for

new document custodians, various informal document requests, an amended

30(b)(6) deposition notice identifying new topics, and eleven third-party

subpoenas—the Court issued another scheduling order.  ECF No. 287.  The order

ruled on a number of disputes and extended the fact discovery deadline to May 31,

2024 "**for the limited purpose of completing the foregoing written party and

third-party discovery issues and depositions**" discussed in the order.  *Id.* ¶ 15

(emphasis in original); *see also* McDonald Decl., Ex. 1 at 152:22–25 (stating

"[t]here are no new [discovery] disputes that should be raised in connection with

written discovery . . . [a]nd I don't want any more requests sent out on either

side.").  Like the Court's prior scheduling orders, this order stated that "[a]ll other

deadlines and requirements ordered by this Court's prior Scheduling Orders shall

remain in effect."  ECF No. 287 ¶ 18.  Pursuant to this order, fact discovery closes

the day after the filing of this brief.  *See id.*

  **B.** **Plaintiff Inexplicably Failed to Seek to Add a New Class
Representative for Nearly Five Years After He Purchased an
Additional Smart TV.**

  SEA first learned of Plaintiff's post-lawsuit Samsung Smart TV purchase on

June 28, 2023, when Plaintiff White served his objections and responses to SEA's

First Sets of Interrogatories.  *See* ECF No. 261-1, Ex. 3.  In response, SEA sought

discovery regarding this newly-revealed Smart TV.  *See* ECF No. 239-2.  If

Plaintiff activated the smart features on his Smart TV, he (like any other user who

did the same) necessarily would have consented to the collection of his data using ACR technology. *See* ECF No. 181-8 ¶¶ 4–8. After Plaintiff initially failed to provide the identifiers for these Smart TVs, SEA raised this issue with the Court on September 12, 2023 and noted that discovery regarding these TVs was necessary because the purchases undermined Plaintiff's claims that SEA was unlawfully intercepting his communications without his consent. ECF No. 239.

While SEA was not aware of Plaintiff's post-lawsuit Smart TV purchase at the time it was made, Plaintiff was. Nonetheless, it was only on October 13, 2023, nearly five years after Plaintiff White's purchase and after SEA pointed out that the purchase undermined Plaintiff's claim, that Plaintiff first requested leave to add various plaintiffs to the case as class representatives. ECF No. 246 at 3–4. Plaintiff subsequently filed a motion seeking to add seven plaintiffs under Rule 24 on November 22, 2023. ECF No. 257. In response to this motion, SEA stated that, if any new plaintiffs were added to the case, it would move to compel arbitration against them. ECF No. 261 at 23–24.

## C. The Proceedings Have Progressed Substantially.

Since the start of this lawsuit, the parties have engaged in extensive motion practice. The parties have briefed and the Court has resolved two motions to dismiss, a motion for reconsideration, and a motion to compel arbitration; the parties litigated the appeal of the decision on the motion to compel arbitration; and,

upon remand, the parties proceeded with discovery.  *See* ECF Nos. 54, 94, 105, 181.

Since Plaintiff filed his initial intervention motion on November 22, 2023, Plaintiff has filed multiple additional motions, including a motion requesting a letter of request to seek discovery from SEA's foreign parent, Samsung Electronics Co. Ltd. ("SEC"), under the Hague Convention, and an appeal of a discovery ruling from Magistrate Judge Allen.  *See* ECF Nos. 314, 322, 323.  Plaintiff also filed an action against SEC to compel compliance with an improperly served subpoena.  *See White v. Samsung Electronics Co., Ltd.*, No. 2:24-cv-04625 (D.N.J.).

The parties likewise have completed a substantial amount of discovery. SEA has produced over 1,600 documents, searched the custodial files of three employees, produced three witnesses for 30(b)(6) depositions, produced another SEA employee for deposition in his personal capacity, and responded to numerous sets of written discovery requests.  Among other documents, SEA has produced all the terms and conditions, privacy policies, and privacy notices applicable to Samsung Smart TVs with ACR capability during the class period,[1] records showing Plaintiff's and the proposed intervenor, Demetrius Mondaine Jr.'s,

---

[1] SEA's production shows that the vast majority of the Smart TVs falling within the proposed class require consent to an arbitration clause in order for the TVs' "Smart" features to be enabled.  *See* ECF No. 181-8 ¶ 7; ECF No. 325.

consent to the use of ACR on their Smart TVs, documents explaining how ACR

works, and examples of the data generated and collected by ACR on Plaintiff's

Smart TVs. SEA also conducted two inspections of Plaintiff White's Smart TVs

and took his deposition on April 15, 2024.

Discovery in this case has also consumed a significant amount of judicial

resources. Plaintiff has raised numerous discovery disputes with SEA since

discovery began and has sought the Court's intervention at every turn. The parties

and the Court have made much progress in resolving these disputes, resulting in

the Court issuing four discovery orders. ECF Nos. 241 (Sept. 15, 2023), 252 (Nov.

2, 2023), 266 (Jan. 12, 2024), 287 (Mar. 14, 2024), 299 (Apr. 15, 2024), 301 (Apr.

18, 2024). Examples of the Court's rulings include:

- Denying Plaintiff's demand that SEA produce documents regarding technologies other than ACR, ECF No. 241 (incorporating an oral ruling made on this issue during a status conference on September 15, 2023);

- Requesting that SEA seek cooperation from SEC to produce documents helpful to Plaintiff's case (despite Plaintiff having chosen to voluntarily dismiss SEC as a defendant in 2018, ECF No. 71), which SEA agreed to do, ECF Nos. 241, 266;

- Ordering Plaintiff to appear for a deposition in New Jersey after he initially refused, ECF No. 252;

- Ordering Plaintiff to make his Smart TVs available for inspection after he initially refused, ECF No. 266;

- Ruling on SEA's objections to a significant number of overbroad and untimely discovery requests served only a month before the close of

discovery, including a second set of requests for production, an amended 30(b)(6) deposition notice, and demands for new document custodians, *see* ECF No. 287, 301.

Since discovery opened in May 2023, the parties have submitted eight joint status letters to the Court regarding discovery disputes, ECF Nos. 234, 239, 246, 258, 270, 275, 295, 300, with Plaintiff submitting an additional three unauthorized letters to the Court unilaterally, including an eighteen-page letter submitted on March 1, 2024, ECF Nos. 235, 283, 290.  The Court has held five status conferences to address the parties' disputes, including four in the past five months and three in the past two.  ECF Nos. 236, 265, 285, 297, 299.  Two of these status conferences, held in-person on March 12 and April 16, 2024, lasted for hours and extended into the evening.

### D.    Plaintiff Withdraws His Initial Motion to Intervene and Files the Instant Motion.

On April 25, 2024, at Plaintiff's request, the Court administratively terminated Plaintiff's initial motion to intervene.  ECF No. 312.  Plaintiff subsequently filed this renewed motion seeking to add a single intervenor, Mr. Mondaine, as a new plaintiff and class representative.  ECF No. 324.  Plaintiff included only Mr. Mondaine as an intervenor because he is purportedly the only intervenor identified in Plaintiff's initial motion who is not subject to an arbitration agreement with SEA.  ECF No. 324-1 at 17–18.  Nonetheless, like Plaintiff White, Mr. Mondaine consented to the use of ACR on his Samsung Smart TV.  McDonald

10

Decl., Ex. 2–4.  Mr. Mondaine lives in Missouri and seeks to prosecute the same

Wiretap Act claim against SEA as Plaintiff, notwithstanding his consent to the

operation of ACR technology on his Smart TV.

## III.   ARGUMENT

### A.   Plaintiff and the Proposed Intervenor Fail to Show Good Cause Under Rule 16 for Moving to Add New Parties Years After the Deadline for Doing So Expired.

Plaintiff and the proposed intervenor's motion entirely fails to address the

relevant legal standard, which is that they must demonstrate good cause under Rule

16 to warrant intervention.  Rule 16 provides that scheduling order deadlines may

only be modified "for good cause and with the judge's consent."  *Ortiz v.

Stevenson*, 2023 WL 6619674, at *3 (D.N.J. Oct. 11, 2023) (quoting Fed. R. Civ.

P. 16(b)(4)).  And the Court's July 7, 2020 scheduling order set a "deadline for

adding new parties or amending [the] pleading[s]" of November 13, 2020.  ECF

No. 148 at 5.  Plaintiff's counsel cannot sidestep that deadline by styling the

motion as one for intervention.  Instead, they must demonstrate good cause to

modify it.  Plaintiff's motion, brought over three years after that deadline, does not

even attempt to do so.

### 1.   Plaintiff and the Proposed Intervenor Must Demonstrate Good Cause Under Rule 16.

Because Plaintiff makes his motion after the November 13, 2020 deadline

for adding new parties, he must satisfy Rule 16 before the Court may rule on his

11

motion to intervene under Rule 24.  *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020) ("[W]hen a party moves to amend or *add a party* after the deadline in a district court's scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure applies." (emphasis added)); *Morel v. Goya Foods, Inc.*, 2022 WL 3369664, at *2 (D.N.J. Aug. 16, 2022) ("Where, as here, the motion [to amend] was filed after the deadline set by the Court, the movant must satisfy the requirements of Rule 16 before the Court will turn to Rule 15."); *see Harris v. Vector Mktg. Corp.*, 2010 WL 3743532, at *1 (N.D. Cal. Sept. 17, 2010) (applying Rule 16 good cause requirement to motion to intervene made after scheduling order deadline to add parties had expired).[2]

Contrary to Plaintiff's contention, the Court never modified or suspended the November 13, 2020 deadline for motions to "add new parties," and it thus remains operative.  ECF No. 148 at 5.  Indeed, the Court's July 25, 2023 scheduling order made clear that "[a]ll other deadlines and requirements ordered by this Court's *prior Pretrial Scheduling Orders shall remain in effect*."  ECF No. 233 at 2 (emphasis added).  The Court's order granting Plaintiff leave to file his motion to intervene in November 2023 likewise did not remove Plaintiff's burden to show

---

[2] *See also Chambers v. N. Am. Co. for Life & Health Ins.*, 2016 WL 7427333, at *3 (S.D. Iowa June 13, 2016) (same); *Briggs v. United States*, 2009 WL 1560005, at *1 (N.D. Cal. June 1, 2009) (same); *HomeBingo Network, Inc. v. Cadillac Jack, Inc.*, 2006 WL 3469515, at *2 (S.D. Ala. Nov. 29, 2006) (same).

good cause under Rule 16.  *See Sohn v. Kominox USA, Inc.*, 2023 WL 2770422, at *5 (D.N.J. Apr. 3, 2023) (allowing the plaintiff to file a motion to amend the pleadings "does not relieve [p]laintiff of the requirement to show good cause under Rule 16"); *Shedler v. Sokoloff*, 2018 WL 4357483, at *1 n.1 (D.N.J. Sept. 13, 2018) (same).

Plaintiff contends that the November 13, 2020 deadline is not operative because the parties and the Court previously agreed to adjourn all *discovery* deadlines.  *See* ECF No. 324-1 at 14.  But a deadline to amend the pleadings and add new parties is not a discovery deadline.  *See, e.g.*, *Alpine Bank v. Hubbell*, 2006 WL 1752368, at *2 (D. Colo. June 23, 2006) (distinguishing between deadlines to amend the pleadings, discovery deadlines, and dispositive-motions deadlines); *see also* ECF No. 233 (same).  The Court's first scheduling order, issued March 28, 2018, makes that clear by listing the "discovery" deadlines separately from the "motions" deadlines and including the deadline to add new parties under "motions" and *not* "discovery."  ECF No. 66 at 1, 3.

Plaintiff's claim that the parties "recognized" that the April 27, 2018 stay of discovery extended to the deadline for adding new parties when they stipulated to Plaintiff filing the Second Amended Complaint in November 2018 is contradicted by the record, and the stipulation only further proves SEA's point:  Plaintiff noted his intent to seek leave to add a new plaintiff *before* the deadline for adding new

parties, and he thereafter sought the Court's leave to file the Second Amended

Complaint.  Moreover, the Court's scheduling orders following the November 13,

2020 deadline have further confirmed that the deadline for amending the pleadings

and adding new parties had past, by setting new discovery deadlines but *not* any

new deadline for amending the pleadings or adding new parties.  ECF No. 233.[3]

Consequently, Rule 16 applies, and Plaintiff and the proposed intervenor

must show good cause to excuse their nearly four-year delay in seeking to add a

new plaintiff.

### 2. Plaintiff and the Proposed Intervenor Do Not and Cannot Demonstrate Good Cause.

Plaintiff and the proposed intervenor utterly fail to establish that good cause

exists to excuse their delay.[4]  Plaintiff himself insists that intervention is

---

[3] *Harding v. Jacoby & Meyers, LLP*, 2018 WL 3377159 (D.N.J. July 11, 2018), cited in Plaintiff's reply filed in connection with his initial intervention motion, ECF No. 263 at 9–10, does not alter the conclusion that Plaintiff and the proposed intervenor must demonstrate good cause.  In that case, the court declined to apply the Rule 16 standard in a case involving consolidated class actions where the plaintiffs sought to add a claim in one of the actions based on facts learned *after* the deadline for amending the pleadings had expired.  *Harding*, 2018 WL 3377159, at *2–3.  In that context, the court held it would be unjust to apply the Rule 16 standard to the plaintiffs' motion to amend but that the plaintiffs had been diligent and so would have satisfied Rule 16 in any event.  *Id.* at *3.  Here, by contrast, Plaintiff voluntarily purchased a new Samsung Smart TV himself and knew about that purchase *before* the deadline for adding new parties, and therefore has not been diligent in bringing this motion.

[4] SEA's opposition to Plaintiff's initial motion to intervene argued that Plaintiff and the proposed intervenors had forfeited any argument that good cause exists by not addressing the lapsed deadline for adding new parties in their opening brief.  ECF No. 261, at 9; *see Premier*, 970 F.3d at 319 (affirming district court's holding that plaintiff forfeited argument that it had satisfied Rule 16's good cause standard by raising it for the first time on reply); *Ortiz*, 2023 WL 6619674, at *3 (continued…)

unnecessary, on the grounds that his deposition testimony "establish[es] that he is an adequate, typical and outstanding class representative."  ECF No. 324-1 at 2, 9. Nevertheless, Plaintiff claims that he wishes to add a new plaintiff because SEA indicated "that it will challenge the adequacy of Plaintiff White, the current class representative" based on his post-lawsuit purchase of the very product he contends has been unlawfully intercepting his communications.  ECF No. 324-1 at 1, 16–17. But Plaintiff White and his counsel knew about this purchase over *five years ago*, in January 2019.  *See U.S. Bank Nat'l Assoc. v. Gregory*, 2023 WL 7692613, at *2 n.3 (D.N.J. Oct. 3, 2023) (rejecting the argument that information known by a client should not be imputed to his or her attorney).  At a minimum, Plaintiff's counsel were aware of these facts no later than June 2023, when they disclosed them in response to SEA's interrogatories.  *See* ECF No. 261-1, Ex. 3.

Plaintiff points to no reason why he could not have earlier alerted the Court to the fact that he wished to add a new plaintiff, or asked the Court to extend either the August 31, 2018 or November 13, 2020 deadlines to allow him time to find a new plaintiff.  Indeed, from April to November 2023, the Court provided the

---

("[Plaintiff] fails to address the good cause requirement of Rule 16(b)(4) in the initial briefing . . . and thus . . . could be deemed to have forfeited its opportunity to argue on this issue." (internal citations omitted)).  While Plaintiff's brief in support of his *renewed* motion now briefly addresses the deadline for adding new parties and the good cause standard (albeit unconvincingly), Plaintiff should not be permitted to avoid his initial forfeiture by voluntarily withdrawing his motion and filing a new one.

parties at least four opportunities to discuss issues relating to the applicable case schedule, including by asking the parties to file proposed scheduling orders.  ECF Nos. 211 & 223 (asking the parties to submit a joint status update and proposals regarding discovery deadlines), 216 & 223 (scheduling status conferences regarding the same).  On none of these occasions did Plaintiff or his counsel request that the Court set a new deadline to add new parties or amend the pleadings.  *See* ECF Nos. 214, 229.

The proposed intervenor has no defense that he was not aware of Plaintiff's Smart TV purchase; he is represented by the same counsel as Plaintiff, and so Plaintiff's counsel's knowledge can and should be imputed to him.  *See Harris*, 2010 WL 3743532, at *3 (concluding that it was "fair to impute the knowledge of counsel" to proposed intervenor when analyzing good cause under Rule 16).

These facts confirm a lack of good cause because Plaintiff and his counsel cannot "demonstrate that a more diligent pursuit of [the deadline] was impossible." *Konopca v. FDS Bank*, 2016 WL 1228844, at *2 (D.N.J. Mar. 29, 2016); *see also Morel*, 2022 WL 3369664, at *2 (good cause "depends on the diligence of the moving party").  Their five-year delay in attempting to address an issue that any competent lawyer would realize directly undermines Plaintiff's claim "is not compatible with a finding of diligence and offers no reason for a grant of relief." *Faiella v. Sunbelt Rentals, Inc.*, 341 F.R.D. 553, 561 (D.N.J. 2022) (citations and

16

internal quotation marks omitted).  And denying Plaintiff's motion is consistent with the purpose of Rule 16:  "The good cause standard under Rule 16 'is not a low threshold,' because '[d]isregard for a scheduling order undermines the court's ability to control its docket, disrupts the agreed-upon course of the litigation, and rewards the indolent and cavalier.'"  *Ortiz*, 2023 WL 6619674, at *3.[5]

Consistent with this standard, courts routinely deny motions to intervene where, as here, the motion is made after the applicable deadline passed and the moving party failed to show good cause under Rule 16.  *See, e.g.*, *Harris*, 2010 WL 3743532, at *2–3 (denying a motion to intervene under Rule 16 where counsel for the plaintiffs and proposed intervenors failed to seek leave to add new plaintiffs for a year after learning of deficiencies in the named plaintiffs' claims); *Briggs*, 2009 WL 1560005, at *2 (denying a motion to intervene under Rule 16 where counsel for the plaintiffs and proposed intervenor waited over a year to seek intervention to attempt to revive a claim after the claim was dismissed); *Chambers*, 2016 WL 7427333, at *5 (affirming a magistrate judge's denial of a motion to intervene for failure to show good cause filed nearly two years after the deadline for adding new parties had passed); *HomeBingo Network*, 2006 WL 3469515, at *2

---

[5] To be sure, Plaintiff's delay has also resulted in prejudice, as explained in Part III.B.2.  That said, the good cause determination depends on the diligence of the moving party and "absence of prejudice to the non-moving party does not constitute 'good cause' under Rule 16."  *Est. of Wiley v. City of Newark*, 2021 WL 4272826, at *3 (D.N.J. Sept. 21, 2021).

(denying a motion to intervene for failure to show good cause under Rule 16 where intervention was sought four months after the deadline for adding new parties expired).

Harris is instructive.  There, the court denied a request to intervene in a putative class action for failure to demonstrate good cause under Rule 16.  After concluding that the two intervenors needed to meet the requirements of Rule 16 because the deadline to add new parties had expired five months earlier, the court held that the two proposed intervenors "as well as their counsel, did not act with reasonable diligence in filing the motion to intervene," and thus failed to establish good case for modifying the deadline.  Harris, 2010 WL 3743532, at *5.  The court explained that one intervenor had made "no attempt whatsoever to make any demonstration of reasonable diligence" and the other intervenor "failed to explain why, when her attorneys knew of the dismissal" of the lead plaintiff's claims that she was attempting to revive, "she did not move to intervene earlier." Id. at *2–3.  Notably, in evaluating the proposed intervenors' diligence, the court looked to the diligence of their counsel before they had made their motion, because "counsel for the proposed intervenors has represented [the named plaintiff] from the inception of this case." Id. at *3.  Here, as in Harris, Plaintiff and the proposed intervenor fail to demonstrate diligence and thus cannot show good cause.

The fact that Plaintiff purchased his additional Smart TV after the original August 2018 deadline for adding new parties had expired does not change the analysis, because his purchase came almost two years before the amended November 2020 deadline.  In any event, Plaintiff could have raised this issue at any time since White purchased his new Samsung Smart TV.  In another case in this district, the court denied a motion to amend the plaintiffs' complaint based on information learned after the deadline for amending the pleadings, for precisely this reason:  the plaintiffs failed to "argue or present any evidence that at any time prior to the present motion Plaintiffs sought to extend the deadline to amend." *Ivanovs v. Bayada Home Health Care, Inc.*, 2019 WL 13280668, at *3 (D.N.J. Dec. 13, 2019).

In sum, Plaintiff and the proposed intervenor do not and cannot show that they or their counsel were diligent in attempting to abide by the Court's scheduling orders.  As a result, their motion should be denied under Rule 16.  *See id.*; *Ex rel. Est. of Stallings v. IBM Corp.*, 2009 WL 2905471, at *16 (D.N.J. Sept. 8, 2009) (plaintiffs lacked good cause to modify deadline to amend the pleadings where they had 60 days to review produced documents to identify additional claims and failed to request an extension of the amendment deadline).

**B.     In Addition, the Court Should Exercise Its Discretion Under Rule 24 to Deny Plaintiff and the Proposed Intervenor's Motion.**

The Court should also exercise its discretion to deny the motion under Rule 24(b).  Rule 24(b) "grants the court discretion to allow intervention" when the motion is "timely" and the movants raise "a common question of law or fact" with the main action.  *Am. Neighborhood Mortg. Acceptance Co., LLC v. CrossCountry Mortg., Inc.*, 2022 WL 16922179, at *3 (D.N.J. Nov. 10, 2022).  Courts consider various factors when determining whether to grant or deny intervention under Rule 24(b), including "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights," "whether the proposed intervenors will add anything to the litigation and whether the proposed intervenors' interests are already adequately represented in the litigation."  *Worthington v. Bayer Healthcare LLC*, 2011 WL 6303999, at *8 (D.N.J. Dec. 15, 2011).

Under Rule 24, Plaintiff and the proposed intervenor's motion should be denied for two independent reasons:  (1) the motion fails to show that intervention is necessary to fix deficiencies in Plaintiff's representativeness; and (2) the motion is untimely and would result in undue delay and prejudice.

**1.     The Proposed Intervenor Fails to Show That Intervention Is Necessary to Represent His Interests.**

Even if Plaintiff could satisfy Rule 16's good cause standard, and he cannot, Plaintiff and the proposed intervenor's motion must fail because they insist that the

proposed intervenor will not add anything to the litigation and that his interests are already adequately represented by White.  ECF No. 324-1 at 2.  "The Third Circuit has explained that if the interests of the proposed intervenor are already represented in the litigation, courts typically deny such applications to intervene." *Am. Neighborhood Mortg. Acceptance Co.*, 2022 WL 16922179, at *4.  This is true for motions seeking either mandatory *or permissive* intervention.  *E.g.*, *id.*; *Milliron v. T-Mobile USA, Inc.*, 2009 WL 10728641, at *2 (D.N.J. July 24, 2009).  Where a proposed intervenor's interests "in every manner match those of an existing party" and he or she does not show that intervention is necessary to improve the adequacy of their representation, "the district court is well within its discretion in deciding that the [intervenor's] contributions to the proceedings would be superfluous and that any resulting delay would be 'undue.'"  *Hoots v. Pennsylvania*, 672 F.2d 1133, 1136 (3d Cir. 1982).

The proposed intervenor cannot demonstrate that intervention is necessary because his addition does nothing to salvage the representativeness of the named plaintiffs.  As Plaintiff's renewed motion acknowledges, the vast majority of Smart TVs falling within the proposed class included an arbitration clause in the terms and conditions that users needed to consent to in order to use the "smart" features of their TVs.  *See, e.g.*, ECF No. 181-8 ¶¶ 7, 11–12; ECF No. 325.  Plaintiff touts the purported fact that the proposed intervenor is *not* subject to an arbitration

clause, when that very fact means that intervention would only *weaken* the adequacy of the putative class's representation:  a plaintiff not subject to an arbitration agreement cannot adequately represent the interests of the putative class members who are subject to such an agreement.  *See Amansac v. Midland Credit Mgmt., Inc.*, 2022 WL 14563253, at *6 (D.N.J. Oct. 24, 2022) ("That the relevant arbitration provision would likely be valid and applicable to virtually every other class member is sufficient to preclude [the plaintiff], who has successfully resisted efforts to compel arbitration based on his unique circumstances, from representing a class largely made up of individuals that may be subject to the agreement."); *see also Abdul-Baaqiy v. Fed. Nat'l Mortg. Ass'n*, 149 F. Supp. 3d 1, 10 (D.D.C. 2015) ("Courts have held that a plaintiff's claims are not typical of a potential class when the plaintiff is not required to arbitrate but potential class members are.").

### 2.   Intervention Is Untimely and Would Cause Undue Delay and Prejudice.

Plaintiff and the proposed intervenor's motion should also be denied as untimely.  The timeliness analysis under Rule 24 "requires considering the totality of the circumstances arising from three factors: '(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay.'"  *Wallach v. Eaton Corp.*, 837 F.3d 356, 371 (3d Cir. 2016).  Courts apply a similar timeliness analysis under Rule 15 (for the amendment of pleadings), making analysis under one rule instructive as to the other.  *See, e.g.*, *Town of New*

*Windsor v. Tesa Truck, Inc.*, 919 F. Supp. 662, 677 n.18 (S.D.N.Y. 1996). Though intervention motions filed by putative class members prior to class certification are given a presumption of timeliness, the presumption is "not dispositive, and may be rebutted by a contrary determination under the totality of the factors described above." *Wallach*, 837 F.3d at 372. Here, those factors rebut the presumption of timeliness and demonstrate that the proposed intervenors' motion is untimely.

**a)    The Proceedings Are Sufficiently Advanced to Weigh
Against Intervention.**

Plaintiff has elsewhere candidly admitted that the parties have already spent "enormous time and resources" litigating this case *before* it went on appeal. *White v. Samsung Elec. Am., Inc.*, Appellees' Br., No. 22-1162, ECF No. 28 at 27. The time and resources expended on this case have increased exponentially since then.

Discovery has been ongoing for over a year and is scheduled to close on May 31, 2024. ECF No. 287 ¶ 15. Since discovery opened in May 2023, SEA has produced 1,600 documents, prepared three 30(b)(6) designees for deposition, responded to multiple sets of written discovery responses, including requests for production, interrogatories, and requests for admission, briefed numerous (and seemingly never-ending) discovery disputes raised by Plaintiff, and sought discovery of Plaintiff White in the form of TV inspections and a deposition. Plaintiff further has served subpoenas on thirteen third-parties and deposed another SEA employee in his individual capacity, and has filed four additional discovery

23

motions, not including this one.  In addition, the parties have submitted eight joint status letters to the Court regarding discovery disputes and the Court has held five status conferences to address the parties' disputes and issued four discovery orders. ECF Nos. 234, 236, 239, 241, 246, 252, 258, 265, 266, 270, 275, 287, 297, 299, 300, 301.

Plaintiff's claim that "the proceedings are not substantially far along," ECF No. 324-1 at 11, is thus contrary to the record, and contrary to the Court's March 14, 2024 order extending the discovery window "**for the limited purpose of completing [specific] written party and third-party discovery issues and depositions**."  ECF No. 287 ¶ 15 (emphasis in original).  As this order makes clear, fact discovery is complete but for a handful of discrete, identified issues.

Under these facts, intervention at this late stage would be improper.  *See Wallach*, 837 F.3d at 375 (holding that this factor weighed against intervention where the parties had, among other things, "briefed (and resolved) a dispositive motion to dismiss" and "undertaken 'extensive fact discovery'"); *Am. Neighborhood Mortg.*, 2022 WL 16922179, at *4 (denying a motion to intervene in part because "intervention will only further delay the adjudication of the original parties' rights because discovery has commenced and this Court already issued a decision on [a] Motion to Dismiss prior to the filing of the instant motion").

**b)    Intervention Would Cause Undue Delay and Prejudice SEA.**

Adding a new plaintiff near or after the end of fact discovery will also result in undue delay and prejudice.  As explained above, the proposed intervenor's counsel, and thus the proposed intervenor, have improperly delayed taking action in response to the fact that Plaintiff purchased a new Samsung Smart TV years after filing this lawsuit.  *See Wallach*, 837 F.3d at 375–76 (a proposed intervenor's delay "should be measured from the point at which the applicant knew, or should have known, of the risk to its rights"); *Briggs v. OS Rest. Servs., LLC*, 2021 WL 7448752, at *9 (C.D. Cal. Aug. 18, 2021) (noting a lawyer's fiduciary duties to the class once a class complaint is filed and holding that, under Rule 24, "delay can be assessed from when counsel knew or should have known of Plaintiff's alleged inadequacy as [a] class representative").[6]

Courts regularly reject motions to intervene and to amend the pleadings where, as here, the movant had notice of the relevant facts but failed to act for months or years.  *See, e.g.*, *In re Valeant Pharma. Int'l, Inc. Sec. Litig.*, 2020 WL 4034896, at *8 (D.N.J. June 26, 2020) (plaintiffs' motion to intervene was untimely where they "knew or should have known of the risk to their rights for

---

[6] *See also Miller v. Ghirardelli Chocolate Co.*, 2013 WL 6776191, at *6 n.7 (N.D. Cal. Dec. 20, 2013) (collecting cases); *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 801 (3d Cir. 1995) ("[C]lass attorneys, purporting to represent a class, also owe the entire class a fiduciary duty once the class complaint is filed.").

years" but chose not to intervene); *see also USX Corp. v. Barnhart*, 395 F.3d 161,

168–69 (3d Cir. 2004) (a party's decision to wait three years to seek amendment

under Rule 15 despite having notice of the facts giving rise to amendment was

undue delay); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (plaintiff's

delay in seeking amendment of the pleadings was undue where amendment was

sought three years after the lawsuit was filed and two years after the complaint was

last amended and the plaintiff had "numerous opportunities to correct any

deficiencies" in her claim "but failed to take advantage of them").

The proposed intervenor's delay in seeking intervention will demonstrably

prejudice SEA, because intervention at this stage would necessarily require

reopening of fact discovery for purposes of taking discovery of the proposed

intervenor, including the search, collection, and production of documents;

inspection of the proposed intervenor's Smart TV; and deposition of the proposed

intervenor—a process that took ten months for Plaintiff White.  This sort of delay

weighs decisively against intervention now.  *See Rogers v. Port Auth. of New York

& New Jersey*, 2006 WL 827808, at *2 (D.N.J. Mar. 30, 2006) (affirming denial of

leave to amend the pleadings where leave was sought after the fact discovery

deadline had expired, which would "force [defendant] to endure further delay and

expense.").  In short, intervention would unnecessarily "delay resolution of this

case, which has already been through more than five years of litigation, and thus

prejudice [SEA] under Fed. R. Civ. P. 24(b)(3)." *Bacon v. Avis Budget Grp., Inc.*, 2022 WL 2158964, at *2 (D.N.J. June 15, 2022).

### 3.   Plaintiff's Authority Does Not Support His Argument.

In support of their motion, Plaintiff and the proposed intervenor cite a number of cases that are inapposite and fail to support intervention here.

First, unlike Plaintiff's motion, none of the cases cited by Plaintiff and the proposed intervenor involve a motion to intervene filed after a scheduling order deadline for adding new parties had expired. As explained above, this deadline requires Plaintiff to meet the more stringent Rule 16 good cause standard, which he cannot do.

Second, nearly all of Plaintiff and the proposed intervenor's authority addresses motions to intervene made *after a class had already been certified. See, e.g.*, *Goodman v. Lukens Steel Co.*, 777 F.2d 113, 122 (3d Cir. 1985).[7] This distinction is critical because class certification has the effect of vesting the class with "a legal status separate from the interest asserted by the named plaintiff[s]." *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1538 (2018); *see also Birmingham Steel Corp.*, 353 F.3d at 1339 (that a certified class has a "legal status

---

[7] *See also Birmingham Steel Corp. v. Tenn. Valley Auth.*, 353 F.3d 1331, 1339–40 (11th Cir. 2003); *Butler v. Suffolk County*, 2023 WL 5096218, at *2–3 (E.D.N.Y. Aug. 9, 2023); *In re Lutheran Bhd. Variable Ins. Prods. Co. Sales Prac. Litig.*, 2002 WL 31371945, at *2 (D. Minn. Oct. 7, 2002); *In re Arakis Energy Corp. Sec. Litig.*, 1999 WL 1021819, at *13 (E.D.N.Y. Apr. 27, 1999); *Lawrence v. Phillip Morris Co., Inc.*, 1999 WL 51845, at *1 (E.D.N.Y. Jan. 9, 1997).

separate from the named plaintiff" indicated that "the district court here erred by not giving counsel an opportunity to seek a new named plaintiff"). No class has been certified here, making these cases inapposite and rendering Plaintiff and the proposed intervenor's showing insufficient to support intervention. *See Warden v. Crown Am. Realty Trust*, 1998 WL 725946, at *5 (W.D. Pa. Oct. 15, 1998) (denying a motion to intervene and distinguishing *Goodman* because a class had been certified in that case); *In re Mortgagors of Temple-Inland Mortg. Corp.*, 2001 WL 177181, at *2 (E.D. Pa. Jan. 24, 2001) (same); *Ardrey v. Federal Kemper Ins. Co.*, 142 F.R.D 105, 117 n.21 (E.D. Pa. 1992) (noting concern that the goal of "strengthen[ing]" representation would not be a proper factor to consider when analyzing an intervention motion before a class is certified).[8]

Third, several of Plaintiff and the proposed intervenor's cases did not analyze the Rule 24 factors, let alone demonstrate that they weigh in favor of

---

[8] In *Wallach*, the Third Circuit noted that the distinction between putative and certified classes did not weigh against adopting the presumption of timeliness for pre-certification intervention motions. 837 F.3d at 373 & n.20. Nothing in *Wallach,* however, undermines the importance of the distinction with respect to the Rule 24 factors. Nor did it alter the rule that only certified classes acquire "a legal status separate from the interest asserted by the named plaintiff," which status justifies the replacement of class representatives whose claims have become moot after a class has been certified. *Sanchez-Gomez*, 138 S. Ct. at 1538–39. Even Plaintiff's authorities recognize the relevance of whether a class has been certified. *See, e.g.*, *Diduck v. Kaszycki & Sons Contractors, Inc.*, 149 F.R.D. 55, 57–58 & n.2 (S.D.N.Y. 1993) (noting that certified classes have a "legal status separate" from the named plaintiff and that "[i]ntervention 'should be liberally allowed'" once a class has been certified because "members of a class are normally bound by the judgment in the class action").

intervention here. *Goodman*, and *Birmingham Steel Corp.*, for example, held only that the district courts should have considered the *possibility* of intervention. *Goodman*, 777 F.2d at 124–125 (remanding to the district court to "explore the *possibility of intervention*" but not holding that intervention was proper (emphasis added)); *Birmingham Steel*, 353 F.3d at 1342 (vacating district court's order decertifying a class "without first giving class members an *opportunity to intervene* as the class representative" while not ruling on the propriety of intervention (emphasis added)). They neither analyzed the Rule 24 factors—which here do not support intervention—nor held that intervention should have been granted. Similarly, *Trief v. Dun & Bradstreet Corp.* addressed the timeliness of a motion to intervene in a single sentence, and so fails to offer any support for Plaintiff and the proposed intervenor's assertion that their motion is timely. 144 F.R.D. 193, 203 (S.D.N.Y. 1992) ("Because the Court finds that Mr. Feldman is an adequate class representative . . . and that his motion to intervene is timely, the [motion to intervene] must be granted."). And in *In re Avon Securities Litigation*, the court did not address Rule 24 and noted only that solicitation of substitute class representatives may be required where the sole representative of a class *withdraws from the case*. 1998 WL 834366, at *10 (S.D.N.Y. Nov. 30, 1998).

Fourth, Plaintiff and the proposed intervenor's cases were decided based on issues that are not present here. For example, in *Lawrence*, the court's only

discussion of timeliness related to whether the intervenor's motion was barred by the statute of limitations.  1999 WL 51845, at *2–3.  In another example, *In re Cigna Corp. Securities Litigation*, the court permitted intervention because doing otherwise would "eviscerate the whole concept that Congress had in mind in establishing the Lead Plaintiff concept in the PSLRA [Private Securities Litigation Reform Act]."  2005 WL 3952802, at *2 (E.D. Pa. Feb. 23, 2005).  This case is not governed by the PSLRA, and Plaintiff and the proposed intervenor's motion is demonstrably untimely.

Tellingly, none of Plaintiff and the proposed intervenor's authority involves the years-long delay at issue here.  For example, in *In re Arakis Energy Corp. Securities Litigation*, timeliness was not an issue; the proposed intervenors there moved "a few months" after learning that their interests might be impaired, unlike the years-long delay by Plaintiff and his counsel here.  1999 WL 1021819, at *12.  Likewise, in *In re Enron Corp. Securities, Derivatives & Erisa Litigation*, the relevant delay was only three months.  2004 WL 405886, at *35 (S.D. Tex. Feb. 25, 2004) (intervention motion filed three months after the plaintiffs filed the amended complaint).  In *Wallach*, it was only two months.  837 F.3d at 376–77.  The brief nature of this delay drove *Wallach*'s analysis of prejudice, leading it to be "skeptical of the alleged prejudice" caused by intervention because "there was no meaningful delay."  *Id.* at 377.  That is a far cry from Plaintiff's counsel's

years-long delay here.  To the extent *Wallach* is similar to this case, it is in fact

helpful for SEA.  Like here, the litigants in *Wallach* had "briefed (and resolved) a

dispositive motion to dismiss" and "undertaken 'extensive fact discovery.'"  *Id.* at

375.  The Third Circuit held that these facts, among others, militated *against*

intervention, as they do here.  *Id.*

## IV.    CONCLUSION

In sum, Plaintiff and proposed intervenor have not shown good cause for the

delay in making their motion, the proposed intervenor has not overcome the

presumption that his interests are adequately represented, and his motion is

untimely and prejudicial.  Accordingly, SEA respectfully requests that the Court

deny the motion to intervene.


Dated: May 30, 2024                              Respectfully submitted,

                                                 By: /s/ *Michael R. McDonald*
                                                 Michael R. McDonald
                                                 mmcdonald@gibbonslaw.com
                                                 GIBBONS P.C.
                                                 One Gateway Center
                                                 Newark, NJ 07102
                                                 Telephone: (973) 596-4500

                                                 Emily Johnson Henn (*pro hac vice*)
                                                 ehenn@cov.com
                                                 COVINGTON & BURLING LLP
                                                 3000 El Camino Real
                                                 Palo Alto, CA 94306
                                                 Telephone: (650) 632-4715

Jonathan M. Sperling (*pro hac vice*)
Jordan S. Joachim (*pro hac vice*)
Celin Carlo-Gonzalez (*pro hac vice*)
jsperling@cov.com
jjoachim@cov.com
ccarlogonzalez@cov.com
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1086


***Attorneys for Defendant***
***Samsung Electronics America, Inc.***